RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

The HipSaver Company, Inc., )
              Plaintiff, )
)
v )
)
J.T Posey Company, )
              Defendant )
)

**05 - 10917 PP**

MAGISTRATE JUDGE *Collings*

## COMPLAINT

This action seeks preliminary and permanent injunctive relief, damages, costs, and attorney fees for breach of a Settlement Agreement and intentional, fraudulent, and bad faith misrepresentation and literally false comparative advertising in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§ 2, 11. The Defendant, J.T. Posey Company ("Posey") is the dominant, nationwide distributor of patient safety and support equipment and devices. The relevant market includes some 17,000 nursing homes and 3,000 rehabilitation hospitals. For some time, Posey has been engaged in aggressive efforts to thwart its much smaller competitors, most of which, like Plaintiff, the HipSaver Company, Inc. ("the HipSaver Company") invent, design, manufacture, distribute, and sell a limited number of products. Posey uses its marketplace dominance and deceptive advertising to drive smaller

1

companies from the marketplace. That is the core issue in this lawsuit. An earlier lawsuit filed in this court in 2004, Civil Action Number 04-11294 PBS, contested another advertising campaign conducted by Posey.

The HipSaver Company has been damaged by Posey's advertising and faces immediate and irrevocable harm without injunctive relief to halt Posey's advertising, to compel withdrawal of all catalogs and website advertising materials containing the false, misleading, and deceptive claims, and to require corrective advertising to counter those claims.

## Parties

1.      The HipSaver Company is a small, closely held company incorporated in the Commonwealth and operating from offices in Canton, Massachusetts. The HipSaver Company has been in business since 1995.

2.      The HipSaver Company's primary business is to invent, develop, manufacture, and sell soft hip protector garments which reduce the potential for critical hip fractures in elder patients. The HipSaver Company's soft hip protector garments were invented by the company's president, Edward Goodwin. The soft hip protector garments incorporate an open cell foam pad enclosed in an expandable air pouch. Together, the pad and pouch constitute a device with a substantial capacity to absorb energy associated with a fall and provide fracture protection to the femur. The device is washable and is sewn into

2

clothing and positioned geometrically to cover the femur in the event of a fall or other impact.

3.     HipSaver garments incorporate Mr. Goodwin's inventive technology for air-holding protective foam pad construction.

4.     HipSaver garments are marketed under the HIPSAVER® and SLIMFIT™ trademarks.

5.     The Defendant, Posey, is a long established company and dominant supplier of patient safety and support products.  Posey operates from home offices in Arcadia, California.  Posey markets hip protector garments under the HIPSTER® trademark.

## Jurisdiction and Venue

6.     Posey operates nationwide through catalogs, internet sales, and a national network of representatives and distributors.  In the Commonwealth of Massachusetts, Posey is represented by Dennis Damato.  Nationwide, Posey markets to 17,000 nursing homes and 3,000 rehabilitation hospitals.  In Massachusetts, Posey markets routinely to more than 100 health care facilities.  The HipSaver Company markets to the same facilities.

7.     Posey is engaged in substantial business in and contact with the Commonwealth of Massachusetts.  Further, Posey has and is carrying out the acts complained of here in Massachusetts; is therefore subject to the trial court's personal jurisdiction; and may be served and brought before the trial court under the Massachusetts Long-Arm Statute, G.L. c.223A, §3.

8.      Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the HipSaver Company's federal claims for violation of the Lanham Act. Pursuant to 28 U.S.C. § 1332, the court has diversity jurisdiction over the HipSaver Company's state law claims for violation of the Massachusetts Business Practices Act.

9.      Pursuant to L.R. 40.1 (C), venue is proper in the Eastern Division of the United States District Court for the District of Massachusetts where the Plaintiff is domiciled.

### Statement of Factual Claims

10.     In late 1998 or early 1999, three years after the HipSaver Company introduced its soft hip protector garments, Posey introduced a hip protector product under the mark, HIPSTER. This product was a soft, removable pad but was poorly designed and not well accepted in the marketplace.

11.     Beginning in early 2001, Posey secretively purchased samples of HIPSAVER hip protectors from the Plaintiff. Posey then copied much of the design and placement of the HIPSAVER protector and introduced a knock-off marketed initially as the HIPSTER III.

12.     After introducing its knock off, Posey undertook and continues nationwide campaigns of false, deceptive, misleading advertising aimed at the HipSaver Company and other small competitors.

13.     After the earlier lawsuit filed in this court in 2004, Posey withdrew advertising aimed at the HipSaver Company and other small competitors and published corrective advertising.

4

14.    Now, in 2005, Posey has initiated an enhanced advertising campaign which again targets the HipSaver Company and other small competitors with false, misleading, and deceptive advertising.

15.    The HipSaver Company has demanded withdrawal of this latest advertising, but Posey continues its false, misleading, and deceptive advertising aimed at the HipSaver Company and other small competitors.

