UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) Civil Action No. 05-10917 PBS |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT J.T. POSEY COMPANY'S MOTION TO DISMISS PLAINTIFF THE HIPSAVER COMPANY'S COMPLAINT UNDER FED. R. CIV. P. RULE 12(b)(6) OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. RULE 56**

The Court need only consider this motion if Defendant J.T. Posey Company's ("Posey") companion motion to transfer this matter to the Central District of California is denied.

**I.   INTRODUCTION**

This is an action for damages and injunctive relief for alleged false advertising and breach of a settlement agreement. Posey moves this Court for an Order dismissing all counts of Plaintiff The HipSaver Company Inc.'s ("HipSaver") complaint. Specifically:

1. Counts I, II, and III should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") because HipSaver has failed to plead all of the required elements of each claim;

2. Count II and Count III should be dismissed under Rule 12(b)(6) because HipSaver has failed to plead fraud with particularity as required by FRCP Rule 9(b); and

3. As an alternative to granting Posey's Motion under Rule 12(b)(6), the Court may convert this Motion to a motion for summary judgment and enter judgment in favor of Posey because all counts are barred as a matter of law by the terms of a written settlement agreement entered into by the parties in connection with an earlier dispute.

## II.   PARTIES

Posey is a long-established business, located in Arcadia, California, that manufactures and supplies various products used in the healthcare industry. See Complaint, ¶ 5.[1]  Within the last five years, Posey introduced a line of hip protectors to help prevent hip fractures in elderly persons caused by falls. See Complaint, ¶ 10.

HipSaver is one of Posey's competitors. See Complaint, ¶ 10. HipSaver also manufactures and sells hip protectors. See Complaint, ¶ 2.

## III.  STATEMENT OF FACTS

### A.   HIPSAVER SUES POSEY FOR FALSE ADVERTISING, POSEY COUNTERCLAIMS, AND THE PARTIES SETTLE THEIR RESPECTIVE CLAIMS

On or about June 10, 2004, HipSaver instituted an action against Posey in this Court, entitled The HipSaver Company, Inc. v. J.T. Posey Company, U.S.D.C., Case No. 04-11294-PBS ("Posey I"). See Complaint, p. 2. In Posey I, HipSaver contested an

---

[1] The allegations made in the Complaint are taken as true. See Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, 988 (1st Cir. 1992) (in considering a motion to dismiss, a court must take the allegations in the complaint as true).

advertising campaign by Posey under 15 U.S.C. § 1125(a)(1)(B) (the "Lanham Act"), and the Massachusetts Unfair or Deceptive Business Practices Act ("Mass. G.L. c. 93A").  Id.

On or about September 22, 2004, HipSaver and Posey settled Posey I.  See Complaint, ¶ 19.  As part of the settlement, the parties entered into a written agreement (the "Settlement Agreement"), which provided, among other things, that HipSaver released Posey from all claims, known or unknown, relating to false advertising claims under 15 U.S.C. § 1125 and Mass. G.L. c. 93A which could have been asserted in Posey I.  See Complaint, ¶ 19; Declaration of Shannon S. Sheldon ("Sheldon Decl."), ¶ 2, Ex. A.  In conjunction with the settlement, Posey I was dismissed with prejudice.

### B. POSEY COMMISSIONS AN IMPACT STUDY AND CREATES AND DISSEMINATES ADVERTISING THAT MAKES REFERENCE TO IT

In 2002 and 2003, prior to the execution of the Settlement Agreement, Posey created and disseminated various advertising materials that made reference to some testing performed by an independent laboratory, Garwood Laboratories, Inc. ("Garwood"), to assist Posey in selecting an effective foam pad to be inserted into Posey's hip protectors (the "Impact Study").  See Complaint, p. 7; Declaration of Victoria Gay Lewis ("Lewis Decl."), ¶¶ 4-6, Exs. D, E, and F.  The advertising materials state that "[a]n independent laboratory study was conducted to determine the most effective impact absorbing material . . ."  Id.  They also state that the testing was conducted by Garwood and that the data from the Impact Study is on file at Posey's offices.  Id.

