UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) |  |
| v. ) |  |
| J.T. POSEY COMPANY, ) |  |
| Defendant. ) |  |

**DECLARATION OF DOUGLAS H. MORSEBURG
IN SUPPORT OF MOTION OF
DEFENDANT J.T. POSEY COMPANY FOR ORDER
TRANSFERRING VENUE TO CENTRAL DISTRICT OF CALIFORNIA**

I, Douglas H. Morseburg, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in support of Posey's motion to transfer venue of the within matter to the U.S. District Court for the Central District of California, Western Division.

2. In connection with the instant matter, Posey presently anticipates that, if the trial of the instant matter were held today, it would offer testimony from at least ten key

witnesses, all of whom were intimately involved in the events regarding the development of the "Hipster", the Garwood testing project and the advertising that underlies the instant dispute. Those ten are:

 i Victoria Lewis, who was and is a Posey product manager responsible for the "Hipster" product;

 ii Jeff Yates, who was Posey's Director of Marketing and Lewis' direct superior, but who is no longer employed by Posey;

 iii Charles Kline, who was, and still is, a Posey engineer;

 iv Leanne Powers, who was Posey's marketing and communications manager, but who is no longer employed by Posey;

 v Lee Rash, who was Posey's manager of new product development in 2001 and who is presently its director of materials;

 vi Ernie Posey, who is presently Posey's president;

 vii Tim Sturkie, a former employee of Garwood Laboratories, Inc., who participated in the development of the test protocol that was to be used on the materials that Posey wanted tested;

 viii Dominic Hunter, a former Garwood technician who actually performed the testing that is the subject of the project;

 ix Rick Clemons, who wrote the test report for Garwood, and

 x William Flower, who was Garwood's quality control manager and who signed off on Garwood's report.

3. Generally, the above witnesses would testify on the following topics, all of which are relevant and highly material to HipSaver's breach of contract, false advertising and deceptive practices claims or to Posey's defenses against those claims:

 i Posey Company's decision to retain Garwood to conduct the subject testing (Rash);

 ii the design of the protocol for the Impact Study (Rash, Kline, Sturkie);

      iii    Garwood's actual testing of the foam materials Posey provided (Rash, Lewis, Sturkie, Hunter);

      iv    the recordation and reporting of Garwood's test results (Lewis, Sturkie, Clemons, Flower);

      v    the development and approval of Posey Company's advertisements that refer to the Impact Study and/or Garwood's test results (Yates, Powers, Posey);

      vi    Posey Company's dissemination of ads that mention the Impact Study and/or the test results (Yates, Powers, Posey); and

      vii    Posey's execution of the Settlement Agreement and Posey's understanding of paragraph 8 (i.e., the "notice" provision) of that agreement (Posey).

4.   Of the ten key witnesses identified above, four (Rash, Kline, Lewis and Ernie Posey) are presently employees of Posey Company.  Thus, if venue remains in Massachusetts, Posey will likely be able to secure their presence in Massachusetts for the trial.  The same, however, cannot be said for the remaining six (i.e., Sturkie, Hunter, Clemons, Flower, Yates and Powers).

5.   As far as these six are concerned, I am informed that two (Sturkie and Hunter) are presently employed by one of Garwood's competitors in Fullerton, California, in the Los Angeles area.  Since Sturkie and Hunter work in the Los Angeles area, they likely live there, as well.  Two others (Clemons and Flower) are still employed by Garwood.  Since Garwood is located in Pico Rivera, California, Los Angeles County, in all likelihood, Clemons and Flower also reside in the Los Angeles area.  The remaining two (Yates and Powers) are former Posey employees who I am informed still reside in the Los Angeles area.

6.   Posey has no control over any of these six witnesses.  None of them has any obligation to testify for Posey and they are all beyond the subpoena power of this court.  In fact, of these remaining six, one (Yates) has already indicated to me that he is not amenable to traveling from California to Massachusetts for trial.  Another (Powers) has

informed me that she is 32 weeks pregnant and has been given a "no-fly order" by her doctor. As for the other four (Sturkie, Hunter, Clemons and Flower), even if they were inclined to appear at trial voluntarily (and Posey has no information to indicate that they would be so inclined), the personal and financial inconvenience they would suffer by having to travel to Massachusetts would be great.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 17th day of June, 2005 at Pasadena, California.

                                                   /s/ Douglas H. Morseburg
                                                   Douglas H. Morseburg