# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |

## DECLARATION OF JEFFREY G.SHELDON
## IN SUPPORT OF MOTION OF
## DEFENDANT J.T. POSEY COMPANY FOR ORDER
## TRANSFERRING VENUE TO CENTRAL DISTRICT OF CALIFORNIA

I, Jeffrey G. Sheldon, declare:

1.      I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter *pro hac vice*.  I am the attorney who is primarily responsible for representing J.T. Posey Company in this matter and I was also primarily responsible for representing the company in an earlier related case that was filed by The HipSaver Company ("HipSaver") in this Court.  Therefore, I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true.  I make this declaration in support of Posey's motion to transfer venue of the within matter to the U.S. District Court for the Central District of California, Western Division.

2.      On or about June 10, 2004, HipSaver instituted an action against Posey in this Court.  The action was entitled <u>The HipSaver Company, Inc. v. J.T. Posey Company</u>, U.S.D.C., Case No. 04-11294-PBS ("Posey I").  In Posey I, HipSaver sought damages and injunctive relief under 15 U.S.C. § 1125(a)(1)(B) (the "Lanham Act"), and the Massachusetts Unfair or Deceptive Business Practices Act (G.L. c. 93A), for Posey's alleged dissemination of false materials comparing the effectiveness of hip protectors.  In a counterclaim, Posey sought damages and an injunction against HipSaver for false advertising.

3.      On or about September 22, 2004, HipSaver and Posey settled Posey I.  As part of the settlement, the parties entered into a written agreement (the "Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit "A".  The Settlement Agreement is heavily redacted because it contains a confidentiality provision.  Thus I am unable to attach complete version.  In the event the Court desires to have a complete copy filed under seal, Posey will do so.

4.      On or about May 3, 2005, HipSaver's lawyer, Edward Dailey, sent Posey a letter, a true and correct copy of which is attached hereto as Exhibit "B".

5.      On May 9, 2005, I sent a letter to Mr. Dailey.  A true and correct copy of that letter is attached as Exhibit "C".

6.      On May 17, 2005, Mr. Dailey sent Posey a second letter (which was erroneously dated May 18, 2005).  A true and correct copy of that letter is attached as Exhibit "D".

7.      On or about May 18, 2005, Posey filed a complaint for declaratory relief in the U.S. District Court for the Central District of California entitled <u>J.T. Posey Company v. HipSaver Co., Inc.</u>, Case No. CV05-3705 FMC ("Posey III").  A true and correct copy of the complaint (minus exhibits) in Posey III is attached as Exhibit "E".

8.      After Posey served HipSaver with the summons and the complaint in Posey III, HipSaver sent Posey a copy of the summons and the complaint in this action,

i.e., Posey II.  Thereafter, HipSaver asked Posey to agree to transfer Posey III to Massachusetts.  However, since virtually all of the witnesses and the evidence relating to both Posey II and Posey III are located in California, Posey asked HipSaver to agree to transfer Posey II to California.  Since the parties could not agree, this motion followed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 17th day of June, 2005, at Pasadena, California.

/s/ Jeffrey G. Sheldon_____
Jeffrey G. Sheldon

**EXHIBIT "A"**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company, Inc. ("Posey") with reference to the following facts:

## RECITALS

A.     HipSaver has filed an action in the United States District Court for the District of Massachusetts entitled *The HipSaver Company, Inc. v. J.T. Posey Company, Inc.,* as Civil Action No. 04-11294 PBS (the "Action"), in which HipSaver accuses Posey among other things of having violated the Lanham Act and the Massachusetts Unfair or Deceptive Business Practices Act by disseminating certain materials, including a document entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (the "White Paper") and including in Posey catalogs and promotional materials certain bar charts comparing the relative effectiveness of hip protectors (the "Bar Charts") and statements derived from the White Paper.

B.     Posey denies the allegations asserted by HipSaver in the Action.

C.     Posey filed an answer and counterclaim in the Action in which Posey asserts among other things that HipSaver has made false representations about Posey products on HipSaver's website

D.     HipSaver denies the allegations asserted by Posey in the Counterclaim.

E.     The Parties desire to settle all disputes among them concerning or in any way related to the Action.

NOW, THEREFORE, in consideration of the promises, covenants and conditions set forth in this Agreement, the Parties hereto agree as follows:

## *REDACTED*

*REDACTED*

*REDACTED*

*REDACTED*

11.    Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

*REDACTED*

*REDACTED*

3

*REDACTED*

*REDACTED*

4

*REDACTED*

*REDACTED*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth next to their respective signatures below.

