UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| The HipSaver Company, Inc., | ) | Civil Action No. 05-10917 PBS |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v | ) |  |
|  | ) |  |
| J.T. Posey Company, | ) |  |
| Defendant | ) |  |
|  | ) |  |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO TRANSFER**

This has been a Massachusetts action, and it should stay a Massachusetts action. Because this Court is familiar with the history of this litigation, and because HipSaver, a small, closely held Massachusetts company filed first in this jurisdiction, Posey's Motion to Transfer should be denied.

Defendant J.T. Posey Company ("Posey") has moved to transfer a matter which is no more than the latest episode in an ongoing saga begun in this court in June 2004, Civil Action No. 04-11294 PBS. That case, also directed against Posey's false adverting of hip protector products, resulted in a Settlement Agreement designed to redress and protect Plaintiff, The HipSaver Company, Inc. ("HipSaver"). Posey has since breached the

1

Settlement Agreement and violated the law by launching a new false advertising campaign citing a different study without notice to HipSaver.

HipSaver responded immediately by filing this action, knowing the court to be familiar with the case, in order to put a quick end to Posey's renewed deception. Two weeks later, Posey filed an action in the Central District of California, a court completely unfamiliar with the case, but which happens to be close to Posey's headquarters and far from those of HipSaver. Yet Posey now insists that the second-filed jurisdiction is a more convenient venue for resolution of HipSaver's false advertising, breach of contract, and Massachusetts state law claims against Posey.

In this case the more efficient and convenient venue is also the first-filed venue. Thus Posey's Motion to Transfer should be denied.

## FACTUAL BACKGROUND

HipSaver, a small, closely held company incorporated in the Commonwealth of Massachusetts and operating from offices within Canton, has been in business since 1995. *See* Declaration of Edward L. Goodwin ("Goodwin Declaration") at ¶3. It has eight employees and two independent contractors. HipSaver's primary business is to invent, develop, manufacture, and sell soft hip protector garments, invented by the company's president Edward Goodwin, which reduce the potential for critical hip fractures in elder patients. These products are manufactured in Massachusetts. HipSaver garments are marketed under the HIPSAVER® and SLIMFIT™ trademarks. *Id*.

The Plaintiff in this later action, Posey, is a long established company and dominant supplier of patient safety and support products. It operates nationwide from its home offices within California. *See* Declaration of Victoria Gay Lewis In Support of Motion of Defendant J.T. Posey Company for Order Transferring Venue to Central District of California at ¶2. Posey markets hip protector garments under the HIPSTER® trademark. *Id.* at ¶5.

As attested to by the contentious history between the two companies, HipSaver and its colossal competitor, Posey, are by no means unfamiliar with each other. Indeed, tensions between the two, arising out of Posey's false advertising of its HIPSTER® product, came to a head in June, 2004, when HipSaver was forced to file a complaint in this court to terminate Posey's deceptive campaign. *See* Exhibit 6, Cover Page of Original Complaint filed in Massachusetts on June 10, 2004 ("2004 Massachusetts Complaint").[1]   Recognizing the patent weakness of its case, Posey quickly agreed to withdraw the misleading advertisement, pay a lump sum to HipSaver, issue corrective advertising, and be bound by other contraceptive measures designed to protect HipSaver from a repeat performance. *See* Exhibit 1, Copy of September 2004 Settlement Agreement ("Settlement Agreement"). The original Massachusetts action was accordingly dismissed pursuant to the Settlement Agreement. *Id.* at ¶12.

As it happened, these preventatives were not sufficient to protect HipSaver as Posey has once again unilaterally initiated a false, misleading and deceptive advertising

---

[1] All Exhibits may be located in the concurrently filed Appendix of Exhibits.

campaign targeted at HipSaver as well as Posey's other small competitors. *See* Exhibit 2, 2005 Advertisement and Exhibit 4, Impact Study. Indeed, Posey went so far as to willfully ignore the thirty-day-notice provision of the Settlement Agreement expressly designed to protect HipSaver from another such commercial ambush. *See* Goodwin Declaration at ¶9; Exhibit 1 at ¶8.

