UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

The HipSaver Company, Inc., )
            Plaintiff, )
)
v. )
)
J.T. Posey Company, )
           Defendant )

**DECLARATION OF EDWARD L. GOODWIN**

I, EDWARD L. GOODWIN, make the following statement on the basis of personal knowledge and experience and under penalty of perjury:

1. For more than eleven years, I have worked to invent, manufacture, and sell products used to reduce hip fractures, particularly for use by elders but also for use by athletes. My inventive technology for soft hip protectors includes air-holding protective foam pad construction such as that in my US Patent No. 6,519,789B2 and a washable protective pad such as my US patent pending pub. no. US2004/0078873A1, before the United States Patent and Trademark Office.

2. The soft hip protectors incorporate an open cell foam pad enclosed in an expandable air holding pouch. Together, the pad and pouch have a substantial capacity to absorb and disperse energy associated with a fall and provide fracture protection to the

1

femur. The device is washable and is sewn into clothing and positioned geometrically to cover the femur in the event of a fall or other impact.

3.  My company, HipSaver, is a small, closely held company incorporated in the Commonwealth and operating from offices in Canton, Massachusetts. HipSaver has been in business since 1995. HipSaver's primary business is to invent, develop, manufacture, and sell soft hip protectors which reduce the potential for critical hip fractures in elder patients who suffer some 300,000 hip fractures annually in the United States. HipSaver's hip protectors are manufactured in Massachusetts. HipSaver has eight employees and two independent contractors. HipSaver garments are marketed under the HIPSAVER® and SLIMFIT™ trademarks.

4.  The J.T. Posey Company is the dominant supplier of hundreds of patient safety and support products. According to its website (www.posey.com) Posey manufactures over 600 healthcare/safety products, relying on over 300 "craftsmen" to do so. Posey routinely copies the work of other companies and then uses its market dominance to introduce "knock-off" products to the market. Posey operates nationwide through catalogs, internet sales, and a national network of representatives and distributors. Posey markets to 17,000 nursing homes and 3,000 rehabilitation hospitals. In Massachusetts, Posey markets to more than 100 health care facilities.

5.  HipSaver markets to the same facilities in Massachusetts and nationally.

6.  In late 1998 or early 1999, three years after HipSaver introduced its soft hip protectors, Posey introduced a hip protector product under the mark, HIPSTER. This product was a soft, removable hip protector but was poorly designed and not well received in the marketplace.

7. Beginning in early 2001, Posey purchased samples of HIPSAVER hip protectors from our company but did not identify itself as the purchaser. Posey then copied much of the design of the HIPSAVER protector and introduced a knockoff marketed initially as the HIPSTER III. Posey's product is now marketed simply as HIPSTER. It competes directly against our HipSaver products.

8. In 2004, my company brought a lawsuit against Posey to compel it stop a false advertising campaign aimed at HipSaver. Posey's 2004 ads claimed superiority for the HIPSTER in impact tests conducted by a graduate student at UCLA. In settlement of the lawsuit, Posey halted its ads and issued a corrective statement to customers. A true and correct copy of the Settlement Agreement is attached as Exhibit 1.

9. In or around April, 2005, I learned that Posey had started a new advertising campaign aimed at HipSaver and challenging the safety of our products. This new advertisement (the "2005 Advertisement") consists of two pages, and is attached as Exhibit 2. Exhibit 2 is a more legible copy of same advertisement attached as in Exhibit C to the Declaration of Shannon S. Sheldon. In this new advertisement Posey claims that its HIPSTER "showed excellent energy absorption" in a study conducted to determine "the most effective impact absorbing material." HipSaver was never given any notice of Posey's intent to distribute the new 2005 Advertisement.

10. The 2005 Advertisement claims to rely on a test conducted by Garwood Laboratories (the "Impact Study"). It also notes, "Data on file at J.T.Posey Company." Further to this notice, I contacted the J.T. Posey Company in writing by fax and UPS and asked for the referenced data. A true and correct copy of this fax of April 8, 2005 sent by me to Posey is attached as Exhibit 3.

