# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| J.T. Posey Company, | ) |
| Defendant | ) |
|  | ) |

**APPENDIX OF EXHIBITS IN SUPPORT OF (1) DECLARATION OF EDWARD L. GOODWIN, (2) PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER, AND (3) PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT FOR BREACH OF THE SETTLEMENT AGREEMENT**

1.      2004 Settlement Agreement

2.      Posey 2005 Advertisement

3.      Fax dated April 8, 2005 from Goodwin to Posey

4.      Garwood Laboratories Impact Study (Includes all excerpts of study received by Mr. Goodwin in response to his demand to Posey)

5.      Letter dated April 27, 2005 from Posey to Goodwin

6.      Complaint, D. Mass., filed June 10, 2004 (first page only)

7.      Complaint, D. Mass., filed May 4, 2005 (first page only)

8.      Complaint, C.D. Cal., filed May 18, 2005 (Except only)

9.      Memorandum of Points and Authorities of Plaintiff and Counterclaim
        Defendant J.T. Posey Company in Partial Opposition to Motion of
        Defendant and Counterclaimant HipSaver Company, Inc. for Dismissal,
        Stay or Transfer of Action, dated July 11, 2005 (C.D. Cal.) (Excerpt only)

10.     Screenshot from Posey website: www.posey.com

11.     Stipulation for Dismissal from June, 2004 action in D. Mass., dated
        September 22, 2004

12.     Excerpt from June, 2004 action in D. Mass. court docket (Case No. 04-
        CV-11294)


Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
Dated: July 1, 2005

## CERTIFICATE OF SERVICE

        I certify that a copy of this document has been forwarded by electronic filing and USPS
First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE
MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts  02210 and by USPS First Class
mail to Jeffrey G. Sheldon, Esq., SHELDON & MAK, 225 South Lake Avenue, 9th Floor,
Pasadena, California  91101


Dated: July 1, 2005                          /s/ Edward J. Dailey
                                             Edward J. Dailey


02820/00502  414913.1

Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company, Inc. ("Posey") with reference to the following facts:

## RECITALS

A.    HipSaver has filed an action in the United States District Court for the District of Massachusetts entitled *The HipSaver Company, Inc. v. J.T. Posey Company, Inc.*, as Civil Action No. 04-11294 PBS (the "Action"), in which HipSaver accuses Posey among other things of having violated the Lanham Act and the Massachusetts Unfair or Deceptive Business Practices Act by disseminating certain materials, including a document entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (the "White Paper") and including in Posey catalogs and promotional materials certain bar charts comparing the relative effectiveness of hip protectors (the "Bar Charts") and statements derived from the White Paper.

B.    Posey denies the allegations asserted by HipSaver in the Action.

C.    Posey filed an answer and counterclaim in the Action in which Posey asserts among other things that HipSaver has made false representations about Posey products on HipSaver's website

D.    HipSaver denies the allegations asserted by Posey in the Counterclaim.

E.    The Parties desire to settle all disputes among them concerning or in any way related to the Action.

NOW, THEREFORE, in consideration of the promises, covenants and conditions set forth in this Agreement, the Parties hereto agree as follows:

1.    Posey shall pay to HipSaver the sum of $360,000.00 by check payable to The BROMBERG SUNSTEIN LLP Client Account to be delivered to BROMBERG SUNSTEIN within fourteen (14) days of the filing of the Stipulation for Dismissal of the Action as set forth in paragraph 12 below (the "Stipulation for Dismissal").

2.    Posey shall not distribute the White Paper or make any advertising claims based on or derived from the White Paper.

3.    Posey shall permanently comply with the terms of the Undertaking filed in the Action by Posey on August 26, 2004, a copy of which is attached hereto as Exhibit "A".

4.    In all future catalogs and other promotional materials Posey shall eliminate the Bar Charts and statements based on or derived from the White Paper and references to UCLA.

5.    Within ten days from the filing of the Stipulation for Dismissal Posey shall provide all its sales representatives, distributors, and dealers who have purchased or sold Posey Hipster hip protectors at any time since January 1, 2001 a copy of the "Special Announcement: HipSaver® and Posey Hipster® brand Hip Protectors" a copy of which is attached hereto as Exhibit "B" (the "Special Announcement").

6.    Within ten days from the filing of the Stipulation for Dismissal Posey shall post a link to a copy of the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" on the first screen of the home page of the Posey web site immediately below the heading, "Resources for Healthcare Professionals". This posting shall continue until Posey has published and distributed its next editions of its Posey's "full line" catalogs and its "falls management and bed safety products" catalogs.

7.    When Posey next distributes any of its annual catalogs advertising hip protectors, including Posey's "full line" catalogs and its "falls management and bed safety products" catalogs, it shall include therewith in the same envelope a copy of the Special Announcement: HipSaver and Posey Hipster brand Hip Protectors".

8.    In the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis.

9.    This Agreement represents the compromise of disputed claims. Nothing contained here may be construed as an admission of wrongdoing or liability by any party.

10.    Except for the obligations contained in this Agreement, Posey releases HipSaver, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related . companies, or corporations connected with them from any and all claims, liabilities or

2

causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

11.    Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

12.    Concurrently with the counter-execution of this Agreement the Parties agree that their respective counsel will execute and file a Stipulation for Dismissal of the Action with prejudice substantially in the form of Exhibit "C" attached.

13.    HipSaver acknowledges and agrees that it will not initiate any legal action against Vijay Gupta, Bimal P. Gandhi, or the University of California for any claim related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

14.    The terms of this Agreement shall remain confidential except that they are binding and enforceable and are admissible for the purposes of enforcement. In addition, either party may truthfully report that the Action has been settled to the mutual satisfaction of the Parties. It is expressly understood and agreed that HipSaver may distribute and publish the "Special Announcement: HipSaver and  Posey Hipster brand Hip Protectors" and may state that Posey will distribute that document in its new catalogs and to its sales representatives, distributors, and dealers. Except as provided in this paragraph, no Party shall, without notice to and the prior written consent of the other Party, disclose any of the terms and conditions of this Agreement to any person or entity, including, without limitation, to any customers or potential customers of a Party, provided, however, that any Party may disclose such information to the extent required

by law or order of a court or government agency; and the Parties may inform their attorneys and independent public accountants of the terms and conditions of this Agreement.

