UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.T. POSEY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
J.T. POSEY COMPANY'S MOTION TO TRANSFER VENUE**

Defendant J.T. Posey Company ("Posey") replies as follows to the memorandum of The HipSaver Company Inc. in opposition to Posey's motion to transfer this matter to the Central District of California.

## I. HIPSAVER HAS CONCEDED THAT THE CONVENIENCE OF THE PARTIES AND THE WITNESSES WEIGHS IN FAVOR OF A TRANSFER

In support of the instant motion, Posey identified the 10 key witnesses whose testimony it expected the parties to offer in connection with their claims and defenses in this matter. It specified the subject matters regarding which each witness would testify. It showed that each of those witnesses except one (HipSaver's president, Edward Goodwin) was located outside the subpoena power of this Court, but within the Central

District of California. Thus, it argued, the Central District of California was far more convenient to the third party witnesses than was this district.

On a motion to transfer under 28 U.S.C. § 1404(a), the convenience of the third party witnesses is the most important consideration. HipSaver's opposition memorandum completely fails to address the issue of which district is more convenient to the third party witnesses. Thus, HipSaver has impliedly conceded the merit of Posey's position.

## II.     HIPSAVER'S ARGUMENTS AGAINST A TRANSFER ARE NOT PERSUASIVE

HipSaver's memorandum in opposition to Posey's motion is colorful, verging on the hysterical, and mostly irrelevant to the issues at hand. Stripped of its rhetoric, HipSaver's argument is essentially that, notwithstanding the fact that it would be most convenient for the parties and the third party witnesses if the case were litigated in California, the case should remain in Massachusetts because (i) Posey is big and HipSaver is little, (ii) HipSaver is located here, and (iii) this Court has prior experience with the parties' dispute.

As for HipSaver's argument that Posey is big and HipSaver is little, on this motion, HipSaver has provided no evidence of its sales volume, or its profits or its financial resources. Thus, there is not sufficient evidence from which the Court may conclude that HipSaver is "little".

Even if HipSaver had presented such evidence, however, the case of Veryfine Products, Inc. v. Phlo Corp., 124 F.Supp.2d 16 (D. Mass. 2000), which HipSaver cited

with approval in its papers, makes clear that a court deciding a change of venue motion should not give a litigant deference merely because it is small, especially where the litigant is not a stranger to the venue it seeks to avoid.  See Veryfine, 124 F.Supp.2d at 26 (where litigant had previous business contacts with venue, it "should not be entitled to deference [merely] because its operation is small.").  Here, despite its allegedly "small" size, HipSaver does business "throughout the United states, and in the State of California, including the Central District of California."  See Defendant's Answer, Counterclaim and Jury Demand, at paragraph 4, filed by HipSaver in the California Case and attached as Exhibit "A" to the accompanying Declaration of Douglas H. Morseburg.

      The fact that HipSaver does business nationwide may explain why it failed to show in its papers, or even to argue, that litigating in California would disrupt its business operations, or be a substantial burden upon it.  As a consequence, HipSaver's argument regarding the parties' relative size is of no moment in deciding the instant motion.

      HipSaver's argument that this case should stay in Massachusetts because HipSaver makes its home here and its argument that this Court has experience with Posey I are not compelling.  As Posey pointed out in the papers that accompanied its moving papers, the fact that HipSaver makes its home here and thus chose to file here is only one factor that goes into the calculus of deciding whether to transfer this matter.  This factor is heavily outweighed by the other factors discussed in Posey's original papers.

      Finally, the fact that Posey I was in this Court should be accorded little weight.  After all, the parties were before the Court only once (i.e., at the hearing on HipSaver's motion for preliminary injunction, which the Court summarily denied in a ruling from the bench) and the parties settled the case early on.

### III. HIPSAVER'S AUTHORITIES ARE INAPPOSITE HERE AND ONE OF ITS ARGUMENTS IS A RED HERRING

In its memorandum, at the top of page 7, HipSaver boldly pronounces that "[t]he presumption in favor of the first-filed suit is almost never overcome where, . . . the Plaintiff makes its home in the chosen forum, where the lawsuit is evidently 'connected' to the first jurisdiction, and where it is clear from the sequence of events that Plaintiff did not induce the second-comer to sit back and negotiate while it filed suit." In support of this statement, HipSaver cites The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F.Supp.2d 12, 17 (D. Mass 2002) and Reebok Int'l Ltd. V. Dunkadelic, Inc., No. Civ. A. 03-CV-11471-G, 2004 WL 413266 at *3 (D. Mass 2004).

First of all, even a cursory reading of The Holmes Group and Reebok reveals that these cases do not say that "[t]he first to file" presumption is "almost never overcome where, [etc.]" or anything else remotely similar. In fact, The Holmes Group says that, even though first-filed cases enjoy a preference, transfers under Section 1404(a) are "not rare" (i) when there are "special circumstances", or (ii) where convenience favors the second-filed action. 249 F.Supp.2d at 15-16.

Second, on this motion, Posey is not seeking a transfer because it was induced "to sit back and negotiate while [HipSaver] filed suit" (i.e., on "special circumstance" grounds). Rather, it is seeking a transfer on "convenience" grounds. Thus, even if these cases did say what HipSaver says they say (and they do not), they would be inapposite here. The bottom line, however, is that HipSaver's statement that courts "almost never"

4

transfer cases when a plaintiff sues in its home forum and there are no "special circumstances" is a red herring.

## IV.  CONCLUSION

For all of the foregoing reasons and for the reasons set forth in the memorandum Posey submitted with its moving papers, the Court should transfer this action to the U.S. District Court for the Central District of California.

Dated: July 7, 2005                                    Respectfully submitted,

                                                       J.T. POSEY COMPANY
                                                       By its attorneys,

                                                       /s/ Douglas H. Morseburg
                                                       Jeffrey G. Sheldon (CA Bar No. 67516)
                                                       Douglas H. Morseburg (CA Bar No. 26205)
                                                       Shannon S. Sheldon (CA Bar No. 216199)
                                                       SHELDON & MAK
                                                       225 South Lake Avenue, Suite 900
                                                       Pasadena, CA  91001
                                                       (626) 796-4000

                                                       Anthony J. Fitzpatrick (BBO # 564324)
                                                       DUANE MORRIS LLP
                                                       470 Atlantic Avenue, Suite 500
                                                       Boston, MA 02210
                                                       (617) 289-9200