UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) Civil Action No. 05-10917 PBS |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

**AND**

**REPLY MEMORANDUM IN SUPPORT OF ALTERNATIVE MOTION
OF DEFENDANT J.T. POSEY COMPANY FOR SUMMARY JUDGMENT**

In this memorandum, defendant J.T. Posey Company ("Posey") responds to HipSaver's cross-motion for summary judgment on Count I of the complaint. It also replies to the memorandum submitted by The HipSaver Company Inc. ("HipSaver") in opposition to Posey's alternative motion for summary judgment.

**I.   HIPSAVER'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I MUST BE DENIED, BUT POSEY'S MOTION SHOULD BE GRANTED**

HipSaver seeks partial summary judgment on Count I of its complaint for breach of the "notice" provision contained in paragraph 8 of the Posey I Settlement Agreement ("Paragraph 8"). For the convenience of the Court, Paragraph 8 provides as follows:

> In the event of any <u>further</u> comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis.

<u>See</u> Exhibit "1" to Plaintiffs' Appendix of Exhibits submitted in connection with the instant motion (emphasis added).

HipSaver contends that, under the terms of Paragraph 8, Posey was required to give HipSaver notice of the results of the Garwood Impact Study prior to making any commercial use of the results of the study. HipSaver further contends that, since Posey did not give it any notice prior to publishing the accused advertisement, Posey breached Paragraph 8. HipSaver is wrong and its request for partial summary judgment on Count I must be denied. Posey's motion for summary judgment on Count I should be granted.

    A.    Paragraph 8 of the Settlement Agreement Does Not Apply to the Garwood Impact Study.

Paragraph 8 applies to "further comparative testing". As is set forth in the papers supporting Posey's alternative motion for summary judgment, the plain (i.e., dictionary) meaning of the term "further" is "more distant in degree, time or space". Thus, on its face, Paragraph 8 only applies to comparative testing that is "more distant in . . . time" as compared to the Settlement Agreement -- that is to say, testing that post-dates the Settlement Agreement. It is undisputed that the Garwood Impact Study pre-dated the

Settlement Agreement by nearly three years. Thus, the notice provision of Paragraph 8 simply does not apply to it.

HipSaver argues that the Court should interpret the phrase "[i]n the event of any further comparative testing" as "[i]n the event of any further application of comparative testing". In making this argument, HipSaver is effectively inviting the Court to substitute the words "any other comparative testing" for the words "further comparative testing". If the Court were to accept the invitation, it would not be interpreting the Settlement Agreement, it would be re-writing it. However, that is not the Court's job.

Had the parties intended to require each other to give notice of "any other" testing they surely would have said so. They did not. They limited Paragraph 8 to "further" testing and the Court should interpret the term in accordance with its plain dictionary meaning. For this reason alone, HipSaver's motion for partial summary judgment on Count I must be denied and Posey's motion should be granted.

B.  HipSaver Is Urging the Court To Interpret Paragraph 8 of the Settlement Agreement In a Manner That Is Inconsistent With the Position It Is Taking With Respect To Its Own False Advertising.

As far as Posey's advertising is concerned, HipSaver urges the Court to "interpret" Paragraph 8 so that it covers pre-settlement testing. This position is far different from the position it is taking with Posey regarding its own false advertising. Consider the following facts: HipSaver originally wrote to Posey on May 3, 2005 demanding that it cease using or distributing advertising materials that referred to the Garwood Impact Study or making reference to the results of the Impact Study. See

3

Exhibit "A" to the accompanying Declaration of Douglas H. Morseburg ("Morseburg Decl.").

In a written response dated May 9, 2005, Posey advised HipSaver that the statements regarding the Garwood Impact Study that HipSaver was objecting to were contained in advertising that dated from at least 2003. Morseburg Decl., Exhibit "B". In that letter, Posey expressed surprise that HipSaver was interpreting Paragraph 8 of the Settlement Agreement to require advance notice of results of testing that pre-dated the parties' settlement in Posey I. Finally, Posey advised HipSaver that, in view of HipSaver's interpretation of the Settlement Agreement, Posey objected to certain comparative statements contained in HipSaver's present advertising which related to the alleged "fact" that HipSaver's products could be laundered at temperatures of up to 250 degrees (the "Temperature Claim") on the grounds that HipSaver had not provided Posey with the data that supported those statements in advance of the advertising. Thus, Posey asked HipSaver to provide data to support the Temperature Claim. Id.

On May 18, 2005, HipSaver rejected Posey's request for the data that supported the Temperature Claim on the grounds that the statement dated back to 2004, that Posey challenged this "same advertising" in its counterclaim in Posey I, and that any challenge to those statements was barred because the parties' claims against one another in Posey I were dismissed with prejudice. See Morseburg, Decl., Exhibit "C". Although HipSaver's May 18 letter does not expressly address the issue, it constituted a flat rejection of the notion that Paragraph 8 of the Settlement Agreement applies to pre-settlement test data that supports the Temperature Claim (or to any advertising regarding that claim).

