## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.T. POSEY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DOUGLAS H. MORSEBURG
## IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL
## SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF ALTERNATIVE
## MOTION OF J.T. POSEYCOMPANY FOR SUMMARY JUDGMENT

I, Douglas H. Morseburg, declare:

1.  I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in opposition to the cross-motion of plaintiff The HipSaver Company ("HipSaver") for partial summary judgment on Count I and in of further support of Posey's motion for summary judgment.

2.  Attached as Exhibit "A" is a true and correct copy of a letter which HipSaver's lawyer, Edward Dailey, wrote to Posey on or about May 3, 2005.

3. Attached as Exhibit "B" is a true and correct copy of a letter which Jeffrey Sheldon of this office wrote to Mr. Dailey on or about May 9, 2005.

4. Attached as Exhibit "C" is a true and correct copy of a letter which Mr. Dailey wrote to Mr. Sheldon on or about May 18, 2005.

5. The advertisement about which HipSaver is complaining in this matter is attached Exhibit "B" to the Plaintiff's Appendix of Exhibits. For comparison purposes, I have caused the "accused" portion of that advertisement to be taken and shown alongside a virtually identical portion of a prior advertisement that is taken from Exhibit "F" to the Declaration of Victoria Lewis that was submitted with Posey's original papers in support of this motion. According to the Lewis Declaration, the earlier advertisement dates from at least June 20, 2003.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 8th day of July, 2005 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

**EXHIBIT "A"**

125 SUMMER STREET  BOSTON M. .J2110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM



EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

May 3, 2005

**By FedEx**

Ernest M. Posey, Chief Executive Officer
J.T. Posey Company
5635 Peck Road
Arcadia, California  91006

Jeffrey G. Sheldon, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Re      *The HipSaver Company, Inc. and the J.T. Posey Company*
        Our File      02820 / 00502

Gentlemen:

This letter is a formal demand on behalf of our client, the HipSaver Company, Inc. to cease, desist, and withdraw all advertising on the Posey Company website, in catalogs, in materials sent to customers, in materials distributed to or provided to customers by sales staff and sales representatives, and in materials and demonstrations at industry events which refer or are related in any manner to a so-called "independent laboratory study that was conducted to determine the most effective impact absorbing material". This letter is a formal demand also to cease, desist, and halt distribution of incomplete copies of certain impact tests conducted by Garwood Laboratories, Inc. and a demand to halt all materials stating, suggesting, or implying that the Garwood Laboratories impact tests constitute an

ATTORNEYS AT LAW

)                                                )

Page 2

"independent laboratory study ... to determine the most effective impact absorbing material".
Finally, this letter is a formal demand for a corrective advertising statement to be posted on
your website and to be made in writing to your sales staff and sales representatives and to
every person and entity on your customer and solicitation lists.

You must provide us with written assurance, acceptable to the HipSaver Company,
Inc. and its attorneys within the next ten days, of your compliance with this demand. If you
fail to comply with this demand, the HipSaver Company, Inc. will proceed with a lawsuit for
violation of the Settlement Agreement executed with the J.T. Posey Company in September
2004, for willful violation of the Lanham Act, and for willful violation of the Massachusetts
business practices act, G.L. c.93A, §§ 2,11. If litigation is required, the HipSaver Company
will seek damages, attorney fees and costs, and injunctive relief.

Please consider the following:

1. Paragraph 8 of the Settlement Agreement expressly requires the J.T. Posey Company
   to provide 30 days advance written notice to the HipSaver Company before
   commercial advertising use of the results or analysis related to comparative testing.
   Your nationwide advertising with respect to the Garwood Laboratories testing is in
   direct and material violation of the Settlement Agreement.

2. Your advertising claims that an "independent laboratory study was conducted to
   determine the most effective impact absorbing material". No such study was
   conducted. Indeed, the Garwood Laboratories report states expressly that Garwood
   tested and reported nothing more than impact absorption and that "all pass fail criteria
   to be determined by the Posey Company".

3. It is false and deceptive advertising for your company to have misrepresented the
   purpose of the Garwood tests. Moreover, it is willfully false and deceptive for the
   J.T. Posey Company to have misrepresented the fact that it was the J.T. Posey
   Company, *not* an independent laboratory, making the utterly biased determination and
   claim of what is the "most effective impact absorbing material" or even that the Posey
   Hipster product shows "excellent impact energy absorption".

