UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.T. POSEY COMPANY, <br><br> Defendant. | Civil Action No. 05-10917 PBS |
| J.T. POSEY COMPANY, INC. <br><br> Counterclaimant, <br><br> v. <br><br> THE HIPSAVER COMPANY, INC.; EDWARD GOODWIN, <br><br> Counterclaim Defendants. | |

**ANSWER, COUNTERCLAIM AND REQUEST FOR JURY TRIAL**

J.T. Posey Company, Inc. ("Posey"), though its attorneys, answers the complaint of The HipSaver Company, Inc. ("HipSaver") as follows:

1. To the extent Posey is required to respond to the introductory comments that precede the allegations of HipSaver's complaint, Posey admits that, in this action, HipSaver is seeking injunctive relief, damages, costs and attorneys' fees, that the complaint purports to state claims for breach of a settlement agreement, false advertising and unfair business practices and that there was a prior lawsuit between the parties. Except as so admitted, Posey denies the remaining introductory comments.

2. In response to paragraph 1, Posey admits that HipSaver is located in Massachusetts. Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 1.

3. In response to paragraph 2, Posey admits that HipSaver is engaged in the sale of hip protectors that incorporate foam pads. Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 2.

4. Posey is without information sufficient to enable it to admit or deny the allegations of paragraph 3.

5. In response to paragraph 4, Posey admits that HipSaver uses the term "HIPSAVER" in connection with the marketing of its products. Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 4.

6. In response to paragraph 5, Posey admits that it has been in business since approximately 1937, that it sells patient safety and support products, that its principal place of business is in Arcadia, California, and that it markets hip protectors under the trademark "HIPSTER". Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 5.

7. Posey admits the allegations of paragraph 6.

8. Paragraph 7 states a legal conclusion to which no response is required. To the extent this paragraph states factual allegations, Posey denies them.

9. In response to paragraph 8, Posey admits that this Court has jurisdiction over HipSaver's claims, but denies that jurisdiction over HipSaver's state law claim may properly be based upon diversity of citizenship.

10. Paragraph 9 states a legal conclusion to which no response is required.

11. In response to paragraph 10, Posey admits that it sells a hip protector under the trademark "HIPSTER". Posey denies the remaining allegations of paragraph 10.

12. Posey denies the allegations of paragraphs 11 and 12.

13. In response to paragraph 13, Posey admits that there was a lawsuit between Posey and HipSaver ("Posey I") and that Posey modified certain of its advertising in 2004. Posey denies the remaining allegations of paragraph 13.

14. Posey denies the allegations of paragraph 14.

15. In response to paragraph 15, Posey admits that in 2005, HipSaver demanded that Posey withdraw certain of its advertising. Posey denies the remaining allegations of paragraph 15.

16. Posey denies the allegations of paragraphs 16 and 17.

17. In response to paragraph 18, Posey restates and incorporates its responses to paragraphs 1 through 17 of the complaint, as set forth above.

18. In response to paragraph 19, Posey admits that Posey and HipSaver signed a settlement agreement in 2004. Posey denies the remaining allegations of paragraph 19.

19. Posey denies the allegations of paragraph 20.

20. In response to paragraph 21, Posey restates and incorporates its responses to paragraphs 1 through 20 of the complaint, as set forth above.

21. Posey denies the allegations of paragraphs, 22, 23 and 24.

22. In response to paragraph 25, Posey restates and incorporates its responses to paragraphs 1 through 24 of the complaint, as set forth above.

23. Posey denies the allegations of paragraphs 26, 27 and 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

24. The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

25. The second and third counts in the complaint are barred by the terms of the release agreement between Posey, on the one hand, and HipSaver, on the other, which the parties signed in or about September, 2004.

THIRD AFFIRMATIVE DEFENSE

26. The second and third counts in the complaint are barred by the doctrine of claim preclusion (res judicata) as a consequence of the dismissal with prejudice of a prior lawsuit between Posey, on the one hand, and HipSaver, on the other.

