## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc.,<br>                 Plaintiff,<br><br>v<br><br>J.T Posey Company,<br>               Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| J.T. Posey Company, Inc.,<br>        Counterclaim Plaintiff<br><br>v<br><br>The HipSaver Company, Inc. and<br>Edward L. Goodwin,<br>        Counterclaim Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF HIPSAVER'S MOTION TO DISMISS "CONTINGENT" COUNTERCLAIM

The Counterclaim Defendants ("the HipSaver Company" and "Mr. Goodwin")
have moved to dismiss the "contingent" Counterclaim, in the first instance, for lack of
subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Further, Mr. Goodwin moves to
dismiss claims against him as an individual under Fed.R.Civ.P. 12(b)(6). Fundamentally,

1

the Counterclaim must be rejected in its entirety because it fails completely to raise any federal or permissible state law claim which has not been barred *on its face* by a release executed by HipSaver and the J.T.Posey Company.

### Statement of Facts

The sole basis for Defendant J.T. Posey Company, Inc.'s ("Posey") Counterclaim is that HipSaver and Mr. Goodwin have made false accusations and have engaged in false advertising claims and comparisons on the HipSaver website. Without exception, the alleged false accusations and false advertising claims and comparisons were made, if at all, prior to and are expressly subject to the general release of claims executed Posey on September 22, 2004.[1]

HipSaver was the Plaintiff in a lawsuit filed in this court in 2004 against Posey, docket number 04-11294-PBS. That lawsuit was resolved under a Settlement Agreement which was signed on September 22, 2004. A copy of the Settlement Agreement is attached to the Declaration of Edward L. Goodwin at Tab A.

Under paragraph 10 of the Settlement Agreement, Posey released "HipSaver, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the

---

[1] By contrast, HipSaver's lawsuit against Posey is grounded in advertising which by its own admission, was introduced by Posey in January 2005 and is not subject to the release of earlier claims.

false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date  [September 22, 2004] of this Agreement."

Posey's Counterclaim is 2004 was dismissed with prejudice as part of last year's settlement.

Posey's Counterclaim in the current lawsuit raises allegations in paragraphs 41-43 and 45 – 46 *which are identical to the claims raised in its Counterclaim last year and subsequently dismissed with prejudice.*  Paragraph 41 in the current counterclaim is the same as paragraph 52 in last year's Counterclaim.  Paragraph 42 in the current counterclaim is the same as paragraph 53 in last year's Counterclaim.  Paragraph 43 in the current counterclaim is the same as paragraph 54 in last year's Counterclaim.  Paragraph 46 in the current counterclaim is the same as paragraph 55 in last year's Counterclaim.  Paragraph 46A in the current counterclaim is the same as paragraph 56A and B in last year's Counterclaim.  Paragraph 46B in the current counterclaim is the same as paragraph 56C in last year's Counterclaim.  Paragraph 46C in the current counterclaim is the same as paragraph 56E in last year's Counterclaim.  Paragraph 46D in the current counterclaim is the same as paragraph 56F in last year's Counterclaim.  Paragraph 46E in the current counterclaim is the same as paragraph 56G in last year's Counterclaim.  Paragraph 46F in the current counterclaim is the same as paragraph 56H in last year's Counterclaim.  Paragraph 46G in the current counterclaim is the same as paragraph 56I in

last year's Counterclaim And paragraph 46H in the current counterclaim is a restatement

of paragraph 56F in last year's Counterclaim.

Since the date of last year's settlement, HipSaver has <u>not</u> modified any statement,

claim, or graphic on its website.  Nor has the HipSaver website been modified with

respect to the HipSaver protective pad.  The website has been modified only with respect

to garment product listings.  For example, several HipSaver product models are now

offered and listed in additional colors.  *See* Declaration of Edward L. Goodwin, attached

at Tab A.

HipSaver is a business corporation in good standing in the Commonwealth of

Massachusetts.  *See* second Declaration of Edward L. Goodwin at Tab B.

