UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**MEMORANDUM IN OPPOSITION TO HIPSAVER'S
MOTION TO DISMISS COUNTERCLAIM**

**I.    INTRODUCTION AND FACTS**

When The HipSaver Company Inc. ("HipSaver") brought this action against J.T. Posey Company ("Posey") and asserted the same claims it asserted against Posey in the suit brought last year ("Posey I"), Posey moved to dismiss on the grounds that the settlement agreement and the release in Posey I barred HipSaver's claims in this case.

In opposition, HipSaver argued that, although its claims in this case were denominated the same as the claims it asserted in Posey I, those claims were not barred because (i) HipSaver could not have sued in 2004 upon an ad that was dated in 2005, (ii) Posey I did not involve the new matter that was contained in Posey's 2005 ad and the addition of this new matter constituted a significant change in the facts that existed at the time of Posey I, and (iii) the 2005 distribution of the ad HipSaver considered so

misleading, deceptive and offensive constituted a continuing course of conduct that created separate and new claims. *See* Plaintiff's Opposition to the Defendant's Motion to Dismiss Or For Summary Judgment, filed on or about July 1, 2005, at pp. 15-16. Based (presumably) on the "strength" of these arguments, the Court denied Posey's motion to dismiss.

After its motion was denied, Posey answered and counterclaimed against HipSaver and its president, Edward Goodwin ("Goodwin"). Although three of Posey's counterclaims are denominated the same as those asserted in Posey I, they are based upon facts which transpired after the date of the settlement in Posey I. Thus, they are not the "same" claims which were the subject of Posey I.

For example, paragraph 48 of Posey's Counterclaim specifically alleges that "during the period between September 2004 and the present, HipSaver has made material changes to the format and content of its website by, for example, including new products on its website such that HipSaver's website constitutes an advertisement that did not exist at the time of the Posey I settlement." In support of its motion, HipSaver has submitted the declaration of Mr. Goodwin which confirms that HipSaver has, indeed, changed the product listings on its website. *See* Declaration of Edward L. Goodwin, attached as Tab "A" in support of motion.

HipSaver and Goodwin now move to dismiss Posey's counterclaims on the grounds that they are barred by the settlement agreement in, and dismissal with prejudice of, Posey I. Predictably, their arguments in support of the motion are diametrically opposed to the arguments HipSaver and its counsel took when they opposed Posey's motion to dismiss.

Having defeated Posey's motion to dismiss, however, HipSaver and its lawyers cannot now avoid Posey's counterclaims by taking a totally inconsistent position than the one they took before. In the event the Court grants this motion, however, it should also reconsider and grant Posey's earlier motion to dismiss the complaint.

## II.    THE STANDARDS GOVERNING THE INSTANT MOTION

The instant motion for dismissal of the counterclaim is brought on behalf of both HipSaver and Goodwin, but their motions are not identical.

### A.    The Motion Brought Pursuant to Rule 12(b)(1)

HipSaver and Goodwin both seek dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") on the grounds that the Court lacks subject matter jurisdiction over Posey's claims against them. Motions to dismiss for lack of subject matter jurisdiction come in two forms: facial attacks and factual attacks.

If a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction based on the sufficiency of the allegations in the opponent's pleading, the motion is a facial attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1992). If, on the other hand, the motion denies or controverts a plaintiff's jurisdictional allegations, the attack is factual. *Id.* In the instant case, HipSaver's motion constitutes a factual attack.

In a factual attack, the allegations of the complaint are not controlling. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). Only uncontroverted factual allegations are accepted as true. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).

In opposing a Rule 12(b)(1) factual attack, the plaintiff (or, as is the case here, the counterclaimant) must prove the existence of subject matter jurisdiction by a preponderance of the evidence. *See Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453 (1991). Specifically, the plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial. *Michigan S. R.R. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F. 3d 568, 573 (6th Cir. 2002). In resolving the question of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

### B.   The Motion Brought Pursuant to Rule 12(b)(6)

Goodwin also seeks dismissal as to him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). The standards governing a Rule 12(b)(6) motion are well known. On such a motion, the court merely assesses the legal feasibility of the complaint. *Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003).

