UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**MOTION OF DEFENDANT J.T. POSEY COMPANY
FOR ENTRY OF PROTECTIVE ORDER**

Defendant J.T. Posey Company ("Posey") moves this Court for the entry of a protective order in the form attached hereto as Exhibit "A". The motion for protective order is brought pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26(c)") and is made upon the grounds that justice requires the order to protect Posey from (i) an immediate, clearly defined injury, and (ii) the substantial risk that plaintiff The HipSaver Company will use information obtained from Posey during discovery to Posey's competitive disadvantage in the future.

Posey further moves the Court for an order that, in responding to (i) Request Nos. 2 and 3 of the first set of requests for production of documents and information that plaintiff and counterclaim defendant The HipSaver Company ("HipSaver") served on Posey, and (ii) the subpoena for documents that HipSaver served on third party Garwood Laboratories, Inc. ("Garwood"), Posey and Garwood are required to produce documents

and information relating only to that certain Impact Study that is referenced in the Posey advertisements that underlie HipSaver's claims in this case.

The instant motion is based upon this Notice, the accompanying memorandum in support of this motion, the accompanying declarations, and all pleadings, exhibits and records on file herein and upon such additional argument and evidence as may be presented to the Court at the time of any hearing.

The undersigned counsel for Posey hereby certifies that he has conferred with HipSaver's counsel and attempted in good faith to resolve or narrow the issues raised by this motion.

Dated: September 7, 2005               J.T. POSEY COMPANY

                                       By its attorneys,


                                       /s/ Douglas H. Morseburg
                                       Jeffrey G. Sheldon (CA Bar No. 67516)
                                       Douglas H. Morseburg (CA Bar No. 26205)
                                       Shannon S. Sheldon (CA Bar No. 216199)
                                       SHELDON & MAK
                                       225 South Lake Avenue, Suite 900
                                       Pasadena, CA  91001
                                       (626) 796-4000

                                       Anthony J. Fitzpatrick (BBO # 564324)
                                       DUANE MORRIS LLP
                                       470 Atlantic Avenue, Suite 500
                                       Boston, MA 02210
                                       (617) 289-9200

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

                                       /s/ Donald K. Piper
                                       Donald K. Piper

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
| Plaintiff, | ) | |
| v. | ) | |
| J.T. POSEY COMPANY, | ) | |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

**[PROPOSED] PROTECTIVE ORDER**

Having considered the parties' respective positions with respect to the motion of defendant and counterclaimant J.T. Posey Company ("Posey") for a protective order, the Court hereby finds that automatic disclosure and discovery activity in this action will involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the terms of this Protective Order shall govern the production and use of disclosures and discovery materials. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

    2.    DEFINITIONS

        2.1    "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" information or items means information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) the Federal Rules of Civil Procedure.

2.4 "Confidential — Attorneys' Eyes Only" information or items means extremely sensitive "Confidential" information or items the disclosure of which to another Party or non-party would cause immediate injury or create a substantial risk of injury.

2.5 "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 "Producing Party" means a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 "Designating Party" means a Party or non-party that designates information or items that is/are produced in disclosures or in discovery as "Confidential" or "Confidential — Attorneys' Eyes Only."

2.8 "Protected Material" means any Disclosure or Discovery Material that is designated as "Confidential" or as "Confidential — Attorneys' Eyes Only."

2.9 "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including coverage counsel and/or a carrier's claims counsel and their support staffs.

2.10 "House Counsel" means attorneys who are employees of a Party and their support staffs.

2.11 "Counsel" (without a qualifier) means Outside Counsel and House Counsel.

2.12 "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

        2.13    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

    3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

    4.    DURATION

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or until this court directs otherwise.

    5.    DESIGNATING PROTECTED MATERIAL

        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses or burdens on other parties), expose the Designating Party to sanctions in the Court's discretion.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Order (see, e.g., second paragraph of sections 5.2(a) and 5.2(d), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY").

     (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY").

 Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the first page of the separately bound volume the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

     (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL —ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Confidential — Attorneys' Eyes Only."

     (d) Nothing in this Protective Order shall limit the right of a non-Producing Party to designate the Disclosure or Discovery Material of a Producing Party or the

5

documents or other non-documentary information produced by a non-party as "Confidential" or "Confidential– Attorneys' Eyes Only".

      5.3    Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party may challenge the confidentiality designation of a Designating Party at any time after the original designation.

      6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion as provided by the Federal Rules of Civil Procedure and the Massachusetts Local Rules that identifies the challenged material and sets forth in detail the basis

for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material and the contents of Protected Material maybe disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2    Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    a maximum of 3 officers, directors, and employees (including House Counsel of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

        (c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached to this Protective Order as Exhibit A (the "Agreement to Be Bound");

      (d)      the Court and its personnel;

      (e)      court reporters and their staffs;

      (f)      Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound"; and

      (g)      the author of the document(s) in question or the original source of the information in question, as well as any recipients of the document(s) or information in question.

      7.3      Disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

      (a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)      Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement To Be Bound;

      (c)      the Court and its personnel;

      (d)      court reporters and their staffs;

      (e)      Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound"; and

      (f)      the author of the document(s) in question or the original source of the information in question, as well as any recipients of the documents or information in question.

      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving

Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with this Court's directives for doing so.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Parties, within sixty days after the final termination of this action, each Receiving Party must destroy all Protected Material that it received from any source during the course of the litigation. As used in this paragraph, the term "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of storing, reproducing or capturing any of the Protected Material. After all Protected Material is destroyed, the Receiving Party shall certify in writing to all other Parties (and, where appropriate, to any Designating Party or Parties) by the sixty day deadline that all Protected Material was destroyed and affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of storing, reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. The entry of this Protective Order shall be without prejudice to the right of any Party to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, the entry of this Protective Order shall be without prejudice to the right of any Party to object on any ground to use in evidence of any of the material covered by this order.

12.3 Modification. The Court may modify this Protective Order in the interests of justice or for public policy reasons.

Upon the motion of Posey, AND GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.

Dated: _____         _____
                                     Hon. Patti B. Saris
                                     United States District Judge

EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
| Plaintiff, | ) | |
| v. | ) | |
| J.T. POSEY COMPANY, | ) | |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____[print or type full address], have read in its entirety and understand the foregoing Protective Order that was issued by the United States District Court for the District of Massachusetts. I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____   _____
                                                                                            Signature