UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

## DECLARATION OF ERNEST POSEY IN SUPPORT OF MOTION OF J.T. POSEY COMPANY FOR PROTECTIVE ORDER

I, Ernest Posey, declare:

1. I am the president of J.T. Posey Company ("Posey"), a defendant and counterclaimant in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge. I make this declaration in support of Posey's motion for entry of a protective order.

2. I understand that plaintiff and counterclaim defendant The HipSaver Company has served upon Posey a request for production of documents that calls upon Posey to produce numerous documents, including (i) documents showing Posey's unit sales and revenues from sales of hip protectors (Request No. 14), (ii) documents showing the identities of the customers and prospective customers who/which may have received the Posey advertisements that underlie HipSaver's claims in this case (Request No. 2(f)), and

(iii) with respect to hip protectors, all documents that relate in any way to tests done for Posey by Garwood Laboratories or to tests done by and anyone in connection with the launderability of Posey hip protectors, including test proposals, test results, test reports, test protocols, test samples and lab notes regarding testing (Request Nos, 2(a)-(c), 2(f), 3(a)-(d), 3(f) and 4(a)-(h)).

    3.  As far as request nos. 2, 3, and 4 of HipSaver's first request for production are concerned, documents and information regarding Posey's testing (as well as testing conducted for Posey by Garwood or any other third parties) of hip protection materials, garments, products and samples and reports of such testing (whether relating to impact absorption, durability or launderability) all relate to Posey's product development efforts. Posey considers information regarding its product development efforts to be highly confidential and it does not ever share this information with anyone, including its competitors.

    4.  Likewise, Posey considers information regarding the identities of its customers and its potential customers (see request no. 2(f)) to be confidential.  Such information is never shared and it would certainly never be shared with someone such as Mr. Goodwin, who has already stated that he wants third parties to sue Posey and that he will do everything in his power to assist them in getting others to do so.

    5.  As far as request no. 14 is concerned, Posey is a privately held company and it considers information regarding its unit and dollar sales volumes and its sales revenues to be confidential.  Inside the company, such information is known only to those who have a need to know.  Outside the company, such information is disclosed only to a select few, including, for example, Posey's accountant.  Posey never shares information of this type with its competitors, least of all Mr. Goodwin.

    6.  If Posey were required to produce information called for in request nos. 2(a)-(c), 2(f), 3(a)-(d), 3(f), 4(a)-(h) and 14 without any limitations, and if members of the public or Posey's competitors were to gain access to it, they would know, among other things,

Posey's actual sales of hip protector products and the identities of Posey's customers. This knowledge would permit them to identify Posey's largest customers and to try to disrupt its relations with those customers.

7. Moreover, if Posey's competitors, including HipSaver and Goodwin, were to gain access to all of the documents regarding the testing Posey has done, they would know what materials Posey has tested in connection with its product development efforts, what completed products Posey has tested, and what the results of those tests were. This knowledge would give Posey's competitors an immediate competitive advantage because, rather than conduct their own tests, they could rely on the results of Posey's tests. In addition, they would gain insight into the state of Posey's product development efforts. This would give Posey's competitors a competitive advantage over Posey and it would constitute a serious competitive injury to Posey.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 7th day of September, 2005 at Arcadia, California.

/s/ Ernest Posey_____
Ernest Posey