# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc.,<br>          Plaintiff,<br><br>v<br><br>J.T. Posey Company,<br>          Defendant<br><hr><br>J.T. Posey Company, Inc.,<br>          Counterclaim Plaintiff<br><br>v<br><br>The HipSaver Company, Inc. and<br>Edward L. Goodwin,<br>          Counterclaim Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      <u>Oral Argument Requested</u> |

## OPPOSITION TO DEFENDANT J.T. POSEY COMPANY'S MOTION
## FOR ENTRY OF PROTECTIVE ORDER

### I. STATEMENT OF THE CASE

This is a public civil action: Posey has no right to conceal discovery from the Plaintiff with an "ATTORNEY'S EYES ONLY" designation when there is no evidence whatsoever suggesting that HipSaver will misuse the information. Indeed, these parties

1

were already engaged in earlier litigation without an "ATTORNEY'S EYES ONLY" classification, and without misuse of discovery by HipSaver or anyone associated with it.

Posey's Motion for a Protective Order is, in the first instance, an attempt to use an "ATTORNEY'S EYES ONLY" provision to secret and withhold evidence from the Plaintiff's principal, Edward L. Goodwin, and to prevent him from necessary participation in prosecution of this lawsuit and defense of Posey's Counterclaim (should it go forward). Moreover, Posey's Motion has been filed to stall its discovery responses and has been employed also to induce a third party witness, Garwood Laboratories ("Garwood"), to resist a subpoena issued by the Plaintiff through the United States District Court for the Central District of California.

This groundless motion should be rejected as a transparent attempt to delay and evade discovery. And the trial court should direct Posey to respond to discovery immediately.

## I. STATEMENT OF FACTS

Plaintiff, The HipSaver Company, Inc. ("HipSaver"), and defendant, J.T. Posey Company ("Posey"), have had a history of dispute over Posey's abusive trade practices. This history pre-dates the litigation in *HipSaver Co. Inc., v. J.T. Posey Co., Civ. No. 04-11294 PBS* (1994) ("*Posey I*") by several years, including disputes over patent rights which never matured to litigation.

2

In June 2004 HipSaver brought suit in *Posey I* because of Posey's false comparative advertising. After preliminary discovery in that case, Posey agreed to settle, paying HipSaver a lump sum and launching a corrective advertising campaign.

Discovery in *Posey I* was conducted without a confidentiality agreement of any sort. There was no abuse by any party or anyone associated with a party and no allegation that confidential or trade secret information was or has been compromised. Nevertheless, Posey now claims there is a threat of compromise based solely on an e-mail statement which was written by HipSaver's principal, Edward L. Goodwin, some sixteen months *prior to any litigation between the parties* and which referred to public – not confidential – information.

As argued here, there are no grounds, no evidence, and no facts to sustain Posey's attempt to secret and withhold discovery with an "ATTORNEY'S EYES ONLY" restriction.

### III. ARGUMENT

### A. POSEY HAS NOT PRESENTED ANY EVIDENCE WHATSOEVER THAT IT FACES A CLEARLY DEFINED AND SERIOUS INJURY WITHOUT "ATTORNEY'S EYES ONLY" DISCOVERY

Any legitimate concern Posey may have for its confidential information is met by the Confidentiality Agreement which Posey has rejected. *See* Exhibit A, HipSaver's Proposed Confidentiality Agreement. The Confidentiality Agreement will shield discovery from non-parties, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988) ("Certainly the public has no right to demand access to discovery materials

which are solely in the hands of private party litigants."), and will insure that parties only use the information in the litigation. Exhibit A at ¶3, 4. Posey is entitled to nothing more. Yet, Posey continues to delay, evade, and block discovery by rejecting a reasonable confidentiality arrangement and by demanding an "ATTORNEY'S EYES ONLY" exclusion to bar HipSaver's principal, Edward Goodwin, from participating in the case on his own behalf. In this circumstance, particularly where there is no showing whatsoever that some heightened degree of confidentiality is warranted, Posey cannot be permitted to frustrate discovery compliance any longer.

All harms that Posey claims it will suffer are unfounded or so lacking in specificity as to be incredible and certainly unable to meet the standard for a protective order. To meet the standard, a party must show that "disclosure will inflict a clearly defined and serious injury." *Sprinturf, Inc. v. Southwest Recreational Indus., Inc.*, 216 F.R.D 320 (E.D. Penn. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). Posey's allegations of harm are unfounded or too general to meet this standard.

