UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT
J.T. POSEY COMPANY FOR ORDER COMPELLING
DEPOSITION OF PLAINTIFF AND FOR SANCTIONS**

**I.     INTRODUCTION AND FACTS**

As the Court is aware, this is an action in which two competitors are accusing each other of making false and misleading advertising claims, engaging in unfair businesses practices and breaching a prior settlement agreement between them. This is the second such action between them. The prior action was settled.

At the beginning of August 2005, counsel for the parties agreed that the deposition of plaintiff and counterclaim defendant The HipSaver Company, Inc. ("HipSaver") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rule 30(b)(6)") would take place on August 26, 2005. The date of the deposition was chosen by HipSaver's own counsel. *See* accompanying Declaration of Douglas H. Morseburg,

paragraph 2 (hereafter cited, "Morseburg Decl., ¶ ___."). On August 4, 2005, Posey served a proper notice of deposition on HipSaver. See Exhibit "A" to Morseburg Decl.

At the time Posey noticed HipSaver's deposition, it also noticed the deposition of an individual named Dr. Jeffrey Burl, who resides in Worcester, Massachusetts. To keep from having to make two trips to Massachusetts for depositions, the Burl deposition was noticed for August 25, 2005, i.e., the day before HipSaver's deposition. Morseburg Decl., ¶ 3.

At some point, the precise date of which is unknown to Posey, HipSaver served a "documents only" subpoena on Garwood Laboratories, Inc. ("Garwood"), the California company that conducted the "impact study" that is referred to in the accused Posey advertisements that are at the heart of HipSaver's claims in this case. Although Posey was never served with the subpoena, it obtained a copy from Garwood. Because the subpoena was overly broad, on at least two occasions, Posey's lawyer, Douglas Morseburg, asked HipSaver's lawyer, Edward Dailey, to agree to narrow it. Mr. Dailey never substantively responded to Mr. Morseburg's request. Morseburg Decl., ¶ 4.

On or about August 12, 2005, Garwood objected to HipSaver's subpoena. As a consequence, Mr. Dailey sent an email to Mr. Morseburg stating, in essence, that HipSaver would not attend its deposition unless Garwood produced the subpoenaed documents. Morseburg Decl., ¶ 5 and Exhibit "B".

On August 16, 2005, by email, Mr. Morseburg asked Mr. Dailey to provide any authority that supported the proposition that a party could refuse to attend its deposition on the grounds that a third party had objected to that party's subpoena. In his message, Mr. Morseburg further advised Mr. Dailey that, in the absence of any such authority,

2

Posey intended to go ahead with Dr. Burl's deposition on August 25 and with HipSaver's deposition on August 26 and that, if HipSaver did not appear, Posey would file a motion to compel and for sanctions. Morseburg Decl., ¶ 6 and Exhibit "C". In reply, Mr. Dailey contended that HipSaver could not adequately prepare for the deposition without Garwood's documents. Morseburg Decl., ¶ 7 and Exhibit "D".

On the morning of August 24, 2005, Mr. Morseburg took the deposition of Dr. Burl in Worcester. Later that afternoon, he wrote to Mr. Dailey and asked him to confirm that HipSaver would appear for its deposition as agreed and as noticed. Mr. Dailey replied that HipSaver would not appear. Morseburg Decl., ¶ 8 and Exhibit "E".

The following week, Mr. Morseburg and Mr. Dailey met and conferred via telephone regarding the issue of HipSaver's deposition. Mr. Dailey's continued position was that HipSaver would not appear for deposition until Garwood produced its documents. Morseburg Decl., ¶ 9.

## II. THE STANDARD GOVERNING THE INSTANT MOTION

Motions to compel depositions are governed by Rule 37(d) of the Federal Rules of Civil Procedure ("Rule 37(d)") which provides, in pertinent part, that where a party served with a proper notice of deposition refuses to appear, the court in which the action is pending may, on motion, make such orders in regard to the refusal as are just. Rule 37(d) further provides that, in lieu of or in addition to, making such orders as the court deems just, "the court <u>shall</u> require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure", unless there are extenuating circumstances.

### III.     ARGUMENT

In the instant case, HipSaver was served with a proper notice of deposition. It subsequently refused to appear because it had served a subpoena on Garwood and Garwood objected to it. Posey is aware of no legal authority that permits a party who has been served with a valid deposition notice to refuse to attend its deposition on the grounds that it has served a third party with a subpoena and the third party has objected.

In refusing to attend its deposition, HipSaver was basically taking the position that it was entitled to discovery before Posey was entitled to its discovery. However, this is not the law. Rule 26(d) of the Federal Rules of Civil Procedure specifically provides that the fact that a party is conducting discovery of its own does not operate to delay any other party's discovery.

Moreover, the ostensible reason given by Mr. Dailey for HipSaver's refusal to attend its deposition is that HipSaver could not adequately prepare for its deposition without Garwood's documents. However, even a cursory review of the deposition notice that was served on HipSaver shows that, of the 36 categories the examination of HipSaver was expected to encompass, only one (i.e., category "Z", "the basis for HipSaver's complaints regarding Posey's recent advertising") could be expected to have anything to do with Garwood's documents. In sum, HipSaver's excuse for not attending its deposition was a sham and an obvious delaying tactic.

HipSaver's refusal to attend its deposition was completely unjustified. Thus, pursuant to Rule 37(d), the Court should order it to appear for deposition within the next ten days on a date that is agreeable to Posey. In addition, as a sanction under Rule 37(d),

the Court should order either (i) that the deposition shall take place in Los Angeles, or (ii) that HipSaver and its counsel, Edward Dailey, shall pay the reasonable expenses, including attorneys' fees, incurred by Posey in having its counsel travel to Boston a second time to take the deposition.  At the very least, the Court should order HipSaver and Mr. Dailey to pay the expenses incurred by Posey in bringing the instant motion.

As is set forth in the accompanying Morseburg Declaration, the total of all of the foregoing estimated expenses is approximately $5,410.

## IV.    CONCLUSION

For the foregoing reasons, Posey's motion to compel should be granted. Furthermore, the Court should also either order that the deposition of HipSaver shall take place in Los Angeles, or order that HipSaver and its counsel shall pay the reasonable expenses, including attorneys' fees, incurred in connection with Posey's counsel having to travel to Boston a second time and with bringing the instant motion.

Dated: September 26, 2005                    Respectfully submitted,

                                                    J.T. POSEY COMPANY
                                                  By its attorneys,

                                                  /s/ Douglas H. Morseburg
                                                  Jeffrey G. Sheldon (CA Bar No. 67516)
                                                  Douglas H. Morseburg (CA Bar No. 26205)
                                                  Shannon S. Sheldon (CA Bar No. 216199)
                                                  SHELDON & MAK
                                                  225 South Lake Avenue, Suite 900
                                                  Pasadena, CA  91001
                                                  (626) 796-4000

                                                  Anthony J. Fitzpatrick (BBO # 564324)

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

**CERTIFICATE OF SERVICE**

  I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: September 26, 2005   /s/ Donald K. Piper_____
               Donald K. Piper