# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____ )

THE HIPSAVER COMPANY, INC.,    )    Civil Action No. 05-10917 PBS
    )
        Plaintiff,    )
    )
      v.    )
    )
J.T. POSEY COMPANY,    )
    )
        Defendant.    )
_____)
    )
AND RELATED COUNTERCLAIM.    )
_____)

## DECLARATION OF DOUGLAS H. MORSEBURG
## IN SUPPORT OF MOTION FOR ORDER COMPELLING
## DEPOSITION AND FOR SANCTIONS

I, Douglas H. Morseburg, declare:

1.  I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice.  I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company ("Posey") in this matter.  I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true.  I make this declaration in support of Posey's motion to compel the deposition of The HipSaver Company and for sanctions.

2.  On or about July 29, 2005, Edward Dailey, counsel for Plaintiff and Counterclaim Defendant The HipSaver Company ("HipSaver") advised me via email that he and his client were available for deposition on August 25 or August 26, 2005.  As a consequence,

on August 4, 2005, I caused to be served on Mr. Dailey via mail and email a notice of deposition of HipSaver pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. A true and correct copy of the deposition notice is attached as Exhibit "A".

3.   At the time I noticed HipSaver's deposition, I also noticed the deposition of an individual named Dr. Jeffrey Burl, who resides in Worcester, Massachusetts.  To keep from having to make two trips to Massachusetts for depositions, the Burl deposition was noticed for August 25, 2005, i.e., the day before HipSaver's deposition.

4.   At some point, the precise date of which is unknown to me, HipSaver served a "documents only" subpoena on Garwood Laboratories, Inc. ("Garwood"), the California company that conducted the "impact study" that is referred to in the accused Posey advertisements that are at the heart of HipSaver's claims in this case.  Posey obtained a copy from Garwood.  Because the subpoena was overly broad, on at least two occasions, I asked Mr. Dailey to agree to narrow it.  Mr. Dailey never substantively responded to my requests.  He did, however, send me an email in which he inquired as to whether I represented Garwood, to which I responded that I did not.

5.   On or about August 12, 2005, Garwood objected to HipSaver's subpoena.  That same day, I received an email from Mr. Dailey, a true and correct copy of which is attached as Exhibit "B".

6.   On August 16, 2005, I sent an email to Mr. Dailey.  A true and correct of that message is attached as Exhibit "C".

7.   In reply, I received an email message that same day from Mr. Dailey.  A true and correct copy is attached as Exhibit "D".

8.   On the morning of August 25, 2005, I took the deposition of Dr. Burl in Worcester.  Later that afternoon, I caused a letter to be sent to Mr. Dailey asking him to confirm that HipSaver would appear for its deposition the following morning.  In response, Mr. Dailey sent an email to one of the paralegals at Sheldon & Mak, stating

that HipSaver would not appear.  A true and correct copy of Mr. Dailey's August 25, 2005 email is attached as Exhibit "E".

9.    The following week, Mr. Dailey and I met and conferred via telephone regarding the issue of HipSaver's failure to appear for its deposition.  Mr. Dailey's continued position was that HipSaver would not appear for its deposition until Garwood produced its documents.

10.  As a consequence of the foregoing, the Court should order HipSaver to appear for its deposition within 10 days on a date that is convenient to Posey's counsel.  The Court should also order that, as a sanction, the deposition is to occur in the Los Angeles area at a location of Posey's choosing.  Alternatively, the Court should order HipSaver to pay the expenses, including the reasonable attorneys' fees, that Posey will incur in having its counsel travel to Boston a second time for the deposition.

11.  Such expenses will include (i) coach class airfare, which I estimate will cost approximately $400, (ii) ground transportation to and from Logan airport, which I estimate will cost $80.00, (iii) one night's hotel, which I estimate will cost $250, (iv) 8 hours of attorney travel time, which I estimate will cost approximately $2,680 (at $335 per hour, which is Sheldon & Mak's standard hourly rate for my time and which I believe is comparable with the rates charged by similar firms in the Los Angeles area), and (v) the costs incurred in bringing the instant motion, which I estimate will be approximately $2,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 26th day of September, 2005 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

013 Decl of DHM re Motion to Compel

3

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Case No. CV-05-10917 PBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.T. POSEY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AND RELATED COUNTERCLAIM. | ) | |
| | ) | |

**DEFENDANT J.T. POSEY COMPANY'S**
**NOTICE OF DEPOSITION OF THE HIPSAVER COMPANY, INC.**
**PURSUANT TO FED. R. CIV. PROC. 30(b)(6)**

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT Defendant and Counterclaimant J. T. Posey Company Inc. ("Posey") will take the deposition of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on August 26, 2005 at 8:30 a.m., at the offices of Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210. The examination shall encompass the following matters:

A.      The existence, the description, the location and the format of any documents in the possession, custody or control of HipSaver that support the allegations of HipSaver's complaint in this matter (the "Complaint").

