UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>  　　　　　　　Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>  　　　　　　　Defendant <br><br> ──────────────────── <br><br> J.T. Posey Company, Inc., <br>  　　　　　　　Counterclaim Plaintiff <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>  　　　　　　　Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPPOSITION TO DEFENDANT J.T. POSEY COMPANY'S MOTION TO
COMPEL A DEPOSITION AND FOR SANCTIONS**

　　Plaintiff, The HipSaver Company, Inc. ("HipSaver") opposes the Defendant's Motion to Compel a Rule 30(b)(6) Deposition and for Sanctions. The Motion is groundless and needless and the product of less than forthcoming assertions and argument by the Defendant. By interfering with HipSaver's third party discovery of documents and materials which are necessary to prepare for the Rule 30(b)(6) deposition, the Defendant forced cancellation and has prevented re-scheduling of the deposition. And, it is the Defendant alone who can resolve this impasse simply by permitting

1

production of the third party documents and materials. The trial court should summarily reject Posey's Motion to Compel.

## ARGUMENT

HipSaver's lawsuit is grounded in significant part in the claim that the Defendant has falsely advertised its products by misstating and misrepresenting testing conducted for the Defendant by Garwood Laboratories ("Garwood") in California. At the commencement of discovery on July 22, 2005, HipSaver issued a subpoena to Garwood for documents and materials through the United States District Court for the Central District of California. Tab A, Subpoena to Garwood. Unknown to HipSaver at the time, the Defendant used its financial influence to cause Garwood to oppose the subpoena.

During the past two and one half months, HipSaver has made repeated efforts to negotiate a resolution to this opposition. Each time that Garwood has indicated its readiness to produce the subpoenaed documents and materials, however, the Defendant has intervened. Now, HipSaver has initiated the local rules process in the Central District of California to compel production of the subpoenaed documents and materials.

At the commencement of discovery in this lawsuit, HipSaver readily agreed to the Defendant's request for a Rule 30(b)(6) deposition directed at HipSaver's false advertising claims. See Defendant's Notice of Deposition and, in particular, items A, B, C, D, U, V, W, X, Y, Z). HipSaver expected to have the subpoenaed Garwood documents and materials at least ten days before the scheduled Rule 30(b)(6) deposition. However, as noted, the Defendant intervened, thwarted production of the Garwood documents and materials, and continues to block production.

HipSaver first learned of the Defendant's intervention with Garwood on or about August 12th and immediately informed the Defendant that the Rule 30(b)(6) deposition could not go forward until the Defendant permits production of the Garwood documents and materials which are necessary for the deposition. Defendant continues to block production of the Garwood documents and materials. This is the sole reason that the deposition has not gone forward.

In sum, the Defendant is responsible for having blocked HipSaver's access to documents and materials necessary for the deposition; and the Defendant can readily resolve this issue and go forward with the deposition simply by permitting production of the Garwood documents and things. There is no need for the court's intervention, and the Motion to Compel should be rejected.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)

Dated: 9.30.2005

CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California 91101.

/s/ Edward J. Dailey

02820/00502 434883.1

TAB "A"

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
### Western Division


DOCKET COPY

The HipSaver Company, Inc.
   Plaintiff,

V.

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER:[1] 05-10917 PBS
District of Massachusetts

J.T. Posey Company
   Defendant,

TO: Keeper of the Records, GARWOOD LABORATORIES, 7829 Industry Avenue Pico Rivera, California 90660

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): all documents and things described in Schedule A

| PLACE OF PRODUCTION ATKINSON ANDELSON LOYA RUDD & ROMO PC, 17871 Park Plaza Drive, Suite 200, Cerritos, California 90703, 562.653.3200, attention Aaron V. O'Donnell, Esq. | DATE AND TIME August 15, 2005 at 10:00am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for the Plaintiff | July 22, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward J. Dailey, BROMBERG SUNSTEIN LLP, 125 Summer Street, Boston, Massachusetts 02110
1.617.443.9292

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district court other than district of issuance, state district under case number 88 (1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

In response to the documents and things requested here, you are required to produce documents and things maintained in any tangible or electronic form, including data and images maintained in a computerized format. For documents maintained in a computerized format, you are required also to produce a useable copy of the program and operating system required to access the computerized data – unless the program and operating system are commercially available.

**Please produce:**

1. All correspondence, including letters, memos, electronic mail, proposals, agreements, and invoices and all drafts and revisions of the same - to or from any person associated with Garwood Laboratories, Inc. and to or from any person associated with or representing the Posey Company during the period from January 1, 2001 through the present.

2. All requests for proposal, test proposals, statements of work, test designs, test protocols, and all drafts and revisions of the same – which are related to or refer in any manner to testing or other work proposed by or conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

3. All manuals; journal reports; scholarly, reference, or professional materials or sources consulted in preparing and executing testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

4. All certificates of origin or other identifying materials or documents for all specimens and materials tested by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

5. All documents which describe the specimens and materials (by dimension, material, shape, color, pouch covering, laminate structure, trade name) tested by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

6.  All documents which describe the top and bottom of the test impact surfaces (including topography, curvature, and impact surface dimensions) for testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

7.  All documents listing the name of persons (and their role) associated with testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

8.  All documents listing the names of persons employed by or representing the Posey Company who were associated with, observed, or participated in any way with testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

9.  All test or work data, records, logs, test reports, diagrams, charts, and materials, including test materials, which are associated in any manner with to testing or other work proposed by or conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

10. All test or work data, records, logs, test reports, diagrams, charts, and materials, including test materials, which are associated in any manner with to impact testing, impact absorption testing, or other work related to simulation of a fall from a height of 36 inches which has been conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

02820/00502 419597.1

| | | | | |
|---|---|---|---|---|
| *Attorney or Party without Attorney:*<br>ATKINSON, ANDELSON, LOYA, RUUD & ROMO<br>17871 PARK PLAZA DRIVE<br>SUITE 200<br>CERRITOS, CA 90703 | | *Telephone No.:*<br>(562) 653-3200 | | *For Court Use Only*<br><br>COPY |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court-central District, Los Angeles

*Plaintiff:* THE HIPSAVER
*Defendant:* J.T. POSEY

| PROOF OF SERVICE<br>(Subpena In A Civil Case) | *Hearing Date:*<br>Mon, Aug. 15, 2005 | *Time:*<br>10:00am | *Dept/Div* | *Case Number:*<br>05-10917 PBS |
|---|---|---|---|---|

1. At the time of service I was at least 18 Years of age and not a party to this action.

2. I served copies of the:
   Subpena In A Civil Case

3. a. Party Served:          GARWOOD LABORATORIES (Witness)

   b. Person Served:         CORINA HARTMAN, AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served:   7829 INDUSTRY AVE.
                                          PICO RIVERA, CA 90660

5. I served the party:
   a. **by personal service** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu, Jul. 28, 2005 (2) at: 12:15PM

6. Witness fees were offered or demanded and paid.   $15.00

7. Person who served the papers:
   a. GENARO RUIZ
   b. A & M ATTORNEY SERVICE, INC.
      P.O. BOX 7881
      Long Beach, CA 90807
   c. (562) 426-8306

   Recoverable Costs Per CCP 1033.5(a)(4)(B)
   d. *The Fee for service was:* $62.00
   e. I am: (3) Registered California process server.
       (i) Independent Contractor
       (ii) Registration No.: 503-C
       (iii) County: LOS ANGELES

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Jul. 29, 2005

Judicial Council form POS-010          PROOF OF SERVICE          (GENARO RUIZ)          ATKIN.309345