# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>          Plaintiff, <br> v <br> J.T. Posey Company, <br>          Defendant <br><br> J.T. Posey Company, Inc., <br>          Counterclaim Plaintiff <br> v <br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>          Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO COUNTERCLAIM

Plaintiff, The HipSaver Company, Inc. ("HipSaver") and the Counterclaim Defendant, Edward L. Goodwin ("Mr. Goodwin") answer the Defendant, J.T. Posey's Company's Counterclaim as follows:

    1.    HipSaver and Mr. Goodwin admit paragraph 32 in the Counterclaim.

    2.    HipSaver and Mr. Goodwin admit paragraph 33 in the Counterclaim and state that HipSaver is a business corporation organized and operating under the business corporation laws of the Commonwealth of Massachusetts.

1

3. HipSaver and Mr. Goodwin admit that he resides in the Commonwealth of Massachusetts, is president of HipSaver, and participates fully in its business. HipSaver and Mr. Goodwin deny whatever other allegation is made or suggested in paragraph 34 in the Counterclaim.

4. HipSaver and Mr. Goodwin deny paragraph 35 in the Counterclaim as utterly groundless legal argument.

5. HipSaver and Mr. Goodwin admit Paragraph 36 in the Counterclaim.

6. In answer to paragraph 37 in the Counterclaim, HipSaver and Mr. Goodwin deny that Posey is well respected or an innovator. Further answering, HipSaver and Mr. Goodwin admit that Posey holds patents for strait jackets and strait jacket restraints which have nothing whatsoever to do with this lawsuit. And HipSaver and Mr. Goodwin admit that Posey is a dominant health care supplier which sells more than 600 products.

7. HipSaver and Mr. Goodwin deny paragraph 38 in the Counterclaim.

8. In answer to paragraph 39 in the Counterclaim, HipSaver and Mr. Goodwin admit that Posey has introduced several lines of so called hip protector products. HipSaver and Mr. Goodwin deny that Posey's products are designed to help prevent fractured hips from falls by elderly persons.

9. In answer to paragraph 40 in the Counterclaim, HipSaver and Mr. Goodwin admit that HipSaver offers a line of hip protection products which are offered in the marketplace under the HIPSAVER® mark.

10. HipSaver and Mr. Goodwin deny paragraph 41 in the Counterclaim. Further answering, HipSaver and Mr. Goodwin state that Posey was informed that its

product copied elements of a patent for air holding protective foam construction which was about to issue to Mr. Goodwin, US 6,519,780.  And further answering HipSaver and Mr. Goodwin state that Posey altered its design and was then advised its product no longer raised an infringement issue with respect to the cited patent.

      11.      HipSaver and Mr. Goodwin deny paragraph 42 in the Counterclaim. Further answering, HipSaver and Mr. Goodwin state that Posey has copied, imitated, and "knocked-off" HipSaver products.

      12.      HipSaver and Mr. Goodwin deny paragraph 43 in the Counterclaim. Further answering, HipSaver and Mr. Goodwin state that Posey has and continues to sell so called hip protection products which are subject to rapid degradation.  And further answering, HipSaver states that Posey has engaged in a new round of unfair, misleading, deceptive, fraudulent, and false advertising with respect to the effectiveness, durability, high durability, and launderability of its so called hip protection products.

      13.      In answer to paragraph 44 in the Counterclaim HipSaver and Mr. Goodwin admit that the parties were involved in a lawsuit during 2004 in which HipSaver challenged Posey's false and fraudulent advertising and that Posey settled the dispute by withdrawing its unfair, misleading, deceptive, false and fraudulent advertising; by issuing corrective advertising to all of its customers, and by paying a settlement to HipSaver.

      14.      Paragraph 45 in the Counterclaim is admitted.  Under paragraph 10 in the settlement agreement. Posey released HipSaver and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected

with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§1125, 1117 and G.L. c.93A, §§ 2,11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement. Further answering, HipSaver and Mr. Goodwin state that Posey entered into a stipulation of dismissal with prejudice under Fed.R.Civ.P. 41(a)(1)(ii).

       15.    Paragraph 46 is admitted to the extent that HipSaver maintains a website, and HipSaver answers further that the website contains precisely the same claims today as in 2004 and that any challenge to these claims is barred by the settlement agreement and dismissal with prejudice as stated by Posey in paragraph 45 in the Counterclaim.

       16.    HipSaver and Mr. Goodwin deny paragraph 47 and paragraph 48 and paragraph 49 in the Counterclaim as utterly groundless legal argument which is barred by Posey's admission in paragraph 45 in the Counterclaim.

       17.    HipSaver and Mr. Goodwin deny the allegations in paragraph 45 through 58 in the Counterclaim as utterly groundless legal argument which is barred by Posey's admission in paragraph 45 in the Counterclaim.

       18.    HipSaver and Mr. Goodwin deny the allegations in paragraph 59 in the Counterclaim as groundless.

**HipSaver and Mr. Goodwin claim trial by jury.**

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,


 /s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
Dated:  10.12.2005


**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts  02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California  91101.

/s/ Edward J. Dailey

02820/00502  437158.1