# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
|     Plaintiff, | ) |
| v | ) |
| J.T. Posey Company, | ) |
|     Defendant | ) |
| J.T. Posey Company, Inc., | ) |
|     Counterclaim Plaintiff | ) |
| v | ) |
| The HipSaver Company, Inc. and Edward L. Goodwin, | ) |
|     Counterclaim Defendants | ) |

## Emergency Motion For Protective Order

Pursuant to Fed. R. Civ. P. 30(d)(3), and 37, Plaintiff, The HipSaver Company, Inc. ("HipSaver") moves for immediate entry of a Protective Order which will defer three depositions of third party witnesses *until* the Defendant, JT Posey Company ("Posey") produces documents and materials which are critical to the depositions and affords HipSaver a reasonable opportunity to review the documents and materials and prepare for the three depositions. Copies of the Notices of Deposition are attached at Exhibit A.

1

In support of this Motion, HipSaver states the following:

1. HipSaver received Posey's Notices of Depositions two days ago, Tuesday, October 18, 2005. The depositions are noticed for next Tuesday and Wednesday, October 25th and 26th in Pasadena, California. HipSaver has attempted to confer and reach agreement on scheduling and access to *critical documents and materials which are the subject of the depositions and which have been withheld from discovery since July 22, 2005*. Posey has declined to agree to a schedule for the depositions and to provide the documents and materials in a manner which will afford sufficient time for HipSaver's review and evaluation and opportunity to prepare for the depositions. Furthermore, Posey has informed HipSaver that the documents and materials in question will be produced one business day prior to the depositions and subject to a blanket "Attorney's Eyes Only" designation. While this blanket designation may well violate this court's earlier Protective Order,[1] such a designation makes it impossible for HipSaver to have the documents evaluated and reviewed in time for the three depositions scheduled for next week.

2. The documents and materials in question are at the core of HipSaver's lawsuit, were requested from the Defendant pursuant to Fed. R. Civ. P. 34 on August 12, 2005, and, in addition, were first subpoenaed from Garwood Laboratories ("Garwood") pursuant to Fed. R. Civ. P. 45 on or about July 22, 2005. Garwood is the employer of the three witnesses who are to be deposed by Posey.

---

[1] Section 5 of the Protective Order issued by Collings, MJ expressly prohibits "mass, indiscriminate designations" for Attorney's Eyes Only.

3.  As the trial court is aware, Posey has thwarted HipSaver's effort to obtain the documents and materials from Garwood.[2] Posey has also failed and refused to produce Garwood documents and materials in its possession. In fact, since July 22, 2005 when the parties appeared for a scheduling conference, Posey has not produced even a single page of even a single document but has resisted all document and materials discovery. As a consequence, HipSaver's discovery in this lawsuit has been entirely blocked.

4.  The court should take note that it denied Posey's effort to avoid production of the Garwood documents and materials in its ruling issued on October 14, 2005. *See* Docket entry Order by Collings, MJ.[3] Posey has produced nothing.

5.  The importance and significance of the withheld Garwood documents and materials is straightforward: Posey's advertising identifies Garwood as the "independent laboratory" which, the Defendant claims, conducted testing to determine the "most effective impact absorbing material" in a test "created to simulate a fall causing direct impact to the greater trochanter [the hip bone]." HipSaver has challenged Posey's advertising as deceptive and fraudulent and in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§2, 11.

6.  Through counsel, Posey has acknowledged that it intends to use Garwood documents and materials at the three depositions scheduled for next Tuesday and Wednesday in California. Of course, these documents and materials are the subject of HipSaver's long outstanding Request for Production of Documents and the Subpoena to Garwood.

---

[2] HipSaver's separate Motion to Compel compliance with the document and materials Subpoena to Garwood is pending in the United States District Court for the Central District of California, Lost Angeles, and is scheduled to be heard on November 8, 2005.

[3] HipSaver is filing a Motion to Amend and Extend the Scheduling Order on Friday October 21, 2005.

7.	Without question, examination of Garwood's witnesses about the requested and subpoenaed documents and materials is critical to *both* the Plaintiff's lawsuit and Posey's defense.  As a matter of due process of law, both parties should have an equal opportunity to conduct deposition discovery about the Garwood documents and materials.  And, this means both parties should have equal access to the documents and materials and reasonable opportunity to review and evaluate the documents and materials *before* depositions are conducted.

8.	Prior notice and an opportunity to contest is fundamental to the concept of due process.  Where technical engineering documents and materials, such as those at issue here, are withheld and where the withheld documents and materials are used to conduct witness examination, due process is lost.  It is simply impossible for HipSaver to review technical documents and materials "on the fly" and to effectively conduct cross examination in such a one sided circumstance.

9.	Posey's withholding of the Garwood documents and materials permits it to conduct the depositions of the three Garwood witnesses with a grossly unfair advantage.  Posey has the technical documents and materials.  And, Posey has had months to evaluate the documents and materials in preparation for the depositions.  At the same time, Posey has withheld the documents and materials and has left HipSaver with no opportunity to review and evaluate the documents and materials and to prepare for the deposition and cross examination of these important witnesses.

