**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Action No. 05-10917 PBS

The HipSaver Company, Inc.,
Plaintiff,

v

J.T. Posey Company,
Defendant

J.T. Posey Company, Inc.,
Counterclaim Plaintiff

v

The HipSaver Company, Inc. and
Edward L. Goodwin,
Counterclaim Defendants

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Plaintiff, the HipSaver Company, Inc. ("HipSaver"), moves to extend the discovery schedule to permit it to complete discovery. Specifically, HipSaver requests that the discovery deadlines be extended by approximately two months.[1] As grounds, Plaintiff states:

[1] A chart illustrating the proposed amended schedule is attached at **Exh. A**.

1.      HipSaver's claims relate to violations of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§2, 11.  The claims are heavily dependent upon the discovery of facts not available without opportunity for discovery.  To date, the Defendant, J.T. Posey Company ("Posey") and a critical third party witness, have resisted all discovery.

2.      This action alleges false and deceptive and fraudulent advertising by the Posey Company .  In significant part, HipSaver challenges Posey's misrepresentation of testing conducted by Garwood Laboratories ("Garwood"), a California company.  Posey's advertising identifies Garwood as the "independent laboratory" which, the Defendant claims, conducted testing to determine the "most effective impact absorbing material" in a test "created to simulate a fall causing direct impact to the greater trochanter [the hip bone]."  Documents and materials related to the Garwood study and the results and analysis of Garwood's tests are essential to HipSaver's case.

3.      At the outset of discovery, some three months ago, HipSaver served a third party subpoena on Garwood pursuant to Fed. R. Civ. P. 45 (July 22, 2005).  **Exh. B**, Garwood Subpoena, July 22, 2005.  Garwood refused to honor the subpoena, and after two failed attempts to reach agreement with Garwood, HipSaver has been forced to file a Motion to Enforce the Subpoena.  **Exh. C**, Motion to Enforce Subpoena.  The United States District Court for the Central District of California in Los Angeles has scheduled a hearing on this Motion on November 8th.

4.      At the same time, Garwood has resisted production of any discovery documents in response to HipSaver's Request for Production of documents, served on August 12, 2005.  By contrast, HipSaver has complied with the Defendant's discovery.

5. Assuming that Garwood will produce subpoenaed documents and that Posey will, in fact, honor its production obligations within the next three weeks, HipSaver requires a reasonable period of time to review and analyze the documents, seek further documents as reasonable, and conduct depositions. It is impossible for HipSaver to conduct meaningful discovery prior to the October 31, 2005 discovery deadline.

THEREFORE, For the reasons set out here, HipSaver requests revision and extension of the discovery schedule as proposed in **Exhibit A.**

**CERTIFICATION UNDER LOCAL RULES 7.1 AND 37.1**

The undersigned Courtney M. Quish, certifies that counsel for the parties have conferred by electronic mail and by telephone on October 20, 2005 in a good faith attempt to resolve or narrow issues set out in this Motion but were unable to do so.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg, Esq.
BBO No.: 058480
Edward J. Dailey, Esq.
BBO No.: 112220
Courtney M. Quish, Esq.
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
cquish@bromsun.com

Dated: October 21, 2005

02820/00502 439364.1

# EXHIBIT A

**PROPOSED SCHEDULING CHART**

| | Original Schedule | Proposed Amended Schedule |
|---|---|---|
| Fact Discovery | Oct. 31, 2005 | Dec. 30, 2005 |
| Plaintiff's Expert Designation | Nov. 15, 2005 | Jan. 16, 2006 |
| Defendant's Expert Designation | Dec. 15, 2005 | Feb. 16, 2006 |
| Expert Discovery | Jan. 15, 2006 | March 31, 2006 |
| Motion for Summary Judgment | Jan. 30, 2006 | April 21, 2006 |
| Opposition to Summary Judgment | Feb. 15, 2006 | May 10, 2006 |
| Summary Judgment Hearing | March 16, 2006 | May 31, 2006* |

* date to be confirmed by the court

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## Western Division

The HipSaver Company, Inc.
Plaintiff,

V.

J.T. Posey Company
Defendant,

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER:[1] 05-10917 PBS
District of Massachusetts

TO: Keeper of the Records, GARWOOD LABORATORIES, 7829 Industry Avenue Pico Rivera, California 90660

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): all documents and things described in Schedule A

| PLACE OF PRODUCTION ATKINSON ANDELSON LOYA RUDD & ROMO PC, 17871 Park Plaza Drive, Suite 200, Cerritos, California 90703, 562.653.3200, attention Aaron V. O'Donnell, Esq. | DATE AND TIME August 15, 2005 at 10:00am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for the Plaintiff | July 22, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward J. Dailey, BROMBERG SUNSTEIN LLP, 125 Summer Street, Boston, Massachusetts 02110
1.617.443.9292

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district court other than district of issuance, state district under case number 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Schedule A

In response to the documents and things requested here, you are required to produce documents and things maintained in any tangible or electronic form, including data and images maintained in a computerized format. For documents maintained in a computerized format, you are required also to produce a useable copy of the program and operating system required to access the computerized data – unless the program and operating system are commercially available.

