# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>          Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>          Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| J.T. Posey Company, Inc., <br>          Counterclaim Plaintiff <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>          Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF THE HIPSAVER COMPANY, INC'S MOTION TO COMPEL DISCOVERY

Defendant, J.T. Posey Company's ("Posey") documents and materials production is deficient of all documents and materials related to The HipSaver Company's ("HipSaver") requests for production of documents and materials numbered 2.a, 2.b, 2.f; 3.b, 3.f;, 4.e, 4.h; 6; 11; 13; and, 14. With respect to all but two of the aforementioned requests, Defendant Posey *agreed* to produce the documents and materials *in its initial*

*response to HipSaver's request* but now refuses to produce or otherwise supplement its responses. HipSaver first served its discovery requests on August 12, 2005. The Defendant's obligation to produce responsive documents and materials has been outstanding since mid September – now more than two months delinquent. This refusal is simply a delay strategy which has already led to one extension in the discovery schedule for this lawsuit and an Order from the Magistrate Judge postponing several depositions. The refusal to produce documents and materials is without merit, and production should be compelled. In accordance with Fed.R.Civ.P. 37(a)(4)(A), the court should also award fees and costs.

## FACTS

### I.    Background Facts.

The underlying action in this case seeks injunctive relief, damages, costs, and attorney fees against Posey for breach of a Settlement Agreement and intentional, fraudulent, and bad faith misrepresentation and literally false comparative advertising in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§ 2, 11. Posey is a dominant, nationwide distributor of patient safety and support equipment and devices, including a hip protector product called "Hipster". Plaintiff HipSaver is a small competitor that invents, designs, manufactures, distributes, and sells a hip protector product.

This lawsuit follows an earlier lawsuit which led to the Defendant's forced withdrawal of false advertising. Here, HipSaver claims that Posey has, once again, intentionally, fraudulently, and repeatedly published and disseminated literally false

advertisements related to the durability, launderability, and effectiveness of certain soft

hip protectors.  Further, the Defendant undertook this literally false advertising in direct

violation of the notice provisions of an earlier Settlement Agreement between the parties.


## II.    HipSaver's Requests for Production of Documents and Materials.

HipSaver's Request for Production of Documents was served on August 12, 2005

and re-served with *Errata* Correction on September 19, 2005.[1]  Attached as **Exh**. A.

Posey responded to HipSaver's August 12 requests for production of documents on

September 14, 2005.  *See* **Exh**. B.  On September 27th and October 14, 2005, HipSaver's

counsel replied substantively to Posey's September 14th response, clarified requests that

Posey found ambiguous, provided additional explanations for HipSaver's right to

requested documents and materials, and repeated its requests for production.  *See* **Exh**. C.

While Posey has produced some documents, it has failed to provide documents or

materials or to supplement in response to requests 2.a, 2.b, 2.f; 3.b, 3.f;, 4.e, 4.h; 6; 11;

13; and, 14.


### Posey's Failed Agreement to Produce

Posey's original response to HipSaver's document requests from September 14th

provided that, subject to preliminary objections, Posey would endeavor to produce the

requested documents and materials "in the spirit of cooperation" and "subject to entry of

a protective order."  *See* **Exh**. B.  Subsequently, the court entered a protective order on

---

[1]   The *errata* corrected one of fourteen listed requests for production which was garbled in the original as a
result of a word processing error.  *See* request no. 6 in **Exh**. A.

October 14, 2005. *See* **Docket entry of October 17, 2005, document no. 48**. This protective order was issued according to the designations proposed by Posey to the court and provides for both "Confidential" and "Highly Confidential- Attorney Eyes Only" designations. On October 24th Posey supplemented its earlier document response, once *again agreeing to produce virtually all documents and materials at issue here* "subject to the foregoing objections" and "subject to the protective order entered". *See* **Exh**. D [mis-captioned as Posey's Response to Plaintiff's *Second* Set of Requests for Production].

Despite repeated written assurance to produce requested documents and materials or to supplement where no documents or materials exist, Posey has failed to produce documents or materials or has failed to supplement in response to requests numbered 2.a, 2.b, 2.f; 3.b, 3.f;, 4.e, 4.h; 6; 11; 13; and, 14.[2] HipSaver seeks to compel the following:

**2.a; 2.b**:  Hip protection materials, garments, products and samples used in testing or related in any manner to testing together with all data and information provided to the testing laboratory and related to the study;

**2f**:    data, documents, and information related to the media, publications, and customers who received advertisements and marketing materials which refer or relate to the testing conducted in whole or part by Garwood Laboratories;

**3.b; 3.f**:  Information, documentation, and data related to the study design and study protocol and all photographs, images, and graphics related to the studies conducted by Garwood Laboratories;

---

[2]  Posey has produced documents in this lawsuit, but that is not the point. The Defendant's failure to produce critical documents and materials (or to declare that they do not exist) is what is at issue in this Motion to Compel.

**4.e; 4.h**:  All information, documentation, correspondence, studies, and data related to failure, disintegration, or loss of durability of Hipster products and all information, documentation, correspondence, studies, and data related to the durability and integrity of Hipster and "high durability" Hipster products when laundered at high water temperatures – 180 degrees F;

**6**:     All advertisements and marketing materials that relate to launderability, durability, integrity, protection against injury, reduction of impact, and effectiveness of Posey products;

**11:**     All documents which refer or relate to clinical validation of Hipster products with respect to protection against hip injury to humans.

**13**:     Every document demonstrating that Posey hip protectors have been proven effective in orthopedic biomechanical testing;

**14**:     Every document which refers or relates to total Hipster sales by product type, unit sales, total unit sales, volume, revenue for each year and for the year to date 2005.

Posey failed to produce documents and materials in response to these requests.

In letters dated September 27, October 14, and October 26, 2005, counsel for HipSaver, sought repeatedly to resolve discovery issues and obtain production.  *See* **Exh**. C.  Counsel for HipSaver attempted also to resolve discovery issues and obtain production by conference requested November 3, 2205 which was followed up without success on November 7, November 10 and November 16, 2205.  *See* Exh. F.

## ARGUMENT

**A.    Posey Should be Compelled to Produce Documents that it Has Long Since Agreed to Produce or to Otherwise Supplement its Responses.**

Posey agreed to produce documents and materials or to supplement its responses to requests numbered 2.a, 2.b, 2.f; 3.b, 3.f;, 4.e, 4.h; 6; 11; 13; and, 14.  Yet, in what has become an obvious strategy of delay, Posey has ailed to produce documents and materials or to supplement its responses to these requests.

In conferences following Posey's initial objections to discovery, the Defendant has not refused to produce documents.[3]  Rather, it has agreed to somewhat more focused production or has stated through counsel that it will supplement responses by stating that documents and materials for particular categories do not exist.  This is not a case where the Defendant can claim that documents and materials requested are not relevant and calculated to lead to admissible evidence.  It is simply evading discovery.

And at this late date, "new found" objections are without merit.  Test t results, launderability, and effectiveness claims are the disputed subjects of the accused advertisements that form a material basis for this false advertising claim.  The materials used in the tests are essential to determining what was studied and whether or not Posey or HipSaver products were even tested in the study; and, investigation into the integrity of the design and results of the study.  Thus, the tested materials are related directly to the accused advertisements. **Exh**. A, Request 2.  Documents explaining the test design, procedure, protocol, and the calibration and computation of results are essential elements

---

[3]  In its formal Response, Posey refused to produce documents and materials related to Requests 2f and 11. In a subsequent conference, Posey agreed to produce documents and materials for both.  As argued below, even if Posey reverts to resistance, the requests are proper.

for the same reasons. *Id.* at Request 3. Similarly, the actual advertisements and claims made therein are the direct subject of this litigation. *Id.* at Request 6.

In the same fashion, documents and materials related to advertising of the launderability, durability, integrity , and effectiveness of Posey hip protection products are directly related to the claims of this lawsuit and discoverable. Accordingly, all information relating to the testing of the Posey product for launderability, durability, and integrity, and effectiveness and all advertisements containing the alleged false advertisements are relevant to essential elements of HipSaver's claims. *Id.* at Requests 4, 6, 11, 13.

Finally, Posey's marketplace sales and revenue information is relevant to damage claims, is discoverable, and should be produce. *See* Request 14.

In sum, each of the requests cited here is relevant to essential elements of the claims and leads to admissible evidence. Therefore, production of these documents and materials should be compelled.[4]

**B.    Request 2.f Seeks Information Relating to Essential Elements of HipSaver's Claims and Relief and Does Not Impose Any Undue Burden on Posey.**

Request 2.f seeks information related to use and dissemination of the accused advertisements. This information is relevant to injury and to the calculation of damages. HipSaver also seeks injunctive relief to halt Posey's advertising and to compel withdrawal of all catalogs and website advertising materials containing the false, misleading, and deceptive claims, and to require corrective advertising to counter those

---

[4]    To the extent that proprietary and confidential information is provided, this information will be adequately protected by the protective order. Entered by the Magistrate Judge.

claims. Injury is an essential component of a claim for injunctive relief. The relevant

market that may have received this advertising includes some 17,000 nursing homes and

3,000 rehabilitation hospitals. Request 2.f seeks information concerning the extent of

dissemination of the advertisements; mailing lists of individual and institution recipients;

and, lists of publications that may have published the advertisements. This information is

critical to an assessment of HipSaver's injury.

