UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC.,<br>    Plaintiff / Counterclaim Defendant,<br><br>v<br><br>J.T. POSEY COMPANY,<br>    Defendant / Counterclaim Plaintiff | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10917 PBS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND THE COMPLAINT**

Plaintiff, The HipSaver Company, Inc. ("HipSaver"), seeks leave of this Court pursuant to Fed. R. Civ. P. 15(a) to amend its complaint to include a claim of product disparagement based on newly discovered evidence just recently produced by defendant in the course of document production. A copy of the proposed Amended Complaint is attached as Exhibit A to Plaintiff's Motion to Amend.

**SUMMARY OF THE MOTION**

Plaintiff states that it submitted its original Complaint on May 4, 2005. The original complaint alleged breach of a settlement agreement and false and deceptive advertising in violation of the Lanham Act and Massachusetts Unfair and Deceptive Business Practices Act, G.L. c.93A, §§2, 11. On November 17, 2005, while reviewing documents received on November 7, 2005 from Posey, HipSaver discovered an e-mail correspondence and attached document containing false and disparaging statements. This document was circulated by electronic mail to the Veteran's Administration and may have been circulated using similar means to other associations and institutions. Because this document was circulated by electronic mail and never publicly circulated, HipSaver

had no knowledge of this document nor opportunity to discover such document prior to the recent document production.

Together, the text of the e-mail correspondence and attached document contain explicit affirmative statements asserting the superiority of the Posey product. Further, the attached document contains a bar chart illustrating superior performance by the Posey product in an explicit comparison between HipSaver and Posey products. These assertions of superiority are false and disparaging and not supported by Posey's own test data.

The discovery of this e-mail correspondence and attached document raises the distinct but related claim of product disparagement. Here, Defendant Posey negligently, recklessly, and maliciously published a false statement which disparaged HipSaver's product and caused special damages.

**ARGUMENT**

The Court should grant leave to amend a Complaint "when justice so requires." Fed. R. Civ. P. 15(a); *See also Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95, 116 (D. Mass. 2001). Because HipSaver "learned of the basis for its new allegations during discovery", delay is justified and leave to amend should be granted. *Id.* (granting leave to amend where motion to amend filed a few months after documents containing new facts were produced during discovery); *see also Picker Int'l, Inc. v. Leavitt*, 128 F.R.D. 3, 9 (D. Mass. 1989)(granting leave to amend where motion filed soon after new facts learned during discovery).

Nothing here invites any departure from Rule 15(a)'s general allowance of amendments. There is no undue delay. HipSaver only learned of this correspondence and attached document on November 17th in reviewing documents produced by Posey on

November 4, 2005. This document was an e-mail correspondence sent to the Veteran's Administration and perhaps, to other institutions as well. HipSaver could not have discovered this document prior to document production.

Further, such amendment does not cause prejudice to Posey. This cause of action is based on similar facts and similar counts. The discovery period has not yet ended in this case and the trial date has not been set. *Tingley Sys, Inc.* at 117 (no prejudice because parties had the opportunity to address the new counts through limited discovery and a trial date had not yet been set). Thus, such amendment will not prejudice Posey.

## CONCLUSION

For the reason set out here, HipSaver respectfully requests that this Court grant its Motion to Amend the Complaint.

>Respectfully submitted,
>
>THE HIPSAVER COMPANY, INC.
>By its Attorneys,
>
> /s/ Courtney M. Quish
>Lee Carl Bromberg, Esq.
>BBO No.: 058480
>Edward J. Dailey, Esq.
>BBO No.: 112220
>Courtney M. Quish, Esq.
>BBO No.: 662288
>BROMBERG SUNSTEIN LLP
>125 Summer Street - 11th floor
>Boston, Massachusetts 02110-1618
>617.443.9292
>cquish@bromsun.com

Dated: December 2, 2005

02820/00502 450038.1

3