UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

**MEMORANDUM OF J.T. POSEY COMPANY, INC.
IN OPPOSITION TO MOTION OF
THE HIPSAVER COMPANY, INC.
TO COMPEL DISCOVERY**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") opposes the motion of The HipSaver Company Inc. ("HipSaver") for an order compelling discovery and for an award of fees and costs. As is set forth below, Posey has supplemented its original written responses and produced all relevant documents. Therefore, there is nothing to compel. Moreover, Posey's delay in producing relevant documents was due to the fact that it was attempting to insure that its production was complete, and not the result of a desire to evade its discovery obligations. Thus, under the circumstances of this case, an award of fees and costs would be unjustified.

015 Opposition to Motion to Compel

I.   **FACTS**

This is an action between two competitors who are accusing each other of making false and misleading advertising claims and of engaging in unfair competition.

Briefly, the original request for production which is the subject of this motion (the "Request") was served on August 12, 2005. Posey's response to the Request was served on September 13, 2005. See Exhibits "A" and "B" to Plaintiff's Motion. To correct one of the individual requests contained in the original Request, which was completely unintelligible, HipSaver served Posey with a document entitled "Plaintiff's Request for Production of Documents With Errata Correction" on September 19, 2005. Posey responded to this second request on October 24, 2005. See Exhibit "D" to Plaintiff's Motion. Posey produced at least 1,112 pages of documents in response to HipSaver's original Request and the second request on October 20, 2005, October 24, 2005, October 25, 2005 and November 4, 2005. See accompanying Declaration of Douglas H. Morseburg, paragraph 2 (hereafter, cited Morseburg Decl., ¶ _.)

On or about September 27, 2005, HipSaver's counsel wrote to Posey counsel regarding some of Posey's responses to the original Request. Posey's counsel responded by letter dated October 7, 2005. See Morseburg Decl., ¶ 3, and Exhibit "1". Counsel subsequently had numerous exchanges of correspondence and at least one telephone conference regarding HipSaver's requests and Posey's responses. During this meet and confer process, HipSaver, on the one hand, narrowed many of its original requests and decided not to pursue others. Posey, on the other hand, agreed to produce additional documents in response to some of the discovery requests and to supplement its original

2

responses. See, e.g., Morseburg Decl., ¶¶ 4 and Exhibits "2" and "3". See also generally Exhibits to Plaintiff's Motion.

As a consequence of all of the foregoing, HipSaver's counsel set an arbitrary deadline of November 21, 2005 for Posey's supplemental response and its supplemental production of documents. On Friday, November 18, 2005, Posey's counsel advised HipSaver's counsel that Posey would not be able to supplement its discovery prior to November 22, 2005 because the person who needed to "sign off" on Posey's supplemental responses was unavailable (he was actually out of the country) until then. Morseburg Decl., ¶ 5. Not content with Posey's assurance that its supplementation was forthcoming, on November 21, 2005, HipSaver filed this motion seeking an order compelling discovery and for sanctions.

On November 30, 2005 and December 2, 2005, Posey served additional documents that were responsive to HipSaver's requests for production. On December 2, 2005, Posey also served a supplemental response to HipSaver's requests for production that stated, in essence, that all documents that were responsive to the requests that are the subject of the instant motion had been produced.[1]  Morseburg Decl., ¶ 6 and Exhibit "5".

## II.     THE STANDARD GOVERNING THE INSTANT MOTION

Motions to compel discovery are governed by Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") which provides, in pertinent part, that where a party served with a written discovery request for production/inspection of documents fails to respond

---

[1] Request No. 2(a) calls for the production of, among other things, materials that may have been provided to Garwood Laboratories for testing. Those materials that Posey succeeded in locating are located at the offices of Posey's counsel and they are available for inspection by HipSaver at its convenience.

that production/inspection will be permitted or fails to produce documents for inspection, the discovering party may move for an order compelling inspection. Fed. R. Civ. Proc. 37(a)(2)(B). The motion must include a certification that the movant has made a good faith effort to avoid court intervention. Id.

As far as sanctions are concerned, Rule 37, subsection (a)(4)(A), provides that if the motion is granted or if the discovery is provided after the motion is filed, the court shall award the moving party the costs of making the motion unless it finds that the opposing party's nondisclosure, response or objection was substantially justified or that other circumstances make the award of expenses unjust.

