# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.T. POSEY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

## DECLARATION OF DOUGLAS H. MORSEBURG IN OPPOSITION TO MOTION OF HIPSAVER FOR ORDER COMPELLING DISCOVERY

I, Douglas H. Morseburg, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in opposition to the motion of The HipSaver Company for an order compelling discovery.

2. In response to HipSaver's first request for production of documents which is the subject of the instant motion, Posey responded in writing and it produced at least 1112 pages of documents in four separate productions. These occurred on October 20, 2005

(419 pages), October 24, 2005 (377 pages), October 25, 2005 (2 pages) and November 4, 2005 (314 pages).

3.   On or about September 27, 2005, I received a letter from Edward Dailey, HipSaver's counsel, regarding some of Posey's responses to the original Request.  The letter is attached to the Plaintiff's motion.  I responded to Mr. Dailey in a letter dated October 7, 2005.  A true and correct copy of my response, which was not attached to the Plaintiff's motion,  is attached as Exhibit "1".

4.   Mr. Dailey and I subsequently had numerous exchanges of correspondence and emails and at least one telephone conference regarding HipSaver's requests and Posey's responses.  During this meet and confer process, Mr. Dailey narrowed many of HipSaver's original requests and decided not to pursue others.  As a consequence of this process, on November 7, 2005, I agreed on behalf of Posey that Posey would produce additional documents in response to several of the discovery requests and that it would supplement its original responses.  True and correct copies of confirming correspondence regarding these matters are attached as Exhibits "2", and "3".

5.   At some point, Mr. Dailey advised me that he expected Posey to supplement its original written responses and to produce its additional documents by November 21, 2005.  On November 18, 2005, I advised Mr. Dailey by email, a true and correct copy of which is at attached as Exhibit "4", that Posey would not be able to supplement its discovery prior to November 22, 2005 because the person who needed to "sign off" on Posey's supplemental responses, Posey's president, Mr. Ernest Posey, was unavailable. (He was actually out of the country.)

6.   Subsequently, on November 30, 2005 and December 2, 2005, Posey served additional documents that were responsive to HipSaver's requests for production.  On December 2, 2005, Posey also served a supplemental response to HipSaver's requests for production, a true and correct copy of which is attached as Exhibit "5".  The short delay in producing the documents and in serving the written response was due to the fact that

Mr. Posey was unavailable for a large portion of the month of November and by the fact that Posey was searching for additional responsive documents to insure that its production was complete.

7.   At this point, Posey has supplemented its written responses to HipSaver requests for production nos. 2.a., 2.b., 2.f., 3.b., 3.f., 4.e., 4.h. (even though the parties never even discussed this one), 6, 11, 13 and 14 and, to the best of its knowledge, it has produced all responsive documents.  Specifically, on November 30, 2005, it produced 619 additional pages of responsive documents and on December 2, 2005, it produced 328 more pages.).

8.   HipSaver's request for an award of costs, including attorneys' fees should be denied.  As is clear from the contemporaneous documents submitted by the parties in connection with this motion, Posey was not attempting to evade discovery.  On the contrary, it voluntarily agreed to supplement and to produce additional documents. HipSaver's only complaint is that Posey did not act fast enough.  Thus, there is no basis for an award of expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 5th day of December, 2005 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

**EXHIBIT 1**

**SHELDON & MAK**

A PROFESSIONAL CORPORATION

ATTORNEYS

CORPORATE CENTER

225 SOUTH LAKE AVENUE, 9TH FLOOR

PASADENA, CALIFORNIA 91101-3021

FACSIMILE: (626) 795-6321

HOME PAGE: www.usip.com

(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
JULIO M. LOZA
A. ERIC BJORGUM
NORMAN VAN TREECK

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

WRITER'S DIRECT NUMBER
626.356.1217

WRITER'S EMAIL
DOUG@USIP.COM

October 7, 2005

<u>Via Facsimile (617.443.0004) and Email</u>

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618

Re:     The HipSaver Company v. J.T. Posey
        <u>Sheldon & Mak Matter No. 16112.24</u>

Dear Ed:

Reference is made to your letter dated September 27, 2005 to Jeff Sheldon and Tony Fitzpatrick regarding our responses to your requests for production. Please address all further communications regarding this subject to me.

