UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J.T. POSEY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AND RELATED COUNTERCLAIM. ) | |

**DEFENDANT'S OPPOSITION TO THE HIPSAVER COMPANY, INC.'S
MOTION TO AMEND THE COMPLAINT**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responds as follows to The HipSaver Company Inc.'s ("HipSaver") Motion To Amend The Complaint.

I.  **INTRODUCTION**

HipSaver's original complaint (the "Complaint") asserts claims for breach of settlement agreement, false designation of origin, and violations of the Massachusetts Unfair or Deceptive Business Practices Act. Now, HipSaver seeks to add a claim for product disparagement based on a communication dated more than four years ago.

Posey opposes the amendment to the Complaint for numerous reasons. First, HipSaver's proposed amendment would be futile because the proposed claim was released by HipSaver in the settlement agreement in Posey I. Second, the claim is barred

by the statute of limitations. Third, HipSaver has failed to allege any damages. Finally, the additional claim would unduly prejudice Posey because substantial discovery would be required to defend against it.

## II.  STATEMENT OF FACTS

This is an action between two competitors who are accusing each other of making false and misleading advertising claims, engaging in unfair businesses practices and breaching a prior settlement agreement between them.

### A.  THE PREVIOUS ACTION BETWEEN THE PARTIES AND THE ENSUING SETTLEMENT

On or about June 10, 2004, HipSaver instituted an action against Posey in this Court, entitled *The HipSaver Company, Inc. v. J.T. Posey Company*, U.S.D.C., Case No. 04-11294-PBS ("Posey I"). *See* Complaint, page 2. In Posey I, HipSaver contested an advertising campaign by Posey and brought claims for false designation of origin and violations of the Massachusetts Unfair or Deceptive Business Practices Act. *Id.*

On or about September 22, 2004, HipSaver and Posey settled Posey I. *See* Complaint, ¶ 19. As part of the settlement, the parties entered into a written agreement (the "Settlement Agreement"), which provided, among other things, that HipSaver released Posey from all claims, known or unknown, relating to false advertising claims which were or could have been asserted in Posey I. *See* accompanying Declaration of Douglas H. Morseburg (hereafter cited, "Morseburg Decl."), ¶ 2 and Ex. "A".

### B.  THE DISCOVERY DEADLINE, ALREADY ONCE EXTENDED, IS NEARLY EXPIRED

In its initial Scheduling Order, the Court originally set the discovery cut-off in this case for case was October 31, 2005. *See* Morseburg Decl., ¶ 3 and Ex. "B". Upon

HipSaver's Motion to Extend Discovery, this Court extended the cut-off date to December 30, 2005. *See* Morseburg Decl., ¶ 4. (There was no opposition by Posey to HipSaver's motion to extend because the Court granted the extension before Posey's opposition was due.) The present discovery cut-off date is only two weeks away. *Id.* Moreover, substantial depositions, including those of key witnesses and Posey and HipSaver's depositions under Fed. R. Civ. P. 30(b)(6), have already occurred in this case. *See* Morseburg Decl., ¶ 5.

### III. ARGUMENT

#### A. LEAVE TO AMEND SHOULD BE DENIED BECAUSE HIPSAVER'S PRODUCT DISPARAGEMENT CLAIM IS FUTILE

Under the less stringent Fed. R. Civ. P. Rule 15(a) standard, as urged by HipSaver, leave to amend is denied in cases where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) (leave to amend properly denied where it would be futile); *Hatch v. Dep't for Children*, 274 F.3d 12, 19 (1st Cir. 2001) ("futility is fully sufficient to justify the denial of a motion to amend"). "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990).

Here, HipSaver's proposed product disparagement claim is futile because (1) the claim was released by HipSaver in the Posey I Settlement Agreement; (2) the claim is barred by the statute of limitations; and (3) HipSaver has not even alleged any damages for this claim.

1. **HipSaver's Claim Has Been Released Pursuant To The Settlement Agreement**

The unambiguous terms of paragraph 11 of the Settlement Agreement in Posey I provide:

> Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them **from any and all claims, liabilities or causes of action, known or unknown**, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, ¶¶ 2, 11 which were asserted or **which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement**.

*See* Morseburg Decl., ¶ 2 and Ex. "A" (emphasis added).

