# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

## DECLARATION OF DOUGLAS H. MORSEBURG
## IN OPPOSITION TO THE HIPSAVER COMPANY, INC.'S
## MOTION TO AMEND THE COMPLAINT

I, Douglas H. Morseburg, declare:

1.     I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in opposition to the motion of The HipSaver Company, Inc. to amend the complaint.

2.     On or about September 22, 2004, a settlement agreement (the "Settlement Agreement") was executed as part of the settlement of a prior action filed by Plaintiff The

1

HipSaver Company, Inc. ("HipSaver") against Posey in this Court entitled *The HipSaver Company, Inc. v. J.T. Posey Company*, U.S.D.C., Case No. 04-11294-PBS. A true and correct copy of the Settlement Agreement is attached as Exhibit "A".

3.      A true and correct copy of the original Scheduling Order entered herein on dated July 12, 2005 is attached as Exhibit "B".

4.      On or about on October 21, 2005, HipSaver filed a motion to extend the discovery deadline in this matter by two months. The motion was granted, and the deadline is now extended to December 30, 2005.

5.      To date, most of the depositions have taken place in this case, including Defendant Posey under Fed. R. Civ. P. 30(b)(6), Plaintiff HipSaver under Fed. R. Civ. P. 30(b)(6), Tim Sturkie, and HipSaver's President, Edward Goodwin on November 30, 2005.

6.      A true and correct copy of portions of the transcript of a court hearing in this matter on July 12, 2005 is attached as Exhibit "C".

7.      The alleged communication which forms the basis of HipSaver's proposed products disparagement claim consists of two pages of documents. The first is a one-page e-mail communication dated July 27, 2001 from Jeffrey Yates, a former Posey employee, to Robert Weaver, Dorene Opava-Rutter, and James "Jim" McFall, all of whom were or are employees of West Los Angeles Veteran's Administration Hospital. Three other present Posey employees were "cc'd" with this e-mail. The second document is a one-page chart that may or may not have been attached to the e-mail correspondence from Jeffrey Yates.

///

///

///

2

8.    These two pages have been designated as "ATTORNEYS' EYES ONLY" pursuant to the Protective Order in this case, and for that reason, the documents are not attached to this declaration.  However, I will provide a copy to the Court at the hearing on this motion, if necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 16th day of December, 2005 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

3

**EXHIBIT "A"**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company, Inc. ("Posey") with reference to the following facts:

## RECITALS

A.    HipSaver has filed an action in the United States District Court for the District of Massachusetts entitled *The HipSaver Company, Inc. v. J.T. Posey Company, Inc.*, as Civil Action No. 04-11294 PBS (the "Action"), in which HipSaver accuses Posey among other things of having violated the Lanham Act and the Massachusetts Unfair or Deceptive Business Practices Act by disseminating certain materials, including a document entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (the "White Paper") and including in Posey catalogs and promotional materials certain bar charts comparing the relative effectiveness of hip protectors (the "Bar Charts") and statements derived from the White Paper.

B.    Posey denies the allegations asserted by HipSaver in the Action.

C.    Posey filed an answer and counterclaim in the Action in which Posey asserts among other things that HipSaver has made false representations about Posey products on HipSaver's website

D.    HipSaver denies the allegations asserted by Posey in the Counterclaim.

E.    The Parties desire to settle all disputes among them concerning or in any way related to the Action.

NOW, THEREFORE, in consideration of the promises, covenants and conditions set forth in this Agreement, the Parties hereto agree as follows:

1.    Posey shall pay to HipSaver the sum of $360,000.00 by check payable to The BROMBERG SUNSTEIN LLP Client Account to be delivered to BROMBERG SUNSTEIN within fourteen (14) days of the filing of the Stipulation for Dismissal of the Action as set forth in paragraph 12 below (the "Stipulation for Dismissal").

2.    Posey shall not distribute the White Paper or make any advertising claims based on or derived from the White Paper.

