# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| J.T Posey Company, | ) |
| Defendant | ) |

**AMENDED COMPLAINT**

This action seeks preliminary and permanent injunctive relief, damages, costs, and attorney fees for breach of a Settlement Agreement and intentional, fraudulent, and bad faith misrepresentation and literally false comparative advertising in violation of the Lanham Act, 15 U.S.C. §§1125, 1117, and the Massachusetts Business Practices Act, G.L. c.93A, §§ 2, 11. The Defendant, J.T. Posey Company ("Posey") is the dominant, nationwide distributor of patient safety and support equipment and devices. The relevant market includes some 17,000 nursing homes and 3,000 rehabilitation hospitals. For some time, Posey has been engaged in aggressive efforts to thwart its much smaller competitors, most of which, like Plaintiff, the HipSaver Company, Inc. ("the HipSaver Company") invent, design, manufacture, distribute, and sell a limited number of products. Posey uses its marketplace dominance and deceptive advertising to drive smaller

1

companies from the marketplace. That is the core issue in this lawsuit. An earlier lawsuit filed in this court in 2004, Civil Action Number 04-11294 PBS, contested another advertising campaign conducted by Posey.

The HipSaver Company has been damaged by Posey's advertising and faces immediate and irrevocable harm without injunctive relief to halt Posey's advertising, to compel withdrawal of all catalogs and website advertising materials containing the false, misleading, and deceptive claims, and to require corrective advertising to counter those claims.

### Parties

1. The HipSaver Company is a small, closely held company incorporated in the Commonwealth and operating from offices in Canton, Massachusetts. The HipSaver Company has been in business since 1995.

2. The HipSaver Company's primary business is to invent, develop, manufacture, and sell soft hip protector garments which reduce the potential for critical hip fractures in elder patients. The HipSaver Company's soft hip protector garments were invented by the company's president, Edward Goodwin. The soft hip protector garments incorporate an open cell foam pad enclosed in an expandable air pouch. Together, the pad and pouch constitute a device with a substantial capacity to absorb energy associated with a fall and provide fracture protection to the femur. The device is washable and is sewn into clothing and positioned geometrically to cover the femur in the event of a fall or other impact.

3.  HipSaver garments incorporate Mr. Goodwin's inventive technology for air-holding protective foam pad construction.

4.  HipSaver garments are marketed under the HIPSAVER® and SLIMFIT™ trademarks.

5.  The Defendant, Posey, is a long established company and dominant supplier of patient safety and support products. Posey operates from home offices in Arcadia, California. Posey markets hip protector garments under the HIPSTER® trademark.

### Jurisdiction and Venue

6.  Posey operates nationwide through catalogs, internet sales, and a national network of representatives and distributors. In the Commonwealth of Massachusetts, Posey is represented by Dennis Damato. Nationwide, Posey markets to 17,000 nursing homes and 3,000 rehabilitation hospitals. In Massachusetts, Posey markets routinely to more than 100 health care facilities. The HipSaver Company markets to the same facilities.

7.  Posey is engaged in substantial business in and contact with the Commonwealth of Massachusetts. Further, Posey has and is carrying out the acts complained of here in Massachusetts; is therefore subject to the trial court's personal jurisdiction; and may be served and brought before the trial court under the Massachusetts Long-Arm Statute, G.L. c.223A, §3.

8.  Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the HipSaver Company's federal claims for violation of the Lanham Act. Pursuant to 28

U.S.C. § 1332, the court has diversity jurisdiction over the HipSaver Company's state law claims for violation of the Massachusetts Business Practices Act.

9. Pursuant to L.R. 40.1 (C), venue is proper in the Eastern Division of the United States District Court for the District of Massachusetts where the Plaintiff is domiciled.

## Statement of Factual Claims

10. In late 1998 or early 1999, three years after the HipSaver Company introduced its soft hip protector garments, Posey introduced a hip protector product under the mark, HIPSTER. This product was a soft, removable pad but was poorly designed and not well accepted in the marketplace.

11. Beginning in early 2001, Posey secretively purchased samples of HIPSAVER hip protectors from the Plaintiff. Posey then copied much of the design and placement of the HIPSAVER protector and introduced a knock-off marketed initially as the HIPSTER III.

12. After introducing its knock off, Posey undertook and continues nationwide campaigns of false, disparaging, deceptive, misleading advertising aimed at the HipSaver Company and other small competitors.

13. After the earlier lawsuit filed in this court in 2004, Posey withdrew advertising identified by the HipSaver Company and aimed at the HipSaver Company and other small competitors and published corrective advertising.

14. Now, in 2005, Posey has initiated an enhanced advertising campaign which again targets the HipSaver Company and other small competitors with false, misleading, and deceptive advertising.

