# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

## MOTION OF DEFENDANT J.T. POSEY COMPANY FOR ORDER COMPELLING DEPOSITION OF HELEN BROGNA AND FOR SANCTIONS AGAINST HIPSAVER AND ITS COUNSEL

Defendant and Counterclaimant J.T. Posey Company ("Posey") moves this Court for an order compelling the deposition of Helen Brogna and for monetary sanctions against Plaintiff and Counter Defendant The HipSaver Company, Inc. ("HipSaver") and its counsel. Although HipSaver was served with a proper notice and HipSaver's counsel confirmed the date of the deposition, Ms. Brogna and HipSaver's counsel failed to appear on the noticed date.

Posey requests that the Court order (i) Ms. Brogna to appear for deposition within the next twenty days on a date that is agreeable to Posey; (ii) HipSaver and its counsel to reimburse Posey for the costs it incurred as a consequence of Ms. Brogna's failure to appear; and (iii) HipSaver and its counsel to reimburse Posey for the costs incurred in

bringing this motion. As is set forth in the accompanying papers, these costs total $2,736.10.

Further, Posey requests that the Court order (i) that Ms. Brogna's deposition take place in Los Angeles, or alternatively, (ii) if the deposition takes place in Boston, that HipSaver and its counsel reimburse Posey for the expenses associated with taking the deposition in Boston. As is set forth in the accompanying declarations, the estimated amount of expenses of taking Ms. Brogna's deposition in Boston is $3,510.

This motion is brought pursuant to Rule 37(d) of the Federal Rules of Civil Procedure ("Rule 37(d)") and is made upon the grounds that (i) the failure to attend the deposition caused Posey to incur expenses and attorneys' fees, (ii) that the failure to attend the deposition was not substantially justified, and (iii) that no other circumstances exist that would make an award of expenses unjust.

The instant motion is based upon this Notice, the accompanying memorandum in support of this motion, the accompanying declarations, and all pleadings, exhibits and records on file herein and upon such additional argument and evidence as may be presented to the Court at the time of any hearing.

///

///

As is set forth in the accompanying declarations, the undersigned counsel for
Posey hereby certifies that he has attempted to confer with HipSaver's counsel to resolve
or narrow the issues raised by this motion.


Dated: December 23, 2005                    J.T. POSEY COMPANY

                                            By its attorneys,


                                            /s/ Douglas H. Morseburg
                                            Jeffrey G. Sheldon (CA Bar No. 67516)
                                            Douglas H. Morseburg (CA Bar No. 26205)
                                            Shannon S. Sheldon (CA Bar No. 216199)
                                            SHELDON & MAK
                                            225 South Lake Avenue, Suite 900
                                            Pasadena, CA  91001
                                            (626) 796-4000

                                            Anthony J. Fitzpatrick (BBO # 564324)
                                            DUANE MORRIS LLP
                                            470 Atlantic Avenue, Suite 500
                                            Boston, MA 02210
                                            (617) 289-9200


### CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and
USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq.,
BROMBERG SUNSTEIN LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts
02110-1618, Edailey@bromsun.com.

                                            /s/ Donald K. Piper
                                            Donald K. Piper