# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
|  | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| J.T. POSEY COMPANY, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
| AND RELATED COUNTERCLAIM. | ) |
|  | ) |

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT J.T. POSEY COMPANY FOR ORDER COMPELLING DEPOSITION OF HELEN BROGNA AND FOR SANCTIONS AGAINST HIPSAVER AND ITS COUNSEL

### I.    INTRODUCTION AND FACTS

As the Court is aware, this is an action in which two competitors are accusing each other of making false and misleading advertising claims, engaging in unfair businesses practices and breaching a prior settlement agreement between them. This is the second such action between them. The prior action was settled.

On October 18, 2005, during the Deposition of Edward Goodwin, counsel for Defendant and Counterclaimaint J.T. Posey Company ("Posey") learned that Helen Brogna is the Vice President of Marketing and majority shareholder of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver"). *See* Declaration of Douglas H. Morseburg, (hereafter cited, "Morseburg Decl."), ¶ 2.

J:\POSEY\16112.24 HipSaver MA\Motions\021 Memo - Motion to Compel Brogna Depo.doc

Subsequently, Posey's counsel notified HipSaver's counsel that Posey wanted to depose Ms. Brogna. Morseburg Decl., ¶ 2. On November 17, 2005, HipSaver's counsel agreed that the deposition of Ms. Brogna would take place on November 30, 2005 at 9:00 a.m. in Boston. Morseburg Decl., ¶ 3, Exhibit "A". The deposition of Edward Goodwin was scheduled for that afternoon. To reduce costs and expenses, both depositions were scheduled to take place the day after a Court-ordered mediation of this matter before Magistrate Judge Marianne Bowler. Morseburg Decl., ¶ 4

On November 23, 2005, Posey served a Notice of Depositions of Helen Brogna and Edward Goodwin on HipSaver. Morseburg Decl., ¶ 5, Exhibit "B". On November 29, 2005, the parties and their respective counsel attended the mediation. Declaration of Jeffrey G. Sheldon ("Sheldon Decl."), ¶ 2.

On November 30, 2005, Posey's counsel, Jeff Sheldon, and Posey's president, Ernie Posey, appeared for Ms. Brogna's deposition. However, neither Ms. Brogna nor HipSaver's counsel, Edward Dailey, appeared. Sheldon Decl., ¶ 3. When an assistant in Posey's local counsel's office contacted Mr. Dailey's office, she was informed that Ms. Brogna would not be appearing for the deposition. Upon appearing at the deposition of Edward Goodwin later that afternoon, Mr. Dailey explained that Ms. Brogna failed to appear for the deposition because he thought the deposition had been noticed for December 1, 2005. Sheldon Decl., ¶ 3.

In an attempt to avoid further expenses, Posey's counsel offered to take Ms. Brogna's deposition that evening, following Mr. Goodwin's deposition. As an alternative, Posey's counsel suggested that Ms. Brogna could travel to California to have her deposition taken during the same time period that Mr. Dailey was traveling to

California for other depositions in this case.  Mr. Dailey declined both suggestions and

proposed that HipSaver pay one-half the costs of taking the deposition in Boston.

Sheldon Decl., ¶ 4; Morseburg Decl., ¶ 10, Exhibit "D".  Subsequent communications by

Posey's counsel regarding the issue of Ms. Brogna's deposition have gone unanswered.

Morseburg Decl., ¶ 10, Exhibit "E".

This is not the first time a HipSaver deponent has failed to attend a noticed

deposition.  *See* Morseburg Decl., ¶ 6, Exhibit "C".

## II.     THE STANDARD GOVERNING THE INSTANT MOTION

Motions to compel depositions are governed by Rule 37(d) of the Federal Rules

of Civil Procedure ("Rule 37(d)") which provides, in pertinent part, that where a party

served with a proper notice of deposition refuses to appear, the court in which the action

is pending may, on motion, make such orders in regard to the refusal as are just.  Rule

37(d) further provides that in addition to making such orders as the court deems just, "the

court shall require the party failing to act or the attorney advising that party or both to pay

the reasonable expenses, including attorneys' fees, caused by the failure," unless there are

extenuating circumstances.  (Emphasis added.)

