UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.T. POSEY COMPANY, ) <br> ) <br> Defendant. ) <br> ) <br> AND RELATED COUNTERCLAIM. ) <br> ) | Civil Action No. 05-10917 PBS |

### DECLARATION OF DOUGLAS H. MORSEBURG
### IN SUPPORT OF MOTION OF DEFENDANT J.T. POSEY COMPANY FOR
### ORDER COMPELLING DEPOSITION OF HELEN BROGNA AND FOR
### SANCTIONS AGAINST HIPSAVER AND ITS COUNSEL

I, Douglas H. Morseburg, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in support of Posey's motion to compel the deposition of Helen Brogna and for sanctions.

2. On October 18, 2005, during the Deposition of Edward L. Goodwin, I learned that Helen Brogna is the Vice President of Marketing and a 51% shareholder of Plaintiff and

1

Counterclaim Defendant The HipSaver Company ("HipSaver"). Thereafter, I notified Edward Dailey, counsel for HipSaver, that Posey wanted to take Ms. Brogna's deposition.

3. On November 17, 2005, Mr. Dailey sent me an email confirming that Ms. Brogna's deposition would occur at 9:00 a.m. on November 30, 2005. A true and correct copy of the email is attached as Exhibit "A".

4. At about the time we scheduled Ms. Brogna's deposition, Mr. Dailey and I also scheduled the deposition of HipSaver's president, Edward Goodwin, for the afternoon of November 30, 2005. In order to control expenses, Ms. Brogna and Mr. Goodwin's depositions were scheduled for the day after the Court-ordered mediation of this matter that was scheduled to occur on November 29, 2005 before Magistrate Judge Marianne Bowler.

5. On November 23, 2005, I caused a notice of the depositions of Ms. Brogna and Mr. Goodwin to be served on HipSaver's counsel. A true and correct copy of the notice is attached as Exhibit "B".

6. Despite the parties' agreement and the deposition notice, neither Ms. Brogna nor HipSaver's counsel appeared on the morning of November 30, 2005. This is not the first time that one of HipSaver's deponents has failed to appear for a noticed deposition. On August 25, 2005, a representative from HipSaver failed to appear for the company's Rule 30(b)(6) deposition. As a consequence of that first failure to appear, Posey brought a motion to compel and for sanctions. The Court granted the motion and awarded Posey sanctions in the amount of $2,405. A true and correct copy of the Court's docket entry entered on October 11, 2005 granting Posey's motion to compel and awarding sanctions is attached as Exhibit "C".

7. As a consequence of the foregoing, the Court should order Ms. Brogna to appear for deposition within twenty days on a date that is convenient to Posey's counsel.

J:\POSEY\16112.24 HipSaver MA\Motions\021 Decl of DHM re Motion to Compel Brogna depo.doc

8. The Court should also award Posey the costs incurred in connection with Ms. Brogna's failure to appear. These expenses total at least $2736.10. This includes (i) the stenographer's fee in the amount of $166.10; (ii) two hours of time for Posey's counsel, Jeffrey G. Sheldon, whose billing rate is $535 per hour, for a total of $1,070; and (iii) a total of at least $1500 in connection with the preparation of this motion and the supporting papers and in connection with the argument on the motion.

9. The Court should also order that the deposition of Ms. Brogna is to occur in the Los Angeles area at Posey's counsel's office. Alternatively, the Court should order the deposition to occur in Boston but require HipSaver to reimburse Posey for the expenses of having Posey's counsel and its president travel from Pasadena to Boston to take the deposition. These expenses will total at least $3,510. This includes (i) round-trip coach class airfare for two passengers (Posey's counsel and Posey's president, Ernest Posey), which I estimate will cost approximately $800, (ii) round-trip ground transportation between Logan airport and downtown Boston, which I estimate will cost $80, (iii) round-trip ground transportation between Pasadena and Los Angeles airport, or parking at Los Angeles airport, which I estimate will cost $40, (iv) one night's hotel for Posey's counsel and its president, which I estimate will cost $580, and (v) 6 hours of attorney travel time during which the attorney will be unable to do other billable work. This includes 2 hours traveling between Pasadena and Los Angeles airport, 1 hour to/from Logan airport, .5 hour to/from the deposition location, and 2.5 hours checking in at airports, boarding airplanes, and checking and retrieving luggage. At $335 per hour, which is Sheldon & Mak's standard hourly billing rate for my time, which I believe is comparable to the rates charged by similar firms in the Los Angeles area for attorneys with similar experience, the attorney time will total $2,010.

