UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

### DECLARATION OF JEFFREY G. SHELDON IN SUPPORT OF MOTION OF DEFENDANT J.T. POSEY COMPANY FOR ORDER COMPELLING DEPOSITION OF HELEN BROGNA AND FOR SANCTIONS AGAINST HIPSAVER AND ITS COUNSEL

I, Jeffrey G. Sheldon, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in support of Posey's motion to compel the deposition of Helen Brogna and for sanctions.

2. On November 29, 2005, I attended a mediation between Posey and Plaintiff and Counterclaim Defendant The HipSaver Company ("HipSaver"), at which Edward

1

Goodwin, President of HipSaver, and Edward Dailey, counsel for HipSaver, were present.

3. The following day, at 9:00 a.m., I appeared for the deposition of Helen Brogna at the offices of Duane Morris, LLP. I was accompanied by Posey's president, Ernest Posey, who I expected would assist me in assessing Ms. Brogna's deposition testimony and in suggesting follow-up questions. However, neither Ms. Brogna nor HipSaver's counsel, Edward Dailey, appeared. Therefore, I asked Lindsay Walker, a paralegal at Duane Morris, to contact Mr. Dailey to find out what time they would arrive. I am informed that, when she contacted him, Mr. Dailey told Ms. Walker that Ms. Brogna would not be appearing for the deposition. When Mr. Dailey appeared for the deposition of Edward Goodwin at approximately noon that same day, he explained that Ms. Brogna failed to appear for the deposition because he thought the deposition had been noticed for the following day. Mr. Dailey did, however, acknowledge receiving the notice of deposition that our office had served.

4. In an attempt to avoid further expenses, I offered to take Ms. Brogna's deposition that evening, after Mr. Goodwin's deposition had concluded. Mr. Dailey declined my offer. I also suggested that Ms. Brogna travel to California to have her deposition taken during the same time period that Mr. Dailey was traveling to California for other depositions in this case. Mr. Dailey suggested that the deposition take place in Boston and that HipSaver pay one-half the cost of having it there. Following the deposition, I sent Mr. Dailey a letter, a copy of which accompanies this motion as Exhibit "D". In it, I repeated my suggestion that Ms. Brogna come to California for the deposition. Mr. Dailey never responded.

///

///

5. Approximately two hours of my time were wasted as a result of Ms. Brogna's failure to appear for her deposition. My billing rate is $535 per hour, which is Sheldon & Mak's standard hourly rate for my time and which I believe is comparable with the rates charged by similar firms in the Los Angeles area for lawyers with comparable experience. Thus, the fees my client incurred as a result of Ms. Brogna's failure to appear totaled $1070.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 23d day of December, 2005 at Pasadena, California.

/s/ Jeffrey G. Sheldon
Jeffrey G. Sheldon