UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc.,<br>　　　　　Plaintiff, | )<br>)<br>) |
| v | )<br>) |
| J.T. Posey Company,<br>　　　　　Defendant | )<br>)<br>) |
| J.T. Posey Company, Inc.,<br>　　　　　Counterclaim Plaintiff | )<br>)<br>) |
| v | )<br>) |
| The HipSaver Company, Inc. and<br>Edward L. Goodwin,<br>　　　　　Counterclaim Defendants | )<br>)<br>)<br>) |

**PLAINTIFF'S STATEMENT IN RESPONSE TO MAGISTRATE JUDGE'S
RESERVATION ON HIPSAVER'S MOTION TO COMPEL DISCOVERY**

In response to the court's Order reserving a ruling on the Plaintiff's Motion to Compel, HipSaver states:

1. **Requests no. 2a, 2b.** HipSaver acknowledges the Defendant's claim to have produced or made available all responsive materials, garments, products, samples, documents, and information. However, HipSaver does **not** accept this claim and notes the following:

1

a) At a Rule 30(b)(6) deposition conducted in Los Angeles on December 15, 2005, the Defendant's designated witness, who was charged with knowledge of the chain of custody, responded with uncertainty and without knowledge when asked if the Defendant had retained the materials tested by Garwood Laboratories in the period from January 2001 through 2004. Consequently, HipSaver has reasonable cause to question the extent to which the Defendant has conducted a thorough discovery review, inventory, and production of the requested materials, garments, samples, and products.

2. **Request no. 2f**: HipSaver acknowledges the Defendant's claim to have produced or made available all responsive materials, garments, products, documents, and information. However, HipSaver does **not** accept this claim and notes the following:

a) This request seeks advertising documents, materials, and statements. While the Defendant has produced some catalogs, several individual ads, one e-mail advertisement, and a listing of trade shows, it has not produced any documents identifying the media in which it advertised, the advertisements placed in such media, or the customers and institutions which received targeted advertising.

b) The Defendant has not produced its 2005 catalog which is clearly part of the request for production and was expressly requested again on December 14, 2005.

c) The Defendant has not produced any marketing documents, materials, or plans which refer or relate to advertising or marketing use of the Garwood test results.

d) Beyond a single e-mail advertisement, the Defendant has not produced any similar advertisements or statements sent to other customers. At a Rule 30(b)(6) deposition conducted in Los Angeles on December 15, 2005, the Defendant's

designated witness responded with uncertainty and without knowledge when asked if the Defendant had sent other such targeted advertisements and statements to customers. Consequently, HipSaver has reasonable cause to question the extent to which the Defendant has conducted a thorough discovery review, inventory, and production of the requested documents and information.

3. **Requests 3b, 3f, 4e, 4h**: Subsequent to the filing of this Motion to Compel and more than two months after counsel for the Plaintiff initiated a long process aimed at obtaining substantive responses without the court's intervention, the Defendant has provided additional documents. HipSaver accepts the Defendant's belated production in response to Requests no. 3b, 3f and 4e, 4h. HipSaver does not waive its right to seek further relief if the responses to Requests no. 3b, 3f and 4e, 4h do not bear up.

4. HipSaver maintains that the Defendant should be compelled to respond substantively and completely to Requests no. 2a, 2b, and 2f.

**THEREFORE**, the HipSaver Company maintains its request for an Order compelling substantive response from the Defendant on the items which remain outstanding, together with mandatory fees and costs in accordance with Fed.R.Civ.P.37(a)(4)(A).

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Edward J. Dailey
Lee Carl Bromberg
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney M. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
edailey@bromsun.com

Dated:  December 23, 2005


02820/00502 454988.1