UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**MOTION OF DEFENDANT J.T. POSEY COMPANY FOR ORDER (1) REMOVING ATTORNEYS' EYES ONLY DESIGNATION OF EDWARD L. GOODWIN'S DEPOSITION TRANSCRIPT; (2) COMPELLING FURTHER DEPOSITION OF EDWARD L. GOODWIN; AND (3) FOR SANCTIONS AGAINST HIPSAVER AND ITS COUNSEL**

Defendant and Counterclaimant J.T. Posey Company ("Posey") moves this Court an order (i) that the testimony marked on the accompanying transcript of the Deposition of Edward Goodwin shall be deemed not confidential, or if confidential, not "Attorneys' Eyes Only," (ii) that Mr. Goodwin shall appear for a further deposition within the next twenty days on a date that is agreeable to Posey for the purpose of asking reasonable follow-up questions regarding the marked portions of the transcript, (iii) that Ernie Posey shall be entitled to attend the further deposition in order to assist Posey's counsel, and (iv) that HipSaver and its counsel shall reimburse Posey for the costs it incurred in bringing this motion. As is set forth in the accompanying declarations, these costs total approximately $7,800.

Further, Posey requests that the Court order (i) that Mr. Goodwin's further deposition take place in Los Angeles, or alternatively, (ii) that, if the further deposition is to take place in Boston, Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver") and its counsel shall reimburse Posey for the expenses associated with the taking of the deposition there. As is set forth in the accompanying declarations, the amount of the estimated expenses, including attorneys' fees, of taking Mr. Goodwin's deposition in Boston is $4,515.

The motion is brought pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and is made upon the grounds that HipSaver's counsel improperly designated Edward Goodwin's deposition as "Attorneys' Eyes Only" in contravention of the Protective Order entered by this Court.

The instant motion is based upon this Notice, the accompanying memorandum in support of this motion, the accompanying declarations, and all pleadings, exhibits and records on file herein and upon such additional argument and evidence as may be presented to the Court at the time of any hearing.

///

///

In accordance with Massachusetts District Court Rules Local Rule 37.1, the undersigned counsel for Posey hereby certifies that counsel for Posey has attempted to meet and confer with HipSaver's counsel and attempted in good faith to resolve or narrow the issues raised by this motion.

Dated: December 30, 2005

J.T. POSEY COMPANY

By its attorneys,

/s/ Jeffrey G. Sheldon
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg (CA Bar No. 26205)
Shannon S. Sheldon (CA Bar No. 216199)
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA 91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

/s/ Donald K. Piper
Donald K. Piper