UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.T. POSEY COMPANY, ) <br> ) <br> Defendant. ) <br> ) <br> AND RELATED COUNTERCLAIM. ) <br> ) | Civil Action No. 05-10917 PBS |

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT AND COUNTERCLAIMANT J.T. POSEY COMPANY
FOR ORDER (1) REMOVING ATTORNEYS' EYES ONLY DESIGNATION
OF EDWARD L. GOODWIN'S DEPOSITION TRANSCRIPT; (2)
COMPELLING FURTHER DEPOSITION OF
EDWARD L. GOODWIN; AND (3) FOR SANCTIONS AGAINST
HIPSAVER AND ITS COUNSEL**

I.   **INTRODUCTION AND FACTS**

This is an action between two competitors who are accusing each other of making false and misleading advertising claims, engaging in unfair businesses practices and breaching a prior settlement agreement between them. By this motion, Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") seeks an order compelling the further deposition of Counterclaim Defendant Edward L. Goodwin and awarding sanctions against Mr. Goodwin and against Edward Dailey, the attorney for Mr. Goodwin and for Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver"). The facts underlying the motion are:

A.     **The Deposition of Mr. Goodwin on November 30, 3005**

Mr. Goodwin is the president of HipSaver. Posey noticed Mr. Goodwin's deposition for November 30, 2005. *See* Declaration of Douglas H. Morseburg, paragraph 2 (hereafter, cited "Morseburg Decl., ¶ ___.").

On November 30, 2005, Posey's counsel, Jeffrey Sheldon, and Posey's president, Ernest Posey, appeared for Mr. Goodwin's deposition. *See* Declaration of Jeffrey G. Sheldon, paragraph 2 (hereafter, cited "Sheldon Decl., ¶ ___."). Mr. Posey, who has knowledge of the parties' products, history, hip protector standards, competitors' products, and advertising, was present to assist Mr. Sheldon in questioning Mr. Goodwin. *Id.*

When Mr. Goodwin and his counsel, Edward Dailey, arrived at the deposition location, Mr. Dailey pointed at Mr. Posey and rudely announced "You're out," or words to that effect. *See* Sheldon Decl., ¶ 3. When Mr. Sheldon stated that Mr. Posey had a right to attend the deposition, Mr. Dailey stated, in essence, that he was designating the entire deposition as "Confidential - Attorneys' Eyes Only" pursuant to the protective order in effect in this case. *See* Sheldon Decl., ¶¶ 3, 4, 5; Exhibit "A" (deposition transcript submitted under seal) at 5:11-16.

At that point, Mr. Sheldon read to Mr. Dailey Paragraph 5 of the Protective Order which, among other things, prohibits a party from making mass or indiscriminate "confidentiality" designations or from making "confidentiality designations for an improper purpose." *See* Sheldon Decl., ¶ 3; Exhibit "A" at 5:17 – 6:16. In response, Mr. Dailey requested that Mr. Sheldon identify the subjects he intended to cover during the deposition. *See* Sheldon Decl., ¶ 5; Exhibit "A" at 6:24 – 7:17. Mr. Dailey further stated

that "I'm sure I can make an informed judgment as to what should be considered Attorneys' Eyes Only and what not." *Id.*

Accordingly, Mr. Sheldon informed Mr. Dailey that he intended to cover a variety of topics, including (i) Mr. Goodwin's professional background, (ii) HipSaver's claim that Posey had engaged in product disparagement, (iii) the identification of customers HipSaver lost as a consequence of Posey's alleged false advertising, (iv) published articles relating to hip protectors, (v) the location and existence of documents relating to tax returns, which are not "Attorneys' Eyes Only" documents, (vi) Mr. Goodwin's knowledge of the launderability of competitive hip protector products and any testing that has been done with respect to such products, (vii) the presence or absence of documents showing HipSaver's damages, (viii) Mr. Goodwin's knowledge of purchases from Posey by third parties, (ix) whether HipSaver has conducted any surveys, (x) HipSaver communications with third parties regarding Posey's allegedly false advertising, (xi) Mr. Goodwin's knowledge of any defects in Posey's products, (xii) HipSaver's testing, if any, of competitive products, (xiii) the differences between various HipSaver products, (xiv) changes to HipSaver's publicly accessible website between 2004 and the present, (xv) standards governing hip protectors, and (xvi) the factual basis for HipSaver's claims. *See* Sheldon Decl., ¶ 5; Exhibit "A" at 8:3 – 13:11.

Mr. Sheldon was counting on Mr. Posey's assistance in the deposition due to Mr. Posey's knowledge about the launderability of hip protector products, the construction of Posey's products, standards governing hip protectors, and the construction of third parties' products.

