UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

**DECLARATION OF JEFFREY G. SHELDON
IN SUPPORT OF MOTION OF DEFENDANT J.T. POSEY COMPANY
FOR ORDER (1) REMOVING ATTORNEYS' EYES ONLY DESIGNATION
OF EDWARD L. GOODWIN'S DEPOSITION TRANSCRIPT; (2)
COMPELLING FURTHER DEPOSITION OF EDWARD L. GOODWIN; AND
(3) FOR SANCTIONS AGAINST HIPSAVER AND ITS COUNSEL**

I, Jeffrey G. Sheldon, declare:

1.  I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in support of Posey's motion to compel the deposition of Edward Goodwin and for sanctions.

1

2. On November 30, 2005, I attended the Deposition of Edward Goodwin, President of Plaintiff and Counterclaim Defendant The HipSaver Company ("HipSaver"). Present at the deposition were Edward Goodwin; Edward Dailey, counsel for HipSaver; and Ernie Posey, owner and principal of Posey. Mr. Posey accompanied me to Mr. Goodwin's Deposition because Mr. Posey is extremely familiar with the parties' products, history, hip protector standards, competitors' products, and advertising, and Mr. Posey could assist me with details, when needed, in deposing Mr. Goodwin.

3. Upon entering the deposition room, Mr. Dailey immediately pointed at Mr. Posey and announced "You're out," or words to that effect. Mr. Dailey designated the entire deposition as "Confidential – Attorneys' Eyes Only" as his basis for excluding Mr. Posey from the deposition. I informed Mr. Dailey that such mass designation is improper under the Protective Order entered by the Court, which I read to Mr. Dailey. A true and correct copy of the transcript of the November 30, 2005 Deposition of Edward Goodwin, submitted under seal as it is designated "Attorneys' Eyes Only," is attached as Exhibit "A".

4. On Exhibit "A", I have marked portions of the testimony that Posey challenges as not being confidential in brackets "[ ]" in the left-hand margin of the transcript, and I have provided numbers corresponding to a legend, to explain the basis for Posey's challenge. The legend is attached to the first page of Exhibit "A".

5. Mr. Dailey insisted that I advise him of each topic I intended to cover in the Goodwin Deposition. For each of the topics that I presented to Mr. Dailey, he designated all of them as "Attorneys' Eyes Only" without justification. Accordingly, Mr. Posey was excluded from the entire Goodwin Deposition. I informed Mr. Dailey that Posey would seek sanctions.

///

6. During the deposition, I questioned Mr. Goodwin about publicly available information such as HipSaver's website. I also questioned Mr. Goodwin about documents produced by HipSaver that HipSaver designated as "Confidential", and not "Attorneys' Eyes Only," such as HipSaver's tax returns.

7. I also questioned Mr. Goodwin about his employment background because HipSaver's website touts Mr. Goodwin's experience in designing consumer products.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 30th day of December, 2005 at Pasadena, California.

/s/ Jeffrey G. Sheldon
Jeffrey G. Sheldon

**EXHIBIT "A"**

**EXHIBIT "A"**

**DEPOSITION OF EDWARD L. GOODWIN
NOVEMBER 30, 2005**

**DESIGNATED
"CONFIDENTIAL – ATTORNEYS' EYES ONLY"
PURSUANT TO PROTECTIVE ORDER**

**FILED SEPARATELY UNDER SEAL**