UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>                       Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>                       Defendant <br><br> J.T. Posey Company, Inc., <br>                       Counterclaim Plaintiff <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>                       Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION OF HELEN BROGNA

Plaintiff, The HipSaver Company, Inc. ("HipSaver"), opposes the Defendant's Motion to Compel the deposition of Helen Brogna for the reasons set out here:

1.     Caught up in the frothiness of what the Defendant presumes is another opportunity to "sandbag" Plaintiff's counsel and increase pressure on the financially

strained Plaintiff, the Defendant filed this "Christmas Eve" Motion to compel without even attempting to comply with the meet and confer requirements of LR 7.1 and LR 37.1 and with something less than candor and full disclosure to the court. Far from entertaining sanctions against HipSaver's counsel, the court should consider the extent to which it is being manipulated and burdened by an utterly groundless Motion to Compel.

### Statement of Facts

During November, the parties were engaged in numerous exchanges related to scheduling party, Rule 30(b)(6), and third party depositions in Boston and Los Angeles. A mutual mistake was made with respect to the scheduling of the deposition of Helen Brogna in Boston. Immediately acknowledging its role in this scheduling error, HipSaver paid the extra cost for lost waiting time by a stenographer and videographer and proposed that the parties split the costs associated with a rescheduled deposition for Ms. Brogna. This proposal has been acknowledged by the Defendant's lead counsel, Mr. Sheldon in paragraph 2 of his letter of December 5, 2005 to HipSaver's counsel. *See* **Exhibit 1** to this Opposition. In that letter, Mr. Sheldon concludes, *"We will take up your proposal with our client."*

By electronic mail message dated December 8, 2005, Mr. Morseburg stated unequivocally, *"This is just to let you know that we are accepting your offer"*. *See* Morseburg electronic mail message at **Exhibit 2** to this Opposition. This document has been withheld from the court in the Motion to Compel and has not been referred to in any manner in the supporting Declarations filed by Mr. Sheldon and Mr. Morseburg. Rather,

2

Mr. Morseburg and Mr. Sheldon refer only to an electronic mail message from Mr. Morseburg which was sent four days later, December 12, 2005, in which he purports to reject the offer he had accepted on December 8th. *See* December 12th electronic mail message at **Exhibit 3**.

Having both accepted and rejected the offer to share costs for a rescheduled deposition, the Defendant is clearly trying to "have it both ways" – all the while misleading the court. At the very least, the Defendant owes candor to the court in the form of full disclosure of its contradictory acceptance and subsequent, unilateral rejection together with an explanation which somehow explains how the Defendant's contradictory actions can form the basis for a Motion to Compel targeting HipSaver. What is the basis for the Defendant's unilateral rejection, and how does this unilateral rejection support a Motion to Compel?

## ARGUMENT

In an effort to resolve this Motion, HipSaver's counsel wrote to the Defendant's attorneys by letter dated December 27, 2005; raised the matter of the Defendant's December 8th acceptance of the cost sharing proposal; urged immediate withdrawal of this Motion; and restated HipSaver's continuing agreement to cost sharing for a rescheduled deposition and to make Ms. Brogna available. *See* letter attached at **Exhibit 4**.

The Defendant has declined the suggestion to withdraw its Motion to Compel. Instead, the Defendant engages in a snarky attempt to justify having it both ways. *See* the Defendant's decline letter of December 27, 2005 at **Exhibit 5**.

A. THE PARTIES AGREED TO SHARE COSTS ASSOCIATED WITH THE CONFUSION SURROUNDING THE SCHEDULING OF THE INITIAL BROGNA DEPOSITION

As stated above, a mutual mistake was made with respect to the scheduling of the deposition of Helen Brogna in Boston. HipSaver immediately accepted partial responsibility for the mistake, paid the extra cost for lost waiting time by a stenographer and videographer, and proposed that the parties share the costs associated with a rescheduled deposition for Ms. Brogna. This proposal was acknowledged by Defendant's lead counsel, Mr. Sheldon in paragraph 2 of his December 5, 2005 letter to HipSaver's counsel. *See* **Exhibit 1** to this Opposition. In that letter, Mr. Sheldon concludes, *"We will take up your proposal with our client."* In subsequent correspondence, dated December 8, 2005, Mr. Morseburg, another attorney for the Defendant, stated unequivocally, *"This is just to let you know that we are accepting your offer."* *See* Morseburg electronic mail message at **Exhibit 2** to this Opposition.

