**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HIPSAVER COMPANY, INC.,        ) | Case No. CV-05-10917 PBS |
|                   ) | |
|       Plaintiff,         ) | |
|                   ) | |
|   v.                 ) | |
|                   ) | |
| J.T. POSEY COMPANY,      ) | |
|                   ) | |
|       Defendant.       ) | |
|                   ) | |
| AND RELATED COUNTERCLAIM.   ) | |
|                   ) | |

**RESPONSE OF J.T. POSEY COMPANY, INC. TO**
**STATEMENT OF THE HIPSAVER COMPANY INC.**
**RE MAGISTRATE JUDGE'S RESERVATION ON**
**HIPSAVER'S MOTION TO COMPEL DISCOVERY**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responds as follows

to the statement (the "Statement") of Plaintiff and Counterclaim Defendant The HipSaver

Company Inc. ("HipSaver") in response to the Magistrate Judge's reservation on HipSaver's

motion to compel discovery:

1.      **Request No. 2.a.**

This request sought all hip protection materials, garments, products, and samples

provided to Garwood Laboratories for testing.  In its supplemental response to this request, Posey

stated that "[t]hose materials that Posey provided to Garwood in connection with Garwood's

testing of hip protection materials and that are still in Posey's possession are available for

inspection at the offices of Posey's counsel." On December 7, 2005, following the deposition of one of the third party witnesses in this case, HipSaver's counsel inspected and photographed those materials that Posey had provided to Garwood for testing and that were still in Posey's possession.

HipSaver questions the accuracy of Posey's representation on the grounds that, at the Rule 30(b)(6) deposition of Posey, Posey's witness "responded with uncertainty and without knowledge" when asked whether Posey had retained the materials Garwood tested between 2001 and 2004.

The deposition transcripts of Posey's Rule 30(b)(6) witnesses are not yet available. Thus, the parties are unable to provide the court with a copy of exactly what Posey's Rule 30(b)(6) witnesses testified to. Notwithstanding that, following the filing of HipSaver's Statement, counsel for Posey again confirmed with Posey that all hip protection materials that Posey provided to Garwod and that are still in Posey's possession, custody or control have been produced.

2.      **Request No. 2.b.**

This request sought "all data, documentation, and information, including drafts and revisions, provided to Garwood and related in any manner to any study or testing conducted for or at the direction of Posey." In its supplemental response, to this request, Posey stated that, to the best of its knowledge, "all such materials that are in its possession, custody or control have been produced." HipSaver questions the accuracy of the response based upon the purported testimony of Posey's Rule 30(b)(6) witness.

Following the filing of HipSaver's Statement, counsel for Posey confirmed (yet again) with Posey that it conducted a diligent search for any data and documentation that it provided to Garwood in connection with the testing Garwood did for Posey. The answer is the same as it was when Posey served its supplemental response to this request and it bears repeating: to the best of its knowledge, all data and documentation that Posey provided to Garwood and that are still in Posey's possession, custody or control have been produced.

3.      **Request No. 2.f.**

This request sought "all data, documentation, and information which refer or are related in any manner to the use and dissemination of advertisements or public or customer or marketing statements and materials [regarding advertisements that refer to testing Garwood did for Posey], including but not limited to the types of media used, identification of specific publications and media, and identification of customers, institutions, and others to whom the advertisements and public statements were directed, sent, or provided." In its supplemental response to this request, Posey stated that, to the best of its knowledge, "all such materials that are in its possession, custody or control have been produced." HipSaver questions the response. Once again, however, Posey stands by it. To address each of the points raised by HipSaver regarding this request:

a)      HipSaver notes that Posey has produced a limited number of documents that relate to advertisements regarding the Garwood testing. The reason for this, of course, is that Posey made limited use in its advertising of the results of the Garwood testing.

b)      HipSaver complains that Posey has not produced a copy of its 2005 catalog which, it says, "is clearly a part of the request for production". The response to this is that Posey's 2005

catalog did <u>not</u> make reference to any Garwood testing. Thus, its production was <u>not</u> called for by Request No. 2.f. Even it had been, however, the catalog was produced on December 29, 2005.

c)    HipSaver complains that Posey has not produced any marketing plans, materials or documents that refer to the Garwood testing. The fact of the matter is that Posey has produced materials from Posey's former director of marketing regarding the Garwood testing. Posey readily admits that the number of responsive documents it has produced is small. However, this is due to the fact that it made such limited marketing use of the results of any Garwood testing.

d)    Finally, HipSaver complains that Posey has produced only one email to a customer that refers to the Garwood test results and no emails to other customers. Once again: Posey has produced what it has; it cannot produce what it does not have.

4.    **Conclusion.**

For the foregoing reasons, HipSaver's motion should be denied in all respects..

Dated: January 4, 2006

Respectfully submitted,

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
        Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

4

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: January 4, 2006                    /s/ Donald K. Piper
                                          Donald K. Piper