# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>          Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>          Defendant <br><br> J.T. Posey Company, Inc., <br>          Counterclaim Plaintiff <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>          Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL FURTHER DEPOSITION OF EDWARD L. GOODWIN

Plaintiff, The HipSaver Company, Inc. ("HipSaver"), opposes the Defendant's Motion to Compel further deposition of Edward L. Goodwin for the reasons set out here:

1.   This Latest Motion to Compel is yet another questionable attempt by the Defendant to "sandbag" Plaintiff's counsel and increase pressure on a financially strained Plaintiff.  As with the Defendant's "Christmas Eve" Motion to compel, this "New Years

1

Eve" Motion has been filed without even attempting to comply with the meet and confer requirements of LR 7.1, LR 37.1, and section 6 of the Protective Order; and the Motion has no substantive merit. Far from entertaining sanctions against HipSaver's counsel, the court should again consider the extent to which it is being manipulated and burdened by an utterly groundless Motion to Compel.

### Statement of Facts

1.   Early on in this lawsuit, the Defendant sought and obtained an omnibus "Attorney Eyes Only" Protective Order. *See* Docket No. 48. Under the order obtained by the Defendant, counsel for either party may preliminarily designate <u>any</u> discovery matter, including deposition testimony [section 2.2 and section 3 of the Protective Order], as "Attorney Eyes Only" [section 5.2(b)]. The Defendant has made liberal use of this designation and has marked more than 1000 pages of documents, including public records, as "Attorney Eyes Only". Additionally, the Defendant has preliminarily designated the deposition of Tim Sturkie, a third party witness, together with the depositions taken of the Defendant's three Rule 30(b)(6) witnesses as "Attorney Eyes Only". In this Motion, the Defendant objects to the Plaintiff's similar designation of Mr. Goodwin's deposition as "Attorney Eyes Only".

2.   Edward L. Goodwin is the president of HipSaver, the Plaintiff in this lawsuit. He has been deposed twice in this lawsuit, first as a Rule 30(b)(6) witness and again on November 30, 2005 as a named witness. The two depositions exceed ten hours.

3.   The Defendant now claims it somehow required the assistance of its president, Ernest M. Posey, to properly conduct Mr. Goodwin's November 30th deposition which is the subject of this Motion to Compel.

2

4. Prior to the November 30th deposition, the Defendant did not notify HipSaver of its alleged need for Mr. Posey's presence at and assistance with the deposition. Nor did the Defendant inform HipSaver of the subjects to be addressed at the deposition.

5. When Mr. Goodwin appeared for his deposition on November 30th, he and counsel were surprised at Mr. Posey's presence. Not having had a prior opportunity to review and determine what matters in the deposition may have been highly confidential but reasonably assuming Mr. Posey's presence suggested that the deposition would deal with highly confidential matters, HipSaver's counsel preliminarily invoked "Attorney Eyes Only" [section 5.2(b) of the Protective Order] and asked Mr. Posey to leave the deposition.

7. The Defendant failed to invoke the challenge provisions in section 6 of the Protective Order when HipSaver made its preliminary designation of the deposition as "Attorney Eyes Only".

8. The November 30th deposition was then conducted under the preliminary "Attorney Eyes Only" designation. Inasmuch as the stenographic and video transcripts were not completed until late December, HipSaver has not yet had an opportunity to review the transcript and determine what parts of the transcript should be released from the "Attorney Eyes Only" designation. The 20 day review period provided in the Protective Order has not expired.

9. This Motion to Compel was filed with the court on December 30, 2005. Prior to filing the Motion, the Defendant did comply with the meet and confer requirements of LR 7.1 and LR 37.1.

**ARGUMENT**

A. **WHERE HIPSAVER WAS NOT GIVEN PRIOR NOTICE AND OPPORTUNITY TO REVIEW THE SUBJECT MATTER OF THE DEPOSITION, IT HAD THE RIGHT UNDER THE PROTECTIVE ORDER TO MAKE A PRELIMINARY DESIGNATION OF "ATTORNEY EYES ONLY"**

As noted above, HipSaver was not forewarned of Mr. Posey's presence at the November 30th deposition, nor was HipSaver given notice of the matters to be reviewed in the deposition. Given his role as president of the Defendant, Posey Company, his presence suggested, however, that the Defendant intended to inquire into matters of a highly confidential nature. So, to forestall disclosure of any such information, HipSaver preliminarily invoked the "Attorney Eyes Only" designation permitted by section 5.2(b) of the Protective Order and asked Mr. Posey to leave the deposition.

Defendant then made a superficial attempt to describe the general subject matter of the deposition but in such a cursory manner that it was impossible to make a reasonably informed judgment about what testimony might be highly confidential. It should be noted, however, that the deposition included matters that *the Defendant itself had already declared to be "Attorney Eyes Only" in its document production (and then later in depositions)*. As recited by Defendant's counsel, these matters included finances, launderability of the products at issue, product construction, damages, third party

4

purchasers, third party advertising communications, defective products, product specifications, and product test standards.

