UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>J.T. POSEY COMPANY,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Civil Action No. 05-10917 PBS |

## ANSWER TO AMENDED COMPLAINT

## AND REQUEST FOR JURY TRIAL

J.T. Posey Company, Inc. ("Posey"), though its attorneys, answers the Amended Complaint of The HipSaver Company, Inc. ("HipSaver") as follows:

1. To the extent Posey is required to respond to the introductory comments that precede the allegations of HipSaver's amended complaint, Posey admits that, in this action, HipSaver is seeking injunctive relief, damages, costs and attorneys' fees, that the amended complaint purports to state claims for breach of a settlement agreement, false advertising and unfair business practices and that there was a prior lawsuit between the parties. Except as so admitted, Posey denies the remaining introductory comments.

2. In response to paragraph 1, Posey admits that HipSaver is located in Massachusetts. Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 1.

3. In response to paragraph 2, Posey admits that HipSaver is engaged in the sale of hip protectors that incorporate foam pads. Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 2.

4. Posey denies the allegations of paragraph 3.

5. In response to paragraph 4, Posey admits that HipSaver uses the term "HIPSAVER" in connection with the marketing of its products. Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 4.

6. In response to paragraph 5, Posey admits that it has been in business since approximately 1937, that it sells patient safety and support products, that its principal place of business is in Arcadia, California, and that it markets hip protectors under the trademark "HIPSTER". Posey is without information sufficient to enable it to admit or deny the remaining allegations of paragraph 5.

7. Posey admits the allegations of paragraph 6.

8. Paragraph 7 states a legal conclusion to which no response is required. To the extent this paragraph states factual allegations, Posey denies them.

9. In response to paragraph 8, Posey admits that this Court has jurisdiction over HipSaver's claims, but denies that jurisdiction over HipSaver's state law claim may properly be based upon diversity of citizenship.

10. Paragraph 9 states a legal conclusion to which no response is required.

11. In response to paragraph 10, Posey admits that it sells a hip protector under the trademark "HIPSTER". Posey denies the remaining allegations of paragraph 10.

12. Posey denies the allegations of paragraphs 11 and 12.

13. In response to paragraph 13, Posey admits that there was a lawsuit between Posey and HipSaver ("Posey I") and that Posey modified certain of its advertising in 2004. Posey denies the remaining allegations of paragraph 13.

14. Posey denies the allegations of paragraph 14.

15. In response to paragraph 15, Posey admits that in 2005, HipSaver demanded that Posey withdraw certain of its advertising. Posey denies the remaining allegations of paragraph 15.

16. Posey denies the allegations of paragraphs 16, 17 and 18.

17. In response to paragraph 19, Posey restates and incorporates its responses to paragraphs 1 through 18 of the amended complaint, as set forth above.

18. In response to paragraph 20, Posey admits that Posey and HipSaver signed a settlement agreement in 2004. Posey denies the remaining allegations of paragraph 20.

19. Posey denies the allegations of paragraph 21.

20. In response to paragraph 22, Posey restates and incorporates its responses to paragraphs 1 through 21 of the amended complaint, as set forth above.

21. Posey denies the allegations of paragraphs, 23, 24 and 25.

22. In response to paragraph 26, Posey restates and incorporates its responses to paragraphs 1 through 25 of the amended complaint, as set forth above.

23. Posey denies the allegations of paragraphs 27, 28 and 29.

24. In response to paragraph 30, Posey restates and incorporates its responses to paragraphs 1 through 29 of the amended complaint, as set forth above.

25. Posey denies the allegations of paragraphs 31, 32, 33 and 34.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

26. The amended complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

27. The second, third and fourth counts in the amended complaint are barred by the terms of the release agreement between Posey, on the one hand, and HipSaver, on the other, which the parties signed in or about September, 2004.

3

### THIRD AFFIRMATIVE DEFENSE

28. The second, third and fourth counts in the amended complaint are barred by the doctrine of claim preclusion (res judicata) as a consequence of the dismissal with prejudice of a prior lawsuit between Posey, on the one hand, and HipSaver, on the other.

### FOURTH AFFIRMATIVE DEFENSE

29. The second, third and fourth counts in the amended complaint and any award of damages or injunctive relief are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

30. The second, third and fourth counts in the amended complaint are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

31. In the event the advertising statements of which HipSaver complains fall within the "notice" provision of the settlement agreement between Posey and HipSaver, which Posey denies, HipSaver's first count fails because Posey's performance under the agreement was excused by HipSaver's prior breach of the agreement.

### SEVENTH AFFIRMATIVE DEFENSE

32. In the event the advertising statements of which HipSaver complains fall within the "notice" provision of the settlement agreement between Posey and HipSaver, which Posey denies, HipSaver's first count fails because HipSaver has suffered no damages.

### EIGHTH AFFIRMATIVE DEFENSE

33. The fourth claim in the amended complaint is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

34. In the event the communication of which HipSaver complains in paragraphs 16, 31 and 32 of the amended complaint contains false or disparaging statements or comparisons, which Posey denies, HipSaver is barred from any recovery on its fourth claim because it has suffered no damages.

## TENTH AFFIRMATIVE DEFENSE

35. In the event the communication of which HipSaver complains in paragraphs 16, 31 and 32 of the amended complaint contains false or disparaging statements or comparisons, which Posey denies, HipSaver is barred from any recovery on its fourth claim because any award of damages would be speculative.

## ELEVENTH AFFIRMATIVE DEFENSE

36. HipSaver is barred from any recovery on any of the claims set forth in its complaint because, at all times, Posey has acted in good faith.

WHEREFORE, Posey prays for relief as follows:

1. That HipSaver take nothing by its complaint;

2. That the amended complaint be dismissed and judgment be entered in favor of Posey;

3. For judgment in favor of Posey on its counterclaim;

4. For permanent injunctive relief in favor of Posey requiring HipSaver to correct its false, misleading and deceptive advertising claims;

5. For a finding that HipSaver's conduct as alleged in Posey's counterclaim was willful;

6. For damages and multiple damages according to proof, including an award of three times the profits earned by HipSaver as a consequence of the acts which are the subject of Posey's counterclaim;

7. For exemplary damages;

8. For costs of suit;

9. For an exceptional case finding and for an award of reasonable attorneys' fees;

10. For such other and further relief as the court deems just and proper.

Dated: January 9, 2006

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## REQUEST FOR JURY TRIAL

Defendant and Counterclaimant J.T. Posey Company requests a trial by jury of all claims and counterclaims properly triable to a jury.

Dated: January 9, 2006

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic filing and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG & SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: January 9, 2006

/s/ Donald K. Piper
Donald K. Piper