# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>     Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| J.T. Posey Company, Inc., <br>     Counterclaim Plaintiff, <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>     Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ALLOW ADDITIONAL LIMITED DISCOVERY

Two unresolved issues were recently brought to HipSaver's attention. As a result, HipSaver requests that this Court allow HipSaver to conduct limited discovery into these two issues. Specifically, HipSaver wishes to request that a third party, already subpoenaed by Defendant, bring relevant documents to the scheduled deposition. Separately, HipSaver requests permission of this Court to serve document requests upon Posey and a third party regarding the posting of the UCLA advertisement on the third

1

party's web-site. This UCLA advertisement was challenged as false in the prior lawsuit, and the related Settlement Agreement forms the basis for the breach of contract claim in the current litigation. HipSaver believes that this limited discovery is necessary to compile a complete record of the facts in this case and to resolve unanswered questions. The proposed discovery is specifically tailored to minimize any intrusion upon the defendant and third parties.

### A. Posey Seeks Documents and Samples from Rogers Corporation.

HipSaver seeks permission of this Court to serve a Rule 45 subpoena for documents on Rogers Corporation to complement a Rogers deposition subpoena already served by Posey. Posey served this subpoena on third party Rogers Corporation on December 29th, 2005, and initially scheduled the deposition for December 30, 2005 to escape the discovery cut-off. The deposition is now tentatively scheduled for mid-February. The subpoena seeks to clarify the type of foam used in Posey hipsters and thus, requests testimony regarding the physical properties, chemical composition, coloring, and thickness of the Rogers Poron MSRS urethane foam and the Rogers Poron Slow Rebound urethane foam. *See* **Exhibit** A, Defendant J.T. Posey's subpoena of Rogers Corporation. HipSaver seeks permission of this Court to serve a subpoena on Rogers requesting production of corresponding documents and material samples that will assist in the identification of Poron and its dimensions, physical properties, and color, and documents relating to Poron sales, samples, and deliveries to Posey, or for Posey, made in 2003.

Due to the untimeliness of service of the Rogers' subpoena, HipSaver did not have an opportunity to serve the complementary document subpoena before the discovery

period ended. However, HipSaver has raised this issue with Posey multiple times and Posey refuses to honor such request.

HipSaver believes that such request is not only reasonable but *necessary* to develop a complete record on the noticed topics, which focus on the physical characteristics of these materials. Access to samples of the padding and supporting documentation will help to clarify issues discussed in the deposition by illustrating the thickness and color of this material, and confirming the padding model actually purchased by Posey.

This request is not intrusive. The designated 30(b)(6) witness from Rogers Corporation will likely review the documents and materials in preparation for the deposition. In addition, because this deposition is tentatively scheduled for mid-February, the issuance of a subpoena at this time would give ample notice to Rogers to prepare these same documents and materials for production.

>   **B.    HipSaver Seeks Proof of Distribution of the Special Announcement and Any Documents Relating to Communications Between Posey and Elder Depot.**

On January 9, 2006, HipSaver discovered that a third party distributor of Posey hipster products, Elder Depot, published the UCLA advertisement on its web-site. This UCLA advertisement was the subject of previous litigation between these two parties and resulted in a Settlement Agreement that serves as the basis for breach of contract claims in the current litigation. Among other provisions, the Settlement Agreement required Posey to remove the UCLA advertisement, post corrective advertising in the form of a "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" on the first screen of the home page of the Posey web-site, and keep this posted announcement on the

web-site until Posey published and distributed the next editions of its Posey's "full line" catalogs and its "falls management and bed safety products" catalogs. In the next distribution of these catalogues, Posey was required to include, in the same envelope, a copy of the same corrective advertising.

Upon discovery of these advertisements on the Elder Depot web-site, HipSaver contacted Posey counsel. Posey counsel arranged for the advertisement to be immediately removed. Thus, at this point, HipSaver simply seeks confirmation that Posey did not invite, permit, or fail to police the posting of this advertisement. Accordingly, HipSaver requests that this Court allow HipSaver to conduct limited discovery, in the form of requests for production of documents, designed to determine whether Elder Depot received the corrective flyer required by the Settlement Agreement, and to determine whether Elder Depot and J.T. Posey shared any further communications with regard to this advertisement. If this limited discovery yields evidence that the publication of these advertisements on the Elder Depot web-site was a simple mistake by the owner of Elder Depot, and did not result from any action or intervention by Posey, HipSaver will seek no further information.

