UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>     Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>     Defendant <br><br> ——————————————— <br><br> J.T. Posey Company, Inc., <br>     Counterclaim Plaintiff <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>     Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT STATUS REPORT RE MOTIONS TO COMPEL

### JOINT STATEMENT REGARDING "MEET AND CONFER"

Since the date of the Magistrate Judge's January 9th Order to confer, counsel conferred on January 13th and January 17th. At both conferences and in follow up letters, an effort was made to resolve the issues set out in the Motions to Compel. Despite those efforts, counsel did not reach an agreement and some issues remain. The parties' positions regarding the resolution of each motion are set out separately as follows:

1. **MOTION TO COMPEL THE BROGNA DEPOSITION**

At this point, the only issue remaining with respect to the Brogna deposition is the fees and expenses for which HipSaver should reimburse Posey in connection the deposition and the motion to compel.

a. Posey's Position:

During the meet and confer process, the parties agreed that Ms. Brogna's deposition would take place in Boston on a mutually agreeable date. Posey suggested delaying picking a firm date because it was hopeful that the parties would be able to come to an agreement regarding the Brogna deposition and the Goodwin deposition and that, for economy purposes, the two depositions could take place on the same day. Although the parties have yet to choose a date for the Brogna deposition, Posey does not anticipate that this will be a problem.

As for the expense issue, since this is the second time a HipSaver witness failed to appear for a deposition, Posey contends that the Court should order HipSaver to pay the entire amount Posey incurred in connection with the preparation of the motion to compel and in connection with the taking of the Brogna deposition in Boston. As is set forth in Posey's motion, that amount will total at least $6,246.10. That does not include time spent in meeting and conferring, which the Court should order HipSaver to pay, as well.

As for HipSaver's contention that Posey should honor its "agreement" to share expenses, Posey notes that the agreement was conditioned upon the Brogna deposition taking place on a date specified in counsel's original letter. That condition, of course, was never fulfilled.

b. HipSaver's Position

HipSaver has not objected and does not object to deposition of Ms. Brogna, has not refused to present Ms. Brogna for deposition, and has not conditioned her deposition on resolution of the expenses issue. During the meet and confer process, HipSaver did not object and it presently does not object to deposition of Ms. Brogna and it did not condition her deposition on resolution of the expenses issue. In fact, on December 15, 2005, January 13, 2006, and January 17, 2006, counsel for HipSaver requested or

suggested dates for Ms. Brogna's deposition. The Defendant has, on each occasion, declined to set a date for the deposition.

HipSaver has asked the Defendant to honor its counsel's written agreement to share the travel expenses for Ms. Brogna's deposition but, as noted, has not conditioned the deposition on this issue. The Defendant steadfastly refuses to honor its agreement to share the expenses, and HipSaver believes it is pointless to burden the Court further. Therefore, HipSaver agrees to assume all reasonable expenses associated with the deposition and suggests that reasonable expenses should not exceed $2405.00, the sum set by the court in an earlier scheduling dispute. See Order of 10.11.05.

### 2. THE MOTION TO COMPEL THE GOODWIN DEPOSITION:

The parties are completely at odds with respect to this motion.

a. Posey's Position:

Posey stands by its moving papers and its position that the "Attorneys' Eyes Only" designation of the entirety of Goodwin's testimony was done for the sole and improper purpose of excluding Posey's president from the deposition room. As evidence of this Posey notes that counsel for HipSaver has subsequently "de-designated" almost all of the deposition transcript.

As far as the designation is concerned, the only remaining issues are whether pages 38-52 of the transcript should remain designated "Attorneys' Eyes Only". Posey notes that these pages relate to testimony regarding HipSaver's tax returns. The returns themselves were produced as "Confidential". Testimony regarding "Confidential" documents should be designated, at best, "Confidential". Posey also contends that the designation of pages 74-75, 79-82 and 95 should be designated, at best, "Confidential".

As for the further deposition of Mr. Goodwin for the purpose of permitting Posey to ask follow-up questions regarding areas that were improperly designated as "Attorneys' Eyes Only", Posey's president, Ernest Posey, has now reviewed the "de-designated" portions of the transcript. Had Mr. Posey not been excluded from the deposition room, he would have told Posey's counsel, Mr. Sheldon, that there were discrepancies between the information on HipSaver's "laundry page" (which was

introduced as an exhibit) and the laundry instructions sewn into HipSaver's products and Mr. Sheldon would have followed-up. In addition, at the deposition, Mr. Sheldon asked some questions regarding HipSaver's laundry claims. Had Mr. Posey been not been excluded from the deposition, he would have suggested follow-up questions regarding the timing of some of the alleged actions that Mr. Goodwin testified to.

Since it is apparent from the foregoing that the exclusion of Mr. Posey from the deposition room unfairly deprived Posey of the opportunity to assist its counsel with the deposition, Posey maintains its position that the Court should order HipSaver to make Mr. Goodwin available for reasonable follow-up questions. HipSaver's position that this would be the "third" Goodwin deposition is meritless. The "first" deposition of Mr. Goodwin was actually the Rule 30(b)(6) deposition of HipSaver.

Posey continues its request for an award of all of the fees and expenses it incurred in bringing the motion to compel the Goodwin deposition and for an award of fees and expenses in taking the follow-up deposition. As a supplement to its moving papers, Posey notes that such an award is justified here because HipSaver's counsel's "Attorneys' Eyes Only" designation of the entirety of Mr. Goodwin's testimony was obviously improper (as evidence of which the Court need look no further than HipSaver's counsel's "de-designation" of almost all of the transcript) and by counsel's complete failure to respond to Posey's request for a conference with respect to the issue of the Goodwin deposition, which necessitated the filing of the motion.

b. HipSaver's Position:

HipSaver maintains that the Motion to Compel a third deposition of Mr. Goodwin is groundless and should be denied. HipSaver properly invoked the preliminary "Attorney Eyes Only" designation under the Protective Order and excluded the Defendant's president from Mr. Goodwin's deposition. *See* sections 2.2 and 2.4 of the Protective Order. After review of the transcript, HipSaver removed the designation from parts of the transcript in accordance with section 5.2 of the Protective Order. HipSaver has repeatedly informed the Defendant that reasonable accommodation will be made if the Defendant wishes to depose Mr. Goodwin further on specified matters that are no longer designated as "Attorney Eyes Only". As far as can be determined, the Defendant

has identified a single item related to "launderability" as a matter for further inquiry. Inasmuch as HipSaver invoked the Protective Order properly, however, it is under no obligation to underwrite the Defendant's expenses for further deposition and urges the court to deny the Motion to Compel.

In view of the disagreement which continues here, HipSaver requests a hearing before the Magistrate Judge on its Opposition to the Motion to Compel Mr. Goodwin's deposition.

Respectfully submitted,

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg (CA Bar No. 26205)
Shannon S. Sheldon (CA Bar No. 216199)
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA 91001
(626) 796-4000
(626) 795-6321 (fax)
doug@usip.com
Dated: January 27, 2006

THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg,
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney M. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
edailey@bromsun.com
Dated: January 27, 2006

## CERTIFICATE OF SERVICE

    I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: January 27, 2006                          /s/ Donald K. Piper
                                                        Donald K. Piper