UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

**MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY
IN OPPOSITION TO THE MOTION OF HIPSAVER COMPANY
FOR ORDER ALLOWING ADDITIONAL DISCOVERY**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") opposes The HipSaver Company Inc.'s ("HipSaver") motion for an order allowing it to conduct additional discovery. The motion should be denied out of hand.

I.  **HIPSAVER'S REQUEST TO SERVE ROGERS CORPORATION WITH A SUBPOENA SHOULD BE DENIED BECAUSE THE REQUEST IS UNTIMELY**

HipSaver asks for leave to serve a subpoena upon the company ("Rogers") that manufactures the foam ("Poron") that Posey uses in some of its hip protector products. HipSaver contends that the matter of Rogers Corporation and/or the issue of Posey's use of Poron was "recently" brought to its attention. This is simply not true.

HipSaver has known for at least two years that Posey has been using Poron in its hip protector products. HipSaver knows that Poron is manufactured by Rogers Corporation because HipSaver itself has used Poron in its products. In fact, HipSaver's president, Edward Goodwin, sent an email message to Posey's president, Mr. Ernest Posey, on or about April 2, 2005 which stated, in part, "Poron, been there done that 10 years ago . . . ." *See* Exhibit "1" to Declaration of Douglas H. Morseburg.

The bottom line is that HipSaver and its president have known of Posey's use of Poron and have also known that Rogers Corporation manufactures Poron since the inception of this case. At any time during the discovery period, they could have served a subpoena upon Rogers. However, they chose not to.

Posey served a valid subpoena upon Rogers Corporation. It did so <u>prior</u> to the discovery cut-off date. Nearly two weeks after Posey served its subpoena, HipSaver decided it needed to serve a subpoena, too. HipSaver's decision came after the discovery cut-off date and it has failed to offer any reason whatsoever why it did not or could not have subpoenaed Rogers prior to the discovery cut-off date.

The Court has already extended the discovery cut-off date and amended the scheduling order applicable to this case for HipSaver once. In the absence of any compelling reason to do so, HipSaver's latest request to permit it to conduct discovery outside the discovery period should be denied. *See* Fed. R. Civ. Proc. 16(b) (scheduling order shall not be modified absent showing of good cause).

II. **HIPSAVER'S REQUEST TO CONDUCT DICSOVERY RELATING TO A THIRD PARTY'S INTERNET ADVERTISING SHOULD BE DENIED BECAUSE IT IS COMPLETELY UNRELATED TO THIS ACTION**

In order to decide this part of HipSaver's motion, the Court needs the following background facts: Posey and HipSaver were involved in a lawsuit in 2004 ("Posey I"). In Posey I, HipSaver basically claimed: that Posey was disseminating advertising that made reference to a report (the "White Paper") regarding some research that had been done by a U.C.L.A. graduate student; that the research was flawed; and that, as a consequence, advertising that made reference to the White Paper was false and misleading.

Posey disagreed with HipSaver's contentions. Nevertheless, to resolve the litigation, Posey agreed not to make reference to the White Paper or to U.C.L.A. in any further advertising and it also agreed to distribute a notice to its distributors and customers asking them, in essence, to disregard the White Paper. This agreement was memorialized in a written settlement agreement (the "Settlement Agreement") that the parties executed in or about September, 2004.

In April or May of this year, HipSaver initiated this action for false advertising, unfair business practices and breach of the Settlement Agreement. In this action, HipSaver is complaining about some advertising that Posey disseminated in 2005 and that makes reference to some testing (the "Impact Testing") conducted by a company called Garwood Laboratories ("Garwood").

Basically, in support of its false advertising and unfair business practices claims, HipSaver contends that the underlying Impact Testing was flawed and/or that Posey's advertising misrepresents the results of the Impact Testing. In support of its breach of

3

contract claim, HipSaver contends that, under terms of the Settlement Agreement, Posey was required to give HipSaver advance notice of its intent to disseminate any advertising that made reference to the Impact Testing.

