# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| J.T. Posey Company, | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL SUBSTANTIVE RESPONSE TO ITS SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendant, JT Posey ("Posey") has stonewalled discovery which is essential

to the Plaintiff's disparagement, false advertising, and damages claims by refusing to

make any substantive response whatsoever to HipSaver's Second Request for Production

of Documents.  *See* **Exh. A**, HipSaver's Second Request for Production and **Exh. B**, J.T.

Posey Company's Response.[1]  The Defendant's refusal to respond to HipSaver's Second Request significantly impedes HipSaver's ability to prepare for trial, and specifically, HipSaver's ability to prepare its expert case.  Moreover, Posey's transparent attempt to run the meter on a small Plaintiff and slow the case to a stand still is a knowing violation of the Federal Rules of Civil Procedure.  Accordingly, under Rule 37 of the Federal Rules, HipSaver requests an order compelling immediate, substantive response to HipSaver's Second Request for Production of Documents.  Alternatively, HipSaver seeks an order  **1)** barring the Defendant from presenting *any* expert testimony or expert evidence at trial or any other document, data, information, chalk, or exhibit at trial; and **2)** permitting HipSaver to prepare and present an expert damages case based on national marketplace information alone.

## ARGUMENT

1.    <u>**HipSaver's Service of its Requests for Production of Documents Was Timely and Therefore, Posey's Refusal to Respond to HipSaver's Requests is Unfounded and Production of The Requested Documents Should be Compelled.**</u>

HipSaver's Request for Production of Documents was timely.  HipSaver served its second set of document requests on Posey by both first class and electronic mail on November 29, 2005, 32 days before the close of discovery, December 30, 2005.  Yet, in its refusal to respond, Posey relies on a self-serving and false interpretation of the Federal Rules of Civil Procedure, claiming that such request was untimely.

HipSaver's service of these requests 32 days before the end of discovery is permissible under the Rules.  In fact, while the Rules limit how early a party may serve

---

[1]  In a bit of sophomoric gamesmanship, the Defendant refers to Plaintiff's Second Request for Production as the "Third Set of Requests for Production".  In fact, Plaintiff has served just two sets of requests for production of documents.

document requests (*see* Fed. R. Civ. P. 34(b)), these rules do not limit how late a party may serve document requests. The Rules certainly do not require that document requests be served such that a responding party's deadline to respond falls within discovery, only that such requests provide reasonable time for response.

Under strictest application of Rule 34, HipSaver's obligation was to make *service* of the request for production 30 days before the close of discovery on December 30th. The date of service is defined as the date of mailing or the date of electronic mailing. Fed. R. Civ. P. 5(b)(B), (D). HipSaver mailed its second set of document requests on Posey by both first class and electronic mail on November 29, 2005. Thus, services was completed on November 29, 2005, some 32 days before the close of discovery, and the Plaintiff's obligation was complete. *See Thomas v Pacificorp,* 324 F.3d 1176, 1179 (10th Cir. 2003) ["The Federal rules of Civil Procedure allow parties thirty days to respond to interrogatories and requests for production. Therefore, requests must be *served* at least thirty days prior to a completion of discovery deadline."]; *Beller v Credit Alliance Corporation,* 106 F.R.D. 557, 560 ( N.D. Georgia 1985) [Under a four month discovery schedule, "…the intent of the rules is for all discovery requests to be served by the end of the third month of discovery thereby allowing the opposing party its full thirty days to respond."]. *See also Gavenda v Orleans County,* 182 F.R.D. 17, 20 (W.D. New York 1997) and cases cited. Here, the Defendant received the request for production by electronic mail on the 29th, some 32 days prior to the close of discovery and by hard copy on the 30th, some 31 days prior to the close of discovery. Without question, the 30 day response period which is explicitly set out in Rule 34 and which runs *from the date of service*, was met prior to the close of fact discovery.

Under the Additional Time provision of Rule 6(e), of course, the Defendant was entitled to three additional days from the date of service in which to respond to the request for production.  Yet, in a transparent attempt to evade financial discovery which is critical to HipSaver's case, the Defendant refused to produce any documents.  The Defendant's sophist argument is that the Additional Time provision puts the response date beyond the December 30th close of discovery, thus making the request for production untimely.  This argument should be rejected as a groundless attempt to undercut, delay, and thwart discovery in this case.  Rule 6(e) is an accommodation rule. It does not impose additional obligations and burdens on the servicing party.

