## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

## MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY IN
## OPPOSITION TO MOTION TO COMPEL RESPONSE
## TO SECOND REQUEST FOR PRODUCTION

The HipSaver Company, Inc. ("HipSaver") made a mistake and missed the discovery completion deadline. Rather than show a little humility and admit it, however, it points its corporate finger at J.T. Posey Company, Inc. ("Posey") and accuses it of "stonewalling", "running the meter" on a smaller adversary and engaging in "sophomoric gamesmanship". Coming as they do from HipSaver, these accusations are ironic.

Consider: HipSaver's witnesses have twice (yes, *twice*) failed to appear for their depositions. HipSaver was sanctioned in connection with the first failure to appear and it has conceded that it should be sanctioned in connection with the second.

In November 2005, HipSaver's counsel designated an entire deposition proceeding "attorneys' eyes only" for the sole and improper purpose of excluding Posey's president, Ernest Posey, from the deposition room and depriving Posey's counsel of the opportunity of consulting with him during the proceeding. As a consequence, Posey was forced to move the Court for an

order "undesignating" the deposition transcript, for leave to retake the deposition for the purpose of asking reasonable follow-up questions and for sanctions.

In December, when Posey brought two motions to compel, HipSaver contended, among other things, that the motions should be denied because counsel for Posey had made no attempt to meet and confer prior to filing them. Inasmuch as a letter written by Posey to HipSaver requesting a conference to discuss the substance of the parties' differences was appended to each motion, the Magistrate Judge sharply rebuked HipSaver, stating that it considered misstatements to the Court a serious matter.

Most recently, HipSaver purported to designate "financial", "technical" and "chemical" experts, but it failed to provide a single expert report. In connection with the instant motion, HipSaver contends that Posey is wrongly withholding documents crucial to its <u>damages</u> expert's report. Even if there were any merit to this contention (and there is not), it would not explain HipSaver's failure to provide reports for its "technical" or "chemical" experts. But if history is any indicator, HipSaver will soon be blaming Posey for this shortcoming, as well.

The bottom line is that HipSaver has, consistently throughout these proceedings, ignored its discovery obligations and flouted the rules. Its cavalier attitude has cost Posey tens of thousands of dollars and this motion is just an attempt to blame Posey for HipSaver's most recent failure to abide by, or even to know, the rules.

As far as the substance of the present motion is concerned, the request for production that is the subject of this motion was untimely and Posey has no obligation to respond to it. In support of its position that the request was timely, HipSaver has advanced a legal argument that does not even pass the laugh test. And as if that were not enough, it has totally misrepresented the holdings of the cases it says support its position.

Finally, the Court cannot even grant the present motion unless it also amends the scheduling order and extends the discovery completion deadline. However, HipSaver has not asked for an extension. Neither has it proffered any excuse for missing the most recent deadline or set out any reasons, let alone good ones, why the deadline should be extended for it *yet again*. Thus, the instant motion should be denied.

## I.    THE FACTS

The relevant facts are these: on or about July 12, 2005, the Court entered a scheduling order (Document 27) that, among other things, set October 31, 2005 as the completion deadline for fact discovery. On or about October 21, 2005, HipSaver moved to amend the scheduling order to extend the discovery deadline and all other pre-trial dates (Document 53-1). Although Posey was opposed, the Court granted HipSaver's request. In doing so, the Court extended the discovery completion deadline to December 30, 2005.

On November 29, 2005, HipSaver served Posey with a request for production (the "Request"). The Request was served via mail and electronic means. *See* HipSaver Motion, Exhibit "A". Posey's written response (the "Response") was served via U.S. mail and electronic means on January 3, 2006. *See* HipSaver Motion, Exhibit "B".

In the Response, Posey objected to the Request on the grounds that, among other things, it purported to require Posey to respond in writing and to produce documents and information outside the discovery period and upon the further grounds that HipSaver had no authority unilaterally to extend the discovery completion deadline. *See* HipSaver Motion, Exhibit "B", at p. 2 (Paragraph E). Posey also interposed substantive objections to the individual document categories described in the Request.

