# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
|  | ) |
| v | ) |
|  | ) |
| J.T. Posey Company, | ) |
| Defendant | ) |
|  | ) |
|  | ) |
|  | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff | ) |
|  | ) |
| v | ) |
|  | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants | ) |
|  | ) |
|  | ) |
|  | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION OF FEBRUARY 24, 2006 TO COMPEL FURTHER DEPOSITION OF EDWARD L. GOODWIN

Plaintiff, The HipSaver Company, Inc. ("HipSaver"), opposes the Defendant's

Motion to Compel further deposition of Edward L. Goodwin for the reasons set out here:

1.      The Motion to Compel is not properly before the court because there is nothing to

compel.  There is no claim that the Plaintiff has failed to make a disclosure or to respond

substantively to discovery, and there is no claim that the Plaintiff failed to make an

automatically required disclosure.  Rather, the claim is simply that the Defendant seeks discovery outside the Scheduling Order.

2.      In its initial response to the Defendant's First Request for Production of Documents, HipSaver limited its responses to the period from and after September 2004, taking the position that an earlier settlement agreement barred "reach-back" counterclaims by the Defendant.  That response was made in or about August 25, 2005, and no objection was raised by the Defendant until three and one half months later.

3.      The Defendant raised the question of supplementation in its omnibus December 12, 2005 e-mail but did not pursue the matter further prior to the discovery cutoff of December 30, 2005.  *See* Exhibit A.  On January 12, 2006, the Defendant requested a conference on supplementation.  *See* Exhibit B.  Although a conference was held on January 13, 2006 to discuss a number of discovery issues, the supplementation issue was deferred by the Defendant's counsel until a conference on January 17, 2006 because counsel wanted to study his request for supplementation further.  *See* Exhibit C.

4.      The parties had a further conference on January 17, 2006 and discussed supplementation in some detail.  HipSaver agreed to supplement and did so the following day.  *See* Exhibit D.  HipSaver agreed to produce documents reaching back to 2001. HipSaver provided supplementary responses to the document request on January 18, 2006 and produced documents on January 27, 2006.

5.      The Defendant's assertion that the supplemental documents should have been produced "long ago" is incorrect as a matter of law and as a matter of fact.  HipSaver was not obligated to supplement without a request, yet the request was delayed by the

Defendant.  Indeed, the Defendant was so nonchalant about its supplementation request that it had to re-schedule its own "meet and confer" conference.

6.      At no time prior to February 21, 2006 has the Defendant raised the question of further deposition of Mr. Goodwin with respect to the supplemental document production.

7.      HipSaver's sole objection to further deposition of Mr. Goodwin is that the Defendant is seeking to extend discovery beyond the discovery cutoff - without an amended scheduling order.  The failure to request supplementation "long ago" is the Defendant's failure.  Consequently, the Defendant should not be afforded the opportunity to proceed outside the scheduling order.

8.      HipSaver has expressly suggested an extension of the scheduling order, but that has been declined by the Defendant.

9.      Defendant's Motion to Compel is simply an attempt to obtain further discovery from the Plaintiff without an amendment to the scheduling order, thus preserving Defendant's argument that "discovery has closed" for purposes of justifying its complete refusal to produce even a single document in response to the Plaintiff's outstanding Document Requests.  There is no justification for attempting to have it both ways.

**THEREFORE**, for the reasons stated, the Motion to Compel should be denied.


Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Courtney M. Quish
Lee Carl Bromberg,
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney M. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
edailey@bromsun.com

Dated:  March 1, 2006




**CERTIFICATE OF SERVICE**

I certify that his document, including all exhibits, has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Courtney M. Quish
March 1, 2006

02820/00502 471841.1

EXHIBIT A

# Doug Morseburg

| | |
|---|---|
| **From:** | Doug Morseburg |
| **Sent:** | Monday, December 12, 2005 1:11 PM |
| **To:** | 'Edward Dailey' |
| **Cc:** | Cassandra Scardino; Doug Morseburg; Don Piper |
| **Subject:** | RE: HipSaver v JT Posey - Brogna Depo and Other Matters |

Dear Ed:

Please let me know when you are available to discuss the following issues:

1. Jeff advises me that after Ms. Brogna failed to appear for her deposition last week, he asked that you make her available that evening following Mr. Goodwin's deposition. You did not do so. Since Mr. Goodwin's deposition concluded early, she could have been deposed when Jeff was there. Thus, there is no reason for our client to have have to pay anything to take her deposition. As a consequence, your offer to pay for half the costs of deposing Ms. Brogna is unacceptable. You and/or your client must pay the full cost associated with taking her deposition or bring her here to L.A. If we cannot come to an agreement on this issue, we will make a motion for an order requiring HipSaver to pay the full cost associated with her deposition and for an extension of the discovery cut-off date to permit the taking of the deposition.

