UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.T. POSEY COMPANY, ) <br> ) <br> Defendant. ) <br> ) <br> AND RELATED COUNTERCLAIM. ) <br> ) | Civil Action No. 05-10917 PBS |

**OBJECTIONS OF DEFENDANT J.T. POSEY COMPANY INC.
TO ORDER OF MAGISTRATE JUDGE COLLINGS ON
PLAINTIFF'S MOTION TO COMPEL SUBSTANTIVE RESPONSE
TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure,[1] Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") objects to the March 2, 2006 electronic order of Magistrate Judge Collings on the motion of The HipSaver Company, Inc. ("HipSaver") to compel a substantive response to its second request for production of documents.

The order is contrary to law for three reasons. First, while the order modifies the scheduling order in this case, the order was not based upon a showing or finding of "good cause", as required by Rule 16(b). Second, the Federal Rules of Civil Procedure and the Local Rules provide that a scheduling order may be modified by a district judge or by a magistrate judge, if authorized by the district judge. Here, the Magistrate Judge was not authorized to modify the scheduling order. Finally, the order at issue modified the scheduling order "nunc pro

---

[1] All further "Rules" references shall be to the Federal Rules of Civil Procedure.

tunc". However, the Magistrate Judge's entry of his order nunc pro tunc was improper because there was no issue as to the intent of the district court when it set December 30, 2005 as the discovery completion date.

## I. FACTS

This Court entered the original scheduling order in this matter on or about July 12, 2005. Document 27. The original scheduling order set October 31, 2005 as the deadline for the completion of fact discovery. On October 21, 2005, HipSaver moved to modify the scheduling order to extend the discovery deadline and all other pre-trial dates. *See* Document 53-1. On October 27, 2005, the Court entered an electronic order that, among other things, extended the discovery completion deadline to December 30, 2005.

HipSaver served Posey with a request for production of documents (the "Request") on November 29, 2005. The Request was served via mail and electronic means. Posey responded to the Request on January 3, 2006. In its response, Posey objected to the Request on the grounds that it purported to call for a written response and the production of documents after the discovery completion date. Posey also asserted substantive objections to the individual categories of documents contained in the Request.

On February 8, 2006, HipSaver filed a motion to compel Posey to provide a substantive response to the Request (the "Motion"). *See* Document 94. In support of the Motion, HipSaver basically contended that the Request was timely because it was served prior to the discovery completion date. *See* generally Document 95.

Posey opposed the Motion. In its opposition brief, Posey contended (i) that the Request was untimely because it required Posey to provide a written response and to produce documents after the close of discovery, and (ii) that the motion could not be granted unless the Court also

2

amended the scheduling order and extended the discovery completion deadline, but that HipSaver had neither asked for such an extension nor offered any excuse for missing the most recent deadline or set out any facts that would establish "good cause" for extending the deadline for it a second time. *See* generally Document 97.

On February 9, 2006, the Court referred the matter of the Motion to Magistrate Judge Collings for resolution. Magistrate Judge Collings held a hearing on the Motion on March 2, 2006 and issued an electronic order (the "March 2 Order") that same day.

In the March 2 Order, the Magistrate Judge did not address the primary issue raised by the Motion, which is whether a propounding party is required to serve written discovery requests so that the responding party's written responses (and any production of documents) are due prior to the discovery completion deadline. Instead, the Magistrate Judge sua sponte modified the scheduling order nunc pro tunc to extend the discovery completion deadline for the Request to January 3, 2006. As a consequence of the nunc pro tunc modification, the Magistrate Judge found that the Request was timely served and he ordered Posey to serve its written responses and objections to the Request on or before the close of business on March 24, 2006.[2] *See* March 2 Order, attached as Exhibit "A".

## II.    STANDARD

Rule 72(a) provides (i) that a magistrate judge to whom a nondispositive matter has been referred shall conduct such proceedings as are necessary and then enter an order setting forth the disposition of the matter, (ii) that, within 10 days after being served with the order, any party may serve and file objections to the order, and (iii) that the district judge to whom the case is

---

[2] The Magistrate Judge apparently overlooked the fact that Posey had already served written responses and objections to the Request.

3

assigned shall consider the objections and modify or set aside any part of the order found to be "clearly erroneous or contrary to law."

Similarly, 28 U.S.C. § 636(b)(1)(A) provides that a district judge may designate a magistrate judge to hear and determine various pretrial matters and that the district judge may reconsider any pretrial matter determined by the magistrate judge where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law."

