# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>           Plaintiff, <br> v <br> J.T. Posey Company, <br>           Defendant <br><br> J.T. Posey Company, Inc., <br>           Counterclaim Plaintiff <br> v <br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>           Counterclaim Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO EXTEND DISCOVERY

Plaintiff, the HipSaver Company, Inc. ("HipSaver"), moves to extend the discovery schedule to allow HipSaver the opportunity to complete discovery. Extension of the discovery deadlines is necessitated by Posey's transparent stonewalling tactics that egregiously delayed both fact and expert discovery. Although Magistrate Judge Collings removed the discovery impediments on March 2, 2006, when he granted HipSaver's

motion to compel, the relief comes too late to provide adequate opportunity for HipSaver to complete discovery and prepare for trial before the March 31, 2006 discovery deadline.

### A.     Posey's Delay Tactics Inhibited HipSaver's Discovery

Relying on a wholly unjustified basis for delay, Posey refused to produce documents in response to document requests served by HipSaver over three months ago, on November 29, 2005. Posey's refusal was based on a unique but self-serving interpretation of the Federal Rules. Despite numerous attempts by HipSaver's counsel to resolve the (contrived) issue in dispute, Posey refused to produce any responsive documents and eventually forced HipSaver to file a motion to compel. On March 2, 2006, Magistrate Judge Collings granted HipSaver's motion to compel and ordered Posey to produce the documents by March 24, 2006. Unfortunately, the court's remedy comes too late under the present discovery schedule. Even if Posey produces documents on March 24, 2006, as ordered by the court, HipSaver will receive these documents two and half months after the documents were originally due and only one week before the close of expert discovery.

HipSaver's claims relate to claims of false and deceptive, and fraudulent advertising by the Posey Company. The claims are heavily dependent upon the discovery of facts not available without opportunity for discovery. HipSaver's document requests seek documents and information regarding, in part, (1) information relating to sales volume, revenue, returns and rejections, tax returns, and operating budgets for each year from 2000-2005 [Requests 15-19]; (2) information relating to studies concerned with hip protector "Impact Reduction Rate Comparison" and similar issues [Requests 20-22]; and, (3) information related to marketing of hip protectors, and launderability, durability,

laundering instructions, and effectiveness of the Hipster [Requests 23-26]. Assuming that Posey will produce this information in a timely manner pursuant to the court's order, HipSaver will not have access to this information until March 24, 2006, only one week before the close of discovery.

The information to be produced on March 24 is essential to HipSaver's preparation of its expert reports; HipSaver's analysis of Posey's expert reports; HipSaver's preparation of depositions of Posey's experts; and, HipSaver's preparation for trial. For example, the compelled production includes all information pertaining to Posey's financial documents, documents vital to HipSaver's expert damages report. The compelled information also contains studies and information concerned with hip protector "Impact Reduction Rate Comparison" and similar issues, as well as information relating to hip protectors, and launderability, durability, laundering instructions, and effectiveness of the Hipster, all relevant and necessary to HipSaver's biomechanical expert report. These documents are equally essential to preparation for the depositions of Posey's damages, biomechanical, and laundering experts.

Without an extension of the discovery deadline, this pertinent information will be produced too late to allow HipSaver the time needed to adequately review and analyze the information by the March 31, 2006 discovery deadline. The resulting lost opportunity to adequately prepare expert reports and to prepare for depositions greatly prejudices HipSaver's ability to prepare its case for trial.

Accordingly, because the production of these documents was delayed almost two and half months, HipSaver requests that the discovery schedule be extended for a similar period as specified in Exhibit A to its Motion to Compel. Further, HipSaver believes,

3

based on its experience to date, that Posey's efforts to impede discovery may not be exhausted and therefore, a two month extension is necessary to minimize the need for subsequent motions to amend.

### B. The Contentious History Between The Parties Necessitates the Addition of Specific Discovery Deadlines

It is becoming increasingly clear that Posey has adopted a delay strategy in this discovery process. As evidenced by Posey's repeated refusal to produce documents throughout discovery, and its March 9, 2006, objections to Magistrate Judge Collings' order compelling production of documents, Posey repeatedly seeks to delay discovery, citing contrived disputes and extenuating circumstances. In an effort to avoid another inevitable dispute that could delay discovery even further, HipSaver requests that the court adopt a specific deadline for expert reports and a deadline for the close of expert discovery, marking the deadline for depositions of each parties' experts. HipSaver hopes that these clarifications will preemptively remove opportunity for future disagreements.

THEREFORE, for the reasons set out here, HipSaver requests revision and extension of the discovery schedule as proposed in **Exhibit A** to HipSaver's Motion to Extend Discovery.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Courtney M. Quish
Lee Carl Bromberg, Esq.
BBO No.: 058480
Edward J. Dailey, Esq.
BBO No.: 112220
Courtney M. Quish, Esq.
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com

Dated:  March 10, 2006

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 10, 2006.

/s/ Courtney M. Quish
Courtney Meehan Quish

02820/00502 474061.1