UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

**MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY IN
OPPOSITION TO MOTION TO EXTEND DISCOVERY**

In essence, this is a motion in which the Plaintiff is asking the Court to reward it for flouting the rules and to penalize the Defendant for following them. While the motion is captioned as one for an order extending the discovery deadline, it is in reality a motion for an order modifying the scheduling order so as to relieve the Plaintiff from (i) its failure either to prepare and timely serve its expert witness reports by the Court-ordered deadline of January 16, 2006 or to timely seek an extension of that deadline, and (ii) its lack of diligence in preparing its case for trial. The motion should be denied.

First, in order to receive any relief in connection with the instant motion, the Plaintiff is required to establish "good cause". In the context of Rule 16(b), a "good cause" showing focuses on the diligence of the party seeking relief. Absent diligence, the moving party is entitled to nothing. Here, the Plaintiff has not been diligent in connection with any aspect of this

case. On the contrary, as is set forth below, it failed to pursue the discovery which it contends is crucial to its case within the time set for discovery under the original scheduling order. After securing a modification of the original scheduling order and the extension of all applicable pretrial dates, it still delayed initiating its discovery. Moreover, it failed to produce any expert reports by its (extended) Court-ordered deadline. Finally, despite the fact that it knew in advance that it was not going to produce expert reports by the deadline, it failed to timely move for an extension of the time within which it was required to produce them.

The Plaintiff's lack of diligence is further evidenced by the fact that its witnesses have twice failed to appear for their depositions, for which the Plaintiff has twice been sanctioned. Finally, the Plaintiff has in the past ignored several requests by Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") that it meet and confer with regard to discovery issues, for which the Court has sharply rebuked the Plaintiff.

The second reason the instant motion must be denied is that it seeks to unjustly reward the Plaintiff and unjustly penalize Posey by asking the Court to establish a single "expert reports due date" of May 16, 2006. However, under the scheduling order presently in effect in the case, the Plaintiff's expert designations and expert reports were due on January 16, 2006. Posey's expert designations and reports were due one month later.

HipSaver identified its experts on January 16, 2006, but it did not produce any reports. Posey, however, identified its experts and produced its reports on the day they were due. HipSaver could have asked for an extension of the time to serve its expert reports prior to the time its own deadline expired. It did not. Instead, it waited almost two months, i.e., until after it received Posey's expert reports.

If the Court were to establish a single "expert reports due date" at this point, the Plaintiff will have succeeded in "flip-flopping" the court-ordered sequence regarding expert disclosures. Moreover, the Plaintiff's experts would be able to tailor their reports to meet what is in Posey's expert reports, an unwarranted advantage. Posey, on the other hand, would (i) be deprived of the opportunity it had under the present scheduling order of having its experts meet what is in the Plaintiff's expert reports, and (ii) be put to the added expense of having to take the Plaintiff's experts' depositions and, possibly, be put to the added expense of having its own experts prepare supplemental expert reports. Either way, Posey would be unfairly prejudiced.

## I.   THE FACTS

The relevant facts are these: Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. (hereafter, "HipSaver" or "Plaintiff") commenced the instant action on May 4, 2005, by filing its complaint for (i) false advertising under federal law, (ii) unfair business practices under Massachusetts state law, and (iii) breach of contract. Docket No. 1. On June 17, 2005, Posey filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] or, in the alternative, for summary judgment under Rule 56. Docket No. 4. That same day, it filed a second motion asking the Court to transfer this action to California. Docket No. 8.

On July 1, 2005, HipSaver opposed Posey's motions. As part of its opposition, HipSaver made its own motion for partial summary judgment on its claim for breach of contract. Docket No. 16. Judge Saris held a hearing on the parties' respective motions on July 12, 2005. At the hearing, the Court denied the parties' respective motions.

---

[1]   All further "Rules" references shall be to the Federal Rules of Civil Procedure.

Later that day, the Court entered a scheduling order (the "Scheduling Order"). *See* Docket No. 27. The Scheduling Order set the following deadlines, among others:

| | |
|---|---|
| October 31, 2005 | Deadline for the completion of fact discovery; |
| November 15, 2005 | Deadline for HipSaver's expert designation; |
| December 15, 2005 | Deadline for Posey's expert designation; and |
| January 15, 2006 | Deadline for the completion of expert discovery. |

At the time it received the Scheduling Order, HipSaver did not indicate to Posey or the Court that it was confused as to when it was required to serve its expert reports. Nor did it ask the Court for a clarification as to when it was required to serve its reports.

