UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

The HipSaver Company, Inc., )
        Plaintiff, )
)
v )
)
J.T. Posey Company, )
        Defendant )
)
_____)
)
J.T. Posey Company, Inc., )
        Counterclaim Plaintiff )
)
v )
)
The HipSaver Company, Inc. and )
Edward L. Goodwin, )
        Counterclaim Defendants )
)
_____)

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO EXTEND DISCOVERY**

HipSaver's Motion to Extend Discovery (document 103) is necessitated by Posey's contumacious conduct. Over the course of the last three months, Posey has refused to produce documents and information essential to HipSaver's biomechanical and financial damages expert reports; Posey thwarted the expert discovery schedule; and Posey repeatedly stalled HipSaver's Motion to Compel documents and information through a series of to-be-continued meet and confers. Once compelled by the magistrate

1

judge's order to comply, Posey objected that the order was "improper" and outside the scope of authority; and, on March 24, 2006, Posey again refused to produce documents and information based, in part, on the assertion which has already been rejected by magistrate judge and the court that discovery is closed.

Posey's misstated Objection to HipSaver's Motion to Extend to Discovery is yet another attempt to obstruct the forward motion of this case. This brief reply is offered only to correct the substantial misstatements set forth in Posey's March 24th Objection to the Motion to Extend Discovery.

**A.    HipSaver Has Pursued Discovery Diligently**

Posey's Responses to HipSaver's Second Request for Production of Documents and Information were due on December 29, 2005. Posey refused to produce any documents or information, claiming that discovery had closed. In fact, discovery closed the next day, December 30th.

In an attempt to resolve this issue as required under local rules 37.1 and 7.1, HipSaver then requested an opportunity to meet and confer. Over the next month, the parties engaged in a number of continued, drawn-out meet and confer telephone conversations:

- On January 13, 2006, counsel for the parties conferred at length. Following this telephone call, the parties agreed to confer further on January 17, 2006. In its January 13, 2006 letter confirming the substance of the telephone conversation of that day, HipSaver stated that it intended to continue the discussion of "the Defendant's Response to HipSaver's Second Request for Production of Documents." on January 17th. *See* correspondence at Attachment A.

- The parties conferred again on January 17, 2006.  However, the matter was not resolved; and counsel agreed to confer further on January 19, 2006.  In its confirmation letter dated January 18, 2006, counsel for HipSaver stated that, "We hope to discuss the Defendant's refusal to provide any document in response to HipSaver's Second Request for Production of Documents.  We do not agree that our Second Request for Production was, in any respect, untimely, and hope that Defendant will reconsider its refusal to respond substantively." *See* correspondence at Attachment A.

- On January 19, 2006, the parties conferred once again.  And in a letter dated January 19th, counsel for Posey suggested that it would comply: ***"We can agree to disagree as to whether your request was untimely. (It was.)  Nonetheless, I will likely agree to produce documents."*** *See* correspondence at Attachment A.

- Posey never made a substantive amendment or a substantive response to the Request for Production.

Contrary to the misstatements in Posey's Objection to the Motion to Extend Discovery, HipSaver has made repeated, timely attempts to confer and resolve the discovery issues and proceeded in utmost good faith to resolve this matter without resorting to a Motion to Compel.  HipSaver even offered significant modifications to its discovery requests in an effort to obtain discovery to which it has a right.  *See* item 8 in HipSaver's January 18th letter to Posey's counsel, at Attachment A.  In response, however, Posey "strung out" the meet and confer process, even resorting to the misleading suggestion <u>in writing</u> on January 19th that it would ***"likely agree to produce***

*documents"*. In retrospect, it is clear that all of this was a tactic to exhaust discovery under the scheduling order.

On February 8, 2006, having exhausted all efforts at compromise, HipSaver filed its Motion to Compel. The motion was heard and granted by Magistrate Judge Collings on March 2, 2006. Through his order, Magistrate Judge Collings attempted to put an end to Posey's delay tactics. Yet, consistent with its obstinate behavior, Posey filed objections to Magistrate Judge Collings' order, claiming that the magistrate judge acted outside the scope of his authority. Notwithstanding the trial court's subsequent ratification of the Magistrate Judge's authority, Posey has now submitted amended discovery responses which refuse to provide documents and information to the critical financial damages and biomechanical requests.

