UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY IN
OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") opposes the motion of Plaintiff and Counterclaim Defendant The HipSaver Company Inc. ("HipSaver") for leave to file a reply memorandum in support of its motion for an order (i) extending the expert discovery period in this matter, and (ii) relieving it of its failure either to serve expert witness reports or to seek an extension of its deadline to serve reports prior to the time the deadline expired. The motion should be denied and the so-called "reply" memorandum, which HipSaver has already filed, should be stricken or at least disregarded for the following reasons.

First, it is well-established that a party may not bring up new matters in a reply brief to which its opponent has no opportunity to respond. *Natural Res. Def. Council, Inc. v. U.S. Environmental Protection Agency*, 25 F.3d 1063, 1072 n.4 (D.C. Cir. 1994) (parties are required to raise all arguments in opening brief so as to prevent "sandbagging" and to provide opposition

a chance to respond); *Third Wave Technologies Corp. v. Stratagene Corp.*, 405 F.Supp.2d 991, 1001-02 (W.D.Wis. 2005) (same).

Here, HipSaver's "reply" brief comes fully loaded with three new arguments and 13 pages of new and carefully-selected exhibits. These three new arguments, i.e., (i) that HipSaver has been diligent in pursuing discovery, (ii) that Posey "mislead" HipSaver in an attempt to "exhaust discovery under the scheduling order", and (iii) that "fairness" warrants a re-opening of HipSaver's deadline to designate experts and an extension of the expert discovery period, should **all** have been raised in HipSaver's moving papers. By waiting until its "reply" brief to raise these issues, HipSaver is simply trying to deprive Posey of the opportunity to meet HipSaver's arguments and to correct the misstatements HipSaver has made in its latest submission.

The same reasoning that applies to HipSaver's new arguments applies as well to the new exhibits HipSaver has submitted in support of its so-called "reply". That is to say, they should all have been submitted with HipSaver's moving papers. The only purpose of submitting the exhibits at this juncture is to deprive Posey of the opportunity to respond to them.

The second reason HipSaver's so-called "reply" memorandum should be stricken or disregarded, is that it leaves the Court with a distorted and partial picture of the communications between the parties. Perhaps the best example of this is HipSaver's "Posey lulled us into a false sense of security by saying on January 19, 2006 they would 'likely' agree to produce documents, but then failing to do so" argument.

Had HipSaver included this argument and the exhibits "supporting" it in its brief, Posey would have told the Court in its opposition memorandum that, on January 20, 2006, i.e., the every next day after saying that Posey would "likely" agree to produce some documents voluntarily, counsel for Posey wrote to counsel for HipSaver and stated that, even though Posey

2

was going to be producing some documents voluntarily, he did not know whether the timeliness of HipSaver's second request for production was going to be an issue, but that his view of things [i.e., that the second request was untimely] had not changed.

In other words, counsel for Posey said nothing designed to give HipSaver's counsel the impression that Posey was going to comply with HipSaver's untimely second request for production. Instead, Posey's counsel specifically warned HipSaver that, once Posey produced its documents (which it did about one week later), the timeliness of HipSaver's discovery was likely to be an issue. In the face of this communication and in the face of the numerous substantive objections Posey had asserted to HipSaver's second request for production, HipSaver's contention that it was lulled into a false sense of security by anything Posey said or did rings hollow.

## CONCLUSION

For the foregoing reasons, HipSaver's motion for leave to file a reply brief in support of its motion for an extension of the expert discovery cut-off date should be denied and the Court should strike or disregard the so-called "reply" brief which HipSaver filed on March 29, 2006.

Dated: March 30, 2006

Respectfully submitted,

J.T. POSEY COMPANY
By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg, Admitted
    Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900

Pasadena, CA 91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: March 30, 2006                /s/ Donald K. Piper
                                     Donald K. Piper