# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc.,<br>　　　　　Plaintiff, | )<br>)<br>) |
| v | )<br>) |
| J.T. Posey Company,<br>　　　　　Defendant. | )<br>)<br>) |
| J.T. Posey Company, Inc.,<br>　　　　　Counterclaim Plaintiff, | )<br>) |
| v | )<br>) |
| The HipSaver Company, Inc. and<br>Edward L. Goodwin,<br>　　　　　Counterclaim Defendants. | )<br>)<br>) |

**PLAINTIFF'S FURTHER MOTION TO COMPEL IMMEDIATE PRODUCTION OF DOCUMENTS AND INFORMATION IN RESPONSE TO ITS SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

In an outright evasion of Magistrate Judge Collings' Order of March 2, 2006, the Defendant, J.T. Posey ("Posey") has again stonewalled essential discovery by refusing to produce documents and data in response to HipSaver's Second Request for Production of Documents. Defendant's continued refusal to respond to HipSaver's discovery has effectively halted this lawsuit, thwarted HipSaver's ability to prepare for trial, and, in

1

particular, HipSaver's ability to prepare its expert case on biomechanics related to false advertising and damages.

Since early January 2006, HipSaver has made repeated efforts to confer and reach accommodation with Posey on this discovery, but all to no avail. Even the magistrate Judge's March 2d Order has not been effective to secure discovery. The Defendant's actions have reached a level of inexcusable violation of Fed.R.Civ.P. 34 and 37 and the magistrate judge's Order.

Accordingly, for the reasons stated in the accompanying Memorandum of Law, HipSaver requests an order under Rule 37 compelling <u>complete, immediate production of the documents and data</u> requested in HipSaver's Second Request for Production of Documents. Alternatively, HipSaver seeks an order **1)** barring the Defendant from presenting *any* expert testimony or expert evidence at trial or any other document, data, information, chalk, or exhibit at trial related to HipSaver's expert issues; and **2)** permitting HipSaver to prepare and present an expert damages case based on national marketplace information alone.

Finally, in accordance with Rule 37(a)(4), HipSaver claims costs, expenses, and attorney fees associated with this Motion.

<u>CERTIFICATE PURSUANT TO CIVIL LOCAL RULES 7.1 and 37.1</u>

I certify that counsel for the parties conferred by letter, telephone, and electronic mail on March 27, 2006, March 29, 2006, and March 30, 2006 but were unable to resolve the issues identified in this Motion.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg,
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney Meehan Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
cquish@bromsun.com
Dated: April 3, 2006

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Edward J. Dailey
April 3, 2006

02820/00502 466026.1