# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| J.T. Posey Company, | ) |
| Defendant. | ) |
| | ) |
| J.T. Posey Company, Inc., | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| The HipSaver Company, Inc. and | ) |
| Edward L. Goodwin, | ) |
| Counterclaim Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S FURTHER MOTION TO COMPEL IMMEDIATE PRODUCTION
## OF DOCUMENTS AND INFORMATION IN RESPONSE TO ITS SECOND
## REQUEST FOR PRODUCTION OF DOCUMENTS

In an outright evasion of the magistrate judge's Order of March 2, 2006, the Defendant, J.T. Posey ("Posey") has again stonewalled essential discovery by refusing to produce documents and data in response to HipSaver's Second Request for Production of Documents. *See* **Exh. A**, HipSaver's Second Request for Production of documents. Defendant's continued evasion of discovery has effectively halted this lawsuit, thwarted

HipSaver's ability to prepare for trial, and, in particular, HipSaver's ability to prepare its expert case on biomechanics and damages related to false advertising.

Since early January 2006, HipSaver has made repeated efforts to confer and reach accommodation with Posey on this discovery, all to no avail. Even the magistrate judge's March 2d Order has not been effective to secure discovery. In response to that Order, Posey again refused to produce documents and data, for nine of the fourteen Requests - relying again on the "discovery is closed" excuse which was rejected on March 2d. There is no merit whatsoever to this continued evasion of discovery, and the court must conclude that the Defendant's actions now constitute an inexcusable violation of Fed.R.Civ.P. 34 and 37.

This Motion seeks complete, immediate production of all documents and data in response to document requests Number 15 -19 and 23 – 26.[1] [2]

## ARGUMENT

### I.    Posey Has Neither A Good Faith Nor A Legitimate Basis For Continued Evasion of Document Discovery

In refusing to produce documents and data in December, Posey argued  **1**) that "discovery is closed" and thus it was relieved of the obligation to produce documents and data;  **2**) that the discovery requests are "vague and ambiguous";  **3**) that the discovery

---

[1]  Alternatively, HipSaver seeks an Order  **1**) barring the Defendant from presenting *any* expert testimony or expert evidence at trial or any other document, data, information, chalk, or exhibit at trial related to HipSaver's expert issues; and  **2**) permitting HipSaver to prepare and present an expert damages case based on national marketplace information alone.

[2]   At least for the moment, HipSaver accepts Posey's responses to document requests 20-22 to the extent there are no responsive documents and Posey's responses to document requests 27-28, which relate to future litigation events.

requests are "burdensome"; and **4)** that the discovery requests are not relevant to the claims or defenses in the lawsuit. Notwithstanding the magistrate judge's Order of March 2d, Posey boldly responded again on March 24, 2006 with virtually the same objections – and yet again refused to produce documents and data. This resistance to discovery must be rejected.

**A.    Posey's "Discovery Is Closed" Argument Was Rejected, And That Rejection Has Been Ratified By The Trial Court**

Posey grounded its earlier attempt to avoid document and data discovery with the argument that discovery had closed. This argument was rejected by the magistrate judge on March 2d. Posey then filed an objection with the trial court, claiming that the magistrate judge had acted outside the scope of his authority. The trial court rejected this by Order dated March 14, 2006 in which Saris, J. confirmed the magistrate judge's complete authority over pre-trial case management (other than dispositive motions).

Notwithstanding the magistrate judge's Order and the trial court's Order, Posey's continued discovery refusal rests once again on the repeated objection that "discovery is closed". Yet, Posey has offered nothing new to support this objection; and its repetition in the face of two court orders is not legitimate and certainly cannot have been advanced in good faith. Indeed, this appears to be a direct challenge to the court's authority, a clear refusal to comply with the magistrate judge's Order, and a continuing effort to prolong and thwart this lawsuit in the most expensive manner possible. Posey's resistance to discovery should be rejected once for all.

