# United States District Court
# District of Massachusetts

THE HIPSAVER COMPANY, INC.,
    Plaintiff,

V.                  CIVIL ACTION NO. 2005-10917-PBS

J. T. POSEY COMPANY,
    Defendant.

## ORDER
## ON PLAINTIFF'S MOTION
## TO EXTEND DISCOVERY (#103)

COLLINGS, U.S.M.J.

    After hearing held this date, the Court shall deal with this matter summarily. The Court on March 31, 2006 allowed Plaintiff's Motion for Extension of Time to Complete Discovery (#103) and indicated that it would set a revised schedule at today's hearing. At today's hearing, it became clear that the setting of a new schedule is dependent to a large extent on what action Judge Saris takes on defendant's objections (#105) to the electronic order of March 2, 2006. Judge Saris has yet to rule on those

objections.

In addition, on March 31, 2006, the Court issued an electronic order granting an enlargement of time to complete discovery.[1] The Court further indicated that it would set a new schedule at today's hearing. Defendant's counsel stated at today's hearing that the defendant is going to file an objection to the March 31st electronic order as well as to any scheduling order which the undersigned issues after today's hearing.

In these circumstances, the Court will issue a revised Scheduling Order which, of course, is subject to possible change based on Judge Saris' rulings on the objections to both the March 2 electronic order on the one hand and the March 31 electronic order and the within Order on the other.

(1)  The plaintiff shall serve its expert reports in full compliance with Rule 26(a)(2)(B), Fed. R. Civ. P., no later than forty-five (45) calendar days[2] after the date upon which the Court (a) rules on motion #113 or (b) orders

---

[1] Defendant complains that this enlargement has the effect of having plaintiff's expert reports served after defendant's expert reports. If the defendant was concerned about serving its expert reports first, it could have sought an extension of time to serve its reports until the question of whether the plaintiff would be granted an extension was resolved. Defendant knew that the plaintiff had identified its experts on January 16, 2006 but had not served reports. Yet defendant chose not to seek an extension of the date by which it had to serve its reports, i.e., February 16, 2006, and instead served the reports. If the defendant had sought such an extension, it would have been granted so as to preserve the sequence of expert designations established at the original scheduling conference.

[2] If the last calendar day is on a weekend or federal holiday, the filing and service shall be on the next working day.

production of documents pursuant to motion #113, whichever is later.[3]

(2)    The defendant shall serve any rebuttal expert reports within twenty-one (21) calendar days after the date upon which plaintiff is to serve its expert reports.

(3)    Expert depositions shall be completed within thirty-five (35) calendar days after the date upon which defendant is to serve its rebuttal expert reports.

(4)    Dispositive motions shall be filed and served twenty-one (21) calendar days after the date upon which expert depositions are to be completed.

(5)    Oppositions to dispositive motions shall be filed and served twenty-one (21) calendar days after the date upon which dispositive motions are to be filed.

(6)    Reply memoranda (not to exceed seven [7] pages in length) shall be filed and served ten (10) calendar days after the date upon which

---

[3] If Judge Saris sustains defendant's objections to the March 2, 2006 electronic order, motion #113 will be summarily denied.

oppositions are to be filed.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: April 6, 2006.