UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) <br> ) Civil Action No. 05-10917 PBS <br> ) |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**OBJECTIONS OF DEFENDANT J.T. POSEY COMPANY INC. TO:
(1) ELECTRONIC ORDER OF MARCH 31, 2006; AND
(2) APRIL 6, 2006 ORDER ON PLAINTIFF'S MOTION
TO EXTEND DISCOVERY**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure[1] and 28 U.S.C. § 636(b)(1)(A), Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") objects to: (i) the March 31, 2006 electronic order of Magistrate Judge Collings, and (ii) the April 6, 2006 order of Magistrate Judge Collings on the motion of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver") to extend the expert discovery cut-off date and reset its expired deadline to designate experts and produce expert reports.

With all due respect to the Magistrate Judge, both the March 31, 2006 electronic order and the April 6, 2006 order are contrary to law because they were not based upon a showing or a finding of "good cause", as required by Rule 16(b). Consequently, Posey requests that the Court set aside or modify both orders and that the Court reconsider *de novo* the matter of Hipsaver's motion.

---

[1] All further "Rules" references shall be to the Federal Rules of Civil Procedure.

## I.  FACTS

The relevant facts are these: HipSaver commenced the instant action on May 4, 2005, by filing its complaint for (i) false advertising under federal law, (ii) unfair business practices under Massachusetts state law, and (iii) breach of contract. Docket No. 1.  On June 17, 2005, Posey filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] or, in the alternative, for summary judgment under Rule 56. Docket No. 4.  That same day, it filed a second motion asking the Court to transfer this action to California. Docket No. 8.

On July 1, 2005, HipSaver opposed Posey's motions.  As part of its opposition, HipSaver made its own motion for partial summary judgment on its claim for breach of contract.  Docket No. 16.  This Court held a hearing on the parties' respective motions on July 12, 2005.  At the hearing, the Court denied the parties' respective motions and afterwards, it entered a scheduling order (the "Scheduling Order").  See Docket No. 27.

The Scheduling Order set the following deadlines, among others:

| | |
|---|---|
| October 31, 2005 | Deadline for the completion of fact discovery; |
| November 15, 2005 | Deadline for HipSaver's expert designation; |
| December 15, 2005 | Deadline for Posey's expert designation; and |
| January 15, 2006 | Deadline for the completion of expert discovery. |

At the time it received the Scheduling Order, HipSaver did not indicate to Posey or the Court that it was confused as to when it was required to serve its expert reports.  Nor did it ask the Court for a clarification as to when it was required to serve its expert reports.

---

[2]  All further "Rules" references shall be to the Federal Rules of Civil Procedure.

2

On or about October 21, 2005, HipSaver moved to amend the Scheduling Order to extend the discovery deadline and all other pre-trial dates. *See* Docket No. 53. Specifically, HipSaver asked the Court to set the following extended deadlines, among others:

| | |
|---|---|
| December 30, 2005 | Deadline for the completion of fact discovery; |
| January 16, 2006 | Deadline for HipSaver's expert designation; |
| February 16, 2006 | Deadline for Posey's expert designation; and |
| March 31, 2006 | Deadline for the completion of expert discovery. |

In the papers HipSaver submitted in support of its October 21, 2005 motion, HipSaver did not indicate that it was confused as to when it was required to serve its expert reports under the original Scheduling Order. And, although it easily could have done so, it did not include in its motion any request that the Court set a date other than January 16, 2006 as the date on which it was required to serve its expert reports. Although Posey was opposed, this Court granted HipSaver's motion on October 27, 2005. *See* Electronic Order dated October 27, 2005.

On November 29, 2005, HipSaver served Posey with a second request for production of documents (the "Request"). Posey served its written response (the "Response") to the Request on the day it was due, i.e., January 3, 2006. In the Response, Posey objected to the Request on the grounds that, among other things, it was untimely. Posey also interposed substantive objections to the individual document categories described in the Request. *See* Declaration of Douglas H. Morseburg In Opposition to Motion to Extend Discovery, at paragraph 2 (hereafter, "Morseburg Opp'n Decl., ¶ ___.") (Docket No. 108).

