# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., <br>                 Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>                 Defendant. <br><br> J.T. Posey Company, Inc., <br>                 Counterclaim Plaintiff, <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>                 Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## HIPSAVER'S RESPONSE TO J.T. POSEY'S OBJECTIONS TO MAGISTRATE JUDGE COLLINGS' ORDER GRANTING HIPSAVER'S MOTION TO EXTEND DISCOVERY

Since December 29, 2005, now approaching four months, the Defendant, J.T. Posey, has thwarted discovery and the Plaintiff's ability to prepare expert reports and discovery by refusing to produce documents and information in response to HipSaver's Second Request for Production of Documents. Notwithstanding the Magistrate Judge's subsequent March 2, 2006 Order granting HipSaver's Motion to Compel and the trial

court's March 14, 2006 Order of Reference [D.N. 106] granting complete authority to the Magistrate Judge to oversee discovery in this lawsuit, *expressly* including HipSaver's Motion to Extend Discovery, Posey continues to resist discovery and has twice filed groundless, dilatory Objections to Magistrate Judge Collings' Orders.  The Objections are pending, and until the trial court rejects those Objections, discovery cannot proceed.

HipSaver urges the trial court to reject Posey's continued stonewalling of discovery and to uphold the Magistrate Judge's authority.  In particular, the trial should overrule the Objections filed on March 9, 2006 and April 14, 2006 [D.N. 105 and 117] and ratify Magistrate Judge Collings' revised discovery schedule issued on April 6, 2006 [D.N. 116].

**FACTS**

Relying on a wholly unjustified basis for delay, Posey refused to produce documents in response to HipSaver's Second Request for Production of Documents which was served on November 29, 2005 – almost five months ago.  Despite numerous attempts by HipSaver's counsel to resolve the (contrived) issue in dispute during January 2006,[1] Posey refused to produce any responsive documents – even after its counsel suggested in writing that it would produce documents.  HipSaver was thus forced to file a Motion to Compel.  On March 2, 2006, Magistrate Judge Collings granted HipSaver's

---

[1] In an attempt to resolve this issue as required under local rules 37.1 and 7.1, HipSaver then requested an opportunity to meet and confer.  Over the next month, the parties engaged in a number of continued, drawn-out meet and confer telephone conversations:
- On January 13, 2006, counsel for the parties conferred at length.  Following this telephone call, the parties agreed to confer further on January 17, 2006
- The parties conferred again on January 17, 2006.  However, the matter was not resolved; and counsel agreed to confer further on January 19, 2006
- On January 19, 2006, the parties conferred once again.  And in a letter dated January 19th, counsel for Posey suggested that it would comply: *"We can agree to disagree as to whether your request was untimely. (It was.)* **Nonetheless, I will likely agree to produce documents."**

Motion to Compel and ordered Posey to respond by March 24, 2006. Posey filed an Objection to Magistrate Judge Collings' ruling and refused to produce documents. HipSaver then filed its Motion to Extend Discovery. Magistrate Judge Collings granted this motion, subject to the trial court's review of Posey's First Objection. Posey subsequently filed its Second Objection. Both Objections are pending.

The compelled document production is essential to the preparation of HipSaver's case.  HipSaver's claims relate to claims of false and deceptive, and fraudulent advertising by the Posey Company. The claims are heavily dependent upon the discovery of facts not available without opportunity for discovery. In fact, HipSaver cannot prepare an expert damages report or complete its expert biomechanics report without the fact discovery requested on November 29, 2005.

HipSaver's Second Request for Production of Documents seeks documents and information regarding, in part, (1) information relating to sales volume, revenue, returns and rejections, tax returns, and operating budgets for each year from 2000-2005 [Requests 15-19]; (2) information relating to studies concerned with hip protector "Impact Reduction Rate Comparison" and similar issues [Requests 20-22]; and, (3) information related to marketing of hip protectors, and launderability, durability, laundering instructions, and effectiveness of the Hipster [Requests 23-26].[2] Posey has

---

[2] For example, the following is a sample of the document requests served on Posey:

16    Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:
    a) Unit Volume of United States sales for each category of Hipster (*see* Definitions item I above)
    b) Revenue for each category of Hipster sold in the United States.
    c) Costs charged against each category of Hipster sold in the United States
    d) Profit or margin for each category of Hipster sold in the United States
    e) Unit volume of foreign sales for each category of Hipster (*see* Definitions item I above), itemized by country and in total

3

refused to produce any responsive documents. The documents and information sought by HipSaver's Motion to Compel are essential to HipSaver's preparation of its expert reports and expert discovery.

