# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
| Plaintiff, | ) | |
| v. | ) | |
| J.T. POSEY COMPANY, | ) | ORAL ARGUMENT REQUESTED |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

## MEMORANDUM OF DEFENDANT AND COUNTERCLAIMANT J.T. POSEY COMPANY IN OPPOSITION TO "FURTHER" MOTION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT THE HIPSAVER COMPANY, INC. TO COMPEL PRODUCTION OF DOCUMENTS

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responded to the Second Request for Production of Documents (the "Request") of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver") on March 24, 2006. *See* Declaration of Douglas H. Morseburg, at paragraphs 2 (hereafter, Morseburg Decl., ¶ ___.") and Exhibit "A" (Amended Response to the Request). HipSaver now moves to compel Posey to produce documents in response to the Request. As is set forth in detail below, the instant motion should be denied because:

(1) The Request that is the subject of this motion is so broad that it purports to require Posey to produce virtually every scrap of paper and every byte of digital data that has anything to do with Posey's business. The cost of complying with such a request is estimated to be as much as $263,000 and would require as much as 2,928 person hours of effort. Given that the stakes in

this litigation are so low, HipSaver obviously propounded the Request for the sole purpose of driving up the cost of this litigation in the hopes that Posey would choose to pay an extortionate settlement rather than comply with the Request.

(2)  The individual requests are fatally vague and there is absolutely no justification for putting Posey through the effort and the expense of attempting to determine which documents might fall within the scope of each individual category of documents contained in the Request or of producing those documents.

(3)  HipSaver has not complied with the Local Rules applicable to discovery motions.

## I.    THE FACTS

As the Court is aware, this is an action between two competitors who are accusing each other of false advertising and unfair trade practices.  Notwithstanding the parties' claims, Posey's expert has concluded neither Posey nor HipSaver has suffered any damages from the other's actions.  *See* Morseburg Decl., ¶ 3 and Exhibit "B" (expert witness report of Creighton Hoffman and Philip Green) (submitted separately under seal).  Even if HipSaver believes otherwise regarding its claims, no document request can be relevant to Posey's claims since Posey is not seeking damages beyond $1.

As for HipSaver's claims, they are very narrow, much narrower than the document requests at issue.  Hipsaver claims that a single "Garwood" ad in 2005 for Posey's hip protectors (no other Posey product was involved) contained misleading information and breached an earlier Settlement Agreement between the parties.  *See* Amended Complaint; see also Morseburg Decl., ¶ 4 and Exhibit "C" (HipSaver Statement Re Falsity of Posey Ad).  However, during discovery, Hipsaver was not able to identify a single customer it lost because of that ad.  Nor was it able to identify any other damages it suffered a consequence of any other act alleged in HipSaver's

amended complaint. Morseburg Decl., ¶ 5 and Exhibit "D" (partial transcripts of HipSaver and Goodwin depositions) (submitted separately under seal). Indeed, since HipSaver's total sales were relatively meager before the ad, it is hard to imagine any great amount of damages.

HipSaver also claims that it was disparaged by a single email to a potential Posey customer in 2001. However, the email in question resulted in no sales for Posey or in any lost sales for HipSaver, so it is difficult to imagine how HipSaver could have been damaged by it. *See* Morseburg Decl., ¶ 6 and Exhibit "E" (Yates declaration) (submitted separately under seal).

Notwithstanding the foregoing, Hipsaver has requested essentially every financial document of Posey going back to 2001 for over 250 products. *See* HipSaver Memorandum in Support of Motion, Exhibit "A". Except for hip protectors, none of these products are even made by Hipsaver. Moreover, the cost of complying with the overbroad and vague requests is estimated to be as much as $263,000 and could consume as much as 2,928 hours worth of time. See accompanying Declaration of Charles Nail, paragraphs 2-9.


## II.    THE INSTANT MOTION SHOULD BE DENIED BECAUSE HIPSAVER HAS FAILED TO FOLLOW THE LOCAL RULES

Under Local Rule 37.1, subsections (4) and (5), a party filing a discovery motion is required to submit a memorandum that particularizes (i) each discovery request that raises an issue to be decided by the court, (ii) the response to that request, and (iii) a statement of the party's position as to each issue, with appropriate authorities, immediately following each contested item.