16.    Posey's misrepresentations, deception, and product disparagement are aimed at HipSaver, intended to undercut the integrity of the HipSaver Company's products, and directed to overwhelm the HipSaver Company in the marketplace – all by unlawful means.

17.    Posey's misrepresentations, deception, and product disparagement are particularly damaging because of the relative lack of knowledge among health care buyers.  Hip protection products are relatively new; neither the biomechanics nor the relative performance of competing products has been well understood in the marketplace. Lacking a strong understanding of performance and safety, buyers are susceptible to being misled by deceptive advertising masked as pseudo science, precisely the strategy pursued by Posey.

## Causes of Action

### Count I – Breach of Settlement Agreement

18.    The HipSaver Company restates and incorporates by reference all of the allegations in paragraphs 1 through 17 of the Complaint as if set forth fully here.

19.     In settlement of the HipSaver Company's earlier lawsuit against the Posey
Company, the parties entered into a Settlement Agreement.

20.     Posey has willfully breached the Settlement Agreement by embarking on its
current commercial advertising campaign in violation of the notice and disclosure
provisions of the Settlement Agreement.

### Count II – Violation of the Lanham Act

21.     The HipSaver Company restates and incorporates by reference all of the
allegations in paragraphs 1 through 20 of the Complaint as if set forth fully here.

22.     Posey's  false or misleading description of facts, false or misleading
representation of facts, misrepresentation of product test protocol, and its distorted
misrepresentations, literally false representations, statements, and product comparisons in
a nationwide advertising campaign violate the Lanham Act, 15 U.S.C. §§1125(a)(1)(B).

23.     Posey's actions alleged here have been undertaken in bad faith and with the intent
to misrepresent, harm, and damage the HipSaver Company.

24.     Without intervention of the trial court, the HipSaver Company cannot counter
Posey's false advertising campaign and faces immediate loss of its business.

### Count III – Violation of the Unfair or Deceptive Business Practices Act

25.     The HipSaver Company restates and incorporates by reference all of the
allegations in paragraphs 1 through 24 of the Complaint as if set forth fully here.

26.     Posey's misrepresentation of product test protocol and its distorted
misrepresentations, literally false representations, statements, and product comparisons in

an advertising campaign directed at more than 100 Massachusetts health care facilities violate the Massachusetts Unfair or Deceptive Business Practices Act, G.L. c.93A, §§2, 11.

27.   Posey's actions alleged here have been undertaken in bad faith and with the intent to misrepresent, harm, and damage the HipSaver Company.

28.   Without intervention of the trial court, the HipSaver Company cannot counter Posey's false advertising campaign and faces immediate loss of its business.

**THEREFORE**, pursuant to 15 U.S.C. §1117 and G.L. c.93A, §11, Plaintiff, the HipSaver Company, Inc., respectfully requests the trial court to grant the following relief:

- A preliminary injunction halting all further publication, display, distribution, or reference to "an independent laboratory study that was conducted to determine the most effective impact absorbing material";
- A preliminary injunction halting all further publication, distribution, or reference to disported parts of the Garwood Laboratories study;
- A preliminary injunction requiring Posey to publish and pay for distribution of a corrective statement to its entire sales forces and to all customers and persons and entities set out in its marketing lists;
- A preliminary injunction requiring Posey to pay for publication of corrective advertising;
- Judgment for HipSaver on all claims before the court;
- Damages and multiple damages, including three times Posey's Profits to be awarded to HipSaver;
- Interest, costs and attorney fees;
- A permanent injunction; and
- Such further relief as the trial court deems just and proper.

7

## JURY DEMAND

**Plaintiff, the HipSaver Company, Inc., requests a jury for all issues so triable.**

THE HIPSAVER COMPANY, INC.
By its Attorneys,

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated: 5.4.05
02820/00501 383553.1

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| The HipSaver Company, Inc. | J.T. Posey Company |

**(b)** County of Residence of First Listed Plaintiff  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edward J. Dailey, BROMBERG SUNSTEIN LLP, 125 Summer Street, Boston, Massachusetts  02110  617.443.9292

Attorneys (If Known)

**05 - 10917 PBS**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC, ss 1125, 1117

Brief description of cause:
Breach of settlement agreement; false, deceptive advertising; unfair or deceptive business practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE Saris
DOCKET NUMBER  04-11294 PBS

DATE
05/04/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___The HipSaver company, Inc. v J.T. Posey Company_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☑ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

05 - 10917 p...

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

The HipSaver Company, Inc. v J.T. Posey Company, 04-11294 PBS_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES ☐    NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐    NO ☑

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Edward J. Dailey, BROMBERG SUNSTEIN LLP_____

ADDRESS   125 Summer Street, Boston, Massachusetts  02110_____

TELEPHONE NO.  617.443.9292_____

(CategoryForm.wpd - 5/2/05)