### C. HIPSAVER'S DEMAND LETTERS AND THE ENSUING LAWSUITS BROUGHT BY EACH PARTY

On or about May 3 and 18, 2005, Posey received demand letters from HipSaver accusing Posey of false advertising relating to the Impact Study (the "Impact Study

3

Advertisement"). See Sheldon Decl., ¶ 3, Exs. B, C.  HipSaver attached the allegedly false Impact Study Advertisement to its May 18, 2005 letter. Id.  Unbeknownst to Posey, HipSaver initiated the present action ("Posey II") in this Court on May 4, 2005.

Following its receipt of HipSaver's May 18 letter, Posey filed a complaint for declaratory relief in the U.S. District Court for the Central District of California entitled J.T. Posey Company v. HipSaver Co., Inc., Case No. CV05-3705 FMC ("Posey III").[2]  In the Posey III action, Posey contends that its advertising regarding the Impact Study is accurate, that it has not violated the Lanham Act, any other laws, and that Posey has not violated its obligations to HipSaver under the Settlement Agreement in Posey I.

## IV.   APPLICABLE LEGAL STANDARD

FRCP Rule 12(b)(6) tests the legal sufficiency of a claim for relief.  A motion to dismiss under Rule 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) (footnote omitted).  However, a reviewing court is not obliged to "credit bald assertions." United States v. AVX Corp., 962 F.2d 108, 114 (1st Cir. 1992).  "Empirically unverifiable" conclusions, not "logically compelled, or at least supported, by the stated

---

[2] Federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. See Boston Sci. Corp. v. Schneider (Eur.) AG, 983 F. Supp. 245, 253 (D. Mass. 1997) (in determining the motion to dismiss, taking judicial notice of other related cases, as well as Settlement Agreement in other case, which was adequately referenced in the Complaint); E.I. du Pont de Nemours & Co., Inc. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986) (taking judicial notice of related complaint filed by plaintiff in state court), citing, St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

4

facts," should be given no deference.  <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 16 (1st Cir. 1989).

V.   **ARGUMENT**

   A.   **ALL COUNTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER FRCP RULE 12(b)(6) BECAUSE HIPSAVER HAS FAILED TO PLEAD AT LEAST ONE REQUIRED ELEMENT OF EACH CLAIM**

A complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988); <u>see also</u> <u>DM Research, Inc. v. Coll. of Am. Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999) (complaint must "allege a factual predicate concrete enough to warrant further proceedings").  Here, HipSaver has failed to allege at least one material element of each of its claims.

   1.   **Count I for Breach of Settlement Agreement Should Be Dismissed Because HipSaver Has Failed to Plead All of the Required Elements for a Breach of Contract Claim**

HipSaver's first claim is for breach of the Settlement Agreement.  The essential elements of a breach of contract claim are: (1) the existence of an agreement; (2) due performance by plaintiff; (3) breach by defendant; and (4) damages.  <u>Kusek v. Family Circle</u>, 894 F. Supp. 522, 527 (D. Mass. 1995), <u>citing</u>, <u>Stratton Group Ltd. v. Sprayregen</u>, 458 F. Supp. 1216, 1217 (S.D.N.Y. 1978).

HipSaver's sole allegation about the breach of the Settlement Agreement is that "Posey has willfully breached the Settlement Agreement by embarking on its current commercial advertising campaign in violation of the notice and disclosure provisions of the Settlement Agreement."  <u>See</u> HipSaver Complaint, ¶ 20.  Generously construed, the

foregoing allegation could sufficiently allege the first (contract) and third (breach) elements of HipSaver's claim. It is insufficient, however, to allege the second (performance) and fourth (damage) elements. Accordingly, HipSaver's Count I for Breach of the Settlement must be dismissed for failure to plead the basic elements of a breach of contract claim.