THE HIPSAVER COMPANY, INC.        J.T. POSEY COMPANY, INC.

By: *Edward Goodwin*              By: *Ernst M Posey*

Edward L. Goodwin, President
Its: _President_

Dated: _9/22/04_ , 2004

Its: _President_

Dated: _9/21/2004_ , 2004

APPROVED AS TO FORM:

BROMBERG SUNSTEIN LLP

By: _____
Edward J. Dailey
Attorneys for HipSaver

Dated: _9.21.04_ , 2004

SHELDON & MAK PC

By: _____
Jeffrey G. Sheldon
Attorneys for Posey

Dated: _9/21_ , 2004

**EXHIBIT "B"**

125 SUMMER STREET  BOSTON M. J2110-1618

BROMBERG ✴ SUNSTEIN LLP

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

May 3, 2005

**By FedEx**

Ernest M. Posey, Chief Executive Officer
J.T. Posey Company
5635 Peck Road
Arcadia, California  91006

Jeffrey G. Sheldon, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

      Re       *The HipSaver Company, Inc. and the J.T. Posey Company*
              Our File    02820 / 00502

Gentlemen:

This letter is a formal demand on behalf of our client, the HipSaver Company, Inc. to cease, desist, and withdraw all advertising on the Posey Company website, in catalogs, in materials sent to customers, in materials distributed to or provided to customers by sales staff and sales representatives, and in materials and demonstrations at industry events which refer or are related in any manner to a so-called "independent laboratory study that was conducted to determine the most effective impact absorbing material". This letter is a formal demand also to cease, desist, and halt distribution of incomplete copies of certain impact tests conducted by Garwood Laboratories, Inc. and a demand to halt all materials stating, suggesting, or implying that the Garwood Laboratories impact tests constitute an

Page 2

"independent laboratory study ... to determine the most effective impact absorbing material". Finally, this letter is a formal demand for a corrective advertising statement to be posted on your website and to be made in writing to your sales staff and sales representatives and to every person and entity on your customer and solicitation lists.

You must provide us with written assurance, acceptable to the HipSaver Company, Inc. and its attorneys within the next ten days, of your compliance with this demand. If you fail to comply with this demand, the HipSaver Company, Inc. will proceed with a lawsuit for violation of the Settlement Agreement executed with the J.T. Posey Company in September 2004, for willful violation of the Lanham Act, and for willful violation of the Massachusetts business practices act, G.L. c.93A, §§ 2,11. If litigation is required, the HipSaver Company will seek damages, attorney fees and costs, and injunctive relief.

Please consider the following:

1. Paragraph 8 of the Settlement Agreement expressly requires the J.T. Posey Company to provide 30 days advance written notice to the HipSaver Company before commercial advertising use of the results or analysis related to comparative testing. Your nationwide advertising with respect to the Garwood Laboratories testing is in direct and material violation of the Settlement Agreement.

2. Your advertising claims that an "independent laboratory study was conducted to determine the most effective impact absorbing material". No such study was conducted. Indeed, the Garwood Laboratories report states expressly that Garwood tested and reported nothing more than impact absorption and that "all pass fail criteria to be determined by the Posey Company".

3. It is false and deceptive advertising for your company to have misrepresented the purpose of the Garwood tests. Moreover, it is willfully false and deceptive for the J.T. Posey Company to have misrepresented the fact that it was the J.T. Posey Company, *not* an independent laboratory, making the utterly biased determination and claim of what is the "most effective impact absorbing material" or even that the Posey Hipster product shows "excellent impact energy absorption".

4. You biased the testing conducted by the Garwood Laboratories by misrepresenting to the testing lab that it was testing "hip protectors". In fact, Garwood tested foam only; and the results have no value as a measure of the characteristics of hip protectors.

5. Your advertising misrepresents the results of the Garwood Laboratories testing by suggesting that the "low profile Posey Hipster" with its "excellent energy absorption" is "the most effective impact absorbing material".

6. Your advertising is willfully deceptive and misleading and in direct violation of provisions of the Garwood Laboratories test protocol which bars partial or selective release of the test results. The J.T. Posey Company releases results for a Hipster product foam but fails routinely to release test results for competitive foams while, at the same time, suggesting that your company's product is superior.

7. Your advertising is willfully deceptive and misleading in suggesting that the current Hipster products have the same superior impact absorbing capacity as the foam tested by Garwood Laboratories. Current products "with high durability pads" were not tested by Garwood.