Already suspicious of Posey's "Ring-Around-the-Rosey" song-and-dance routine, in response to this new round of false advertising HipSaver immediately filed, on May 4, 2005, a Complaint in this district. *See* Exhibit 7, Date Stamped Cover Page of May 4, 2005 Complaint in the District of Massachusetts ("2005 Massachusetts Complaint"). The 2005 Massachusetts Complaint includes three Counts: Breach of the Settlement Agreement; Violation of the Lanham Act; and violation of Massachusetts' Unfair or Deceptive Business Practices Act. In the interests of economy, the case has been assigned to the Honorable Patti B. Saris, who handled the earlier June, 2004 litigation between the same parties.

Secure in its defenses, HipSaver proceeded to attempt to negotiate a resolution of this matter with Posey, rather than immediately serve the latter. A series of e-mailed letters ensued between counsel, which proved fruitless.

As it turned out HipSaver rightly sensed that Posey might take advantage of attempts at negotiation. About two weeks after HipSaver filed the 2005 Massachusetts Complaint, Posey filed, on May 18, its California Complaint in the Central District of California in response to a demand letter from Mr. Dailey, counsel for HipSaver. Exhibit

8, Excerpts from Posey California Complaint at p.1 ("California Complaint" or "California Action").  Perfectly mirroring the 2005 Massachusetts Complaint, the California Complaint seeks a declaratory judgment that Posey did not violate the Settlement Agreement, the Lanham Act, or "any other laws" and that the Posey advertising at the heart of this most recent dispute is "accurate."   Exhibit 8 at ¶19.

HipSaver completed formal service of the 2005 Massachusetts Complaint on May 20, 2005.

HipSaver filed a Motion to Dismiss, Stay or Transfer the California Action pursuant to the first-to-file rule in the Central District of California on June 7, 2005.  It also, on that date, filed an Answer and Counterclaims substantially identical to the Complaint in this case.  In response to HipSaver's motion, Posey has now conceded that it will stipulate to transfer of the California Action to Massachusetts in the event that this Court denies Posey's Motion to Transfer.  Exhibit 9, Excerpt from Posey's memorandum in partial opposition to HipSaver's Motion to Dismiss, Stay or Transfer at p. 8, ll. 17-19.  The parties have accordingly agreed to a postponement of the California Action pending this Court's decision.

## **PROCEDURAL OVERVIEW**

- HipSaver filed an action against Posey in the District of Massachusetts on June 10, 2004.  Exhibit 6.
- The parties executed the Settlement Agreement related to that action on September 21, 2004.  Exhibit 1.
- HipSaver filed this action in the District of Massachusetts on May 4, 2005.  Exhibit 7.
- Posey filed a duplicative action in the Central District of California on May 18, 2005.  Exhibit 8.

5

- HipSaver served Posey on May 20, 2005.
- HipSaver filed a Motion to Dismiss, Transfer or Stay the California Action on June 7, 2005.
- Posey agrees that it will stipulate to transfer of the California Action to Massachusetts in the event that this Court denies this Motion to Transfer. Exhibit 9.
- The parties agree to a postponement of the California Action pending this Court's decision.

## ARGUMENT

### I.  The First-to-File Rule Governs

"Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." *Reebok Int'l Ltd. V. Dunkadelic, Inc.*, No. Civ. A. 03-CV-11471-G, 2004 WL 413266 at *3 (D. Mass. 2004) (denying motion to transfer trademark and unfair trade practices action to second-filed jurisdiction). Defendants seeking, pursuant to 28 U.S.C. §1404(a), to transfer a first-filed action to a jurisdiction where a later-filed action is pending must surmount a particularly high barrier. *The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 17 (D. Mass. 2002) ("[s]pecifically, the defendant must show that its choice of forum is <u>substantially</u> more convenient than that chosen by the plaintiff") (emphasis added); *Veryfine Products, Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16, 21 (D. Mass. 2000) ("there is a strong presumption in favor of a plaintiff's forum choice, against which the defendant must bear the burden of proving ... that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum") (citations and internal punctuation omitted).