11. In response to my request I received only excerpts from the Impact Study. A true and correct copy of these excerpts are attached as Exhibit 4. The study clearly names HipSaver's HIPSAVER® and SLIMFIT™ (mislabeled as Slim Saver in the Garwood materials) products as among those compared for its impact absorbing abilities. Exhibit 4 at ¶1.1. I then left two further voice mail messages for Ernest M. Posey asking for the complete results from the Impact Study. In response these voice mail messages, I was told by Ernest M. Posey that the data I received was "complete." Exhibit 5 is a true and correct copy of a document of April 27, 2005 sent by Ernest M. Posey to me.

12. While the test information received from Posey to date is incomplete, it is clear that Posey has misrepresented the testing, the results, and the interpretation of the testing and results.

13. In the first instance, Posey has grossly misrepresented the impact testing conducted by Garwood as if such testing has some direct empirical correlation to the relative ability of hip protectors to provide fracture protection to humans. Garwood made no such claim and, in fact, explicitly disclaimed any statement of purpose associated with the testing requested by Posey. Exhibit 4 at p. 1.

14. Similarly, Posey has misrepresented the results of the tests by proclaiming the "excellent energy absorption" of its own product while withholding the results for other tested products including the two HipSaver products, thus suggesting their relative inferiority. Exhibit 2; Exhibit 4 at ¶1.1.

15. Finally, Posey has materially misrepresented the interpretation of the test results as if Garwood, the "independent laboratory", had determined "the most effective impact absorbing material". In fact, Garwood made no such determination and, in its report,

states that it did nothing more than conduct certain impact tests, report the results, and then return the products to Posey "for evaluation". "All pass or fail criteria to be determined by the Posey Company". Exhibit 4 at ¶¶3.2, 6.1, 6.2.

16. These misrepresentations regarding the relative effectiveness of the impact absorbing material contained within Posey's products and HipSaver's products are false and damaging to our small company. The 2005 Advertisement was distributed on the Internet, at trade shows, and in product stuffers and to customers in nursing and rehabilitation facilities across the United States, including more than 100 customers in Massachusetts.

17. Posey's false advertising is aimed at HipSaver; we are Posey's only significant competition for hip protectors. Posey's advertising campaign is particularly damaging because of the lack of knowledge among health care buyers and Posey's marketplace dominance. Soft hip protection products are relatively new; neither the biomechanics nor the relative performance of competing products has been well understood in the marketplace. Buyers are susceptible to being misled by deceptive advertising masked in pseudo scientific certainty, precisely the strategy pursued by Posey. And once a buyer is subject to misinformation and has formed an impression that Posey is "superior" to HipSaver and other products, it is very difficult to overcome that misinformation.

18. With Posey's dominance in the marketplace, its claim to superiority makes it an easy choice for a nervous purchasing agent or "nursing home resident" looking to avoid injury from a potential fall from standing position. Exhibit 2 at p.2. The problem, of course, is that in all likelihood the easy choice is not nearly as effective as represented.

19. We are a small, limited products company competing against a dominant, multi-line company. Prior to Posey's false advertising blitz, HipSaver competed with some success and on the basis of a demonstrated record of product safety and durability. On the heels of Posey's 2004 campaign and faced now with a deluge of the 2005 Advertisement which falsely compares HipSaver's product safety, my company again faces the short term prospect of being damaged in the marketplace.

20. HipSaver does not have the financial resources or the presence in the marketplace to counter Posey's continuing false and misleading campaigns.

_____
Edward L. Goodwin
5/29, 2005

### CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic filing and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210 and by USPS First Class mail to Jeffrey G. Sheldon, Esq., SHELDON & MAK, 225 South Lake Avenue, 9th Floor, Pasadena, California 91101

_____
Edward J. Dailey
7.1.05

02820/00502 413756.2