15.     Each party shall bear its own costs, expenses and attorneys' fees in connection with the Action and the negotiation, preparation, and execution of this Agreement.

16.     Any notices or other communications under this Agreement shall be in writing, and shall be sent by facsimile and/or by email attachment, with a copy by hand-delivery or overnight courier service, as follows:

Notice Addresses:

To HipSaver:
        The HipSaver Company, Inc.
        7 Hubbard Street
        Canton, Massachusetts 02021
        Attention: Edward L. Goodwin
        Fax: 1.781.821.6514
With a copy to:
        BROMBERG SUNSTEIN LLP
        125 Summer Street
        Boston, Massachusetts 02110-1618
        Attention: Edward J. Dailey, Esq.
        Fax: (617) 443-0004

To: Posey:
        J.T. Posey Company
        5635 Peck Road
        Arcadia, CA 91006
        Attention: Ernest Posey
        Fax: (626) 443-9886

With a copy to:
        SHELDON & MAK
        225 South Lake Avenue, 9th Floor
        Pasadena, California 91101
        Attention: Jeffrey G. Sheldon, Esq.
        Fax: (626) 795-6321

17.     The Parties, and each of them, acknowledge that they have completely read the terms of this Agreement, and fully understand the terms and consequences of this Agreement. All Parties further acknowledge that they have been represented by

4

counsel with respect to the negotiation and execution of this Agreement and that their counsel has explained the terms and the significance of this Agreement.

18.     The failure of any party to insist upon the strict compliance by any other party to this Agreement of the performance of any covenant, condition or promise herein shall not invalidate this Agreement nor shall any such failure be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Agreement.

19.     This Agreement is the entire agreement between and among the Parties hereto with respect to the subject matter set forth herein.

20.     Each party has cooperated in the drafting and preparation of this Agreement. Hence, neither this Agreement nor any part of it shall be construed against either party merely because such party may have drafted all or part of it.

21.     The Parties to this Agreement, and each of them, agree to perform such further and other acts and to execute and deliver such further and other documents as may be reasonably necessary to carry out the provisions of this Agreement.

22.     Each party hereto represents and warrants that it has full power and authority to enter into this Agreement and to perform any and all transactions or other matters contemplated to be performed under this Agreement.

23.     This Agreement may be amended or modified only by a written instrument signed by all of the Parties.

24.     This Agreement shall be binding on and shall inure to the benefit of the Parties hereto, and their respective officers, directors, shareholders, legal representatives, assignees and successors-in-interest.

25.     This Agreement may be executed by facsimile and in counterparts all of which taken together shall constitute a single instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth next to their respective signatures below.

THE HIPSAVER COMPANY, INC.          J.T. POSEY COMPANY, INC.

By: _Edward Goodwin_                By: _Ernst M Posey_

Edward L. Goodwin, President
Its: _President_

Dated: _9/22/04_ , 2004

Its: _President_

Dated: _9/21/2004_ , 2004

APPROVED AS TO FORM:

BROMBERG SUNSTEIN LLP

By: _____
Edward J. Dailey
Attorneys for HipSaver

Dated: _9.21.04_ , 2004

SHELDON & MAK PC

By: _____
Jeffrey G. Sheldon
Attorneys for Posey

Dated: _9/21_ , 2004

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294-PBS

HIPSAVER COMPANY, INC.,

      Plaintiff,

    v.

J.T. POSEY COMPANY,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

## UNDERTAKING BY DEFENDANT J.T. POSEY COMPANY

During the pendency of the above action Posey undertakes and agrees as follows:

    1.    Posey has discontinued distribution of the White Paper authored by Bimal P. Gandhi ("White Paper");

    2.    Posey has discontinued distribution of catalogs and all other materials containing information derived from the White Paper;

    3.    Posey has instructed all its employees, sales representatives, and distributors who have purchased Hipsters since 2001, to discontinue all reference to the White Paper and information derived from the White Paper, nor represent that its hip protectors have been validated by scientific research at UCLA, in communications with

**EXHIBIT A**
(page 1 of 2)

7

customers or potential customers, including written correspondence, emails, telephonic or face-to-face conversations, sales pitches, and the like;

    4.    Posey will not include the White Paper or information derived from the White Paper in any future catalogs, brochures, or other advertising materials.

    5.    Posey will not represent that its hip protectors have been validated by scientific research at UCLA.

This undertaking is not made as any admission of liability or wrongdoing, but because Posey values its reputation, and does not engage in activities that are in any way questionable.

Dated:  August 26, 2004

                      J.T. POSEY COMPANY

                      By:  *s/Ernest M. Posey/*
                            Ernest M. Posey

**EXHIBIT A**
(page 2 of 2)

8

**EXHIBIT B**

## Special Announcement:
## HipSaver® and Posey Hipster® brand Hip Protectors

In the fall of 2003, Posey began distributing an article (also known as the "White Paper") entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors." In its catalogs and newsletters, Posey included statements derived from the White Paper and bar charts comparing the relative effectiveness of Posey's Hipsters.

The White Paper was written by a UCLA graduate student working on his Master's Thesis. UCLA did not sponsor, authorize, or endorse the tests or the results reported in the White paper or the Master's Thesis.

The HipSaver Company, Inc. challenged the accuracy of the White Paper and the statements and bar charts in Posey's catalogs and newsletters. HipSaver's claims included: (a) a flawed testing methodology used by the graduate student; (b) testing of some products which were no longer offered in the marketplace; and (c) test conclusions which were subject to unreliable or false interpretation.

The HipSaver Company retained Wilson C. Hayes, PhD, a recognized biomechanical engineering expert, to review the White Paper, the graduate student's thesis, and Posey's advertising. Dr. Hayes determined that the research is not reliable and cannot sustain any of the claims in the White Paper and our advertising with reasonable certainty.

Posey values its hard-earned reputation and does not advocate the use of any material that may be inaccurate or out of date, and expressly regrets comparisons with HipSaver products and confusion this may have caused in the marketplace.