4

In sum, in the instant case, Posey made certain statements in its advertising relating to the Garwood Impact Study in 2002 and 2003. In 2005, it made statements that were virtually identical to the earlier ones. (For a direct visual comparison of the accused statements in the 2003 and 2005 advertisements, see Morseburg Decl., Exhibit "D".) HipSaver is challenging the statements and is contending that, prior to repeating them in 2005, Posey was required by Paragraph 8 of the Settlement Agreement to give it advance notice of the results of the Impact Study. Yet, with respect to the Temperature Claim that HipSaver alleges was disseminated in 2004 and that it is repeating in 2005, HipSaver contends that Posey is not entitled to challenge the claim and that Paragraph 8 of the Settlement Agreement did not require HipSaver to provide Posey with advance notice of the test results that support it.

HipSaver is playing it fast and loose and taking inconsistent positions. However, HipSaver cannot have it both ways. If, as it contends, the Settlement Agreement does not require it to give Posey advance notice of the test results that support present comparative advertising statements that are identical to pre-settlement statements, then the Settlement Agreement cannot require Posey to do so. By the same token, if as HipSaver contends, Posey is barred by the dismissal with prejudice in Posey I from challenging statements in HipSaver's present advertising because HipSaver made the identical statements prior to the dismissal of Posey I, then HipSaver is barred by the same dismissal from challenging statements in Posey's present advertising that are identical to prior statements that Posey made.[1]

---

[1] HipSaver will try to justify its right to challenge Posey's present advertising on the grounds that Posey's prior statements were not a part of Posey I. This argument will be unavailing. As is set forth in paragraph 11 of the Settlement Agreement, the claims

5

Based upon the foregoing, it would appear that HipSaver's argument regarding the proper "interpretation" of Paragraph 8 (i.e., so as to cover Posey's pre-settlement testing and test results) is disingenuous. Thus, the Court should interpret Paragraph 8 in accordance with its plain dictionary meaning.

As an alternative, to prevent HipSaver from benefiting by taking inconsistent positions, the Court should rule that it is judicially estopped to argue that Paragraph 8 of the Settlement Agreement applies to the Garwood Impact Study. The doctrine of judicial estoppel is routinely used to preclude the type of opportunistic flip-flopping in which HipSaver is engaging here. See, e.g., Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987) (the doctrine of judicial estoppel prevents a party who takes a particular position in litigation from thereafter changing its position, if by doing so, it is playing fast and loose with the courts); Allen v. Zurich Ins. Co., 667 F.2d 1162, 1167 (1st Cir. 1982) (party estopped from claiming both that he was an employee and not an employee of defendant); Hurd v. Dimento and Sullivan, 440 F.2d 1322, 1323 (1st Cir. 1971) (litigant precluded from claiming that law firm did and did not represent her).

For this additional reason, its motion for partial summary judgment on Count I should be denied and Posey's motion should be granted.

---

that were released as part of the Posey I settlement included "all claims, liabilities or causes of action, known or unknown, . . . which arise from or are related to the false advertising claims . . . which were asserted or **which could have been asserted** in [Posey I]". See Exhibit "1" to the Plaintiffs' Appendix of Exhibits. Since Posey's statements regarding the Garwood Impact Study were made in 2002 and 2003, HipSaver's false advertising claim regarding them "could have been asserted" in Posey I.

6

## II. THE COURT SHOULD GRANT POSEY'S MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND III

In opposing Posey's motion for summary judgment on Counts II and III, HipSaver argues, at pages 15 and 16 of its memorandum, that it could not have brought claims in September 2004 to challenge an advertisement (i.e., Exhibit "B" in the Plaintiff's Appendix of Exhibits) that was created in January 2005. In making this argument, HipSaver conveniently overlooks the fact that the only part of the January 2005 advertisement about which it is complaining was contained in an earlier Posey advertisement that was created and publicly disseminated to hospitals and other health care facilities nationwide at least as early as June 20, 2003. See Lewis Decl., ¶¶ 5, 6 and Exhibit "F". (For comparison purposes, the relevant portions of the two advertisements are juxtaposed in Exhibit "D" to the accompanying Morseburg Declaration.)

Obviously, since the accused portion of Posey's present advertisement was included in an advertisement that was disseminated in June 2003, HipSaver's present false advertising claims "could have been asserted" in Posey I. Thus, its present claims are barred by paragraph 11 of the Settlement Agreement, in which HipSaver released Posey from "all claims, liabilities or causes of action, known or unknown, . . . which arise from or are related to the false advertising claims . . . which were asserted or which could have been asserted in [Posey I]". See Exhibit "1" to the Plaintiff's Appendix of Exhibits.

Thus, Counts II and III are barred by the release and the Court should summarily adjudicate these claims in Posey's favor.

///

///

///

### III.    CONCLUSION

For all of the foregoing reasons and for the reasons set forth in the memorandum Posey submitted with its moving papers, the Court should deny HipSaver's motion for partial summary judgment on Count I of the complaint and it should grant summary judgment in Posey's favor on all counts in the complaint.

Dated: July 8, 2005                                        Respectfully submitted,

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg (CA Bar No. 26205)
Shannon S. Sheldon (CA Bar No. 216199)
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA  91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200