)                                      )

Page 3

4. You biased the testing conducted by the Garwood Laboratories by misrepresenting to the testing lab that it was testing "hip protectors". In fact, Garwood tested foam only; and the results have no value as a measure of the characteristics of hip protectors.

5. Your advertising misrepresents the results of the Garwood Laboratories testing by suggesting that the "low profile Posey Hipster" with its "excellent energy absorption" is "the most effective impact absorbing material".

6. Your advertising is willfully deceptive and misleading and in direct violation of provisions of the Garwood Laboratories test protocol which bars partial or selective release of the test results. The J.T. Posey Company releases results for a Hipster product foam but fails routinely to release test results for competitive foams while, at the same time, suggesting that your company's product is superior.

7. Your advertising is willfully deceptive and misleading in suggesting that the current Hipster products have the same superior impact absorbing capacity as the foam tested by Garwood Laboratories. Current products "with high durability pads" were not tested by Garwood.

Thank you for your immediate attention to this demand for relief.

Sincerely,

Edward J. Dailey

028289/00301 383424.1

**EXHIBIT "B"**

)                                                                                        )

SHELDON & MAK
A PROFESSIONAL CORPORATION
ATTORNEYS

JEFFREY G. SHELDON
DANTON K. MAK
DANTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
EDWARD C. SCHEWE
KRISTIN C. HIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
JULIO M. LOZA
A. ERIC BJORGUM

CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101-3021
FACSIMILE: (626) 795-6321
HOME PAGE: www.usip.com
(626) 795-4000



OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

May 9, 2005

VIA FACSIMILE 617.443.0004

Edward J. Dailey
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618

> Re:   HipSaver Company and J.T. Posey Company
>        Sheldon & Mak File No. 15994.52

Dear Mr. Dailey:

This is a follow up to my letter of May 5, 2005 in the above-identified matter and in further response to your letter of May 3, 2005.

We found it surprising that you are interpreting the Settlement Agreement to require thirty days' advance written notice with regard to advertising that was in place prior to the Settlement Agreement. The objected to materials were used by Posey in 2003. Accordingly, applying your interpretation of the agreement, we hereby demand that HipSaver Company cease all use of its commercial advertising that makes use of the results or analysis related to comparative testing since in no instance has HipSaver provided such advance notice, or any materials supporting its commercial advertising. In fact, HipSaver has been repeatedly asked to provide the data supporting its claim that the HipSaver product can be machine washed and dried at 250° Fahrenheit. Since wash water boils at much less than 250° Fahrenheit at atmospheric pressure, that claim on its face appears impossible to support.

With regard to your criticisms of the materials, they are totally without merit. Posey provided the data that supports exactly what is in the materials. Your distorted view of the materials is totally unjustified and without merit.

J:\POSEY\15994.52 Hipsaver\07 Ltr to Dailey.wpd

Edward J. Dailey
May 9, 2005
Page 2


However, the timing of your letter was fortuitous. The materials have been used up, and they are in the process of being reprinted. Thus, none of the existing materials will be distributed, and your views will be considered when reprints are prepared.

Sincerely yours,

SHELDON & MAK

By:
Jeffrey G. Sheldon

JGS/kpl
cc:     client

**EXHIBIT "C"**

125 SUMMER STREET   BOSTON   MA 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG × SUNSTEIN LLP

EDWARD J DAILEY
T 617 443 9292 X233
EDAILEY@BROMSUN.COM

May 18, 2005

**By pdf and FedEx**

Jeffrey G. Sheldon, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

    Re      *The HipSaver Company, Inc. and the J.T. Posey Company*
          Our File    02820 / 00502

Dear Jeff:

Thank you for your letters of May 5th and May 9th. I wish to respond to both within the context of the demands made in our letter of May 3, 2005.

First, in having chastised us for sending a copy of the demand letter to Mr. Posey, you seem to have overlooked paragraph 16 in the Settlement Agreement which provides for notice to you and Mr. Posey. Far from having engaged in some ethical lapse, I simply followed the notice terms of our Agreement.