FOURTH AFFIRMATIVE DEFENSE

27. The second and third counts in the complaint are barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

28. The second and third counts in the complaint are barred by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

29. In the event the advertising statements of which HipSaver complains fall within the "notice" provision of the settlement agreement between Posey and HipSaver, which Posey denies, HipSaver's first count fails because Posey's performance under the agreement was excused by HipSaver's prior breach of the agreement.

SEVENTH AFFIRMATIVE DEFENSE

30. In the event the advertising statements of which HipSaver complains fall within the "notice" provision of the settlement agreement between Posey and HipSaver, which Posey denies, HipSaver's first count fails because HipSaver has suffered no damages.

EIGHTH AFFIRMATIVE DEFENSE

31. HipSaver is barred from any recovery on any of the claims set forth in its complaint because, at all times, Posey has acted in good faith.

## COUNTERCLAIM

Posey believes that any claims between the parties based upon commercial statements made prior to the settlement of Posey I are barred by the terms of the agreement the parties signed in connection with that settlement and/or by the dismissal with prejudice that was entered in Posey I. In the event such claims are not barred then, as a contingent counterclaim, Posey alleges as follows:

32. Posey is a corporation organized under the laws of the State of California with its principal place of business located in Arcadia, California.

33. Counterclaim defendant The HipSaver Company ("HipSaver") is a business entity the form of which is unknown to Posey, but which is located in Canton, Massachusetts.

34. Counterclaim defendant Edward Goodwin ("Goodwin") is an individual who, Posey is informed and believes, resides within this judicial district. On further information and belief, at all relevant times, Goodwin has been an officer and director of HipSaver and its controlling shareholder and he participated in and directed the actions of HipSaver described below.

35. Posey is informed and it believes and, on that basis it alleges, that at all times relevant there has been a unity of interest between Goodwin, on the one hand, and HipSaver, on the other, such that any individuality and separateness between them have ceased, and that HipSaver is the alter ego of Goodwin in that, Posey is informed and it believes, Goodwin has failed to maintain corporate formalities and otherwise exercised complete dominance and control over HipSaver. Under the foregoing circumstances, adherence to the fiction of the separate existence of HipSaver as an entity distinct from Goodwin would permit an abuse of the corporate privilege and would sanction fraud or promote injustice. Hereafter, HipSaver and Goodwin shall be referred to collectively as "HipSaver".

36. Posey is a family-run business, operated by members of the Posey family since it was founded in 1937 by John T. Posey, and is now run by his son Ernest M. Posey.

37. Posey is a well-respected supplier of various products used in the healthcare industry. Posey currently manufactures and sells over 600 healthcare products. Posey is an

innovator, having designed numerous new products. Posey has obtained several patents for products invented by its employees, including U.S. Patent Nos. 4,685,454 and 5,076,288.

        38.       Posey has built a reputation for providing quality products at reasonable prices.

        39.       Within the last six years Posey has introduced a line of hip protectors, that is, products that are designed to help prevent fractured hips from falls by elderly persons.

        40.       HipSaver offers a single line of healthcare products, namely hip protectors under the brand name "HIPSAVER".

        41.       HipSaver has embarked on a campaign to tarnish and damage the reputation of Posey and Posey's hip protector products. Among other things, HipSaver has wrongly accused Posey of infringing United States Patent No. 6,519,780, although HipSaver subsequently acknowledged that Posey does not infringe said patent.

        42.       HipSaver has wrongly accused Posey of selling "knock-off" products.

        43.       HipSaver has wrongly and falsely accused Posey of selling defective and dangerous products.

        44.       In 2004, Posey and HipSaver were involved in a lawsuit ("Posey I") in which Posey and HipSaver accused each other of, among other things, false advertising, unfair and deceptive business practices and unfair competition.

        45.       In September, 2004, Posey and HipSaver entered into a written agreement settling Posey I, as a result of which the parties' claims against each other were dismissed with prejudice.