HipSaver filed articles of organization on December 27, 1994 and was incorporated on

January 1, 1995 as a Massachusetts business corporation.

HipSaver has filed an annual report with the Massachusetts Secretary of the

Commonwealth for every year from 1995.

HipSaver has filed timely corporate tax returns for every year from 1995.

## <u>Argument</u>

I.    <u>The Counterclaim Fails Completely To Raise Any Federal Or
      Permissible    State Law Claim Which Is Not Barred On Its Face
      By A release From Posey And By Dismissal With Prejudice</u>

The Counterclaim now before the trial court is a virtual "lift" from the

Counterclaim filed by Posey in the 2004 litigation between HipSaver and Posey.  This

year's Counterclaim cites the same advertising and recycles the same false advertising

4

and unfair trade practice claims from 2004. On its face, these claims are barred by the release executed in September 2004 and by this court's dismissal of those claims with prejudice. See Dismissal at entry no.36, September 27, 2004, docket no. 04-cv-11294 PBS. And in this circumstance, it is settled law that federal courts lack subject matter jurisdiction and are without power to consider "cases otherwise within their jurisdiction if the claims are "so attenuated and unsubstantial" as to be devoid of merit. *Hagans v Lavine*, 415 U.S. 528, 536-537 (1974); *Neitzke v Williams*, 490 U. S. 319, 327 n.6 (1989). Without question, claims previously pleaded and subject to a release and dismissal with prejudice are beyond the court's jurisdiction and should be dispatched.

Where subject matter jurisdiction is challenged as is the case here, the Counterclaim Plaintiff has the burden of demonstrating a non frivolous, substantive claim based on federal law and must demonstrate also that all prerequisites for litigating the alleged claim have been met. *Hart v Department of Labor*, 116 F.3d 1338 (10th Cir. 1997). Posey cannot meet its burden. This year's Counterclaim raises the same claims which were dismissed with prejudice in 2004 and which were expressly released by agreement of the parties. The release extends not only to HipSaver but to its officers, directors, and employees. This, of course, includes Mr. Goodwin who is an officer.

In sum, Posey has filed an entirely frivolous and groundless counterclaim which has long since been dismissed with prejudice and released by agreement. The Counterclaim has been raised for no purpose other than to cause needless expense and to waste the court's resources. The court must reject this Counterclaim as so utterly

attenuated, unsubstantial, lacking in merit, and expressly barred as to be beyond the court's subject matter jurisdiction.

## II.    The Counterclaim Does Not State A Claim Against Mr. Goodwin

Posey has raised the same Counterclaims against Mr. Goodwin as an individual, alleging that HipSaver has failed to observe corporate formalities. *See* ¶35 in the Counterclaim. This must be rejected as wholly without merit. In the first instance, as noted above, Posey's release in 2004 extends expressly to Mr. Goodwin. So, none of the recycled claims can be pressed against him in 2005. Second, the suggestion that claims can be pursued on any basis against Mr. Goodwin on a piercing of the corporate veil basis is simply a nonsensical effort at delay, needless expense, and distraction. Failure to observe corporate formalities, even if that were the case here, is not grounds for piercing the veil – as a matter of law.

As stated in Mr. Goodwin's second Declaration at Tab B, HipSaver is a Massachusetts business corporation in good standing. It is organized and operated in accordance with the Massachusetts business corporation act, G.L. c.156D, §§2.01, 2.02. It has an appointed agent and has made all required corporate filings and has filed all required tax returns. G.L. c.156D, §§5.01, 16.22. Posey's "piercing the veil" argument reduces to the assertion that Mr. Goodwin is the sole corporate officer and should, therefore, be exposed to personal liability. This argument is groundless, and Posey has failed to set out any other basis for personal liability. Massachusetts law expressly permits a single officer for a closely held business corporation. *See* G.L. c.156D, §8.40.