All material allegations in the complaint are taken as true and construed in a light most favorable to the nonmoving party (here, Posey). *Guerrero v. Gates*, 357 F.3d 911, 916 (9th Cir. 2004). A court should dismiss under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see also Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003). Subject to certain exceptions, which are not applicable here, in

deciding a Rule 12(b)(6) motion, the court does not consider matters outside the complaint.

### III.    ARGUMENT

HipSaver and Goodwin contend that all of the Counts of the Counterclaim are based upon the allegation that HipSaver and Goodwin have made "false accusations of fact and have engaged in false advertising claims and comparisons on HipSaver's website." See Opposition Memo., at page 2.  HipSaver and Goodwin further contend that these acts were committed if at all prior to, and are subject to the general release provisions of the Posey I settlement agreement that was executed on, September 22, 2004.  Id.  They then argue that, since all of Posey's counterclaims have been released, the Court has no subject matter jurisdiction over Posey's claims.

HipSaver's and Goodwin's characterization of the basis for Posey's counterclaims is wrong.  The Counterclaim has four separate counts.  Counts I, II and III are for (i) violations of the Lanham Act, (ii) violations of the Massachusetts Unfair Or Deceptive Practices Act, and (iii) common law unfair competition.  See Counterclaim, at pages 7-8.  Each of these counts alleges that HipSaver and Goodwin have made false, misleading and deceptive representations of fact on HipSaver's Internet website.

Count IV of the Counterclaim, however, is against HipSaver for breach of the Posey I settlement agreement (which is attached to HipSaver and Goodwin's moving papers).  This count alleges that HipSaver violated the "notice" provision of that agreement by making product comparison claims with respect to new products following

the Posey I settlement without giving Posey notice of the results or the analyses upon which was relying.  See Counterclaim, paragraphs 45, 48, 58.

### A. This Court Has Jurisdiction Over Counts I, II and III Against HipSaver and Goodwin Because Those Claims Are Substantial

HipSaver and Goodwin contend that this Court has no jurisdiction over Counts I, II, and III because they are barred by the terms of the Posey I settlement agreement.  Thus, they apparently argue, those claims are not "substantial."

To support their argument on this point, HipSaver and Goodwin claim that all of the conduct complained of occurred before September, 2004 and, to contradict Posey's allegations that HipSaver's website has changed since September 2004, HipSaver offers the declaration of Edward Goodwin, which states, in essence, that HipSaver has not changed any statements, claims or graphics on its website, but that it has made changes with respect to product listings.  See Goodwin Declaration, paragraph 6 (attached as Tab "A" to moving papers) (emphasis added).

The Goodwin declaration tiptoes around, but does not contradict, the allegation in Posey's counterclaim that, following the settlement in Posey I, HipSaver's website was changed so as to add new products.  Thus, the declaration actually supports Posey's allegation.  Moreover, the "claims, statements and graphics" that are on HipSaver's website and that include product comparisons apply to these new products.

In essence, as HipSaver argued in opposing Posey's motion to dismiss HipSaver's complaint in this case, as a consequence of the addition of new products to HipSaver's website and the consideration of the "claims, statements and graphics" on the website as

6

they relate to those products, HipSaver's website constitutes a new advertisement that did not exist at the time of the Posey I settlement. Since the advertisement did not exist at the time of the settlement, the release provision of the settlement agreement could not have applied to it.

In addition, as HipSaver also argued in opposition to Posey's motion to dismiss the complaint, Posey I could not have involved the new matter that is presently contained in HipSaver's website. As a consequence of the addition of new matter to HipSaver's website, there has been a significant change in the facts that existed at the time of Posey I. This gives rise to new claims. *See Minarik Elec. Co. v. Electro Sales Co., Inc.*, 223 F.Supp.2d 334, 341 (D. Mass. 2002) (change in manner of use of website constituted a significant change of fact which gave rise to new claim).

Finally, HipSaver's continued postings on its website of material that is misleading, deceptive and offensive constitutes a continuing course of conduct that creates separate and new causes of action. *See Zip Dee, Inc. v. Dometic Corp.*, 886 F.Supp. 1427, 1432-33 (N.D. Ill. 1995) (continuing course of conduct gives rise to new Lanham Act claims).