HipSaver has proven itself capable of respecting its discovery obligation of confidentiality, so the allegations of harm contingent on discovery abuse are too insubstantial to meet the standard for a protective order. Posey alleges that, *if* HipSaver abuses discovery, then Posey will be harmed. That is, *if* HipSaver uses confidential information for purposes other than the litigation, which would be in violation of the

4

confidentiality agreement already proposed by HipSaver, Exhibit A at ¶3, then Posey's business interests could be injured. In that case, however, Posey would have a remedy for breach without any need for an "ATTORNEY'S EYES ONLY" restriction. More important, any assumption that HipSaver *will* abuse discovery is groundless. In *Posey I*, even without an "ATTORNEY'S EYES ONLY" designation, HipSaver discharged its confidentiality obligations, and Posey has presented no reason why the same should not be the case in *Posey II*. Thus, Posey's contention of vague potential harm is too general and remote to be protected.

Similarly, Posey's allegations of "ill-will" are too general and meaningless to meet the standard for a protective order. In its motion, Posey tries a bootstrap argument: HipSaver's principal, Mr. Goodwin, has feelings of 'ill-will' toward the Defendant's company. However, a general accusation of hard feelings contains no implication of specific injury and is not a credible basis for alleging that there is likely to be a breach of confidential information. Indeed the alleged "ill-will" is not that at all and does not even involve confidential information. Rather, in early 2003, some sixteen months prior to any litigation, Mr. Goodwin noted his frustration with and objection to Posey's effort to "knock off" HipSaver's product with a markedly inferior model. And he stated his intent to publicize Posey's inferior product and its questionable safety. Every matter cited by Mr. Goodwin was and is a matter of public record and affords no evidence, grounds, or basis for secretive discovery. Simply put, *public disclosure of public information where*

*litigation is not even involved is not evidence that a witness will or is likely to compromise confidential information obtained in litigation.*

**B. POSEY'S ACTIONS SINCE THE BEGINNING OF DISCOVERY HAVE BEEN CALCULATED TO KEEP HIPSAVER FROM THE SUBSTANCE OF THE CASE.**

In its effort to delay and evade discovery, Posey is claiming documents to be highly confidential when they were previously and voluntarily made public. Prior to the institution of this case, Posey provided HipSaver's Mr. Goodwin with what Posey claimed to be the "complete test results" and which it alleged support the accuracy of the Garwood testing at issue in this case. Exhibit B, April 2005 Letter From Ernest M. Posey. On examination, HipSaver discovered deficiencies with the so-called "complete results." Instead of curing the deficiency, Posey now claims that the test results are highly sensitive confidential information, which should be "ATTORNEY'S EYES ONLY." In short, Posey made the test results public when it hoped doing so would make this case go away. However, once it became apparent that was not going to happen, Posey chooses to stall discovery of the real "complete" test results by tying them to "ATTORNEY EYES ONLY" confidentiality. The test results are clearly not confidential, as they have already been made public, at least in part, by Posey. However, Posey continues to do all it can to delay their production.

Unbridled attorney discretion to mark documents "ATTORNEY'S EYES ONLY" is an effort to deny HipSaver's principal, who is an expert in the field, from contributing to his own case and to the defense of the Posey's counterclaims. Mr. Goodwin is an

essential and invaluable resource to the evaluation of data for HipSaver's case. Posey's attempt to use the "ATTORNEY'S EYES ONLY" designation to effectively exclude Mr. Goodwin from the substance of the case is a groundless effort to deny HipSaver the resource he represents. Moreover, it is a bizarre attempt to transform civil litigation into a secretive tribunal where the parties are excluded and litigation proceeds by the fiat of counsel. At the very least, this confounds due process of law and cannot be permitted without some urgent or substantial basis and without narrowly defined limits.

Beyond its "ATTORNEY'S EYES ONLY" posturing, Posey's objections to document Requests 2 and 3 and the Garwood subpoena follow the same strategy of delay and evasion. Posey argues that HipSaver is seeking documents and things for testing which are far beyond the testing referred to in the challenged advertising. If that is the case and if in fact Garwood has undertaken other testing which has nothing to do with the challenged advertising, Posey can simply limit its discovery responses and production accordingly. There is no need for a protective order. Posey's argument to the contrary is simply a stall and an attempt to evade, avoid, and prevent all discovery.