003 Notice of HipSaver Depo.wpd

B.      The names, addresses and telephone numbers of any witnesses who have information concerning the allegations of the Complaint.

C.      The existence, the description, the location and the format of any documents in the possession, custody or control of HipSaver that are responsive to the individual document requests contained in Posey's First Request for Production of Documents that was served on HipSaver on July 26, 2005.

D.      The names, addresses and telephone numbers of any witnesses who have, or who provided, any information responsive to the interrogatories contained in Posey's First Set of Interrogatories that was served on HipSaver on July 26, 2005.

E.      The dates, the nature and the results of any testing by HipSaver or by any third person on HipSaver's behalf of Posey's Hipster products.

F.      The dates, the nature and the results of any testing by HipSaver or by any third person on HipSaver's behalf of any materials from which Posey's Hipster products are made.

G.      The dates, the nature and the results of any testing by HipSaver or by any third person on HipSaver's behalf of HipSaver's products.

H.      The dates, the nature and the results of any testing by HipSaver or by any third person on HipSaver's behalf of any materials from which HipSaver's products are made.

I.      The dates, the nature and the results of any testing by HipSaver or by any third person on HipSaver's behalf of hip protector products other than those of Posey and HipSaver.

J.      The dates, the nature and the results of any testing by HipSaver or by any third person on HipSaver's behalf of any materials from which hip protector products other than those of Posey and HipSaver are made.

K.    The nature, the dates and the persons who have knowledge of the promotional materials, including advertisements, flyers and product inserts, that were developed, published or disseminated by HipSaver since September 2004.

L.    The nature, the dates and the persons who have knowledge of the changes that were made to HipSaver's Internet website since September 2004.

M.    HipSaver's understanding of the terms of the settlement agreement between HipSaver and Posey that was signed in or about September 2004.

N.    The identities of the persons who own shares of HipSaver and the percentage of shares owned by each.

O.    The identities of HipSaver's officers and directors.

P.    The control of HipSaver by Edward Goodwin.

Q.    The identities of the persons who participated in the development of the content of HipSaver's Internet website.

R.    The identities of the persons who must approve the content of HipSaver's Internet website.

S.    HipSaver's knowledge of the nature and the substance of Posey's advertising prior to September 2004.

T.    HipSaver's knowledge of the nature and the substance of Posey's advertising after September 2004.

U.    The date and the manner in which HipSaver first became aware that Posey referred to the Garwood Impact Study in its advertising.

V.    The existence, the description, the location and the format of any documents in

the possession, custody or control of HipSaver relating to the date and the manner in which HipSaver first became aware that Posey referred to the Garwood Impact Study in its advertising.

      W.     HipSaver's knowledge of references to the Garwood Impact Study in Posey's advertising prior to September 2004.

      X.     HipSaver's knowledge of references to the Garwood Impact Study in Posey's advertising after September 2004.

      Y.     HipSaver's contacts with Garwood Laboratories, Inc.

      Z.     The nature of, and the basis for, HipSaver's complaints regarding Posey's recent advertising.

      AA.    The identities of the people who participated in HipSaver's decision to commence the instant action against Posey.

      BB.    The reasons for HipSaver's decision to commence the instant action against Posey.

      CC.    The damages HipSaver has suffered as a consequence of any of Posey's acts described in the Complaint.

      DD.    The existence, the description, the location and the format of any documents in the possession, custody or control of HipSaver concerning the damages HipSaver has suffered as a consequence of any of Posey's acts described in the Complaint.

      EE.    HipSaver's knowledge of any instances in which members of the consuming public have chosen Posey's products over HipSaver's products as a consequence of any of the acts complained of in the Complaint.

      FF.    HipSaver's advertising expenditures over the past 5 years.

GG.    The existence, the description, the location and the format of any documents in the possession, custody or control of HipSaver relating to, evidencing or discussing HipSaver's advertising expenditures over the past 5 years.

HH.    HipSaver's sales and profits over the past 5 years.

II.    The existence, the description, the location and the format of any documents in the possession, custody or control of HipSaver relating to, evidencing or discussing HipSaver's sales and/or profits over the past 5 years.