10.	Posey's withholding of the Garwood documents and materials and its attempt to use these documents and materials in one sided deposition discovery as described here is a violation of Rule 37(a)(3) and 37(c).

11.   To permit Posey to conduct depositions involving critical documents and materials which have been withheld during three months of discovery and which cannot be reviewed and evaluated in time for next week's depositions is to reward discovery evasion and will certainly undercut HipSaver's right to conduct critical discovery on an equal footing with the Defendant.  Moreover, the time and expense to obtain court approval for further depositions of the Garwood witnesses will be a significant burden to HipSaver.

12.   The court has authority to enter a Protective Order in accordance with Rule 30(d)(3), and Rule 37 to protect against any conduct which amounts to "evasive or incomplete disclosure, answer, or response"; is an impediment to "fair examination of the deponent" and to protect against conduct of a deposition "in such a manner as unreasonably to annoy, embarrass or oppress the deponent or party".  The facts set out here clearly establish cause for a Protective Order.

**THEREFORE**, HipSaver requests entry of the following Protective Order:

- Posey is directed forthwith to produce and deliver all Garwood documents and materials requested in HipSaver's First Request for Production of Documents to HipSaver's counsel in Boston.

- Posey is directed forthwith to produce and deliver all documents and materials it intends to use in the depositions of Garwood witnesses identified in the Notices of Deposition to HipSaver's counsel in Boston.

- Posey is directed to make "Attorney's Eyes Only" designations in the produced documents and materials solely in accordance with section 5 of the court's Protective Order.

- Posey is directed to confer with HipSaver and to schedule depositions of the Garwood witnesses at convenient time and dates which at least affords 15 working days for counsel to review documents and materials with an expert engineer and to prepare for examination of the three witnesses.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Courtney M. Quish
Lee Carl Bromberg, BBO no. 058480
Edward J. Dailey, BBO no. 112220
Courtney M. Quish, BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
(617) 443-9292
(617) 443-0004  (fax)
cquish@bromsun.com

Dated:  October 20, 2005

02820/00502 439295.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Case No. CV-05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

### DEFENDANT J.T. POSEY COMPANY'S
### NOTICE OF DEPOSITION OF R. M. "RICK" CLEMENS

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT Defendant and Counterclaimant J. T. Posey Company Inc. ("Posey") will take the deposition of R. M. "Rick" Clemens on October 25, 2005 at 9:00 a.m., at the offices of Sheldon & Mak PC, 225 South Lake Avenue, Ninth Floor, Pasadena, California 91101, (626) 796-4000.

The deposition will be taken before a certified court reporter or other person authorized to administer oaths in the State of California and shall continue day to day, Sundays and

//

//

//

014 Notice of Depo of Clemens.wpd

holidays excepted, until completed. The deposition will be recorded stenographically and may be recorded by means of videotape. You are invited to attend and cross examine.

Dated: October 17, 2005

J.T. POSEY COMPANY
By its attorneys,

_____
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg,
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK PC
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Case No. CV-05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

### DEFENDANT J.T. POSEY COMPANY'S
### NOTICE OF DEPOSITION OF WILLIAM FLOWER

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT Defendant and Counterclaimant J. T. Posey Company Inc. ("Posey") will take the deposition of William Flower on October 25, 2005 at 10:30 a.m., at the offices of Sheldon & Mak PC, 225 South Lake Avenue, Ninth Floor, Pasadena, California 91101, (626) 796-4000.

The deposition will be taken before a certified court reporter or other person authorized to administer oaths in the State of California and shall continue day to day, Sundays and

//

//

//

013 Notice of Depo of Flower.wpd

holidays excepted, until completed. The deposition will be recorded stenographically and may be recorded by means of videotape. You are invited to attend and cross examine.

Dated: October 17, 2005

J.T. POSEY COMPANY
By its attorneys,

_____
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg,
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK PC
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J.T. POSEY COMPANY, )<br>)<br>Defendant. )<br>)<br>AND RELATED COUNTERCLAIM. )<br>) | Case No. CV-05-10917 PBS |

### DEFENDANT J.T. POSEY COMPANY'S
### NOTICE OF DEPOSITION OF TIM STURKIE

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT Defendant and Counterclaimant J. T. Posey Company Inc. ("Posey") will take the deposition of Tim Sturkie on October 26, 2005 at 9:30 a.m., at the offices of Sheldon & Mak PC, 225 South Lake Avenue, Ninth Floor, Pasadena, California 91101, (626) 796-4000.

The deposition will be taken before a certified court reporter or other person authorized to administer oaths in the State of California and shall continue day to day, Sundays and

//

//

//

012 Notice of Depo of Sturkie.wpd

holidays excepted, until completed. The deposition will be recorded stenographically and may be recorded by means of videotape. You are invited to attend and cross examine.

Dated: October 17, 2005

J.T. POSEY COMPANY
By its attorneys,

_____
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg,
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK PC
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200