**Please produce:**

1. All correspondence, including letters, memos, electronic mail, proposals, agreements, and invoices and all drafts and revisions of the same - to or from any person associated with Garwood Laboratories, Inc. and to or from any person associated with or representing the Posey Company during the period from January 1, 2001 through the present.

2. All requests for proposal, test proposals, statements of work, test designs, test protocols, and all drafts and revisions of the same – which are related to or refer in any manner to testing or other work proposed by or conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

3. All manuals; journal reports; scholarly, reference, or professional materials or sources consulted in preparing and executing testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

4. All certificates of origin or other identifying materials or documents for all specimens and materials tested by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

5. All documents which describe the specimens and materials (by dimension, material, shape, color, pouch covering, laminate structure, trade name) tested by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

6.  All documents which describe the top and bottom of the test impact surfaces (including topography, curvature, and impact surface dimensions) for testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

7.  All documents listing the name of persons (and their role) associated with testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

8.  All documents listing the names of persons employed by or representing the Posey Company who were associated with, observed, or participated in any way with testing conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

9.  All test or work data, records, logs, test reports, diagrams, charts, and materials, including test materials, which are associated in any manner with to testing or other work proposed by or conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

10. All test or work data, records, logs, test reports, diagrams, charts, and materials, including test materials, which are associated in any manner with to impact testing, impact absorption testing, or other work related to simulation of a fall from a height of 36 inches which has been conducted by Garwood Laboratories, Inc. for or on behalf of or in collaboration with the Posey Company at any time during the period from January 1, 2001 through the present.

02820/00502 419597.1

# EXHIBIT C

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE HIPSAVER COMPANY, INC.

**DEFENDANTS**
J.T. POSEY COMPANY

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Norfolk County, Massachusetts

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Edward J. Dailey MA BBO No. 112220
BROMBERG SUNSTEIN, LLP
125 Summer Street, 11th Floor
Boston, Massachusetts 02110-1618
(617) 443-9292

Attorneys (If Known)
Douglas H. Morseburg, Esq.
SHELDON & MAK PC
225 South Lake Avenue, 9th Floor
Pasadena, CA 91101
(626) 796-4000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Enforcement of out-of-state subpoena

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS**
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI(405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**FOR OFFICE USE ONLY:** Case Number: ______

American LegalNet, Inc. www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV 05-3705 FMC (PJWx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Massachusetts

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles County

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Massachusetts

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date 10.12.05

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc. www.USCourtForms.com

BROMBERG SUNSTEIN, LLP
Edward J. Dailey MA BBO No. 112220
Peter J. Karol MA BBO No. 660338
125 Summer Street, 11th Floor
Boston, Massachusetts 02110-1618
Telephone: (617) 443-9292
Facsimile: (617) 443-0004

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Mark T. Palin State Bar No. 135398
Edward C. Ho State Bar No. 176144
Scott K. Dauscher State Bar No. 204105
Aaron V. O'Donnell State Bar No. 185404
17871 Park Plaza Drive, Suite 200
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for Plaintiff, THE HIPSAVER COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., Plaintiff, vs. J.T. POSEY COMPANY, Defendant. | **CASE NO.** **NOTICE OF MOTION AND MOTION TO ENFORCE OUT-OF-STATE SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO A SUBPOENA ISSUED UNDER FED.R.CIV.P. 45; MEMORANDUM OF POINTS AND AUTHORITIES [Local Civil Rule 37-2.4]** |
| GARWOOD LABORATORIES. Non-party Witness. | Trial Date: None<br>Discovery Cutoff: 10/31/05<br>Pretrial Conference: 3/16/06 |

TO GARWOOD LABORATORIES, AND ITS ATTORNEYS OF RECORD, AND TO DEFENDANT J.T. POSEY COMPANY, AND ITS ATTORNEYS OF RECORD:

Please take notice that as soon as the matter may be heard in the above-entitled Court, Plaintiff, the HipSaver Company, Inc., will move for an order compelling a non-party witness, Garwood Laboratories of Pico Rivera, California

("Garwood"), to comply immediately and completely with a subpoena issued through this court in a lawsuit now pending in the United States District Court for the District of Massachusetts, *HipSaver Company, Inc. v. J.T. Posey Company,* Civil Action No. 05-10917 PBS before the Honorable Patti B. Saris, District Judge.

The Motion will be made pursuant to Local Rule 37-2.4, following the failure of counsel for Garwood to provide Garwood's portion of the joint stipulation in a timely manner in accordance with Local Civil Rule 37-2.2.

The Motion will based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the Declaration of Edward J. Dailey filed herewith.