These requests are reasonable. Any burden imposed on Posey does not exceed

the import of the documents sought. Rule 26(c) provides that:

> The frequency or extent of use of the discovery methods
> otherwise permitted under these rules and by any local rule *shall*
> *be limited* by the court if it determines that: ... (iii) the burden or
> expense of the proposed discovery outweighs its likely benefit,
> taking into account the needs of the case, the amount in
> controversy, the parties' resources, the importance of the issues
> at stake in the litigation, and the importance of the proposed
> discovery in resolving the issues.

The factors enumerated by the rule all weigh in HipSaver's favor. As discussed above,

the reach of Posey's false advertising is directly related to HipSaver's injury and injury is

an essential element of a claim for injunctive relief. Further, as a large corporation,

Posey likely keeps records of published advertisements, the sources of publication, and

the recipients of publication. At the very least, Posey's accounting records should readily

reveal a list of publications that published the advertisements for a fee. The slight burden

of production on this large corporation does not outweigh the definite benefit to

HipSaver's proof of injury and computation of damages.

In addition, to the extent that proprietary and confidential information is provided,

this information will be adequately protected by the protective order. Posey requested the

protective order and designed the protective order.  This Attorney Eyes Only designation

in the protective order is sufficient to protect proprietary information.


**C.     Request 11 is Described with Reasonable Particularity and Production of
         Responsive Documents Should be Compelled**

The description set forth in Request 11 identified the documents with particularity

and subsequent correspondence between the parties further clarified the request.  A

request is described with sufficient particularity when the responding party can identify

responsive documents.  *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C.

1992).  In Request 11, HipSaver sought "every document which refers or relates in any

manner to any clinical validation of Hipster products with respect to protection against

hip injuries in humans."  Posey objected on the ground that the documents sought were

not described with reasonable particularity.  Although HipSaver disagrees that the

original request lacked particularity, counsel for HipSaver wrote to Posey counsel in a

letter dated October 14, 2005, to clarify this request and others with "the hope that [the

parties] could resolve [Posey's objections] without a motion to compel."  With respect to

request number 11, counsel wrote, "HipSaver is seeking documents in the nature of

health care studies, evaluations, or diagnostic determinations which have appraised the

effectiveness of Posey Hipster products in reducing hip injury or which have evaluated

the association between use of Hipster Products and reduced hip injury." **Exh.** D, October

14, 2005 Letter from Ed Dailey to Posey counsel.  This request is sufficiently particular

to enable Posey to identify responsive documents.

## CONCLUSION

Accordingly, for the reasons stated above, HipSaver respectfully requests that this Court compel the production of documents and materials requested by HipSaver. Pursuant also to Fed.R.Civ. P. 37(a)(4)(A), HipSaver also requests award of its attorneys' fees, costs, and expenses incurred in connection with this matter.


Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg, Esq.
BBO No.: 058480
Edward J. Dailey, Esq.
BBO No.: 112220
Courtney M. Quish, Esq.
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
Edailey@bromsun.com

Dated: November **, 2005

02820/00502 442412.1

EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

THE HIPSAVER COMPANY, INC.,
    Plaintiff / Counterclaim Defendant,

v

J.T. POSEY COMPANY,
    Defendant / Counterclaim Plaintiff

)
)
)
)
)
)
)
)
)
)

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## WITH ERRATA CORRECTION

    Plaintiff, The HipSaver Company, Inc. ("HipSaver") requests, pursuant to Fed. R. Civ. P. 26, 34 and L.R. 34.1, production of the documents and things requested here.  Your response is to be in conformance with Fed. R. Civ. P. 34 and is to include a separate, full and complete response to each of the following requests for production of documents.

## PRELIMINARY INSTRUCTIONS

    A.  The discovery requested in these requests, unless otherwise specified and without regard to the tense used in any request, seeks documents and things for the period from January 1, 2000 *through the present and up to and through conclusion of this litigation.*

B. If any request has subparts, Defendant must answer each subpart separately and in full and not limit the answer to the request as a whole.

C. Defendant must make a diligent search and must respond to each request upon your entire knowledge, available from all sources, including:

1) all information in your possession or in the possession of any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship;

2) all information in the possession of any present or former officer, director, employee, agent, servant, representative, attorney, or other person acting for or on behalf of the Defendant or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship; and

3) all information available to the Defendant.

D. If the Defendant cannot respond completely to any of the requests, please respond to the extent possible, specifying the reason for inability to respond to the remainder and stating any information or knowledge the Defendant has concerning the portion to which it cannot respond fully and completely.

E. If any document or thing called for in these requests is being withheld on the ground that it is subject to a privilege or otherwise protected from discovery, your attorney is required under L.R. 34.1 to state in full with respect to each document or thing, the precise nature of any grounds for the privilege or other exemption claimed. Also, please prepare and produce a privilege log identifying each such withheld document by stating in full, the title of the document, its date, subject matter, number of

pages, and the identity of the author of the document, stating in full the author's name, last known or present residential address, and last known or present business address and position; the identity of all recipients of an original or copies thereof, stating in full each recipient's name, last known or present residential address, and last known or present business address and position; and identify each such thing being withheld by a complete description of its appearance and function and the last known or present location thereof.

F.  If any document requested here has been destroyed, state the reason for its destruction.  Also, please prepare and produce a destruction log identifying each such destroyed document by stating in full, the title of the document, its date, subject matter, number of pages, and the identity of the author of the document, stating in full the author's name, last known or present residential address, and last known or present business address and position; the identity of all recipients of an original or copies thereof, stating in full each recipient's name, last known or present residential address, and last known or present business address and position; and identify each such document which was destroyed by a complete description of its appearance and function and the last known or present location thereof; and identify all persons having any knowledge of its destruction and each person responsible for its destruction, stating in full each such person's name, last known or present residential address, and last known or present business address and position.

G.  These requests shall be continuing requests pursuant to Fed. R. Civ. P. 26(e), so as to require additional and supplemental responses if the Defendants obtain further information or documents or things at any time between the time responses are served and the termination of this action.

H. The documents and things requested here shall be produced for inspection and copying at the offices of BROMBERG SUNSTEIN LLP, 125 Summer Street, Boston, Massachusetts 02110.

I. For these requests, grammatical conventions shall be governed by Patricia T. O'Conner, Woe Is I (Riverhead Books 1996).

<u>DEFINITIONS</u>

A. Definitions set out in Fed. R. Civ. P. 34 apply to these requests and expressly include all data and documents maintained, stored, or archived in any electronic form or medium.

B. The term, <u>you, your, yourself</u>, or the term, <u>Posey</u>, or the term, <u>Defendant</u>, as used in these requests means the Defendant and all related, affiliated, sponsored, or controlled persons, companies, entities, subsidiaries, and sole proprietorships and includes any present or former officer, director, employee, agent, servant, representative, attorney, and any other person acting for or on behalf of the Defendant or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship.

C. The term, <u>person,</u> as used in these requests is defined as any natural person or any business, legal, or governmental entity or association and includes any officer, director, corporate member, trustee, employee, agent, servant or representative of any such entity or association.

D. The word, <u>or</u>, as used here shall be construed to mean <u>and / or</u>.

E. Words used in the singular shall, where the context permits, be deemed to include the plural. Words used in the plural shall, where the context permits, be deemed to include the singular.

F. The term, <u>related in any manner to</u>, as used in these requests means containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, or otherwise pertaining to or bearing upon the matter set forth.

G. The term, <u>refer in any manner to</u>, as used in these requests means containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, or otherwise pertaining to or bearing upon the matter set forth.

H. The term, <u>Garwood</u> or <u>Garwood Laboratories</u>, as used in these requests means Garwood Laboratories and all related, affiliated, sponsored, or controlled persons, companies, entities, subsidiaries, and sole proprietorships and includes any present or former officer, director, employee, agent, servant, representative, attorney, and any other person acting for or on behalf of the Garwood Laboratories or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship.

I. The term, <u>Hipster</u> as used in these requests, means the Defendant's hip protector products or any component part of one or more of those products.

## Documents and Things to be Produced

1.     With respect to any matter in the Complaint or Counterclaim, please produce and provide the following:

    a)  all electronic mail messages to or from (individually or as part of a group) Jeff Yates, Charles Kline, Leanne Powers, Lee Rash, Ernest M. Posey, Victoria Lewis, Tom Sturkie, Dominic Hunter, Rick Clemons, William Flower, J.T. Posey Company or anyone associated with that company, Edward L. Goodwin, HipSaver, or anyone associated with that company;

    b)  all correspondence to or from (individually or as part of a group) Jeff Yates, Charles Kline, Leanne Powers, Lee Rash, Ernest M. Posey, Victoria Lewis, Tom Sturkie, Dominic Hunter, Rick Clemons, William Flower, J.T. Posey Company or anyone associated with that company, Edward L. Goodwin, the HipSaver Company, Inc. or anyone associated with that company.