### III. ARGUMENT

#### A. HipSaver's Motion to Compel Must Be Denied Because It Is Moot.

In the instant case, HipSaver argues, essentially, that it is entitled to an order compelling discovery because Posey was stonewalling. This is simply not the case.

In response to the original Request, Posey said that it would produce certain documents upon the entry of a suitable protective order. It objected to certain other individual requests that it considered overly broad, too vague or irrelevant to the issues in the case. See Exhibit "B" to Plaintiff's motion.

The Court entered a protective order in this case on October 14, 2005. Posey produced its first batch of documents (totaling 419 pages) that were responsive to HipSaver's Request six days later, i.e., on October 20, 2005. On three occasions thereafter (i.e., on October 24 and 25, 2005 and November 4, 2005), Posey produced an additional 693 pages of responsive documents. See Morseburg Decl., ¶ 2.

In addition, during the meet and confer process, the parties discussed at length certain of HipSaver's individual requests for production. As a consequence, on November 7, 2005, Posey agreed to supplement its written response to state either that it would produce responsive documents or that it had no responsive documents. See Morseburg Decl., ¶ 4 and Exhibits "2" and "3".

At this point, Posey has done everything HipSaver has asked it to do. Specifically, it has supplemented its written responses to HipSaver requests for production nos. 2.a., 2.b., 2.f., 3.b., 3.f., 4.e., 4.h. (even though the parties never even discussed this one), 6, 11, 13 and 14.[2] See Exhibit "5" to Morseburg Declaration. And, it has produced all responsive documents. (On November 30, 2005, it produced 619 additional pages and on December 2, 2005, it produced 328 more pages.) See Morseburg Decl., ¶ 7. As a consequence, HipSaver's motion is moot. Indeed, because Posey had agreed in writing prior to the motion to supplement its written responses and to produce additional documents, the motion was completely unnecessary.

### B. HipSaver's Motion for An Award of Costs Should Be Denied Because It Would Be Unjust.

HipSaver's request for an award of costs, including attorneys' fees should be denied. As is clear from the contemporaneous documents submitted by the parties in connection with this motion, Posey was not attempting to evade discovery. On the contrary, it voluntarily agreed to supplement and to produce additional documents. HipSaver's only complaint is that Posey did not act fast enough.

---

[2] In its motion, with respect to request 14, HipSaver purports to seek production of "every" document relating to Posey's Hipster sales for various years. During the meet and confer process, the parties specifically agreed that Posey would produce a sales summary, which it has done.

5

Moreover, as is set forth in the accompanying Morseburg Declaration, Posey's brief delay in producing additional documents and in supplementing its written responses was due to the fact that the person at Posey who had to sign off on Posey's supplementation was out of the country in the middle part of November and by a desire on Posey's part to insure that all responsive documents had been gathered. See Morseburg Decl., ¶¶ 6-8.

Under the foregoing circumstances, an award of sanctions in connection with this motion would be unjust. See Fed. R. Civ. Proc. 37((a)(4)(A) (no award of expenses where it would be unjust under the circumstances).

## IV. CONCLUSION

For the foregoing reasons, HipSaver's motion to compel should be denied, as should its motion for an award of fees and expenses.


Dated: December 5, 2005                         Respectfully submitted,


                                                J.T. POSEY COMPANY
                                                By its attorneys,

                                                /s/ Douglas H. Morseburg
                                                Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                                Douglas H. Morseburg,
                                                     Admitted Pro Hac Vice
                                                Shannon S. Sheldon, Admitted Pro Hac Vice
                                                SHELDON & MAK
                                                225 South Lake Avenue, Suite 900
                                                Pasadena, CA 91001
                                                (626) 796-4000

                                                Anthony J. Fitzpatrick (BBO # 564324)
                                                DUANE MORRIS LLP

                                                            470 Atlantic Avenue, Suite 500
                                                            Boston, MA 02210
                                                            (617) 289-9200

## **CERTIFICATE OF SERVICE**

     I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: December 5, 2005                     /s/ Donald K. Piper
                                                      Donald K. Piper