To address the point you raised:

Request No. 1:  A request that asks for documents related to a party's "claims or defenses" is not reasonably particular. A request that asks for communications related to "any matter in the Complaint or Counterclaim" is broader than one that asks for documents related to a party's "claims or defenses". Thus, I conclude that Request No. 1 is not reasonably particular.

Request No. 2(f):  Thank you for the clarification. Posey will agree to produce documents showing the media in which the two accused ads appeared and, to the extent any exist, documents identifying the persons to whom the accused advertising was circulated. This latter category will only be produced pursuant to a protective order. I will provide a supplemental response.

Request No. 4(d):  This request relates to the instructions regarding the launderability of Posey's products. You have represented to the Court that HipSaver's complaint in this case is based upon references to the Garwood impact study in Posey's 2005 advertising. Advertising relating to the Garwood study does not implicate the instructions regarding the launderability of Posey's products. Thus, documents responsive to this request are simply not relevant to any of

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
October 7, 2005
Page 2

the claims in the complaint.  If they are relevant at all, they are relevant to Posey's counterclaims.
However, you have taken the position in your discovery responses that documents related to the
launderability of Posey's products are beyond the scope of discovery.  You can not have it both
ways.  If the launderability of Posey's products is within the scope of your discovery, it is within
the scope of mine.  Take your pick.

Request No. 6:  The original request was, indeed, unintelligible.  However, we have
received your second set of requests for production and we will respond to them in due course.

Request No. 9: First of all, Posey did not select the "knock-off" language in question.
Mr. Goodwin did.  Moreover, contrary to what is stated in the request, Posey's counterclaim does
not allege that Posey has not knocked-off (whatever that means to Mr. Goodwin) HipSaver's
products.  It alleges that HipSaver has wrongly accused Posey of selling knock-off products.  If
you want us to produce documents supporting the fact that Mr. Goodwin has made this allegation
against Posey, we will do so.  If you want us to produce documents showing something else, then
you should have reasonably particularized the request.

Request No. 10: Again, the counterclaim does not allege that Posey has not sold defective
and dangerous products.  It alleges that HipSaver has wrongly and falsely accused Posey of
selling defective and dangerous products.  If you want us to produce documents supporting the
fact that Mr. Goodwin has made this allegation against Posey, we will do so.  If you want us to
produce documents showing something else, then you should have reasonably particularized the
request.

I believe this responds to all of the points raised in your letter.  If you have any problems
with any of our remaining responses, just let me know.

Very truly yours,

Douglas H. Morseburg

DHM/cs

cc:    Jeff Sheldon
       Client

J:\POSEY\16112.24 HipSaver MA\Correspondence\010 Letter to Dailey 10-07-05.wpd

# SHELDON & MAK

## A PROFESSIONAL CORPORATION

225 South Lake Avenue, 9th Floor
Pasadena, California 91101
Facsimile: (626) 795-6321
Reception: (626) 796-4000
www.usip.com

## FACSIMILE TRANSMITTAL SHEET

DATE/TIME: **October 7, 2005 (10:39AM)**

TOTAL NUMBER OF PAGES INCLUDING FAX COVER SHEET: 3

If all of the pages are not received, call **Cassandra Scardino** at (626) 796-4000 ext. **348**

TO:

| NAME | Edward J. Dailey |
|---|---|
| COMPANY | Bromberg & Sunstein LLP |
| PHONE NO. | |
| FAX NO. | 617.443.0004 |
| YOUR REFERENCE NO. | *J.T. Posey Company v. HipSaver Co.* |

FROM:

| NAME | Douglas H. Morseburg |
|---|---|
| PHONE NO. | (626) 796-4000 |
| E-MAIL ADDRESS | Doug@usip.com |
| OUR REFERENCE NO. | 16112.24 |

MESSAGE:

**CONFIDENTIALITY NOTICE:** The documents accompanying this facsimile transmission contain privileged and confidential information. Do not disclose or discuss this information with anyone other than those identified above. Unauthorized disclosure is strictly prohibited. If you receive this facsimile in error, please notify us by telephone immediately.