In a prior hearing in this matter, this Court acknowledged that claims arising prior to the Settlement Agreement have been released: "Well, let me say this: I agree that anything up until the date of the settlement is precluded by the release." *See* Morseburg Decl., ¶ 6 and Ex. "C".[1]

HipSaver alleges in its proposed amended complaint that "Posey published false statements concerning the superiority of the Posey product in comparison to Posey products in at least an electronic message sent to the Veteran's Administration on or about July 27, 2001." *See* Proposed Amended Complaint, ¶ 32. This is the only communication that HipSaver complains of.

---

[1] During the hearing, Posey argued the claims in the Complaint should be dismissed because they were released by the Settlement Agreement. The Court denied Posey's argument and motion. The denial was based upon the fact that Posey's accused advertising was republished after the execution of the Settlement Agreement. *See* Morseburg Decl., ¶ 6 and Ex. "C". HipSaver's proposed new claim is based upon a single e-mail communication that allegedly occurred in 2001 and there is no allegation that the communication was ever republished.

The Settlement Agreement in Posey I is dated September 2004. It covers known and unknown claims that occurred before that date. HipSaver's proposed new product disparagement claim arose in 2001. Accordingly, it is barred by the release in Posey I.

### 2. HipSaver's Claim Is Futile Because It Is Barred By The Statute Of Limitations

A court may properly deny leave to amend where the proposed new claim is time-barred. *See Marsman v. Western Electric Co.*, 719 F. Supp. 1128, 1142 (D. Mass. 1988) (holding amended cause of action under the Massachusetts Civil Rights Act, while stating a cognizable cause of action, is nevertheless futile since it is time barred by the applicable statute of limitation).

The applicable statute of limitations for a product disparagement claim, a tort claim, is three years pursuant to Mass. Gen. Laws ch. 260 § 2A. *Flotech, Inc. v. E. I. Du Pont de Nemours Co.*, 627 F. Supp. 358 (D. Mass. 1985), *aff'd*, 814 F.2d 775 (1st Cir. 1987) (applying three year statute of limitations: "This Court has applied principles of defamation law to product disparagement claims.").[2]

HipSaver's proposed new claim is based upon a communication which allegedly occurred on July 27, 2001. *See* Proposed Amended Complaint, ¶ 32. Since more than three years have passed since the alleged publication, HipSaver's product disparagement claim is time-barred.

In support of its Motion, HipSaver essentially argues that its new claim is not time-barred because it only recently discovered the alleged 2001 e-mail correspondence,

---

[2] Mass. Gen. Laws ch. 260 § 2A states: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

and that it could not have discovered it any sooner. Thus, HipSaver argues, the statute of limitations was tolled.

Courts generally apply the "discovery rule" to determine whether the statute of limitations was tolled. Under the discovery rule, the statute of limitations begins when the plaintiff "learns or reasonably should have learned that he or she has been harmed as a result of defendant's conduct." *Flotech, Inc.*, 627 F. Supp. at 363 (citations omitted) (holding the harm cannot be unknowable where neither party offered a scintilla of evidence to show that plaintiff did not learn of the offending press release).

Posey's communication was allegedly sent to four people at the West Los Angeles Veteran's Administration Hopsital. Thus, it is reasonable to assume that HipSaver could have discovered this communication prior to November 17, 2005.[3]

In its proposed amended complaint, HipSaver fails to plead any facts as to why it could not have learned of Posey's allegedly disparaging communications any sooner than November 17, 2005. *See* Proposed Amended Complaint, ¶ 16. HipSaver reasonably should have learned of Posey's correspondence at least as early as 2001. Accordingly, HipSaver's product disparagement claim is barred by the three-year statute of limitations.

### 3. HipSaver's Claim Is Futile Because HipSaver Fails To Allege, And It Cannot Prove, Any Damages

For a product disparagement cause of action, "the plaintiff must allege and prove special damages -- specific proof of pecuniary loss -- before being entitled to recover." *Bose Corp. v. Consumers Union*, 529 F. Supp. 357, 361 (D. Mass. 1981), *rev'd on other grounds*, 692 F.2d 189 (1st Cir. 1982) (citations omitted); *Flotech, supra*, 627 F. Supp. at

---

[3] The conclusion that HipSaver could have learned about the alleged communication to WLAVA is further supported by the fact that HipSaver sells products to other VA hospitals.