3.    Posey shall permanently comply with the terms of the Undertaking filed in the Action by Posey on August 26, 2004, a copy of which is attached hereto as Exhibit "A".

4.    In all future catalogs and other promotional materials Posey shall eliminate the Bar Charts and statements based on or derived from the White Paper and references to UCLA.

5.    Within ten days from the filing of the Stipulation for Dismissal Posey shall provide all its sales representatives, distributors, and dealers who have purchased or sold Posey Hipster hip protectors at any time since January 1, 2001 a copy of the "Special Announcement: HipSaver® and Posey Hipster® brand Hip Protectors" a copy of which is attached hereto as Exhibit "B" (the "Special Announcement").

6.    Within ten days from the filing of the Stipulation for Dismissal Posey shall post a link to a copy of the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" on the first screen of the home page of the Posey web site immediately below the heading, "Resources for Healthcare Professionals".  This posting shall continue until Posey has published and distributed its next editions of its Posey's "full line" catalogs and its "falls management and bed safety products" catalogs.

7.    When Posey next distributes any of its annual catalogs advertising hip protectors, including Posey's "full line" catalogs and its "falls management and bed safety products" catalogs, it shall include therewith in the same envelope a copy of the Special Announcement: HipSaver and Posey Hipster brand Hip Protectors".

8.    In the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis.

9.    This Agreement represents the compromise of disputed claims. Nothing contained here may be construed as an admission of wrongdoing or liability by any party.

10.    Except for the obligations contained in this Agreement, Posey releases HipSaver, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or

2

causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

11.    Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

12.    Concurrently with the counter-execution of this Agreement the Parties agree that their respective counsel will execute and file a Stipulation for Dismissal of the Action with prejudice substantially in the form of Exhibit "C" attached.

13.    HipSaver acknowledges and agrees that it will not initiate any legal action against Vijay Gupta, Bimal P. Gandhi, or the University of California for any claim related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

14.    The terms of this Agreement shall remain confidential except that they are binding and enforceable and are admissible for the purposes of enforcement.  In addition, either party may truthfully report that the Action has been settled to the mutual satisfaction of the Parties.  It is expressly understood and agreed that HipSaver may distribute and publish the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" and may state that Posey will distribute that document in its new catalogs and to its sales representatives, distributors, and dealers.  Except as provided in this paragraph, no Party shall, without notice to and the prior written consent of the other Party, disclose any of the terms and conditions of this Agreement to any person or entity, including, without limitation, to any customers or potential customers of a Party, provided, however, that any Party may disclose such information to the extent required

3

by law or order of a court or government agency; and the Parties may inform their attorneys and independent public accountants of the terms and conditions of this Agreement.

15.    Each party shall bear its own costs, expenses and attorneys' fees in connection with the Action and the negotiation, preparation, and execution of this Agreement.

16.    Any notices or other communications under this Agreement shall be in writing, and shall be sent by facsimile and/or by email attachment, with a copy by hand-delivery or overnight courier service, as follows:

Notice Addresses:

To HipSaver:
      The HipSaver Company, Inc.
      7 Hubbard Street
      Canton, Massachusetts 02021
      Attention: Edward L. Goodwin
      Fax: 1.781.821.6514
With a copy to:
      BROMBERG SUNSTEIN LLP
      125 Summer Street
      Boston, Massachusetts 02110-1618
      Attention: Edward J. Dailey, Esq.
      Fax: (617) 443-0004

To: Posey:
      J.T. Posey Company
      5635 Peck Road
      Arcadia, CA 91006
      Attention: Ernest Posey
      Fax: (626) 443-9886

With a copy to:
      SHELDON & MAK
      225 South Lake Avenue, 9th Floor
      Pasadena, California 91101
      Attention: Jeffrey G. Sheldon, Esq.
      Fax: (626) 795-6321

17.    The Parties, and each of them, acknowledge that they have completely read the terms of this Agreement, and fully understand the terms and consequences of this Agreement. All Parties further acknowledge that they have been represented by

4

counsel with respect to the negotiation and execution of this Agreement and that their counsel has explained the terms and the significance of this Agreement.