15. The HipSaver Company has demanded withdrawal of this latest advertising, but Posey continues its false, misleading, and deceptive advertising aimed at the HipSaver Company and other small competitors.

16. On November 17, 2005, through review of documents produced during discovery, HipSaver learned of false and disparaging e-mail correspondence mailed to the Veteran's Administration from Posey on or about July 27, 2001. This correspondence contains false and disparaging statements and comparisons regarding the HipSaver product.

17. Posey's misrepresentations, deception, and product disparagement are aimed at HipSaver, intended to undercut the integrity of the HipSaver Company's products, and directed to overwhelm the HipSaver Company in the marketplace – all by unlawful means.

18. Posey's misrepresentations, deception, and product disparagement are particularly damaging because of the relative lack of knowledge among health care buyers. Hip protection products are relatively new; neither the biomechanics nor the relative performance of competing products has been well understood in the marketplace. Lacking a strong understanding of performance and safety, buyers are susceptible to being misled by deceptive advertising masked as pseudo science, precisely the strategy pursued by Posey.

## Causes of Action

### Count I – Breach of Settlement Agreement

19. The HipSaver Company restates and incorporates by reference all of the allegations in paragraphs 1 through 18 of the Complaint as if set forth fully here.

20. In settlement of the HipSaver Company's earlier lawsuit against the Posey Company, the parties entered into a Settlement Agreement.

21. Posey has willfully breached the Settlement Agreement by embarking on its current commercial advertising campaign in violation of the notice and disclosure provisions of the Settlement Agreement.

### Count II – Violation of the Lanham Act

22. The HipSaver Company restates and incorporates by reference all of the allegations in paragraphs 1 through 21 of the Complaint as if set forth fully here.

23. Posey's false or misleading description of facts, false or misleading representation of facts, misrepresentation of product test protocol, and its distorted misrepresentations, literally false representations, statements, and product comparisons in a nationwide advertising campaign violate the Lanham Act, 15 U.S.C. §§1125(a)(1)(B).

24. Posey's actions alleged here have been undertaken in bad faith and with the intent to misrepresent, harm, and damage the HipSaver Company.

25. Without intervention of the trial court, the HipSaver Company cannot counter Posey's false advertising campaign and faces immediate loss of its business.

### Count III – Violation of the Unfair or Deceptive Business Practices Act

26. The HipSaver Company restates and incorporates by reference all of the allegations in paragraphs 1 through 25 of the Complaint as if set forth fully here.

27. Posey's misrepresentation of product test protocol and its distorted misrepresentations, literally false representations, statements, and product comparisons in an advertising campaign directed at more than 100 Massachusetts health care facilities violate the Massachusetts Unfair or Deceptive Business Practices Act, G.L. c.93A, §§2, 11.

28. Posey's actions alleged here have been undertaken in bad faith and with the intent to misrepresent, harm, and damage the HipSaver Company.

29. Without intervention of the trial court, the HipSaver Company cannot counter Posey's false advertising campaign and faces immediate loss of its business.

### Count IV- Product Disparagement

30. The HipSaver Company restates and incorporates by reference all of the allegations in paragraphs 1 through 29 of the Complaint as set forth fully here.

31. Posey published false statements concerning the superiority of the Posey product in comparison to Posey products in at least an electronic message sent to the Veteran's Administration on or about July 27, 2001.

32. These published statements expressly compare the HipSaver product and therefore, these assertions of superiority are disparaging to HipSaver.

7

33. Posey acted negligently, recklessly, and maliciously when it published these false and disparaging statements.

34. As a result of these false and disparaging published statements, HipSaver sustained special damages in the form of special damages.

**THEREFORE**, pursuant to 15 U.S.C. §1117 and G.L. c.93A, §11, Plaintiff, the HipSaver Company, Inc., respectfully requests the trial court to grant the following relief:

- A preliminary injunction halting all further publication, display, distribution, or reference to "an independent laboratory study that was conducted to determine the most effective impact absorbing material";
- A preliminary injunction halting all further publication, distribution, or reference to disported parts of the Garwood Laboratories study;
- A preliminary injunction requiring Posey to publish and pay for distribution of a corrective statement to its entire sales forces and to all customers and persons and entities set out in its marketing lists;
- A preliminary injunction requiring Posey to pay for publication of corrective advertising;
- Judgment for HipSaver on all claims before the court;
- Damages and multiple damages, including three times Posey's Profits to be awarded to HipSaver;
- Interest, costs and attorney fees;
- A permanent injunction; and
- Such further relief as the trial court deems just and proper.

**JURY DEMAND**

**Plaintiff, the HipSaver Company, Inc., requests a jury for all issues so triable.**


THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
cquish@bromsun.com

Dated:  December 2, 2005

02820/00501  383553.1