## III.    ARGUMENT

In the instant case, HipSaver and its counsel agreed to a specific date and time for

the deposition of Ms. Brogna.  Morseburg Decl., ¶ 3, Exhibit "B".  A deposition notice

was properly served.  *See* Morseburg Decl., ¶ 5, Exhibit "C".  However, neither Ms.

Brogna nor HipSaver's counsel appeared.  *See* Sheldon Decl., ¶ 3.

The ostensible reason for the failure to appear was that HipSaver's counsel

thought the deposition was going to take place on December 1, 2005.  *See* Sheldon Decl.,

¶ 3.  Given the fact that HipSaver's counsel himself wrote an email to Posey's counsel confirming November 30 as the deposition date and the further fact that Posey served a deposition notice confirming that same date, HipSaver's counsel's contention that he thought the deposition was scheduled for December 1 strains credulity.  Nonetheless, taking counsel at his word, his and Ms. Brogna's failure to attend on the date and at the time noticed was completely inexcusable.  *Cf. Wei v. Hawaii*, 763 F.2d 370 (9th Cir. 1985) (attorney's mere inadvertence did not excuse failure to serve; dismissal upheld); *Airline Pilots v. Executive Airlines Inc.*, 569 F.2d 1174 (1st Cir. 1978) (per curiam) (incorrect calendar entry no excuse for failure to file notice of appeal).  Moreover, "forgetting" the date and time of a deposition simply cannot constitute the type of "extenuating circumstances" that would make an award of sanctions in this case unjust.

As a consequence of the foregoing, Posey requests that the Court issue an order (i) requiring Ms. Brogna to appear for deposition within the next twenty days on a date that is agreeable to Posey; (ii) requiring HipSaver and its counsel to reimburse Posey for the costs it incurred as a result of Ms. Brogna's failure to appear on November 30, 2005; and (iii) requiring HipSaver and its counsel to reimburse Posey for the costs incurred in bringing this motion.  As is set forth in the accompanying declarations, these costs total at least $2736.10.  *See* Morseburg Decl., ¶ 8; Sheldon Decl., ¶ 5.

Posey further requests that the Court order (i) that Ms. Brogna's deposition shall take place in Los Angeles, or alternatively, (ii) if the deposition takes place in Boston, that HipSaver and its counsel shall reimburse Posey for the expenses associated with taking the deposition there.  As is set forth in the accompanying declarations, the amount

of the estimated expenses, including attorneys' fees, of taking Ms. Brogna's deposition in Boston is $3,510. *See* Morseburg Decl., ¶ 9.

Finally, when HipSaver failed to appear for its Rule 30(b)(6) deposition, Posey moved to compel and sought sanctions in the amount of $5,410. The Court awarded $2405. Since this is the second time one of HipSaver's witnesses has not appeared and because HipSaver refused to permit Posey to take the Brogna deposition at the conclusion of the Goodwin deposition, Posey requests that this time the Court award Posey expenses in the full amount requested.

## IV.    CONCLUSION

For the foregoing reasons, Posey's motion to compel should be granted.

Dated: December 23, 2005                Respectfully submitted,


                                        J.T. POSEY COMPANY
                                        By its attorneys,

                                        /s/ Douglas H. Morseburg
                                        Jeffrey G. Sheldon (CA Bar No. 67516)
                                        Douglas H. Morseburg (CA Bar No. 26205)
                                        Shannon S. Sheldon (CA Bar No. 216199)
                                        SHELDON & MAK
                                        225 South Lake Avenue, Suite 900
                                        Pasadena, CA  91001
                                        (626) 796-4000

                                        Anthony J. Fitzpatrick (BBO # 564324)
                                        DUANE MORRIS LLP
                                        470 Atlantic Avenue, Suite 500
                                        Boston, MA 02210
                                        (617) 289-9200