10. Prior to filing the instant motion, both Jeff Sheldon and I attempted to communicate with HipSaver's counsel, Edward Dailey in an effort to avoid this motion. Specifically, Mr. Sheldon told Mr. Dailey at the deposition of Mr. Goodwin that he (Mr.

3

Sheldon) was amenable to taking Ms. Brogna's deposition following the Goodwin deposition. This suggestion was declined. Mr. Sheldon also suggested that Ms. Brogna travel to California for the deposition, a suggestion that Mr. Sheldon repeated in a letter, a copy of which is attached as Exhibit "D", sent several days later. Finally, on December 12, 2005, I sent Mr. Dailey an e-mail letter asking him to confer with me regarding the taking of Mr. Brogna's deposition. A true and correct copy of my request is attached as Exhibit "E". To date, I have received no response to this communication.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 23rd day of December, 2005 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

**EXHIBIT "A"**

### Doug Morseburg

**From:** Edward Dailey [Edailey@bromsun.com]
**Sent:** Thursday, November 17, 2005 2:30 PM
**To:** Doug Morseburg
**Subject:** Brogna depo

Confirmed for 9am on the 30th - /Ed

*Ed Dailey*
BROMBERG SUNSTEIN LLP
Winning Intellectual Property
125 Summer Street
Boston  02110-1618
617.443.9292
617.443.0004 (fax)
617.852.7110 (cell)
edailey@bromsun.com
www.bromsun.com

This message is intended only for the addressee(s), and may contain information that is privileged and confidential. If the recipient of this message is not an addressee, please notify us immediately by telephone at 617-443-9292.

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>J.T. POSEY COMPANY,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-05-10917 PBS |

### DEFENDANT J.T. POSEY COMPANY'S NOTICE OF DEPOSITIONS OF HELEN BROGNA AND EDWARD GOODWIN

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT Defendant and Counterclaimant J. T. Posey Company Inc. ("Posey") will take the deposition of Helen Brogna pursuant to Rule 30 of the Federal Rules of Civil Procedure on November 30, 2005 at 9:00 a.m., at the offices of Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210.

PLEASE TAKE FURTHER NOTICE THAT Posey will take the deposition of Edward Goodwin pursuant to Rule 30 of the Federal Rules of Civil Procedure on November 30, 2005 at 12:15 p.m., at the offices of Duane Morris LLP, 470 Atlantic Avenue, Suite 500, Boston, Massachusetts 02210.

The depositions will be taken before a certified court reporter or other person authorized

018 Notice of Goodwin & Brogna Depos.wpd

to administer oaths in the State of Massachusetts and shall continue day to day, Sundays and holidays excepted, until completed. The depositions will be recorded stenographically and by means of videotape. You are invited to attend and cross examine.

Dated: November 23, 2005

J.T. POSEY COMPANY
By its attorneys,

*Douglas H. Morseburg*

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg,
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: November 23, 2005

_____
Donald K. Piper

**EXHIBIT "C"**

From:      Jeff Sheldon
To:        Morseburg, Doug;  Piper, Don
Date:      10/11/05 2:16PM
Subject:   Fwd: Activity in Case 1:05-cv-10917-PBS The HipSaver Company, Inc. v. J.T. Posey Company "Order on Motion


JGS
SHELDON & MAK
"When Quality Is Essential"


Jeffrey G. Sheldon
Sheldon & Mak
225 South Lake Ave.,Suite 900
Pasadena, CA 91101-3021
U.S.A.