3

Mr. Dailey designated all of the foregoing topics as "Confidential - Attorneys' Eyes Only," thus excluding Mr. Posey from the deposition. *Id.* Mr. Dailey did not provide any justification for the designations. *Id.*

Even giving HipSaver the benefit of the doubt, the bulk of the transcript clearly should not be designated "Confidential - Attorneys' Eyes Only" because:

1. The testimony is not reasonably a trade secret or other confidential research, development, or commercial information;

2. The testimony is not extremely sensitive material, the disclosure of which to another party or non-party would cause immediate injury or create a substantial risk of injury;

3. The testimony relates to publicly available information such as HipSaver's website advertisements, published articles;

4. The testimony relates to non-confidential background information, such as the history of Mr. Goodwin's in designing consumer products; and/or

5. The testimony relates to the contents of documents produced by HipSaver that have not previously been designated "Attorneys' Eyes Only" and/or were the subject of testimony given at a prior deposition that was not designated "Attorneys' Eyes Only," such as HipSaver's tax returns.

*See* Sheldon Decl., ¶¶ 6, 7; Exhibit "A" at 3:11-15 and 38:12 – 46:12.

**B.   The Protective Order**

There is a protective order (the "Protective Order") in effect in this case. *See* Morseburg Decl., ¶ 3; Exhibit "B". Under Paragraph 7.3 of the Protective Order, the parties may designate information that is the subject of discovery as "Confidential –

4

Attorneys' Eyes Only". The Protective Order defines "Confidential – Attorneys' Eyes Only" material as "information or items [that are] extremely sensitive "Confidential" information [as defined under Rule 26(c)] or items the disclosure of which to another Party or to a non-party would cause immediate injury or create a substantial risk of injury." *See* Exhibit "B" at ¶¶ 2.3 and 2.4.

Paragraph 5.1 of the Protective Order requires the parties to exercise restraint and care in designating material as "Confidential" and further provides that any unjustified designations or designations made for an improper purpose may result in sanctions. *See* Exhibit "B" at ¶ 5.1.

### C. HipSaver's Counsel Refused To Meet and Confer Regarding This Motion

At the deposition, Mr. Sheldon informed Mr. Dailey that Posey would seeks sanctions for Mr. Dailey's violation of the Protective Order. *See* Sheldon Decl., ¶ 5.

Prior to filing the instant motion, Posey's counsel attempted to communicate with Mr. Dailey in an effort to avoid this motion. *See* Morseburg Decl., ¶ 4. Specifically, on December 12, 2005, Posey's counsel sent Mr. Dailey an email correspondence requesting a meet-and-confer in an attempt to narrow or resolve the issues of this instant motion. *See* Morseburg Decl., ¶ 4; Exhibit "C". No response was received from Mr. Dailey. *Id.*

## II. THE STANDARD GOVERNING THE INSTANT MOTION

Generally, protective orders are governed by Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26(c)"). The violation of a protective order entered pursuant to Rule 26(c) is sanctionable under Rule 37(b) of the Federal Rules ("Rule 37(b)"). *Spencer Cos. v. Agency Rent-A-Car, Inc.*, 1982 U.S. Dist. LEXIS 10398, CV No. 81-2097-S (D. Mass., Jan. 4, 1982) ("Violation of an order entered under Rule 26(c) brings the sanctions

of Rule 37(b) to bear."). The question of the sanction to be imposed under Rule 37(b) for a party's failure to obey a protective order is a matter committed to the sound discretion of the trial court. *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. 1994) (attorney sanctioned for providing discovery materials in violation of protective order).

In addition to providing for an award of sanctions for a party's failure to obey a protective order, Rule 37(b) also permits the court to make "such [other] orders . . . as are just" to address that refusal. Fed. R. Civ. Proc. 37(b)(2).

### III.   ARGUMENT

Paragraph 2.4 of the Protective Order specifies the material that a party may designate as "Attorneys' Eyes Only". *See* Exhibit "B" at ¶ 2.4. This designation first requires that the material be deemed "confidential" under the standards developed under Fed. R. Civ. Proc. 26(c). *See* Exhibit "B" at ¶ 2.3. An "Attorneys' Eyes Only" designation further requires that the material be "extremely sensitive" information which would cause "immediate injury or create a substantial risk of injury" to another party and material that puts a party at a competitive disadvantage. *See* Exhibit "B" at ¶ 2.4.

Here, Goodwin's counsel designated the entirety of Mr. Goodwin's testimony as "Confidential – Attorneys' Eyes Only". However, the deposition covered topics such as Mr. Goodwin's professional background, his knowledge of published articles, his knowledge regarding the launderability of competitive products, his knowledge of alleged defects in Posey's products, standards that govern hip protectors, the identity and location of documents relating to the case, and conversations he had with third parties regarding alleged defects in Posey's products. *See* Exhibit "A" at 8:3 – 13:11.