Defendant now argues that its December 8th acceptance was *not* an acceptance at all but simply a statement that the Defendant was *"willing to accept"* HipSaver's cost sharing proposal. *See* paragraph 2 in the December 27th letter from the Defendant's counsel at **Exhibit 5**. Alas, as the Defendant would have it, HipSaver failed to acknowledge the Defendant's willingness fast enough.[1] Therefore, according to the Defendant, it was free to reject what it had just accepted, to misrepresent that unequivocal acceptance to the court, and to turn on the Plaintiff with this Motion to Compel, complete

---

[1] HipSaver is unaware of any rule or practice requiring a party to acknowledge the other party's acceptance. Even if that is the case, however, there is no rule or protocol permitting a party's withdrawal of its acceptance in just four days, particularly when two of those days are weekend days.

4

with requests for costs and sanctions. All of this can be best described as making up the rules as you go.

B.  DEFENDANT MISREPRESENTS COMPLIANCE WITH THE MEET AND CONFER REQUIREMENTS OF LOCAL RULES 7.1 AND 37.1.

The alleged 'good faith' of Defendant's meet and confer bears a striking resemblance to its alleged good faith response to HipSaver's cost sharing offer. As with its earlier misstatement, Defendant now makes the groundless argument that HipSaver refused to respond to a "meet and confer request" which is alleged to be set out somewhere in Mr. Morseburg's December 12th rejection message. The electronic mail message cited by the Defendant as the alleged request for a conference contains no such request to confer and does not comply with "the responsibility of counsel for the moving party to arrange for the conference". LR 37.1(A). Again, *See* Exhibit E to Mr. Morseburg's Declaration which is also **Exhibit 3** to this Opposition. The cited message can best be described as a laundry list of items related to the lawsuit, but no where is there a Request to Confer. Simply put, the Defendant would mislead the court about compliance with LR 7.1 and LR 37.1. The fact is that the Defendant has not complied with these rules in any fashion.

## CONCLUSION

In sum, HipSaver has not refused to produce Ms. Brogna for deposition. Rather, the Defendant has refused to honor an agreement it reached with respect to the costs of this re-scheduled deposition, it has filed a groundless and dilatory Motion, it has misled

5

the court about its unilateral rejection, and it has misrepresented its compliance with the meet and confer rules.

**THEREFORE**, HipSaver urges the court to reject this Motion to Compel. And, in accordance with Fed.R.Civ.P. 37 (4)(B), HipSaver requests costs and expenses of this Motion as a matter of right.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg,
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney M. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
edailey@bromsun.com
Dated: January 3, 2006
02820/00502 455106.1

### CERTIFICATE OF SERVICE

I certify that his document, including all exhibits, has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Edward J. Dailey

January 3, 2006

EXHIBIT 1

Case 1:05-cv-10917-PBS    Document 82-2    Filed 01/03/2006    Page 1 of 7

**SHELDON & MAK**
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101-3021
FACSIMILE: (626) 795-6321
HOME PAGE: www.uslp.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
JULIO M. LOZA
A. ERIC BJORGUM
NORMAN VAN TREECK

OTHER CALIFORNIA OFFICES:
RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

December 5, 2005

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618

Re: <u>The HipSaver Company v. J.T. Posey Company</u>
Sheldon & Mak Matter No. 16112.24

Dear Mr. Dailey:

This is to confirm my understanding of the two items that we discussed on November 30, 2005. If I got anything inaccurate, please let me know.

1. You asserted that confidentiality claims as to documents produced by Posey were inappropriate. I requested that you identify those documents, and Posey would reconsider the level of confidentiality applied. I look forward to hearing from you on this.

2. With regard to failure of Mrs. Brogna to attend her deposition, you offered to pick one-half the costs of taking her deposition at another time. I understand that to include travel expenses and associated travel time for the attorney taking the deposition.

I wish to repeat my suggestion that it would be more economical for the parties if Ms. Brogna would fly to the West Coast to have her deposition taken at the same time you are on the West Coast deposing witnesses. Considering the cost of air fare, hotel room, and approximately 16 hours of travel time at current billing rates, it would be more economical for both parties.

J:\POSEY\16112.24 HipSaver MA\Correspondence\023 Letter to Dailey .wpd

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
December 5, 2005
Page 2

We will take up your proposal with our client.