The Protective Order governing this lawsuit was entered on the Defendant's Motion. Indeed, the Defendant expressly sought authorization to apply "Attorney Eyes Only" protection to any or all document discovery and deposition, pre-trial, and trial testimony. *See* Defendant's Proposed Protective Order, document No. 36 in the Docket. To say the least, it is ironic that the Defendant now objects to the "Attorney Eyes Only" protections it sought and has long since invoked *for itself* for more than a thousand pages of discovery documents and the deposition testimony of four witnesses. How can the Defendant now object to the same action by HipSaver?

HipSaver's action here was permitted by and properly invoked under the Protective Order. Section 2.2 of the Protective Order expressly includes discovery "testimony" within the scope of the Protective Order. Section 2.4 provides that a party may designate "extremely sensitive 'Confidential' information" from disclosure to another party. HipSaver's designation at the Goodwin deposition was an attempt to protect such information from disclosure to Mr. Posey who is the principal, president, and controlling (if not sole) shareholder of the Defendant. Needless to say, had highly sensitive information been disclosed during Mr. Goodwin's testimony, there would have been no way to designate it and safeguard it as "Attorney Eyes Only" *after* the fact. And, of course, the Protective Order anticipates such circumstances by permitting preliminary "Attorney Eyes Only" designation before the – just as occurred here.

Section 5.2 (b) of the Protective Order states, in relevant part:

for testimony given in deposition … the Designating Party [shall] identify on the record, before the close of the deposition … all protected testimony ….  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party **… may invoke on the record … a right to have up to 20 days to identify specific portions of the testimony as to which protection is sought and to specify the level of protection asserted** ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"). [emphasis added]

In this case, HipSaver had no prior notice and opportunity to review the subject matter of Mr. Goodwin's deposition.  At the time of the deposition, it was confronted with a list of subjects which were likely to be highly confidential.  Confidentiality would be lost with Mr. Posey in attendance.  In this circumstance, the Plaintiff had a complete right under the Protective Order to invoke the 20 day rule.  And it could not properly invoke that rule without excluding Mr. Posey from the deposition.  As such, HipSaver acted fully and completely in accordance with the very Order first sought by and used repeatedly by the Defendant itself.  There is no basis whatsoever for denying this safeguard to the Plaintiff while giving free reign to the Defendant.

Furthermore, it must be noted also that if the Defendant believed it could not go forward with the deposition without Mr. Posey's assistance, and that the deposition would not deal with "Attorney Eyes Only" matters, the Defendant could have invoked the challenge provisions in the Protective Order.[1]  It did not; consequently, its challenge to HipSaver's invocation of the 20 day rule should be considered to have been waived.

---

[1] The deposition was taken in sight of the Moakley court building, and there was ready access to the Magistrate Judge.

**B.    THE DEFENDANT HAS NO BASIS FOR A FURTHER DEPOSITION OF MR. GOODWIN**

Apart from the Defendant's obvious strategy here to ensnare and penalize HipSaver's counsel and to force a small party Plaintiff to incur needless costs, the Defendant attempts to justify its Motion to Compel with the completely unsubstantiated claim that Mr. Posey's presence was required at the deposition to assist counsel. This claim strains credulity and underscores the groundless nature of the Motion. There is nothing in the Motion to suggest that there was such a need for Mr. Posey, or that such a need would trump the Plaintiff's right to invoke preliminary protection under the 20 day rule. And if there had been such a need, it was incumbent on the Defendant to seek relief under the challenge provisions in section 6 of the Protective Order. The Defendant chose not to do so. Instead, it waited a month to file this unfounded Motion.

Now, the Defendant claims it needed Mr. Posey's assistance[2] during the deposition to inquire of matters related to "the launderability of hip protector products, the construction of Posey's products, standards governing hip protectors, and the construction of third parties' products". *See* Defendant's Memorandum at 3. Yet, the Defendant itself had previously designated these very subjects - hip protector launderability, construction, and standards - as "Attorney Eyes Only". It is nonsense to argue that the Plaintiff did not and does not have the same right to designate these subjects as "Attorney Eyes Only" and to shield Mr. Goodwin's testimony from the

---

[2] Of course, the Defendant has not demonstrated that Mr. Posey has any special knowledge or skill which would have been necessary for proper conduct of the deposition into these matters. It is noteworthy that while Mr. Posey is alleged now to have knowledge and skill in a number of subjects which are at issue in this lawsuit, he was not produced as the Defendant's Rule 30(b)(6) witness on the same subjects. The alleged need for Mr. Posey's assistance is a whole cloth argument.

7

Defendant's principal. In short, there is no rationale for permitting Mr. Posey to attend the deposition, to obtain confidential information which his attorneys have shielded from Mr. Goodwin, and then to trump the 20 day preliminary designation rule in the Protective Order.