HipSaver believes that such limited discovery is necessary to compile a full and accurate record of the facts and that the proposed discovery is adequately tailored to cause minimize any intrusion upon the Defendant and Elder Depot.

Therefore, for the reasons stated above, HipSaver respectfully requests that this Court allow the requested limited discovery.

Respectfully submitted,

THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg,
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney M. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
cquish@bromsun.com

Dated: January 23, 2006


## CERTIFICATE OF SERVICE

     I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Courtney M. Quish
January 23, 2006


02820/00502 461819.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.T. POSEY COMPANY, ) <br> ) <br> Defendant. ) <br> ) <br> AND RELATED COUNTERCLAIM. ) <br> ) | Case No. CV-05-10917 PBS |

### DEFENDANT J.T. POSEY COMPANY'S
### NOTICE OF DEPOSITION OF ROGERS CORPORATION
### PURSUANT TO FED. R. CIV. PROC. 30(b)(6) AND 45

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE THAT Defendant and Counterclaimant J. T. Posey Company Inc. ("Posey") will take the deposition of third party witness Rogers Corporation ("Rogers") pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure on December 30, 2005 at 2:00 p.m., at Rogers Corporation High Performance Foam Division, 245 Woodstock Road, Woodstock, Connecticut 06281-1815, telephone no. 860.928.3622. The examination shall encompass the following matters:

    A.    Whether the Rogers' product identified as Poron MSRS urethane foam has the same physical properties as the Rogers' product identified as Poron Slow Rebound urethane

031 Notice of Rogers Depo.wpd

foam.

  B. Whether the Rogers' product identified as Poron MSRS urethane foam has the same chemical composition as the Rogers' product identified as Poron Slow Rebound urethane foam.

  C. Whether the Rogers' product identified as Poron MSRS urethane foam is available in colors other than "Light Jade".

  D. Whether the Rogers' product identified as Poron MSRS urethane foam is available in thicknesses other than 3 millimeters and 6 millimeters.

  E. Whether changing the color of the Rogers' product identified as Poron MSRS changes the physical properties of the foam.

  F. Whether changing the color of the Rogers' product identified as Poron Slow Rebound urethane foam changes the physical properties of the foam.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 30(b)(6), Rogers Corporation is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf as to the matters set forth above.

The deposition will be taken before a certified court reporter or other person authorized to administer oaths in the State of Connecticut and shall continue day to day, Sundays and

//
//
//

holidays excepted, until completed. The deposition will be recorded stenographically and may be recorded by means of videotape. You are invited to attend and cross examine.

Dated: December 28, 2005

J.T. POSEY COMPANY
By its attorneys,

*/s/ Douglas H. Morseburg*

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg,
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

    I certify that a copy of this document has been forwarded by electronic mail and by USPS First Class mail today to Plaintiff's counsel of record, Courtney Quish, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: December 29, 2005

*/s/ Donald K. Piper*
Donald K. Piper

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE HIPSAVER COMPANY, INC.

                              **SUBPOENA IN A CIVIL CASE**

v.

J.T. POSEY COMPANY               Case Number:[1]  CV-05-10917 PBS
                                        [District of Massachusetts]

TO:  ROGERS CORPORATION HIGH PERFORMANCE FOAM DIVISION, 245 Woodstock Road, Woodstock, Connecticut 06281-1815; (860) 928-3622

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 245 Woodstock Road<br>Woodstock, CT 06281-1815 | December 30, 2005<br>2:00 p.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Defendant | December 29, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Anthony J. Fitzpatrick, DUANE MORRIS LLP                                (617) 289-9200
470 Atlantic Avenue, suite 500, Boston, Massachusetts 02210

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE    PLACE

**SERVED**

SERVED ON (PRINT NAME)    MANNER OF SERVICE

SERVED BY (PRINT NAME)    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.