At a hearing in this matter on July 12, 2005, HipSaver specifically told the Court that Posey's 2005 ad referring to the Garwood Impact Testing was the <u>only</u> ad at issue in this litigation. <u>See</u> Exhibit "2" to Morseburg Declaration. More recently, the Court entered an order permitting HipSaver to amend its complaint to add a claim for product disparagement. This claim arises out of an alleged 2001 communication between a Posey employee and one or more employees of the VA Hospital in Brentwood. See generally First Amended Complaint.

As part of the instant motion, HipSaver seeks discovery from Posey and a third party named "Elder Depot". The discovery concerns an advertisement for Posey hip protectors that appeared on Elder Depot's Internet website and that stated, in part, "In recent tests performed at UCLA, [Posey's] 'Hipsters' were shown effective in reducing the force of impact in simulated falls . . . . " *See* Exhibit "3" to Morseburg Declaration. Elder Depot's Internet website states that it was founded by an individual who dedicated over five years to caring for her dependent grandparents and who is committed to helping others care for their aging relatives and friends. *See* Exhibit "4" to Morseburg Declaration

There are two problems with HipSaver's request for discovery as to Elder Depot. First, as is set forth above, discovery is closed and HipSaver has not shown any good reason it should be re-opened.

4

Second, and more important, under Federal Rule of Civil Procedure 26(b), a party is only entitled to discovery if it is "relevant to the claim or defense of any party". Here, HipSaver's requested discovery relating to Elder Depot's mention of UCLA in its Internet ad is simply not relevant to HipSaver's complaints over Posey's ads that mention the Garwood testing or to HipSaver's recently-added claim for product disparagement. Neither is it relevant to any of Posey's defenses to HipSaver's claims.

Posey has counterclaims against HipSaver for false advertising and unfair business practices. However, discovery relating to Elder Depot is not relevant to these claims or to HipSaver's defenses to these claims. If anything, HipSaver's requested discovery is relevant to the claims HipSaver raised in Posey I.

In sum, while the scope of discovery is broad, it is not limitless. *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992). HipSaver has not made (and, indeed, it cannot make) a threshold showing that the discovery it seeks (and which it has not even bothered to share with Posey or with the Court) is "relevant to the claim or defense of any party". Therefore, its belated motion to re-open discovery should be denied.

**III.    CONLCUSION**

For the foregoing reasons, HipSaver's motion should be denied in all respects.

Dated: January 26, 2006                    Respectfully submitted,

 

                                                                  J.T. POSEY COMPANY
                                                                  By its attorneys,

                                                                  /s/ Douglas H. Morseburg
                                                                  Jeffrey G. Sheldon (CA Bar No. 67516)
                                                                  Douglas H. Morseburg (CA Bar No. 26205)
                                                                  Shannon S. Sheldon (CA Bar No. 216199)
                                                                  SHELDON & MAK
                                                                  225 South Lake Avenue, Suite 900
                                                                  Pasadena, CA  91001
                                                                  (626) 796-4000

                                                                  Anthony J. Fitzpatrick (BBO # 564324)
                                                                  DUANE MORRIS LLP
                                                                  470 Atlantic Avenue, Suite 500
                                                                  Boston, MA 02210
                                                                  (617) 289-9200

III.  **CONLCUSION**

For the foregoing reasons, HipSaver's motion should be denied in all respects.

Dated: January 26, 2006                                      Respectfully submitted,

                                                             J.T. POSEY COMPANY
                                                             By its attorneys,

                                                             /s/ Douglas H. Morseburg
                                                             Jeffrey G. Sheldon (CA Bar No. 67516)
                                                             Douglas H. Morseburg (CA Bar No. 26205)
                                                             Shannon S. Sheldon (CA Bar No. 216199)
                                                             SHELDON & MAK
                                                             225 South Lake Avenue, Suite 900
                                                             Pasadena, CA  91001
                                                             (626) 796-4000

                                                             Anthony J. Fitzpatrick (BBO # 564324)
                                                             DUANE MORRIS LLP
                                                             470 Atlantic Avenue, Suite 500
                                                             Boston, MA 02210
                                                             (617) 289-9200

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: January 27, 2006                                      /s/ Donald K. Piper
                                                             Donald K. Piper