Defendant's argument confounds HipSaver's service obligations with the Defendant's Rule 34 obligations to respond and its right to an additional three days for response, a right that is not at issue.  But, it is clear from the case law that, at the very most, the Plaintiff's obligation to make timely *service* is a *30 day obligation before the close of discovery*.  And while the Defendant has an independent right to an additional three days for response, that right cannot be morphed somehow into an obligation or rule requiring the Plaintiff to make service 33 days before the close of discovery.

## 2.    **HipSaver's Document Requests Are Not Unduly Burdensome**

Posey has also filed blanket objections, claiming that HipSaver's requests are overly burdensome.  HipSaver's document requests seek documents and information regarding five general categories: (1) information relating to sales volume, revenue, returns and rejections, tax returns, and operating budgets for each year from 2000-2005 [Requests 15-19]; (2) information relating to studies concerned with hip protector "Impact Reduction Rate Comparison" and similar issues [Requests 20-22]; (3)

information related to marketing of hip protectors, and launderability, durability, laundering instructions, and effectiveness of the Hipster [Requests 23-26]; (4) documents and data relating to experts [Request 27]; and (5) documents, charts, chalks, exhibits, and data intended to be used at trial [Request 28]  This requested information is relevant to the litigation, reasonably calculated to lead to the discovery of admissible evidence, and specifically tailored to avoid any undue burden.

      **a.**     ***The Requested Financial Data is Easily Accessible to Posey and Relevant to the Litigation***

With respect to the financial data requested, Posey's 30(b)(6) witness testified that such information is easily accessible.  In the December 15, 2005 deposition, Posey Company's comptroller, Charles Nail, stated that the company's general financial information dating back to at least 2001, including product orders and sales information, pricing data, gross margin and profit information, calculations of labor and overheads, and information pertaining to product refunds, returns, and resulting pricing adjustments, is maintained, tracked, and accessible through the Defendant's real time, on-site computerized data management system. Mr. Nail testified that this information is easily accessible, and easily searchable.  Mr. Nail also testified that he prepares financial statements for the company quarterly and annually.  Simply stated, the information requested by HipSaver is available to Posey with little more than the "push of a button". Thus, Posey's objection to HipSaver's sales and financial information requests is entirely without merit.

Of course, Posey knows that the sales and financial information requested here is critical to HipSaver's damages calculations, expert damages report, and expert testimony. In fact, this information was requested by the Plaintiff's damages expert, the person best

able to determine what information is necessary and relevant to a damages analysis. The Defendant's refusal to produce the requested information is a calculated effort to derail discovery and to force a very small party Plaintiff to incur large expenses to enforce discovery rights.

**b.**     *The 2000-2005 Time Frame Set Out In the Request For Production Is Reasonable*

While this lawsuit applied initially to the period after September 2004, the trial court declared in the October 11, 2005 Hearing on HipSaver's Motion to Dismiss that an earlier settlement agreement between the parties was poorly drafted, and therefore, claims and damages reaching back to 2000 may *not* be precluded by the settlement agreement. Consequently, discovery requests dating back to 2000 are relevant to the case and within the scope of Rule 26. Furthermore, HipSaver recently amended its complaint, with approval of the trial court, to include a claim of product disparagement which reaches back to at least July 2001 under a challenged advertisement which was circulated by the Defendant in the summer of 2001. Thus, financial information and information related to product performance, launderability, and durability related back to at least 2001 are relevant to the claims in the Amended Complaint.

In an attempt to reach some accommodation with the Defendant and notwithstanding the relevance of the Defendant's information from the year 2000 forward, HipSaver has agreed to limit its request to the period beginning 2001 to present. This is the same period for which the Defendant has sought **and has obtained** documents and information from HipSaver. It defies credulity for the Defendant to resist discovery related to the same time frame for production of information set out in its document requests and interrogatories to HipSaver. The difference, of course, is that the Plaintiff

has responded substantively to Defendant's discovery and, indeed, supplemented discovery responses when the Defendant objected to initial production and interrogatory responses.

     **c.**    *HipSaver's Requests for Additional Substantive Data are Relevant and Reasonable and Should be Answered.*

In addition to financial data requested, HipSaver also seeks information relating to the false advertising, deceptive practices, and disparagement claims of the lawsuit. Of these requests, Posey objected to requests 23, 24, 25, and 26, on grounds other than timeliness. These requests seek the following information:

> 23.    With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:
>
> a)  the Veterans Administration
> b)  Life Care
> c)  Manor Care
> d)  Kindercare
> e)  Alimed
> f)  Briggs
> g)  Samons Preston
>
> 24.    With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability.
>
> 25.    Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.
>
> 26.    Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F.