HipSaver's counsel subsequently asked Posey's counsel for a "meet and confer" regarding Posey's contention that the Request was untimely. The parties met via telephone and

3

discussed the issue, but they were unable to resolve it. Although Posey subsequently (and voluntarily) produced some financial information, this motion followed.

## II.    HIPSAVER'S SECOND REQUEST FOR PRODUCTION WAS NOT TIMELY AND POSEY HAD NO OBLIGATION TO RESPOND TO IT

### A.    Because It Purported to Impose Discovery Obligations On Posey After the Discovery Completion Deadline, the Request Was Ineffective.

In this case, the Request was served by mail and electronic means on November 29, 2005. Therefore, Posey had 33 days to respond to it. *See* Fed. R. Civ. Proc. 34 (response to request for production shall be served within 30 days after service); Fed. R. Civ. Proc. 6(e) (where a party is required to take some action within a prescribed period after service and, where service is made via mail under Rule 5(b)(2)(B) or by electronic means under Rule 5(b)(2)(D), 3 days are added to the prescribed period). *See also E.E.O.C. v. Jordan Graphics, Inc.*, 135 F.R.D. 126, 128 (E.D.Va. 1991) (a party served with a written discovery request via mail has 33 days to respond).

Thirty-three days from November 29, 2005 was January 1, 2006, a Sunday, and the following Monday, January 2, 2006, was a legal holiday. Thus, under the Federal Rules of Civil Procedure, Posey's response to the Request was due on January 3, 2006.[1] *See* Fed. R. Civ. Proc. 6(a) (where the last day of a prescribed period is a Saturday, Sunday or a legal holiday, the period is extended until the end of the next business day).

Posey's January 3, 2006 deadline to respond to the Request was clearly after the discovery completion date of December 30, 2005. However, it is well-established that a propounding party must serve written discovery requests so that the opposing party's responses are due prior to a discovery completion deadline. The case of *Gavenda v. Orleans County*, 182 F.R.D. 17 (W.D.N.Y. 1997), is directly on point.

---

[1]        All further "Rules" references shall be to the Federal Rules of Civil Procedure.

In *Gavenda*, the plaintiff served a request for production prior to the discovery deadline. Because the defendant's response was due after the discovery deadline, the plaintiff also made a motion to shorten the defendant's time to respond. The defendant filed a cross-motion for a protective order. The magistrate judge denied the plaintiff's motion and granted the defendant's cross-motion.

In doing so, the magistrate judge observed that "discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date." *Id.*, at 20 (emphasis added). The magistrate judge then went on to say that discovery requests which are served too late in the discovery period to allow for a timely response are not allowed because they impermissibly permit the propounding party to unilaterally extend the discovery period set by the district court in its scheduling order. *Id.*

Likewise, in *Beller v. Credit Alliance Corporation*, 106 F.R.D. 557 (N.D.Ga. 1985), the plaintiff served some interrogatories and requests for production on the plaintiff on December 14, 1984. The discovery completion date, which had already been extended at least once, expired on December 31, 1984. When the defendant failed to respond, the plaintiff asked the Court for leave to file a motion to compel. (Leave was necessary because, under the local rules, motions to compel brought after the discovery completion deadline required court approval.)

In support of the motion for leave, the plaintiff contended, among other things, that it could not have brought a motion to compel prior to the discovery completion date because the defendant's responses were not due prior to that date. The defendant contended that the court should not give the defendant leave to file a motion to compel because the discovery in question was untimely. Id., at 559.

The district judge denied the plaintiff's request for leave to file a motion to compel. In doing so, the court made it clear that the burden was on the party seeking discovery "to insure

that discovery was completed in a timely manner". Id., at 560.  To that end, it was necessary for

the requesting party to initiate its discovery "in time for the other party to respond within the

[discovery completion period]". Id.  Since the plaintiff had sought no additional extension of the

discovery completion period beyond the December 31, 1984 deadline, the court ruled that the

December 14, 1984 discovery requests were untimely and that a motion to compel with respect

to those requests would be improper.  . Id.