2. In order to exclude Mr. Posey from the room during the deposition of Mr. Goodwin, you designated the entirety of his testimony as "Attorneys' Eyes Only". Not only was this improper under the terms of the Court's protective order in this case, it deprived Jeff of the opportunity to consult with Mr. Posey about Mr. Goodwin's answers to questions relating to non-confidential matters and then to ask meaningful follow-up questions. Therefore, we want you to agree to re-classify the Goodwin depo transcript and to agree that Posey may ask meaningful follow-up questions. If we cannot come to an agreement on this issue, we will ask the Court for an order re-classifying the deposition transcript and permitting Posey to resume the deposition at HipSaver's expense for the purpose of asking follow-up questions and for an extension of the discovery cut-off for that purpose.

3. Although the Court denied your motion to dismiss, you have never withdrawn the objections you asserted to various of Posey first requests for production on the grounds that the requests related to issues that were barred by the settlement agreement and/or the release in Posey I. Neither have you supplemented your responses. Also, although HipSaver produced a list (prepared in connection with the litigation) of people who have allegedly complained about Posey's products, it has not produced the underlying documents (which are stored in a FileSaver program) from which that list was comiled. Not has it produced the financial documents underlying its tax returns. We need to resolve these issues. If we cannot do so, we will move to compel.

4. Finally, further to several past emails on this subject, please also confirm that you will be limiting your questions at Posey's 30(b)(6) deposition about the location of documents to those dealing with hip protector products. I know you think this is a non-issue, but if we cannot finally resolve this one, we will have to move for a protective order.

Sincerely,

Doug Morseburg

EXHIBIT B

SHELDON & MAK
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101
FACSIMILE: (626) 795-6321
HOME PAGE: www.uslp.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
A. ERIC BJORGUM
NORMAN VAN TREECK

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

WRITER'S DIRECT NUMBER
626.356.1217

WRITER'S EMAIL
DOUG@USIP.COM

January 12, 2006

**Via PDF and U.S. Mail**

Edward J. Dailey, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts  02110-1618

   Re: HipSaver v. Posey and Related Counterclaim
      Sheldon & Mak Matter No. 16112.24

Dear Ed:

  Reference is made to your recent letter regarding your availability to discuss our two motions to compel regarding the Brogna and Goodwin depositions.  I suggest we talk tomorrow, January 13, 2005 at 3:00 p.m. your time, which is noon California time.  I will initiate the call.

  During our conversation, I also want to discuss the third issue raised in my email dated December 12, 2005, which is HipSaver's deficient responses to Posey's first request for production and its first set of interrogatories.  We have already prepared our motions to compel regarding those matters, but we will hold off on filing them pending our discussion.

  If you have any questions regarding the foregoing, please contact me.

      Very truly yours,

      Doug Morseburg

      Douglas H. Morseburg

DHM:cs

EXHIBIT C

125 SUMMER STREET  BOSTON  MA  02110-1618

BROMBERG ✶ SUNSTEIN LLP

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

EDWARD J DAILEY
T 617 443 9292 X233
EDAILEY@BROMSUN.COM

January 13, 2006

**By pdf only**

Jeffrey G. Sheldon, Esq.
Douglas H. Morseburg, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Anthony J. Fitzpatrick, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, Massachusetts  02210

Re      *HipSaver v JT Posey Company*
        *Our File    02820 / 00502*

Dear Jeff, Doug, and Tony:

Following up on the telephone conference this afternoon, we agreed to confer further on Tuesday afternoon, January 17, 2006 at 5:00pm Boston time. We will initiate the call to Mr. Morseburg's office.

Pursuant to L.R. 7.1 and L.R. 37.1, we wish to discuss the following matters:

1.  Scheduling the Rogers Corporation deposition

2.  Document discovery with respect to ElderDepot

3.  The Defendant's Response to HipSaver's Second Request for Production of Documents

Page 2

We agree also to continue the discussion on Tuesday afternoon of matters related to the motions to compel the Brogna and Goodwin depositions. In that respect,

- We understand that you will consult with your client about agreeing to share the Brogna deposition expenses as set out in ¶ 2 of Mr. Sheldon's December 5th letter and accepted by your client as reported in your December 8th e-mail. In addition, we have agreed to pay any waiting time charge for the stenographer which may have been charged incorrectly to your firm for the morning of November 30, 2005. And, of course, we continue to agree to make Ms. Brogna available for deposition. We tentatively agreed to make Ms. Brogna available on January 24th at 9:30. We should confirm that date or another on our next call.