### III.   THE MARCH 2 ORDER IS CONTRARY TO LAW

With all due respect to the Magistrate Judge, the March 2 Order is contrary to law for three reasons.

First, Rule 16(b) provides that, once set by the Court, a scheduling order "shall not be modified except upon a showing of good cause." Local Rule 16.1 states that a showing of "good cause" necessary to justify a modification of the scheduling order must be "supported by affidavits, other evidentiary materials or references to pertinent portions of the record."

Here, the March 2 Order modifies the scheduling order. However, when the Magistrate Judge entered the March 2 Order, he failed to find any "good cause" for the modification and there were no "affidavits, other evidentiary materials or references to pertinent portions of the record" before him that would have justified such a finding. Indeed, when HipSaver filed its Motion to compel a response to the Request, it did not ask the Court to modify the scheduling order. Nor did it set forth any facts, by affidavit or otherwise, that would constitute "good cause" for modifying the scheduling order. Nor did it even offer any excuse for its failure to complete its discovery by the (extended) deadline set by the Court.

The pertinent facts before the Magistrate Judge that bore on the issue of "good cause" for a modification of the scheduling order were: (i) that this Court entered the original scheduling

4

order in this matter (Document 27) on or about July 12, 2005, (ii) that the original scheduling order set October 31, 2005 as the deadline for the completion of fact discovery, (iii) that, on October 21, 2005, HipSaver moved to modify the scheduling order to extend the discovery deadline and all other pre-trial dates (Document 53-1); (iv) that, on October 27, 2005, the Court entered an electronic order that, among other things, extended the discovery completion deadline to December 30, 2005; and (v) that, despite knowing from the inception of this case that it was going to have to prove its alleged damages and, despite having received one modification of the scheduling order already, HipSaver failed to serve its written discovery requests so that its discovery would be complete within the extended discovery completion deadline.

HipSaver's failure to meet the extended discovery completion deadline must be viewed in the context of its other conduct in this case. Specifically:

- On two separate occasions, HipSaver's witnesses failed to appear for their depositions. HipSaver was sanctioned in the amount of $2405 in connection with the first failure to appear and in the amount of $2880 in connection with the second.

- In December, when Posey brought two motions to compel discovery, HipSaver contended, among other things, that the motions should be denied because counsel for Posey had made no attempt to meet and confer prior to filing them. Inasmuch as a letter written by Posey to HipSaver requesting a conference to discuss the substance of the parties' differences was appended to each motion, the Magistrate Judge sharply rebuked HipSaver, stating that it considered misstatements to the Court a serious matter.

- Most recently, HipSaver purported to designate "financial", "technical" and "chemical" experts, but it failed to provide any expert reports. In connection with

5

the Motion, HipSaver contended that Posey was wrongfully withholding documents crucial to its damages expert's report. Even if there were any merit to that contention (and there is not), HipSaver has never explained its failure to provide reports for its "technical" and "chemical" experts.

In sum, HipSaver has been dilatory throughout these proceedings and it has consistently displayed an attitude towards its discovery obligations that can be described, at best, as lackadaisical. Therefore, even if HipSaver had requested an order modifying the scheduling order so as to extend the discovery period yet again, the Magistrate Judge would have had to deny it because there is simply no "good cause" for the modification. The basic point, however, is that the March 2 Order is contrary to law because it was not predicated upon a showing of "good cause".

The second reason the March 2 Order is contrary to law is that Rule 16(b) provides, in pertinent part, that a scheduling order may be modified by the district judge or, when authorized by local rule, a magistrate judge. Local Rule 16.1(g), which complements Rule 16(b), provides that a scheduling order may be modified by the district judge or by the magistrate judge, if authorized by the district judge. Here, the Court did not authorize the Magistrate Judge to modify the scheduling order. For this additional reason, the March 2 Order is contrary to law.

Finally, the Magistrate Judge entered the March 2 Order nunc pro tunc to change the Court's October 27, 2005 electronic order which, among other things, modified the Court's original scheduling order and extended the discovery completion date from October 31, 2005 to December 30, 2005. However, the purpose of a nunc pro tunc order (i.e., an order "now for then") is to "clean up the record" and to make it "speak the truth". The purpose is not to record an action that was not previously taken.