On or about October 21, 2005, HipSaver moved to amend the Scheduling Order to extend the discovery deadline and all other pre-trial dates. *See* Docket No. 53-1. Specifically, HipSaver asked the Court to set the following extended deadlines, among others:

| | |
|---|---|
| December 30, 2005 | Deadline for the completion of fact discovery; |
| January 16, 2006 | Deadline for HipSaver's expert designation; |
| February 16, 2006 | Deadline for Posey's expert designation; and |
| March 31, 2006 | Deadline for the completion of expert discovery. |

In the papers HipSaver submitted in support of its October 21, 2005 motion, HipSaver did not indicate that it was confused as to when it was required to serve its expert reports under the original Scheduling Order. And, although it easily could have done so, it did not include in its motion any request that the Court set a date other than January 16, 2006 as the date on which it was required to serve its expert reports. Although Posey was opposed, on October 27, 2005, Judge Saris granted HipSaver's motion. *See* Electronic Order dated October 27, 2005.

4

On November 29, 2005, HipSaver served Posey with a second request for production of documents (the "Request"). Posey served its written response (the "Response") to the Request on the day it was due, i.e., January 3, 2006. In the Response, Posey objected to the Request on the grounds that, among other things, it was untimely. Posey also interposed substantive objections to the individual document categories described in the Request. *See* accompanying Declaration of Douglas H. Morseburg, paragraph __ (hereafter, "Morseburg Decl., ¶ ___.").

On January 16, 2006, HipSaver served Posey with a document entitled "Plaintiff HipSaver's Designation of Expert Witnesses" in which it identified three expert witnesses, namely, Wilson C. Hayes, Ph.D., Melvin S. Coons, B.S., and Roy J. Epstein, Ph.D., whose areas of expertise were identified, respectively, as (i) "mechanical engineering, biomechanical engineering, injury biomechanics, anatomy, orthopedics, exercise and sports science", (ii) "chemical engineering", and (iii) marketplace and business damages". Morseburg Decl., ¶ 3 and Exhibit "A".

At the time it served its expert designation, HipSaver did not serve any expert reports. Nor did HipSaver ask the Court to extend its time to serve them. Morseburg Decl., ¶ 3.

On January 26, 2006, Posey's counsel wrote to HipSaver's counsel and inquired as to the whereabouts of HipSaver's expert reports. Morseburg Decl., ¶ 4 and Exhibit "B". On January 31, 2006, counsel for the parties met and conferred via telephone regarding HipSaver's failure to produce any expert reports. During that conference, Posey contended that HipSaver was required to produce its expert designations and its expert reports simultaneously, as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, and that there was no way to conduct expert discovery of HipSaver's experts without them. Morseburg Decl., ¶ 5 and Exhibit "C".

5

HipSaver contended that a "reasonable reading" of the Court's amended schedule was that HipSaver's designation of expert witnesses was to be followed by the production of expert reports within a "reasonable time" thereafter. HipSaver further contended that, even if it was required to designate experts and to produce its expert reports simultaneously, its experts were unable to produce any reports because Posey had yet to produce various documents. As a consequence of the parties' differences, Posey advised HipSaver that, in the event HipSaver served expert reports at a later date, Posey would move to strike them. *Id.*

On February 8, 2006, i.e., almost 6 weeks after the deadline for the completion of fact discovery and over 3 weeks after the deadline for HipSaver to produce its expert reports, HipSaver moved to compel a "substantive response" to the Request. Docket No. 94. In its motion, HipSaver contended that information and documents responsive to the Request were crucial to enable HipSaver's <u>damages</u> expert to conduct a <u>damages</u> analysis. Notably, HipSaver did not contend that any of the documents or information responsive to the Request was necessary to enable HipSaver's "biomechanical" or "chemical" experts to produce reports. *See generally* Docket No. 95 and exhibits thereto.