**B.    An Extension of Discovery is Required to Maintain Fairness in this Proceeding**

In having resisted discovery since December and in having again resisted discovery in the face of the magistrate judge's March 2d ruling, Posey has continued to stall and thwart HipSaver's ability to conduct expert analysis and prepare expert reports. Until Posey produces financial and biomechanical documents and information, HipSaver is incapacitated. It cannot prepare expert reports, and it certainly cannot submit expert reports to Posey. Therefore, an extension of the discovery period is essential to maintain fairness in the case. In fact, given Posey's further delay, an even larger extension will be required now to enable HipSaver to review yet-to-be produced material and prepare its expert reports.

Contrary to Posey's misstated objections, HipSaver has not thwarted financial and biomechanical discovery and has not failed to proceed expeditiously with fact discovery

4

and expert reports. Rather, the Defendant has stalled discovery since December, has resisted the magistrate judge's discovery order, and has been engaged for months in stonewalling – aimed at running the clock on the scheduling order. Without a scheduling order extension, Posey's tactics will prevail. Magistrate Judge Collings' order will be deemed moot, Posey will move to strike HipSaver's expert reports as untimely, and Posey will move for summary judgment, relying on its own expert reports and HipSaver's inability to submit contrary evidence. Without an extension of the discovery period, Posey's actions with be rewarded. HipSaver will be deprived of all opportunity to prepare its case.

Depriving HipSaver of discovery will unfairly prejudice its ability to prepare its case for trial. Therefore, HipSaver renews its request for extension of the discovery deadlines.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg
BBO No.: 058480
Edward J. Dailey.
BBO No.: 112220
Courtney M. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
edailey@bromsun.com
Dated: March 29, 2006

**CERTIFICATE OF SERVICE**
I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 29, 2006.

/s/ Edward J. Dailey
Edward J. Dailey

02820/00502 481180.1

**ATTACHMENT A**

125 SUMMER STREET  BOSTON MA 02110-1618
T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG ✷ SUNSTEIN LLP

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

January 13, 2006

**By pdf only**

Jeffrey G. Sheldon, Esq.
Douglas H. Morseburg, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Anthony J. Fitzpatrick, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, Massachusetts  02210

    Re    *HipSaver v JT Posey Company*
           Our File    02820 / 00502

Dear Jeff, Doug, and Tony:

    Following up on the telephone conference this afternoon, we agreed to confer further on Tuesday afternoon, January 17, 2006 at 5:00pm Boston time. We will initiate the call to Mr. Morseburg's office.

    Pursuant to L.R. 7.1 and L.R. 37.1, we wish to discuss the following matters:

1. Scheduling the Rogers Corporation deposition
2. Document discovery with respect to ElderDepot
3. The Defendant's Response to HipSaver's Second Request for Production of Documents

ATTORNEYS AT LAW

Page 2

We agree also to continue the discussion on Tuesday afternoon of matters related to the motions to compel the Brogna and Goodwin depositions. In that respect,

- We understand that you will consult with your client about agreeing to share the Brogna deposition expenses as set out in ¶ 2 of Mr. Sheldon's December 5th letter and accepted by your client as reported in your December 8th e-mail. In addition, we have agreed to pay any waiting time charge for the stenographer which may have been charged incorrectly to your firm for the morning of November 30, 2005. And, of course, we continue to agree to make Ms. Brogna available for deposition. We tentatively agreed to make Ms. Brogna available on January 24th at 9:30. We should confirm that date or another on our next call.

- For any further deposition of Mr. Goodwin, we have asked you to identify any substantive matters which may require Mr. Posey's participation to assist counsel. While I am skeptical that there is a subject which requires Mr. Posey's assistance to counsel, we are prepared to discuss any subject which is not privileged.

- We have asked you also to identify that part of Mr. Goodwin's testimony that refers to temperature or launderability specifications for the protective element material used in HipSaver® products. As noted, we are greatly concerned about protection of trade secrets which would be lost instantly if the material is identified.

Finally, we agree to discuss any of our document or interrogatory responses which you believe require supplementation. You have agreed to identify any problematic responses on Tuesday afternoon.