**B.** **Posey's Claims That The Discovery Requests Are "Burdensome", "Not Relevant", and "Vague And Ambiguous", Are Groundless And Not Advanced In Good Faith**

After Posey refused to provide any documents or data in response to HipSaver's Second Request for Production, Plaintiff made *repeated* efforts to reach an agreement on the discovery. This included HipSaver's January 18 , 2006 proposal to restrict the time period to the *much the same time period* used by Posey in its discovery of the Plaintiff and to narrow the product range from all Posey products to "fall management" products, a relatively narrow category of products which includes the hip protection products at issue in this lawsuit. In short, HipSaver made a substantial, early effort to meet any reasonable objection that the discovery request was too broad or burdensome. In fact, HipSaver's narrowed request seeks much the same in terms of time and scope as Posey itself requested – *and has obtained* - in its document discovery from HipSaver.

**i.** **Financial Document Production Is Not Burdensome**

In December 2005, HipSaver deposed Posey's longtime controller, Charles Nail, for the express purpose of determining where Posey maintains financial information and for assessing the degree of difficulty of producing financial information. Mr. Nail testified that all of Posey's product sales, order entry, customers, delivery, return, budgeting, cost allocation, and financial reporting data is retained in a real time, computerized database, known as "Manage 2000" and is accessible through an algorithm based query system. The database system has all of the Defendant's financial information from 2001 through the present. *See* **Exh. B**, Nail deposition at 12-18, 22-31 (December 15, 2005), to be submitted separately under seal.

This is *not* a case requiring Posey to wade through a musty warehouse for poorly archived paper documents. In light of Mr. Nail's unequivocal testimony, Posey can and does routinely run queries of its database and routinely produces precisely the financial information sought in the Plaintiff's Second Request for Production. As a matter of fact, it is not burdensome. It is simply being resisted to delay, evade, and thwart discovery. Surely, there is little more burden here than "pushing a button".

Doubtless, there may be some specific customer correspondence with respect to Requests 17, 18, 23 which may be retained in e-mail files. Here again, however, an electronic mail system can be queried easily by customer name and will quickly produce all relevant documents. This is not burdensome discovery.

### ii.    HipSaver's Document Requests Are Unquestionably Relevant

Posey argues that HipSaver's customer, financial, and biomechanical document requests are not relevant to this lawsuit. Of course, it strains credulity to argue that correspondence with customers which may bear on false advertising or related to lost business or lost business opportunity is not directly related to Lanhan Act and deceptive practices claims. Similarly, it is groundless to argue that financial information is somehow not directly relevant to determination of damages in a lawsuit seeking damages. And it begs belief to argue that biomechanical information (impact test data, physical properties data, launderability, durability, and urethane component and test data) are somehow not relevant when biomechanical performance is the core issue in dispute in this litigation. This is underscored by the fact that the financial and biomechanical information sought from Posey is virtually identical to the document and data requests

Posey itself made to HipSaver.  See **Exh. C**, JT Posey Company's Second Request For Production.

For example, with the January 18th limitations proposed by the Plaintiff, as noted above at 4, HipSaver's document requests Number 15 and 16 to Posey are virtually identical to Posey's document request Number 26 to HipSaver.  Similarly, HipSaver's document request Number 17 is equivalent to Posey' document request Number 27.[3] And HipSaver's document request Number 18 is virtually identical to Posey's document request Number 28.  Additionally, HipSaver's document request Number 19 is largely equivalent to Posey's document request Number 29.[4]

In the case of customer and biomechanical document and data information requests, HipSaver's request Number 23 is largely equivalent to Posey's document request Number 25.  And HipSaver's request Number 24 is virtually identical to Posey's requests number 28.  Further, HipSaver's requests Number 25 and 26 are virtually identical to similar requests in Posey's requests Numbers 30 – 35.

The substantial equivalence between the document and data discovery sought by HipSaver from Posey and by Posey from HipSaver is attributable to the fact that Posey simply copied much of HipSaver's Second Request for Production of Documents and turned it into a reciprocal Request for Production.  The difference, of course, is that HipSaver responded in good faith and produced the requested documents and information

---

[3]  Posey limited the time period in this single request to 2004 – 2005, solely to be consistent with a summary judgment theory it wishes to press.  Its other document requests apply to the period from 2001 through the present or are open ended.