On January 16, 2006, HipSaver served Posey with a document entitled "Plaintiff HipSaver's Designation of Expert Witnesses" in which it identified three expert witnesses, namely, Wilson C. Hayes, Ph.D., Melvin S. Coons, B.S., and Roy J. Epstein, Ph.D., whose areas of expertise were identified, respectively, as (i) "mechanical engineering, biomechanical

engineering, injury biomechanics, anatomy, orthopedics, exercise and sports science", (ii) "chemical engineering", and (iii) marketplace and business damages". Morseburg Opp'n Decl., ¶ 3 and Exhibit "A" (Docket No. 108).

At the time it served its expert designation, HipSaver did not serve any expert reports. Nor did HipSaver ask the Court to extend its time to serve them. Morseburg Opp'n Decl., ¶ 3 and Exhibit "A" (Docket No. 108). On January 26, 2006, Posey's counsel wrote to HipSaver's counsel and inquired as to the whereabouts of HipSaver's expert reports. Several days later, Posey advised HipSaver that, in the event HipSaver served expert reports at a later date, Posey would move to strike them. Morseburg Opp'n Decl., ¶ 4 and Exhibits "B" and "C" (Docket No. 108).

On February 8, 2006, i.e., almost 6 weeks after the deadline for the completion of fact discovery and over 3 weeks after the deadline for HipSaver to produce its expert reports, HipSaver moved to compel a "substantive response" to the Request. Docket No. 94. In its motion, HipSaver contended that information and documents responsive to the Request were crucial to enable HipSaver's <u>damages</u> expert to conduct a <u>damages</u> analysis. Notably, HipSaver did not contend that any of the documents or information responsive to the Request was necessary to enable HipSaver's "biomechanical" or "chemical" experts to produce reports. *See generally* Docket No. 95 and exhibits thereto.

Posey opposed HipSaver's motion to compel on the grounds that, among other things, the Request was untimely. Docket No. 97. Magistrate Judge Collings held a hearing on the motion on March 2, 2006. Following the hearing, the Magistrate Judge entered an order modifying the Scheduling Order *nunc pro tunc* so as to extend the discovery completion deadline solely for the purpose of serving the Request. Electronic Order dated March 2, 2006 (the "March 2 Order"). As part of the March 2 Order, the Magistrate Judge also directed Posey to serve responses and/or

4

objections to the Request by March 24, 2004. On March 9, 2006, Posey filed its objections to the March 2 Order. Docket No. 105.

On March 10, 2006, HipSaver filed the motion that is the subject of the Magistrate Judge's orders of March 31 and April 6. Docket No. 103. Although it was captioned as a motion to extend the discovery deadline, the motion in fact asked the Court to modify the scheduling order so as to re-set HipSaver's time to serve its expert reports and for the parties to conduct expert discovery. The filing came nearly two months after the expiration of HipSaver's time to serve its expert reports.

On March 14, 2006, this Court entered an order stating that the matter of the motion (hereafter, the "Motion to Extend") was being referred to Magistrate Judge Collings. *See* Docket No. 106. The March 14 order also stated that these proceedings were being referred to Magistrate Judge Collings for full pretrial case management, not including dispositive motions.

Posey filed its opposition to HipSaver's Motion to Extend on March 24, 2006. Docket No. 107. On March 31, 2006, Magistrate Judge Collings entered an electronic order (the "March 31 Order") granting the motion. The March 31 Order also stated that the Magistrate Judge would set pretrial deadlines at a scheduling conference on a date to be determined.

On April 6, 2006, the Magistrate Judge held a scheduling conference. At the conference, Posey contended that HipSaver had not any "good cause" for modifying the amended scheduling order that was presently in effect in the case. Following the conference, the Magistrate Judge entered an order (Docket No. 116) that modified the existing amended scheduling order by, among other things, re-setting the date that HipSaver was required to serve its expert reports.

For the reasons set forth below, Posey objects to both the March 31 Order and the April 6 Order.

5

## II. THE STANDARD APPLICABLE TO THE WITHIN OBJECTIONS

Rule 72(a) provides (i) that a magistrate judge to whom a nondispositive matter has been referred shall conduct such proceedings as are necessary and then enter an order setting forth the disposition of the matter, (ii) that, within 10 days after being served with the order, any party may serve and file objections to the order[3], and (iii) that the district judge to whom the case is assigned "shall" consider the objections and modify or set aside any part of the order found to be "clearly erroneous or contrary to law."