Posey first resisted HipSaver's discovery with an entirely bogus argument that HipSaver had failed to serve its Second Request for Production of Documents at least 30 days before the fact discovery schedule cutoff (in fact, service was made and received 32 days prior to the cutoff). *See* Fed.R.Civ.P. 5(B)(2)(b) and 34(b). The Magistrate Judge rejected Posey's argument on March 2, 2006. Posey Filed an Objection claiming that the Magistrate Judge had effectively "extended" discovery beyond the cutoff date and that this action exceeded his authority. Yet, on March 14, 2006, the trial court issued an Order expressly giving the Magistrate Judge complete authority over discovery *and* the discovery schedule [D.N. 106]. This should have mooted Posey's Objection. Nevertheless, Posey waited another month, again refused to produce documents and

---

    f) Revenue for each category of Hipster sold outside the United States, itemized by country and in total
    g) Costs charged against each category of Hipster sold outside the United States, itemized by country and in total
    h) Profit or margin for each category of Hipster sold outside the United States, itemized by country and in total

21. Please provide all documents, including correspondence of any sort to or from customers or potential customers, which refer or relate in any manner to the "correlation of the data from the 1994 and 1999 Finnish and (*sic*) studies to the laboratory tests completed on our product this week through an independent laboratory", as stated in the Defendant's document PC 0853 or any similar documents.
22. Please produce the studies referred to in Request no. 21 together with the "correlation of the data" from those studies to the "laboratory tests" referred to in Request no. 21.
23. With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products: [List of Health Care Providers follows]

25. Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.
26. Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F.

information, and again contested the Magistrate Judge's authority. By Order dated April 6, 2006 [D.N. 116], Magistrate Judge Collings issued another revised scheduling order which is subject to the trial court's ratification of his authority. *See* April 6, 2006 Notes and April 20, 2006 Electronic Order referring Objections to Saris, J. for a ruling.

Without ratification of the Magistrate Judge's authority and extension of the discovery deadline under Magistrate Judge Collings' April 6th Order, HipSaver cannot complete fact discovery which is essential for its expert case. Clearly, the Defendant's strategy for almost five months has been to prevail in this case by undercutting the Magistrate Judge and evading discovery. This strategy should be rejected by the trial court once for all.

### ARGUMENT

**A. THE MAGISTRATE JUDGE AUTHORITY TO REJECT POSEY'S INITIAL REFUSAL TO PRODUCE DOCUMENTS AND TO RULE ON HIPSAVER'S SUBSEQUENT MOTION TO EXTEND**

Judicial officers-whether they be judges or magistrates-have broad discretion to fashion discovery and scheduling orders to preserve the rights of the parties and to increase judicial efficiency. *MacNeil v. Americold Corp.*, 735 F.Supp. 32 (D. Mass. 1990). Under the Magistrate Act, "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court…." 28 U.S.C. 636 (b)(1)(A). Almost from the outset of this lawsuit the trial court designated Magistrate Judge Collings to hear and determine discovery motions. Furthermore, after Posey contested the Magistrate Judge's March 2, 2006 Order granting HipSaver's Motion to Compel, the trial court issued its Order of Reference dated March 14, 2006 [D.N. 106] which *expressly* authorizes the Magistrate Judge to oversee and control all discovery matters,

5

including HipSaver's then pending Motion to Extend Discovery. This should have mooted Posey's Objection to the Magistrate Judge's authority. In short, the decision of whether to modify the scheduling order in this case is within the Magistrate Judge's express authority and sound discretion.

Under the Magistrate Act and the Local Rules, once a matter has been referred to a magistrate for disposition, a magistrate judge's ruling shall only be reconsidered by the trial judge where the magistrate judge's order is *clearly erroneous or contrary to law*. Fed. R. Civ. P. 72(a); Local Magistrate's Rule 2(b). However, where the magistrate makes rulings which involve the exercise of discretion, such as discovery rulings, the district court reviews the order under the implicit standard of abuse of discretion and orders that involve discretion are ordinarily not subject to reconsideration. *U.S. v. Gioia*, 853 F. Supp. 21 (D. Mass. 1994). There is no abuse of discretion in this case.

**B. MAGISTRATE JUDGE COLLINGS' ORDER IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW**

**1. Magistrate Judge Collings' Order is Not Clearly Erroneous.**

A magistrate judge's finding is clearly erroneous when it is against the clear weight of the evidence or when the district court has a definite and firm conclusion that a mistake has been committed. *See e.g Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made").