In support of its motion, HipSaver has not bothered to comply with Local Rule 37.1. Indeed, it has not even seen fit to specify the substance of any of the disputed requests or to address the specific objections Posey asserted to each request. Instead, HipSaver simply says

that the requests that are at issue on this motion (i.e., nos. 15-19 and 23-26) are similar to requests that Posey served on HipSaver and that, therefore, they must be appropriate.

HipSaver's failure to follow the rules makes it virtually impossible to ascertain the relevance of any of the individual requests at issue on this motion to the claims or defenses in the case or to assess the merits of Posey's objections to any of the individual requests. For this reason alone, HipSaver's motion should be denied.

## III. POSEY HAS FULLY COMPLIED WITH ALL PREVOUS ORDERS OF THIS COURT AND HIPSAVER'S ASSERTIONS TO THE CONTRARY ARE WITHOUT MERIT.

In support of its motion, HipSaver has accused Posey of violating two separate orders of this Court. The two orders Posey has allegedly violated are the March 2 Order issued by the Magistrate Judge and the March 14 electronic order issued by Judge Saris. *See* Memorandum in Support, at p. 8.

With respect to the former, the March 2 Order provided on its face that Posey was required "to serve responses and/or objections to the [Request] on or before the close of business March 24, 2006." See Electronic Order dated March 2, 2006. Posey's objections to the March 2 Order were still pending on March 24, 2006, the day Posey was required to serve its responses and objections to the Request. Nonetheless, Posey served its responses and objections as required. Therefore, there is simply no merit to the contention that Posey has violated that order. The plain fact of the matter is that Posey has fully complied with it.

As for the order of March 14, it simply states that some portion or all of the pretrial proceedings in this matter are being referred to the Magistrate Judge. Since the order does not set any deadlines or impose any obligations on any of the parties, any contention that Posey has violated or "resisted" it makes no sense.

Therefore, HipSaver's contention that Posey is in violation of two court orders is plainly false. The contention may even constitute a violation of Rule 11.[1]

## IV.    POSEY'S SUBSTANTIVE OBJECTIONS TO THE INDIVIDUAL REQUESTS ARE MERITORIOUS AND THEY SHOULD BE SUSTAINED

Posey will address each individual request that is the subject of this motion in order.

### Request No. 15:

Request No. 15 purports to require Posey to produce for calendar years 2000 through 2005: "all documents and data" relating to its U.S. and foreign sales of products itemized by product; "all documents and data" relating to its U.S. revenues itemized by product and its foreign revenues itemized by product and by country; "all documents and data" relating to the costs charged against each product sold in the U.S. itemized by product and internationally itemized by product and by country; and "all documents and data" relating to the profit or margin for each product sold in the U.S. itemized by product and internationally itemized by product and by country.  See Memorandum in Support, Exhibit "A", at p. 15.

### Posey's Response to Request No. 15:

Posey objected to Request No. 15 on the grounds that (i) discovery was closed, (ii) the documents sought were not described with "reasonable particularity" as required by Rule 34, (iii) the request was vague and ambiguous, (iv) requiring it to produce "all documents and data" encompassed by each of the 8 subparts in the request would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the

---

[1]    Rule 11 provides, in pertinent part, that by presenting a written motion to the Court, the attorney presenting it certifies that all factual averments have evidentiary support.

amount in controversy, and the importance of the issues at stake in the litigation, and (v) it encompassed documents and information that were neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

### Posey's Position Regarding Request No. 15:

Posey asserted the "discovery is closed" objection to the Request and to each individual category of documents in it because, when Posey served the Amended Response, its objections to the Magistrate Judge's March 2 Order were still pending. Judge Saris denied those objections by electronic order dated April 27, 2006. Therefore, while its "discovery is closed" objection was valid when it was interposed, Posey now withdraws it. In the interests of brevity, Posey will not address this objection in connection with any of the other disputed requests.

As for Posey's other objections, Request No. 15 is a "scattershot" request that calls for "all documents and data" that fall into 8 separate categories. On its face, the request purports to require Posey to produce virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each of the more than 600 products it manufactures and/or sells nationally and internationally. In essence, the request calls for every document and all data that has to do with Posey's business, organized by country.