> 2. **Count II (Violation of the Lanham Act) Should Be Dismissed Because HipSaver Has Failed to Plead the Essential Elements of This Claim Under 15 U.S.C. § 1125**

To state a claim for false advertising under 15 U.S.C. §1125(a), a plaintiff must allege that: (1) the defendant made a false statement of fact in a commercial advertisement or promotion about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 310-311 (1st Cir. 2002). HipSaver has failed to plead at least two of the required elements: that a statement by Posey has deceived or has the tendency to deceive a substantial segment of an audience (the second element), and that such statements were "material" (the third element.)

Moreover, nowhere in the Complaint, is there any indication of what statement Posey allegedly made that was false, that the deception (if any) was material, or that the deception is likely to influence a purchasing decision. See Cashmere, 284 F.3d at 311

6

(materiality component of a false advertising claim requires a plaintiff to show deception is "likely to influence the purchasing decision"); PPX Enter., Inc. v. Audiofidelity Enter. Inc., 818 F.2d 266, 271 (2d Cir. 1987) (plaintiff seeking monetary damages must show that consumers were actually deceived by the misrepresentation). Thus, Count II fails.

### 3. Count III (Violation of Massachusetts Unfair or Deceptive Business Practices Act) Should be Dismissed Because HipSaver Has Not Met the Pleading Requirements of Mass G.L. c. 93A

HipSaver's claim under Mass. G.L. c. 93A is deficient in two respects. First, HipSaver has failed to allege facts sufficient to show that Posey's alleged deceptive acts occurred "primarily and substantially" within Massachusetts. Second, HipSaver has failed to properly plead a "loss".

Mass. G.L. c. 93A § 11 requires that an alleged unfair and deceptive act or practice occur "primarily and substantially within the Commonwealth."[3] See Callahan v. Harvest Bd. Intern., Inc., 138 F. Supp. 2d 147, 167 n.13 (D. Mass. 2001). "Whether the 'actions and transactions [constituting the § 11 claim] occurred primarily and substantially within the commonwealth' is not a determination that can be reduced to any precise formula." Kuwaiti Danish Computer Co. v. Digital Equipment Corp., 438 Mass. 459, 472, 781 N.E.2d 787, 798 (2003), quoting Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 311, 518 N.E.2d 519 (1988).

The three-prong test used by the First Circuit has recently been replaced by the "center of gravity" test. See Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329

---

[3] Section 11 provides: "No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth. For the purposes of this paragraph, the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the Commonwealth." Mass. Gen. Laws ch. 93A § 11.

7

F.3d 216, 236 (1st Cir. 2003).[4]  The center of gravity test focuses on the transactions that gave rise to the claims in the case.  Id. (although plaintiff was located in Massachusetts, defendant contacted plaintiff in Massachusetts, and defendant withdrew funds from plaintiff's bank in Massachusetts, Mass. G.L. c. 93A claim failed because misrepresentations occurred primarily outside Massachusetts).  Thus, when "virtually all the conduct that can be said to be unfair or deceptive" occurs outside the Commonwealth, there can be no Mass. G.L. c. 93A liability.  Kuwaiti Danish Computer Co., 781 N.E.2d at 800 (rejecting Mass. G.L. c. 93A claim where the deceptive conduct mostly occurred in Washington, although defendant was a Massachusetts corporation and the parties conducted substantial business in Massachusetts).

Under the center of gravity test, HipSaver's Mass. G.L. c. 93A claim fails on its face.  Specifically, the Complaint alleges (i) that "Posey operates from home offices in Arcadia, California" (Complaint, ¶ 5); (ii) that Posey is engaged in a "**nationwide** campaign" of "false, deceptive, misleading advertising" (Complaint, ¶ 12) (emphasis added); and (iii) that Posey markets to 20,000 health care facilities nationwide, only 100 (or 0.5%) of which are in Massachusetts (Complaint, ¶ 6).  Taking the foregoing allegations as true, as a matter of law, Posey's alleged deceptive acts are not occurring "primarily and substantially within the Commonwealth."