Thank you for your immediate attention to this demand for relief.

Sincerely,

Edward J. Dailey

02820/00301  383424.1

**EXHIBIT "C"**

SHELDON & MAK
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101-3021
FACSIMILE: (626) 795-6321
HOME PAGE: www.uslp.com
(626) 796-4000

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
EDWARD C. SCHEWE
KRISTIN C. HIIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
JULIO M. LOZA
A. ERIC BJORGUM

May 9, 2005

VIA FACSIMILE 617.443.0004

Edward J. Dailey
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts  02110-1618

Re:    HipSaver Company and J.T. Posey Company
       Sheldon & Mak File No. 15994.52

Dear Mr. Dailey:

This is a follow up to my letter of May 5, 2005 in the above-identified matter and in further response to your letter of May 3, 2005.

We found it surprising that you are interpreting the Settlement Agreement to require thirty days' advance written notice with regard to advertising that was in place prior to the Settlement Agreement. The objected to materials were used by Posey in 2003. Accordingly, applying your interpretation of the agreement, we hereby demand that HipSaver Company cease all use of its commercial advertising that makes use of the results or analysis related to comparative testing since in no instance has HipSaver provided such advance notice, or any materials supporting its commercial advertising. In fact, HipSaver has been repeatedly asked to provide the data supporting its claim that the HipSaver product can be machine washed and dried at 250° Fahrenheit. Since wash water boils at much less than 250° Fahrenheit at atmospheric pressure, that claim on its face appears impossible to support.

With regard to your criticisms of the materials, they are totally without merit. Posey provided the data that supports exactly what is in the materials. Your distorted view of the materials is totally unjustified and without merit.

J:\POSEY\15994.52 Hipsaver\07 Ltr to Dailey.wpd

Edward J. Dailey
May 9, 2005
Page 2


However, the timing of your letter was fortuitous.  The materials have been used up, and they are in the process of being reprinted.  Thus, none of the existing materials will be distributed, and your views will be considered when reprints are prepared.

Sincerely yours,

SHELDON & MAK

By:

Jeffrey G. Sheldon

JGS/kpl
cc:    client

TRANSMIT CONFIRMATION REPORT

```
NO.          :  002
RECEIVER     :           6174280796
TRANSMITTER  :  SHELDON & MAK
DATE         :     MAY 09'05    15:22
DURATION     :  01'17
MODE         :       STD
PAGES        :  02
 RESULT      :  OK
```

**EXHIBIT "D"**

125 SUMMER STREET  BOSTON  MA 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG · SUNSTEIN

EDWARD J DAILEY
T 617 443 9292 X233
EDAILEY@BROMSUN.COM

May 18, 2005

**By pdf and FedEx**

Jeffrey G. Sheldon, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Re      *The HipSaver Company, Inc. and the J.T. Posey Company*
        Our File     02820 / 00502

Dear Jeff:

Thank you for your letters of May 5th and May 9th.  I wish to respond to both within the context of the demands made in our letter of May 3, 2005.

First, in having chastised us for sending a copy of the demand letter to Mr. Posey, you seem to have overlooked paragraph 16 in the Settlement Agreement which provides for notice to you and Mr. Posey.  Far from having engaged in some ethical lapse, I simply followed the notice terms of our Agreement.

Next, with respect to your "demand" concerning laundry advertising, I must alert you to the fact that the Posey Company challenged this same advertising in its Counterclaim in 2004.  *See, for example,* counterclaim paragraphs 55, 56E, and 56G.  Inasmuch as the Complaint and Counterclaim were dismissed *with prejudice*, Posey cannot challenge advertising which was subject to its earlier Counterclaim.  Consequently, we reject your demand as beyond the subject matter jurisdiction of a court.

Page 2

Finally, with respect to your response to our demand to withdraw all advertising related to the so-called" independent laboratory study, we must restate that demand and insist on immediate compliance with all remedial steps set out in my letter of May 3, 2005. Otherwise, we will proceed with our litigation in the United States District Court for the District of Massachusetts.

We would like to point out the following:

a) Contrary to your statement that the objectionable advertising materials "have been used up", the advertising continues to be posted prominently on the Posey Company website. Indeed, the objectionable ads are linked to Hipster models displayed on the website. A copy made from the Posey website at 9:23am this morning is enclosed for your information.

b) Contrary also to your statement that the objectionable advertising materials "have been used up", incomplete and deceptive Garwood test results continue to be packaged with Posey hip protector product sales to customers.

c) Contrary also to your statement that the objectionable advertising materials "have been used up", incomplete and Deceptive Garwood test results were distributed at a major safety conference in Florida just last week –after the date of your letter.