The presumption in favor of the first-filed district is almost never overcome where, as here, the first-to-file Plaintiff makes its home in the chosen forum, where the lawsuit is evidently "connected" to the first jurisdiction, and where it is clear from the sequence of events that Plaintiff did not induce the second-comer to sit back and negotiate while it filed suit. *See e.g. The Holmes Group*, 249 F. Supp. 2d at 17-18 (denying transfer of first-filed action out of Massachusetts where Massachusetts was plaintiff's home forum, lawsuit was "connected" to both states, and the parties had not engaged in any negotiations prior to the filing of suit); *Reebok*, 2004 WL 413266 *1, 3 (denying transfer out of Massachusetts where plaintiff filed in its home state, case was connected to forum, and plaintiff filed without knowledge of defendant prior to continuation of negotiations).

Here, HipSaver's 2005 Massachusetts Complaint was the first filed and HipSaver is a small, closely held Massachusetts company, with its headquarters in Canton. Massachusetts has a substantial connection to the action not only because of the nature of the claim itself (in which HipSaver is the injured party) but because this Court is already familiar with the history of the false advertising campaign waged by Posey against HipSaver. And HipSaver, not willing to play Posey's games again, immediately filed in Massachusetts prior even to contacting Posey.

HipSaver naturally thought to file in Massachusetts because it makes its home here, and because Judge Saris was already familiar with the parties and the subject-matter. There is a reason why the Civil Cover Sheet requests in part VIII that a party

7

filing a complaint list all related cases; there is a reason why this case was assigned by the clerk to Judge Saris. Posey's false advertising in its 2005 campaign misrepresents the same hip-protectors as to which Judge Saris held a hearing last June. It is the same story, only with a different faulty study at its center.

**II.    HipSaver has Been Wronged Before and Should Not Be Dragged to California to Enforce a Settlement Agreement from the Earlier Action**

Fairness dictates that a huge, diverse company (forced to pay a lump sum of money and issue corrective advertising in amends for its initial onslaught of false advertising) should not be able to drag a small, specialized rival to its home state when it decides to breach the Settlement Agreement and launch a new round of false advertisements. This is true regardless of who filed first (though of course, in this case, HipSaver initiated the first action).

Along these lines, consider that HipSaver has a single office in Canton, Massachusetts, just about 20 miles from Boston. It has eight employees and two independent contractors. It specializes in the product at the heart of this litigation—hip protectors—which were invented by its President, Edward Goodwin in Massachusetts. These products are also manufactured in Massachusetts. Posey, on the other hand, is the 600 pound gorilla in the industry, boasting 600 products and 300 "craftsmen" on its website. Exhibit 10, Screenshot of Posey website: www.posey.com. Simply put, Posey dwarfs HipSaver and can more easily bear the expense of litigation.

Finally, note that however much paper Posey fills hypothesizing witnesses in this action, the fact is that Posey never even bothered to raise a venue objection in the earlier

action, which, just like this one, involved the false and misleading use of a faulty test comparing the HipSaver products to Posey's HIPSTER product. This is because Posey only thought to care about venue when it embarked on a litigation strategy this year which is designed to force HipSaver into expending as much money as possible in enforcing its rights under the Settlement Agreement and the law.

The fact is that both sides, not surprisingly in an "establishment claim" false advertising case such as this, will turn to witnesses who work in or near the home office, and will point to evidence located where each of the compared products was respectively developed. *Veryfine*, 124 F. Supp. 2d at 16, 19, 26 (denying transfer out of Massachusetts to district where defendant's "own duplicative lawsuit" was pending; any inconvenience identified by defendant merely reflected the "common hardships associated with civil litigation").

This simply is not a case where a car was forced off the road by a drunk driver in Des Moines in front of seven witnesses who have never left Iowa.

## CONCLUSION

HipSaver was the first-to-file in this matter, and it did so in the most logical jurisdiction—with the Court that had experience with the earlier, related action. Posey's motion to transfer should therefore be denied.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
Dated:  July 1, 2005

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic filing and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts  02210 and by USPS First Class  mail to Jeffrey G. Sheldon, Esq., SHELDON & MAK, 225 South Lake Avenue, 9th Floor, Pasadena, California  91101


Dated: July 1, 2005                                                         /s/ Edward J. Dailey
                                                                                          Edward J. Dailey

02820/00502  413483.1