Posey has eliminated the bar charts and all statements based on the White Paper from its catalogs.

If by chance you have a copy of the White Paper or any advertising material referring to testing at UCLA, please do not use it or to rely on any statements in it.

If you have any questions about anything in this announcement, please contact Posey at [telephone number]

**EXHIBIT B**
(page 1 of 1)

9

Exhibit 2



# Posey® Hipsters™

*Posey Hipsters feature impact absorbing, soft foam pads over the critical fracture area to help minimize potential damage, including hip fractures that can occur from a fall.*

## Hipsters are available in four styles:

- *Standard Unisex Brief easily fits over undergarments, or can be worn as underwear.*
- *Incontinent Brief features a snap front for easier application over adult diapers.*
- *Male Fly Brief easily fits over undergarments, or can be worn as underwear.*
- *EZ-On Brief features a crotchless design that allows patients to wear their own undergarments. The mesh material is water permeable, allowing the EZ On Hipster to be worn during bathing.*

*All Hipsters are available with original foam padding, or high durability padding designed to withstand laundering in large capacity machines at higher temperature hot washing cycles.*

- REF **6016 Hipsters, Standard Brief**
- REF **6017 Hipsters, Incontinent Brief**
- REF **6018 Hipsters, Male Fly Brief**
- REF **6019 Hipsters, EZ On**
- REF **6008 Replacement Pads, 1 pair**
- REF **6016H Hipsters, High Durability Pads, Standard Brief**
- REF **6017H Hipsters, High Durability Pads, Incontinent Brief**
- REF **6018H Hipsters, High Durability Pads, Male Fly Brief**
- REF **6019H Hipsters, High Durability Pads, EZ On**
- REF **6008H Replacement High Durability Pads, 1 pair**

## Application Instructions:

*Standard, Male Fly and Incontinent Brief Models*
With the Posey label in the back, put the Hipsters on as you would a pair of shorts, sliding them gently over the hips. Adjust to assure that the foam pads are properly aligned with and cover the hip joint.

*EZ On Model*
1. Unfasten the hook and loop at the waist and thighs.
2. Wrap the garment around your waist. The labels should be at the back and on the inside of the waistband.
3. Fasten the hook and loop at the front of your waist. The waistband should be securely fastened to allow minimal shifting of the garment, but should not feel tight or restrictive.
4. Pull the left panel taut over the left hip and thigh. The pad should be positioned directly over the hip joint.
5. Secure the leg band around the lower thigh using the hook and loop attachment. The elastic band should be tight enough to prevent the pad from sliding out of place without restricting circulation.
6. Repeat steps 4 and 5 on the right side.

¹ *Center for Disease Control and Prevention, 27 Aug 2004, www.cdc.gov/ncidod/hip/Sterile/laundry.htm*



#6016 / #6016H


#6017 / #6017H


#6018 / #6018H


#6019 / #6019H

### Laundering Instructions

Posey Hipster with High Durability pads are designed to withstand laundering in higher temperature hot washing cycles. Hipsters can be washed according to CDC guidelines for soiled linen. However, using the lower temperature washing and drying cycle for non-contaminated linen will prolong product life. "Studies have shown that a satisfactory reduction of microbial contamination can be achieved at water temperatures lower than 160°F if laundry chemicals suitable for lower-temperature washing are used at proper concentrations. In the home, normal washing and drying cycles including 'hot' or 'cold' cycles are adequate to ensure patient safety. Manufacturers instructions for the machine and the detergent or wash additive should be followed closely."¹

- Adhere hook and loop straps before laundering to prevent lint build-up on hook during laundry cycle. If hook and loop does not adhere due to lint, clean hook material with a stiff brush.
- If EZ On pads are removed, wipe clean with mild, liquid disinfectant before replacing in the pants.

*Hipsters*


120°F/50°C
WASH HOT


CL
BLEACH AS DIRECTED ON CONTAINER


DRY ON MEDIUM

*High Durability Hipsters*

180°F/82°C
WASH HOT 25 MIN.

CL
BLEACH AS DIRECTED ON CONTAINER

DRY ON HIGH

| SIZING CHART | | |
|---|---|---|
| Size | Waist Measurement | Hip Measurement |
| S | 28"- 30"  or  71 - 76cm | 35"- 37"  or  88 - 93cm |
| M | 30"- 34"  or  76 - 86cm | 37"- 41"  or  93 - 104cm |
| L | 34"- 38"  or  86 - 96cm | 41"- 45"  or  104 - 114cm |
| XL | 38"- 42"  or  96 - 106cm | 45"- 49"  or  114 - 124cm |
| XXL | 42"- 46"  or  106 - 116cm | 49"- 53"  or  124 - 134cm |

**J.T. Posey Company**
5635 Peck Road • Arcadia, CA 91006-0020 USA • Tel: 800-447-6739 or 626-443-3143 • Fax: 800-767-3933 or 626-443-5014 • www.posey.com
© 2004 J.T. Posey Company. All rights reserved.

EC REP  MDSS Burckhardtstr. 1, 30163, Hannover, Germany   CE

M6139  012405

**⚠ WARNING**

Due to the random possibility of falls, the Posey Company makes no guarantee, express or implied, that the user is protected from hip trauma. The skin under the pants should be assessed regularly and Hipsters should be changed and washed after each incontinent episode to prevent skin breakdown.

Posey Hipsters contain foam pads that are sealed in a pouch to protect it from water. If the pouch is cut or the seal is broken during laundering, moisture will enter the pouch and may result in waterlogged foam. Waterlogged foam encased in the pouch may promote the growth of bacteria.
- Test the foam and pouch integrity by squeezing the pad in one fist, forcing the air to one end, resulting in an air bubble.
- If you hear or feel liquid or air escaping, the pouch is damaged.
- If the pouch is damaged, discontinue use and discard.