Next, with respect to your "demand" concerning laundry advertising, I must alert you to the fact that the Posey Company challenged this same advertising in its Counterclaim in 2004. *See, for example,* counterclaim paragraphs 55, 56E, and 56G. Inasmuch as the Complaint and Counterclaim were dismissed *with prejudice*, Posey cannot challenge advertising which was subject to its earlier Counterclaim. Consequently, we reject your demand as beyond the subject matter jurisdiction of a court.

ATTORNEYS AT LAW

Page 2

Finally, with respect to your response to our demand to withdraw all advertising related to the so-called" independent laboratory study, we must restate that demand and insist on immediate compliance with all remedial steps set out in my letter of May 3, 2005. Otherwise, we will proceed with our litigation in the United States District Court for the District of Massachusetts.

We would like to point out the following:

a) Contrary to your statement that the objectionable advertising materials "have been used up", the advertising continues to be posted prominently on the Posey Company website. Indeed, the objectionable ads are linked to Hipster models displayed on the website. A copy made from the Posey website at 9:23am this morning is enclosed for your information.

b) Contrary also to your statement that the objectionable advertising materials "have been used up", incomplete and deceptive Garwood test results continue to be packaged with Posey hip protector product sales to customers.

c) Contrary also to your statement that the objectionable advertising materials "have been used up", incomplete and Deceptive Garwood test results were distributed at a major safety conference in Florida just last week –after the date of your letter.

We must insist that you comply with the demand set out in our May 3d letter, and we must have your assurance of compliance by noon Pacific Time on Thursday, May 19th. Specifically, the Posey company must immediately cease, desist, and withdraw all advertising on the Posey Company website, in catalogs, in materials sent to customers, in materials distributed to or provided to customers by sales staff and sales representatives, and in materials and demonstrations at industry events which refers or is related in any manner to

Page 3

a so-called "independent laboratory study that was conducted to determine the most effective impact absorbing material". This is a formal demand also to cease, desist, and halt distribution of copies or excerpts of certain impact tests conducted by Garwood Laboratories, Inc. and a demand to halt all materials stating, suggesting, or implying that the Garwood Laboratories impact tests constitute an "independent laboratory study … to determine the most effective impact absorbing material". Finally, this is a formal demand for a corrective advertising statement to be posted on your website and to be made in writing to your sales staff and sales representatives and to every person and entity on your customer and solicitation lists.

Best regards,

Edward J. Dailey
02820/00501  386656.1

**EXHIBIT "D"**

## ACCUSED PORTION OF
## JANUARY 2005 ADVERTISEMENT

### Posey Hipsters Proven Effective in Laboratory Test

An independent laboratory study was conducted to determine the most effective impact absorbing material. A test was created that would simulate a fall causing direct impact to the greater trochanter. In this study, a weight was released in a guided drop to simulate a 120 lb. subject falling from a height of 36", or the estimated height of the hip above the floor for a typical nursing home resident. The baseline measurement of impact force was determined to be a fall directly onto concrete. The G-Force of a fall under this scenario was 2,660Gs and, for purposes of comparison, is just slightly less impact force than that of a baseball being struck by a bat. In this extreme test, the low profile Posey Hipster reduced the impact force on average by 90% and showed excellent impact energy absorption.



Testing was conducted by Garwood Laboratories.
Data on file at J.T. Posey Company *Source: www.madsci.org

## PORTION OF JUNE 2003 ADVERTISEMENT

### Posey Hipsters Proven Effective in Laboratory Test

An independent laboratory study was conducted to determine the most effective impact absorbing material as of July 2001. A test was created that would simulate a fall causing direct impact to the greater trochanter. In this study, a weight was released in a guided drop to simulate a 120lb subject falling from a height of 36", or the estimated height of the hip above the floor for a typical nursing home resident. The baseline measurement of impact force was determined to be a fall directly onto concrete. The G-Force of a fall under this scenario was 2,660G's and, for purposes of comparison, is just slightly less impact force than that of a baseball being struck by a bat. In this extreme test, the low profile Posey Hipster reduced the impact force by 90% and showed excellent impact energy absorption.



Testing was conducted by Garwood Laboratories, July 2001. Data on file at J.T. Posey Company
*Source: www.madsci.org