        46.       HipSaver maintains an Internet website where HipSaver touts its products and denigrates the products of its competitors, including Posey. Among other things, HipSaver advertises and represents on its website that:

        A.       HipSaver is the "only proven, all-soft hip protector," and is "the only soft pad hip protector that has clinical validation";

        B.       HipSaver products "are the only all-soft hip protectors, proven effective - in both independent biomechanical testing and clinical study";

        C.       The products of HipSaver's competitors "fall apart" and "degrade";

        D.       HipSaver's competitors use "inferior materials";

    E.      Only HipSaver's products can be laundered according to the CDC (Center for Disease Control) Guidelines for laundry;

    F.      Posey's products can be washed up to a maximum of 160° Fahrenheit;

    G.      Posey products have not proven effective in orthopedic biomechanical testing; and

    H.      HipSaver's "big-name" competitors sell "inferior look-alike" products.

47.    Posey is informed and it believes and, on that basis it alleges, that the representations described in the preceding paragraph, as well as other representations on HipSaver's website, are false, misleading and deceptive. Posey is further informed and it believes and, on that basis it alleges, that the above-described representations have a tendency to deceive a substantial segment of HipSaver's intended audience, that the representations are material in that they are intended to, and do, influence the purchasing decisions of HipSaver's intended audience and that the representations have been placed in interstate commerce.

48.    Posey is informed and it believes, and on that basis it alleges, that during the period between September 2004 and the present, HipSaver has made material changes to the format and the content of its website, by for example, including new products on its website, such that HipSaver's website constitutes an advertisement that did not exist at the time of the Posey I settlement.

49.    As a consequence of HipSaver's false, misleading and deceptive statements, as alleged above, Posey has been damaged in an amount that is as yet unascertained, but which will be proven at the trial of the within matter.

## COUNT I

**(Against Both Counterclaim Defendants for Violation of the Lanham Act)**

50.    Posey repeats and realleges the allegations contained in paragraphs 32-49.

51.    The conduct of HipSaver as alleged herein constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## COUNT II

**(Against Both Counterclaim Defendants for
Violation of the Unfair or Deceptive Business Practices Act)**

52. Posey repeats and realleges the allegations contained in paragraphs 32-49.

53. The immoral and unethical conduct of HipSaver, as alleged herein, has occurred primarily in the Commonwealth of Massachusetts.

54. HipSaver's conduct constitutes a violation of the Massachusetts Unfair or Deceptive Business Practices Act, G.L. c. 93A, §§ 2 and 11.

## COUNT III

**(Against Both Counterclaim Defendants for Common Law Unfair Competition**

55. Posey repeats and realleges the allegations contained in paragraphs 32-49.

56. The conduct of HipSaver as alleged herein constitutes common law unfair competition.

## COUNT IV

**(Against Both HipSaver Company for Breach of Contract)**

57. Posey repeats and realleges the allegations contained in paragraphs 32-34, 36-45 and 48-49.

58. HipSaver Company has willfully breached the Posey I settlement agreement by making product comparison claims on its website with respect to new products in violation of the notice and disclosure provisions of that agreement.

59. Except as excused by HipSaver's prior breaches, Posey has complied with all of its obligations under the Posey I settlement agreement.

WHEREFORE, Posey prays for relief as follows:

1. That HipSaver take nothing by its complaint;

2. That the complaint be dismissed and judgment be entered in favor of Posey;

3. For judgment for Posey on the counterclaim;

4. For preliminary and permanent injunctive relief requiring HipSaver to correct its false, misleading and deceptive advertising claims;

5. For damages according to proof;

6. For exemplary damages;

7. For costs of suit;

8. For reasonable attorneys' fees;

9. For such other and further relief as the court deems just and proper.

Dated: July 26, 2005

J.T. POSEY COMPANY
By its attorneys,


/s/ Douglas H. Morseburg_____
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## REQUEST FOR JURY TRIAL

Defendant and Counterclaimant J.T. Posey Company requests a trial by jury of all claims and counterclaim properly triable to a jury.

Dated: July 26, 2005

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic filing and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated:  July 26, 2005

/s/ Donald K. Piper
Donald K. Piper