Massachusetts law permits a piercing of the corporate veil only in the rarest of circumstances "to prevent gross inequity". *My Bread Baking Co. v Cumberland Farms, Inc.,* 353 Mass. 614, 620 (1968). Such circumstances arise only where there is a "compelling reason of equity to look beyond the corporate form for the purpose of defeating fraud or wrong, or for remedying of injuries". *My Bread Baking Co.* at 618. *See also Berger v H.P. Hood, Inc.,* 416 Mass. 652, 657 (1993). No compelling reason has been advanced or alleged here. In sum, the claim against Mr. Goodwin should be rejected as nothing more than an effort to harass and cause unnecessary delay and cost.

## CONCLUSION

For the reasons set out here, the trial court should dismiss Posey's Counterclaim.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated: 8.9.05

### CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California 91101.

/s/ Edward J. Dailey
Edward J. Dailey

02820/00502 422934.1

TAB "A"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| J.T Posey Company, | ) |
| Defendant | ) |
| | ) |
| _____ | ) |
| | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff | ) |
| | ) |
| v | ) |
| | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants | ) |
| | ) |
| _____ | ) |

## DECLARATION OF EDWARD L. GOODWIN

I, EDWARD L. GOODWIN, make the following statement on the basis of personal knowledge and under penalty of perjury:

1.     I am the president of the HipSaver Company, Inc., also known as HipSaver, Inc. ("HipSaver").

2.     HipSaver was the Plaintiff in a lawsuit filed in this court in 2004 against the J.T. Posey Company ("Posey"), docket number 04-11294-PBS.  That lawsuit was

resolved under a Settlement Agreement which I signed on September 22, 2004. A copy

of the Settlement Agreement is attached.

3.     Under paragraph 10 of the Settlement Agreement, Posey released

"HipSaver, and all of its officers, directors, employees, agents, representatives, dealers,

distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related

companies, or corporations connected with them from any and all claims, liabilities or

causes of action, known or unknown, fixed or contingent, which arise from or are related

to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11

which were asserted or which could have been asserted in the Action for conduct which

occurred prior to the date of this Agreement."

4.     As I understand the release from Posey, any false advertising or unfair

business practices claim that was asserted or could have been asserted against HipSaver

and its principals and others associated with HipSaver as of September 22, 2004 was

released and barred from further litigation.

5.     Posey's Counterclaim in the current lawsuit raises allegations in

paragraphs 41-43 and 45 – 46 which are identical to the claims raised in its Counterclaim

last year. Paragraph 41 in the current counterclaim is the same as paragraph 52 in last

year's Counterclaim. Paragraph 42 in the current counterclaim is the same as paragraph

53 in last year's Counterclaim. Paragraph 43 in the current counterclaim is the same as

paragraph 54 in last year's Counterclaim. Paragraph 46 in the current counterclaim is the

same as paragraph 55 in last year's Counterclaim. Paragraph 46A in the current

counterclaim is the same as paragraph 56A and B in last year's Counterclaim. Paragraph

46B in the current counterclaim is the same as paragraph 56C in last year's Counterclaim.

Paragraph 46C in the current counterclaim is the same as paragraph 56E in last year's Counterclaim. Paragraph 46D in the current counterclaim is the same as paragraph 56F in last year's Counterclaim. Paragraph 46E in the current counterclaim is the same as paragraph 56G in last year's Counterclaim. Paragraph 46F in the current counterclaim is the same as paragraph 56H in last year's Counterclaim. Paragraph 46G in the current counterclaim is the same as paragraph 56I in last year's Counterclaim And paragraph 46H in the current counterclaim is a restatement of paragraph 56F in last year's Counterclaim.

6.    Since the date of the Settlement Agreement and the release, HipSaver has not modified any statement, claim, or graphic on its website. Nor has the website been modified with respect to the HipSaver protective pad. The website has been modified only with respect to garment product listings. For example, several HipSaver product models are now listed in additional colors.