In sum, Posey's claims against HipSaver and Goodwin arise out of HipSaver's and Goodwin's post-settlement acts in adding matter to HipSaver's website which matter, when considered together with other matter on the website, is false and misleading. Acts that had not even occurred at the time of the Posey I settlement could not be encompassed by the Posey I settlement agreement. Moreover, HipSaver and Goodwin cannot have it both ways. If HipSaver's claims against Posey are not barred by the Posey I settlement agreement, then Posey's claims against HipSaver cannot be barred either. Thus,

7

HipSaver's and Goodwin's Rule 12(b)(1) motion fails as to Counts I, II and III because those claims are "substantial."

      B.      **Count IV States A Valid Claims Against HipSaver For Breach of Contract Is Also a "Substantial" Claim.**

In its moving papers, HipSaver has conveniently ignored Posey's counterclaim for breach of contract. The Court properly has subject matter jurisdiction over this claim under 28 U.S.C. § 1367(a) because it is so related to Posey's Lanhman Act claim that it forms part of the same case or controversy.

Moreover, the basis of this claim is that HipSaver added new products to its website, that the product comparison statements on the website apply to these new products and that HipSaver was required to, but failed, give Posey notice of the comparative testing results that underlie these statements prior to making commercial use of them with respect to these new products. Since HipSaver has not contravened any of the factual allegations of this count, its Rule 12(b)(1) challenge fails.

      C.      **Goodwin's Rule 12(b)(6) Motion Must Be Denied.**

Goodwin's contention that the claims against him must be dismissed under Rule 12(b)(6) is meritless. In the first place, Goodwin's declaration in support of the motion is extraneous to the pleading and must be disregarded.

Second, the counterclaim specifically alleges that Goodwin participated in and directed the acts complained of as an individual acting in his capacity as an officer and director of HipSaver. Counterclaim, ¶ 34. It is well-established that individuals who

participate in wrongful conduct under the Lanham Act and the unfair competition laws may be held personally liable for their conduct. *See, e.g. Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641 (3d Cir. 1958) (a plaintiff has a claim under Section 43(a) of the Lanham Act against anyone responsible for false advertising); 4 J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u>, ¶ 27:52 (West 2005) (same); *Coastal Abstract Serv., Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (corporate officers and directors are personally liable for all torts they participate in or direct).

    Third, Goodwin's argument regarding the alter ego allegations goes to the merits of Posey's claim, not to whether the claim has been adequately pleaded and Goodwin has not pointed out any defects in the pleading of that theory of liability. Posey believes the claim has been adequately pleaded. In the event the Court believes otherwise, Posey requests leave to amend.

    For these reasons, Goodwin's Rule 12(b)(6) motion fails.

## IV.    CONCLUSION

    For all of the foregoing reasons, the Court should deny HipSaver's motion to dismiss the Counterclaim. In the alternative, in the unlikely event the Court believes there is any merit to the motion, Posey requests that the Court defer ruling on the motion until Posey has had an opportunity to conduct discovery into (i) the exact nature of the changes HipSaver made to its website during the period between September 2004 and the present, and (ii) the nature of HipSaver's other advertising during this period. *See Moran v. Kingdom of Saudi Arabia*, 27 F. 3d 167, 172 (5th Cir. 1994) (approving limited

discovery to resolve preliminary jurisdictional issue).  Finally, if the Court grants the motion, it should also reconsider and grant Posey's earlier Rule 12(b)(6) motion to dismiss.


Dated: August 23, 2005							Respectfully submitted,


									J.T. POSEY COMPANY
									By its attorneys,

									/s/ Douglas H. Morseburg_____
									Jeffrey G. Sheldon (CA Bar No. 67516)
									Douglas H. Morseburg (CA Bar No. 26205)
									Shannon S. Sheldon (CA Bar No. 216199)
									SHELDON & MAK
									225 South Lake Avenue, Suite 900
									Pasadena, CA  91001
									(626) 796-4000

									Anthony J. Fitzpatrick (BBO # 564324)
									DUANE MORRIS LLP
									470 Atlantic Avenue, Suite 500
									Boston, MA 02210
									(617) 289-9200


**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: August 23, 2005						/s/ Donald K. Piper_____
								Donald K. Piper