## C. THE CENTRAL DISTRICT OF CALIFORNIA IS THE PROPER VENUE TO CHALLENGE THE GARWOOD SUBPOENA; POSEY LACKS STANDING TO CHALLENGE THE SUBPOENA.

The only forum for challenging the subpoena to Garwood Laboratories is the Central District of California, where the subpoena was issued. Rule 54(c) allocates the power to modify a subpoena *only* to the district court from which the subpoena was issued. Fed. R. Civ. P. 54(c)(3)(A); *see also* WRIGHT & MILLER, Federal Practice and

Procedure 2d, §2459 ("The 1991 amendment… now makes it clear that motions to quash, modify, or condition the subpoena are to be made to the district court of the district from which the subpoena issued."). Posey had more than a month to challenge the subpoena there but they did nothing. In the interim, Garwood has agreed to comply with the subpoena under a confidentiality agreement with HipSaver. In sum, Posey's late filed challenge to the Garwood subpoena is before the wrong court – but adds yet another layer of delay.

In any event, Posey has no standing to seek modification of the Garwood subpoena, and any interest it has in Garwood's test results is adequately protected by the confidentiality agreement in place between Garwood and HipSaver. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action." WRIGHT & MILLER at §2459. Furthermore, the test results are not protected by work-product or attorney-client privilege, and any confidentiality interest Posey may have is either addressed above or adequately protected by the confidentiality agreement signed between Garwood and HipSaver. Exhibit C, HipSaver/Garwood Confidentiality Agreement. Thus, since Garwood has voluntarily agreed to comply with the subpoena, Posey has no standing to stop them.

## CONCLUSION

For the reason set out here, the trial court should reject Posey's Motion for a

Protective Order.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated: 9.16.2005

### CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California 91101.


/s/ Edward J. Dailey
Edward J. Dailey                                    02820/00502 430127.1

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v | ) |
| | ) |
| J.T Posey Company, | ) |
| Defendant | ) |
| | ) |
| _____ | ) |
| | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff | ) |
| | ) |
| v | ) |
| | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants | ) |
| | ) |
| | ) |
| _____ | ) |

## <u>CONFIDENTIALITY AGREEMENT</u>

The Plaintiff, HipSaver Company, Inc. ("HipSaver"), the Counterclaim

Defendant, Edward L. Goodwin ("Mr. Goodwin") and the Defendant, J.T. Posey

Company, Inc. ("Posey") enter into this Confidentiality Agreement.

1

1.    <u>Scope</u>.  This Confidentiality Agreement shall apply to all information,
documents and things produced either by a party or a non-party in response to or in
connection with any discovery conducted in this action or produced at any hearing or trial
of this action, including without limitation, testimony adduced at depositions upon oral
examination or upon written questions, answers to interrogatories, expert reports,
documents and things produced (including documents and things produced to the
receiving party for inspection and documents and things provided to the receiving party,
whether in the form of originals or copies), information obtained from inspection of
premises or things, and answers to requests for admission as well as any and all copies,
abstracts, digests, notes and summaries thereof (collectively referred to as "Confidential
Materials").  This Confidential Agreement does not extend to information, documents,
and things which are or have been used or disclosed in the usual course of business.

2.    <u>Designation of Confidentiality</u>.  All Confidential Materials as defined
above shall be *presumptively* Confidential.

3.    <u>Use of Confidential Materials</u>.  Confidential Materials shall be used by the
receiving person solely for the purpose of conducting this lawsuit and any appeal.
Confidential Materials may not be used for any business or other purpose whatsoever,
whether directly or indirectly.  Nothing contained in this Confidentiality Agreement shall
preclude a party or non-party from using or disseminating Confidential Materials which it

has authored *with the exception of expert reports which shall remain Confidential and may not be disclosed directly or indirectly for any purpose other than this action.*

   4. <u>Disclosure of Confidential Materials</u>.  Confidential Materials shall not be made public or disclosed to anyone other than to the following persons:

     a. counsel actively involved in the above-entitled litigation, and legal assistants, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting counsel in the above-entitled action.