JJ.    HipSaver's alleged damages sustained as a consequence of any of the acts complained of in the Complaint.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 30(b)(6), HipSaver is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf as to the matters set forth above.

The deposition will be taken before a certified court reporter or other person authorized to administer oaths in the State of Massachusetts and shall continue day to day, Sundays and

//

//

//

holidays excepted, until completed. The deposition will be recorded stenographically and may be

recorded by means of videotape. You are invited to attend and cross examine.

Dated: August _4_, 2005

J.T. POSEY COMPANY
By its attorneys,

_Douglas H. Morseburg._

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg,
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: August 4, 2005

Donald K. Piper

**EXHIBIT "B"**

**From:**      "Edward Dailey" <Edailey@bromsun.com>
**To:**        "Doug Morseburg" <doug@usip.com>, <ajfitzpatrick@duanemorris.com>
**Date:**      8/12/05 1:29PM
**Subject:**   HipSaver v Posey

Gentlemen,
  I have just received a highly questionable objection to our subpoena
to Garwood.  Please be advised that we will not be prepared to present a
30(b)(6) witness for deposition in Boston until we have the Garwood
documents.  Consequently, I hope you can prevail on Garwood to comply
with my subpoena.

        /Ed Dailey



This message is intended only for the addressee(s), and may contain information that is privileged and
confidential.  If the recipient of this message is not an addressee, please notify us immediately by
telephone at 617-443-9292.

**EXHIBIT "C"**

**From:** "Doug Morseburg" <doug@usip.com>
**To:** <Edailey@bromsun.com>
**Date:** 8/16/05 12:13PM
**Subject:** Re: HipSaver v Posey

Dear Ed:

I am not aware of any authority that permits a party to refuse to attend a Rule 30(b)(6) deposition (especially one that was noticed for a date chosen by the party) because a third party served an objection to the party's subpoena. If you are aware of any such authority, I request that you provide it to me.

We will be taking the deposition of Dr. Burl next Thursday, as noticed. We will be taking the deposition of your client on Friday, as agreed and noticed. In the event your client does not appear on Friday, we will file a motin to compel and for sanctions against your client in an amount equal to the expense of making us go to Boston a second time.

By the way, we are not going to try to prevail upon Garwood to produce all of your requested documents. I wrote you last week and told you the subpoena was overly broad. I asked you to agree to limit it. Your only response was "Do you represent Garwood?"

I note that you have now served some requests for production on Posey. They are also overly broad, at least with respect to Garwood/Posey documents.

In the interests of avoiding needless motion practice, I invite you to agree to limit your requests (and I again invite you to agree to limit your subpoena). In the alternative, I invite you to justify the breadth of the requests and the subpoena.

Sincerely,

Doug Morseburg


Douglas H. Morseburg
Sheldon & Mak
225 South Lake Ave., 9th Floor
Pasadena, CA 91101-3021
U.S.A.

Tel.       626-356-1217 (direct)
Fax.      626-795-6321
Email     doug@usip.com

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us

immediately via email at doug@usip.com or by telephone at (626)
796-4000. Thank you.

>>> "Edward Dailey" <Edailey@bromsun.com> 08/12/05 01:23PM >>>
Gentlemen,
  I have just received a highly questionable objection to our subpoena
to Garwood. Please be advised that we will not be prepared to present
a
30(b)(6) witness for deposition in Boston until we have the Garwood
documents. Consequently, I hope you can prevail on Garwood to comply
with my subpoena.

        /Ed Dailey

This message is intended only for the addressee(s), and may contain
information that is privileged and confidential. If the recipient of
this message is not an addressee, please notify us immediately by
telephone at 617-443-9292.

Checked by PMCS Anti Spam/Virus Service (818) 957-5647. WWW.pmcs-inc.com

CC:             <ajfitzpatrick@duanemorris.com>, "Cassandra Scardino" <Cassandra@usip.com>,
<Doug@usip.com>, "Don Piper" <dpiper@usip.com>

**EXHIBIT "D"**

| | |
|---|---|
| **From:** | "Edward Dailey" <Edailey@bromsun.com> |
| **To:** | "Doug Morseburg" <doug@usip.com>, <ajfitzpatrick@duanemorris.com> |
| **Date:** | 8/16/05 1:25PM |
| **Subject:** | RE: HipSaver v Posey |

Doug,

  We cannot prepare adequately for the 30(b)(6) deposition or for meaningful mediation for so long as the Defendant and its attorneys block essential discovery to which we have a right and for so long as we must proceed in a court on the other side of the United States to compel production of the subpoenaed documents.  Once we have obtained the subpoenaed information which is at the core of our lawsuit, we can turn our attention back to Massachusetts and will be pleased to appear for the deposition and mediation.