DATED: October 12, 2005

BROMBERG SUNSTEIN, LLP

By: [signature]
Edward J. Dailey
Attorneys for THE HIPSAVER COMPANY, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to LR. 37-1, 37-2, the Plaintiff, HipSaver Company ("HipSaver") moves for an order compelling a non party witness, Garwood Laboratories of Pico Rivera, California ("Garwood") to comply immediately and completely with a subpoena issued through this court in a lawsuit now pending in the United States District Court for the District of Massachusetts before Hon. Patti B. Saris, District Judge, *HipSaver Company, Inc. v. J.T. Posey Company,* Civil Action No. 05-10917 PBS. That lawsuit has been consolidated with a later filed action previously pending in the Central District, captioned *J.T. Posey Company v HipSaver Company, Inc.*, Docket No. CV 05-3705 FMC (PJWx), previously assigned to Hon. Florence-Marie Cooper, D.J., which was transferred to the District of Massachusetts on July 19, 2005. [E. Dailey Decl., ¶ 1]

### I.

### STATEMENT OF FACTS

Garwood Laboratories, located in Pico Rivera, California, has been identified by the Defendant, J.T. Posey Company, Inc. ("Posey") as the source of certain products or materials testing which is at the base of the dispute between HipSaver and Posey. The dispute centers on HipSaver's claim that Posey has engaged in false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*; unfair trade practices in violation of Massachusetts law, G.L. c.93A, §§ 2,11; and breach of an earlier settlement agreement. HipSaver's claim is directed at Posey's current year advertising which, in part, cites products and materials testing conducted by Garwood. In a Declaration submitted to the court in the District of Massachusetts, Posey has conceded that Garwood conducted testing which is cited in the contested advertising. [E. Dailey Decl., ¶ 2]

On or about July 22, 2005, HipSaver issued a subpoena to Garwood seeking production of documents and materials related to testing conducted for or on behalf of or in collaboration with Posey at any time during the period from January 1, 2001

through the present. Service of the subpoena was completed on July 29, 2005. [E. Dailey Decl., ¶ 3]

The purpose of the subpoena is simply to obtain all documents and materials related to the testing which Posey cited in its public advertising and admitted as the source for the disputed advertising. These documents and materials will be evaluated by HipSaver and its expert witness. [E. Dailey Decl., ¶ 4]

Garwood served an Objection to HipSaver's subpoena. The Objection concludes with a statement indicating that Garwood will comply with the subpoena upon entry of a protective order aimed at preserving confidentiality. [E. Dailey Decl., ¶ 5]

Subsequently, and on or about August 30, 2005, counsel for HipSaver and Garwood executed a Confidentiality Agreement to allay Garwood's concerns. At the same time, counsel for Garwood stated in a letter that Garwood was in the process of locating and assembling the documents and materials which would soon be produced. [E. Dailey Decl., ¶ 6]

On September 22, 2005, HipSaver initiated Motion to Compel in accordance with the notice and stipulation requirements of L.R. 37-1, 37-2. In response, on September 28, 2005, counsel for Garwood assured counsel for HipSaver that Garwood would produce all subpoenaed documents and materials by October 7, 2005. [E. Dailey Decl., ¶ 7]

Garwood did not produce the subpoenaed documents and materials by October 7th. [E. Dailey Decl., ¶ 10] On October 10, 2005, counsel for HipSaver informed counsel for Posey that counsel for Posey had not responded to HipSaver's proposed LR 37-1, 37-2 Stipulation, and requested an immediate response. Counsel for Posey did not respond prior to the filing of this motion. [E. Dailey Decl., ¶ 11] Thus, for more than nine weeks, Garwood has failed and refused to comply with the subpoena even though its objection to the subpoena has long been resolved.

///

II.

ARGUMENT

Garwood's failure and refusal to comply with the subpoena is groundless, dilatory, and an evasion of the Rules and law governing civil action discovery. Indeed, in having agreed to a Confidentiality Agreement, Garwood cannot claim that compliance with the subpoena will create any clearly defined or serious risk of some improper disclosure of confidential information. *See San Jose Mercury News, Inc. v United States District Court,* 187 F.3d 1096, 1102 (9th Cir. 2001), *Beckman Indus., Inc. v International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992), *DDS, Inc. v Lucas Aerospace Power Transmission Corporation*, 182 F.R.D. 1, 4 (N.D.N.Y 1998) and cases cited, *Publicker Indus., Inc. v Cohen*, 733 F.2d 1108, 1121 (3d Cir. 1984), *Sprinturf, Inc. v Southwest Recreational Industries, Inc.*, 216 F.R.D. 320 (E.D. Pa. 2003).

III.

CONCLUSION

**THEREFORE,** HipSaver requests an Order compelling immediate and complete compliance with the subpoena, subject to HipSaver's compliance with the terms of the Confidentiality Agreement. A form of the proposed Order is submitted herewith.

RESPECTFULLY SUBMITTED,

DATED: October 12, 2005

BROMBERG SUNSTEIN, LLP

By: ______________________
Edward J. Dailey
Attorneys for THE HIPSAVER COMPANY, INC.