2.     With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

    a)  all materials, garments, products, and samples provided to Garwood Laboratories for testing;

    b)  all data, documentation, and information, including drafts and revisions, provided to Garwood and related in any manner to any study or testing conducted for or at the direction of Posey;

    c)  all data, documentation, information, including drafts and revisions, received from Garwood and related in any manner to any study or testing conducted for or at the direction of Posey;

    d)  all drafts, copies, mark-ups, and final versions related in any manner to the development and approval of Posey advertisements or public or customer or marketing statements and materials in any form that refer in any manner to any study, test, or results obtained through any study or testing conducted in whole or part by Garwood;

    e)  all drafts, copies, mark-ups, and final versions of all advertisements or public or customer or marketing statements and materials in any form which refer or relate in any manner to any study, test, or results obtained through any study or testing conducted in whole or part by Garwood;

    f)  all data, documentation, and information which refer or are related in any manner to the use and dissemination of advertisements or public or customer or marketing statements and materials referred to in subparagraphs d) and e) above, including but not limited to the types of media used, identification of specific publications and media, and identification of customers, institutions, and others to whom the advertisements and public statements were directed, sent, or provided.

3.    With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

    a)  all correspondence, data, documentation, and information related in any manner to any request or proposal for a study or testing to be conducted in whole or part by Garwood for or on behalf of Posey;

b) all data, documentation, and information related to the design for and the protocol for each study and test conducted in whole or part by Garwood for or on behalf of Posey;

c) all data, documentation, and information, including drafts and revisions, which record and report the conduct or results of each study and test conducted in whole or part by Garwood for or on behalf of Posey;

d) all lab notes related in any manner to each study and test conducted in whole or part by Garwood for or on behalf of Posey;

e) all documents showing calibration of equipment used by Garwood in each study and test conducted in whole or part for Posey

f) all photographs, images, and graphics associated with or related in any manner to each study and test conducted in whole or part by Garwood for or on behalf of Posey.

4. With respect to Hipster products, please produce and provide the following:

a) all tests, studies, data, documentation, and information related in any manner to the development and confirmation of accuracy of the laundering instructions supplied with Hipster products;

b) all studies, tests, data, documentation, and information which conclude, refer, or relate in any manner to satisfactory reduction of microbial contamination of Hipster products when laundered at water temperatures of less than 160°F;

c) all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "standard" Hipster products when laundered at water temperatures of 120°F;

d)  all studies, tests, data, documentation, information, and correspondence which refer or relate in any manner to Posey's decision and actions undertaken to change its laundering instructions from the instruction in use during 2004 that Hipster products can be laundered at water temperatures of 160°F;

e)  all information and correspondence which refers or relates in any manner to the failure, disintegration, or loss of durability or integrity of Hipster products when laundered at water temperatures of 160°F;

f)  all studies, tests, data, documentation, and information related in any manner to the durability or integrity of Hipster products when laundered at water of 160 degrees Fahrenheit for at least 25 minutes as suggested by CDC guidelines for laundering;

g)  all studies, tests, data, documentation, correspondence, and information related in any manner to the failure of Hipster products to meet institutional laundering standards, including those set by the Centers for Disease Control;

h)  all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "high durability" Hipster products when laundered at water temperatures of 180°F for at least 25 minutes.

5.    With reference to the Declarations of Victoria Lewis (dated June 16, 2005), please produce true and correct copies of all advertisements, fliers, customer handouts, marketing materials, and product stuffers and all drafts of the same whether published or unpublished and including print and electronic format, and accompanied with dates of publication and sources of publication if available, that made reference to the Impact study.

6.     With respect to advertisements, fliers, customer handouts, marketing materials, and product stuffers, and all drafts of the same which were published or used or distributed at any time from and after September 1, 2001, please produce every such document or materials which refer or relate in any manner to laundering, durability, product integrity, protection against injury, reduction of impact, **and** effectiveness **which includes any capacity to physically cover or shield the trochanter upon impact related to a fall or similar direct physical contact.**

7.     Please produce all documents which document or refer or relate in any manner to instructions to Posey employees, distributors, agents, and representatives and directing them to halt and discontinue use, distribution, or communication of any document or advertisement which refers or relates in any manner to any Garwood study or report.

8.     Please produce every document which supports Posey's allegation that "HipSaver has embarked on a campaign to tarnish and damage the reputation of Posey and Posey's hip protector products … [by wrongly accusing] Posey of infringing United States Patent No. 6,519,780."

9.     Please produce every document which supports Posey's allegation that it has not knocked-off HipSaver's products.

10.     Please produce every document which supports Posey's allegation that it has not produced defective products.

11.     Please produce every document which refers or relates in any manner to any clinical validation of Hipster products with respect to protection against hip injury in humans.

12.     Please produce every document demonstrating that Posey hip protector products do not fall apart and degrade.

13.     Please produce every document demonstrating that Posey hip protector products have been proven effective in orthopedic biomechanical testing.

14.     Please produce every document which refers or relates in any manner to total Hipster sales by product type, unit sales, total unit sales, volume, revenue for each year and for the year to date in 2005.

THE HIPSAVER COMPANY, INC.
By its Attorneys,

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated: 8.12.05
*Errata* correction: 9.19.05

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210, ajfitzpatrick@duanemorris.com, and by electronic mail and USPS First Class mail to Jeffrey G. Sheldon, Esq., jgsheldon@usip.com and Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California 91101.

Edward J. Dailey

02820/00502 423858.2

Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HIPSAVER COMPANY, INC.,      ) | Case No. CV-05-10917 PBS |
|        Plaintiff,      ) | |
|         ) | |
| v.      ) | |
|         ) | |
| J.T. POSEY COMPANY,      ) | |
|        Defendant.      ) | |
|         ) | |
| AND RELATED COUNTERCLAIM.      ) | |

## J.T. POSEY COMPANY'S RESPONSE
## TO PLAINTIFF'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responds as follows to "Plaintiff's First Request for Production of Documents" (the "Request"):

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.      Posey is presently pursuing an investigation of the facts relating to this proceeding and has not yet completed its discovery or preparation for trial. Therefore, these responses are being provided without prejudice to its right to add to, modify, or otherwise change or amend its responses, and subject to its right to produce evidence of any subsequently discovered fact or any subsequently discovered documents.

B.      The information set forth below is true and correct to the best of Posey's knowledge as of this date, and is subject to correction for inadvertent errors, mistakes, and

omissions. These responses are based upon information presently available to Posey and are made by Posey subject to and without waiving the right to use, introduce or refer to any information that is unintentionally omitted from these responses or any documents that may be inadvertently omitted from production.

C.    Posey makes these responses solely for the purpose of this proceeding. Each response is made subject to all objections as to relevancy, materiality, propriety, and admissibility of any documents identified in these responses or produced pursuant to any of the individual requests. All objections and grounds for objections are expressly reserved by Posey and may be interposed by Posey at any later stage of this proceeding, including at the time of trial.

D.    Except for explicit facts admitted herein, Posey does not intend any incidental or implied admissions by these responses.

E.    Posey generally objects to the Request on the grounds that it purports to call for information that is protected by the attorney-client privilege and/or the attorney work product doctrine. In responding to the Request, Posey will not interpret any of the requests as calling for the production of documents which are dated after the filing of the original complaint in this case (the "Complaint") and which are protected by the attorney-client privilege and/or the work product doctrine and Posey expressly declines to identify or to produce any such documents.

F.    Posey generally objects to the Request to the extent it calls for the production of documents that are dated prior to the filing of the Complaint and which are protected by the attorney-client privilege and/or the work product doctrine. Posey will identify any such documents in an appropriate log.

G.    Posey generally objects to the Request to the extent it purports to require the production of any documents, such as pleadings, motions or discovery responses or requests that

2

Posey received in connection with the instant litigation and Posey expressly declines to identify or to produce any such documents.

H.    Posey generally objects to the Request on the grounds that the place specified for the production is unduly inconvenient.

I.    Posey generally objects to Request on the grounds that the "Preliminary Instructions" and "Definitions" sections are confusing and overly broad and upon the further grounds that they purport to impose upon Posey obligations that are in excess of those imposed by the Federal Rules of Civil Procedure. In responding to the Request and the individual requests therein, Posey will disregard any portions of these sections that are inconsistent with the Federal Rules.

J.    Posey objects generally and specifically to the Request, to Paragraph A of the Preliminary Instructions and to each of the individual requests on the grounds that they are overly broad as to time. Unless a later date is specified in any individual request or in any response and, subject to the objections set forth in paragraphs "E" and "F", above, Posey will interpret the Request and each individual request therein as covering the time period from January 1, 2001 to the present.

K.    Posey specifically objects to, and will disregard, Paragraphs C, D, E, F and G of the Preliminary Instructions on the grounds that they purport to impose upon Posey obligations that are in excess of those imposed by Rules 26 and 34(a) of the Federal Rules of Civil Procedure ("Rules 26 and 34(a)"). In responding, Posey will interpret the Request and the individual requests therein in a manner consistent with Rules 26 and 34(a).

L.     Posey specifically objects to, and will disregard, Paragraph I of the Preliminary Instructions on the grounds that it is obnoxious and upon the further grounds that it is vague and ambiguous in that Posey cannot determine the "grammatical conventions" to which it refers.