MESSAGE CONFIRMATION                    OCT-07-2005 10:48 AM FRI

```
                                        FAX NUMBER    :
                                        NAME          :


NAME/NUMBER      :   1255#55*55#16174430004
PAGE             :   3
START TIME       :   OCT-07-2005 10:47AM FRI
ELAPSED TIME     :   00' 30"
MODE             :   STD ECM
RESULTS          :     [ O.K ]
```

---

# SHELDON & MAK
### A PROFESSIONAL CORPORATION

225 South Lake Avenue, 9th Floor
Pasadena, California 91101
Facsimile: (626) 795-6321
Reception: (626) 796-4000
www.usip.com

## FACSIMILE TRANSMITTAL SHEET

DATE/TIME: **October 7, 2005 (10:39AM)**

TOTAL NUMBER OF PAGES INCLUDING FAX COVER SHEET: *3*
If all of the pages are not received, call **Cassandra Scardino** at (626) 796-4000 ext. **348**

TO:

| NAME | Edward J. Dailey |
|---|---|
| COMPANY | Bromberg & Sunstein LLP |
| PHONE NO. | |
| FAX NO. | 617.443.0004 |
| YOUR REFERENCE NO. | *J.T. Posey Company v. HipSaver Co.* |

FROM:

| NAME | Douglas H. Morseburg |
|---|---|
| PHONE NO. | (626) 796-4000 |
| E-MAIL ADDRESS | Doug@usip.com |
| OUR REFERENCE NO. | 16112.24 |

MESSAGE:

**CONFIDENTIALITY NOTICE:** The documents accompanying this facsimile transmission contain privileged and confidential information. Do not disclose or discuss this information with anyone other than those identified above. Unauthorized disclosure is strictly prohibited. If you receive this facsimile in error, please notify us by telephone immediately.

**EXHIBIT 2**

**Edward Dailey**

| | |
|---|---|
| **From:** | Edward Dailey |
| **Sent:** | Monday, November 07, 2005 7:06 PM |
| **To:** | 'Doug Morseburg' |
| **Subject:** | Hipsaver v JT POsey |

Doug,
  This is a follow on to our conference today relative to our proposed Motion to Compel.  After our conference today, we agree to hold the Motion, pending receipt and review of your supplemental response to our Request for Production.

       With regard to request 2a, I understand your supplemental statement will confirm the fact that Posey has not maintained and cannot otherwise obtain any of the hip protector materials tested by Garwood at any time from 1.1.2000 through the present.

       With regard to request 2f, I understand that you will supplement the response with any documents related to trade shows and documents related to mailing and distribution of advertisements to customers, potential customers, media, and customer lists.  We do not seek the customer lists - just documents related to the distribution.

       With respect request 4d/4e, I understand that you will give further consideration to producing materials related laundering at 160 degrees.  I have sent you an image of the 160 degree label in use prior to the 2004 settlement by separate e-mail.  Please supplement your earlier response if you will agree to produce documents and materials in response to requests 4d/4e.

       With respect to request 6, I understand you will supplement your response with a statement that Posey does not have any documentation of the capacity of its products to physically cover or shield the trochanter upon impact related to a fall  or similar direct physical contact.

       With respect to request 11 and 13, I understand that you will supplement your response with a statement that Posey does not have any clinical validation studies or studies or tests related to biomechanical testing of its hip protectors.