6

363-64. Special damages are the pecuniary loss that results directly from the effect of the wrongful conduct of the defendant, specifically lost sales and expenses necessary to counteract the effect of publication. *Bose*, 529 F. Supp. at 361. "Lost sales are those sales which plaintiff would have made if the defendant had not disparaged the plaintiff's product." *Id.*

In its proposed amended complaint, HipSaver's only averment of special damages is that "[a]s a result of these false and disparaging published statements, HipSaver sustained special damages in the form of special damages." *See* Proposed Amended Complaint, ¶ 34. Clearly, HipSaver's allegations of "special damages in the form of special damages" will not do. Since HipSaver has not alleged that it has lost any sales or incurred any expenses as a result of Posey's alleged communication, the Court may reasonably conclude that it has not suffered any such damages.

Allowing HipSaver to bring a product disparagement claim for which it has no damages would be futile. Thus, HipSaver's proposed amendment should be denied.

**B.   LEAVE TO AMEND SHOULD BE DENIED BECAUSE HIPSAVER'S PRODUCT DISPARAGEMENT CLAIM UNDULY PREJUDICES POSEY**

Because the Court has entered a scheduling order, HipSaver's Motion should be reviewed under the more stringent "good cause" standard of Fed. R. Civ. P. 16(b), and not the "freely given" Rule 15(a) standard urged by HipSaver. *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-155 (1st Cir. 2004) (liberally granting motions to amend the pleadings despite rescheduling order would nullify the purpose of Rule 16(b)(1)), *citing, Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (affirming

denial of motion to amend filed after expiration of scheduling order deadline because allowing amendment would be inconsistent with purposes of Rule 16(b)).

The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking amendment. *Id.* Prejudice to the opposing party is also relevant. *Id.* HipSaver's proposed amendment, if allowed, would subject Posey to substantial hardship and prejudice. Extensive discovery, which is not possible at this late date, would be necessary to defend HipSaver's proposed claim.

### 1.     The Time Period For Discovery Is Nearly Over

HipSaver has had seven months to discover evidence and bring this claim. The date for propounding written discovery has passed, and the parties are on the eve of the deadline for discovery. The majority of the depositions, including those of the key witnesses, have already occurred. *See* Morseburg Decl., ¶ 5. In its moving papers, HipSaver admits that it received the documents that form the basis for its motion on November 7, 2005. Yet, HipSaver waited almost a month, until December 2, 2005, to file its motion.

Posey should not be burdened because of HipSaver's lack of diligence. *See Grant v. News Group*, 55 F.3d 1, 6 (1st Cir. 1995) (affirming the district court's denial of a motion to amend that had been submitted 14 months after the filing of the initial complaint and after the close of discovery); *Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983) (deeming a 17-month delay between the initiation of the action and filing a motion to amend, served ten days prior to the close of discovery, to be undue).

### 2. Significant Additional Discovery Is Necessary To Litigate HipSaver's Proposed Product Disparagement Claim

To defend against HipSaver's proposed new claim, the parties would need to conduct significant further discovery. At the very least, the people who are listed on the documents that form the basis of HipSaver's proposed new claim would need to be located, interviewed, and possibly deposed. There were at least seven persons listed on the July 27, 2001 e-mail correspondence allegedly sent by Posey. *See* Morseburg Decl., ¶ 7. Further, the composer of the e-mail is no longer at Posey. *Id.* Written discovery would also be necessary.

Although not requested in HipSaver's Motion to Amend, it is clear that, if the motion were granted, the discovery period would need to be extended for a second time. Given the burdensomeness of this new discovery and given that discovery is nearly finished, Posey would be prejudiced by allowing HipSaver's proposed new claim at this late date.

///

///

## IV. CONCLUSION

For the foregoing reasons, HipSaver's motion to amend the Complaint should be denied.

Dated: December 16, 2005                     Respectfully submitted,


                                                          J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg (CA Bar No. 26205)
Shannon S. Sheldon (CA Bar No. 216199)
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA  91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: December 16, 2005              /s/ Donald K. Piper
                                      Donald K. Piper