18.    The failure of any party to insist upon the strict compliance by any other party to this Agreement of the performance of any covenant, condition or promise herein shall not invalidate this Agreement nor shall any such failure be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Agreement.

19.    This Agreement is the entire agreement between and among the Parties hereto with respect to the subject matter set forth herein.

20.    Each party has cooperated in the drafting and preparation of this Agreement. Hence, neither this Agreement nor any part of it shall be construed against either party merely because such party may have drafted all or part of it.

21.    The Parties to this Agreement, and each of them, agree to perform such further and other acts and to execute and deliver such further and other documents as may be reasonably necessary to carry out the provisions of this Agreement.

22.    Each party hereto represents and warrants that it has full power and authority to enter into this Agreement and to perform any and all transactions or other matters contemplated to be performed under this Agreement.

23.    This Agreement may be amended or modified only by a written instrument signed by all of the Parties.

24.    This Agreement shall be binding on and shall inure to the benefit of the Parties hereto, and their respective officers, directors, shareholders, legal representatives, assignees and successors-in-interest.

25.    This Agreement may be executed by facsimile and in counterparts all of which taken together shall constitute a single instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth next to their respective signatures below.

THE HIPSAVER COMPANY, INC.          J.T. POSEY COMPANY, INC.

By: _Edward Goodwin_                By: _Ernst M Posey_

Edward L. Goodwin, President
Its: _President_

Dated: _9/22/04_, 2004

Its: _President_

Dated: _9/21/2004_, 2004

APPROVED AS TO FORM:

BROMBERG SUNSTEIN LLP

By: _____
Edward J. Dailey
Attorneys for HipSaver

Dated: _9.21.04_, 2004

SHELDON & MAK PC

By: _____
Jeffrey G. Sheldon
Attorneys for Posey

Dated: _9/21_, 2004

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294-PBS

|  |  |
|---|---|
| HIPSAVER COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| J.T. POSEY COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## UNDERTAKING BY DEFENDANT J.T. POSEY COMPANY

During the pendency of the above action Posey undertakes and agrees as follows:

      1.      Posey has discontinued distribution of the White Paper authored by Bimal P. Gandhi ("White Paper");

      2.      Posey has discontinued distribution of catalogs and all other materials containing information derived from the White Paper;

      3.      Posey has instructed all its employees, sales representatives, and distributors who have purchased Hipsters since 2001, to discontinue all reference to the White Paper and information derived from the White Paper, nor represent that its hip protectors have been validated by scientific research at UCLA, in communications with

**EXHIBIT A**
(page 1 of 2)

7

customers or potential customers, including written correspondence, emails, telephonic or face-to-face conversations, sales pitches, and the like;

4. Posey will not include the White Paper or information derived from the White Paper in any future catalogs, brochures, or other advertising materials.

5. Posey will not represent that its hip protectors have been validated by scientific research at UCLA.

This undertaking is not made as any admission of liability or wrongdoing, but because Posey values its reputation, and does not engage in activities that are in any way questionable.

Dated: August 26, 2004

J.T. POSEY COMPANY

By:   *s/Ernest M. Posey/*
      Ernest M. Posey

**EXHIBIT A**
(page 2 of 2)

8

**EXHIBIT B**

**Special Announcement:**
**HipSaver® and Posey Hipster® brand Hip Protectors**

In the fall of 2003, Posey began distributing an article (also known as the "White Paper") entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors." In its catalogs and newsletters, Posey included statements derived from the White Paper and bar charts comparing the relative effectiveness of Posey's Hipsters.

The White Paper was written by a UCLA graduate student working on his Master's Thesis. UCLA did not sponsor, authorize, or endorse the tests or the results reported in the White paper or the Master's Thesis.