Tel.         (626)796-4000
Fax.         (626)795-6321
Email        JGSheldon@USIP.com
Home Page:   http://www.usip.com


This transmission is intended only for the use
of the addressee and may contain information
that is privileged, confidential and exempt from
disclosure under applicable law. If you are not
the intended recipient, or the employee or agent
responsible for delivering the message to the
intended recipient, you are hereby notified that
any dissemination, distribution or copying of
this communication is strictly prohibited.

If you have received this communication
in error, please notify us immediately
via e-mail at JGSheldon@usip.com or
by telephone at 626-796-4000, xt 201. Thank you.

>>> <ECFnotice@mad.uscourts.gov> 10/11/05 01:33PM >>>

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge.
To avoid later charges, download a copy of each document during this first viewing.United States
District CourtDistrict of MassachusettsNotice of Electronic Filing

The following transaction was received from Collings, Robert entered on 10/11/2005 at 4:33 PM EDT and
filed on 10/11/2005
Case Name: The HipSaver Company, Inc. v. J.T. Posey CompanyCase
Number:1:05-cv-10917Filer:Document Number:
Docket Text:
Judge Robert B. Collings: Electronic ORDER entered granting in part and denying in part [40] Motion to
Compel and for Sanctions. If the plaintiff did not want the deposition to go forward on the date for which it
was noticed and defendant would not agree to a continuance, it was the plaintiff's burden to seek a
protective order. It was improper to refuse to attend and put forth its position to the Court only in
opposition to a motion to compel filed by the defendant. The motion to compel the 30(b)(6) deposition

(#40) is ALLOWED; the plaintiff is ORDERED to attend a Rule 30(b)(6) on a date convenient to the parties but in no event later than October 21, 2005. As for sanctions, the defendant seeks $5,410. The Court orders the plaintiff to pay the defendant the sum of $2405.00 on or before the close of business on Monday, October 31, 2005, the sum representing the approximate cost of a trip to Boston with an overnight stay to attend the deposition ($730.00), two hours attor! ney time to travel to Boston and return ($770.00), and three hours of attorney time in preparaing the motion to compel ($1005.00). The Court declines to order the further sanction requested that the plaintiff pay the defendant's attorney's hourly rate for the entire time spent in travelling to Boston from Pasadena, California and return. Defendant's counsel is able to do other billable work on the plane; an award for only two hours travel time is reasonable.
The following document(s) are associated with this transaction:

1:05-cv-10917 Notice will be electronically mailed to:

Lee C. Bromberg     lbromberg@bromsun.com, jcreedon@bromsun.com

Edward J. Dailey     edailey@bromsun.com, ecoombs@bromsun.com

Anthony J. Fitzpatrick     ajfitzpatrick@duanemorris.com, vlweeks@duanemorris.com; lnwalker@duanemorris.com

Peter J. Karol     pkarol@bromsun.com

Douglas G. Morseburg     doug@usip.com

Courtney M. Quish     cquish@bromsun.com, jortiz@bromsun.com

Jeffrey G. Sheldon     jgsheldon@usip.com

Shannon S. Sheldon     ssheldon@usip.com

1:05-cv-10917 Notice will not be electronically mailed to:

Scott K. Dauscher
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Drive
Suite 200
Cerritos, CA 90703-8597

Edward Cosmo Ho
Atkinson Andelson Loya Ruud & Romo
17871 Park Plaza Drive
Suite 200
Cerrritos, CA 90703-8597

Aaron V. O'Donnell
Atkinson Andelson Loya Ruud & Romo
Suite 200
17871 Park Plaza Driver
Cerritos, CA 90703-8597

Mark T. Palin
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Drive
Cerritos, CA 90703-8597

**EXHIBIT "D"**

## SHELDON & MAK
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101-3021
FACSIMILE: (626) 795-6321
HOME PAGE: www.usip.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
JULIO M. LOZA
A. ERIC BJORGUM
NORMAN VAN TREECK

OTHER CALIFORNIA OFFICES:
RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

December 5, 2005

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618

Re:   The HipSaver Company v. J.T. Posey Company
      Sheldon & Mak Matter No. 16112.24

Dear Mr. Dailey:

This is to confirm my understanding of the two items that we discussed on November 30, 2005. If I got anything inaccurate, please let me know.