6

Counsel for Goodwin could not possibly have considered every bit of information related to these topics to be "extremely sensitive" material that would cause Goodwin or HipSaver injury or risk of injury or that would put Goodwin or HipSaver at a competitive disadvantage. Nevertheless, Mr. Dailey cavalierly designated each subject as "Confidential – Attorneys' Eyes Only" without any justification:

MR. SHELDON: Well, the first questions will be involving his background.

MR. DAILEY: Mm-hmm.

MR. SHELDON: So, can Mr. Posey stay for that subject?

MR. DAILEY: No.

MR. SHELDON: His professional background, Mr. Posey can't stay for?

MR. DAILEY: No, he cannot.

MR. SHELDON: I'm going to ask about his knowledge of launderability of competitive products and what testing has been done.

MR. DAILEY: That is certainly excluded.

MR. SHELDON: I'm going to ask if third-party communications regarding any Posey advertising.

MR. DAILEY: Excluded.

MR. SHELDON: I'm going to ask him questions of any personal knowledge he has of any defects in Posey products.

MR. DAILEY: Excluded.

MR. SHELDON: I'm going to ask about any tests he conducted to show that HipSaver products are better than competitive products.

7

> MR. DAILEY: Excluded.
>
> MR. SHELDON: I'm going to ask about the basis for the launderability claims.
>
> MR. DAILEY: What launderability claims?
>
> MR. SHELDON: His launderability claims in the advertisements by HipSaver.
>
> MR. DAILEY: Excluded.
>
> MR. SHELDON: I'm going to ask about the factual basis for his claim that Posey has a knockoff of his product.
>
> MR. DAILEY: Excluded.
>
> MR. SHELDON: I'm going to ask the differences in the various HipSaver products.
>
> MR. DAILEY: Excluded.

See Exhibit "A" at 8:4-11, 10:2-5, 11:11 – 12:11.

Paragraph 5.1 of the Protective Order provides that a party's unjustified designation of material as "Attorneys' Eyes Only" or the designation of such materials for an improper purpose subjects the party to sanctions. See Exhibit "B" at ¶ 5.1. Notwithstanding his self-serving comments at the deposition, it is obvious that, in the instant case, Goodwin's counsel, Mr. Dailey, designated the entirety of Goodwin's deposition as "Confidential – Attorneys' Eyes Only" for the sole purpose of excluding Mr. Posey from the deposition room and of preventing him from assisting Posey's counsel in connection with the deposition. This is a clear violation of the Protective Order. Thus, sanctions and other orders to address this misconduct are appropriate.

The accompanying transcript of the deposition of Mr. Goodwin (which has been submitted under seal as Exhibit "A") identifies the designated testimony that Posey challenges and sets forth the basis for Posey's contention that it does not qualify as "confidential" and/or "Confidential – Attorneys' Eyes Only." *See* Sheldon Decl., ¶ 3. Therefore, pursuant to paragraph 6.3 of the Protective Order, the Court should require HipSaver to justify that every question and every answer challenged qualifies as "Confidential – Attorneys' Eyes Only."[1]

In sum, Posey requests that the Court order (i) that the testimony marked on the accompanying transcript of the deposition of Mr. Goodwin shall be deemed <u>not</u> confidential, or if confidential, not "Attorneys' Eyes Only," (ii) that Mr. Goodwin shall appear for a further deposition within the next twenty days on a date that is agreeable to Posey for the purpose of asking reasonable follow-up questions regarding the marked portions of the transcript, (iii) that Mr. Posey shall be entitled to attend the further deposition in order to assist Posey's counsel, and (iv) that HipSaver and its counsel shall reimburse Posey for the costs it incurred in bringing this motion. As is set forth in the accompanying declarations, these costs total at least $7,800. *See* Morseburg Decl., ¶ 5.

Further, Posey requests that the Court order (i) that Mr. Goodwin's further deposition take place in Los Angeles, or alternatively, (ii) that, if the further deposition is to take place in Boston, HipSaver and its counsel shall reimburse Posey for the expenses

---

[1] Paragraph 6.3 of the Protective Order provides: "A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion as provided by the Federal Rules of Civil Procedure and the Massachusetts Local Rules that Identifies the challenged material and sets forth in detail the basis for the challenge . . . The burden of persuasion in any such challenge proceeding shall be on the <u>Designating Party</u>. *See* Exhibit "B" (emphasis added).

associated with the taking of the deposition there. As is set forth in the accompanying declarations, the amount of the estimated expenses, including attorneys' fees, and travel costs for Mr. Posey, of taking Mr. Goodwin's deposition in Boston is at least $4,515. *See* Morseburg Decl., ¶ 6.

### IV. CONCLUSION

For the reasons set forth above, the instant motion should be granted.

Dated: December 30, 2005

Respectfully submitted,

J.T. POSEY COMPANY
By its attorneys,

/s/ Jeffrey G. Sheldon
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg (CA Bar No. 26205)
Shannon S. Sheldon (CA Bar No. 216199)
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA  91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

### CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

/s/ Donald K. Piper
Donald K. Piper