Sincerely yours,

SHELDON & MAK

By: *[signature: Jeffrey Sheldon]*
Jeffrey G. Sheldon

JGS/kpl
cc: client
 Douglas H. Morseburg, Esq.
 Don Piper

Exhibit 2

**Edward Dailey**
___

| | |
|---|---|
| **From:** | Doug Morseburg [doug@usip.com] |
| **Sent:** | Thursday, December 08, 2005 3:16 PM |
| **To:** | Edward Dailey |
| **Cc:** | Cassandra Scardino; Doug Morseburg; Don Piper |
| **Subject:** | Brogna Deposition |

Dear Ed:

Afftter Ms. Brogna failed to appear for her deposition last week, you told Jeff that you would (or HipSaver) would pay one-half the expenses, including travel time, of taking the deposition at a later date. This is just to let you know that we are accepting your offer. We want to take the deposition on December 20, 2005. December 21 may also work. Please advise.

Sincrely,

Doug


Doug Morseburg
Sheldon & Mak
225 S. Lake Avenue., 9th Floor
Pasadena, California 91101
Tel. 626.796.4000
Fax 626.795.6321
Direct 626.356.1217

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via email at @usip.com or by telephone at (626) 796-4000. Thank you.

EXHIBIT 3

### Doug Morseburg

| | |
|---|---|
| **From:** | Doug Morseburg |
| **Sent:** | Monday, December 12, 2005 1:11 PM |
| **To:** | 'Edward Dailey' |
| **Cc:** | Cassandra Scardino; Doug Morseburg; Don Piper |
| **Subject:** | RE: HipSaver v JT Posey - Brogna Depo and Other Matters |

Dear Ed:

Please let me know when you are available to discuss the following issues:

1. Jeff advises me that after Ms. Brogna failed to appear for her deposition last week, he asked that you make her available that evening following Mr. Goodwin's deposition. You did not do so. Since Mr. Goodwin's deposition concluded early, she could have been deposed when Jeff was there. Thus, there is no reason for our client to have have to pay anything to take her deposition. As a consequence, your offer to pay for half the costs of deposing Ms. Brogna is unacceptable. You and/or your client must pay the full cost associated with taking her deposition or bring her here to L.A. If we cannort come to an agreement on this issue, we will make a motion for an order requiring HipSaver to pay the full cost associated with her deposition and for an extension of the discovery cut-off date to permit the taking of the deposition.

2. In order to exclude Mr. Posey from the room during the deposition of Mr. Goodwin, you designated the entirety of his testimony as "Attorneys' Eyes Only". Not only was this improper under the terms of the Court's protective order in this case, it deprived Jeff of the opportunity to consult with Mr. Posey about Mr. Goodwin's answers to questions relating to non-confidential matters and then to ask meaningful follow-up questions. Therefore, we want you to agree to re-classify the Goodwin depo transcript and to agree that Posey may ask meaningful follow-up questions. If we cannot come to an agremeent on this issue, we will ask the Court for an order re-classifying the deposition transcript and permitting Posey to resume the deposition at HipSaver's expense for the purpose of asking follow-up questions and for an extension of the discovery cut-off for that purpose.

3. Although the Court denied your motion to dismiss, you have never withdrawn the objections you asserted to various of Posey first requests for production on the grounds that the requests related to issues that were barred by the settlement agreemeent and/or the release in Posey I. Neither have you supplemented your responses. Also, although HipSaver produced a list (prepared in connection with the litigation) of people who have allegedly complained about Posey's products, it has not produced the underlying documents (which are stored in a FileSaver program) from which that list was comiled. Not has it produced the financial documents underlying its tax returns. We need to resolve these issues. If we cannot do so, we will move to compel.

4. Finally, further to several past emails on this subject, please also confirm that you will be limiting your questions at Posey's 30(b)(6) deposition about the location of documents to those dealing with hip protector products. I know you think this is a non-issue, but if we cannot finally resolve this one, we will have to move for a protective order.

Sincerely,

Doug Morseburg

12/22/2005

EXHIBIT 4

125 SUMMER STREET BOSTON MA 02110-1618
T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

**BROMBERG ★ SUNSTEIN** LLP

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

December 27, 2005

**By pdf only**

Jeffrey G. Sheldon, Esq.
Douglas H. Morseburg, Esq.
SHELDON & MAK
225 South Lakes Avenue
Pasadena, California 91101

Anthony J. Fitzpatrick, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, Massachusetts 02210

Re   HipSaver v JT Posey Company
     Our File    02820 / 00502

Dear Jeff, Doug, and Tony:

Please see the enclosed electronic mail message from Mr. Morseburg to me, dated December 8th. Perhaps this message was simply overlooked when you prepared your Christmas Eve Motion to Compel and when two of you made Declarations under oath.