In sum, this Motion to Compel is a "gotcha" exercise which has no substantive purpose. The Defendant has already deposed Mr. Goodwin for more than ten hours, has no need for additional depositions, has not provided a single substantive reason for additional depositions, has no grounds for denying HipSaver the same 20 day rule rights claimed by the Defendant, and failed to make a timely challenge to the "Attorney Eyes Only" designation under section 6 of the Protective Order.

**C.    DEFENDANT HAS NOT COMPLIED WITH THE MEET AND CONFER REQUIREMENTS OF LOCAL RULES 7.1 AND 37.1 AND SECTION 6 IN THE PROTECTIVE ORDER**

In this Motion to Compel, Defendant makes the same groundless argument that HipSaver has refused to respond to a "meet and confer request" which is alleged to be set out somewhere in Mr. Morseburg's December 12th rejection message, the same message alleged to contain a "meet and confer request" for the Motion to Compel Ms. Brogna's Deposition. *See* **Exhibit** 1 to this Opposition. The electronic mail message cited by the Defendant as the alleged request for a conference contains *no such request to confer* and *does not comply* with "the responsibility of counsel for the moving party to arrange for the conference". LR 37.1(A). Moreover, the message *certainly does not comply* with the explicit "voice to voice" dialog provisions of section 6 in the Protective Order. The cited message can best be described as a laundry list of items related to the lawsuit, but no

where is there a Request to Confer.  Simply put, the Defendant would mislead the court about compliance with LR 7.1, LR 37.1 and the Protective Order.  The fact is that the Defendant has not complied with these rules in any fashion.

**THEREFORE**, HipSaver urges the court to reject this Motion to Compel.  And, in accordance with Fed.R.Civ.P. 37 (4)(B), HipSaver requests costs and expenses of this Motion as a matter of right.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Edward J. Dailey
Lee Carl Bromberg,
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
edailey@bromsun.com

Dated:  January 5, 2006

02820/00502  456815.1

**CERTIFICATE OF SERVICE**

I certify that his document, including all exhibits, has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Edward J. Dailey

January 5, 2006

| | |
|---|---|
| **From:** | Doug Morseburg |
| **Sent:** | Monday, December 12, 2005 1:11 PM |
| **To:** | 'Edward Dailey' |
| **Cc:** | Cassandra Scardino; Doug Morseburg; Don Piper |
| **Subject:** | RE: HipSaver v JT Posey - Brogna Depo and Other Matters |

EXHIBIT 1

Dear Ed:

Please let me know when you are available to discuss the following issues:

1. Jeff advises me that after Ms. Brogna failed to appear for her deposition last week, he asked that you make her available that evening following Mr. Goodwin's deposition. You did not do so. Since Mr. Goodwin's deposition concluded early, she could have been deposed when Jeff was there. Thus, there is no reason for our client to have have to pay anything to take her deposition. As a consequence, your offer to pay for half the costs of deposing Ms. Brogna is unacceptable. You and/or your client must pay the full cost associated with taking her deposition or bring her here to L.A. If we cannort come to an agreement on this issue, we will make a motion for an order requiring HipSaver to pay the full cost associated with her deposition and for an extension of the discovery cut-off date to permit the taking of the deposition.

2. In order to exclude Mr. Posey from the room during the deposition of Mr. Goodwin, you designated the entirety of his testimony as "Attorneys' Eyes Only". Not only was this improper under the terms of the Court's protective order in this case, it deprived Jeff of the opportunity to consult with Mr. Posey about Mr. Goodwin's answers to questions relating to non-confidential matters and then to ask meaningful follow-up questions. Therefore, we want you to agree to re-classify the Goodwin depo transcript and to agree that Posey may ask meaningful follow-up questions. If we cannot come to an agremeent on this issue, we will ask the Court for an order re-classifying the deposition transcript and permitting Posey to resume the deposition at HipSaver's expense for the purpose of asking follow-up questions and for an extension of the discovery cut-off for that purpose.

3. Although the Court denied your motion to dismiss, you have never withdrawn the objections you asserted to various of Posey first requests for production on the grounds that the requests related to issues that were barred by the settlement agremeent and/or the release in Posey I. Neither have you supplemented your responses. Also, although HipSaver produced a list (prepared in connection with the litigation) of people who have allegedly complained about Posey's products, it has not produced the underlying documents (which are stored in a FileSaver program) from which that list was comiled. Not has it produced the financial documents underlying its tax returns. We need to resolve these issues. If we cannot do so, we will move to compel.

4. Finally, further to several past emails on this subject, please also confirm that you will be limiting your questions at Posey's 30(b)(6) deposition about the location of documents to those dealing with hip protector products. I know you think this is a non-issue, but if we cannot finally resolve this one, we will have to move for a protective order.

Sincerely,

Doug Morseburg