This lawsuit relates to claims of false advertising, deceptive practices, and product disparagement concerning the effectiveness, durability, and launderability characteristics of Posey and HipSaver hip protection products.    Given the nature of the lawsuit, correspondence with major customers, advertising, information regarding testing of these products, and information or claims related to quality, effectiveness, durability, and launderability of these products and comparisons with competitor products are all highly relevant to false advertising, product disparagement, and deceptive practices.    Similarly, information pertaining to returns, refunds, and replacements of these products provides additional evidence of *actual* quality and performance that is similarly relevant.    Given the relevance of these documents to the case and given Posey's 30(b)(6) witness's testimony that customer concerns, refunds, replacements, and price adjustments are recorded and easily accessible and retrievable, Posey's additional objection that these requests are burdensome is without merit.[2]

     **d.**      *Posey's Objections to HipSaver's Requests for Documents Relating to Trial Submissions are Groundless*

Finally, Posey's objections to HipSaver's requests for information related to Posey's expert and Posey's trial submissions sound in bad faith.    These requests place nothing more than routine discovery obligations on the Defendant and are unquestionably permitted by Rule 26.    While some of this information is not available currently, the Defendant's attempt to evade this discovery is simply bad faith.

---

[2] Posey also objects that the tern "Veterans Administration" is overly broad.  Although it should go without saying, HipSaver defines "Veterans Administration" as any hospital, in-patient or out-patient care facility, or research facility affiliated with the U. S. Department of Veterans Affairs.  These facilities and locations are identified on the U.S. Department of Veterans Affairs web-site, http://www.va.gov/.

3.    **Posey's Unfounded Refusal to Respond to These Requests Stonewalls
      Discovery and Thwarts HipSaver's Expert Discovery**

The Defendant's refusal to respond to HipSaver's Second Request for Production
has significantly impeded HipSaver's ability to complete basic fact discovery and to
obtain complete information required for expert evaluation of Posey's impact protection
claims, its claims to demonstrated superiority relative to HipSaver's products, and the
Defendant's varied claims related to quality, effectiveness, positioning over the
trochanter, launderability, durability, and product integrity.  Moreover, the defendant's
refusal to produce financial documents completely thwarts HipSaver's ability to prepare
its damages evaluation.  The Defendant has no legitimate grounds for refusing this
discovery, for delaying discovery in this lawsuit, for thwarting expert evaluation, and for
needlessly running the meter on the plaintiff.

**CONCLUSION**

For the reasons stated above, HipSaver respectfully requests an Order compelling
immediate, substantive response to the Plaintiff's Second Request for Production of
Documents.  Alternatively, HipSaver seeks an order  **1)** barring the Defendant from
presenting *any* expert testimony or expert evidence at trial or any other document, data,
information, chalk, or exhibit at trial; and  **2)** permitting HipSaver to prepare and present
an expert damages case based on national marketplace information alone.

9

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Courtney M. Quish
Lee Carl Bromberg,
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com

Dated:  February 8, 2006


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Courtney M. Quish
February 8, 2006


02820/00502 465366.2

EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
|     Plaintiff / Counterclaim Defendant, | ) |
| | ) |
| v | ) |
| | ) |
| J.T. POSEY COMPANY, | ) |
|     Defendant / Counterclaim Plaintiff | ) |
| | ) |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, The HipSaver Company, Inc. ("HipSaver") requests, pursuant to Fed. R. Civ. P. 26, 34 and L.R. 34.1, production of the documents and things requested here. Your response is to be in conformance with Fed. R. Civ. P. 34 and is to include a separate, full and complete response to each of the following requests for production of documents.

## PRELIMINARY INSTRUCTIONS

A. The discovery requested in these requests, unless otherwise specified and without regard to the tense used in any request, seeks documents and things for the period from January 1, 2000 *through the present and up to and through conclusion of this litigation.*

B.  If any request has subparts, Defendant must respond to each subpart separately and in full and not limit the answer to the request as a whole.

C.  Defendant must make a diligent search and must respond to each request upon your entire knowledge, available from all sources, including:

> 1) all information in your possession or in the possession of any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship;

> 2) all information in the possession of any present or former officer, director, employee, agent, servant, representative, attorney, or other person acting for or on behalf of the Defendant or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship; and

> 3) all information available to the Defendant.

D.  If the Defendant cannot respond completely to any of the requests, please respond to the extent possible, specifying the reason for inability to respond to the remainder and stating any information or knowledge the Defendant has concerning the portion to which it cannot respond fully and completely.