    As *Gavenda* and *Beller* make clear, written discovery requests calling for responses

outside the discovery period are untimely.  In this case, the Request called for a written response

and the production of documents outside the discovery period.  Since it was untimely, Posey was

under no obligation to respond to it.

### B.    HipSaver Has Misrepresented the Authorities It Says Support Its Position.

    HipSaver insists that the Request was timely and that the Court should require Posey to

provide a "substantive response".[2]  In support of its position, HipSaver contends that a requesting

party is not required to serve written discovery so that the responding party's responses are due

before the discovery completion deadline. *See* HipSaver Memo., at p. 3.  Instead, HipSaver

argues, the Rules require a requesting party to serve written discovery requests "at the very

most" 30 days before the discovery completion date. *Id.*, at p. 4.

    In support of its position that a requesting party need serve written discovery "at the very

most" 30 days before the discovery deadline, HipSaver cites three cases, including *Gavenda* and

*Beller*.  However, *Gavenda* and *Beller* to not stand for the proposition for which HipSaver has

cited them.  As is discussed above, they stand for exactly the opposite proposition.  Indeed, one

wonders whether HipSaver's counsel even read them before citing them.

---

[2]    Since Posey did provide "substantive response" to the Request, HipSaver presumably
seeks an order compelling the production of documents.

The third case HipSaver says supports its position is *Thomas v. Pacificorp*, 324 F.3d 1176 (10th Cir. 2003).  There, the plaintiff served written discovery two days after the discovery completion date.  The trial court subsequently granted summary judgment to the defendant over the plaintiff's objection that discovery was not complete.  In its decision affirming the trial court, the Court of Appeals noted that, even if the discovery requests in question had been served two days earlier (i.e., on the discovery completion date), they would still have been untimely because, under the Rules, written discovery requests "must be served <u>at least</u> thirty days prior to a completion of discovery deadline."  *Id.*, at 1179 (emphasis added).

Contrary to HipSaver's moving papers, *Thomas* simply does not say that a party is required to serve discovery requests 30 days before the discovery deadline "at the very most".  It says they must be served 30 days before the discovery deadline "<u>at [the very] least</u>."  (Emphasis added.)  The mis-citation is inexcusable.

Lest it escape the Court's notice, the facts in *Beller* are on "all fours" with the facts in this case.  In both cases: (i) the plaintiffs served discovery requests within the discovery period; (ii) the defendants' discovery responses were due outside the discovery period; (iii) the defendants objected to the plaintiffs' attempts to conduct discovery outside the discovery period; (iv) the plaintiffs moved for leave to compel or to compel; (v) the plaintiffs had previously been granted an extension of the discovery cut-off date; (vi) the plaintiffs sought no further extension of the (extended) discovery cut-off date; and (vii) the plaintiffs offered no excuse for failing to serve their requests sufficiently in advance of the expiration of the extended discovery period.  The Court in *Beller* denied the request to pursue untimely discovery.  The Court in this case should do the same.

In sum, HipSaver's contention that the Rules do not require a party to serve its discovery requests so that the responding party's responses are due prior to the close of discovery is completely frivolous. Its position is belied by the very cases it cites in support of its motion.

## II.    HIPSAVER'S MOTION SHOULD BE DENIED BECAUSE IT HAS NOT SOUGHT A MODIFICATION OF THE SCHEDULING ORDER, NOR HAS IT SHOWN "GOOD CAUSE" AS TO WHY THE SCHEDULING ORDER SHOULD BE MODIFIED

Rule 16(b) provides for the entry of a scheduling order that limits the time to, among other things, complete discovery. *See* Fed. R. Civ. Proc. 16(b)(3). Rule 16(b) further provides that a schedule set by the Court "shall not be modified except upon a showing of good cause and by leave of [court]" *Id.; see also Northeast Drilling Inc. v. Inner Space Services Inc.*, 243 F.3d 25 (1st Cir 2001) (to take some action beyond the deadline in a scheduling order, a party must move to modify it and articulate "good cause"). Local Rule 16.1(g), which complements Rule 16(b), provides that a showing of "good cause" necessary to justify a modification of the scheduling order must be "supported by affidavits, other evidentiary materials or references to pertinent portions of the record."