- For any further deposition of Mr. Goodwin, we have asked you to identify any substantive matters which may require Mr. Posey's participation to assist counsel. While I am skeptical that there is a subject which requires Mr. Posey's assistance to counsel, we are prepared to discuss any subject which is not privileged.

- We have asked you also to identify that part of Mr. Goodwin's testimony that refers to temperature or launderability specifications for the protective element material used in HipSaver® products. As noted, we are greatly concerned about protection of trade secrets which would be lost instantly if the material is identified.

Finally, we agree to discuss any of our document or interrogatory responses which you believe require supplementation. You have agreed to identify any problematic responses on Tuesday afternoon.

Best regards,

Edward J. Dailey

02820/00502 459792.1

# EXHIBIT D

125 SUMMER STREET  BOSTON  02110-1618          BROMBERG ✶ SUNSTEIN LLP

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

EDWARD J DAILEY
T 617 443 9292 X233
EDAILEY@BROMSUN.COM

January 18, 2006

**By pdf only**

Jeffrey G. Sheldon, Esq.
Douglas H. Morseburg, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Anthony J. Fitzpatrick, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, Massachusetts  02210

      *Re       HipSaver v JT Posey Company*
          *Our File    02820 / 00502*

Dear Jeff, Doug, and Tony:

       Following up on the telephone conference on Tuesday afternoon, January 17, 2006,
we agreed to confer further on Thursday afternoon, January 19, 2006.  If 5:00pm Boston is
not convenient, please e-mail me; and propose another time for Thursday.

       Pursuant to L.R. 7.1 and L.R. 37.1, we discussed a number of matters which I wish to
document:

    1.   We agreed to supplement HipSaver's Response to the Defendant's First
        Request for Production of Documents.  That supplementation will be
        completed today, and supplemental documents will be delivered by January
        30, 2006 – with the exception of financial documents which are subject to the
        terms stated in paragraph 8 below.

2. We agreed also to supplement HipSaver's Answers to the Defendant's Interrogatories. We agree to provide supplemental answers also by January 30, 2006.

3. You have again deferred the Brogna deposition. Our continuing agreement to make her available for deposition is as stated in my letter of January 13th.

4. You have again deferred the question of pressing further deposition of Mr. Goodwin. We understand that you will review Mr. Goodwin's November 30th deposition in consultation with Mr. Posey to determine what non-privileged subjects, if any, may require his assistance. Of course, subjects which we have now designated as Attorney Eyes Only cannot be discussed with Mr. Posey.

5. You have tentatively scheduled the Rogers Corporation deposition for Friday, January 27, 2006 in Boston. We agree to this arrangement. In addition, we have requested your agreement to a document subpoena in conjunction with the deposition. Specifically, we are seeking documents (such a purchase orders) showing all Poron sales/samples/deliveries to Posey or for Posey during 2003. Additionally, and with respect to any such sales/samples/deliveries, we are seeking documents which identify the type of Poron and its dimensions, physical properties, color, and volume of material delivered to or for Posey. Finally, we are seeking the ASTM standard cited by Rogers corporation and by the Defendant as ASTM D 746-98.

6. We are hoping to avoid a motion for limited discovery related to ElderDepot and hope to discuss this matter further with you on Thursday. We appreciate your agreement to provide us with a supplement to the 2005 Posey catalog showing how the corrective advertising statement was sent to ElderDepot and other customers. Nevertheless, we wish to obtain documentation of the business relationship with ElderDepot and all documents (other than financial documents) related to advertising and offering of Hipster products by ElderDepot.

7. From review this morning of certain Garwood test documents, we learned that JT Posey already has samples of HipSaver's hip protector material *and that Posey has long since identified it by manufacturing source*. While this information will continue to be designated as "attorney eyes only" (Posey has already designated it as such), our earlier request for heightened safeguard of this information is moot.

8. We hope also to discuss the Defendant's refusal to provide any document in Response to HipSaver's Second Request for Production of Documents. We do not agree that our Second Request for Production was, in any respect, untimely, and hope that the Defendant will reconsider its refusal to respond substantively. We also limited these requests to documents relating to events occurring between 2001 an the present pertaining to activity in the U.S. and relating only to Fall Management products, as defined by Posey in its catalogue. Assuming agreement can be reached, you agreed with us yesterday that the parties will exchange financial discovery on a mutually agreed upon date – hopefully within the next two weeks.

9. Finally, we should discuss the outstanding Interrogatory response to HipSaver's Interrogatory no. 2 to the Defendant. Given our agreement to supplement the Plaintiff's Interrogatory Answers by January 30, 2006, we propose that you agree to the same date.

Best regards,

Edward J. Dailey

02820/00503 460867.1