That is to say, an order may be rendered nunc pro tunc to put upon the record or to give effect to some finding, direction or adjudication that was actually made or rendered at an earlier time but which, through some inadvertence or mistake was not made of record. A nunc pro tunc order cannot, however, supply an order which in fact was never previously made. Nor can it be used to change an order that correctly reflects the intention of the court at the time it was made. *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987); *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir. 1969). *See also Almeida Bus Lines, Inc. v. Department of Public Utilities*, 348 Mass. 331, 337-38, 203 N.E.2d 556, 561 (1965); *Perkins v. Perkins*, 225 Mass. 392, 396, 114 N.E. 713, 713-714 (1917).

Here, the Court entered an order on October 27, 2005 that modified the original scheduling order by extending the discovery completion deadline to December 30, 2005. There is no evidence that the October 27, 2005 order did not exactly express the intention of this Court when it was entered. Therefore, the Magistrate Judge could not change the October 27, 2005 order nunc pro tunc. For this additional reason, the March 2 Order is contrary to law.

## IV.  CONCLUSION

The March 2 Order is contrary to law. Therefore, pursuant to Rule 72(a), Posey respectfully requests that the Court set it aside. Pursuant to 28 U.S.C. § 636(b)(1)(A), Posey further respectfully requests that the Court reconsider the matter of HipSaver's motion and, for the reasons set forth above and in Posey's memorandum in opposition to the Motion, that the Motion be denied. Finally, in the unlikely event the Court is inclined to grant the Motion, Posey respectfully requests a ruling on each of the substantive objections Posey asserted to the individual document categories contained in the Request.

Dated: March 9, 2006                    Respectfully submitted,

                                              J.T. POSEY COMPANY
                                              By its attorneys,

                                              /s/ Douglas H. Morseburg
                                              Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                              Douglas H. Morseburg, Admitted
                                                         Pro Hac Vice
                                              Shannon S. Sheldon, Admitted Pro Hac Vice
                                              SHELDON & MAK
                                              225 South Lake Avenue, Suite 900
                                              Pasadena, CA  91001
                                              (626) 796-4000

                                              Anthony J. Fitzpatrick (BBO # 564324)
                                              DUANE MORRIS LLP
                                              470 Atlantic Avenue, Suite 500
                                              Boston, MA 02210
                                              (617) 289-9200

## CERTIFICATE OF SERVICE

    I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: March 9, 2006                    /s/ Donald K. Piper
                                                        Donald K. Piper

**Doug Morseburg**

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Thursday, March 02, 2006 8:48 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-10917-PBS The HipSaver Company, Inc. v. J.T. Posey Company "Order on Motion to Compel"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Collings, Robert entered on 3/2/2006 at 11:48 AM EST and filed on 3/2/2006
**Case Name:**      The HipSaver Company, Inc. v. J.T. Posey Company
**Case Number:**    1:05-cv-10917
**Filer:**
**Document Number:**

**Docket Text:**
Judge Robert B. Collings: Electronic ORDER entered granting [94] Motion to Compel. Judge Saris ordered "fact discovery to be completed by December 30, 2005." The plaintiff served a second request for production of documents by mail on November 29, 2005. Under applicable rules, the thirty-day period for responding would close on Thursday, December 30, 2005. Under Local Rule 6(e), the time within which the responses would have to be filed is enlarged by three days because service was by mail. That would make the time for response January 1, 2006. L.R. 6(a). Since January 1, 2006 was a Sunday and January 2, 2006 was a federal holiday, the responses were not due until the close of business on Tuesday, January 3, 2006. January 3, 2006 was after the close of discovery, and defendant therefore complains that the requests were untimely since the time within which responses were to be filed was beyond the date (December 30th) when fact discovery closed. Plaintiff's counsel ar! gues that all that is required is that service be made thirty days before the close of discovery, and that was done in this case. Rather than decide the effect of the interface between the three-day extension for service by mail and the requirement that the requests be served so that they can be answered before discovery closes, the Court, sua sponte, extends the discovery period nunc pro tunc from December 30, 2005 to the close of business on Tuesday, January 3, 2006 only for the purpose of the serving of the Second Request for Production of Documents. Accordingly, service of thst request by mail on November 29, 2005 was timely. The defendant is ORDERED to serve responses and/or objections to the second request on or before the close of business on March 24, 2006.

The following document(s) are associated with this transaction:

**1:05-cv-10917 Notice will be electronically mailed to:**

3/7/2006