Posey opposed HipSaver's motion to compel on the grounds that, among other things, the Request was untimely. Docket No. 97. The Court held a hearing on the motion on March 2, 2006. Following the hearing, the Court entered an order modifying the Scheduling Order *nunc pro tunc* so as to extend the discovery completion deadline solely for the purpose of serving the Request. Electronic Order dated March 2, 2006. The March 2 Order requires Posey to serve responses and/or objections to the Request by March 24, 2004.[2] On March 9, 2006, Posey filed objections to the March 2 Order.

---

[2] In support of the instant motion, HipSaver contends that the March 2 Order requires Posey to

On or about March 6, 2006, counsel for HipSaver advised counsel for Posey that HipSaver wanted to file a motion seeking a further extension of the discovery completion date. The parties met and conferred via telephone on March 9, 2006. The parties were unable to agree regarding such an extension. On March 10, 2006, i.e., almost two months after HipSaver was required to serve its expert reports, HipSaver filed the instant motion.

## II.   THE STANDARD APPLICABLE TO THE INSTANT MOTION

Rule 16(b) requires the district court to enter a scheduling order that, among other things, limits the time to complete discovery. *See* Fed. R. Civ. Proc. 16(b)(3). Rule 16(b) also permits the inclusion in the scheduling order of provisions regarding the timing and the sequence of expert disclosures. Fed. R. Civ. Proc. 16(b)(4). Finally, Rule 16(b) also provides that, once a schedule is set by the Court, it "shall not be modified except upon a showing of good cause and by leave of [court]." Fed. R. Civ. Proc. 16(b); *see also Northeast Drilling Inc. v. Inner Space Services Inc.*, 243 F.3d 25 (1st Cir 2001) (to take some action beyond the deadline in a scheduling order, a party must move to modify it and articulate "good cause"). Local Rule 16.1(g), which complements Rule 16(b), provides that a showing of "good cause" necessary to justify a modification of the scheduling order must be "supported by affidavits, other evidentiary materials or references to pertinent portions of the record."

The decision of whether to modify the scheduling order is a matter committed to the sound discretion of the district court. *See S&W Enter., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605, 610 (9th Cir. 1992); *Sexton v. Gulf Oil Corp.*, 809 F.2d 167 (1st Cir. 1987). The primary factor that courts

---

produce documents by March 24, 2006. This is untrue; the order says no such thing.

look to in deciding whether to modify a scheduling order under Rule 16(b) is the diligence of the party seeking the modification.

Thus, the district court may modify a scheduling order "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Advisory Committee Notes to 1983 amendment to Rule 16(b)); *Cabana v. Forcier*, 200 F.R.D. 9 (D. Mass. 2001) (citing, 6A Wright, Miller & Kane, Federal Practice and Procedure, § 1522.1 (1990)) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Carelessness on the part of the moving party is incompatible with a finding of diligence and it will defeat a request for relief. The existence or the degree of prejudice to the party opposing the modification will also justify the denial of a request for a modification. *Johnson*, 975 F.2d at 609 (citing numerous cases). Notwithstanding the relevance of these factors in the analysis, the primary focus of a district court considering the modification of a scheduling order is the moving party's reasons for seeking the modification. If the moving party was not diligent, the inquiry should end. *See, e.g., Johnson*, 975 F.2d at 609; *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (no "good cause" to modify scheduling order where party failed to explain why it did not conduct immediate discovery following issuance of order and made no showing of mistake, excusable neglect or other factors that would have accounted for the failure to undertake compliance with scheduling order) (citing, *Carignan v. United States*, 48 F.R.D. 323, 325 (D. Mass. 1969)).

### III.  THERE IS NO "GOOD CAUSE" FOR A FURTHER MODIFICATION OF THE SCHEDULING ORDER IN THIS CASE

#### A.  The Plaintiff Was Not Diligent In Attempting to Comply With the Original Scheduling Order; Nor Has It Been Diligent In Attempting to Comply With the Existing Scheduling Order.

On July 12, 2005, Judge Saris set the discovery completion deadline in this case for October 31, 2005. She also set November 15, 2005 as the deadline for HipSaver's designation of experts and December 15, 2005 as the deadline for Posey's designation of experts. Judge Saris's Scheduling Order did not set a separate date for the production of expert reports. Thus, under the Rules, the parties were required to produce them at the same time they served their designations of experts. Fed. R. Civ. Proc. 26(a)(2)(B) (except as otherwise stipulated or ordered, expert disclosures "shall" be accompanied by a written report prepared and signed by the expert).