Best regards,

Edward J. Dailey

02820/00502 459792.1

125 SUMMER STREET BOSTON 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

**BROMBERG ✯ SUNSTEIN** LLP

EDWARD J DAILEY
T 617 443 9292 x233
EDAILEY@BROMSUN.COM

January 18, 2006

**By pdf only**

Jeffrey G. Sheldon, Esq.
Douglas H. Morseburg, Esq.
SHELDON & MAK
225 South Lake Avenue
Pasadena, California  91101

Anthony J. Fitzpatrick, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, Massachusetts  02210



    Re    *HipSaver v JT Posey Company*
           Our File    02820 / 00502

Dear Jeff, Doug, and Tony:

    Following up on the telephone conference on Tuesday afternoon, January 17, 2006, we agreed to confer further on Thursday afternoon, January 19, 2006.  If 5:00pm Boston is not convenient, please e-mail me; and propose another time for Thursday.

    Pursuant to L.R. 7.1 and L.R. 37.1, we discussed a number of matters which I wish to document:

    1.  We agreed to supplement HipSaver's Response to the Defendant's First Request for Production of Documents.  That supplementation will be completed today, and supplemental documents will be delivered by January 30, 2006 – with the exception of financial documents which are subject to the terms stated in paragraph 8 below.

ATTORNEYS AT LAW

2. We agreed also to supplement HipSaver's Answers to the Defendant's Interrogatories. We agree to provide supplemental answers also by January 30, 2006.

3. You have again deferred the Brogna deposition. Our continuing agreement to make her available for deposition is as stated in my letter of January 13th.

4. You have again deferred the question of pressing further deposition of Mr. Goodwin. We understand that you will review Mr. Goodwin's November 30th deposition in consultation with Mr. Posey to determine what non-privileged subjects, if any, may require his assistance. Of course, subjects which we have now designated as Attorney Eyes Only cannot be discussed with Mr. Posey.

5. You have tentatively scheduled the Rogers Corporation deposition for Friday, January 27, 2006 in Boston. We agree to this arrangement. In addition, we have requested your agreement to a document subpoena in conjunction with the deposition. Specifically, we are seeking documents (such a purchase orders) showing all Poron sales/samples/deliveries to Posey or for Posey during 2003. Additionally, and with respect to any such sales/samples/deliveries, we are seeking documents which identify the type of Poron and its dimensions, physical properties, color, and volume of material delivered to or for Posey. Finally, we are seeking the ASTM standard cited by Rogers corporation and by the Defendant as ASTM D 746-98.

6. We are hoping to avoid a motion for limited discovery related to ElderDepot and hope to discuss this matter further with you on Thursday. We appreciate your agreement to provide us with a supplement to the 2005 Posey catalog showing how the corrective advertising statement was sent to ElderDepot and other customers. Nevertheless, we wish to obtain documentation of the business relationship with ElderDepot and all documents (other than financial documents) related to advertising and offering of Hipster products by ElderDepot.

7. From review this morning of certain Garwood test documents, we learned that JT Posey already has samples of HipSaver's hip protector material *and that Posey has long since identified it by manufacturing source.* While this information will continue to be designated as "attorney eyes only" (Posey has already designated it as such), our earlier request for heightened safeguard of this information is moot.

8. We hope also to discuss the Defendant's refusal to provide any document in Response to HipSaver's Second Request for Production of Documents. We do not agree that our Second Request for Production was, in any respect, untimely, and hope that the Defendant will reconsider its refusal to respond substantively. We also limited these requests to documents relating to events occurring between 2001 an the present pertaining to activity in the U.S. and relating only to Fall Management products, as defined by Posey in its catalogue. Assuming agreement can be reached, you agreed with us yesterday that the parties will exchange financial discovery on a mutually agreed upon date – hopefully within the next two weeks.

9. Finally, we should discuss the outstanding Interrogatory response to HipSaver's Interrogatory no. 2 to the Defendant. Given our agreement to supplement the Plaintiff's Interrogatory Answers by January 30, 2006, we propose that you agree to the same date.