[4]  HipSaver's request Number 19 seeks Posey's tax returns in addition to other financial data while Posey's request Number 29 does not include that specific request.  Nonetheless, HipSaver has provided its tax returns to Posey.  Moreover, the tax returns are essential to verify Posey's financial data inasmuch as it is not a public company, does not have audited financial statements, and does not otherwise report financial data in a public, verifiable format.

while Posey has stonewalled and evaded discovery for more than three months. Posey's refusal to comply with Rule 34, Rule 37, and the magistrate judge's Order defies the law of this case and any semblance of good faith. It is simply impossible for the Defendant to argue that discovery it sought and obtained from HipSaver is "not relevant" when the same discovery has been sought from Posey.

### iii.   HipSaver's Discovery Requests Are Not Vague And Ambiguous

In view of the substantial similarity between the Parties' discovery requests, one to the other, as noted above, Posey is hard pressed to assert that requests it made to HipSaver were somehow understandable but then were rendered vague and ambiguous when posited to the Posey. Again, this cannot be a good faith objection but , rather, an objection rooted in delay, avoidance, and evasion. The level of this evasion is well demonstrated by Posey's objections to HipSaver's requests Number 23 and 24 which seek documents and information related, in part to Posey dealings with the Veterans Administration. In a preposterous response, Posey refuses to produce documents and information, claiming that the term, "Veterans Administration," is vague and ambiguous. Obviously, Posey's objections here should be rejected on their face.


## II.    The Court Should Order Immediate Production Or Bar The Defendant From Introducing Evidence At Trial

At this point, Posey has completely thwarted fact discovery and HipSaver's expert discovery. Without this discovery, the Plaintiff cannot complete its underlying merits claims review related to false advertising, breach of the earlier settlement agreement, and deceptive practices. Nor can the Plaintiff complete its expert evaluation of biomechanics

issues. All of this discovery is proper and should have been produced long ago. Instead, the Defendant adopted a strategy of delay and misdirection – even suggesting on January 19th that it would produce documents and information – only to refuse two weeks later. Then, Posey resisted the first Motion to Compel and now has resisted the magistrate judge's March 2d Order and the trial court's ratifying Order of March 14th.

Posey's avoidance, delay, and evasion strategy is directed to exhaust the scheduling order – thus leaving HipSaver without discovery which is essential to its fact and expert cases. This is not legitimate practice, it is not in compliance with the Rules, and it is not in good faith.

Accordingly, for the reasons stated in the accompanying Memorandum of Law, HipSaver requests an order under Rule 37 compelling **complete, immediate production of the documents and data** requested in HipSaver's Second Request for Production of Documents. Alternatively, HipSaver seeks an order **1)** barring the Defendant from presenting *any* expert testimony or expert evidence at trial or any other document, data, information, chalk, or exhibit at trial related to HipSaver's expert issues; and **2)** permitting HipSaver to prepare and present an expert damages case based on national marketplace information alone.

## CONCLUSION

For the reasons stated, the magistrate judge should compel immediate production of documents and data or grant the alternative relief requested.

Also, in accordance with Rule 37(a)(4), HipSaver claims costs, expenses, and attorney fees associated with this Motion.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Edward J. Dailey
Lee Carl Bromberg,
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney Meehan Quish
BBO No.:  662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com
Dated:  April 3, 2006

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Edward J. Dailey
April 3, 2006

02820/00502 482259.1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| ——————————————— ) | |
| THE HIPSAVER COMPANY, INC., | ) |
|     Plaintiff / Counterclaim Defendant, | ) |
|  | ) |
| v | ) |
|  | ) |
| J.T. POSEY COMPANY, | ) |
|     Defendant / Counterclaim Plaintiff | ) |
|  | ) |
| ——————————————— ) | |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, The HipSaver Company, Inc. ("HipSaver") requests, pursuant to Fed. R. Civ. P.

26, 34 and L.R. 34.1, production of the documents and things requested here.  Your response is

to be in conformance with Fed. R. Civ. P. 34 and is to include a separate, full and complete

response to each of the following requests for production of documents.

## PRELIMINARY INSTRUCTIONS

A.  The discovery requested in these requests, unless otherwise specified and without

regard to the tense used in any request, seeks documents and things for the period from January

1, 2000 *through the present and up to and through conclusion of this litigation.*

B.  If any request has subparts, Defendant must respond to each subpart separately and in full and not limit the answer to the request as a whole.