Similarly, 28 U.S.C. § 636(b)(1)(A) provides that a district judge may designate a magistrate judge to hear and determine various pretrial matters and that the district judge may reconsider any pretrial matter determined by the magistrate judge where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law."

Pursuant to the foregoing authorities, Posey objects to the March 31 Order and the April 6 Order and it respectfully requests that the Court reconsider the matter of HipSaver's "motion to extend".

## III   THE MARCH 31 AND APRIL 6 ORDERS ARE CONTRARY TO LAW

### A.   RULE 16(B) REQUIRES A MOVING PARTY TO SHOW, AND A COURT TO FIND, THAT THERE IS "GOOD CAUSE" TO MODIFY A SCHEDULING ORDER.

Rule 16(b) requires the district court to enter a scheduling order that, among other things, limits the time to complete discovery. *See* Fed. R. Civ. Proc. 16(b)(3). Rule 16(b) also permits the inclusion in the scheduling order of provisions regarding the timing and the sequence of expert disclosures. Fed. R. Civ. Proc. 16(b)(4). Finally, Rule 16(b) also provides that, once a

---

[3] In counting the 10 days, Saturdays, Sundays and legal holidays are excluded. *Theede v. U.S. Dept. of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999); Fed. R. Civ. Proc. 6(e). Therefore, the earliest the objections to the March 31 Order could be due is April 14, 2006.

6

schedule is set, it "shall not be modified except upon a showing of good cause and by leave of [court]." Fed. R. Civ. Proc. 16(b); *see also Northeast Drilling Inc. v. Inner Space Services Inc.*, 243 F.3d 25 (1st Cir 2001) (to take some action beyond the deadline in a scheduling order, a party must move to modify it and articulate "good cause"). Local Rule 16.1(g), which complements Rule 16(b), provides that a showing of "good cause" necessary to justify a modification of the scheduling order must be "supported by affidavits, other evidentiary materials or references to pertinent portions of the record."

The decision of whether to modify the scheduling order is a matter committed to the sound discretion of the district court. *See S&W Enter., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 605, 610 (9th Cir. 1992); *Sexton v. Gulf Oil Corp.*, 809 F.2d 167 (1st Cir. 1987). The primary factor that courts look to in deciding whether to exercise that discretion is the diligence of the party seeking the modification.

Thus, a district court may modify a scheduling order "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Advisory Committee Notes to 1983 amendment to Rule 16(b)); *Cabana v. Forcier*, 200 F.R.D. 9 (D. Mass. 2001) (citing, 6A Wright, Miller & Kane, Federal Practice and Procedure, § 1522.1 (1990)) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Carelessness on the part of the moving party is incompatible with a finding of diligence and it will defeat a request for relief. The existence or the degree of prejudice to the party opposing the modification will also justify the denial of a request for a modification. *Johnson*, 975 F.2d at 609 (citing numerous cases).

Notwithstanding the relevance of the "carelessness" and "prejudice" factors in a Rule 16(b) analysis, the primary focus of a court considering the modification of a scheduling

7

order is the moving party's reasons for seeking the modification. If the moving party was not diligent, the inquiry should end. *See, e.g., Johnson*, 975 F.2d at 609; *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (no "good cause" to modify scheduling order where party failed to explain why it did not conduct immediate discovery following issuance of order and made no showing of mistake, excusable neglect or other factors that would have accounted for the failure to undertake compliance with scheduling order) (citing, *Carignan v. United States*, 48 F.R.D. 323, 325 (D. Mass. 1969)).

### B. NEITHER THE MARCH 31 NOR THE APRIL 6 ORDER WAS BASED UPON A SHOWING OR A FINDING OF "GOOD CAUSE".

On July 12, 2005, this Court entered a scheduling order (the "Original Scheduling Order") that, among other things, set the discovery completion deadline in this case for October 31, 2005. The Original Scheduling Order also set November 15, 2005 as the deadline for HipSaver's designation of experts and December 15, 2005 as the deadline for Posey's designation of experts.