Magistrate Judge Collings' Order granting HipSaver's Motion to Extend Discovery is well supported by the evidence submitted through HipSaver's pleadings. In its papers, HipSaver stated that an extension of discovery was necessary because, despite

6

its own diligence, HipSaver was unable to complete discovery. *See* HipSaver's Motion to Extend Discovery [D.N. 103] and supporting memorandum [D.N. 104] and HipSaver's Reply in Further Support of its Motion to Extend [D.N. 110]. In particular, HipSaver stated:

- The Defendant precipitated this discovery dispute and the need to extend discovery by refusing to produce documents and information in late December 2005 on the bogus argument that HipSaver's Second Request for Production was not filed within 30 days of the earlier fact discovery cutoff.

- Beginning in early January 2006, HipSaver made repeated efforts to confer with Posey counsel regarding Posey's refusal to produce documents. In fact, Posey counsel extended these conferences and greatly contributed to further delay.

- Posey contributed again to the delay when it objected to Magistrate Judge Collings' March 2, 2006 Order compelling production and/or responses to HipSaver's requests. This was exacerbated by Posey's subsequent refusal to comply with the Magistrate Judge's Order and Posey's outright refusal to acknowledge the trial court's March 14, 2006 Order of Reference which fully authorized the Magistrate Judge to oversee and control the entire discovery and scheduling process in this lawsuit.

- HipsSaver's March 10, 2006 Motion to Extend Discovery [D.N. 104] was necessitated by Posey's belligerent refusal to comply with fact discovery even in the face of the Magistrate Judge's March 2nd Order granting HipSaver's first Motion to Compel. Posey's continuing refusal to produce documents and information in response to document requests relating to financial and

7

biomechanical data effectively halted HipSaver's ability to prepare expert reports and conduct expert discovery.

In granting HipSaver's Motion to Extend Discovery, Magistrate Judge Collings necessarily considered HipSaver's pleadings regarding its diligent efforts to comply with the discovery schedule and notwithstanding these efforts, its inability to do so. Magistrate Judge Collings granted HipSaver's Motion on the papers and scheduled a conference for April 6, 2006, to set new deadlines.

### 2. Magistrate Judge Collings' Order is Not Contrary to Law

Rule 16(b) of the Federal Rules of Civil Procedure states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of [court]." "Good cause" exists where the scheduling deadlines cannot be met despite the diligence of the party seeking the extension. *See e.g. Sigros v. Walt Disney World Co.*, 190 F.Supp.2d 165 (D.Mass. 2002). HipSaver demonstrated in its pleadings that it was diligent in its efforts to compel discovery from Posey and that without discovery, Hipsaver was unable to meet the discovery deadlines. Moreover, HipSaver demonstrated that it was Posey which thwarted discovery and "ran out the clock" by refusing to produce documents and information in late December on the groundless argument that HipSaver's Second Request for Production was not timely. In addition to HipSaver's pleadings and accompanying exhibits illustrating good cause, Magistrate Judge Collings had first hand knowledge of the parties' earlier discovery disputes and HipSaver's efforts to compel this discovery, as he also heard and decided HipSaver's earlier motion compelling discovery. Moreover, under the trial court's March 14, 2005 Order of Reference, the Magistrate Judge has express authority to extend discovery.

C. **MAGISTRATE JUDGE COLLINGS WAS UNDER NO OBLIGATION TO ISSUE AN OPINION ON THE MOTION IN THE SCHEDULING CONFERENCE**

The April 6, 2006 conference was a scheduling conference, *not a motion hearing*. Contrary to Posey's assertions, Magistrate Judge Collings was under no obligation whatsoever to comment on HipSaver's diligence or the existence of good cause because the *motion to extend was already granted*. There is simply no authority to support the contention that a magistrate judge must orate his findings with respect to a motion to extend at the subsequent scheduling conference.

## CONCLUSION

Thus, for the reasons stated above, HipSaver urges the trial court to reject Posey's continued stonewalling of discovery and to uphold the Magistrate Judge's authority. In particular, the trial should overrule the Objections filed on March 9th and April 14th [D.N. 105 and 117] and ratify Magistrate Judge Collings' revised discovery schedule issued on April 6. 2006. [D.N. 116]

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,

 /s/ Courtney M Quish
Lee Carl Bromberg,
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney Meehan Quish
BBO No.:  662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com
Dated:  April 21, 2006


**CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Courtney M. Quish
April 21, 2006


02820/00502  488060.1