During the meet and confer process, HipSaver agreed to "limit" the scope of this Request to Posey's "fall management" products. However, even with this "limit", Request No. 15 still encompasses products having approximately 259 different "SKU" numbers. Nail Decl., ¶¶ 10-11.

Inasmuch as this litigation concerns *only* hip protectors, the request is still overly broad because it calls for documents that have nothing to do with the claims or the defenses of the

parties. *See* Fed. R. Civ. Proc. 26(b)(1) (discovery limited to matters relevant to the claims and defenses of the parties).

In addition to being overly broad, Request No. 15 also does not "particularize" the documents sought and Posey should not be required to guess which "documents and data" fall within its scope. *See* Fed. R. Civ. Proc. 34(b) (request for production must describe documents to be produced with "reasonable particularity"). Inasmuch as the request is not "reasonably particular", it is also vague and ambiguous.

HipSaver contends that the "documents and data" responsive to the Request are available with little more than the "push of a button". This is ridiculous. While Posey is able to download some data responsive to Request No. 15 with minimal time, effort and expense (i.e., about 40 hours), complying with this Request in its entirety will consume hundreds of hours of Posey's controller's time. *See* Nail Decl., ¶¶ 11-17.

Given that Posey is not seeking damages in this case and HipSaver has been unable to identify *any* economic damages it has suffered as a consequence of the *one* allegedly false advertisement that is the subject of its false advertising claims, the *one* communication that forms the basis for its disparagement claim, and the alleged breach of the Settlement Agreement that forms the basis for its breach of contract claim, there is no legitimate reason to put Posey the burden and expense of producing "all documents and data" that might fall within the scope of this request. *See* Fed. R. Civ. Proc. 26(b)(2) (court may limit discovery that where burden or expense outweighs its likely benefit, taking into account the needs of the case and the amount in controversy).

In support of its motion, HipSaver says that the individual documents requests it served upon Posey are similar to those that Posey served upon it and that, its requests must therefore be proper. The one major difference between discovery directed to HipSaver and discovery

directed to Posey, however, is that Posey's discovery directed to HipSaver encompasses *a single product*, whereas HipSaver's discovery aimed at Posey encompasses more than 250 products. Posey also notes that HipSaver can hardly complain about Posey's objections to HipSaver's requests for "all documents and data", since HipSaver itself contended that such document requests "serve no discovery purpose."

Finally, Posey notes, and it requests that the Court also take note of the fact, that HipSaver's contention that it needs documents responsive to the individual document categories contained in the Request so that two of its experts can prepare their expert reports is supported by nothing except HipSaver's counsel's own say-so. Counsel's conclusory statements of need, unsupported by anything else, are insufficient to establish the actual need for any documents. *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).

### Request No. 16:

Request No. 16 is identical to Request No. 15, except that it is limited to Posey's "Hipster" products. On its face, it purports to require Posey to produce virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each Hipster product that Posey makes and sells nationally and internationally. In essence, the request calls for every document and all data that has to do with Posey's Hipsters, organized by country.

### Posey's Response to Request No. 16:

Posey objected to Request No. 16 on the grounds that (i) discovery was closed, (ii) the documents sought were not described with "reasonable particularity" as required by Rule 34, (iii) the request was vague and ambiguous, (iv) requiring Posey to produce "all documents and data"

encompassed by each of the 8 subparts in the request would be unduly burdensome, oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (v) it purported to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

### Posey's Position Regarding Request No. 16:

Request No. 16 is another "scattershot" request that calls for "all documents and data" that fall into 8 subcategories. On its face, the request purports to require Posey to produce virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each of its Hipster products, organized by country.

The objections Posey asserted in response to Request No. 16 are the same as those asserted in response to Request No. 15 and the arguments supporting Posey's objections to Request No 15 are largely the same as those supporting its objections to Request No. 16. In the interests of brevity, Posey will not repeat those arguments here and it respectfully refers the Court to the discussion above regarding Request No. 15 and to paragraphs 11 through 17 of Charles Nail's declaration regarding the burdensomeness of Request No. 15.