Furthermore, "[f]or false or misleading statements to be actionable under M.G.L. ch. 93A, § 11, they must cause a loss to the plaintiff."  McKernan v. Burek, 118 F. Supp.

---

[4] The court in Kenda stated:  "Although both parties and the district court constructed their analyses within the framework of the three-part test we had discussed in earlier cases, we must follow the SJC's pronouncements on interpretations of Massachusetts statutes.  Therefore, we evaluate…under the 'center of gravity' test announced in Kuwaiti Danish Computer Co."  Id. at 235.

2d 119, 126 (D. Mass. 2000) (holding plaintiff has not presented any evidence to support the conclusion that defendant's representations adversely affected plaintiff's business).  A plaintiff has standing under Mass. G.L. c. 93A only if it has suffered a "loss of money or property".  Mass. G.L. c. 93A, § 11; Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390, 578 N.E.2d 789, 804 (1991), reversed on other grounds, 412 Mass. 703, 592 N.E.2d 1289) ("There must be a loss of money or property."); U.S. ex rel. Metric Elec., Inc. v. Enviroserve, Inc., 301 F. Supp. 2d 56, 70-71 (D. Mass. 2003) (rejecting plaintiff's claim under Mass. G.L. c. 93A where plaintiff failed to show any harm as a result of defendant's alleged false statements); Sierra Marketing, Inc. v. New England Wholesale Co., 14 Mass. App. Ct. 976, 977, 438 N.E.2d 1101, 1103 (Mass. App. 1982) (holding action under Mass. G.L. c. 93A, § 11 cannot be brought for false advertising absent showing of money or property damages), review denied, 387 Mass. 1105, 443 N.E.2d 1322 (1982).

In support of its third claim, HipSaver merely alleges that "[w]ithout intervention of the trial court, the HipSaver Company cannot counter Posey's false advertising campaign and faces immediate loss of its business."  Complaint, ¶ 28.  Because HipSaver has failed to allege that:  (1) consumers selected Posey's Hipsters over HipSaver's hip protectors because of Posey's advertising, (2) HipSaver lost sales due to Posey's advertising, or even (3) HipSaver's sales have declined since the introduction of Posey's advertising, HipSaver's Mass. G.L. c. 93A claim is deficient and it must be dismissed.

**B.    COUNTS II AND III MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER FRCP RULE 12(b)(6) BECAUSE HIPSAVER HAS FAILED TO PLEAD THEM WITH PARTICULARITY UNDER FRCP RULE 9(b)**

HipSaver's claims second and third claims are grounded in fraud.  Claims of fraud are subject to the heightened pleading requirements of FRCP Rule 9(b), which provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  See United States v. Karvelas, 360 F.3d 220, 227-28 (1st Cir. 2004) (holding that Rule 9(b) applies to False Claims Act because liability depends on presentation of a false claim and a mental state of at least reckless disregard of the truth).  "Rule 9(b) requires that a plaintiff's averments of fraud specify the time, place, and content of the alleged false or fraudulent representations."  Karvelas, 360 F. 3d at 226, citing Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18-19 (1st Cir. 2002). "[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriquefios en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

When false advertising claims are grounded in fraud, they must be pleaded specifically under rule 9(b).  See Penniston v. Brown & Williamson Tobacco Corp., 2000 U.S. Dist. LEXIS 15264, No. 99-10628, at * 7-16 (D. Mass. June 15, 2000) (dismissing counts alleging misrepresentation because plaintiff failed to specify the content of the alleged fraudulent statements, the dates when the statements were supposedly made, the medium by which they were communicated to the plaintiff, and the particular defendant responsible for each alleged misrepresentation or omission); Swartz v. Schering-Plough Corp., 53 F. Supp. 2d 95, 104 (D. Mass. 1999) (dismissing claim of fraudulent misrepresentation for failure to plead as required by Rule 9 where complaint merely

alleged that defendant communicated to the public, on the Internet and to the FDA that the defendants had invented, developed, and created SUN-BUG); Specific Motors v. Paccar Auto., 1998 U.S. Dist. LEXIS 20227, No. C98-2632 FMS (N.D. Cal., December 18, 1998) (failure to satisfy Rule 9 for false advertising claim resulted in dismissal); Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1105 (9th Cir. 2003) ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used).").