We must insist that you comply with the demand set out in our May 3d letter, and we must have your assurance of compliance by noon Pacific Time on Thursday, May 19th. Specifically, the Posey company must immediately cease, desist, and withdraw all advertising on the Posey Company website, in catalogs, in materials sent to customers, in materials distributed to or provided to customers by sales staff and sales representatives, and in materials and demonstrations at industry events which refers or is related in any manner to

Page 3

a so-called "independent laboratory study that was conducted to determine the most effective impact absorbing material". This is a formal demand also to cease, desist, and halt distribution of copies or excerpts of certain impact tests conducted by Garwood Laboratories, Inc. and a demand to halt all materials stating, suggesting, or implying that the Garwood Laboratories impact tests constitute an "independent laboratory study ... to determine the most effective impact absorbing material". Finally, this is a formal demand for a corrective advertising statement to be posted on your website and to be made in writing to your sales staff and sales representatives and to every person and entity on your customer and solicitation lists.

Best regards,

Edward J. Dailey
02820/00501  386636.1

**EXHIBIT "E"**

1   Jeffrey G. Sheldon - State Bar No. 67516
    Douglas H. Morseburg - State Bar No. 126205
2   Shannon S. Sheldon - State Bar No. 216199
    SHELDON & MAK PC
3   225 South Lake Avenue, 9th Floor
    Pasadena, California  91101
4   Telephone: 626.796.4000
    Facsimile: 626.795.6321
5   Email: jgsheldon@usip.com

6   Attorneys for Plaintiff
    J.T. POSEY COMPANY
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                                    CV05-3705 FMC

11  J.T. POSEY COMPANY, a            )  Case No.
    California corporation,          )
12                                   )
            Plaintiff,               )  COMPLAINT FOR DECLARATORY
13                                   )  JUDGMENT
        v.                           )
14                                   )
    HIPSAVER COMPANY INC., a         )
15  Massachusetts corporation,       )
                                     )
16          Defendant.               )
    ─────────────────────────────────)

17

18

19        Plaintiff J.T. Posey Company ("Posey" or "Plaintiff") for

20  their complaint against Defendant HipSaver Company Inc.

21  ("HipSaver" or "Defendant") herein, alleges as follows:

22

23               JURISDICTION AND VENUE

24        1.    This is an action under 28 U.S.C. §§ 2201 and 2202 for

25  declaratory relief.  This Court has subject matter jurisdiction

26  over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27        2.    Plaintiff is informed and believes and based thereon

28  alleges that venue is proper in this judicial district pursuant

1  to 28 U.S.C. § 1391(b) and (c) in that the Defendant is found

2  here.

3

4                              **PARTIES**

5      3.    Plaintiff is a corporation organized and existing under

6  the laws of the State of California with its principal place of

7  business located in the Central District of California.

8      4.    On information and belief, Defendant is a corporation

9  organized and existing under the laws of the State of

10  Massachusetts with its principal place of business in the State

11  of Massachusetts.  On further information and belief, at all

12  relevant times, Defendant has done business throughout the United

13  States and in the State of California, including the Central

14  District of California, and thus this Court has personal

15  jurisdiction over Defendant.

16

17                        **BACKGROUND FACTS**

18      5.    The parties are in the business of manufacturing,

19  distributing, marketing, and selling hip protectors for elderly

20  patients.

21      6.    On or about June 10, 2004, Defendant filed a complaint

22  against Plaintiff in the United States District Court for the

23  District of Massachusetts entitled *The HipSaver Company, Inc. v.*

24  *J.T. Posey Company*, U.S.D.C. Case No. 04-11294-PBS, seeking

25  damages and injunctive relief under 15 U.S.C. § 1125(a)(1)(B)

26  (the "Lanham Act"), and the Massachusetts Unfair or Deceptive

27  Business Practices Act, for allegedly disseminating false

28  materials comparing the effectiveness of hip protectors (the

1   "Massachusetts Action").

2       7.   On or about September 22, 2004, the parties entered

3   into a written settlement agreement (the "Settlement Agreement"),

4   which provides, among other things, a release by Defendant as to

5   Plaintiff for all conduct which occurred prior to the date of the

6   Settlement Agreement.

7       8.   The respective claims of the parties in the

8   Massachusetts Action were dismissed with prejudice.

9       9.   In 2001, prior to the Massachusetts Action, Plaintiff

10  engaged an independent laboratory, Garwood Laboratories, Inc., to

11  conduct a test to select an effective foam pad to be inserted

12  into its hip protectors (the "Impact Study").