# Clinical References Supporting the Use of Hip Protectors

**Title:**      ***External Hip Protectors to Prevent Osteoporotic Hip Fractures***
**Author:**      A. Ekman, H. Mallmin, K. Michaëlsson, S. Ljunghall
**Publication:**      The Lancet, volume 350, August 23, 1997

*Study Objectives:* Ekman and colleagues conducted a controlled study on the use of hip protection to prevent hip fractures. One expectation was to either confirm or disprove the 1993 reported findings of J.B. Lauritzen and colleagues in *"Effect of external hip protectors on hip fractures."*

*Results:* The use of hip protectors as preventative treatment for hip fractures was validated. "Our study confirms a reduced risk for hip fractures of the same magnitude as the previous report ."

*Recommendations:* "With improved compliance, external hip protectors should be an effective prophylactic against hip fractures."

**Title:**      ***Prevention Of Hip Fracture in Elderly People***
**Author:**      Pekka Kannus, M.D., Ph.D., et al
**Publication:**      The New England Journal of Medicine, Vol. 343, No. 21, November 21, 2000

*Study Objectives:* The purpose of this study was "to determine whether an external hip protector would be effective in preventing hip fractures among elderly adults." The study population was comprised of elderly adults from 22 community based health-care centers in Finland; a treatment group of 653 and a control group of 1,148 participants.

*Results:* The degree of compliance with the hip protector was $48 \pm 29\%$. The hip protector group suffered 13 hip fractures, 9 of which occurred while not wearing the hip protector, compared to 67 hip fractures in the control group.

*Recommendations:* "We conclude that the risk of hip fractures can be reduced in frail elderly adults through the use of an anatomically designed external hip protectors. Only 41 persons need to use the hip protector for one year (or 8 persons, for five years) in order for one fracture to be prevented."

# Posey Hipsters Proven Effective in Laboratory Test

An independent laboratory study was conducted to determine the most effective impact absorbing material. A test was created that would simulate a fall causing direct impact to the greater trochanter. In this study, a weight was released in a guided drop to simulate a 120 lb. subject falling from a height of 36", or the estimated height of the hip above the floor for a typical nursing home resident. The baseline measurement of impact force was determined to be a fall directly onto concrete. The G-Force of a fall under this scenario was 2,660G's and, for purposes of comparison, is just slightly less impact force than that of a baseball being struck by a bat. In this extreme test, the low profile Posey Hipster reduced the impact force on average by 90% and showed excellent impact energy absorption.



Testing was conducted by Garwood Laboratories.
Data on file at J.T. Posey Company *Source: www.madsci.org

**J.T. Posey Company,** 5635 Peck Road, Arcadia, CA 91006-0020 • Phone 800-447-6739 • Fax 800-767-3933 • www.posey.com

Exhibit 3

Ernest M. Posey, President
Posey Company
5635 Peck Road
Arcadia, CA 91006
April 8, 2005 By UPS and Fax# 626-443-5014

Greetings Mr Ernest M. Posey,


Your advertising literature cites an impact test conducted at Garwood Laboratories.
There are several aspects of the accompanying advertising copy that are misleading
to the consumer.

Your implication using the superlative "most effective impact absorbing material"
is that you have tested comparable hip protectors on the market and found the Posey
to be most effective. This statement, if found to be unsupported , wrongly disparages all
the other hip protectors including HipSaver.

The protocol described deviates significantly from all university hip protector
protocols and seems erroneous. We do not believe that your Confor® foam based
hip prtotector can remove 90% of the fall force. In fact we have tested your hip protectors
on our new Instron Dynatup 9200 and found the reduction to be much lower.

Furthermore, your Garwood results even if correct would not pertain to your Poron®
hip protector.

I am hereby requesting all of the backup information "on file at J.T. Posey Co." about
this test including the protocol, diagrams and a list of specimens tested.

Please supply this information to me within 10 days.


Ed Goodwin, HipSaver Inc.

Copy: J Freymark

Exhibit 4

# GARWOOD LABORATORIES, INC.



*Since 1954*

- DSCC-VQ Approved
- ISO-9002 Certification
- Accredited by A2LA
  (ISO Guide 25)

August 7, 2001

Tel: 562-949-2727
Fax: 562-949-8757

Report No.: R24530
Rev.: N/C
Page 1 of 7

## ENVIRONMENTAL TEST REPORT

ON
VARIOUS HIP PROTECTORS

FOR

**POSEY COMPANY**

PERFORMED For:
POSEY COMPANY
5635 Peck Road
Arcadia, CA 91006

PERFORMED By:
GARWOOD LABORATORIES, INC.
7829 Industry Ave.
Pico Rivera, CA 90660

*Garwood Laboratories, Inc., does hereby certify that all inspection(s) and test(s) have been performed in accordance with the documents referenced herein with exceptions as noted in this report. The results in this report pertain only to the specified equipment tested. This report shall not be reproduced, except in full, without the written authorization of Garwood Laboratories, Inc.*

Prepared By:
R.M. "RICK" CLEMENS, Technical Writer

Approved By:
WILLIAM FLOWER, Quality Assurance Manager

Approved By:
TIM STURKIE, Laboratory Manager



TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

Tel: (562)949-2727
Fax: (562)949-8757

**GARWOOD LABORATORIES, INC.**

REPORT NO.: __R24530__
Page No.: __4 of 7__

## ENVIRONMENTAL TEST REPORT

### 1.0  PURPOSE

1.1  The purpose of this report is to present the procedures employed and the results obtained, while conducting the Environmental Test of Impact Absorption on various Hip Protectors, noted in Table I, submitted by Posey Company.

**TABLE I**

| SAMPLE |
|---|
| Safe Hip |
| Hip Saver |
| Slim Saver |
| Gerihip |
| Protecta Hip |
| HIPS |
| EAR ½" Blue |
| EAR ½" Green |
| EAR ¾" Pink |
| EAR ¾" Blue |
| EAR H1065-11K |
| EAR H1065-11L |
| EAR H1065-11P |
| EAR H1065-11Q |
| EAR H1065-11E |
| EAR H1065-11F |
| Foam Molders ½" Foam |
| Foam Molders 1" Foam |
| Perry Chemical Foam |
| Lendell Foam |

1.2  The Environmental Test specified herein was performed in accordance with the references of Para. 2.0 of this report.