Edward L. Goodwin
Dated: _8/9/05_


CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com.

Edward J. Dailey
02820/00502 422158.2

8.9.05

DOCKET

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company, Inc. ("Posey") with reference to the following facts:

## RECITALS

A.    HipSaver has filed an action in the United States District Court for the District of Massachusetts entitled *The HipSaver Company, Inc. v. J.T. Posey Company, Inc.,* as Civil Action No. 04-11294 PBS (the "Action"), in which HipSaver accuses Posey among other things of having violated the Lanham Act and the Massachusetts Unfair or Deceptive Business Practices Act by disseminating certain materials, including a document entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (the "White Paper") and including in Posey catalogs and promotional materials certain bar charts comparing the relative effectiveness of hip protectors (the "Bar Charts") and statements derived from the White Paper.

B.    Posey denies the allegations asserted by HipSaver in the Action.

C.    Posey filed an answer and counterclaim in the Action in which Posey asserts among other things that HipSaver has made false representations about Posey products on HipSaver's website

D.    HipSaver denies the allegations asserted by Posey in the Counterclaim.

E.    The Parties desire to settle all disputes among them concerning or in any way related to the Action.

NOW, THEREFORE, in consideration of the promises, covenants and conditions set forth in this Agreement, the Parties hereto agree as follows:

1.    Posey shall pay to HipSaver the sum of $360,000.00 by check payable to The BROMBERG SUNSTEIN LLP Client Account to be delivered to BROMBERG SUNSTEIN within fourteen (14) days of the filing of the Stipulation for Dismissal of the Action as set forth in paragraph 12 below (the "Stipulation for Dismissal").

2.    Posey shall not distribute the White Paper or make any advertising claims based on or derived from the White Paper.

3.    Posey shall permanently comply with the terms of the Undertaking filed in the Action by Posey on August 26, 2004, a copy of which is attached hereto as Exhibit "A".

4.    In all future catalogs and other promotional materials Posey shall eliminate the Bar Charts and statements based on or derived from the White Paper and references to UCLA.

5.    Within ten days from the filing of the Stipulation for Dismissal Posey shall provide all its sales representatives, distributors, and dealers who have purchased or sold Posey Hipster hip protectors at any time since January 1, 2001 a copy of the "Special Announcement: HipSaver® and Posey Hipster® brand Hip Protectors" a copy of which is attached hereto as Exhibit "B" (the "Special Announcement").

6.    Within ten days from the filing of the Stipulation for Dismissal Posey shall post a link to a copy of the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" on the first screen of the home page of the Posey web site immediately below the heading, "Resources for Healthcare Professionals". This posting shall continue until Posey has published and distributed its next editions of its Posey's "full line" catalogs and its "falls management and bed safety products" catalogs.

7.    When Posey next distributes any of its annual catalogs advertising hip protectors, including Posey's "full line" catalogs and its "falls management and bed safety products" catalogs, it shall include therewith in the same envelope a copy of the Special Announcement: HipSaver and Posey Hipster brand Hip Protectors".

8.    In the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis.

9.    This Agreement represents the compromise of disputed claims. Nothing contained here may be construed as an admission of wrongdoing or liability by any party.

10.    Except for the obligations contained in this Agreement, Posey releases HipSaver, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or

causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

11.    Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

12.    Concurrently with the counter-execution of this Agreement the Parties agree that their respective counsel will execute and file a Stipulation for Dismissal of the Action with prejudice substantially in the form of Exhibit "C" attached.