     b. Any expert and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto in connection with this action but only after that person has read this Confidentiality Agreement and has executed the undertaking set out in Exhibit A.

     c. Any person who authored or has previously received the particular Confidential Materials sought to be disclosed to that person but only after that person has read this Confidentiality Agreement and has executed the undertaking set out in Exhibit A;

     d. Officers and employees of each party, provided each such person has read this Confidentiality Agreement and has executed the undertaking set out in Exhibit A and provided further that each such person reviews Confidential Materials only for the purpose of becoming informed of information that may be relevant to assistance to

3

counsel, testimony, and, in the case of officers, decisions that must be made in connection with this action;

      e.      The Court, subject to Paragraph 7, below; and

      f.      Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony.

     5.     Inadvertent Disclosures.  The inadvertent or mistaken production of documents subject to attorney client privilege or work product doctrine shall not constitute a general or specific waiver of the right of the party that made production to contend that such documents are protected from discovery and to seek return of such documents.  In the event that a party makes inadvertent or mistaken disclosure of documents and information, the party that made the disclosure shall promptly notify the other party of the disclosure, as soon as possible after discovery and shall specifically identify the documents that were inadvertently or mistakenly disclosed by Bates number.  Thereafter, the party that received the documents may not use the documents or information in the documents in any manner unless permission has been granted by the trial court.  Nothing in this paragraph precludes the receiving party from claiming that the documents are not privileged or subject to the work product doctrine.

     6.     Objections to Designations.  Should counsel object to the presumptive designation of Confidential Materials, counsel shall notify opposing counsel of the objection and the reasons for the objection.  Counsel shall promptly confer in an attempt to resolve the matter.  If the matter remains unresolved, objecting counsel may then apply

4

to the trial court for a determination. The burden of demonstrating that the designation is

appropriate shall be on the party seeking to maintain a Confidential designation.  If no

application to the trial court is made, the material will remain as designated.  Any

information which is subject to a dispute as to its proper designation shall be treated as

Confidential pending resolution of the designation dispute.

       7.     <u>Limited Disclosure of Confidential Materials</u>.  Confidential Materials shall

not be made public or used for any purpose (except as provided in Paragraph 3), directly

or indirectly, except to the extent disclosure is made for the record at a hearing or trial.

To the extent that a party or non party seeks to protect Confidential Materials from all

public disclosure, any party or non party may apply to the trial court for a Protective

Order to file and use such Confidential Materials, including testimony, under seal.

Pending the Court's determination on an application for a Protective Order, Confidential

Materials shall be withheld from disclosure except to counsel on an "eyes only" basis.

Nothing in this Confidentiality Agreement limits or restricts a party or non party's right

to seek further protective orders under Fed. R. Civ. P. 26(c).

       8.     <u>Secure Storage</u>.  The recipient of Confidential Materials shall maintain

such information, documents or things in a secure and safe area and shall exercise due

and proper care with respect to the storage, custody, use and dissemination (including

dissemination to persons identified in paragraph 4).

9.    <u>Preservation of Rights and Privileges</u>.  Nothing contained in this
Confidentiality Agreement shall affect the right, if any, of any party or non party to make
any other type of objection, claim, or other response to interrogatories, to requests for
production of documents or to any questions at a deposition.  Nor shall this
Confidentiality Agreement be construed as a waiver by any party or non party of any
legally cognizable privilege to withhold any Confidential materials, or of any right which
any party or non party may have to assert such privilege at any stage of the proceedings.

10.    <u>Return of Confidential Materials</u>.  Within thirty (30) days after the
conclusion of the above-entitled action, including, without limitation, any appeal or
retrial, all Confidential Materials shall be returned to counsel or the person who produced
it.  Confidential Materials shall not be retained by the receiving party in any form.  As to
those materials which contain or reflect Confidential Materials, but which constitute or
reflect counsel's work product, all such work product may be maintained by counsel, but
such work product shall be used only for the purpose of preserving a file on this action
and shall not, without written permission of the party that disclosed the Confidential
Materials or a judicial order, be disclosed to anyone other than those to whom such
information was first disclosed in accordance with this Confidentiality Agreement.
Counsel retaining court reporters shall have the responsibility for ensuring their
compliance with this paragraph and shall notify opposing counsel when compliance is
complete.  Nothing here shall require the return or destruction of pleadings or any other

papers filed with the court or served by the parties, even if those pleadings or papers contain or reflect Confidential Materials, provided, however, that any such pleadings or papers not returned or destroyed remain subject to the provisions of this Confidentiality Agreement.