        Needless to say, you can resolve all of this with one phone call to your colleague who is representing Garwood.

    /Ed


-----Original Message-----
From: Doug Morseburg [mailto:doug@usip.com]
Sent: Tuesday, August 16, 2005 3:12 PM
To: Edward Dailey
Cc: ajfitzpatrick@duanemorris.com; Cassandra Scardino; Doug@usip.com;
Don Piper
Subject: Re: HipSaver v Posey

Dear Ed:

I am not aware of any authority that permits a party to refuse to attend a Rule 30(b)(6) deposition (especially one that was noticed for a date chosen by the party) because a third party served an objection to the party's subpoena.  If you are aware of any such authority, I request that you provide it to me.

We will be taking the deposition of Dr. Burl next Thursday, as noticed.  We will be taking the deposition of your client on Friday, as agreed and noticed.  In the event your client does not appear on Friday, we will file a motin to compel and for sanctions against your client in an amount equal to the expense of making us go to Boston a second time.

By the way, we are not going to try to prevail upon Garwood to produce all of your requested documents.  I wrote you last week and told you the subpoena was overly broad.  I asked you to agree to limit it.  Your only response was "Do you represent Garwood?"

I note that you have now served some requests for production on Posey.  They are also overly broad, at least with respect to Garwood/Posey documents.

In the interests of avoiding needless motion practice, I invite you to agree to limit your requests (and I again invite you to agree to limit your subpoena).  In the alternative, I invite you to justify the breadth of the requests and the subpoena.

Sincerely,

Doug Morseburg

Douglas H. Morseburg
Sheldon & Mak
225 South Lake Ave., 9th Floor
Pasadena, CA 91101-3021
U.S.A.

Tel.        626-356-1217 (direct)
Fax.        626-795-6321
Email        doug@usip.com

This transmission is intended only for the use of the addressee and may
contain information that is privileged, confidential and exempt from
disclosure under applicable law.  If you are not the intended recipient,
or the employee or agent responsible for delivering the message to the
intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify us
immediately via email at doug@usip.com or by telephone at (626)
796-4000.  Thank you.

>>> "Edward Dailey" <Edailey@bromsun.com> 08/12/05 01:23PM >>>
Gentlemen,
  I have just received a highly questionable objection to our subpoena
to Garwood.  Please be advised that we will not be prepared to present a
30(b)(6) witness for deposition in Boston until we have the Garwood
documents.  Consequently, I hope you can prevail on Garwood to comply
with my subpoena.

        /Ed Dailey

This message is intended only for the addressee(s), and may contain
information that is privileged and confidential.  If the recipient of
this message is not an addressee, please notify us immediately by
telephone at 617-443-9292.

**EXHIBIT "E"**

| | |
|---|---|
| **From:** | "Edward Dailey" <Edailey@bromsun.com> |
| **To:** | "Don Piper" <dpiper@usip.com> |
| **Date:** | 8/25/05 11:27AM |
| **Subject:** | RE: HipSaver v Posey |

Please inform Doug, as I have on at least two occasions, that we are not able to go forward with the 30(b)(6) deposition on Friday, in large measure because Doug has blocked our access to critical documents and things.  This has also forced me to attend to a pointless motion to compel in Los Angeles  Under the circumstances, we cannot prepare adequately for the deposition and will not be able to go forward until a later date.

/Ed Dailey

-----Original Message-----
From: Don Piper [mailto:dpiper@usip.com]
Sent: Thursday, August 25, 2005 1:59 PM
To: Edward Dailey
Cc: AJFitzpatrick@duanemorris.com; LNWalker@duanemorris.com; Tpfitzpatrick@duanemorris.com; Cassandra Scardino; Doug Morseburg
Subject: HipSaver v Posey

Please see attached letter from Doug Morseburg.

Douglas H. Morseburg
Sheldon & Mak
225 South Lake Ave., 9th Floor
Pasadena, CA 91101-3021
U.S.A.

| | |
|---|---|
| Tel. | 626-356-1217 (direct) |
| Fax. | 626-795-6321 |
| Email | doug@usip.com |

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via email at doug@usip.com or by telephone at (626) 796-4000.  Thank you.

This message is intended only for the addressee(s), and may contain information that is privileged and confidential.  If the recipient of this message is not an addressee, please notify us immediately by telephone at 617-443-9292.

CC:         <ajfitzpatrick@duanemorris.com>, "Doug Morseburg" <doug@usip.com>,

<JGSheldon@usip.com>