M.     Posey specifically objects to the definition of the terms "you", "your", "yourself", "Posey" and "Defendant" on the grounds that they are overly broad.  In responding to the requests, Posey will define those terms in a manner consistent with Local Rule 26.5(c)(5).

N.     Posey specifically objects to the definition of the term "person" on the grounds that it is overly broad.  In responding to the requests, Posey will define that term in a manner consistent with Local Rule 26.5(c)(6).

O.     Posey specifically objects to the definition of the term "related in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad.  In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

P.     Posey specifically objects to the definition of the term "refer in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad.  In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

Q.     Posey objects to the terms "Garwood" and "Garwood Laboratories" on the grounds that they are overly broad.  In responding to the requests, Posey will define those terms as meaning Garwood Laboratories, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries and affiliates.

R.     Posey incorporates this Introductory Statement and General Objections section into each individual response set forth below.

<b><u>Documents and Things to be Produced</u></b>

1.    With respect to any matter in the Complaint or Counterclaim, please produce and provide

the following:

     a)    all electronic mail messages to or from (individually or as part of a group) Jeff

          Yates, Charles Kline, Leanne Powers, Lee Rash, Ernest M. Posey, Victoria Lewis,

          Tom Sturkie, Dominic Hunter, Rick Clemons, William Flower, J.T. Posey

          Company or anyone associated with that company, Edward L. Goodwin,

          HipSaver, or anyone associated with that company;

     b)    all correspondence to or from (individually or as part of a group) Jeff Yates,

          Charles Kline, Leanne Powers, Lee Rash, Ernest M. Posey, Victoria Lewis, Tom

          Sturkie, Dominic Hunter, Rick Clemons, William Flower, J.T. Posey company or

          anyone associated with that company, Edward L. Goodwin, the HipSaver

          Company, Inc. or anyone associated with that company.

<b><u>Response to Request No. 1</u></b>

     a)    Posey objects to this request on the grounds that the documents sought are not

described with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil

Procedure ("Rule 34"). <u>See</u> <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 202

(N.D.W.Va. 2000) (request for documents related to claims or defenses is not reasonably

particular). Posey further objects to this request on the grounds that it encompasses documents

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the

scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each document encompassed by it outweighs its likely benefit, taking into

5

account the needs of the case and the importance of the encompassed documents in resolving the issues.

b)      Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil Procedure ("Rule 34"). See Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202 (N.D.W.Va. 2000) (request for documents related to claims or defenses is not reasonably particular).  Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.


2.      With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

a)      all materials, garments, products, and samples provided to Garwood Laboratories for testing;

b)      all data, documentation, and information, including drafts and revisions, provided to Garwood and related in any manner to any study or testing conducted for or at the direction of Posey;

c)  all data, documentation, information, including drafts and revisions, received from Garwood and related in any manner to any study or testing conducted for or at the direction of Posey;

d)  all drafts, copies, mark-ups, and final versions related in any manner to the development and approval of Posey advertisements or public or customer or marketing statements and materials in any form that refer in any manner to any study, test, or results obtained through any study or testing conducted in whole or part by Garwood;

e)  all drafts, copies, mark-ups, and final versions of all advertisements or public or customer or marketing statements and materials in any form which refer or relate in any manner to any study, test, or results obtained through any study or testing conducted in whole or part by Garwood;

f)  all data, documentation, and information which refer or are related in any manner to the use and dissemination of advertisements or public or customer or marketing statements and materials referred to in subparagraphs d) and e) above, including but not limited to the types of media used, identification of specific publications and media, and identification of customers, institutions, and others to whom the advertisements and public statements were directed, sent, or provided.

**Response to Request No. 2**

a)  Posey objects to this request on the grounds that it encompasses tangible things (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks tangible things that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each tangible thing encompassed by it outweighs its likely benefit, taking

into account the needs of the case and the importance of the encompassed items in resolving the

issues.  Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a

suitable protective order in this matter, Posey will produce all materials, garments, products, and

samples, if any, which are in its possession, custody or control and which were provided to

Garwood Laboratories for testing in connection with the study which is referred to in the accused

advertisements which are the subject of the complaint in this matter.

b)        Posey objects to this request on the grounds that it encompasses documents

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the

scope of discovery.  Posey further objects to this request on the grounds that the burden or

expense of producing each document encompassed by it outweighs its likely benefit, taking into

account the needs of the case and the importance of the encompassed documents in resolving the

issues.  Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a

suitable protective order in this matter, Posey will produce all data, documentation and

information, if any, which are in its possession, custody or control and which were provided to

Garwood Laboratories in connection with the study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

    c)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.  Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

    Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which was received from Garwood Laboratories in connection with the study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

    d)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and in the spirit of cooperation, Posey will produce all drafts, copies, mark-ups, and final versions of Posey advertisements or public or customer or marketing statements and materials, if any, which are in its possession, custody or control and which concern the Garwood study that is referred to in the accused advertisements which are the subject of the complaint in this matter.

e)     Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and, in the spirit of cooperation, Posey will produce all drafts, copies, mark-ups, and final versions of Posey advertisements or public or customer or marketing statements and materials, if any, which are in its possession, custody or control and which concern the Garwood study that is referred to in the accused advertisements which are the subject of the complaint in this matter.

f)     Posey objects to this request on the grounds that it is confusing and unintelligible. To the extent Posey can even understand it, Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its

10

likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

3.     With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

a)     all correspondence, data, documentation, and information related in any manner to any request or proposal for a study or testing to be conducted in whole or part by Garwood for or on behalf of Posey;

b)     all data, documentation, and information related to the design for and the protocol for each study and test conducted in whole or part by Garwood for or on behalf of Posey;

c)     all data, documentation, and information, including drafts and revisions, which record and report the conduct or results of each study and test conducted in whole or part by Garwood for or on behalf of Posey;

d)     all lab notes related in any manner to each study and test conducted in whole or party by Garwood for or on behalf of Posey;

e)     all documents showing calibration of equipment used by Garwood in each study and test conducted in whole or party for Posey;

f)     all photographs, images, and graphics associated with or related in any manner to each study and test conducted in whole or part by Garwood for or on behalf of Posey.

11

**Response to Request No. 3**

a)     Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.  Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all correspondence, data, documentation and information, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

b)     Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.  Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the design and the protocol for the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

c)      Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.  Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the conduct or the results of the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

d)      Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and, in the spirit of cooperation, Posey responds that there are no such documents in its possession, custody or control.

e)      Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Subject to the foregoing objections and, in the spirit of cooperation, Posey responds that there are no such documents in its possession, custody or control.

f)      Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and, in the spirit of cooperation, Posey will produce all photographs, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

4.      With respect to Hipster products, please produce and provide the following:

a)      all tests, studies, data, documentation, and information related in any manner to the development and confirmation of accuracy of the laundering instructions supplied with Hipster products;

b)      all studies, tests, data, documentation, and information which conclude, refer, or relate in any manner to satisfactory reduction of microbial contamination of Hipster products when laundered at water temperatures of less than 160° F;

c)      all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "standard" Hipster products when laundered at water temperatures of 120° F;

d)      all studies, tests, data, documentation, information, and correspondence which refer or relate in any manner to Posey's decision and actions undertaken to change its laundering instructions from the instruction in use during 2004 that Hipster products can be laundered at water temperatures of 160° F;

e)      all information and correspondence which refers or relates in any manner to the failure, disintegration, or loss of durability or integrity of Hipster products when laundered at water temperatures of 160° F;

f)      all studies, tests, data, documentation, and information related in any manner to the durability or integrity of Hipster products when laundered at water of 160 degrees Fahrenheit for at least 25 minutes as suggested by CDC guidelines for laundering;

g)      all studies, tests, data, documentation, correspondence, and information related in any manner to the failure of Hipster products to meet institutional laundering standards, including those set by the Centers for Disease Control;

15

h)     all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "high durability" Hipster products when laundered at water temperatures of 180° F for at least 25 minutes.