       With respect to request 14, I understand that you will obtain unit price data by model and that for 2004 And 2005 you will distinguish between standard and high durability models in the spreadsheet.

       Thanks,

       /Ed

*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

1

**EXHIBIT 3**

Case 1:05-cv-10917-PBS     Document 61     Filed 12/05/2005     Page 12 of 32
Hipsaver v JT POsey                                                                    Page 1 of 3
        Case 1:05-cv-10917-PBS     Document 56-3     Filed 11/21/2005     Page 11 of 39

## Edward Dailey

| | |
|---|---|
| **From:** | Edward Dailey |
| **Sent:** | Wednesday, November 16, 2005 1:01 PM |
| **To:** | 'Doug Morseburg' |
| **Subject:** | RE: Hipsaver v JT POsey |

Doug,

It is not for me to estimate.  You should query the stenographer.  Presumably, her program recorded stops and starts. Mr. Goodwin will be available from 1215 - 6pm on the 30, and since you ask, I will try to make Ms. Brogna available on the 30th.

Here's the deal on supplementation:  if you are unable to supplement by Monday which yoou promised for last Thursday, I will move to compel.

Finally, Also, I will be noticing Posey's 30(b)(6) for the 15th and the two lab folks for the morning of the 16th.

/Ed


*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com


**From:** Doug Morseburg [mailto:doug@usip.com]
**Sent:** Tuesday, November 15, 2005 7:09 PM
**To:** Edward Dailey
**Cc:** Cassandra Scardino; Doug Morseburg
**Subject:** RE: Hipsaver v JT POsey

Dear Ed:

I will suppplement, but I am awaiting confirmation from Posey regarding a couple of things.

As for depos, what is your estimate of the time remaining on the 30(b)(6)?  We are entitled to that and to his depo as an individual.  Are you going to make Ms. Brogna available on 12/1?

Sincerely,

Doug

Case 1:05-cv-10917-PBS    Document 61    Filed 12/05/2005    Page 13 of 32
Hipsaver v JT POsey                                                      Page 2 of 3
Case 1:05-cv-10917-PBS    Document 56-3    Filed 11/21/2005    Page 12 of 39

-----Original Message-----
**From:** Edward Dailey [mailto:Edailey@bromsun.com]
**Sent:** Tuesday, November 15, 2005 9:10 AM
**To:** Doug Morseburg
**Subject:** Hipsaver v JT POsey

Doug,

Please see my e-mail below from 11.7. It is important for us to receive your supplemental response this week. Also, Mr. Goodwin is avialbale on the 30th from 12:15pm through 6:00PM for deposition.

/Ed

## Ed Dailey
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston 02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

---

**From:** Edward Dailey
**Sent:** Monday, November 07, 2005 7:06 PM
**To:** 'Doug Morseburg'
**Subject:** Hipsaver v JT POsey

Doug,
This is a follow on to our conference today relative to our proposed Motion to Compel. After our conference today, we agree to hold the Motion, pending receipt and review of your supplemental response to our Request for Production.

With regard to request 2a, I understand your supplemental statement will confirm the fact that Posey has not maintained and cannot otherwise obtain any of the hip protector materials tested by Garwood at any time from 1.1.2000 through the present.

With regard to request 2f, I understand that you will supplement the response with any documents related to trade shows and documents related to mailing and distribution of advertisements to customers, potential customers, media, and customer lists. We do not seek the customer lists - just documents related to the distribution.

With respect request 4d/4e, I understand that you will give further consideration to producing materials related laundering at 160 degrees. I have sent you an image of the 160 degree label in use prior to the 2004 settlement by separate e-mail. Please supplement your earlier response if you will agree to produce documents and materials in response to requests 4d/4e.

Case 1:05-cv-10917-PBS    Document 61    Filed 12/05/2005    Page 14 of 32
Hipsaver v JT POsey                                                          Page 3 of 3
           Case 1:05-cv-10917-PBS    Document 56-3    Filed 11/21/2005    Page 13 of 39

With respect to request 6, I understand you will supplement your response with a statement that Posey does not have any documentation of the capacity of its products to physically cover or shield the trochanter upon impact related to a fall or similar direct physical contact.