The HipSaver Company, Inc. challenged the accuracy of the White Paper and the statements and bar charts in Posey's catalogs and newsletters. HipSaver's claims included: (a) a flawed testing methodology used by the graduate student; (b) testing of some products which were no longer offered in the marketplace; and (c) test conclusions which were subject to unreliable or false interpretation.

The HipSaver Company retained Wilson C. Hayes, PhD, a recognized biomechanical engineering expert, to review the White Paper, the graduate student's thesis, and Posey's advertising. Dr. Hayes determined that the research is not reliable and cannot sustain any of the claims in the White Paper and our advertising with reasonable certainty.

Posey values its hard-earned reputation and does not advocate the use of any material that may be inaccurate or out of date, and expressly regrets comparisons with HipSaver products and confusion this may have caused in the marketplace.

Posey has eliminated the bar charts and all statements based on the White Paper from its catalogs.

If by chance you have a copy of the White Paper or any advertising material referring to testing at UCLA, please do not use it or to rely on any statements in it.

If you have any questions about anything in this announcement, please contact Posey at [telephone number]

**EXHIBIT B**
(page 1 of 1)

9

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. No. 04-11294-PBS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| J.T. POSEY COMPANY, | ) |
| Counterclaimant, | ) |
| v. | ) |
| THE HIPSAVER COMPANY, INC., | ) |
| Counter defendant | ) |

## STIPULATION FOR DISMISSAL

Plaintiff The HipSaver Company, Inc. and Defendant J.T. Posey Company, Inc.,

by and through their respective counsel of record, hereby stipulate and agree as follows:

1.      This entire action shall be and is hereby dismissed with prejudice pursuant

        to FRCP Rule 41(a)(1)(ii).

2.      Each party shall bear its own costs, expenses, and attorney's fees.

**EXHIBIT C**
(page 1 of 2)

10

IT IS SO STIPULATED.

THE HIPSAVER COMPANY, INC.                    J.T. POSEY COMPANY

By its attorneys,                             By its attorneys

_____              _____
Lee Carl Bromberg (BBO No. 058480)           Anthony J. Fitzpatrick  (BBO No. 564324)
Edward J. Dailey (BBO No. 112220)            DUANE MORRIS LLP
BROMBERG SUNSTEIN, LLP                        470 Atlantic Avenue, Suite 500
125 Summer Street, 11th Floor                 Boston, MA  02210
Boston, Massachusetts  02110-1618             (617) 289-9200
(617) 443-9292

                                              Jeffrey G. Sheldon
                                              William J. Brutocao
                                              Shannon S. Sheldon & Mak
                                              SHELDON & MAK PC
                                              225 South Lake Avenue, 9th Floor
                                              Pasadena, California  91101
                                              (626) 796-4000

September ___, 2004

SO ORDERED:


_____
Patti B. Saris
United States District Judge

Date:


**EXHIBIT C**
**(page 2 of 2)**

**EXHIBIT "B"**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

The Hip Saver Co. Inc.
Plaintiff,

     V.

J.T. Posey Co.
Defendant.

           Civil Action Number
           05-10917-PBS

           July 12, 2005

## <u>SCHEDULING ORDER</u>

Saris, D.J.,

Fact Discovery deadline: 10/31/05

Plaintiff's expert designation deadline: 11/15/05

Defendant's expert designation deadline: 12/15/05

Expert discovery deadline: 1/15/06

Summary Judgment Motion filing deadline: 1/30/06

Opposition to Summary Judgment Motions: 2/15/06

Hearing on Summary Judgment or Pretrial Conference: 3/16/06 at 2:00 p.m.

Case to be referred to Mediation program: A.S.A.P.