1.   You asserted that confidentiality claims as to documents produced by Posey were inappropriate. I requested that you identify those documents, and Posey would reconsider the level of confidentiality applied. I look forward to hearing from you on this.

2.   With regard to failure of Mrs. Brogna to attend her deposition, you offered to pick one-half the costs of taking her deposition at another time. I understand that to include travel expenses and associated travel time for the attorney taking the deposition.

I wish to repeat my suggestion that it would be more economical for the parties if Ms. Brogna would fly to the West Coast to have her deposition taken at the same time you are on the West Coast deposing witnesses. Considering the cost of air fare, hotel room, and approximately 16 hours of travel time at current billing rates, it would be more economical for both parties.

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
December 5, 2005
Page 2

We will take up your proposal with our client.

Sincerely yours,

SHELDON & MAK

By: *[signature]*
Jeffrey G. Sheldon

JGS/kpl
cc:    client
       Douglas H. Morseburg, Esq.
       Don Piper

J:\POSEY\16112.24 HipSaver MA\Correspondence\023 Letter to Dailey .wpd

**EXHIBIT "E"**

## Doug Morseburg

**From:** Doug Morseburg
**Sent:** Monday, December 12, 2005 1:11 PM
**To:** 'Edward Dailey'
**Cc:** Cassandra Scardino; Doug Morseburg; Don Piper
**Subject:** RE: HipSaver v JT Posey - Brogna Depo and Other Matters

Dear Ed:

Please let me know when you are available to discuss the following issues:

1. Jeff advises me that after Ms. Brogna failed to appear for her deposition last week, he asked that you make her available that evening following Mr. Goodwin's deposition. You did not do so. Since Mr. Goodwin's deposition concluded early, she could have been deposed when Jeff was there. Thus, there is no reason for our client to have have to pay anything to take her deposition. As a consequence, your offer to pay for half the costs of deposing Ms. Brogna is unacceptable. You and/or your client must pay the full cost associated with taking her deposition or bring her here to L.A. If we cannort come to an agreement on this issue, we will make a motion for an order requiring HipSaver to pay the full cost associated with her deposition and for an extension of the discovery cut-off date to permit the taking of the deposition.

2. In order to exclude Mr. Posey from the room during the deposition of Mr. Goodwin, you designated the entirety of his testimony as "Attorneys' Eyes Only". Not only was this improper under the terms of the Court's protective order in this case, it deprived Jeff of the opportunity to consult with Mr. Posey about Mr. Goodwin's answers to questions relating to non-confidential matters and then to ask meaningful follow-up questions. Therefore, we want you to agree to re-classify the Goodwin depo transcript and to agree that Posey may ask meaningful follow-up questions. If we cannot come to an agremeent on this issue, we will ask the Court for an order re-classifying the deposition transcript and permitting Posey to resume the deposition at HipSaver's expense for the purpose of asking follow-up questions and for an extension of the discovery cut-off for that purpose.

3. Although the Court denied your motion to dismiss, you have never withdrawn the objections you asserted to various of Posey first requests for production on the grounds that the requests related to issues that were barred by the settlement agremeent and/or the release in Posey I. Neither have you supplemented your responses. Also, although HipSaver produced a list (prepared in connection with the litigation) of people who have allegedly complained about Posey's products, it has not produced the underlying documents (which are stored in a FileSaver program) from which that list was comiled. Not has it produced the financial documents underlying its tax returns. We need to resolve these issues. If we cannot do so, we will move to compel.

4. Finally, further to several past emails on this subject, please also confirm that you will be limiting your questions at Posey's 30(b)(6) deposition about the location of documents to those dealing with hip protector products. I know you think this is a non-issue, but if we cannot finally resolve this one, we will have to move for a protective order.

Sincerely,

Doug Morseburg

12/22/2005