I believe that a fair reading of the enclosed message is that Mr. Sheldon and Mr. Morseburg agreed to my proposal for resolving the costs of rescheduling the deposition. Claims to the contrary in the Motion to Compel and Declarations are contradicted by this message. It seems also that your acceptance of my proposal foreclosed any question of a Motion to Compel.

ATTORNEYS AT LAW

Page 2

I believe our clients will be best served by your immediate withdrawal of the Motion to Compel. We, of course, remain fully willing to an agreeable date for Ms. Brogna's deposition in Boston under the terms of the electronic mail message.

Inasmuch as I will be away from the office for the balance of this week, please inform me of your intentions by 5:00pm (Eastern time) today.

Best regards,

Edward J. Dailey

EJD/R820/00502-455657.1

## Edward Dailey

| | |
|---|---|
| From: | Doug Morseburg [doug@usip.com] |
| Sent: | Thursday, December 08, 2005 3:16 PM |
| To: | Edward Dailey |
| Cc: | Cassandra Scardino; Doug Morseburg; Don Piper |
| Subject: | Brogna Deposition |



Dear Ed:

Afffter Ms. Brogna failed to appear for her deposition last week, you told Jeff that you would (or HipSaver) would pay one-half the expenses, including travel time, of taking the deposition at a later date. This is just to let you know that we are accepting your offer. We want to take the deposition on December 20, 2005. December 21 may also work. Please advise.

Sincrely,

Doug


Doug Morseburg
Sheldon & Mak
225 S. Lake Avenue., 9th Floor
Pasadena, California 91101
Tel. 626.796.4000
Fax 626.795.6321
Direct 626.356.1217

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via email at @usip.com or by telephone at (626) 796-4000. Thank you.

EXHIBIT 5

# SHELDON & MAK
### A PROFESSIONAL CORPORATION
### ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101-3021
FACSIMILE: (626) 795-6321
HOME PAGE: www.usip.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIBNER, PH.D
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
A. ERIC BJORGUM
NORMAN VAN TREECK

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

WRITER'S DIRECT NUMBER
626.356.1217

WRITER'S EMAIL
DOUG@USIP.COM

December 27, 2005

**VIA FACSIMILE & U.S. MAIL**

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618

Re:   The HipSaver Company v. J.T. Posey Company
      Sheldon & Mak Matter No. 16112.24

Dear Ed:

Reference is made to your letter of this date regarding our motion to compel the deposition of Helen Brogna.

With respect to your letter and the motion, please note the following:

1. After Jeff returned to Los Angeles from Boston, he wrote you and expressed his understanding that your offer to pay half the expenses of taking her deposition at another time included travel expenses and travel time for the attorney taking the deposition. Perhaps you overlooked that letter because you never responded to it or otherwise confirmed Jeff's understanding of what expenses you were proposing to pay. Your letter of today still does not address the issue of the fees/expenses that were included in your proposal. Thus, it is still not clear exactly what you were/are offering.

2. My December 8 email to you stating that we were willing to accept your proposal regarding Ms. Brogna's deposition was contingent upon the deposition going forward on December 20 or December 21. Perhaps you overlooked that email because you never responded to it. Moreover, December 20 and December 21 have come and gone.

3. Since you did not respond to my December 8 email, I sent you another email on December 12. In it, I asked that you meet and confer with me regarding the issue of Ms. Brogna's deposition and I told you we would file a motion if we could not come to some type of

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
December 27, 2005
Page 2

an agreement regarding it. Perhaps you overlooked my December 12 email because you never responded to it.

    4. The fact of the matter is that you "overlooked" every single communication Jeff and I sent you regarding the Brogna deposition. As a consequence, although you were given fair warning, you left us no alternative but to file the motion to compel.

    Based upon all of the foregoing, we are not inclined to withdraw the motion. That being said, we are not intent upon engaging in needless motion practice, so if you have a concrete proposal to make regarding the Brogna deposition and the payment of (i) the expenses Posey incurred when Ms. Brogna failed to appear, (ii) the expenses Posey incurred in having to make the motion to compel, and (iii) the expenses of taking the Brogna deposition on another date, we invite you to do so.

    In the event you are not inclined to make a concrete proposal regarding Ms. Brogna's deposition, I trust you will include this letter with the materials you submit in opposition to the motion.

Very truly yours,

*Doug Morseburg*
Douglas H. Morseburg

DHM:cs

cc:    Jeff Sheldon
       Tony Fitzpatrick

J:\POSEY\16112.24 HipSaver MA\Correspondence\034 Letter to Dailey 12-27-05.wpd