E.  If any document or thing called for in these requests is being withheld on the ground that it is subject to a privilege or otherwise protected from discovery, your attorney is required under L.R. 34.1 to state in full with respect to each document or thing, the precise nature of any grounds for the privilege or other exemption claimed. Also, please prepare and produce a privilege log identifying each such withheld document by stating in full, the title of the document, its date, subject matter, number of

2

pages, and the identity of the author of the document, stating in full the author's name, last known or present residential address, and last known or present business address and position; the identity of all recipients of an original or copies thereof, stating in full each recipient's name, last known or present residential address, and last known or present business address and position; and identify each such thing being withheld by a complete description of its appearance and function and the last known or present location thereof.

F.  If any document requested here has been destroyed, state the reason for its destruction.  Also, please prepare and produce a destruction log identifying each such destroyed document by stating in full, the title of the document, its date, subject matter, number of pages, and the identity of the author of the document, stating in full the author's name, last known or present residential address, and last known or present business address and position; the identity of all recipients of an original or copies thereof, stating in full each recipient's name, last known or present residential address, and last known or present business address and position; and identify each such document which was destroyed by a complete description of its appearance and function and the last known or present location thereof; and identify all persons having any knowledge of its destruction and each person responsible for its destruction, stating in full each such person's name, last known or present residential address, and last known or present business address and position.

G.  These requests shall be continuing requests pursuant to Fed. R. Civ. P. 26(e), so as to require additional and supplemental responses if the Defendants obtain further information or documents or things at any time between the time responses are served and the termination of this action.

H. The documents and things requested here shall be produced for inspection and copying at the offices of BROMBERG SUNSTEIN LLP, 125 Summer Street, Boston, Massachusetts 02110.

I. For these requests, grammatical conventions shall be governed by Patricia T. O'Conner, Woe Is I (Riverhead Books 1996).

## DEFINITIONS

A. Definitions set out in Fed. R. Civ. P. 34 apply to these requests and expressly include all data and documents maintained, stored, or archived in any electronic form or medium.

B. The term, you, your, yourself, or the term, Posey, or the term, Defendant, as used in these requests means the Defendant and all related, affiliated, sponsored, or controlled persons, companies, entities, subsidiaries, and sole proprietorships and includes any present or former officer, director, employee, agent, servant, representative, attorney, and any other person acting for or on behalf of the Defendant or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship.

C. The term, person, as used in these requests is defined as any natural person or any business, legal, or governmental entity or association and includes any officer, director, corporate member, trustee, employee, agent, servant or representative of any such entity or association.

D. The word, or, as used here shall be construed to mean and / or.

4

E.  Words used in the singular shall, where the context permits, be deemed to include the plural.  Words used in the plural shall, where the context permits, be deemed to include the singular.

F.  The term, <u>related in any manner to</u>, as used in these requests means containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, or otherwise pertaining to or bearing upon the matter set forth.

G.  The term, <u>refer in any manner to</u>, as used in these requests means containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, or otherwise pertaining to or bearing upon the matter set forth.

H.  The term, <u>Garwood</u> or <u>Garwood Laboratories</u>, as used in these requests means Garwood Laboratories and all related, affiliated, sponsored, or controlled persons, companies, entities, subsidiaries, and sole proprietorships and includes any present or former officer, director, employee, agent, servant, representative, attorney, and any other person acting for or on behalf of the Garwood Laboratories or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship.

I.  The term, <u>Hipster</u> as used in these requests, means the Defendant's hip protector products and any component part of one or more of those products.

J.  the term, <u>Posey Products</u> as used in these requests means all of the Defendant's products as listed in its catalogs and website.

5

Please note that numbering of document requests here is serial from the first Request for Production of Documents.  The first numbered Request is no. 15.

## Documents and Things to be Produced

15.    Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:

a)  Unit volume of United States sales for each category of Posey Products (*see* Definitions item I above)

b)  Revenue for each category of Posey Products sold in the United States

c)  Costs charged against each category of Posey Products sold in the United States

d)  Profit or margin for each category of Posey Products sold in the United States

e)  Unit volume of foreign sales by country and total unit volume of foreign sales for each category of Posey Products (*see* Definitions item I above)

f)  Revenue for each category of Posey Products sold outside the United States, itemized by country and in total

g)  Costs charged against each category of Posey Products sold outside the United States, itemized by country and in total

h)  Profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total


16    Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:

a)  Unit Volume of United States sales for each category of Hipster (*see* Definitions item I above)