The Court originally set the discovery completion deadline in this case for October 31, 2005. On or about October 27, 2005, the court modified the scheduling order at HipSaver's request and, among other things, extended the discovery completion deadline to December 30, 2005.

December 30, 2005 has come and gone. At this point, if HipSaver wants to conduct any discovery, it needs to seek a modification of the scheduling order and to show "good cause" for the modification. In connection with the instant motion, HipSaver has not sought such a modification. Nor has it submitted any affidavits or other evidentiary materials that would establish "good cause" for a modification.

HipSaver's failure to seek a modification of the scheduling order in connection with the instant motion was most likely intentional. It has known from the inception of this case that it was going to have to prove its alleged damages. And even though the Court modified the scheduling order for HipSaver in October 2005, it still waited until _after_ the last minute to seek the production of documents it contends are so crucial to its financial expert's damages analysis. Under these circumstances, there is absolutely nothing HipSaver can say that would justify such a delay.

Thus, even if HipSaver were to request a modification of the scheduling order at this late date, that request would have to be denied. *See, e.g., Sexton v. Gulf Oil Corp.,* 809 F.2d 167 (1st Cir. 1987) (upholding trial court's exclusion of expert and refusal to modify scheduling order to permit late designation of expert; no showing of "good cause" as to why counsel failed to timely comply with order regarding experts); *Cabana v. Forcier*, 200 F.R.D. 9 (D. Mass. 2001) (leave to designate expert denied because need was known or should have been known long before deadline for designation passed; in the absence of showing of good cause, the scheduling order would control).

### III.    EVEN IF THERE WERE "GOOD CAUSE" TO MODIFY THE SCHEDULING ORDER, THE MOTION WOULD HAVE TO BE DENIED BECAUSE POSEY'S SUBSTANTIVE OBJECTIONS TO THE INDIVIDUAL REQUESTS ARE MERITORIOUS

Local Rule 37.1, subsections (4) and (5), provide that party filing a discovery motion shall submit a memorandum that particularizes (i) each discovery request that raises an issue to be decided by the court, (ii) the response to that request, and (iii) a statement of the party's position as to each issue, with appropriate authorities, immediately following each contested item.

True to form, HipSaver has not bothered to comply with Local Rule 37.1 or to address the issues relating to each individual request for production. Instead, in its motion, it has simply

lumped all of the disputed document requests together into general categories and argued that Posey should be ordered to respond to each group as a whole.  This approach makes it virtually impossible to assess the substance of any individual request or the merits of any of Posey's objections.  This also makes it virtually impossible for the Court to frame any order other than "MOTION DENIED".

Be that as it may, HipSaver contends that Posey can produce documents responsive to HipSaver's Request Nos. 15-19 (the so-called "financial requests") with the mere "push of a button".  *See* HipSaver Memo, at p. 5.  However, even a cursory review of HipSaver's individual "financial requests" shows that this is nonsense.

**Request No. 15**:

Request No. 15 purports to require Posey to produce for calendar years 2000[3] through 2005: "all documents and data" relating to its U.S. and foreign sales of products itemized by product; "all documents and data" relating to its U.S. revenues itemized by product and its foreign revenues itemized by product and by country; "all documents and data" relating to the costs charged against each product sold in the U.S. itemized by product and internationally itemized by product and by country; and "all documents and data" relating to the profit or margin for each product sold in the U.S. itemized by product and internationally itemized by product and by country.

On its face, Request No. 15 purports to require Posey to produce virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each of the more than 600 products it manufactures and/or sells nationally and internationally.  In essence, the request calls for every document and all data that has to do with Posey's business, organized by country.

---

[3]        HipSaver has agreed to narrow the Request by one year, i.e, from 2001 to 2005.