Faced with a discovery period of approximately 111 days and a period of time within which it was required designate its experts and produce its expert reports totaling approximately 126 days, it was incumbent upon HipSaver to diligently prosecute its case from the moment it received the Scheduling Order. *See Gestetner*, 108 F.R.D. at 141 (motion to modify scheduling order denied where, among other things, counsel failed to explain failure to undertake immediate discovery; "[A] Scheduling Order is not a frivolous piece of paper, idly entered, that can be cavalierly disregarded by counsel without peril.").

HipSaver's motion is silent as to the steps it took to comply with the original Scheduling Order. This is obviously because HipSaver did nothing in an attempt to comply with it. As a consequence, on October 21, 2005, it moved to modify the Scheduling Order so as to extend all of Judge Saris's original dates by a period of at least 60 days. HipSaver's motion to extend the Scheduling Order is evidence of its lack of diligence.

Even after its motion to modify the scheduling order was granted, HipSaver waited more than another month, i.e., until November 29, 2005, to serve Posey with its second request for production (i.e., the Request). In support of this motion, HipSaver points the finger at Posey and accuses it of stonewalling discovery. What it should have included in its motion, of course, is some explanation as to why it waited until just 31 days before the extended discovery completion date to serve discovery that it contends is so crucial to its case. This unexplained delay constitutes further evidence of HipSaver's lack of diligence.

Posey responded to the Request on January 3, 2006 by, among other things, objecting to it on the grounds that it was untimely. Posey's objections to the Request were served 13 days before HipSaver was required to designate its experts and to produce its expert reports. Faced with Posey's objections to the Request, HipSaver could have moved to extend its time to designate experts and to produce its expert reports. However, it did not do so and, in its moving papers, it fails to explain why. HipSaver's failure to move to extend its time to comply with the amended scheduling order is yet another example of its lack of diligence.

By itself, the lack of an explanation for its failure to move to extend its time to designate experts or serve expert reports is also fatal to its request for a new "expert report due date". *See, e.g., Sexton v. Gulf Oil Corp.,* 809 F.2d 167 (upholding trial court's exclusion of expert and refusal to modify scheduling order to permit late designation of expert; no showing of "good cause" as to why counsel failed to timely comply with order regarding experts); *Cabana v. Forcier,* 200 F.R.D. 9 (leave to designate expert denied because need was known or should have been known long before deadline for designation passed; in the absence of showing of good cause, the scheduling order would control).

HipSaver's lack of diligence in initiating "crucial" discovery and in moving for an extension of time to produce its expert witness reports must be viewed in the context of its other dilatory and lackadaisical conduct in this case. For example, HipSaver's witnesses have twice (yes, *twice*) failed to appear for their depositions. HipSaver was sanctioned in the amount of $2,400.00 in connection with the first failure to appear and in the amount of $2,800 in connection with the second.

In December, 2005, Posey's counsel wrote to HipSaver's counsel and asked for a meet and confer with respect to several discovery issues. However, HipSaver's counsel never even responded. When Posey subsequently brought two motions to compel, HipSaver contended, among other things, that the motions should be denied because counsel for Posey had made no attempt to meet and confer prior to filing them. Inasmuch as a letter written by Posey to HipSaver requesting a conference to discuss the substance of the parties' differences was appended to each motion, the Magistrate Judge sharply rebuked HipSaver, stating that it considered misstatements to the Court a serious matter.

If any further evidence of HipSaver's lack of diligence were necessary, Posey respectfully requests that the Court take judicial notice the fact that this is the at least the *fifth* occasion on which HipSaver has petitioned the Court for an extension of the scheduling order dates and/or for leave to conduct discovery outside the discovery period.

The bottom line is that HipSaver (the Plaintiff, no less) has, consistently throughout this proceeding, displayed an almost contemptuous attitude towards its discovery obligations and the rules and dragged its heels in a transparent effort to prolong the litigation. To date, the Court has been exceedingly lenient towards HipSaver. However, this matter must come to an end eventually. Thus, as a consequence of HipSaver's demonstrated lack of diligence, Posey

respectfully requests that HipSaver's latest request for a further extension of the expert discovery deadline and the establishment of an "expert report due date" be denied.