Best regards,

Edward J. Dailey

02820/00502 460867.1

SHELDON & MAK
A PROFESSIONAL CORPORATION
ATTORNEYS
CORPORATE CENTER
225 SOUTH LAKE AVENUE, 9TH FLOOR
PASADENA, CALIFORNIA 91101-3021
FACSIMILE: (626) 795-6321
HOME PAGE: www.usip.com
(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
SHANNON S. SHELDON
A. ERIC BJORGUM
NORMAN VAN TREECK

BROMBERG & SUNSTEIN LLP
RECEIVED
JAN 2 3 2006

CALIFORNIA OFFICES:
RIVERSIDE
UPLAND

LES J WEINSTEIN
SENIOR COUNSEL

WRITER'S DIRECT NUMBER
626.356.1217

WRITER'S EMAIL
DOUG@USIP.COM

January 19, 2006

**Via PDF and U.S. Mail**

Edward J. Dailey, Esq.
Bromberg Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618

      Re:    HipSaver v. Posey and Related Counterclaim
               Sheldon & Mak Matter No. 16112.24

Dear Ed:

Reference is made to your letter of yesterday regarding various discovery issues.

I have some comments regarding the numbered items in your letter.

    1. Although we did not discuss a date for HipSaver's further production of documents, January 30, 2006 is acceptable. Also, as I mentioned during our discussion, the discovery obligations of parties to litigation are independent. Thus, your tying of your clients' production of documents to our client's production of documents is completely improper.

    2. Although we did not discuss a date for HipSaver's supplementation of its interrogatory responses, January 30, 2006 is acceptable.

    3. We agreed to defer further discussion of Ms. Brogna's deposition in part because any agreement regarding her deposition may be tied into an agreement with respect to Mr. Goodwin's deposition.

    4. I do not agree with your statement that we cannot discuss with Mr. Posey "subjects" you have designated confidential. We will, however, abide by the protective order. I also want

Edward J. Dailey, Esq.
Bromberg Sunstein LLP
January 19, 2006
Page 2

to add that Mr. Goodwin testified at his deposition in October that there were certain documents relating to HipSaver's sales, costs and profits that and/or its alleged damages that had never been produced. These include: (i) sales documents showing how much HipSaver has been damaged by Posey's alleged acts (see pp16-18); (ii) documents showing HipSaver's deductions from income (see p. 40); (iii) attachments to HipSaver's 2003 tax return (see p. 43); (iv) underlying documents that "flow into" HipSaver's tax returns (p. 46); (v) documents itemizing HipSaver's expenses (see pp. 47-49); (vi) HipSaver's balance sheets (see p. 49); (vii) computerized listing of customers and their purchases (see p. 66); (viii) notes regarding ex-Posey customers who refuse to purchase hip protectors from anyone (see p. 138). I assume these will be included in HipSaver's further production of documents. Since they should have been produced long ago, we need to discuss the further questioning of Mr. Goodman about them.

5. Rogers' counsel and I previously discussed having the deposition in Boston and we are trying to arrange it for January 27, 2005 in Boston. Although we can further discuss the issue of a subpoena to Rogers, I am not inclined to agree.

6. We can discuss Elder Depot again, but for reasons already stated I am not inclined to agree. Also, I did not agree to provide you with a "supplement" to Posey's 2005 catalog. I agreed to provide you with the Bates numbers of the Posey catalog and the cover that was added to it prior to the time it was mailed and that contained the statement required by the settlement agreement in Posey I. In connection with that, please refer to Bates nos. PC 2754-2833. The pages bearing Bates nos. PC 2756-2831 comprise the actual catalog. The pages bearing Bates nos. 2754-55 and 2832-33 comprise a double-sided separate cover that was "tacoed" around, and stapled to the actual 2005 catalog.

7. Notwithstanding anything that is in Posey's documents, we want unredacted copies of Exhibits 47 and 48, Bates nos. HS2 0031-32.

8. We can agree to disagree to as whether your request was untimely. (It was.) Nonetheless, I will likely agree to produce documents. However, I did not agree to an "exchange" of documents. I said, and I continue to maintain, that the parties' discovery obligations are independent and that your holding of your clients' documents hostage pending my clients' production is improper. The point is so well-established, it does not need citation.

9. This is agreeable.

Edward J. Dailey, Esq.
Bromberg Sunstein LLP
January 19, 2006
Page 3

      I have once again escaped jury duty, so I will be available at 5:00 p.m. your time.

                                 Very truly yours,

                                 Douglas H. Morseburg

DHM:cs