C.  Defendant must make a diligent search and must respond to each request upon your entire knowledge, available from all sources, including:

> 1) all information in your possession or in the possession of any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship;

> 2) all information in the possession of any present or former officer, director, employee, agent, servant, representative, attorney, or other person acting for or on behalf of the Defendant or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship; and

> 3) all information available to the Defendant.

D.  If the Defendant cannot respond completely to any of the requests, please respond to the extent possible, specifying the reason for inability to respond to the remainder and stating any information or knowledge the Defendant has concerning the portion to which it cannot respond fully and completely.

E.  If any document or thing called for in these requests is being withheld on the ground that it is subject to a privilege or otherwise protected from discovery, your attorney is required under L.R. 34.1 to state in full with respect to each document or thing, the precise nature of any grounds for the privilege or other exemption claimed. Also, please prepare and produce a privilege log identifying each such withheld document by stating in full, the title of the document, its date, subject matter, number of

pages, and the identity of the author of the document, stating in full the author's name, last known or present residential address, and last known or present business address and position; the identity of all recipients of an original or copies thereof, stating in full each recipient's name, last known or present residential address, and last known or present business address and position; and identify each such thing being withheld by a complete description of its appearance and function and the last known or present location thereof.

F.  If any document requested here has been destroyed, state the reason for its destruction.  Also, please prepare and produce a destruction log identifying each such destroyed document by stating in full, the title of the document, its date, subject matter, number of pages, and the identity of the author of the document, stating in full the author's name, last known or present residential address, and last known or present business address and position; the identity of all recipients of an original or copies thereof, stating in full each recipient's name, last known or present residential address, and last known or present business address and position; and identify each such document which was destroyed by a complete description of its appearance and function and the last known or present location thereof; and identify all persons having any knowledge of its destruction and each person responsible for its destruction, stating in full each such person's name, last known or present residential address, and last known or present business address and position.

G.  These requests shall be continuing requests pursuant to Fed. R. Civ. P. 26(e), so as to require additional and supplemental responses if the Defendants obtain further information or documents or things at any time between the time responses are served and the termination of this action.

H.  The documents and things requested here shall be produced for inspection and copying at the offices of BROMBERG SUNSTEIN LLP, 125 Summer Street, Boston, Massachusetts 02110.

I.  For these requests, grammatical conventions shall be governed by Patricia T. O'Conner, Woe Is I (Riverhead Books 1996).


## DEFINITIONS

A.  Definitions set out in Fed. R. Civ. P. 34 apply to these requests and expressly include all data and documents maintained, stored, or archived in any electronic form or medium.

B.  The term, you, your, yourself, or the term, Posey,  or the term, Defendant, as used in these requests means the Defendant and all related, affiliated, sponsored, or controlled persons, companies, entities, subsidiaries, and sole proprietorships and includes any present or former officer, director, employee, agent, servant, representative, attorney, and any other person acting for or on behalf of the Defendant or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship.

C.  The term, person, as used in these requests is defined as any natural person or any business, legal, or governmental entity or association and includes any officer, director, corporate member, trustee, employee, agent, servant or representative of any such entity or association.

D.  The word, or, as used here shall be construed to mean and / or.

E.  Words used in the singular shall, where the context permits, be deemed to include the plural.  Words used in the plural shall, where the context permits, be deemed to include the singular.

F.  The term, <u>related in any manner to</u>, as used in these requests means containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, or otherwise pertaining to or bearing upon the matter set forth.

G.  The term, <u>refer in any manner to</u>, as used in these requests means containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, or otherwise pertaining to or bearing upon the matter set forth.

H.  The term, <u>Garwood</u> or <u>Garwood Laboratories</u>, as used in these requests means Garwood Laboratories and all related, affiliated, sponsored, or controlled persons, companies, entities, subsidiaries, and sole proprietorships and includes any present or former officer, director, employee, agent, servant, representative, attorney, and any other person acting for or on behalf of the Garwood Laboratories or any related, affiliated, sponsored, or controlled person, company, entity, subsidiary, or sole proprietorship.

I.  The term, <u>Hipster</u> as used in these requests, means the Defendant's hip protector products and any component part of one or more of those products.