The Original Scheduling Order did not set a separate date for the production of expert reports. Thus, under the Rules, the parties were required to produce them at the same time they served their designations of experts. Fed. R. Civ. Proc. 26(a)(2)(B) (except as otherwise stipulated or ordered, expert disclosures "shall" be accompanied by a written report prepared and signed by the expert).

Faced with a discovery period of approximately 111 days and a period of time within which it was required designate its experts and produce its expert reports totaling approximately 126 days, it was incumbent upon HipSaver to diligently prosecute its case from the moment it received the Scheduling Order. *See Gestetner*, 108 F.R.D. at 141 (motion to modify scheduling order denied where, among other things, counsel failed to explain failure to undertake immediate

discovery; "[A] Scheduling Order is not a frivolous piece of paper, idly entered, that can be cavalierly disregarded by counsel without peril.").

Here, HipSaver's Motion to Extend did not even address the fact that it needed to show "good cause" to justify its request for relief and the papers supporting the motion were silent as to the steps it took to comply with either the original Scheduling Order or the Amended Scheduling Order. In its papers, HipSaver did contend that it needed documents from Posey in order to be able to prepare its "damages" and its "technical" expert reports. However, these contentions were supported by nothing more than HipSaver's own say-so.

Likewise, in its moving papers, HipSaver never explained why it had waited until just 31 days before the *extended* discovery completion date to serve discovery that it contended was so crucial to its case. Nor did it explain why it had contended in February that the documents it needed from Posey were necessary to its "damages" expert (*see generally* Docket No. 95), but that in March, suddenly, it was contending that those same documents were necessary to its "damages" and its "technical" experts.[4]

Finally, it never explained why it waited until March 10 to file a motion to extend the time to produce expert reports that were due on January 16.

In its opposition to the Motion to Extend, Posey pointed out the shortcomings in HipSaver's "showing" of good cause and it also showed the prejudice it would suffer if the Motion were granted. *See generally* Docket No. 107. It did so again at the April 6 scheduling conference held by the Magistrate Judge. Nonetheless, following the conference, the Magistrate Judge issued an order (the April 6 Order) modifying this Court's amended scheduling order.

---

[4] HipSaver has never contended that Posey was withholding any discovery that its "chemical" expert, Mr. Coons, needed to prepare his expert report. Indeed, HipSaver has never offered any excuse for its failure to serve Mr. Coons' report by the January 16, 2006 disclosure deadline. The only conclusion the Magistrate Judge could have drawn from HipSaver's silence is that HipSaver did not produce Mr. Coons' report because it just did not want to.

Neither the March 31 Order nor the April 6 Order state that they are based upon a showing or a finding of "good cause". At the April 6 scheduling conference, the Magistrate Judge never stated that there was "good cause" for granting the Motion to Extend and/or for modifying the scheduling order and he never articulated any facts that would support such a finding. Indeed, even though it is the primary issue on the motion, he did not address the issue of HipSaver's "diligence" at all.

As is set forth above, under Rule 16(b), the modification of a scheduling order requires "good cause". Thus, both the March 31 Order and the April 6 Order are contrary to law.

## IV.   CONCLUSION

The March 31 Order and the April 6 Order are contrary to law. Therefore, pursuant to Rule 72(a), Posey respectfully requests that the Court set them aside. Pursuant to 28 U.S.C. § 636(b)(1)(A), Posey further respectfully requests that the Court reconsider the matter of HipSaver's Motion to Amend and, for the reasons set forth above and in Posey's memorandum in opposition to the motion, that the motion be denied.

Dated: April 14, 2006                 Respectfully submitted,

                                      J.T. POSEY COMPANY
                                      By its attorneys,

                                      /s/ Douglas H. Morseburg
                                      Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                      Douglas H. Morseburg, Admitted
                                               Pro Hac Vice
                                      SHELDON & MAK
                                      225 South Lake Avenue, Suite 900
                                      Pasadena, CA  91001
                                      (626) 796-4000

                                      Anthony J. Fitzpatrick (BBO # 564324)
                                      DUANE MORRIS LLP
                                      470 Atlantic Avenue, Suite 500
                                      Boston, MA 02210

(617) 289-9200

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: April 14, 2006                /s/ Donald K. Piper
                                     Donald K. Piper