### Request No. 17:

Request No. 17 purports to require Posey to produce "all documents and data which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of [Posey's] United States customers".

**Posey's Response to Request No. 17**:

Posey objected on the grounds that (i) discovery was closed, (ii) the documents sought were not described with reasonable particularity, (iii) the request was vague and ambiguous, (iv) requiring it to produce "all documents and data" which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for all of Posey's U.S. customers would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (v) that the request purported to include documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

**Posey's Position Regarding Request No. 17**:

Request No. 17 is objectionable for the same reasons that Nos. 15 and 16 are objectionable. First, Request No. 17 is another "scattershot" request. On its face, it purports to require Posey to produce virtually every document and every shred of digital data that relates "in any manner" to customer orders, products shipped, invoices, bills of lading and payments for Hipster products. There is absolutely no justification for such a broad and vague request. Such a request does not "particularize", reasonably or otherwise, the documents sought and Posey should not be required to guess which "documents and data" fall within its scope. Inasmuch as the request is not "reasonably particular", it is also vague and ambiguous.

Moreover, HipSaver has absolutely no legitimate need for every single document and piece of digital information that relates to customer orders, products shipped, invoices, bills of lading and payments for Hipster products and Posey should not be put through the burden or the expense of producing information that might be covered by it. Finally, given the fact that this

request covers "all documents and data" relating to customer orders, products shipped, invoices, bills of lading and payments for Hipster products, the request obviously calls for the production of "documents and data" that have absolutely nothing to do with the claims or defenses of either party.

Had HipSaver wanted to, it could have crafted a reasonable request (or an interrogatory asking Posey to, for example, state its sales of Hipsters). However, it chose instead to craft the most onerous request it could think of and there is simply no reason to require Posey to expend the money or the energy to produce every shred of information that might fall within the scope of this request.

As is set forth in the Nail Declaration, at paragraphs 19-22, his request is particularly onerous because, in addition asking for information regarding Posey's orders for hip protectors which is available in Posey's Manage 2000 system, it asks for all types of collateral documents that simply duplicate some or all of the information contained in the Manage 2000 database. For example, Posey's Manage 2000 database contains the "critical elements" of its customer orders. However, when Posey fills an order, it generates other documents, including an invoice and a bill of lading.

In 2005 alone, Posey had over 14,000 orders for its Hipster products. Assuming the number of orders Posey received in 2005 is representative of the number of orders it received in each year in that period, Request No. 17 would require the production of approximately 70,000 invoices and about 70,000 bills of lading. Since Request No. 17 also calls for the production of "all documents and data" regarding these 70,000 orders, it also purports to require Posey to produce things like internal communications regarding its orders, back orders and payments for orders, communications between Posey and customers and/or its sales representatives regarding orders, the scheduling of shipments, and the like. Certainly, HipSaver has no legitimate need for

any of these types of documents and tracking down all such documents, in both hard copy and electronic form, would consume hundreds of hours. Nail Decl., ¶¶ 17-21.

Request No. 17 also calls for documents and data regarding "payment receipts". HipSaver has not bothered to explain what it means by the term "payment receipts". It could mean "receipts issued to customers in connection with payments". Or, it could mean documents and data regarding "payments received". If it means the latter, this would include things like canceled checks and all of the documents and data that relate to Posey's application of its customers' payments to individual invoices. Again, HipSaver can have no legitimate need for these types of documents and tracking them down would be arduous and overly time consuming. Nail Decl., ¶ 22.

### Request No. 18:

Request No. 18 purports to require the production of "all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to . . . a) Customer returns or rejections of Hipster products[,] b) Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products[, and] c) Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products."

### Posey's Response to Request No. 18:

Posey objected to this request on the grounds that (i) discovery was closed, (ii) the documents sought were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" which include or relate "in any manner" to the listed subjects would be unduly burdensome, oppressive and expensive given the needs of the case, the discovery already

had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (iv) that the request purported to include within its scope documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

### Posey's Position Regarding Request No. 18:

Request No. 18 is objectionable largely for the same reasons that Nos. 15, 16 and 17 are objectionable. First, Request No. 18 is yet another a "scattershot" request that fails to particularize what documents are sought. On its face, it purports to encompass virtually every scrap of paper and piece of digital data that relates "in any manner" to product returns, rejections, write-offs, discounts, refunds, rebates, replacements, and customer complaints. There is absolutely no justification for such a broad and vague request.