Likewise, violations of Mass. G.L. c. 93A are subject to the pleading standards under FRCP Rule 9 when sounding in fraud.  See  Mead Corp. v. Stevens Cabinets, Inc., 938 F. Supp. 87, 90 (D. Mass. 1996) (dismissing claims for alleged misrepresentations and false advertisements brought under Mass. G.L. c. 93A because failure to specify the dates of alleged misrepresentations, where and how they occurred, and their content); Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 12 (1st Cir. 1984) (affirming dismissal of Mass. G.L. c. 93A claim for failure to comply with Rule 9(b)).

Counts II and III are wholly based on Posey's alleged "false advertisements." However, the Complaint does not attach (or even identify) the alleged false advertisements, specify what statements are purportedly false, state in what manner they are false, state when they were made, or where or when they appeared.  HipSaver's complaint alleges only: (i) that Posey has engaged in a "campaign" of "false, deceptive, misleading advertising" (Complaint, ¶¶ 12, 14, 15); (ii) that Posey has made "misrepresentations, deception, and product disparagement" (Complaint, ¶¶ 16, 17); (iii) that Posey has engaged in "false or misleading description of facts, false or misleading representation of facts, misrepresentation of product test protocol, and  . . . distorted

11

misrepresentations, literally false representations, statements and product comparisons . . . ." (Complaint, ¶¶ 22, 26); and (iv) that Posey has embarked "on its current commercial advertising campaign . . . " (Complaint, ¶ 20).

Under Rule 9(b), Posey is entitled to a more definite statement. At a minimum, HipSaver should be required to identify the statements, Posey's allegedly false statements, when the statements were made, where they were made or published, how they are false and who is responsible for making them. See, e.g., Accuimage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003) (complaint for false advertising dismissed since it did not "allege any facts regarding the location, timing, or content" of the allegedly false statements); Cavalier Tel., LLC v. Verizon Va. Inc., 208 F. Supp. 2d 608, 617 (E.D. Va. 2002), aff'd, 330 F.3d 176 (4th Cir. 2003), cert. denied, 2004 U.S. LEXIS 678 (complaint in false advertising action dismissed for failure to identify both the method of communication and purpose of communication complained of).

In sum, HipSaver's complaint fails to set forth sustainable causes of action for false advertising or deceptive acts or practices under even the most liberal pleading standards. Accordingly, Counts II and III must be dismissed.

    **C.    AS AN ALTERNATIVE, THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF POSEY ON ALL COUNTS BECAUSE THEY ARE BARRED AS A MATTER OF LAW**

        **1.    The Terms of the Release Provision in the Settlement Agreement Unambiguously Releases Posey from HipSaver's Claims**

HipSaver's counts must be dismissed because HipSaver is suing on claims that have already been released. Under the unambiguous terms of the Settlement Agreement,

12

HipSaver released Posey from all claims, known or unknown, relating to false advertising claims under 15 U.S.C. § 1125 and Mass. G.L. c. 93A which could have been asserted in Posey I. Specifically, paragraph 11 of the Settlement Agreement provides:[5]

> Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. § 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or **which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement**.

See Sheldon Decl., ¶ 2 , Ex. A (emphasis added).

Posey I was filed in June 2004, and the date of the Settlement Agreement is September 22, 2004. See Sheldon Decl., ¶ 2, Ex. A.

In the instant case, Count II and Count III are directed to Posey's alleged false advertising relating to the Impact Study. Posey's advertising regarding the Impact Study has been in place since 2002 – two years before HipSaver even filed Posey I. See Lewis Decl., ¶¶ 4-6, Exs. D, E, and F. Thus, all of HipSaver's claims "could have been asserted" in the Posey I action.