13      10.  One or more witnesses from Garwood Laboratories, Inc.,

14  located in Pico Rivera, California, will attest to the accuracy

15  of the tests for the Impact Study.

16      11.  Plaintiff distributed materials, including materials

17  dated September 17, 2002, December 13, 2002, and June 20, 2003,

18  which advertise the results of the Impact Study.

19      12.  In a letter dated May 3, 2005, Defendant sent Plaintiff

20  a cease and desist letter in which Defendant contended, among

21  other things, that (i) Plaintiff's advertising regarding the

22  Impact Study was deceptive, false and/or misleading in violation

23  of the Lanham Act, and (ii) under the Settlement Agreement,

24  Plaintiff was obligated to give Defendant advance notice prior to

25  engaging in any comparative advertising.  In the May 3, 2005

26  letter, Defendant also demanded, among other things, that

27  Plaintiff cease, desist and withdraw all advertising relating to

28  the Impact Study.  A true and correct copy of the Defendant's May

1   3, 2005 letter is attached hereto as Exhibit "A".

2       13.  In a letter dated May 9, 2005, Plaintiff informed

3   Defendant that Plaintiff's advertising regarding the Impact Study

4   was accurate and that, in any event, the advertising was in place

5   prior to the execution of the Settlement Agreement.  A true and

6   correct copy of Plaintiff's May 9, 2005 letter is attached hereto

7   as Exhibit "B".

8       14.  In a letter dated May 18, 2005, Plaintiff responded and

9   threatened to proceed with a law suit in the District of

10  Massachusetts.  A true and correct copy of Defendant's May 18,

11  2005 letter is attached hereto as Exhibit "C".

12

13                    **FIRST CLAIM FOR RELIEF**

14              **(By Posey Against HipSaver for Declaratory
                Relief Under 28 U.S.C. §§ 2201 and 2202)**

15

16      15.  Plaintiff repeats and re-alleges paragraphs 1 through

17  14, as though fully set forth in this paragraph.

18      16.  There is an actual controversy between the Plaintiff,

19  on the one hand, and the Defendant, on the other, regarding the

20  accuracy of the Plaintiff's advertising regarding the Impact

21  Study, regarding its alleged violations of the Lanham Act and

22  other laws and regarding the Plaintiff's obligations to the

23  Defendant under the Settlement Agreement.

24      17.  Plaintiff contends that its advertising regarding the

25  Impact Study is accurate, that it has not violated the Lanham

26  Act, any other laws or any of Plaintiff's other rights and that

27  Plaintiff has not violated its obligations to Defendant under the

28  Settlement Agreement.

1        18.    Defendant contends that Plaintiff's advertising

2    regarding the Impact Study is deceptive, false and misleading,

3    that Plaintiff's advertising regarding the Impact Study violates

4    the Lanham Act, other laws and/or other of the Defendant's rights

5    and that it has not violated any of its obligations under the

6    Settlement Agreement.

7        19.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is

8    entitled to a judicial declaration with respect to (i) whether

9    its advertising regarding the Impact Study is accurate,

10   (ii) whether it has violated the Lanham Act, any other laws or

11   any of Plaintiff's other rights, and (iii) whether it has

12   violated any of its obligations to Defendant under the Settlement

13   Agreement.

14       20.    A judicial declaration is necessary and appropriate at

15   this time in order that Plaintiff may ascertain its rights under

16   the Settlement Agreement and conduct its advertising accordingly.

17

18       **WHEREFORE**, Plaintiff prays for relief against Defendant as

19   follows:

20       1.    For a judicial declaration that its advertising

21   relating to the Impact Study is accurate, that it has not

22   violated the Lanham Act, any other laws or any of Plaintiff's

23   other rights, and that it has not violated any of its obligations

24   to Defendant under the Settlement Agreement;

25       2.    For reasonable attorneys' fees, in an amount in accord

26   with law and proof;

27       3.    For costs of suit herein; and

28

1          4.    For such other and further relief as the Court deems

2    just and proper.

3

4    Dated: May 18, 2005                SHELDON & MAK PC

5

6                                       By: _____
                                             Jeffrey G. Sheldon
7
                                        Attorneys for Plaintiff
8                                       J.T. POSEY COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28