1.3  The test sequence of the program is noted in Para. 5.0, of this report.



TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

**GARWOOD LABORATORIES, INC.**

Tel: (562)949-2727
Fax: (562)949-8757

REPORT NO.: __R24530__
Page No.: __5 of 7__

### ENVIRONMENTAL TEST REPORT

## 2.0   REFERENCES

| | | |
|---|---|---|
| 2.1 | SM1393 | Posey Company, Purchase Order, |
| 2.2 | S.O.W. | Posey Company Statement of Work |
| 2.3 | ISO 10012-1 | Quality Assurance Requirements for Measuring Equipment |
| 2.4 | ANSI/NCSL Z540-1-1994 | Calibration Laboratories and Measuring and Test Equipment General Requirements |

## 3.0   SUMMARY

3.1   The various Hip Protectors were subjected to and completed the specified Impact Absorption Test with results recorded on accompanying data sheets.

3.2   The Hip Protectors were considered to have been subjected to the requirements of the specified Impact Absorption Test, as conducted by Garwood Laboratories, Inc., in accordance with the references shown in Para. 2.0 of this report. Pass or Fail criteria to be determined by Posey Company.

3.3   The Hip Protectors were then returned to Posey Company for further evaluation after completion of testing.



TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660
Tel: (562)949-2727
Fax: (562)949-8757

**GARWOOD LABORATORIES, INC.**
REPORT NO.: __R24530__
Page No.: __6 of 7__

**ENVIRONMENTAL TEST REPORT**

## 4.0  TEST CONDITIONS AND EQUIPMENT

### 4.1  Ambient Conditions:

Unless otherwise specified herein, all tests were performed at an atmospheric pressure of $28 \pm 2.5$ inches of mercury absolute, a temperature of $75 \pm 15$ °F, and a relative humidity of $50 \pm 30$ %.

### 4.2  Instrumentation and Equipment:

**4.2.1**  Measuring and test equipment utilized in the performance of these tests, was calibrated in accordance with ISO 10012-1, former MIL-STD-45662A, and ANSI/NCSL Z540-1-1994, by Garwood Laboratories, Inc., or a commercial facility, utilizing reference standards (or interim standards) whose calibrations have been certified as being traceable to the National Institute of Standards & Technology (NIST). All reference standards utilized in the above calibration system are supported by certificates, reports, or data sheets attesting to the date, accuracy, and conditions under which the results furnished were obtained. All subordinate standards, measuring and test equipment are supported by like data, when such information is essential to achieve the accuracy control required by the procedure.

**4.2.2**  Garwood Laboratories, Inc. attests that the commercial sources providing calibration services on the above referenced equipment, other than the NIST Standards, are in fact capable of performing the required services to the satisfaction of Garwood Laboratories, Inc. Quality Assurance. Certifications of all calibrations performed are retained on file in the Garwood Laboratories, Inc. Quality Assurance Department and are available for inspection upon request by customer representatives.

**4.2.3**  The test equipment utilized during this test program is listed on individual Data Sheets, beginning on page number A1 of Appendix A of this report.

### 4.3  Tolerances:

**4.3.1**  Unless otherwise stated, test conditions were maintained within the tolerances specified in the references of Para. 2.0 of this report.



TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

Tel: (562)949-2727
Fax: (562)949-8757

**GARWOOD LABORATORIES, INC.**

REPORT NO.: __R24530__
Page No.: __7 of 7__

**ENVIRONMENTAL TEST REPORT**

## 5.0     TEST SEQUENCE

5.1     The Impact Absorption Test was conducted on July 26, 2001.

## 6.0     TEST  METHODS  AND  RESULTS

### 6.1     IMPACT ABSORPTION:
(Ref.: Posey S.O.W.)

6.1.1     Various Hip Protectors, consisting of samples of twenty (20) models noted in Table I, were subjected to the following Impact Absorption Test.

6.1.2     Each of the Hip Protectors were placed under a 6" diameter weight weighing 72 Lbs.

6.1.3     The weight was then raised, using a guided drop tester, to the specified height of twenty-four (24) inches, and dropped on the sample. This was then repeated three (3) times on each sample of each model.

6.1.4     Upon completion of each drop, the test items were inspected, by the customer, who witnessed all testing, and recorded all impact amplitudes.

6.1.5     The Hip Protectors completed the Impact Absorption Test with Impact data recorded on accompanying data sheets. See data sheets.

6.1.6     The Hip Protectors were considered to have been subjected to the requirements of the Impact Absorption Test, as conducted by Garwood Laboratories, Inc., in accordance with Posey Statement of Work. All pass or fail criteria to be determined by Posey Company.

6.2     The Hip Protectors were returned to Posey Company for evaluation after completion of testing.



TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

Tel: (562)949-2727
Fax: (562)949-8757

# GARWOOD LABORATORIES, INC.

REPORT NO.: __R24530__
Page No.  __A - 5__





TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

Tel: (562)949-2727
Fax: (562)949-8757

# GARWOOD LABORATORIES, INC.

REPORT NO.: __R24530__
Page No. __A - 9__



Channel
Acceleration

Linear
g

Peak:
265.295
-4.606

10:26:55.5
Thu Jul 26 2001

24,530  POSEY COMPANY   HIP PROTECTORS
1/2" GREEN

Capture Name: POSEY.005



# GARWOOD LABORATORIES, INC.

TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

Tel: (562)949-2727
Fax: (562)949-8757

REPORT NO.: __R24530__
Page No. __A - 10__





TESTING SERVICES SINCE 1954
7829 Industry Ave.
Pico Rivera, CA 90660

Tel: (562)949-2727
Fax: (562)949-8757

# GARWOOD LABORATORIES, INC.

REPORT NO.: __R24530__
Page No. __A - 11__



Channel
Acceleration

Linear
g

Peak:
292.933
-4.265

10:29:36.6
Thu Jul 26 2001

24,530  POSEY COMPANY   HIP PROTECTORS
1/2" GREEN

Capture Name: POSEY.005

Exhibit 5



# Posey Company

5635 Peck Road • Arcadia, California 91006-0020 U.S.A.
Tel: 626-443-3143 • Fax: 626-443-5014 • www.posey.com

Customer Service
Tel: 800-447-6739
Fax: 800-767-3933

April 27, 2005

Ed Goodwin
HipSaver, Inc.
7 Hubbard Street
Canton, Massachusetts 02021

Dear Ed:

I received your voice message. The data you received is complete and supports our claims.