13.    HipSaver acknowledges and agrees that it will not initiate any legal action against Vijay Gupta, Bimal P. Gandhi, or the University of California for any claim related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

14.    The terms of this Agreement shall remain confidential except that they are binding and enforceable and are admissible for the purposes of enforcement. In addition, either party may truthfully report that the Action has been settled to the mutual satisfaction of the Parties. It is expressly understood and agreed that HipSaver may distribute and publish the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" and may state that Posey will distribute that document in its new catalogs and to its sales representatives, distributors, and dealers. Except as provided in this paragraph, no Party shall, without notice to and the prior written consent of the other Party, disclose any of the terms and conditions of this Agreement to any person or entity, including, without limitation, to any customers or potential customers of a Party, provided, however, that any Party may disclose such information to the extent required

3

by law or order of a court or government agency; and the Parties may inform their attorneys and independent public accountants of the terms and conditions of this Agreement.

15.    Each party shall bear its own costs, expenses and attorneys' fees in connection with the Action and the negotiation, preparation, and execution of this Agreement.

16.    Any notices or other communications under this Agreement shall be in writing, and shall be sent by facsimile and/or by email attachment, with a copy by hand-delivery or overnight courier service, as follows:

Notice Addresses:

To HipSaver:
    The HipSaver Company, Inc.
    7 Hubbard Street
    Canton, Massachusetts 02021
    Attention: Edward L. Goodwin
    Fax: 1.781.821.6514

With a copy to:
    BROMBERG SUNSTEIN LLP
    125 Summer Street
    Boston, Massachusetts 02110-1618
    Attention: Edward J. Dailey, Esq.
    Fax: (617) 443-0004

To Posey:
    J.T. Posey Company
    5635 Peck Road
    Arcadia, CA 91006
    Attention: Ernest Posey
    Fax: (626) 443-9886

With a copy to:
    SHELDON & MAK
    225 South Lake Avenue, 9th Floor
    Pasadena, California 91101
    Attention: Jeffrey G. Sheldon, Esq.
    Fax: (626) 795-6321

17.    The Parties, and each of them, acknowledge that they have completely read the terms of this Agreement, and fully understand the terms and consequences of this Agreement. All Parties further acknowledge that they have been represented by

counsel with respect to the negotiation and execution of this Agreement and that their counsel has explained the terms and the significance of this Agreement.

18.     The failure of any party to insist upon the strict compliance by any other party to this Agreement of the performance of any covenant, condition or promise herein shall not invalidate this Agreement nor shall any such failure be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Agreement.

19.     This Agreement is the entire agreement between and among the Parties hereto with respect to the subject matter set forth herein.

20.     Each party has cooperated in the drafting and preparation of this Agreement. Hence, neither this Agreement nor any part of it shall be construed against either party merely because such party may have drafted all or part of it.

21.     The Parties to this Agreement, and each of them, agree to perform such further and other acts and to execute and deliver such further and other documents as may be reasonably necessary to carry out the provisions of this Agreement.

22.     Each party hereto represents and warrants that it has full power and authority to enter into this Agreement and to perform any and all transactions or other matters contemplated to be performed under this Agreement.

23.     This Agreement may be amended or modified only by a written instrument signed by all of the Parties.

24.     This Agreement shall be binding on and shall inure to the benefit of the Parties hereto, and their respective officers, directors, shareholders, legal representatives, assignees and successors-in-interest.

25.     This Agreement may be executed by facsimile and in counterparts all of which taken together shall constitute a single instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth next to their respective signatures below.

THE HIPSAVER COMPANY, INC.          J.T. POSEY COMPANY, INC.

By: _Edward I. Goodwin_              By: _Ernst M Posey_

Edward L. Goodwin, President
Its: _President_

Dated: _9/22/04_, 2004

Its: _President_

Dated: _9/21/2004_, 2004

APPROVED AS TO FORM:

BROMBERG SUNSTEIN LLP

By: _____
Edward J. Dailey
Attorneys for HipSaver

Dated: _9.21.04_, 2004

SHELDON & MAK PC

By: _____
Jeffrey G. Sheldon
Attorneys for Posey

Dated: _9/21_, 2004

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294-PBS

| | |
|---|---|
| HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |

## UNDERTAKING BY DEFENDANT J.T. POSEY COMPANY

During the pendency of the above action Posey undertakes and agrees as follows:

      1.   Posey has discontinued distribution of the White Paper authored by Bimal P. Gandhi ("White Paper");

      2.   Posey has discontinued distribution of catalogs and all other materials containing information derived from the White Paper;

      3.   Posey has instructed all its employees, sales representatives, and distributors who have purchased Hipsters since 2001, to discontinue all reference to the White Paper and information derived from the White Paper, nor represent that its hip protectors have been validated by scientific research at UCLA, in communications with

**EXHIBIT A**
(page 1 of 2)

7

customers or potential customers, including written correspondence, emails, telephonic or face-to-face conversations, sales pitches, and the like;

4.    Posey will not include the White Paper or information derived from the White Paper in any future catalogs, brochures, or other advertising materials.

5.    Posey will not represent that its hip protectors have been validated by scientific research at UCLA.

This undertaking is not made as any admission of liability or wrongdoing, but because Posey values its reputation, and does not engage in activities that are in any way questionable.


Dated:  August 26, 2004

                            J.T. POSEY COMPANY


                            By:  _s/Ernest M. Posey/_
                                 Ernest M. Posey


**EXHIBIT A**
(page 2 of 2)


8

**EXHIBIT B**

**Special Announcement:**
**HipSaver® and Posey Hipster® brand Hip Protectors**

In the fall of 2003, Posey began distributing an article (also known as the "White Paper") entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors." In its catalogs and newsletters, Posey included statements derived from the White Paper and bar charts comparing the relative effectiveness of Posey's Hipsters.

The White Paper was written by a UCLA graduate student working on his Master's Thesis. UCLA did not sponsor, authorize, or endorse the tests or the results reported in the White paper or the Master's Thesis.

The HipSaver Company, Inc. challenged the accuracy of the White Paper and the statements and bar charts in Posey's catalogs and newsletters. HipSaver's claims included: (a) a flawed testing methodology used by the graduate student; (b) testing of some products which were no longer offered in the marketplace; and (c) test conclusions which were subject to unreliable or false interpretation.

The HipSaver Company retained Wilson C. Hayes, PhD, a recognized biomechanical engineering expert, to review the White Paper, the graduate student's thesis, and Posey's advertising. Dr. Hayes determined that the research is not reliable and cannot sustain any of the claims in the White Paper and our advertising with reasonable certainty.

Posey values its hard-earned reputation and does not advocate the use of any material that may be inaccurate or out of date, and expressly regrets comparisons with HipSaver products and confusion this may have caused in the marketplace.

Posey has eliminated the bar charts and all statements based on the White Paper from its catalogs.

If by chance you have a copy of the White Paper or any advertising material referring to testing at UCLA, please do not use it or to rely on any statements in it.

If you have any questions about anything in this announcement, please contact Posey at [telephone number]

**EXHIBIT B**
(page 1 of 1)

Tab "B"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>                     Plaintiff, <br><br> v <br><br> J.T Posey Company, <br>                     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| J.T. Posey Company, Inc., <br>                 Counterclaim Plaintiff <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>                 Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF EDWARD L. GOODWIN

I, EDWARD L. GOODWIN, make the following statement on the basis of personal knowledge and under penalty of perjury:

1.     I am the president, treasurer, secretary, and resident agent of the HipSaver Company, Inc., also known as HipSaver, Inc. ("HipSaver").

2.     HipSaver filed articles of organization on December 27, 1994 and was incorporated on January 1, 1995 as a Massachusetts business corporation.

3.    HipSaver has filed an annual report with the Massachusetts Secretary of the Commonwealth for every year from 1995.

4.    HipSaver has filed timely corporate tax returns for every year from 1995.

5.    HipSaver is a business corporation in good standing in the Commonwealth of Massachusetts.

_____
Edward L. Goodwin
Dated: _____

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com.

Edward J. Dailey

02820/00502  422158.1