11.     <u>Continuing Effect</u>.  Upon conclusion of the above-entitled action, the provisions of this Confidentiality Agreement shall continue to be binding.  This Confidentiality Agreement shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by judicial order.

12.     <u>Other Provisions</u>.  This Confidentiality Agreement is the entire agreement of the parties concerning its terms, supercedes any other agreement concerning its terms or any part of its terms, and may be amended only by a written agreement executed by the parties for that express purpose.  This Confidentiality Agreement shall be governed by the laws of the Commonwealth of Massachusetts and the federal laws of the United States and shall be enforced in the United States District Court for the District of Massachusetts.

This Confidentiality Agreement shall be effective from and after August 1, 2005.


Accepted and Agreed,


THE HIPSAVER COMPANY, INC. and
EDWARD L. GOODWIN
By their Attorneys,


Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338


J.T. POSEY COMPANY, INC.
By its Attorneys,


Anthony J. Fitzpatrick,
BBO no. 564324
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, Massachusetts  02210
617.289.9200

Jeffrey G. Sheldon
Douglas H. Morseburg
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101-3021
626.796.4000
02820/00502  423409.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| J.T Posey Company, | ) |
| Defendant | )) |
| _____ | ) |
| | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff | ) |
| v | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants | ) |
| _____ | ) |

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, have read and understand the terms and provisions of the
Confidentiality Agreement which is attached to this Exhibit A. I understand that I am required to comply
with the non disclosure provisions of the Confidentiality Agreement. I understand also that I am required
to maintain and protect the confidentiality of all Confidential Materials which I may produce, provide,
receive, review, examine, or study in connection with this lawsuit. I have read and understand that
documents, information, and things associated with this lawsuit are presumed to be Confidential Materials.
I agree that I will not disclose or use any such Confidential Materials or any part of such Confidential
Materials for any purpose which is not directly related to this lawsuit except as permitted in paragraph 3 of
the Confidentiality Agreement. Within 30 days of the conclusion of this lawsuit and upon written notice
from counsel for any party, I will return all Confidential Materials.

Signed:_____

Please print:
Name:
Business Address
Telephone number:

9

**EXHIBIT B**



# Posey Company

**5635 Peck Road**
**Arcadia, CA 91006-0020 USA**
**Toll Free:  (800) 44-POSEY or (800) 447-6739**
**Web: www.posey.com**

Ernie Posey, CEO
Direct:       (626) 454-2121
Voice Mail:  (626) 443-3143 Ext. 121
Facsimile No.: (626) 443-9886
E-mail:  eposey@posey.com

April 22, 2005

Ed Goodwin
HipSaver, Inc.                                          EXCERPTED LETTER
7 Hubbard Street
Canton, Massachusetts  02021

Dear Ed:

    This is in further response to your series of letters regarding Posey's Hipster products.  I
will respond to the letters one by one.

---

Letter of April 8, 2005 re Garwood Laboratories

    Enclosed is the test data you requested, supporting what is shown in the Garwood Bar
Charts.  Your comments on the protocol would be appreciated.  If you have any questions
regarding the tests, let me know.

At no time has Posey stated it is using the most effective impact absorbing material; only that a
study was conducted to determine it.  The most effective material would be a sheet of steel or the
like, although comfort would be unsatisfactory.

Concluding Remark

    Since all of the testing can easily be doctored, I would expect any testing to be done by
an independent qualified laboratory.

                  Sincerely yours,

                  *Ernest Posey*

                  Ernest M. Posey

Enc:    Garwood Laboratories, Inc., August 7, 2001

UPS Tracking # 1Z 917 014 01 0229 9857

Ed Bailey  617-443-0064

# Posey Company

5635 Peck Road • Arcadia, California 91006-0020 U.S.A.
Tel: 626-443-3143 • Fax: 626-443-5014 • www.posey.com

Customer Service
Tel: 800-447-6739
Fax: 800-767-3933

April 27, 2005

Ed Goodwin
HipSaver, Inc.
7 Hubbard Street
Canton, Massachusetts 02021

Dear Ed:

I received your voice message. The data you received is complete and supports our claims.