**Response to Request No. 4**

a)     Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.  Subject to the foregoing objection, upon the entry of a suitable protective order in this matter, Posey will produce tests, studies, data, documentation, and information, if any, in its possession, custody or control which relate to the development and confirmation of accuracy of the laundering instructions supplied with Posey's current Hipster products.

b)     Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.  Subject to the foregoing objection, upon the entry of a suitable protective order in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the satisfactory reduction of microbial contamination of Posey's current those Hipster products when laundered at water temperatures of less than 160° F.

c)     Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause

16

Posey serious competitive injury.  Subject to the foregoing objection, upon the entry of a suitable

protective order in this matter, Posey will produce studies, tests, data, documentation, and

information, if any, in its possession, custody or control which relate to the durability or integrity

of Posey's current "standard" Hipster products when laundered at water temperatures of 120° F.

d)      Posey objects to this request on the grounds that it is overly broad as to time and

upon the further grounds that it calls for the production of confidential and proprietary business

information, the disclosure of which to a competitor would cause or would be likely to cause

Posey serious competitive injury.  Posey further objects to this request on the grounds that,

inasmuch as matters relating to any laundering instructions in use during 2004 are barred by the

terms of that certain release that Posey and HipSaver entered into in September, 2004, this

request seeks documents (i) that are not related to the claims or defenses of any party, and

(ii) that are not calculated to lead to the discovery of admissible evidence.  Thus, it seeks

documents that are beyond the scope of discovery.

e)      Posey objects to this request on the grounds that it is overly broad as to time and

upon the further grounds that it calls for the production of confidential and proprietary business

information, the disclosure of which to a competitor would cause or would be likely to cause

Posey serious competitive injury.  Subject to the foregoing objection, upon the entry of a suitable

protective order in this matter, Posey will produce studies, tests, data, documentation, and

information, if any, in its possession, custody or control which relate to the durability or integrity

of Posey's current Hipster products when laundered at water temperatures of 160° F.

f)      Posey objects to this request on the grounds that it is overly broad as to time and

upon the further grounds that it calls for the production of confidential and proprietary business

information, the disclosure of which to a competitor would cause or would be likely to cause

Posey serious competitive injury. Subject to the foregoing objection, upon the entry of a suitable

protective order in this matter, Posey will produce studies, tests, data, documentation, and

information, if any, in its possession, custody or control which relate to the durability or integrity

of Posey's current Hipster products when laundered at water temperatures of 160° F.

      g)     Posey objects to this request on the grounds that the term "institutional laundering

standards" is vague and ambiguous. Posey further objects to this request on the grounds that it is

overly broad as to time and upon the grounds that it calls for the production of confidential and

proprietary business information, the disclosure of which to a competitor would cause or would

be likely to cause Posey serious competitive injury. Subject to the foregoing objection and in the

spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will

produce documents in its possession, custody or control which to the launderability of Posey's

current Hipster products.

      h)     Posey objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing

objection, upon the entry of a suitable protective order in this matter, Posey will produce studies,

tests, data, documentation, and information, if any, in its possession, custody or control which

relate to the durability or integrity of Posey's high durability Hipster products when laundered.


      5.     With reference to the Declarations of Victoria Lewis (dated June 16, 2005), please

produce true and correct copies of all advertisements, fliers, customer handouts, marketing

materials, and product stuffers and all drafts of the same whether published or unpublished and

including print and electronic format, and accompanied with dates of publication and sources of publication if available, that made reference to the Impact study.

**Response to Request No. 5**

Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Subject to the foregoing objections, Posey will produce non-privileged documents that are in its possession, custody and control and that are responsive to this request.

6. With respect to advertisements, fliers, customer handouts, marketing materials, and product stuffers, and all drafts of the same which were published or used or distributed at any time from and after September 1, 2001, please produce every such document or materials which refer or relate in any manner to laundering, durability, product integrity, protection against injury, reduction of impact, effectiveness and which[.]

**Response to Request No. 6**

Posey objects to this request on the grounds that it is unintelligible. Posey cannot not comply with this request because it is unable to determine what documents might be responsive to it.

7. Please produce all documents which document or refer or relate in any manner to instructions to Posey employees, distributors, agents, and representatives and directing them to halt and discontinue use, distribution, or communication of any document or advertisement which refers or relates in any manner to any Garwood study or report.

**Response to Request No. 7**

To the extent it has any responsive non-privileged documents in its possession, custody or control, Posey will comply with this request.

8.     Please produce every document which supports Posey's allegation that "HipSaver has embarked on a campaign to tarnish and damage the reputation of Posey and Posey's hip protector products . . . [by wrongly accusing] Posey of infringing United States Patent No. 6,519,780."

**Response to Request No. 8**

To the extent it has any responsive non-privileged documents in its possession, custody or control, Posey will comply with this request.

9.     Please produce every document which supports Posey's allegation that it has not knocked-off HipSaver's products.

**Response to Request No. 9**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the term "knocked-off" is vague and ambiguous and upon the further ground that Posey cannot determine to which specific "allegation" the request refers.

10.     Please produce every document which supports Posey's allegation that it has not produced defective products.

**Response to Request No. 10**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that it cannot determine to which specific "allegation" the request refers. Thus, the request is vague and ambiguous.

11.     Please produce every document which refers or relates in any manner to any clinical validation of Hipster products with respect to protection against hip injury in humans.

**Response to Request No. 11**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

12.     Please produce every document demonstrating that Posey hip protector products do not fall apart and degrade.

**Response to Request No. 12**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

13.     Please produce every document demonstrating that Posey hip protector products have been proven effective in orthopedic biomechanical testing.

**Response to Request No. 13**

Posey objects to this request on the grounds that the term "orthopedic biomechanical testing" is vague and ambiguous. Posey further objects to this request on the grounds that it calls

for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

14.     Please produce every document which refers or relates in any manner to total Hipster sales by product type, unit sales, total unit sales, volume, revenue for each year and for the year to date in 2005.

**Response to Request No. 14**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing "every document" encompassed the request outweighs the likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary financial information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious injury.

22

Subject to the foregoing objections, upon the entry of a suitable protective order in this matter, Posey will produce documents sufficient to show Posey's annual and year-to-date sales of Hipster products by number of units and dollar volume and total revenue for each Hipster product for the period from January 1, 2001 through the present.


Dated: September _14_, 2005

J.T. POSEY COMPANY
By its attorneys,

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
      Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: September 14, 2005

_____
Donald K. Piper

24

EXHIBIT C

125 SUMMER STREET  BOSTON MA 02110-1618

BROMBERG ✳ SUNSTEIN LLP

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

September 27, 2005

**By pdf and USPS First Class Mail**

Anthony J. Fitzpatrick, Esq.          Jeffrey G. Sheldon, Esq.
Duane Morris LLP                       Sheldon & Mak
470 Atlantic Ave.                      225 South Lake Avenue
Boston, MA 02210                       Pasadena, CA  91101

Re   The HipSaver Co., Inc. v. J. T. Posey Co.
     Our File    02820/00502

Dear Tony and Jeff:

Pursuant to Fed. R. Civ. P. 37 and L.R. 37.1 (A), (B), we are writing in an effort to resolve discovery issues.  We request your immediate consideration of our specific responses to your discovery objections, and we request your affirmative response to our Requests for Production as set out in the Plaintiff's Requests for Production of Documents with *Errata* Correction.  HipSaver's specific responses to Posey and clarifications pertaining to these requests are set forth below.

*Specific responses and clarifications.*

**Request No. 1.**  Requests 1.a and 1.b are limited to emails and other forms of correspondence related to matters in the complaint and counterclaim.  The complaint addresses a specific advertising campaign initiated after the September 2004 settlement. Thus, the requests are properly limited in time and subject matter.  HipSaver disagrees that these requests are unduly burdensome as they are limited in time and scope and limited in scope to information regarding particular advertisements.

**Request No. 2.f.**  HipSaver believes that this request is clear.  Simply put, Plaintiff seeks all documentation which refers or relates in any manner to the challenged advertising, including every media used (for example, print, internet, product stuffers, catalogs, show materials), all documents identifying publications and media used, and documents identifying customers, institutions, and others to which the challenged advertising, regardless of form, has been circulated.  The request is within the scope of Fed. R. Civ. P. 26.

ATTORNEYS AT LAW

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Ave.
Boston, MA 02210

Jeffrey G. Sheldon, Esq.
Sheldon & Mak
225 South Lake Avenue
Pasadena, CA 91101
Page 2

**Request No. 4.d.** The 2004 Settlement Agreement does not preclude these requests. The Agreement between the parties precludes HipSaver from claims "which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement." Substantive advertising claims related to laundering instructions changed after the Settlement Agreement could *not* have been asserted before the fact and are properly the subject of this lawsuit. Posey's Motion to Dismiss was rejected on this point. Therefore, HipSaver's discovery requests are proper with respect to the scope of the case before the court and Rule 26.

**Request No. 6.** The typographical error in this request was amended in a subsequent *errata* that was sent to you on September 19, 2005. The request should read as follows:

With Respect to advertisements, fliers, customer handouts, marketing materials, and product stuffers, and all drafts of the same which were published or used or distributed at any time from and after September 1, 2001, please produce every such document or materials which refer or relate in any manner to laundering, durability, product integrity, protection against injury, reduction of impact, and effectiveness which includes any capacity to physically cover or shield the trochanter upon impact related to a fall or similar direct physical contact.

The corrected request is within the scope of Rule 26.

**Request No. 9.** This request is a verbatim reference to Posey counterclaim No. 42 which states that "HipSaver has wrongly accused Posey of selling 'knock-off' products." Posey selected the language that it now characterizes as vague and ambiguous. This objection is improper. The request is within the scope of Rule 26, as it relates to Posey's counterclaim.

**Request No. 10.** This request is a verbatim reference to Posey counterclaim No. 43 which states that "HipSaver has wrongly and falsely accused Posey of selling defective and dangerous products." Posey selected the language that it now characterizes as over broad. This objection is improper. The request is within the scope of Rule 26, as it relates to Posey's counterclaim.

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Ave.
Boston, MA 02210

Jeffrey G. Sheldon, Esq.
Sheldon & Mak
225 South Lake Avenue
Pasadena, CA 91101
Page 3

In regard to all remaining document requests, we believe the document requests are relevant to the claims and defenses of the parties and are reasonably calculated to lead to the discovery of admissible evidence as required under Fed. R. Civ. P. 26(b)(1).

Thank you for your prompt attention to this matter.