With respect to request 11 and 13, I understand that you will supplement your response with a statement that Posey does not have any clinical validation studies or studies or tests related to biomechanical testing of its hip protectors.

With respect to request 14, I understand that you will obtain unit price data by model and that for 2004 And 2005 you will distinguish between standard and high durability models in the spreadsheet.

Thanks,

/Ed

**Ed Dailey**
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

This message is intended only for the addressee(s), and may contain information that is privileged and confidential. If the recipient of this message is not an addressee, please notify us immediately by telephone at 617-443-9292.

**EXHIBIT 4**

## Doug Morseburg

| | |
|---|---|
| **From:** | Edward Dailey [Edailey@bromsun.com] |
| **Sent:** | Friday, November 18, 2005 10:44 AM |
| **To:** | Doug Morseburg |
| **Subject:** | RE: Posey/HipSaver - Supplementation |

Awesome!

 /Ed


 *Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com



---

**From:** Doug Morseburg [mailto:doug@usip.com]
**Sent:** Friday, November 18, 2005 1:43 PM
**To:** Edward Dailey
**Cc:** Cassandra Scardino; Doug Morseburg
**Subject:** Posey/HipSaver - Supplementation

Ed,

The person who needs to sign off on the supplemental discovery stuff returns to Posey on Tues.  That's the earliest I can get you the supplemental responses.

Sincerely,

Doug

> -----Original Message-----
> **From:** Edward Dailey [mailto:Edailey@bromsun.com]
> **Sent:** Thursday, November 17, 2005 6:19 AM
> **To:** Doug Morseburg
> **Subject:** RE: Depositions
>
> Awesome - I'll have the 30(b)(6) to you tonight -  /Ed


 *Ed Dailey*
BROMBERG SUNSTEIN LLP

Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

---

**From:** Doug Morseburg [mailto:doug@usip.com]
**Sent:** Thursday, November 17, 2005 3:41 AM
**To:** Edward Dailey
**Cc:** Cassandra Scardino; Doug Morseburg
**Subject:** RE: Depositions

Ed,

I don't have a problem flip-flopping the Garwood and Posey 30(b)(6) depos, but I need to know the 30(b)(6) topics so I can figure out who the witnesses are and then determine their availability.

Question?  Maybe.  Dragoon?  Never.

Sincerely,

Doug

> -----Original Message-----
> **From:** Edward Dailey [mailto:Edailey@bromsun.com]
> **Sent:** Friday, November 11, 2005 12:09 PM
> **To:** Doug Morseburg
> **Subject:** RE: Depositions
>
> It is ok by me, but I'll have to confirm with my clients.  I certainly hope you ain't going to dragoon us with another 14 hours of depos....  with resepct to the 15th and 16th,  would you consider the 30(b)(6) on the 15th since that may well take a day and the Garwood dweebs on the 16th since that should be short?  I can depose those guys in two hours.  then you can go to lunch ----
>
> /Ed
>
>
> **Ed Dailey**
> BROMBERG SUNSTEIN LLP
> Winning Intellectual Property
> 125 Summer Street
> Boston  02110-1618
> 617.443.9292
> 617.443.0004 (fax)
> 617.852.7110 (cell)
> edailey@bromsun.com
> www.bromsun.com

**From:** Doug Morseburg [mailto:doug@usip.com]
**Sent:** Friday, November 11, 2005 2:46 PM
**To:** Edward Dailey
**Cc:** Cassandra Scardino; Don Piper; Doug Morseburg
**Subject:** RE: Depositions

Dear Ed:

I don't have a problem with the Garwood depositions going forward on December 15.  December 16, however, is the date of our firm's holiday luncheon, so I would prefer a different date.  Before I can give you any proposed alternatives to December 16 for Posey's 30(b)(6) deposition, I need to have a list of the topics of examination.  Once I get it, I can determine who the appropriate witnesses are and then determine their availability.