           By the Court,

           /s/ Robert C. Alba
           Deputy Clerk

**EXHIBIT "C"**

1

1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
2


3    THE HIPSAVER COMPANY, INC.,    )
                                    )
4                   Plaintiff       )
                                    )
5             -VS-                  )  CA No. 05-10917-PBS
                                    )  Pages 1 - 26
6    J.T. POSEY COMPANY,            )
                                    )
7                   Defendant       )


8


9                      MOTION HEARING


10         BEFORE THE HONORABLE PATTI B. SARIS
              UNITED STATES DISTRICT JUDGE
11


12
     A P P E A R A N C E S :
13

        EDWARD J. DAILEY, ESQ. and PETER J. KAROL, ESQ.,
14   Bromberg & Sunstein, 125 Summer Street, Boston,
     Massachusetts, 02110-1618, for the Plaintiff.
15

        ANTHONY J. FITZPATRICK, ESQ., Duane Morris,
16   470 Atlantic Avenue, Suite 500, Boston, Massachusetts, 02210,
     for the Defendant.
17

        JEFFREY G. SHELDON, ESQ., Sheldon & Mak,
18   225 South Lake Avenue, 9th Floor, Pasadena, California,
     91101, for the Defendant.
19
                          United States District Court
20                        1 Courthouse Way, Courtroom 19
                          Boston, Massachusetts
21                        July 12, 2005, 3:30 p.m.

22
                        LEE A. MARZILLI
23                  CERTIFIED REALTIME REPORTER
                    United States District Court
24                  1 Courthouse Way, Room 3205
                       Boston, MA  02210
25                      (617)345-6787

5

1  breach of the notice provision, not the actual underlying

2  testing, as to the date of that.  It's the advertisement that

3  put forth the false claims about the testing and

4  misrepresented the testing, which is of a later date than the

5  settlement agreement.

6          THE COURT:  Well, read the paragraph you're

7  referring to.  I thought it said notice of any further

8  comparative testing.

9          MR. KAROL:  Your Honor, "In the event of any

10  further or comparative testing" is the first phrase, and we

11  just think that that's a phrase that's kind of an

12  introductory phrase into the notice provision and that the

13  notice provision is really intended to apply to all

14  advertisements.

15          THE COURT:  Read the whole paragraph.

16          MR. KAROL:  "In the event of any further

17  comparative testing of Posey and consumer products by either

18  party, neither party shall make commercial advertising use of

19  the results or analysis related to such testing without first

20  giving the other party at least 30 days' advanced written

21  notice of the results or analysis."  And we would contend

22  that the centerpiece of that is the use of the --

23          THE COURT:  I'm not sure you win on that.  Now,

24  assuming you don't win that, what happens?  Do you still have

25  a cause of action for false advertisement?

6

1          MR. KAROL:  Oh, we certainly do, we do, and that's

2     very much at the heart of our complaint is the false nature

3     of this advertisement.

4          THE COURT:  All right.  Now, let me just jump to

5     you for a minute.  Let's assume that you win your argument

6     that the notice doesn't go to any old testing, it only goes

7     to new testing, but you still have false advertisement.

8          MR. SHELDON:  No, I don't, your Honor.  The release

9     in the prior settlement agreement released all claims that

10    could have been brought.  I refer you to the declaration of

11    Victoria Lewis that we filed.  This testing was done in

12    2002.  The ads were first placed in 2002.  She attaches the

13    ads.  They have a copyright notice.  I'm dealing with ads

14    that existed in 2002, not 2005.

15         THE COURT:  Well, let me say this:  I agree that

16    anything up until the date of the settlement is precluded by

17    the release; but if there was a new advertisement that had

18    the exact same stuff, I don't think it's included in the

19    release.

20         MR. SHELDON:  Well, that's inconsistent with

21    plaintiff's position that there was stuff on the Internet

22    which existed prior to the release they can't be sued on and

23    they don't even have to give us the backup data.

24         THE COURT:  I don't know what their position is,

25    and they may lose that too.  I'm simply saying, I'm not