6

b) Revenue for each category of Hipster sold in the United States.

c) Costs charged against each category of Hipster sold in the United States

d) Profit or margin for each category of Hipster sold in the United States

e) Unit volume of foreign sales for each category of Hipster (*see* Definitions item I above), itemized by country and in total

f) Revenue for each category of Hipster sold outside the United States, itemized by country and in total

g) Costs charged against each category of Hipster sold outside the United States, itemized by country and in total

h) Profit or margin for each category of Hipster sold outside the United States, itemized by country and in total

17    Please provide all documents and data which include or refer or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers, including the following distributors and health care providers:

a) Briggs

b) Alimed

c) Samons Preston

d) Life Care

e) Manor Care

f) Kindercare

g) Beverly Enterprises

7

h)  Richland Health Care (Life Care), Richland WA

i)  Life Care Center of San Gabriel, San Gabriel CA

j)  Bangor Mental Health Institute, Bangor, ME

k)  Truman Medical Center at Lakewood, Kansas City MO

l)  Peaks Care Center, Longmont CO

m) Dunn County Health Care Center, Menomonie WI

n)  VAMC Bedford, Bedford MA

o)  VA Brockton, MA

p)  VA Boston, MA

q)  VA Mountain Home, TN

r)  All other Veterans Administration facilities

s)  Resthaven York, York PA

t)  Pleasant Meadows Christian Village, Chrisman IL

u)  Friendship Village, Schaumburg IL

v)  Pisgah Manor, Candler NC

w)  Golden View, Meredith NH

x)  Seneca Place, Verona PA

y)  Phoebe Ministries, Allentown PA

z)  Dow Rummel Village, Sioux Falls SD

aa) Eaglewood care center, Springfield OH

bb) Baptist medical Center, Little Rock AR

cc) Cedar Wood Health Care, Colorado Springs CO

dd) Park River States Care Center, Coon Rapids MN

ee) Regency at the Park, College Place WA

ff) Kennedy Park Medical & Rehab, Schofield WI

gg) River Mede Health Care, Binghamton NY

hh) Sacred Heart Home, Hyattsville, MD

18.    Please provide all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for <u>each</u> calendar year, 2000 through 2005:

    a)  Customer returns or rejections of Hipster products

    b)  Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products

    c)  Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products

    d)  Veterans Administration facility returns or rejections of Hipster products

    e)  Discounts, refunds, rebates, replacements, and write offs made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

    f)  Any other adjustments made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

19.    Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

    a)  The Defendant's tax returns

9

b) Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets

c) Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit.

20.    Please provide all documents, including correspondence of any sort to or from customers or potential customers, which include or refer or relate in any manner to the "Hip Protector Impact Reduction Rate Comparison" exemplified by the Defendant's document PC 0852 or any similar documents.

21.    Please provide all documents, including correspondence of any sort to or from customers or potential customers, which refer or relate in any manner to the "correlation of the data from the 1994 and 1999 Finnish and (*sic*) studies to the laboratory tests completed on our product this week through an independent laboratory", as stated in the Defendant's document PC 0853 or any similar documents.

22.    Please produce the studies referred to in Request no. 21 together with the "correlation of the data" from those studies to the "laboratory tests" referred to in Request no. 21.

23.    With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:

a) the Veterans Administration

b) Life Care

c) Manor Care

d) Kindercare

e) Alimed

f) Briggs

g) Samons Preston

24.     With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability.

25.     Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.

26.     Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F.

27.     Please provide all expert reports; all documents, data, and information provided to experts; and all correspondence to and from experts who have or will be retained in this lawsuit.

28.    Please provide all documents, data, information, charts, chalks, and exhibits that

the Defendant intends to introduce at trial.

THE HIPSAVER COMPANY, INC.
By its Attorneys,

*Courtney M. Quish*

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
Dated:  11.29.05

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., ajfitzpatrick@duanemorris.com, DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts  02210, and by electronic mail and USPS First Class mail to Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California  91101.

*Courtney M. Quish*

Courtney M. Quish

02820/00502  448824.1

EXHIBIT B

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HIPSAVER COMPANY, INC., | ) | Case No. CV-05-10917 PBS |
| Plaintiff, | ) | |
| v. | ) | |
| J.T. POSEY COMPANY, | ) | |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

## J.T. POSEY COMPANY'S RESPONSE TO
## THIRD SET OF REQUESTS FOR PRODUCTION
## OF PLAINTIFF AND COUNTERCLAIM DEFENDANT
## THE HIPSAVER COMPANY, INC.