Although you would never know it from reading Hipsaver's motion, Posey objected to Request No. 15 on the grounds that (i) discovery was closed, (ii) the documents sought were not described with "reasonable particularity" as required by Rule 34, (iii) the request was vague and ambiguous, (iv) requiring it to produce "all documents and data" encompassed by each of the 8 subparts in the request would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (v) it encompassed documents and information that were neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Posey's objections should be sustained. For one thing, when Posey served its response, discovery was, and it remains, closed. In addition, Request No. 15 does not particularize, reasonably or otherwise, the documents sought and Posey should not be required to guess which "documents and data" fall within its scope. Inasmuch as the request is not reasonably particular, it is also vague and ambiguous. Moreover, there is no legitimate reason to put Posey the burden and expense of producing "all documents and data" that might fall within the scope of this request. Finally, given the fact that this request covers the more than 600 products that Posey sells and the instant action concerns only hip protectors, the request obviously calls for the production of "documents and data" that have absolutely nothing to do with the claims or defenses of either party.

**Request No. 16**:

Request No. 16 is identical to Request No. 15, except that it is limited to Posey's "Hipster" products. On its face, it purports to require Posey to produce virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each Hipster product that Posey makes and sells nationally and internationally. In

essence, the request calls for every document and all data that has to do with Posey's Hipsters, organized by country.

Posey interposed the same objections to Request No. 16 that it interposed to Request No. 15, namely, that (i) discovery was closed, (ii) the documents sought were not described with "reasonable particularity" as required by Rule 34, (iii) the request was vague and ambiguous, (iv) requiring Posey to produce "all documents and data" encompassed by each of the 8 subparts in the request would be unduly burdensome, oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (v) it purported to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 16 is objectionable for the same reasons that No. 15 is objectionable. First, when Posey responded, discovery was, and it remains, closed. The request is also overly broad and unduly burdensome and it does not particularize, reasonably or otherwise, the documents sought. Moreover, HipSaver has absolutely no legitimate need for every single document and piece of digital information that could fall within the scope of this request and Posey should not be put through the burden or the expense of producing information that might be covered by it.

**Request No. 17**:

Request No. 17 purports to require Posey to produce "all documents and data which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers". Not surprisingly, Posey objected on the grounds that (i) discovery was closed, (ii) the documents sought were not described with reasonable particularity, (iii) the request was vague and ambiguous, (iv) requiring it to produce "all documents and data" which include or relate in any

12

manner to customer orders, shipping orders, invoices, and payment receipts for all of Posey's
U.S. customers would be unduly burdensome and oppressive and expensive given the needs of
the case, the discovery already had in the case, the amount in controversy, and the importance of
the issues at stake in the litigation, and (v) that the request purported to include documents and
information that was neither relevant to the claims or defenses of any party, admissible in
evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Again, when Posey responded, discovery was, and it still is, closed.  Moreover, Request
No. 17 is far from "particular" as to what documents are sought.  On its face, it purports to
require the production of virtually every single piece of paper and digital data that relates "in any
manner" to customer orders, products shipped, invoices, bills of lading and payments for Hipster
products.  There is absolutely no justification for such a broad and vague request.

Had HipSaver wanted to, it could have (timely) crafted a reasonable request (or an
interrogatory asking Posey to, for example, state its sales of Hipsters).  However, it chose instead
to craft the most onerous request it could think of and there is simply no reason to require Posey
to expend the money or the energy to produce every shred of information that might fall within
the scope of this request.

**Request No. 18**:

Request No. 18 purports to require the production of "all documents and data, including
correspondence and financial documents and data, which refer or relate in any manner to . . . a)
Customer returns or rejections of Hipster products[,] b) Discounts, refunds, rebates,
replacements, and write offs made in response to customer returns, rejections, or complaints
about Hipster products[, and] c) Any other adjustments made in response to customer returns,
rejections, or complaints about Hipster products."

Posey objected to this request on the grounds that (i) discovery was closed, (ii) the documents sought were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" which include or relate "in any manner" to the listed subjects would be unduly burdensome, oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (iv) that the request purported to include within its scope documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Posey's objections should be sustained. First, when Posey responded, discovery was, and it remains, closed. Second, as is the case with HipSaver's other document requests, Request No. 18 is a "scattershot" request that fails to particularize what documents are sought. On its face, it purports to encompass virtually every scrap of paper and piece of digital data that relates "in any manner" to product returns, rejections, write-offs, discounts, refunds, rebates, replacements, and customer complaints. There is absolutely no justification for such a broad and vague request.