### B. If the Instant Motion Is Granted, Posey Will Suffer Significant Prejudice.

A Court is justified in denying a motion to modify a scheduling order where the party opposing the motion will suffer prejudice from the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609 (citing numerous cases).

Here, the amended scheduling order presently in effect provides for a "one-tier" expert disclosure plan. That is to say, it provides that HipSaver's expert designation and expert reports were due on January 16, 2006 and that Posey's were due one month later. Obviously, the present scheduling order gives Posey the advantage of being able to rebut the points raised in HipSaver's expert reports.[3]

HipSaver designated its experts on January 16, 2006, but it did not produce any reports. HipSaver could have sought an extension of time to serve its expert reports before the January 16 deadline. However, it waited until March 10 to ask for a new "expert report due date". HipSaver has not explained why it waited almost two months to seek relief from its failure to serve expert reports. In all probability it was a tactical decision that was intended to force Posey to produce its expert reports first and, at the same time, to preclude Posey's experts from rebutting HipSaver's expert reports. In any event, as required by the amended scheduling order, Posey designated its experts and produced its expert reports to HipSaver on February 16, 2006.

---

[3] While HipSaver enjoys no such advantage, it could have asked the Court for a "two-tier", or even a "three-tier", disclosure plan when it moved to modify the scheduling order in October 2005. Since it did not do so, the Court may infer that HipSaver was satisfied with the "one-tier" plan.

Despite the fact that HipSaver previously forewent the opportunity to ask the Court for an extension of its time to produce expert reports, it now invites this Court to re-open the period for serving expert reports by establishing a single "expert report due date" of May 16, 2006. The Court should decline the invitation.

First, as is set forth above, Posey has already produced its expert reports. Establishing a new "expert report due date" at this point would mean that HipSaver had succeeded in "flip-flopping" the court ordered sequence of expert discovery. It would also permit HipSaver's experts to tailor their reports to meet what is in Posey's expert reports, an unwarranted advantage. Posey, on the other hand, would be deprived of the opportunity it had under the present scheduling order of having its experts meet what it is in the Plaintiff's expert reports. Thus, in a very real sense, if the Court were to re-open the period for serving expert reports, it would be penalizing Posey for following the rules, and rewarding HipSaver for not following them.

Second, if the Court were to re-open the period for serving expert reports, Posey would likely need to take the depositions of HipSaver's experts and/or seek leave of court to provide rebuttal reports. Either way, Posey would incur a significant additional expense.

In sum, Posey would be unfairly prejudiced if the Court were to re-open the period for serving expert reports.

### C.    HipSaver has Not Met Its Burden On The Instant Motion.

In support of its February 8, 2006 motion to compel Posey to provide a substantive response to the Request, HipSaver contended that Posey was withholding documents and information that were crucial to enable HipSaver's <u>damages</u> expert to conduct a <u>damages</u>

analysis. Notably, HipSaver did not contend that any of the documents or information responsive to the Request was necessary to enable HipSaver's "biomechanical" or "chemical" experts to produce reports. *See generally* Docket No. 95 and Exhibits thereto.

By contrast, in connection with this motion, HipSaver now says that the discovery it is waiting for is necessary to enable both its "damages" expert and its "biomechanical" expert to prepare their expert reports. The Court should view HipSaver's latest representations with suspicion.

In the first place, Hipsaver has given no explanation for its change of position (i.e., that it needs discovery from Posey so that two of its experts, rather than just one, can prepare expert reports). Second, HipSaver has offered no analysis whatsoever of exactly what information each of its experts purportedly needs from Posey, what document requests cover that information and how that information relates to HipSaver's experts' alleged reports. The flat, conclusory assertions of need made by counsel certainly do not establish the existence of that need. *See Gestetner Corp.*, 108 F.R.D. at 141. Finally, HipSaver has failed to offer any affidavits from its experts as to exactly what documents they need and what issues they are related to, as required by Local Rule 16.1(g).

Thus, HipSaver has simply not met its burden of demonstrating the "good cause" necessary to justify a modification of a scheduling order.

///

///

///

IV.  **CONCLUSION**

For the foregoing reasons, HipSaver's motion should be denied in all respects.

Dated: March 24, 2006

Respectfully submitted,

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg, Admitted
      Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA  91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: March 24, 2006

/s/ Donald K. Piper
Donald K. Piper