J.  the term, <u>Posey Products</u> as used in these requests means all of the Defendant's products as listed in its catalogs and website.

Please note that numbering of document requests here is serial from the first Request for Production of Documents. The first numbered Request is no. 15.

## **Documents and Things to be Produced**

15.    Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

   a) Unit volume of United States sales for each category of Posey Products (*see* Definitions item I above)

   b) Revenue for each category of Posey Products sold in the United States

   c) Costs charged against each category of Posey Products sold in the United States

   d) Profit or margin for each category of Posey Products sold in the United States

   e) Unit volume of foreign sales by country and total unit volume of foreign sales for each category of Posey Products (*see* Definitions item I above)

   f) Revenue for each category of Posey Products sold outside the United States, itemized by country and in total

   g) Costs charged against each category of Posey Products sold outside the United States, itemized by country and in total

   h) Profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total

16    Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

   a) Unit Volume of United States sales for each category of Hipster (*see* Definitions item I above)

b) Revenue for each category of Hipster sold in the United States.

c) Costs charged against each category of Hipster sold in the United States

d) Profit or margin for each category of Hipster sold in the United States

e) Unit volume of foreign sales for each category of Hipster (*see* Definitions item I above), itemized by country and in total

f) Revenue for each category of Hipster sold outside the United States, itemized by country and in total

g) Costs charged against each category of Hipster sold outside the United States, itemized by country and in total

h) Profit or margin for each category of Hipster sold outside the United States, itemized by country and in total

17    Please provide all documents and data which include or refer or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers, including the following distributors and health care providers:

a) Briggs

b) Alimed

c) Samons Preston

d) Life Care

e) Manor Care

f) Kindercare

g) Beverly Enterprises

h)  Richland Health Care (Life Care), Richland WA

i)  Life Care Center of San Gabriel, San Gabriel CA

j)  Bangor Mental Health Institute, Bangor, ME

k)  Truman Medical Center at Lakewood, Kansas City MO

l)  Peaks Care Center, Longmont CO

m) Dunn County Health Care Center, Menomonie WI

n)  VAMC Bedford, Bedford MA

o)  VA Brockton, MA

p)  VA Boston, MA

q)  VA Mountain Home, TN

r)  All other Veterans Administration facilities

s)  Resthaven York, York PA

t)  Pleasant Meadows Christian Village, Chrisman IL

u)  Friendship Village, Schaumburg IL

v)  Pisgah Manor, Candler NC

w) Golden View, Meredith NH

x)  Seneca Place, Verona PA

y)  Phoebe Ministries, Allentown PA

z)  Dow Rummel Village, Sioux Falls SD

aa) Eaglewood care center, Springfield OH

bb) Baptist medical Center, Little Rock AR

cc) Cedar Wood Health Care, Colorado Springs CO

dd) Park River States Care Center, Coon Rapids MN

ee) Regency at the Park, College Place WA

ff) Kennedy Park Medical & Rehab, Schofield WI

gg) River Mede Health Care, Binghamton NY

hh) Sacred Heart Home, Hyattsville, MD

18.     Please provide all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for <u>each</u> calendar year, 2000 through 2005:

a)  Customer returns or rejections of Hipster products

b)  Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products

c)  Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products

d)  Veterans Administration facility returns or rejections of Hipster products

e)  Discounts, refunds, rebates, replacements, and write offs made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

f)  Any other adjustments made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

19.     Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

a)  The Defendant's tax returns

b) Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets

c) Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit.

20.    Please provide all documents, including correspondence of any sort to or from customers or potential customers, which include or refer or relate in any manner to the "Hip Protector Impact Reduction Rate Comparison" exemplified by the Defendant's document PC 0852 or any similar documents.

21.    Please provide all documents, including correspondence of any sort to or from customers or potential customers, which refer or relate in any manner to the "correlation of the data from the 1994 and 1999 Finnish and (*sic*) studies to the laboratory tests completed on our product this week through an independent laboratory", as stated in the Defendant's document PC 0853 or any similar documents.

22.    Please produce the studies referred to in Request no. 21 together with the "correlation of the data" from those studies to the "laboratory tests" referred to in Request no. 21.