As is set forth in the Nail Declaration, Posey's Manage 2000 system contains information relating to product returns. It also contains digital information relating to whether customers received credits or were charged restocking charges in connection with returns. This information could be printed out for the period from 2001 through the present. However, it would take at least a couple of days generate the complex query necessary to derive that information from the system and to confirm that the query generated the correct information.

As is also set forth in the Nail Declaration, the production of "all [other] documents and data" regarding customer returns would also be burdensome because it would require Posey to scour the hard drives and files of at least five other Posey employees. Nail Decl., ¶ 23.

Had HipSaver wanted to, it could have crafted a timely and reasonable request that set out specifically what it was seeking by Request No. 18. Once again, however, it crafted the vaguest and most onerous request it could think of and there is simply no reason to require Posey

to try to figure out what types of information relate "in any manner" to the subjects specified in this request or to expend the money or the energy to produce every shred of information that might conceivably fall within its scope.

**Request No. 19**:

His request purports to require Posey to provide "all documents and data" related to (i) its tax returns, (ii) its "[m]onthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets", and (iii) its "[o]perating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit".

**Posey's Response to Request No. 19**:

In response to Request No. 19, Posey objected on the grounds that (i) discovery was closed, (ii) the documents sought by the request were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" regarding the specified subjects for the specified period would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, (iv) the request included within its scope documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence, and (v) that it purports to require the production of information that was protected by the right of privacy.

**Posey's Position Regarding Request No. 19**:

Request No. 19 is objectionable largely for the same reasons that the foregoing requests are objectionable. Which is to say, Request No. 19 calls for production of "all documents and data" related to (i) Posey's tax returns, (ii) its "[m]onthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets", and (iii) its "[o]perating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit". In essence, it is another "scattershot" request that encompasses virtually every scrap of paper and every piece of digital data that relates to Posey's finances.

There is absolutely no justification for such a broad and vague request. Nor is there any reason to require Posey to try to figure out what types of information relate to the subjects specified in this request or to expend the money or the energy to produce every shred of information that might conceivably be within its scope. *See* Nail Decl., ¶¶ 24-27 (Request No. 19 is uncertain and complying with all aspects of it would consume hundreds of hours).

Finally, insofar as it requests Posey's tax returns, Request No. 19 seeks information that enjoys a qualified privilege. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 219, 82 S. Ct. 289, 296 (1961) (tax returns are protected against unnecessary disclosure by public policy); *see also FSLIC v. Krueger*, 55 F.R.D. 512 (N.D. Ill. 1972). In order to secure Posey's tax returns, HipSaver bears the heavy burden of showing that the information in the tax returns is not available from other sources. *Payne v. Howard*, 75 F.R.D. 465, 469-70 (D.D.C. 1977).

Here, HipSaver attempts to justify its request or Posey's tax returns on the grounds that it needs to verify information that will be set forth in Posey's other documents. *See* Memorandum in Support, at p. 6 fn 4. By saying it needs Posey's tax returns to "verify" information in Posey's other documents, HipSaver is admitting that the information in Posey's tax returns is available elsewhere. Because HipSaver admits that the information in Posey's tax returns is duplicative of

information in the other documents that are the subject of the Request, HipSaver is not entitled to an order requiring Posey to produce its tax returns.

### Request No. 23:

This request purports require the production of "all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products" for 7 entities.

### Posey's Response to Request No. 23:

Posey objected to Request No. 23 on the grounds that (i) discovery was closed, (ii) the documents sought by the request were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" regarding the specified subjects for the specified period would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, (iv) the request included within its scope documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

### Posey's Position Regarding Request No. 23:

Request No. 23 is objectionable because on its face, this request simply calls for the production of anything and everything having to do with seven of Posey's customers. Had HipSaver wanted to, it could have crafted a request asking for particular types of documents and there is simply no reason to require Posey to try to figure out what types of documents might be responsive to this request.

**Request No. 24**:

Request No. 24 purports require the production of "[w]ith respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability."