There is no genuine issue regarding the publication date of Posey's advertising statements about which HipSaver complains they were published prior to the date the parties executed the Settlement Agreement. Therefore, to the extent HipSaver had any claims based upon public statements regarding the Impact Study, they have been

---

[5] The Settlement Agreement is heavily redacted. Posey is not at liberty to attach the entire Settlement Agreement to this motion because it contains a confidentiality provision. Despite the motion confidentiality provision, HipSaver made the Settlement Agreement an exhibit to a motion it filed in Posey III. Posey intends to seek redress for HipSaver's breach of the confidentiality provision in due course. In the meantime, in the event the Court wishes to examine the Settlement Agreement in its entirety, Posey will readily submit it to the Court under seal.

released.  Fed. R. Civ. P. 56(c).  Accordingly, Posey is entitled to judgment in its favor as a matter of law that Counts II and III are barred by the release provision contained in the Settlement Agreement.

### 2. The Terms of the Notice Provision in the Settlement Agreement Bar Count I

HipSaver's Count I for breach of the Settlement Agreement alleges that Posey violated the notice and disclosure provision contained in the Settlement Agreement.  See Complaint, ¶ 20. Paragraph 8, which is the "notice and disclosure provision" of the Settlement Agreement, provides:  "In the event of any **further comparative testing** of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis."  See Sheldon Decl., ¶ 2, Ex. A (emphasis added).

"Further" is defined as "[m]ore distant in degree, time or space."  See The American Heritage Dictionary of the English Language (4th ed. 2000).  Here, "further" testing means the parties' tests in the future, i.e., tests that are conducted after the date of the Settlement Agreement.  The Impact Study was conducted in 2001, and Posey's advertising regarding the Impact Study was disseminated in 2002. See Lewis Decl., ¶¶ 4-6, Exs. D, E, and F.  Thus, Posey was not required to give HipSaver notice of the Impact Study results because the study was prior to the date of the Settlement Agreement.  As a consequence, the Court should enter summary judgment for Posey on Count I.

    **D.**    **ALTERNATIVELY, HIPSAVER SHOULD BE REQUIRED TO AMEND ITS COMPLAINT WITH A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e)**

Although Posey believes this court should dismiss this action or enter judgment in its favor for the reasons stated above, and thereby not reach this motion under Rule 12(e), Posey includes this motion here as a protective measure so as not to lose the right to move for a more definite statement later.

If the Court denies Posey's motion to dismiss and its motion for summary judgment, at the very least, the Court should order HipSaver to amend its complaint to identify the specific advertisements that are allegedly false, and how Posey has breached the notice provision of the Settlement Agreement. HipSaver should also be required, at the very least, to attach: (1) the alleged false advertisements; (2) demand letters; and (3) any documents relating to the studies on which the advertisements are based, to the extent HipSaver has such documents.

**VI.**    **CONCLUSION**

For all the foregoing reasons, this court should dismiss this action against Posey under FRCP Rule 12(b)(6) for failure to state a claim. As an alternative to granting

///

///

///

Posey's Motion under Rule 12(b)(6), the Court may convert this Motion to a motion for summary judgment and enter judgment in favor of Posey because all of its claims are barred as a matter of law.  Alternatively, if the Court does not dismiss this action or grant summary judgment in favor of Posey, HipSaver should be required under FRCP Rule 12(e) to amend its Complaint to provide a more definite statement.

Dated: June 17, 2005

        J.T. POSEY COMPANY
        By its attorneys,

        /s/ Douglas H. Morseburg
        Jeffrey G. Sheldon (CA Bar No. 67516)
        Douglas H. Morseburg (CA Bar No. 26205)
        Shannon S. Sheldon (CA Bar No. 216199)
        SHELDON & MAK
        225 South Lake Avenue, Suite 900
        Pasadena, CA  91001
        (626) 796-4000

        Anthony J. Fitzpatrick (BBO # 564324)
        DUANE MORRIS LLP
        470 Atlantic Avenue, Suite 500
        Boston, MA 02210
        (617) 289-9200