This is just a reminder you have never provided the test data we requested which shows that your product is launderable at 250° Fahrenheit. When can I expect to receive that?

Also, when will you be responding to the issues raised in my recent letter?

Sincerely yours,

Ernest M. Posey

*Manufacturers and worldwide distributors of quality healthcare products since 1937*

Exhibit 6

RECEIPT #_____
AMOUNT $____/81___
SUMMONS ISSUED___/___
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.____/S___
DATE____6-10-04___

FILED
IN CLERKS OFFICE

2004 JUN 10 P 3: 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

~~DISTRICT COURT~~
DISTRICT OF MASS.

Civil Action No.

The HipSaver Company, Inc.,
                    Plaintiff,

v

J.T Posey Company,
                    Defendant

)
)
)
)
)
)
)
)
)
)
)

# 04-11294 PBS

MAGISTRATE JUDGE Collings

## **COMPLAINT**

This action seeks preliminary and permanent injunctive relief, damages, costs, and attorney fees for intentional, fraudulent, and bad faith misrepresentation and literally false comparative advertising in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§ 2, 11. The Defendant, J.T. Posey Company ("Posey") is the dominant, nationwide distributor of patient safety and support equipment and devices. The relevant market includes some 17,000 nursing homes and 3,000 rehabilitation hospitals. For some time, Posey has been engaged in aggressive efforts to thwart its much smaller competitors, most of which, like Plaintiff, the HipSaver Company, Inc. ("HipSaver") invent, design, manufacture, distribute, and sell a limited number of products. Posey does not invent new products; rather, its standard operating procedure is to copy and "knock-off" competitor products. Then,

1

# Exhibit 7

FILED
IN CLERKS OFFICE

2005 MAY -4  A 11: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

|  |  |
|---|---|
| The HipSaver Company, Inc., | ) |
|               Plaintiff, | ) |
|  | ) |
| v | ) |
|  | ) |
| J.T Posey Company, | ) |
|            Defendant | ) |
|  | ) |
|  | ) |

**05 - 10917 PBS**

### COMPLAINT

This action seeks preliminary and permanent injunctive relief, damages, costs, and attorney fees for breach of a Settlement Agreement and intentional, fraudulent, and bad faith misrepresentation and literally false comparative advertising in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§ 2, 11. The Defendant, J.T. Posey Company ("Posey") is the dominant, nationwide distributor of patient safety and support equipment and devices. The relevant market includes some 17,000 nursing homes and 3,000 rehabilitation hospitals. For some time, Posey has been engaged in aggressive efforts to thwart its much smaller competitors, most of which, like Plaintiff, the HipSaver Company, Inc. ("the HipSaver Company") invent, design, manufacture, distribute, and sell a limited number of products. Posey uses its marketplace dominance and deceptive advertising to drive smaller

1

# Exhibit 8

CONFORMED COPY

1  Jeffrey G. Sheldon - State Bar No. 67516
   Douglas H. Morseburg - State Bar No. 126205
2  Shannon S. Sheldon - State Bar No. 216199
   SHELDON & MAK PC
3  225 South Lake Avenue, 9th Floor
   Pasadena, California  91101
4  Telephone: 626.796.4000
   Facsimile: 626.795.6321
5  Email: jgsheldon@usip.com

6  Attorneys for Plaintiff
   J.T. POSEY COMPANY
7

8               UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                                    CV05-3705  FMC

11  J.T. POSEY COMPANY, a          )  Case No.
    California corporation,        )
12                                 )
              Plaintiff,           )  COMPLAINT FOR DECLARATORY
13                                 )  JUDGMENT
         v.                        )
14                                 )
    HIPSAVER COMPANY INC., a       )
15  Massachusetts corporation,     )
                                   )
16            Defendant.           )
                                   )
17

18

19       Plaintiff J.T. Posey Company ("Posey" or "Plaintiff") for

20  their complaint against Defendant HipSaver Company Inc.

21  ("HipSaver" or "Defendant") herein, alleges as follows:

22

23                  JURISDICTION AND VENUE

24       1.    This is an action under 28 U.S.C. §§ 2201 and 2202 for

25  declaratory relief.  This Court has subject matter jurisdiction

26  over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27       2.    Plaintiff is informed and believes and based thereon

28  alleges that venue is proper in this judicial district pursuant

J:\POSEY\14068.24\Pleadings\Complaint.2.wpd                    COMPLAINT FOR DECLARATORY RELIEF

1      18.  Defendant contends that Plaintiff's advertising

2   regarding the Impact Study is deceptive, false and misleading,

3   that Plaintiff's advertising regarding the Impact Study violates

4   the Lanham Act, other laws and/or other of the Defendant's rights

5   and that it has not violated any of its obligations under the

6   Settlement Agreement.

7      19.  Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is

8   entitled to a judicial declaration with respect to (i) whether

9   its advertising regarding the Impact Study is accurate,

10  (ii) whether it has violated the Lanham Act, any other laws or

11  any of Plaintiff's other rights, and (iii) whether it has

12  violated any of its obligations to Defendant under the Settlement

13  Agreement.

14     20.  A judicial declaration is necessary and appropriate at

15  this time in order that Plaintiff may ascertain its rights under

16  the Settlement Agreement and conduct its advertising accordingly.

17

18     **WHEREFORE**, Plaintiff prays for relief against Defendant as

19  follows:

20     1.   For a judicial declaration that its advertising

21  relating to the Impact Study is accurate, that it has not

22  violated the Lanham Act, any other laws or any of Plaintiff's

23  other rights, and that it has not violated any of its obligations

24  to Defendant under the Settlement Agreement;

25     2.   For reasonable attorneys' fees, in an amount in accord

26  with law and proof;

27     3.   For costs of suit herein; and

28

1     4.   For such other and further relief as the Court deems

2  just and proper.