This is just a reminder you have never provided the test data we requested which shows that your product is launderable at 250° Fahrenheit. When can I expect to receive that?

Also, when will you be responding to the issues raised in my recent letter?

Sincerely yours,

Ernest M. Posey

(2 voice messages for Posey asking for HipSaver + "SlimSaver" results of Garwood test)

Manufacturers and worldwide distributors of quality healthcare products since 1937

EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc.,<br>                    Plaintiff,<br><br>v<br><br>J.T Posey Company,<br>                    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| J.T. Posey Company, Inc.,<br>          Counterclaim Plaintiff<br><br>v<br><br>The HipSaver Company, Inc. and<br>Edward L. Goodwin,<br>          Counterclaim Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONFIDENTIALITY AGREEMENT

The Plaintiff, HipSaver Company, Inc. ("HipSaver"), the Counterclaim
Defendant, Edward L. Goodwin ("Mr. Goodwin") and Garwood Laboratories
("Garwood") enter into this Confidentiality Agreement.

1

1.    <u>Scope</u>.  This Confidentiality Agreement shall apply to all information, documents and things produced by Garwood Laboratories in response to or in connection with any discovery conducted in this action or produced at any hearing or trial of this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, expert reports, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and summaries thereof (collectively referred to as "Confidential Materials").  This Confidential Agreement does not extend to information, documents, and things which are or have been used or disclosed in the usual course of business.

2.    <u>Designation of Confidentiality</u>.  All Confidential Materials as defined above shall be *presumptively* Confidential.

3.    <u>Use of Confidential Materials</u>.  Confidential Materials shall be used by the receiving person solely for the purpose of conducting this lawsuit and any appeal. Confidential Materials may not be used for any business or other purpose whatsoever, whether directly or indirectly.  Nothing contained in this Confidentiality Agreement shall preclude a party or non-party from using or disseminating Confidential Materials which it

has authored *with the exception of expert reports which shall remain Confidential and may not be disclosed directly or indirectly for any purpose other than this action.*

    4.    <u>Disclosure of Confidential Materials</u>. Confidential Materials shall not be made public or disclosed to anyone other than to the following persons:

    a.    counsel actively involved in the above-entitled litigation, and legal assistants, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting counsel in the above-entitled action.

    b.    Any expert and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto in connection with this action but only after that person has read this Confidentiality Agreement and has executed the undertaking set out in Exhibit A.

    c.    Any person who authored or has previously received the particular Confidential Materials sought to be disclosed to that person but only after that person has read this Confidentiality Agreement and has executed the undertaking set out in Exhibit A;

    d.    Officers and employees of each party, provided each such person has read this Confidentiality Agreement and has executed the undertaking set out in Exhibit A and provided further that each such person reviews Confidential Materials only for the purpose of becoming informed of information that may be relevant to assistance to

3

counsel, testimony, and, in the case of officers, decisions that must be made in connection with this action;

        e.      The Court, subject to Paragraph 7, below; and

        f.      Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony.

        5.      <u>Inadvertent Disclosures</u>.  The inadvertent or mistaken production of documents subject to attorney client privilege or work product doctrine shall not constitute a general or specific waiver of the right of the party that made production to contend that such documents are protected from discovery and to seek return of such documents.  In the event that a party makes inadvertent or mistaken disclosure of documents and information, the party that made the disclosure shall promptly notify the other party of the disclosure, as soon as possible after discovery and shall specifically identify the documents that were inadvertently or mistakenly disclosed by Bates number. Thereafter, the party that received the documents may not use the documents or information in the documents in any manner unless permission has been granted by the trial court.  Nothing in this paragraph precludes the receiving party from claiming that the documents are not privileged or subject to the work product doctrine.

        6.      <u>Objections to Designations</u>.  Should counsel object to the presumptive designation of Confidential Materials, counsel shall notify opposing counsel of the objection and the reasons for the objection.  Counsel shall promptly confer in an attempt to resolve the matter.  If the matter remains unresolved, objecting counsel may then apply to the trial court for a determination. The burden of demonstrating that the designation is

4

appropriate shall be on the party seeking to maintain a Confidential designation.  If no application to the trial court is made, the material will remain as designated.  Any information which is subject to a dispute as to its proper designation shall be treated as Confidential pending resolution of the designation dispute.