Best regards,

Edward J.Dailey

EJD/

02820/00502 434032.1

125 SUMMER STREET  BOSTON MA 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG ✳ SUNSTEIN LLP

EDWARD J DAILEY
T 617 443 9292 X233
EDAILEY@BROMSUN.COM

October 14, 2005

**By pdf only**

Douglas H. Morseburg, Esq.
SHELDON & MAK
Corporate Center
225 South Lake Avenue, 9th Floor
Pasadena, California 91101-3021

Re   *The HipSaver Company, Inc v J.T. Posey Company, Inc.*
         Civ. no. 05-10917 PBS
Our File   02820/00502

Dear Doug:

I'd like to revisit several matters related to Posey's Response to our First Request for Production with the hope we can resolve your objections without a motion to compel.

**Request 1** – I understand that you object to the breadth of this Request. The persons identified in the Request are, of course, all listed in Posey's initial disclosures; so there can be no question but that they have discoverable information under Fed.R.Civ.P. 26.

In an effort to limit the breadth of Request 1, HipSaver will restrict the *matters* to which Request 1 applies to all matters referred to in paragraphs 11, 12, 14 of the Complaint and paragraphs 46, 48 in the Counterclaim. And with respect to paragraphs 12 and 14, the focus of Plaintiff's Request is upon all advertising or public statements which refer or relate in any manner to Garwood Laboratories and the "Independent Laboratory Study" referred to in the 2005 Posey advertising and all advertising or public statements or instructions which refer or relate in any manner to laundering instructions or launderability.

**Request 2(f)** – I understand you will produce documents in accordance with the clarification set out in my letter of September 27th.

ATTORNEYS AT LAW

Page 2

**Request 4(d)** – I understand that your objection is that the Request is beyond the scope of the Complaint. That is not correct. The Complaint is *not* limited to the Garwood ads. *See* paragraphs 12, 14 in the Complaint. *See* also paragraphs 43, 46, 47 in the Counterclaim and paragraphs 12 in the Answer to the Counterclaim. We believe Posey is obligated to produce responsive documents and request reconsideration of your position on Request 4(d).

**Request 6** - Please respond substantively to the corrected text of Request 6 which was transmitted to you on September 27th.

**Requests 11 and 13** – To clarify these Requests, HipSaver is seeking documents in the nature of health care studies, evaluations, or diagnostic determinations which have appraised the effectiveness of Posey Hipster products in reducing hip injury or which have evaluated the association between use of Hipster products and reduced hip injury.

**Request 12** – To clarify this Request, HipSaver is seeking documents which refer or relate to physical defect or degradation of Hipster products. Responsive documents will include, for example, customer or consumer notices, correspondence, complaints, product returns, and company responses.

Best regards,

Edward J. Dailey
EJD/02820/00502 437913.1

xc: Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210

125 SUMMER STREET  BOSTON  MA  02110-1618

BROMBERG ⋆ SUNSTEIN LLP

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

October 26, 2005

**By pdf only**

Douglas H. Morseburg, Esq.
SHELDON & MAK
Corporate Center
225 South Lake Avenue, 9th Floor
Pasadena, California  91101-3021

Re    *The HipSaver Company, Inc v J.T. Posey Company, Inc.*
            Civ. no. 05-10917 PBS
Our File    02820/00502

Dear Doug:

In reviewing the Defendant's documents and materials production, I have found that no documents or materials have been produced for the following matters:

- Request 2 a, b, f
- Request 3 a, b, f
- Request 4 a, b, c, d, e, f, g, J
- Request 5
- Request 6
- Request 7
- Request 11
- Request 13
- Request 14.

We expect production of all responsive documents and materials by Friday, October 28, 2005.

ATTORNEYS AT LAW

Page 2

Additionally, in reviewing what appears as a Garwood test report dated 1.18.05, with bates numbers PC 0420 – PC 0452, I note that the final page, PC 0452, does not appear to be a Garwood document. Will you be kind enough to identify the source of this document or, at least, to confirm that it was not provided by Garwood.

Best regards,

Edward J. Dailey
EJD/2282/00502 440998.1

xc: Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210
    by e-mail

## Edward Dailey

| | |
|---|---|
| **From:** | Edward Dailey |
| **Sent:** | Monday, November 07, 2005 7:06 PM |
| **To:** | 'Doug Morseburg' |
| **Subject:** | Hipsaver v JT POsey |

Doug,

This is a follow on to our conference today relative to our proposed Motion to Compel. After our conference today, we agree to hold the Motion, pending receipt and review of your supplemental response to our Request for Production.

With regard to request 2a, I understand your supplemental statement will confirm the fact that Posey has not maintained and cannot otherwise obtain any of the hip protector materials tested by Garwood at any time from 1.1.2000 through the present.

With regard to request 2f, I understand that you will supplement the response with any documents related to trade shows and documents related to mailing and distribution of advertisements to customers, potential customers, media, and customer lists. We do not seek the customer lists - just documents related to the distribution.

With respect request 4d/4e, I understand that you will give further consideration to producing materials related laundering at 160 degrees. I have sent you an image of the 160 degree label in use prior to the 2004 settlement by separate e-mail. Please supplement your earlier response if you will agree to produce documents and materials in response to requests 4d/4e.

With respect to request 6, I understand you will supplement your response with a statement that Posey does not have any documentation of the capacity of its products to physically cover or shield the trochanter upon impact related to a fall or similar direct physical contact.

With respect to request 11 and 13, I understand that you will supplement your response with a statement that Posey does not have any clinical validation studies or studies or tests related to biomechanical testing of its hip protectors.

With respect to request 14, I understand that you will obtain unit price data by model and that for 2004 And 2005 you will distinguish between standard and high durability models in the spreadsheet.

Thanks,

/Ed

*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

1

**Edward Dailey**

| | |
|---|---|
| **From:** | Edward Dailey |
| **Sent:** | Monday, November 07, 2005 5:22 PM |
| **To:** | 'Doug Morseburg' |
| **Subject:** | HipSaver v Posey |

Doug,

Sorry to be slow getting back to you today. I've had a chance to review the documents you forwarded over the weekend which are responsive to some of our outstanding requests. However, we believe that Posey has not yet produced documents and materials in response to requests 2a, 2f, 3f, 4d, 4e, 6,7,11,13, and 14. With respect to 14, I think we can agree to accept spreadsheet summariee, but I still need unit sales prices and for the period after 9.04, I need a break out of sales between standard and high durability Hipsters.

I'll call you in about ten minutes to puruse this but expect to file a motin to compel later this evening.

/Ed

*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

**Edward Dailey**

| | |
|---|---|
| **From:** | Edward Dailey |
| **Sent:** | Wednesday, November 16, 2005 1:01 PM |
| **To:** | 'Doug Morseburg' |
| **Subject:** | RE: Hipsaver v JT POsey |

Doug,

It is not for me to estimate. You should query the stenographer. Presumably, her program recorded stops and starts. Mr. Goodwin will be available from 1215 - 6pm on the 30, and since you ask, I will try to make Ms. Brogna available on the 30th.

Here's the deal on supplementation: if you are unable to supplement by Monday which yoou promised for last Thursday, I will move to compel.

Finally, Also, I will be noticing Posey's 30(b)(6) for the 15th and the two lab folks for the morning of the 16th.

/Ed


*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com


**From:** Doug Morseburg [mailto:doug@usip.com]
**Sent:** Tuesday, November 15, 2005 7:09 PM
**To:** Edward Dailey
**Cc:** Cassandra Scardino; Doug Morseburg
**Subject:** RE: Hipsaver v JT POsey

Dear Ed:

I will suppplement, but I am awaiting confirmation from Posey regarding a couple of things.

As for depos, what is your estimate of the time remaining on the 30(b)(6)? We are entitled to that and to his depo as an individual. Are you going to make Ms. Brogna available on 12/1?

Sincerely,

Doug

-----Original Message-----
**From:** Edward Dailey [mailto:Edailey@bromsun.com]
**Sent:** Tuesday, November 15, 2005 9:10 AM
**To:** Doug Morseburg
**Subject:** Hipsaver v JT POsey

Doug,

   Please see my e-mail below from 11.7.  It is important for us to receive your supplemental response this week.  Also, Mr. Goodwin is avialbale on the 30th from 12:15pm through 6:00PM for deposition.

      /Ed


*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com


_____

**From:**   Edward Dailey
**Sent:**   Monday, November 07, 2005 7:06 PM
**To:**     'Doug Morseburg'
**Subject:**   Hipsaver v JT POsey

Doug,
  This is a follow on to our conference today relative to our proposed Motion to Compel.  After our conference today, we agree to hold the Motion, pending receipt and review of your supplemental response to our Request for Production.


      With regard to request 2a, I understand your supplemental statement will confirm the fact that Posey has not maintained and cannot otherwise obtain any of the hip protector materials tested by Garwood at any time from 1.1.2000 through the present.

      With regard to request 2f, I understand that you will supplement the response with any documents related to trade shows and documents related to mailing and distribution of advertisements to customers, potential customers, media, and customer lists.  We do not seek the customer lists - just documents related to the distribution.