As for the deposition of HipSaver/Goodwin, we can discuss the time remaining on HipSaver's 30(b)(6) deposition.  However, we are also entitled to depose Goodwin individually.  We also want to take the deposition of Helen Brogna.

I propose that the deposition of Ms. Brogna take place on the afternoon of November 30 and that the HipSaver/Goodwin deposition take place on Thursday, December 1.

Please let me know if this is okay.

Sincerely,


Doug Morseburg


-----Original Message-----
**From:** Edward Dailey [mailto:Edailey@bromsun.com]
**Sent:** Friday, November 11, 2005 9:04 AM
**To:** Doug Morseburg
**Subject:** FW: Depositions


      See my earlier note below.  With respect to further deposition of Mr. Goodwin, I can be available on the afternoon of the 30th.  Also, we must agree on the remaining time since your stenographer does not appear to recorded the time in the deposition transcript.


      /Ed


***Ed Dailey***
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com

www.bromsun.com

---

**From:** Edward Dailey
**Sent:** Thursday, November 03, 2005 4:51 PM
**To:** 'Doug Morseburg'
**Subject:** Depositions

I'm trying to get control of my life and hoping to schedule the California depositions. Do you think we can depose Flowers and Clemmens on December 15th (I'm passing on Sturkie after reviewing the Garwood documents) and Posey's 30(b)(6) witness (es) on December 16th? If you need further HipSaver depositions, I am available on December 8,9,22. I will agree also to extend HipSaver depositions through the first week of January if you need that.

> Let me know,
>
> /Ed

### Ed Dailey
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

This message is intended only for the addressee(s), and may contain information that is privileged and confidential. If the recipient of this message is not an addressee, please notify us immediately by telephone at 617-443-9292.

**EXHIBIT 5**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HIPSAVER COMPANY, INC.,    ) | Case No. CV-05-10917 PBS |
|     Plaintiff,    ) | |
|     v.    ) | |
| J.T. POSEY COMPANY,    ) | |
|     Defendant.    ) | |
| AND RELATED COUNTERCLAIM.    ) | |

### J.T. POSEY COMPANY'S SUPPLEMENTAL RESPONSE
### TO PLAINTIFF'S FIRST AND SECOND SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") supplements its

response to "Plaintiff's First Request for Production of Documents" (the "Request") as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.      Posey is presently pursuing an investigation of the facts relating to this proceeding

and has not yet completed its discovery or preparation for trial.  Therefore, these supplemental

responses are being provided without prejudice to its right to add to, modify, or otherwise change

or amend its responses, and subject to its right to produce evidence of any subsequently

discovered fact or any subsequently discovered documents.

B.      The information set forth below is true and correct to the best of Posey's

knowledge as of this date, and is subject to correction for inadvertent errors, mistakes, and

omissions.  These supplemental responses are based upon information presently available to Posey and are made by Posey subject to and without waiving the right to use, introduce or refer to any information that is unintentionally omitted from these responses or any documents that may be inadvertently omitted from production.

C.      Posey makes these supplemental responses solely for the purpose of this proceeding.  Each supplemental response is made subject to all objections as to relevancy, materiality, propriety, and admissibility of any documents identified in these responses or produced pursuant to any of the individual requests.  All objections and grounds for objections are expressly reserved by Posey and may be interposed by Posey at any later stage of this proceeding, including at the time of trial.

D.      Except for explicit facts admitted herein, Posey does not intend any incidental or implied admissions by these supplemental responses.

E.      Posey incorporates in these supplemental responses the general and specific objections that are set forth in its original responses.

F.      Posey incorporates this Introductory Statement and General Objections section into each individual supplemental response set forth below.