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responds as follows to "Plaintiff's [Third] Request for Production of Documents" (the "Request") of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc.:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.     Posey is presently pursuing an investigation of the facts relating to this proceeding and has not yet completed its discovery or preparation for trial. Therefore, these responses are being provided without prejudice to its right to add to, modify, or otherwise change or amend its responses, and subject to its right to produce evidence of any subsequently discovered fact or any subsequently discovered documents.

B.    The information set forth below is true and correct to the best of Posey's knowledge as of this date, and is subject to correction for inadvertent errors, mistakes, and omissions.  These responses are based upon information presently available to Posey and are made by Posey subject to and without waiving the right to use, introduce or refer to any information that is unintentionally omitted from these responses or any documents that may be inadvertently omitted from production.

C.    Posey makes these responses solely for the purpose of this proceeding.  Each response is made subject to all objections as to relevancy, materiality, propriety, and admissibility of any documents identified in these responses or produced pursuant to any of the individual requests.  All objections and grounds for objections are expressly reserved by Posey and may be interposed by Posey at any later stage of this proceeding, including at the time of trial.

D.    Except for explicit facts admitted herein, Posey does not intend any incidental or implied admissions by these responses.

E.    Posey generally objects to the Request on the grounds that it purports to require Posey to respond in writing to the Request and to produce documents and information on a date which is after the discovery cut-off date in this matter and upon the further grounds that HipSaver cannot unilaterally extend the discovery cut-off date.

F.    Posey generally objects to the Request on the grounds that it purports to call for information that is protected by the attorney-client privilege and/or the attorney work product doctrine.  In responding to the Request, Posey will not interpret any of the requests as calling for the production of documents which are dated after the filing of the original complaint in this case (the "Complaint") and which are protected by the attorney-client privilege and/or the work product doctrine and Posey expressly declines to identify or to produce any such documents.

2

G.    Posey generally objects to the Request to the extent it calls for the production of documents that are dated prior to the filing of the Complaint and which are protected by the attorney-client privilege and/or the work product doctrine. Posey will identify any such documents in an appropriate log.

H.    Posey generally objects to the Request to the extent it purports to require the production of any documents, such as pleadings, motions, orders or discovery responses or requests that Posey received in connection with the instant litigation and Posey expressly declines to identify or to produce any such documents.

I.    Posey generally objects to the Request on the grounds that the place specified for the production is unduly inconvenient.

J.    Posey generally objects to Request on the grounds that the "Preliminary Instructions" and "Definitions" sections are confusing and overly broad and upon the further grounds that they purport to impose upon Posey obligations that are in excess of those imposed by the Federal Rules of Civil Procedure. In responding to the Request and the individual requests therein, Posey will disregard any portions of these sections that are inconsistent with the Federal Rules.

K.    Posey objects generally and specifically to the Request, to Paragraph A of the Preliminary Instructions and to each of the individual requests on the grounds that they are overly broad as to time. Unless a later date is specified in any individual request or in any response and, subject to the objections set forth in paragraphs "E" and "F", above, Posey will interpret the Request and each individual request therein as covering the time period from January 1, 2001 to the present.

3

L.      Posey specifically objects to, and will disregard, Paragraphs C, D, E, F and G of the Preliminary Instructions on the grounds that they purport to impose upon Posey obligations that are in excess of those imposed by Rules 26 and 34(a) of the Federal Rules of Civil Procedure ("Rules 26 and 34(a)").  In responding, Posey will interpret the Request and the individual requests therein in a manner consistent with Rules 26 and 34(a).

M.      Posey specifically objects to, and will disregard, Paragraph I of the Preliminary Instructions on the grounds that it is obnoxious and upon the further grounds that it is vague and ambiguous in that Posey cannot determine the "grammatical conventions" to which it refers.

N.      Posey specifically objects to the definition of the terms "you", "your", "yourself", "Posey" and "Defendant" on the grounds that they are overly broad.  In responding to the requests, Posey will define those terms in a manner consistent with Local Rule 26.5(c)(5).

O.      Posey specifically objects to the definition of the term "person" on the grounds that it is overly broad.  In responding to the requests, Posey will define that term in a manner consistent with Local Rule 26.5(c)(6).

P.      Posey specifically objects to the definition of the term "related in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad.  In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

Q.      Posey specifically objects to the definition of the term "refer in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad.  In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

R.     Posey objects to the terms "Garwood" and "Garwood Laboratories" on the grounds that they are overly broad.  In responding to the requests, Posey will define those terms as meaning Garwood Laboratories, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries and affiliates.