Had HipSaver wanted to, it could have crafted a timely and reasonable request that set out specifically what it was seeking. Once again, however, it crafted the vaguest and most onerous request it could think of and there is simply no reason to require Posey to try to figure out what types of information relate "in any manner" to the subjects specified in this request or to expend the money or the energy to produce every shred of information that might conceivably fall within its scope.

### Request No. 19:

His request purports to require Posey to provide "all documents and data" related to (i) its tax returns, (ii) its "[m]onthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets", and

(iii) its "[o]perating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit".

In response, Posey objected on the grounds that (i) discovery was closed, (ii) the documents sought by the request were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" regarding the specified subjects for the specified period would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, (iv) the request included within its scope documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence, and (v) that it purports to require the production of information that was protected by the right of privacy.

The objections should be sustained because (i) when Posey served the Response, discovery was, and still is, closed. Moreover, had HipSaver wanted to, it could have crafted a timely request asking, for example, for Posey's annual statements or similar documents. Since a straightforward request would not have been onerous enough, HipSaver prepared another "scattershot" request that encompassed virtually every scrap of paper and every piece of digital data that relates to Posey's finances.

Posey is a privately held company and there is absolutely no justification for such a broad and vague request. Nor is there any reason to require Posey to try to figure out what types of information relate to the subjects specified in this request or to expend the money or the energy to produce every shred of information that might conceivably be within its scope. The request also violates Posey's right to privacy.

**Request Nos. 20-22**:

Posey objected to these requests on the grounds that discovery is closed. At the time Posey served its response, discovery was, is and should remain, closed. Thus, the objection must be sustained.

**Request No. 23**:

This request purports require the production of "all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products" for 7 entities.

Posey objected to this request on various grounds. The objections must be sustained. First, when Posey responded, discovery was, and it remains, closed. Second, the request is not reasonably particular; it is simply another scattershot request aimed at pulling within its scope anything and everything that has to do with the entities identified in the request. Posey should not be required to guess what documents and data the request is aimed at or to expend the time and energy to gather every scrap of paper and every piece of digital data no matter how meaningless it is in the context of the litigation.

**Request No. 24**:

Request No. 24 purports require the production of "[w]ith respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability."

Posey objected to this request on various grounds. The objections should be sustained. First, when Posey responded, discovery was, and it remains, closed. Second, the request is not reasonably particular; it is simply another scattershot request aimed at pulling within its scope anything and everything that has to do with respect to customer complaints, product returns,

refunds or adjustments relating to Hipster products. Again, Posey should not be required to guess what documents and data the request is aimed at or to expend the time and energy to gather every scrap of paper and every piece of digital data no matter how meaningless it is in the context of the litigation.

**Request No. 25**:

Request No. 25 purports require the production of "all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be 'positioned precisely over the trochanter.[']"

Posey objected to this request on the grounds that (i) discovery was closed, (ii) the documents sought were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" regarding the described subjects would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (iv) purported to require the production of documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

The objections should be sustained. First, when Posey responded, discovery was, and it remains, closed. Second, this a case for (i) false advertising arising out of a Posey ad that makes reference to some "impact testing" performed for Posey by a company called Garwood Laboratories ("Garwood"), and (ii) product disparagement arising out of a written communication that allegedly occurred in 2001 between a Posey employee and one or more employees of a hospital in West Los Angeles which communication allegedly included a chart showing the impact reduction of various hip protection products as reported to Posey by Garwood.

17

Clearly, "the capacity of Hipster products to be 'positioned precisely over the trochanter[']'" has absolutely nothing to do with the claims or defenses advanced by the parties in this case.

**Request No. 26**:

This request calls for the production of "all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160□F to 120□F."