23.    With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:

a)  the Veterans Administration

b)  Life Care

c)  Manor Care

d)  Kindercare

e)  Alimed

f)  Briggs

g)  Samons Preston

24.    With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability.

25.    Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.

26.    Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F.

27.    Please provide all expert reports; all documents, data, and information provided to experts; and all correspondence to and from experts who have or will be retained in this lawsuit.

28.    Please provide all documents, data, information, charts, chalks, and exhibits that the Defendant intends to introduce at trial.

THE HIPSAVER COMPANY, INC.
By its Attorneys,

_____/s_____
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
Dated:  11.29.05

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., ajfitzpatrick@duanemorris.com, DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts  02210, and by electronic mail and USPS First Class mail to Douglas H. Morseburg, Esq., doug@usip.com, SHELDON & MAK, 225 South Lake Avenue, Pasadena, California  91101.

_____/s_____
Courtney M. Quish

02820/00502  448824.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

EXHIBIT C

|  |  |
|---|---|
| HIPSAVER COMPANY, INC., | Case No. CV-05-10917 PBS |
| Plaintiff, | |
| v. | |
| J.T. POSEY COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | |

## DEFENDANT J.T. POSEY COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO HIPSAVER COMPANY, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant J.T. Posey Company ("Posey"), by and through its attorneys, Sheldon & Mak, requests that Plaintiff HipSaver Company, Inc. ("HipSaver") respond in writing to the following requests for production within te time permitted by law and HipSaver produce and make available for inspection and copying the documents and tangible things described in the following numbered paragraphs, at the offices of Posey's counsel on December 30, 2005, at 10:00 a.m.

Please read the following instructions and definitions carefully. They apply to all requests for production in this case.

//

//

## CLAIMS OF PRIVILEGE

If any information responsive to any of the following document requests is withheld on the basis of privilege and/or work-product, the following information is requested with respect to any such refusal:

1.    The type of document (e.g. letter, memorandum, contract, etc.);

2.    The date of the document and/or the date of its origination;

3.    The length of the document (in pages);

4.    An identification of any enclosures or attachments;

5.    The identity (name and title or position) of any person(s) who prepared, signed, authored, or originated the document;

6.    The identity (name and title or position) of the addressee(s) of the document;

7.    The identity (name and title or position) of any other person(s) who is known or believed to have received a copy of or otherwise seen such document;

8.    The nature of the privilege or immunity being invoked;

9.    The basis for the invocation of the privilege or immunity;

10.    A brief description of the general subject matter and contents of the document sufficient to enable a prima facie determination to be made as to the validity of the claim of privilege or immunity; and

11.    The location of the document.

## INSTRUCTIONS

1.    In responding to these requests, you are required to produce all documents (except for privileged documents) that are in your possession, custody or control, including

2

documents that are in the possession of any agent, employee, representative (including, without limitation, attorneys and accountants), or any other person acting or purporting to act for or on behalf of HipSaver or in concert with HipSaver.

2.     Pursuant to Fed. R. Civ. P., Rule 26(e), the following requests are continuing so that if, at any time, HipSaver later obtains possession, custody or control of any documents (except for privileged documents) that fall within the scope of the following requests, HipSaver is required to make a supplemental response, as though Posey had served upon HipSaver a request to supplement HipSaver's prior response.

3.     To the extent that an objection is made to any document request as overly broad or unduly burdensome, set forth the factual basis for that conclusion and specify which documents or categories of documents responsive to the request you agree to produce.

4.     To the extent that any document request is objected to as vague or ambiguous, identify the particular words, terms or phrases that you assert make that request vague or ambiguous, and specify the meaning actually attributed by you to those words, terms, or phrases for purposes of your response to such request.

5.     You are requested to produce documents in the form in which they are kept in the ordinary course of business. Documents should be produced in their original labeled file folders, or placed in separate file folders labeled (or otherwise identified) identically to the original file folders. Documents not retained in files or folders (such as documents specifically generated in response to any request) should be labeled or otherwise identified as to source.

6.     If objection is made to any part of a particular request, that part should be specified (together with the grounds for the objection), and any other portion of the request to

which no objection is made should be answered and documents responsive to that portion produced.

## DEFINITIONS

1.    The Definitions set forth in Rule 26.5(c) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated into these requests by reference.