**Posey's Response to Request No. 24**:

In response to Request No. 24, Posey objected to this request on the grounds that (i) discovery was closed, (ii) the documents sought by the request were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" regarding the specified subjects for the specified period would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, (iv) the request included within its scope documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

**Posey's Position Regarding Request No. 24**:

This request is not reasonably particular. It is simply another scattershot request aimed at pulling within its scope anything and everything that has to do with customer complaints, product returns, refunds or adjustments relating to Hipster products. Again, Posey should not be required to guess what documents and data the request is aimed at or to expend the time and

energy to gather every scrap of paper and every piece of digital data no matter how meaningless it is in the context of the litigation.

### Request No. 25:

Request No. 25 purports require the production of "all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be 'positioned precisely over the trochanter.[']"

### Posey's Response to Request No. 25:

In response to Request No. 25, Posey objected to this request on the grounds that (i) discovery was closed, (ii) the documents sought were not described with reasonable particularity, (iii) requiring it to produce "all documents and data" regarding the described subjects would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation, and (iv) purported to require the production of documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

### Posey's Position Regarding Request No. 25:

This a case for (i) false advertising arising out of a single Posey ad that makes reference to some "impact testing" performed for Posey by a company called Garwood Laboratories ("Garwood"), and (ii) product disparagement arising out of a written communication that allegedly occurred in 2001 between a Posey employee and one or more employees of a hospital in West Los Angeles which communication allegedly included a chart showing the impact

reduction of various hip protection products as reported to Posey by Garwood. Clearly, "the capacity of Hipster products to be 'positioned precisely over the trochanter[']'" has absolutely nothing to do with the claims or defenses advanced by the parties in this case. Thus, the documents sought are outside the scope of discovery.

**Request No. 26**:

This request calls for the production of "all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F."

**Posey's Response to Request No. 26**:

Posey objected to Request No. 26 on the grounds that (i) discovery was closed and, (ii) it purported to require the production of documents and information that was neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

**Posey's Position Regarding Request No. 26**:

Again, this a case for (i) false advertising arising out of an ad that makes reference to Garwood's "impact testing" and (ii) product disparagement arising out of a written communication that allegedly occurred in 2001. Clearly, any Posey notices to its customers regarding a change in laundry instructions have nothing to do with the claims or defenses in this case.

**V.    HIPSAVER'S ALTERNATIVE REQUEST FOR RELIEF SHOULD BE DENIED.**

As an alternative to an order compelling Posey to produce documents, HipSaver requests an order for evidentiary sanctions (i) preventing Posey from introducing expert testimony and/or evidence relating to experts, and (ii) permitting HipSaver to present "an expert damages case based on national marketplace information alone." *See* Memorandum in Support, at p. 2.

An order granting evidentiary sanctions is only appropriate where the party against whom the sanctions are sought is in violation of a prior order requiring it to provide or permit discovery. *See* Fed. R. Civ. Proc. 37(b)(2) (court may impose evidentiary sanctions where party fails to obey an order to provide or permit discovery); *Mems v. City of St. Paul*, 327 F.3d 771, 779 (8th Cir. 2003) (Rule 37 sanctions require an order compelling discovery, a willful violation of that order and prejudice to the other party). Here, Posey is not in violation of any prior discovery orders. Thus, there is no basis for evidentiary sanctions against it.

In addition, since Posey's position with respect to the Request is substantially justified, there is no basis for an award to HipSaver of the costs incurred in connection with the motion. Fed. R. Civ. Proc 37(A)(4).

## VI.    CONCLUSION

For the foregoing reasons, HipSaver's motion should be denied in all respects. Alternatively, if the Court orders Posey to respond to the Request in its entirety, the Court should order HipSaver to pay, in advance, the costs associated with Posey's production of all of the documents and data which are the subject of the Request.

Dated: May 1, 2006                          Respectfully submitted,

                                            J.T. POSEY COMPANY
                                            By its attorneys,

                                            /s/ Douglas H. Morseburg
                                            Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                            Douglas H. Morseburg, Admitted

20

Pro Hac Vice
SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, CA 91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: May 1, 2006              /s/ Donald K. Piper
                               Donald K. Piper