3

4  Dated: May 18, 2005           SHELDON & MAK PC

5

6                              By:

7                                 Jeffrey G. Sheldon

8                           Attorneys for Plaintiff
                               J.T. POSEY COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 9

BROMBERG & SUNSTEIN LLP
RECEIVED

JUN 2 8 2005

1   Jeffrey G. Sheldon - State Bar No. 67516
    Douglas H. Morseburg - State Bar No. 126205
2   Shannon S. Sheldon - State Bar No. 216199
    SHELDON & MAK
3   225 South Lake Avenue, 9th Floor
    Pasadena, California  91101
4   Telephone: 626.796.4000
    Facsimile: 626.795.6321
5   Email: jgsheldon@usip.com

6   Attorneys for Plaintiff
    and Counterclaim Defendant
7   J.T. POSEY COMPANY

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

13  J.T. POSEY COMPANY, a        )  Case No. CV-05-3705 FMC
    California corporation,      )  (PJWx)
14                               )
            Plaintiff,           )  MEMORANDUM OF POINTS AND
15                               )  AUTHORITIES OF PLAINTIFF AND
        v.                       )  COUNTERCLAIM DEFENDANT J.T.
16                               )  POSEY COMPANY IN PARTIAL
    HIPSAVER COMPANY INC., a.    )  OPPOSITION TO MOTION OF
17  Massachusetts corporation,   )  DEFENDANT AND COUNTERCLAIMANT
                                 )  HIPSAVER COMPANY, INC. FOR
18          Defendant.           )  DISMISSAL, STAY OR TRANSFER
    ─────────────────────────────)  OF ACTION
19                               )
    AND RELATED COUNTERCLAIM.    )  Date: July 11, 2005
20  ─────────────────────────────)  Time: 10:00 a.m.
                                    Place: Courtroom 750
21                                  Hon. Florence-Marie Cooper

22

23      Plaintiff and Counterclaim Defendant J.T. Posey Company,

24  Inc. ("Posey") partially opposes the motion of Defendant and

25  Counterclaimant HipSaver Company, Inc. ("HipSaver") to dismiss or

26  stay the within action or transfer it to the U.S. District Court

27  for the District of Massachusetts.  For the reasons set forth

28  below, HipSaver's request to stay this action should be granted.

1   Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1004

2   (8th Cir. 1993)("the court in which jurisdiction first attached

3   should proceed to adjudicate the controversy").

4       The first to file rule ordinarily operates based on the

5   filing dates of the complaints.  But the rule is not an

6   inflexible rule of law and courts routinely depart from it.  This

7   would be the case where, for example, it is more convenient to

8   litigate in the forum of the second-filed action, the court in

9   the first-filed action lacks jurisdiction over all necessary or

10  desirable parties, Genentech v. Eli Lilly And Co., 998 F.2d 931,

11  938 (Fed. Cir. 1993), or there has been bad faith, an

12  anticipatory suit, or forum shopping.  Ward v. Follett Corp., 158

13  F.R.D. 645 (N.D. Cal. 1994); Guthy-Renker Fitness v. Icon Health

14  & Fitness, 179 F.R.D. 264, 270 (C.D. Cal. 1998).

15      In the instant case, the advertising which is the subject of

16  HipSaver's most recent complaint refers to some testing that was

17  performed by a company called Garwood Laboratories ("Garwood") on

18  some materials that were supplied to it by Posey.  The

19  advertising refers to a report that was authored by Garwood

20  regarding that testing.  (Hereafter, the testing and the report

21  shall be referred to collectively as the "Impact Study").

22      Given the nature of the parties' dispute, Posey contends

23  that the first to file rule should apply in this case because

24  California, the forum of the second-filed action, is a far more

25  convenient forum for the parties and the witnesses than is

26  Massachusetts, the forum of the first-filed case.

27      For example, as is set forth in the papers Posey filed in

28  Posey II in support of its motion to transfer that action to

1   transfer Posey II to this district, it would be improvident for
2   this Court to assume that the first to file rule applies in this
3   case.  See, e.g. Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d
4   622, 625 (9th Cir. 1991) (reversible error to dismiss rather than
5   stay when there are first to file issues); Ward v. Follett Corp.,
6   158 F.R.D. at 649 (determination as to whether to disregard the
7   first to file rule should be made by the court in which the
8   first-filed action is pending).

9        Therefore, this Court should simply stay the instant action
10  pending a ruling by the Massachusetts court on the motion to
11  transfer.  If the Court does not stay this action, it should, at
12  the very least, defer ruling on the instant motion until such
13  time as the Massachusetts court rules on Posey's transfer motion.

14       Staying the instant action, or deferring a ruling on the
15  instant motion pending a ruling in Massachusetts, would best
16  serve the interests of the parties and the interests of the
17  Court.  After all, if the Massachusetts court denies Posey's
18  motion to transfer, Posey will stipulate to a transfer of this
19  action to the District of Massachusetts.  If the Massachusetts
20  court grants Posey's transfer motion, this Court could then lift
21  the stay (or, as the case may be, deny this motion), consolidate
22  this case with Posey II, and then resolve the parties' dispute
23  all at once.

24

25              B.    HipSaver's Motions to Dismiss Or Transfer This
                      Case Should Be Denied.
26

27       Dismissing this case at this point or transferring it to
28  Massachusetts would make no sense.  As far as a transfer is

1    event, the Court should deny HipSaver's motion to dismiss this

2    action and its alternative motion for transfer.

3

4                            Respectfully submitted,

5    June 27, 2005            SHELDON & MAK

6

7

8                            Douglas H. Morseburg

9                            Attorneys for Plaintiff and
                                  Counterclaim Defendant J.T. Posey

10                           Company, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 10



SEARCH    Find a District Manager | Request a Catalog | Contact Posey

About us
Education
Customer Service
Posey Products

My Account

Contact

Tel: 1-800-44-POSEY
Fax: 1-800-767-3933

Posey Company
5635 Peck Rd.
Arcadia, CA 91006-0020
USA



**Posey**®

Helping Caregivers with Products & Education
Since 1937

 About Us

Management Team        Our People        Careers

➲ About the J.T Posey Company

John Thornton Posey founded the J.T. Posey Company in 1937, when he built a foot cradle for a hospitalized friend who complained about the weight of the bedcovers on his bare feet. The hospital liked the idea, and asked for a price for 12 foot cradles. The Posey Company landed its first order, and made a profit of $12.