       7.     Limited Disclosure of Confidential Materials.  Confidential Materials shall not be made public or used for any purpose (except as provided in Paragraph 3), directly or indirectly, except to the extent disclosure is made for the record at a hearing or trial.  To the extent that a party or non party seeks to protect Confidential Materials from all public disclosure, any party or non party may apply to the trial court for a Protective Order to file and use such Confidential Materials, including testimony, under seal.  Nothing in this Confidentiality Agreement limits or restricts a party or non party's right to seek further protective orders under Fed. R. Civ. P. 26(c).

       8.     Secure Storage.  The recipient of Confidential Materials shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and dissemination (including dissemination to persons identified in paragraph 4).

       9.     Preservation of Rights and Privileges.  Nothing contained in this Confidentiality Agreement shall affect the right, if any, of any party or non party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or to any questions at a deposition.  Nor shall this Confidentiality Agreement be construed as a waiver by any party or non party of any

5

legally cognizable privilege to withhold any Confidential materials, or of any right which

any party or non party may have to assert such privilege at any stage of the proceedings.

10.    <u>Return of Confidential Materials</u>.  Within thirty (30) days after the conclusion of

the above-entitled action, including, without limitation, any appeal or retrial, all

Confidential Materials shall be returned to counsel or the person who produced it.

Confidential Materials shall not be retained by the receiving party in any form.  As to

those materials which contain or reflect Confidential Materials, but which constitute or

reflect counsel's work product, all such work product may be maintained by counsel, but

such work product shall be used only for the purpose of preserving a file on this action

and shall not, without written permission of the party that disclosed the Confidential

Materials or a judicial order, be disclosed to anyone other than those to whom such

information was first disclosed in accordance with this Confidentiality Agreement.

Counsel retaining court reporters shall have the responsibility for ensuring their

compliance with this paragraph and shall notify opposing counsel when compliance is

complete.  Nothing here shall require the return or destruction of pleadings or any other

papers filed with the court or served by the parties, even if those pleadings or papers

contain or reflect Confidential Materials, provided, however, that any such pleadings or

papers not returned or destroyed remain subject to the provisions of this Confidentiality

Agreement.

11.     <u>Continuing Effect</u>.  Upon conclusion of the above-entitled action, the provisions of this Confidentiality Agreement shall continue to be binding.  This Confidentiality Agreement shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by judicial order.

12.     <u>Other Provisions</u>.  This Confidentiality Agreement is the entire agreement of the parties concerning its terms, supercedes any other agreement concerning its terms or any part of its terms, and may be amended only by a written agreement executed by the parties for that express purpose.  This Confidentiality Agreement shall be governed by the laws of the Commonwealth of Massachusetts and the federal laws of the United States and shall be enforced in the United States District Court for the District of Massachusetts or in the United States District Court for the Central District of California.

This Confidentiality Agreement shall be effective from and after August 1, 2005.


Accepted and Agreed,


THE HIPSAVER COMPANY, INC. and
EDWARD L. GOODWIN
By their Attorneys,

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN LLP
125 summer Street
Boston, Massachusetts 02110
617.443.9292


GARWOOD LABORATORIES
By its Attorney,

Bruce Flamenbaum
3333 S. Brea Canyon Road
Suite 121
Diamond Bar, California 91765
909.468.3666


02820/00502 427886.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| v | ) |
| J.T Posey Company, | ) |
| Defendant | )) |
| _____ | ) |
|  | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff | ) |
| v | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants | ) |
| _____ | ) |

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, have read and understand the terms and provisions of the Confidentiality Agreement which is attached to this Exhibit A. I understand that I am required to comply with the non disclosure provisions of the Confidentiality Agreement. I understand also that I am required to maintain and protect the confidentiality of all Confidential Materials which I may produce, provide, receive, review, examine, or study in connection with this lawsuit. I have read and understand that documents, information, and things associated with this lawsuit are presumed to be Confidential Materials. I agree that I will not disclose or use any such Confidential Materials or any part of such Confidential Materials for any purpose which is not directly related to this lawsuit except as permitted in paragraph 3 of the Confidentiality Agreement. Within 30 days of the conclusion of this lawsuit and upon written notice from counsel for any party, I will return all Confidential Materials.


Signed:_____

Please print:
Name:
Business Address
Telephone number:

9