      With respect request 4d/4e, I understand that you will give further consideration to producing materials related laundering at 160 degrees.  I have sent you an image of the 160 degree label in use prior to the 2004 settlement by separate e-mail.  Please supplement your earlier response if you will agree to produce documents and materials in response to requests 4d/4e.

With respect to request 6, I understand you will supplement your response with a statement that Posey does not have any documentation of the capacity of its products to physically cover or shield the trochanter upon impact related to a fall or similar direct physical contact.

With respect to request 11 and 13, I understand that you will supplement your response with a statement that Posey does not have any clinical validation studies or studies or tests related to biomechanical testing of its hip protectors.

With respect to request 14, I understand that you will obtain unit price data by model and that for 2004 And 2005 you will distinguish between standard and high durability models in the spreadsheet.

Thanks,

/Ed


*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com


This message is intended only for the addressee(s), and may contain information that is privileged and confidential. If the recipient of this message is not an addressee, please notify us immediately by telephone at 617-443-9292.

EXHIBIT D

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HIPSAVER COMPANY, INC., | ) | Case No. CV-05-10917 PBS |
| Plaintiff, | ) | |
| v. | ) | |
| J.T. POSEY COMPANY, | ) | |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

### J.T. POSEY COMPANY'S RESPONSE
### TO PLAINTIFF'S SECOND SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responds as follows to Plaintiff's Second Request for Production of Documents, which was denominated "Plaintiff's Request for Production of Documents With Errata Correction" (the "Second Request"):

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.    Posey is presently pursuing an investigation of the facts relating to this proceeding and has not yet completed its discovery or preparation for trial. Therefore, these responses are being provided without prejudice to its right to add to, modify, or otherwise change or amend its responses, and subject to its right to produce evidence of any subsequently discovered fact or any subsequently discovered documents.

B.    The information set forth below is true and correct to the best of Posey's knowledge as of this date, and is subject to correction for inadvertent errors, mistakes, and omissions.  These responses are based upon information presently available to Posey and are made by Posey subject to and without waiving the right to use, introduce or refer to any information that is unintentionally omitted from these responses or any documents that may be inadvertently omitted from production.

C.    Posey makes these responses solely for the purpose of this proceeding.  Each response is made subject to all objections as to relevancy, materiality, propriety, and admissibility of any documents identified in these responses or produced pursuant to any of the individual requests.  All objections and grounds for objections are expressly reserved by Posey and may be interposed by Posey at any later stage of this proceeding, including at the time of trial.

D.    Except for explicit facts admitted herein, Posey does not intend any incidental or implied admissions by these responses.

E.    Posey generally objects to the Second Request on the grounds that it purports to call for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  In responding to the Second Request, Posey will not interpret any of the requests as calling for the production of documents which are dated after the filing of the original complaint in this case (the "Complaint") and which are protected by the attorney-client privilege and/or the work product doctrine and Posey expressly declines to identify or to produce any such documents.

F.    Posey generally objects to the Second Request to the extent it calls for the production of documents that are dated prior to the filing of the Complaint and which are

2

protected by the attorney-client privilege and/or the work product doctrine. Posey will identify any such documents in an appropriate log.

G.      Posey generally objects to the Second Request to the extent it purports to require the production of any documents, such as pleadings, motions or discovery responses or requests that Posey received in connection with the instant litigation and Posey expressly declines to identify or to produce any such documents.

H.      Posey generally objects to the Second Request on the grounds that the place specified for the production is unduly inconvenient.

I.      Posey generally objects to Second Request on the grounds that the "Preliminary Instructions" and "Definitions" sections are confusing and overly broad and upon the further grounds that they purport to impose upon Posey obligations that are in excess of those imposed by the Federal Rules of Civil Procedure. In responding to the Second Request and the individual requests therein, Posey will disregard any portions of these sections that are inconsistent with the Federal Rules.

J.      Posey objects generally and specifically to the Second Request, to Paragraph A of the Preliminary Instructions and to each of the individual requests on the grounds that they are overly broad as to time. Unless a later date is specified in any individual request or in any response and, subject to the objections set forth in paragraphs "E" and "F", above, Posey will interpret the Second Request and each individual request therein as covering the time period from January 1, 2001 to the present.

K.      Posey specifically objects to, and will disregard, Paragraphs C, D, E, F and G of the Preliminary Instructions on the grounds that they purport to impose upon Posey obligations that are in excess of those imposed by Rules 26 and 34(a) of the Federal Rules of Civil Procedure

("Rules 26 and 34(a)"). In responding, Posey will interpret the Second Request and the individual requests therein in a manner consistent with Rules 26 and 34(a).

L.    Posey specifically objects to, and will disregard, Paragraph I of the Preliminary Instructions on the grounds that it is obnoxious and upon the further grounds that it is vague and ambiguous in that Posey cannot determine the "grammatical conventions" to which it refers.

M.    Posey specifically objects to the definition of the terms "you", "your", "yourself", "Posey" and "Defendant" on the grounds that they are overly broad. In responding to the requests, Posey will define those terms in a manner consistent with Local Rule 26.5(c)(5).

N.    Posey specifically objects to the definition of the term "person" on the grounds that it is overly broad. In responding to the requests, Posey will define that term in a manner consistent with Local Rule 26.5(c)(6).

O.    Posey specifically objects to the definition of the term "related in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad. In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

P.    Posey specifically objects to the definition of the term "refer in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad. In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

Q.    Posey objects to the terms "Garwood" and "Garwood Laboratories" on the grounds that they are overly broad. In responding to the requests, Posey will define those terms as meaning Garwood Laboratories, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries and affiliates.

4

R.    Posey incorporates this Introductory Statement and General Objections section

into each individual response set forth below.

## Documents and Things to be Produced

1.    With respect to any matter in the Complaint or Counterclaim, please produce and provide

the following:

a)    all electronic mail messages to or from (individually or as part of a group) Jeff

Yates, Charles Kline, Leanne Powers, Lee Rash, Ernest M. Posey, Victoria Lewis,

Tom Sturkie, Dominic Hunter, Rick Clemons, William Flower, J.T. Posey

Company or anyone associated with that company, Edward L. Goodwin,

HipSaver, or anyone associated with that company;

b)    all correspondence to or from (individually or as part of a group) Jeff Yates,

Charles Kline, Leanne Powers, Lee Rash, Ernest M. Posey, Victoria Lewis, Tom

Sturkie, Dominic Hunter, Rick Clemons, William Flower, J.T. Posey company or

anyone associated with that company, Edward L. Goodwin, the HipSaver

Company, Inc. or anyone associated with that company.

## Response to Request No. 1

a)    Posey objects to this request on the grounds that the documents sought are not

described with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil

Procedure ("Rule 34"). See Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202

(N.D.W.Va. 2000) (request for documents related to claims or defenses is not reasonably

particular). Posey further objects to this request on the grounds that it encompasses documents

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the

scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

b)    Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil Procedure ("Rule 34"). See Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202 (N.D.W.Va. 2000) (request for documents related to claims or defenses is not reasonably particular). Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

2.    With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

a)    all materials, garments, products, and samples provided to Garwood Laboratories for testing;

b)    all data, documentation, and information, including drafts and revisions, provided to Garwood and related in any manner to any study or testing conducted for or at the direction of Posey;

6

c)   all data, documentation, information, including drafts and revisions, received from Garwood and related in any manner to any study or testing conducted for or at the direction of Posey;

d)   all drafts, copies, mark-ups, and final versions related in any manner to the development and approval of Posey advertisements or public or customer or marketing statements and materials in any form that refer in any manner to any study, test, or results obtained through any study or testing conducted in whole or part by Garwood;

e)   all drafts, copies, mark-ups, and final versions of all advertisements or public or customer or marketing statements and materials in any form which refer or relate in any manner to any study, test, or results obtained through any study or testing conducted in whole or part by Garwood;

f)   all data, documentation, and information which refer or are related in any manner to the use and dissemination of advertisements or public or customer or marketing statements and materials referred to in subparagraphs d) and e) above, including but not limited to the types of media used, identification of specific publications and media, and identification of customers, institutions, and others to whom the advertisements and public statements were directed, sent, or provided.