## Documents and Things to be Produced

2.      With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

a)      all materials, garments, products, and samples provided to Garwood Laboratories for testing;

2

b)      all data, documentation, and information, including drafts and revisions, provided

to Garwood and related in any manner to any study or testing conducted for or at

the direction of Posey;

f)      all data, documentation, and information which refer or are related in any manner

to the use and dissemination of advertisements or public or customer or marketing

statements and materials referred to in subparagraphs d) and e) above, including

but not limited to the types of media used, identification of specific publications

and media, and identification of customers, institutions, and others to whom the

advertisements and public statements were directed, sent, or provided.

## Response to Request No. 2

a)      Posey objects to this request on the grounds that it encompasses tangible things

(i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks tangible things that are beyond the

scope of discovery. Posey further objects to this request on the grounds that the burden or

expense of producing each tangible thing encompassed by it outweighs its likely benefit, taking

into account the needs of the case and the importance of the encompassed items in resolving the

issues. Posey further objects to this request on the grounds that it calls for the production of

confidential and proprietary business information, the disclosure of which to a competitor would

cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a

suitable protective order in this matter, Posey will produce all materials, garments, products, and

samples, if any, which are in its possession, custody or control and which were provided to

Garwood Laboratories for testing in connection with the study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

b)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which were provided to Garwood Laboratories in connection with the study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

f)    Posey objects to this request on the grounds that it is confusing and unintelligible. To the extent Posey can even understand it, Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed

4

documents in resolving the issues.  Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

**Supplemental Response to Request Nos. 2.a., 2.b. and 2.f.:**

a)    Those materials that Posey provided to Garwood in connection with Garwood's testing of hip protection materials and that are still in Posey's possession are available for inspection at the offices of Posey's counsel.

b)    To the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.

f)    To the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.


3.    With respect to hip protection materials, garments, products, and samples, please produce and provide the following:

b)    all data, documentation, and information related to the design for and the protocol for each study and test conducted in whole or part by Garwood for or on behalf of Posey;

f)    all photographs, images, and graphics associated with or related in any manner to each study and test conducted in whole or part by Garwood for or on behalf of Posey.

**Response to Request No. 3**

b)    Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to

lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and information, if any, which are in its possession, custody or control and which concern the design and the protocol for the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

f)     Posey objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing each document encompassed by it outweighs its likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues.

Subject to the foregoing objections and, in the spirit of cooperation, Posey will produce all photographs, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

6

**Supplemental Response to Request Nos. 3.b. and 3.f.:**

3.b.    To the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.

3.f.    To the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.

4.    With respect to Hipster products, please produce and provide the following:

e)    all information and correspondence which refers or relates in any manner to the failure, disintegration, or loss of durability or integrity of Hipster products when laundered at water temperatures of 160° F;

h)    all studies, tests, data, documentation, and information related in any manner to the durability or integrity of "high durability" Hipster products when laundered at water temperatures of 180° F for at least 25 minutes.

**Response to Request No. 4**

e)    Posey objects to this request on the grounds that it is overly broad as to time and upon the further grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing objection, upon the entry of a suitable protective order in this matter, Posey will produce studies, tests, data, documentation, and information, if any, in its possession, custody or control which relate to the durability or integrity of Posey's current Hipster products when laundered at water temperatures of 160° F.

h)    Posey objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would

7

cause or would be likely to cause Posey serious competitive injury. Subject to the foregoing

objection, upon the entry of a suitable protective order in this matter, Posey will produce studies,

tests, data, documentation, and information, if any, in its possession, custody or control which

relate to the durability or integrity of Posey's high durability Hipster products when laundered.

**Supplemental Response to Request Nos. 4.e. and 4.h.:**

e)    To the best of its knowledge, any documents that refer or relate to the failure,

disintegration, or loss of durability or integrity of Hipster products when laundered at water

temperatures of 160° F that have already been produced.

h)    To the best of its knowledge, any documents that relate to the durability or

integrity of "high durability" Hipster products when laundered at water temperatures of 180° F

for at least 25 minutes that have already been produced.