S.     Posey incorporates this Introductory Statement and General Objections section into each individual response set forth below.

### Documents and Things to be Produced

15.     Please provide all documents and data for the following categories of information for calendar year, 2000 through 2005:

    a)     Unit volume of United States sales for each category of Posey Products (see Definitions item I above

    b)     Revenue for each category of Posey Products sold in the United States

    c)     Costs charged against each category of Posey Products sold in the United States

    d)     Profit or margin for each category of Posey Products sold in the United States

    e)     Unit volume of foreign sales by country and total unit volume of foreign sales for each category of Posey Products *(see* Definitions item I above)

    f)     Revenue for each category of Posey Products sold outside the United States, itemized by country and in total

    g)     Costs charged against each category of Posey Products sold outside the United States, itemized by country and in total

    h)     Profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total

**Response to Request No. 15:**

5

a) Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the unit volume of United States sales for each category of Posey Products for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

b) Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding its revenue for each category of Posey Products sold in the United States for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

c)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Posey Products sold in the United States for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

d)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Posey Products sold in

7

the United States for each year during the period from 2000 to 2005 would be unduly

burdensome and oppressive and expensive given the needs of the case, the discovery already had

in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence.

e)    Posey objects to this request on the grounds that discovery is closed.  Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34.  Posey further objects to this request on the

grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all

documents and data regarding the unit volume of foreign sales by country and total unit volume of

foreign sales for each category of Posey Products for each year during the period from 2000 to

2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the

discovery already had in the case, the amount in controversy, and the importance of the issues at

stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence.

f)    Posey objects to this request on the grounds that discovery is closed.  Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the revenue for each category of Posey Products sold outside the United States, itemized by country and in total for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

g)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Posey Products sold outside the United States, itemized by country and in total for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

h)    Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

16.    Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

a)    Unit Volume of United States sales for each category of Hipster *(see* Definitions item I above)

b)     Revenue for each category of Hipster sold in the United States.

c)     Costs charged against each category of Hipster sold in the United States

d)     Profit or margin for each category of Hipster sold in the United States

e)     Unit volume of foreign sales for each category of Hipster (see Definitions item I above) itemized by country and in total

f)     Revenue for each category of Hipster sold outside the United States, itemized by country and in total

g)     Costs charged against each category of Hipster sold outside the United States, itemized by country and in total

h)     Profit or margin for each category of Hipster sold outside the United States, itemized by country and in total

**Response to Request No. 16:**

a)     Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the unit volume of United States sales for each category of Hipster during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any

11

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

b)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the revenue for each category of Hipster sold in the United States during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

c)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Hipster sold in the United States during the period from 2000 to 2005 would be unduly burdensome and oppressive

and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

d)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Hipster sold in the United States during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

e)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the unit volume of foreign sales for each category of Hipster itemized by country and in total during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

   f)  Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the revenue for each category of Hipster sold outside the United States, itemized by country and in total, during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

g)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Hipster sold outside the United States, itemized by country and in total, during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

h)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Hipster sold outside the United States, itemized by country and in total, during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery

already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Please provide all documents and data which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers, including the following distributors and health care providers:

a) Briggs

b) Alimed

c) Samons Preston

d) Life Care

e) Manor Care

f) Kindercare

g) Beverly Enterprises

h) Richland Health Care (Life Care), Richland W A

i) Life Care Center of San Gabriel, San Gabriel CA

j) Bangor Mental Health Institute, Bangor, ME

k) Truman Medical Center at Lakewood, Kansas City MO

l) Peaks Care Center, LongmontCO

16

m) Dunn County Health Care Center, Menomonie WI

n) VAMC Bedford, Bedford MA

o) VA Brockton, MA

p) VA Boston,MA

q) VA Mountain Home, TN

r) All other Veterans Administration facilities

s) Resthaven York, York P A

t) Pleasant Meadows Christian Village, Chrisman IL

u) Friendship Village, Schawnburg IL

v) Pisgah Manor, CandlerNC

w) Golden View, Meredith NH

x) Seneca Place, Verona P A

y) Phoebe Ministries, Allentown P A

z) Dow Rummel Village, Sioux Falls SD

aa) Eaglewood care center, Springfield OH

bb) Baptist medical Center, Little Rock AR

cc) Cedar Wood Health Care, Colorado Springs CO

dd) Park River States Care Center, Coon Rapids MN

ee) Regency at the Park, College Place WA

ff) Kennedy Park Medical & Rehab, Schofield WI

gg) River Mede Health Care, Binghamton NY

hh) Sacred Heart Home, Hyattsville, MD

**Response to Request No. 17:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for all of the Defendant's United States customers would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