Posey objected to this request on the grounds that (i) discovery was closed and, (ii) it purported to require the production of documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

The objections should be sustained. When Posey responded, discovery was, and it remains, closed. Also, as is set forth immediately above, this a case for (i) false advertising arising out of an that makes reference to Garwood's "impact testing" and (ii) product disparagement arising out of a written communication that allegedly occurred in 2001. Clearly, any Posey notices to its customers regarding a change in laundry instructions have nothing to do with the claims or defenses in this case.

**Request No. 27**:

Request No. 27 called for the production of "all expert reports; all documents, data, and information provided to experts; and all correspondence to and from experts who have or will be retained in this lawsuit." Posey objected on the grounds that (i) discovery was closed, and (ii) it was premature to request the disclosure of expert reports and information since the deadline for Posey to designate its experts was still some 6 weeks off.

Since the time Posey responded, it produced its expert reports. It did so on February 16, 2006, which was the date set by the Court for its expert disclosures (in contrast to HipSaver,

which designated three experts on January 16, 2006, but produced no reports or other documents regarding its experts). In the event it has any additional discoverable documents that fall within this category, Posey intends to produce them.

**Request No. 28**:

This request called for "all documents, data, information, charts, chalks, and exhibits that the Defendant intends to introduce at trial." Posey objected on the grounds that (i) discovery was closed, and (ii) it was premature in that Posey had not yet decided which documents, data, information, charts, chalks or exhibits it intends to use at trial. Subject to its objections, Posey identified the documents, data, information and exhibits that it intended to use at trial.

Posey's objections should be sustained. First, when it responded to this request, discovery was closed and it still is. Second, even though it has yet to decide exactly which materials it intends to use at trial, it identified generally those materials that it may use. Finally, Posey intends to abide by its obligations as set forth in Rule 26(a)(3) regarding pre-trial disclosures.

## IV.    HIPSAVER'S REQUEST FOR SANCTIONS SHOULD BE DENIED, BUT THE COURT SHOULD AWARD SANCTIONS TO POSEY.

HipSaver's request for an award of costs incurred in connection with this motion is, in a word, meritless. First of all, its position that the Request was timely is totally devoid of merit. Moreover, the three cases that HipSaver said supported its position say exactly the opposite of what HipSaver contended they said.

HipSaver's alternative request for an order precluding Posey from using any expert testimony or other evidence at trial, but permitting it to prepare an expert damages case based on "national marketplace information alone" takes nerve. Suffice it to say, in making this argument HipSaver is basically saying, "We screwed up, so sanction Posey."

19

HipSaver has come into this Court indignantly pointing its finger at Posey in connection with this motion. It should have come into court with its tail between its legs seeking relief from its error. Having failed to do so, it is entitled to no relief. *See Zellweger Analytics, Inc. v. Isco, Inc.*, 5 F.Supp.2d 490, 493 n.3 (S.D. Tex 1998) ("In this case, counsel screwed up and missed a deadline. If he had filed a simple motion saying so, relief would have been promptly granted. In the future, counsel might consider using a little humility and respect, and replacing rude and insolent finger-pointing with sound, objective legal analysis. Absent such, he can expect no relief in this or any other Court.")

Posey agrees that an award of sanctions is appropriate in connection with this motion and it hereby requests an award of the costs it incurred in responding to this frivolous motion.

## V.    CONCLUSION

For the foregoing reasons, HipSaver's motion should be denied in all respects, but the Court should award sanctions in favor of Posey.

Dated: February 22, 2006                    Respectfully submitted,


                                            J.T. POSEY COMPANY
                                            By its attorneys,

                                            /s/ Douglas H. Morseburg
                                            Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                            Douglas H. Morseburg, Admitted
                                                        Pro Hac Vice
                                            Shannon S. Sheldon, Admitted Pro Hac Vice
                                            SHELDON & MAK
                                            225 South Lake Avenue, Suite 900
                                            Pasadena, CA  91001
                                            (626) 796-4000

                                            Anthony J. Fitzpatrick (BBO # 564324)
                                            DUANE MORRIS LLP
                                            470 Atlantic Avenue, Suite 500
                                            Boston, MA 02210
                                            (617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: February 22, 2006                    /s/ Donald K. Piper_____
                                            Donald K. Piper