2.    The terms "HipSaver," "your" and "you" means HipSaver Company, Inc. to the extent provided in Local Rule 26.5(c)(5).

3.    The term "Posey" means J.T. Posey Company to the extent provided in Local Rule 26.5(c)(5).

4.    The term "Complaint" means HipSaver's Complaint filed in the within matter.

5.    The term "Garwood" means Garwood Laboratories, Inc., which is referred to in the prayer for relief in the Complaint, as well as, its officers, directors, employees, partners, corporate parent, subsidiaries and affiliates.

6.    The term "Impact Study" means the Garwood study which is referred to in the prayer for relief in the Complaint.

7.    The term "Goodwin" means Edward L. Goodwin, HipSaver's President.

8.    The term "Brogna" refers to Helen Brogna, a HipSaver officer and shareholder.

9.    The term "Hayes" refers to Wilson C. Hayes, Ph.D., an expert witness identified by HipSaver.

10.    The terms "and" and "or" shall be construed to each mean "and/or."

4

11. The use of the singular includes the plural and the of the plural includes the singular.

12. The terms "all" and "each" shall be construed to each include all and each.

## REQUESTS FOR PRODUCTION

23. All documents, including but not limited to emails, letters, memoranda and handwritten notes, concerning communications between any HipSaver officer, director, employee, agent or representative, on the one hand, and any other person, on the other, that mention, refer to or relate to Posey, or any of Posey's hip protector products.

24. All documents, including but not limited to emails and letters, that constitute, evidence, mention, refer to or relate to, communications between Goodwin and Tom Hedman, Ph.D.

25. All documents, including but not limited to emails, letters, memoranda and handwritten notes, concerning communications between any HipSaver officer, director, employee, agent or representative, on the one hand, and any representative of any governmental or regulatory agency, on the other, that mention, refer to or relate to Posey or any of Posey's products.

26. All documents and data for the following categories of information for calendar year 2001 through 2005:

a) Unit volume of United States sales for each HipSaver product;

b) Revenue for each HipSaver product sold in the United States;

c) Costs charged against each HipSaver product sold in the United States; and

d) Gross and net profit and profit margin for each HipSaver product sold in the United States.

5

27. All documents and dat which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each HipSaver product for all of your United States customers.

28. All documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for the period from September 22, 2004 through the present:

a) Customer returns or rejections of HipSaver products;

b) Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about HipSaver products; and

c) Any other adjustments made in response to customer returns, rejections, or complaints about HipSaver products.

29. All documents and data for the following categories of information for each calendar year 2001 through 2005:

a) Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets;

b) Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit.

30. All documents concerning testing of the durability of HipSaver products and/or the materials from which HipSaver's hip protectors are made.

31. All documents concerning the launderability of HipSaver's products according to any standards promulgated by the CDC.

32. All correspondence with any person regarding the degradation of Posey hip protectors and/or the materials from which Posey's hip protectors are made.

6

33.    In the event you contend that only HipSaver hip protectors meet the CDC Guidelines for infection control in the laundry, as stated on HipSaver's Internet website, all documents that support or relate to that contention.

34.    In the event you contend that HipSaver's hip protectors can be washed or dried up to 250 degrees Fahrenheit, as stated on HipSaver's Internet website, all documents that support or relate to that contention.

35.    In the event you contend that HipSaver hip protectors will not fall apart or degrade like its competitors' products, as stated on HipSaver's Internet website, all documents that support or relate to that contention.

36.    All documents concerning the forwarding by Edward Goodwin of any emails to any person at SafeHip during the period between June 17, 2002 and July 1, 2002.

37.    All documents concerning any trade shows attended by anyone on behlaf of HipSaver during the period 2001 through the present.

38.    All expert reports.

39.    All documents, data, and information provided to experts; and all correspondence to and from experts who have been or will be retained in this lawsuit.

//

//

40.     All documents, data, information, charts, and exhibits that HipSaver intends to
introduce at trial.

Dated: November 30 , 2005

J.T. POSEY COMPANY
By its attorneys,

Douglas H. Morseburg

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
         Admitted Pro Hac Vice
Shannon S. Sheldon, Admitted Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

8