As John Posey showed the foot cradles to other hospitals in the San Francisco area, he was asked to develop other products to assist in patient care. Soon, he expanded his travels beyond San Francisco, and after many years John built a company with a worldwide reputation for innovative and practical healthcare products. In 1991, John handed the president's gavel to his third son, Ernie, while maintaining a leadership role as Chairman of the Board.

Today, the J.T. Posey Company manufactures over 600 healthcare/safety products with every product bearing the Posey name and made to the same exacting standards established by John Posey over 60 years ago. Posey quality is the result of the dedication of over 300 craftsmen with an average tenure of 12 years service.

Since introducing its first fall monitor in 1992, the Posey Company has become the leading provider of innovative, restraint-free, fall management products. Posey fall management products quickly earned the confidence of health care providers, and in a recent survey published by Nursing Homes Magazine, caregivers ranked the Posey Company #1 in fall prevention. Recent product releases include the Sitter II® Fall Prevention Monitor, Hipsters® padded briefs, and the Floor Cushion fall mat.

In addition to high quality, cost-effective products, the Posey Company is a leading provider of education materials including videos, posters, manuals and resource guides. Many Posey in-service and educational programs are approved for continuing education credit. The most recent, "Reducing the Risk of Unassisted Bed Exit," is a comprehensive fall management tool that outlines intervention strategies to lower the risk of patients who attempt to exit their bed unassisted.

Posey products are available on a no-obligation 30-day trial (some restrictions apply, call Customer Service for details).

J.T. Posey Company
5635 Peck Road
Arcadia, California 91006-0020 USA

Tel: 800-447-6739 or 626-443-3143
Fax: 800-767-3933 or 626-443-5014

© 2005 Posey Company.

5635 Peck Rd. Arcadia, CA 91006-0020 USA

# Exhibit 11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. No. 04-11294-PBS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| J.T. POSEY COMPANY, | ) |
| Counterclaimant, | ) |
| v. | ) |
| THE HIPSAVER COMPANY, INC., | ) |
| Counterdefendant | ) |

## STIPULATION FOR DISMISSAL

Plaintiff The HipSaver Company, Inc. and Defendant J.T. Posey Company, Inc., by and through their respective counsel of record, hereby stipulate and agree as follows:

1. This entire action shall be and is hereby dismissed with prejudice pursuant to FRCP Rule 41(a)(1)(ii).

2. Each party shall bear its own costs, expenses, and attorney's fees.

IT IS SO STIPULATED.

THE HIPSAVER COMPANY, INC.                    J.T. POSEY COMPANY

By its attorneys,                             By its attorneys

_/s/ Lee Carl Bromberg_____           _/s/ Anthony J. Fitzpatrick_____
Lee Carl Bromberg (BBO No. 058480)            Anthony J. Fitzpatrick  (BBO No. 564324)
Edward J. Dailey (BBO No. 112220)             DUANE MORRIS LLP
BROMBERG SUNSTEIN, LLP                        470 Atlantic Avenue, Suite 500
125 Summer Street, 11th Floor                 Boston, MA  02210
Boston, MA  02110-1618                        (617) 289-9200
(617) 443-9292

                                              Jeffrey G. Sheldon
                                              William J. Brutocao
                                              Shannon S. Sheldon & Mak
                                              SHELDON & MAK PC
                                              225 South Lake Avenue, 9th Floor
                                              Pasadena, California  91101
                                              (626) 796-4000

September 22, 2004

SO ORDERED:

_____
Patti B. Saris
United States District Judge

Date:

Exhibit 12

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-11294-PBS

The HipSaver Company, Inc. v. J.T. Posey Company
Assigned to: Judge Patti B. Saris
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 06/10/04
Jury Demand: Both
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**
------------------------

**The HipSaver Company, Inc.**                 represented by   **Edward J. Dailey**
Bromberg Sunstein LLP
125 Summer Street
Boston, MA 02110-1618
617-443-9292
Fax : 617-443-0004
Email: edailey@bromsun.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lee C. Bromberg**
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110
617-443-9292
Fax : 617-443-0004
Email: lbromberg@bromsun.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian M. Donovan**
Bromberg & Sunstein
125 Summer Street
Boston, MA 02110-1618
617-443-9292
Fax : 617-443-0004
Email: bdonovan@bromsun.com
*TERMINATED: 08/24/2004*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
------------------------

| 08/31/2004 | 34 | Judge A. David Mazzone. Report of Alternative Dispute Resolution Provider. The case was not settled. The Clerk should restore it to the trial list.(Tyler, Rebecca) (Entered: 09/01/2004) |
|---|---|---|
| 09/16/2004 | 35 | TRANSCRIPT of Motion Hearing held on August 19, 2004 before Judge Saris. Court Reporter: Marie L. Cloonan. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/439-7086 or the Clerk's Office. (Scalfani, Deborah) (Entered: 09/17/2004) |
| 09/22/2004 | 36 | STIPULATION of Dismissal by J.T. Posey Company, The HipSaver Company, Inc.. (Fitzpatrick, Anthony) (Entered: 09/22/2004) |
| 09/24/2004 | | Judge Patti B. Saris : ORDER entered ELECTRONIC ENDORSEMENT granting 36 Stipulation of Dismissal filed by The HipSaver Company, Inc., J.T. Posey Company. (Patch, Christine) (Entered: 09/27/2004) |
| 09/24/2004 | | Civil Case Terminated. (Patch, Christine) (Entered: 09/27/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/01/2004 08:36:54 | | |
| **PACER Login:** | bs0123 | **Client Code:** | 2820/501 |
| **Description:** | Docket Report | **Case Number:** | 1:04-cv-11294-PBS |
| **Billable Pages:** | 4 | **Cost:** | 0.28 |