## Response to Request No. 2

a)   Posey objects to this request on the grounds that it encompasses tangible things (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks tangible things that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each tangible thing encompassed by it outweighs its likely benefit, taking

into account the needs of the case and the importance of the encompassed items in resolving the

issues. Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the

protective order recently entered in this matter, Posey will produce all materials, garments,

products, and samples, if any, which are in its possession, custody or control and which were

provided to Garwood Laboratories for testing in connection with the study which is referred to in

the accused advertisements which are the subject of the complaint in this matter.

b)        Posey objects to this request on the grounds that it encompasses documents

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the

scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each document encompassed by it outweighs its likely benefit, taking into

account the needs of the case and the importance of the encompassed documents in resolving the

issues. Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the

protective order recently entered in this matter, Posey will produce all data, documentation and

information, if any, which are in its possession, custody or control and which were provided to

Garwood Laboratories in connection with the study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

c)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the protective order recently entered in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which was received from Garwood Laboratories in connection with the study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

d)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

9

Subject to the foregoing objections and in the spirit of cooperation, Posey will produce all drafts, copies, mark-ups, and final versions of Posey advertisements or public or customer or marketing statements and materials, if any, which are in its possession, custody or control and which concern the Garwood study that is referred to in the accused advertisements which are the subject of the complaint in this matter.

     e)     Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and, in the spirit of cooperation, Posey will produce all drafts, copies, mark-ups, and final versions of Posey advertisements or public or customer or marketing statements and materials, if any, which are in its possession, custody or control and which concern the Garwood study that is referred to in the accused advertisements which are the subject of the complaint in this matter.

     f)     Posey objects to this request on the grounds that it is confusing and unintelligible. To the extent Posey can even understand it, Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its

likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

3.     With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

a)     all correspondence, data, documentation, and information related in any manner to any request or proposal for a study or testing to be conducted in whole or part by Garwood for or on behalf of Posey;

b)     all data, documentation, and information related to the design for and the protocol for each study and test conducted in whole or part by Garwood for or on behalf of Posey;

c)     all data, documentation, and information, including drafts and revisions, which record and report the conduct or results of each study and test conducted in whole or part by Garwood for or on behalf of Posey;

d)     all lab notes related in any manner to each study and test conducted in whole or party by Garwood for or on behalf of Posey;

e)     all documents showing calibration of equipment used by Garwood in each study and test conducted in whole or party for Posey;

f)     all photographs, images, and graphics associated with or related in any manner to each study and test conducted in whole or part by Garwood for or on behalf of Posey.

11

**<u>Response to Request No. 3</u>**

a)      Posey objects to this request on the grounds that it encompasses documents

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the

scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each document encompassed by it outweighs its likely benefit, taking into

account the needs of the case and the importance of the encompassed documents in resolving the

issues. Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the

protective order recently entered in this matter, Posey will produce all correspondence, data,

documentation and information, if any, which are in its possession, custody or control and which

concern the Garwood study which is referred to in the accused advertisements which are the

subject of the complaint in this matter.

b)      Posey objects to this request on the grounds that it encompasses documents

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the

scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each document encompassed by it outweighs its likely benefit, taking into

account the needs of the case and the importance of the encompassed documents in resolving the

issues. Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the protective order recently entered in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the design and the protocol for the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

c)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the protective order recently entered in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the conduct or the results of the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

d)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

13

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and, in the spirit of cooperation, Posey responds that there are no such documents in its possession, custody or control.

e)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Subject to the foregoing objections and, in the spirit of cooperation, Posey responds that there are no such documents in its possession, custody or control.

f)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and, in the spirit of cooperation, Posey will produce all photographs, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

14

4.     With respect to Hipster products, please produce and provide the following:

a)     all tests, studies, data, documentation, and information related in any manner to the development and confirmation of accuracy of the laundering instructions supplied with Hipster products;

b)     all studies, tests, data, documentation, and information which conclude, refer, or relate in any manner to satisfactory reduction of microbial contamination of Hipster products when laundered at water temperatures of less than 160° F;

c)     all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "standard" Hipster products when laundered at water temperatures of 120° F;

d)     all studies, tests, data, documentation, information, and correspondence which refer or relate in any manner to Posey's decision and actions undertaken to change its laundering instructions from the instruction in use during 2004 that Hipster products can be laundered at water temperatures of 160° F;

e)     all information and correspondence which refers or relates in any manner to the failure, disintegration, or loss of durability or integrity of Hipster products when laundered at water temperatures of 160° F;

f)     all studies, tests, data, documentation, and information related in any manner to the durability or integrity of Hipster products when laundered at water of 160 degrees Fahrenheit for at least 25 minutes as suggested by CDC guidelines for laundering;

15

g)    all studies, tests, data, documentation, correspondence, and information related in any manner to the failure of Hipster products to meet institutional laundering standards, including those set by the Centers for Disease Control;

h)    all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "high durability" Hipster products when laundered at water temperatures of 180° F for at least 25 minutes.

**Response to Request No. 4**

a)    Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing objection and subject to the protective order recently entered in this matter, Posey will produce tests, studies, data, documentation, and information, if any, in its possession, custody or control which relate to the development and confirmation of accuracy of the laundering instructions supplied with Posey's current Hipster products.

b)    Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing objection and subject to the protective order recently entered in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the satisfactory reduction of microbial contamination of Posey's current those Hipster products when laundered at water temperatures of less than 160° F.

16

    c)      Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing objection and subject to the protective order recently entered in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the durability or integrity of Posey's current "standard" Hipster products when laundered at water temperatures of 120° F.

    d)      Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury. Posey further objects to this request on the grounds that, inasmuch as matters relating to any laundering instructions in use during 2004 are barred by the terms of that certain release that Posey and HipSaver entered into in September, 2004, this request seeks documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. Thus, it seeks documents that are beyond the scope of discovery.

    e)      Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing objection and subject to the protective order recently entered in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the durability or integrity of Posey's current Hipster products when laundered at water temperatures of 160° F.

f)      Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.  Subject to the foregoing objection and subject to the protective order recently entered in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the durability or integrity of Posey's current Hipster products when laundered at water temperatures of 160° F.

g)      Posey objects to this request on the grounds that the term "institutional laundering standards" is vague and ambiguous.  Posey further objects to this request on the grounds that it is overly broad as to time and upon the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.  Subject to the foregoing objection and in the spirit of cooperation and subject to the protective order recently entered in this matter, Posey will produce documents in its possession, custody or control which to the launderability of Posey's current Hipster products.

h)      Posey objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.  Subject to the foregoing objection and subject to the protective order recently entered in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the durability or integrity of Posey's high durability Hipster products when laundered.

5.     With reference to the Declarations of Victoria Lewis (dated June 16, 2005), please produce true and correct copies of all advertisements, fliers, customer handouts, marketing materials, and product stuffers and all drafts of the same whether published or unpublished and including print and electronic format, and accompanied with dates of publication and sources of publication if available, that made reference to the Impact study.

**Response to Request No. 5**

Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Subject to the foregoing objections, Posey will produce non-privileged documents that are in its possession, custody and control and that are responsive to this request.

6.     With respect to advertisements, fliers, customer handouts, marketing materials, and product stuffers, and all drafts of the same which were published or used or distributed at any time from and after September 1, 2001, please produce every such document or materials which refer or relate in any manner to laundering, durability, product integrity, protection against injury, reduction of impact, and effectiveness which includes any capacity to physically cover or shield the trochanter upon impact related to a fall or similar direct impact.

**Response to Request No. 6**

Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence.  As such, it seeks documents that are beyond the scope of discovery.  Posey further objects to this request on the grounds that the burden or expense of

producing each document encompassed by it outweighs its likely benefit, taking into account the

needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and, in the spirit of cooperation, Posey will produce

advertisements, fliers, customer handouts, marketing materials, and product stuffers, and all

drafts of the same which it published or used or distributed from and after September 22, 2004.

7.     Please produce all documents which document or refer or relate in any manner to

instructions to Posey employees, distributors, agents, and representatives and directing them to

halt and discontinue use, distribution, or communication of any document or advertisement

which refers or relates in any manner to any Garwood study or report.

**Response to Request No. 7**

To the extent it has any responsive non-privileged documents in its possession, custody or

control, Posey will comply with this request.

8.     Please produce every document which supports Posey's allegation that "HipSaver

has embarked on a campaign to tarnish and damage the reputation of Posey and Posey's hip

protector products . . . [by wrongly accusing] Posey of infringing United States Patent

No. 6,519,780."

**Response to Request No. 8**

To the extent it has any responsive non-privileged documents in its possession, custody or

control, Posey will comply with this request.

9.     Please produce every document which supports Posey's allegation that it has not knocked-off HipSaver's products.

**Response to Request No. 9**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the term "knocked-off" is vague and ambiguous and upon the further ground that Posey cannot determine to which specific "allegation" the request refers.

10.     Please produce every document which supports Posey's allegation that it has not produced defective products.

**Response to Request No. 10**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that it cannot determine to which specific "allegation" the request refers. Thus, the request is vague and ambiguous.

11.     Please produce every document which refers or relates in any manner to any clinical validation of Hipster products with respect to protection against hip injury in humans.

**Response to Request No. 11**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

12.    Please produce every document demonstrating that Posey hip protector products do not fall apart and degrade.

**Response to Request No. 12**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

13.    Please produce every document demonstrating that Posey hip protector products have been proven effective in orthopedic biomechanical testing.

**Response to Request No. 13**

Posey objects to this request on the grounds that the term "orthopedic biomechanical testing" is vague and ambiguous. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation and subject to the protective order recently entered in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

14.    Please produce every document which refers or relates in any manner to total Hipster sales by product type, unit sales, total unit sales, volume, revenue for each year and for the year to date in 2005.

**Response to Request No. 14**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing "every document" encompassed the request outweighs the likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary financial information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious injury.

Subject to the foregoing objections and subject to the protective order recently entered in this matter, Posey will produce documents sufficient to show Posey's annual and year-to-date sales of Hipster products by number of units and dollar volume and total revenue for each Hipster product for the period from January 1, 2001 through the present.

Dated: October 24, 2005

J.T. POSEY COMPANY
By its attorneys,

_Douglas H. Morseburg_
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
       Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP

23

470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by Federal Express today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: October 24, 2005

Donald K. Piper