6.    With respect to advertisements, fliers, customer handouts, marketing materials,

and product stuffers, and all drafts of the same which were published or used or distributed at any

time from and after September 1, 2001, please produce every such document or materials which

refer or relate in any manner to laundering, durability, product integrity, protection against injury,

reduction of impact, and effectiveness which includes any capacity to physically cover or shield

the trochanter upon impact related to a fall or similar direct impact.

**Response to Request No. 6**

Posey objects to this request on the grounds that it is unintelligible. Posey cannot not

comply with this request because it is unable to determine what documents might be responsive to

it.

**Supplemental Response To Request No. 6, As Amended By Plaintiff's Second Request for Production:**

To the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.

11.    Please produce every document which refers or relates in any manner to any clinical validation of Hipster products with respect to protection against hip injury in humans.

**Response to Request No. 11**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

**Supplemental Response to Request No. 11:**

As clarified by HipSaver's counsel, to the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.

13.    Please produce every document demonstrating that Posey hip protector products have been proven effective in orthopedic biomechanical testing.

**Response to Request No. 13**

Posey objects to this request on the grounds that the term "orthopedic biomechanical testing" is vague and ambiguous.  Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary business information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious competitive injury.

Subject to the foregoing objections and in the spirit of cooperation, upon the entry of a suitable protective order in this matter, Posey will produce all data, documentation and

information, if any, which are in its possession, custody or control and which concern the Garwood study which is referred to in the accused advertisements which are the subject of the complaint in this matter.

**Supplemental Response to Request No. 13:**

As clarified by HipSaver's counsel, to the best of Posey's knowledge, all such materials that are in its possession, custody or control have been produced.

14.    Please produce every document which refers or relates in any manner to total Hipster sales by product type, unit sales, total unit sales, volume, revenue for each year and for the year to date in 2005.

**Response to Request No. 14**

Posey objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that it encompasses documents (i) that are not related to the claims or defenses of any party, and (ii) that are not calculated to lead to the discovery of admissible evidence. As such, it seeks documents that are beyond the scope of discovery. Posey further objects to this request on the grounds that the burden or expense of producing "every document" encompassed the request outweighs the likely benefit, taking into account the needs of the case and the importance of the encompassed documents in resolving the issues. Posey further objects to this request on the grounds that it calls for the production of confidential and proprietary financial information, the disclosure of which to a competitor would cause or would be likely to cause Posey serious injury.

Subject to the foregoing objections, upon the entry of a suitable protective order in this matter, Posey will produce documents sufficient to show Posey's annual and year-to-date sales of

10

Hipster products by number of units and dollar volume and total revenue for each Hipster

product for the period from January 1, 2001 through the present.

**Supplemental Response to Request No. 14:**

As agreed between counsel for Posey and HipSaver, Posey has produced a summary of

Posey's annual and year-to-date sales of Hipster products by number of units and dollar volume

and total revenue for each Hipster product for the period from January 1, 2001 through the

present.


Dated: December  2 , 2005                         J.T. POSEY COMPANY
                                                  By its attorneys,


                                                  Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                                  Douglas H. Morseburg
                                                       Admitted Pro Hac Vice
                                                  Shannon S. Sheldon, Admitted Pro Hac Vice
                                                  SHELDON & MAK
                                                  225 South Lake Avenue, Suite 900
                                                  Pasadena, California 91101
                                                  (626) 796-4000

                                                  Anthony Fitzpatrick (BBO # 564324)
                                                  DUANE MORRIS LLP
                                                  470 Atlantic Avenue, Suite 500
                                                  Boston, Massachusetts 02210
                                                  (617) 289-9200


11

## CERTIFICATE OF SERVICE

      I certify that a copy of this document has been forwarded by electronic mail and by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: December **2**, 2005

                                 Donald K. Piper