18.   Please provide all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for <u>each</u> calendar year, 2000 through 2005:

     a)     Customer returns or rejections of Hipster products

     b)     Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products

     c)     Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products

    d)        Veterans Administration facility returns or rejections of Hipster products

    e)        Discounts, refunds, rebates, replacements, and write offs made in response to

Veterans Administration facility returns, rejections, or complaints about Hipster

products

    f)        Any other adjustments made in response to Veterans Administration facility

returns, rejections, or complaints about Hipster products

**Response to Request No. 18:**

    a)        Posey objects to this request on the grounds that discovery is closed. Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34.

        Posey further objects to this request on the grounds that requiring it to produce "all

documents and data" regarding customer returns or rejections of Hipster products during the

period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the

needs of the case, the discovery already had in the case, the amount in controversy, and the

importance of the issues at stake in the litigation.

        Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence.

    b)        Posey objects to this request on the grounds that discovery is closed. Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34.

19

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

      c)     Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding any other adjustments made in response to customer returns, rejections, or complaints about Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

d)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding Veterans Administration facility returns or rejections of Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

e)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding discounts, refunds, rebates, replacements, and write offs made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any

21

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

      f)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

      Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding any other adjustments made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

      Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

19.      Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

      a)      The Defendant's tax returns

      b)      Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets

      c)      Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit.

**Response to Request No. 19:**

a)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding its tax returns for the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence. Posey further objects to this request on the grounds that it purports to require the production of information that is protected by the right of privacy.

b)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding its monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets for the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

23

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence. Posey further objects to this request on the grounds that it purports to require the production of information that is protected by the right of privacy.

c)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding its operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit for the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence. Posey further objects to this request on the grounds that it purports to require the production of information that is protected by the right of privacy.

20.    Please provide all documents, including correspondence of any sort to or from customers or potential customers, which include or refer or relate in any manner to the "Hip Protector

24

Impact Reduction Rate Comparison" exemplified by the Defendant's document PC 0852 or any similar documents.

**Response to Request No. 20:**

  Posey objects to this request on the grounds that discovery is closed.

21  Please provide all documents, including correspondence of any sort to or from customers or potential customers, which refer or relate in any manner to the "correlation of the data from the 1994 and 1999 Finnish and *(sic)* studies to the laboratory tests completed on our product this week through an independent laboratory", as stated in the Defendant's document PC 0853 or any similar documents.

**Response to Request No. 21:**

  Posey objects to this request on the grounds that discovery is closed.

22.  Please produce the studies referred to in Request No. 21 together with the "correlation of the data" from those studies to the "laboratory tests" referred to in Request no. 21.

**Response to Request No. 22:**

  Posey objects to this request on the grounds that discovery is closed.

23.  With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:

   a)  the Veterans Administration

   b)  Life Care

25

c)   Manor Care

d)   Kindercare

e)   Alimed

f)   Briggs

g)   Samons Preston

**Response to Request No. 23:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the term "the Veterans Administration" is vague and ambiguous in that Posey cannot determine whether the request refers to the U.S. Department of Veterans Affairs or to some other organization or facility. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents, data [and] documentation" regarding hip protection products with respect to the specified entities would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

26

24.     With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability.

**Response to Request No. 24:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the term "the Veterans Administration" is vague and ambiguous in that Posey cannot determine whether the request refers to the U.S. Department of Veterans Affairs or to some other organization or facility. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

25.     Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.

**Response to Request No. 25:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce the requested documents and things would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.


26.     Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F.

**Response to Request No. 26:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

27.     Please provide all expert reports; all documents, data, and information provided to experts; and all correspondence to and from experts who have or will be retained in this lawsuit.

**Response to Request No. 27:**

Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that it is premature to request the disclosure of expert reports.

28.     Please provide all documents, data, information, charts, chalks, and exhibits that the Defendant intends to introduce at trial.

**Response to Request No. 28:**

Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that it is premature in that it has not yet decided which documents, data, information, charts, chalks or exhibits it intends to use at trial.  Subject to the foregoing objections and to the general objections set forth above, Posey responds that the documents, data, information and exhibits that the it intends to use at trial include the documents and information that it has produced and will produce in connection with this matter and those documents that HipSaver and Edward Goodwin have produced and will produce.

Dated: January _3_, 2006

J.T. POSEY COMPANY
By its attorneys,

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
    Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK

29

225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: January 3, 2006

Donald K. Piper

31