# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

## DECLARATION OF DOUGLAS H. MORSEBURG IN OPPOSITION TO THE MOTION OF THE HIPSAVER COMPANY, INC. FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS

I, Douglas H. Morseburg, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon & Mak and am one of the attorneys responsible for representing J.T. Posey Company, Inc. ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in Opposition to the motion of Plaintiff and Counterclaim Defendant The HipSaver

Company, Inc. ("HipSaver") to compel Posey to produce documents in response to Hipsaver's Second Request for Production of Documents (the "Request").

2.   On March 24, 2006, Posey served an Amended Response to the Request on HipSaver via mail.  A true and correct copy of the Amended Response is attached to this declaration as Exhibit "A."

3.   On or about February 16, 2006, Posey's damages expert prepared an analysis in this case which concluded that neither Posey nor HipSaver had suffered damages as a consequence of the acts complained of in the parties' respective pleadings.  A true and correct copy of that report is being submitted under separate cover and under seal as Exhibit "B."

4.   On or about July 19, 2005, HipSaver submitted a statement to the Court in which it detailed the issues it had with an advertisement (the "Accused Ad") that Posey had published in January 2005 and that HipSaver contended was false and misleading.  A true and correct copy of that statement is attached as Exhibit "C."

5.   During discovery in this matter, HipSaver was not able to identify a single customer it lost because of Posey's accused advertising.  Nor was it able to identify any other damages it suffered as a consequence of any other act alleged in HipSaver's amended complaint.  Relevant portions of the transcript of HipSaver's 30(b)(6) deposition and of the deposition of HipSaver's president regarding HipSaver's inability to identify any damages are being submitted under separate cover and under seal as Exhibit "D."

6.   In connection with HipSaver's contention that Posey had disparaged its hip protector products, the author of the communication that is the subject of the alleged disparagement signed a declaration, a true and correct copy of which is being submitted under separate cover and under seal as Exhibit "E."

I declare under penalty of perjury under the laws of the United States that the

2

foregoing is true and correct and that this declaration was executed this 1st day of May

2006 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

**EXHIBIT "A"**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HIPSAVER COMPANY, INC., | ) | Case No. CV-05-10917 PBS |
| Plaintiff, | ) | |
| v. | ) | |
| J.T. POSEY COMPANY, | ) | |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM. | ) | |

### J.T. POSEY COMPANY'S AMENDED RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF PLAINTIFF AND COUNTERCLAIM DEFENDANT THE HIPSAVER COMPANY, INC.

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") responds as follows to "Plaintiff's Second Request for Production of Documents" (the "Request") of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc.:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.    Posey is presently pursuing an investigation of the facts relating to this proceeding and has not yet completed its discovery or preparation for trial. Therefore, these responses are being provided without prejudice to its right to add to, modify, or otherwise change or amend its responses, and subject to its right to produce evidence of any subsequently discovered fact or any subsequently discovered documents.

B.    The information set forth below is true and correct to the best of Posey's knowledge as of this date, and is subject to correction for inadvertent errors, mistakes, and omissions. These responses are based upon information presently available to Posey and are made by Posey subject to and without waiving the right to use, introduce or refer to any information that is unintentionally omitted from these responses or any documents that may be inadvertently omitted from production.

C.    Posey makes these responses solely for the purpose of this proceeding. Each response is made subject to all objections as to relevancy, materiality, propriety, and admissibility of any documents identified in these responses or produced pursuant to any of the individual requests. All objections and grounds for objections are expressly reserved by Posey and may be interposed by Posey at any later stage of this proceeding, including at the time of trial.

D.    Except for explicit facts admitted herein, Posey does not intend any incidental or implied admissions by these responses.

E.    Posey generally objects to the Request on the grounds that it purports to require Posey to respond in writing to the Request and to produce documents and information on a date which is after the discovery cut-off date in this matter and upon the further grounds that the March 2, 2006 Order pursuant to which Posey has been directed to serve its responses and/or objections is contrary to law.

F.    Posey generally objects to the Request on the grounds that it purports to call for information that is protected by the attorney-client privilege and/or the attorney work product doctrine. In responding to the Request, Posey will not interpret any of the requests as calling for the production of documents which are dated after the filing of the original complaint in this case

2

(the "Complaint") and which are protected by the attorney-client privilege and/or the work product doctrine and Posey expressly declines to identify or to produce any such documents.

G.    Posey generally objects to the Request to the extent it calls for the production of documents that are dated prior to the filing of the Complaint and which are protected by the attorney-client privilege and/or the work product doctrine.  Posey will identify any such documents in an appropriate log.

H.    Posey generally objects to the Request to the extent it purports to require the production of any documents, such as pleadings, motions, orders or discovery responses or requests that Posey received in connection with the instant litigation and Posey expressly declines to identify or to produce any such documents.

I.    Posey generally objects to the Request on the grounds that the place specified for the production is unduly inconvenient.

J.    Posey generally objects to Request on the grounds that the "Preliminary Instructions" and "Definitions" sections are confusing and overly broad and upon the further grounds that they purport to impose upon Posey obligations that are in excess of those imposed by the Federal Rules of Civil Procedure.  In responding to the Request and the individual requests therein, Posey will disregard any portions of these sections that are inconsistent with the Federal Rules.

K.    Posey objects generally and specifically to the Request, to Paragraph A of the Preliminary Instructions and to each of the individual requests on the grounds that they are overly broad as to time.  Unless a later date is specified in any individual request or in any response and, subject to the objections set forth in paragraphs "E" and "F", above, Posey will interpret the

3

Request and each individual request therein as covering the time period from January 1, 2001 to the present.

L.    Posey specifically objects to, and will disregard, Paragraphs C, D, E, F and G of the Preliminary Instructions on the grounds that they purport to impose upon Posey obligations that are in excess of those imposed by Rules 26 and 34(a) of the Federal Rules of Civil Procedure ("Rules 26 and 34(a)"). In responding, Posey will interpret the Request and the individual requests therein in a manner consistent with Rules 26 and 34(a).

M.    Posey specifically objects to, and will disregard, Paragraph I of the Preliminary Instructions on the grounds that it is obnoxious and upon the further grounds that it is vague and ambiguous in that Posey cannot determine the "grammatical conventions" to which it refers.

N.    Posey specifically objects to the definition of the terms "you", "your", "yourself", "Posey" and "Defendant" on the grounds that they are overly broad. In responding to the requests, Posey will define those terms in a manner consistent with Local Rule 26.5(c)(5).

O.    Posey specifically objects to the definition of the term "person" on the grounds that it is overly broad. In responding to the requests, Posey will define that term in a manner consistent with Local Rule 26.5(c)(6).

P.    Posey specifically objects to the definition of the term "related in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad. In the spirit of cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

Q.    Posey specifically objects to the definition of the term "refer in any manner to" on the grounds that it is vague and ambiguous, confusing and overly broad. In the spirit of

4

cooperation, in responding to the requests, Posey will define that term as synonymous with the term "concerning" as it is defined in Local Rule 26.5(c)(7).

R.    Posey incorporates this Introductory Statement and General Objections section into each individual response set forth below.

### Documents and Things to be Produced

15.    Please provide all documents and data for the following categories of information for calendar year, 2000 through 2005:

a)    Unit volume of United States sales for each category of Posey Products (see Definitions item I above

b)    Revenue for each category of Posey Products sold in the United States

c)    Costs charged against each category of Posey Products sold in the United States

d)    Profit or margin for each category of Posey Products sold in the United States

e)    Unit volume of foreign sales by country and total unit volume of foreign sales for each category of Posey Products *(see* Definitions item I above)

f)    Revenue for each category of Posey Products sold outside the United States, itemized by country and in total

g)    Costs charged against each category of Posey Products sold outside the United States, itemized by country and in total

h)    Profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total

**Response to Request No. 15:**

a)    Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with

5

reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the unit volume of United States sales for each category of Posey Products for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

b)     Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding its revenue for each category of Posey Products sold in the United States for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

c)      Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Posey Products sold in the United States for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

d)      Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Posey Products sold in the United States for each year during the period from 2000 to 2005 would be unduly

7

burdensome and oppressive and expensive given the needs of the case, the discovery already had

in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence.

e)      Posey objects to this request on the grounds that discovery is closed. Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34. Posey further objects to this request on the

grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all

documents and data regarding the unit volume of foreign sales by country and total unit volume of

foreign sales for each category of Posey Products for each year during the period from 2000 to

2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the

discovery already had in the case, the amount in controversy, and the importance of the issues at

stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence.

f)      Posey objects to this request on the grounds that discovery is closed. Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the revenue for each category of Posey Products sold outside the United States, itemized by country and in total for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

g)      Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Posey Products sold outside the United States, itemized by country and in total for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

9

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

h)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Posey Products" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total for each year during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

16.    Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:

a)    Unit Volume of United States sales for each category of Hipster *(see* Definitions item I above)

10

b)      Revenue for each category of Hipster sold in the United States.

c)      Costs charged against each category of Hipster sold in the United States

d)      Profit or margin for each category of Hipster sold in the United States

e)      Unit volume of foreign sales for each category of Hipster (see Definitions item I

above) itemized by country and in total

f)      Revenue for each category of Hipster sold outside the United States, itemized by

country and in total

g)      Costs charged against each category of Hipster sold outside the United States,

itemized by country and in total

h)      Profit or margin for each category of Hipster sold outside the United States,

itemized by country and in total

**Response to Request No. 16:**

a)      Posey objects to this request on the grounds that discovery is closed. Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34. Posey further objects to this request on the

grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all

documents and data regarding the unit volume of United States sales for each category of Hipster

during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive

given the needs of the case, the discovery already had in the case, the amount in controversy, and

the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Posey will produce documents sufficient to show the sales of its Hipster products in the United States during the period from September 2004 through the present.

b)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the revenue for each category of Hipster sold in the United States during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Posey will produce documents sufficient to show the sales of its Hipster products in the United States during the period from September 2004 through the present.

c)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with

12

reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Hipster sold in the United States during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Posey will produce documents sufficient to show the costs charged against its sales of its Hipster products in the United States during the period from September 2004 through the present.

d)      Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Hipster sold in the United States during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

13

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Posey will produce documents sufficient to show its profit on sales of Hipster products in the United States during the period from September 2004 through the present.

e)     Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the unit volume of foreign sales for each category of Hipster itemized by country and in total during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

f)     Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with

14

reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the revenue for each category of Hipster sold outside the United States, itemized by country and in total, during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

g)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the costs charged against each category of Hipster sold outside the United States, itemized by country and in total, during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

h)      Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.  Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce all documents and data regarding the profit or margin for each category of Hipster sold outside the United States, itemized by country and in total, during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.


17.    Please provide all documents and data which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers, including the following distributors and health care providers:

   a) Briggs

   b) Alimed

16

c) Samons Preston

d) Life Care

e) Manor Care

f) Kindercare

g) Beverly Enterprises

h) Richland Health Care (Life Care), Richland W A

i) Life Care Center of San Gabriel, San Gabriel CA

j) Bangor Mental Health Institute, Bangor, ME

k) Truman Medical Center at Lakewood, Kansas City MO

l) Peaks Care Center, LongmontCO

m) Dunn County Health Care Center, Menomonie WI

n) VAMC Bedford, Bedford MA

o) VA Brockton, MA

p) VA Boston,MA

q) VA Mountain Home, TN

r) All other Veterans Administration facilities

s) Resthaven York, York P A

t) Pleasant Meadows Christian Village, Chrisman IL

u) Friendship Village, Schawnburg IL

v) Pisgah Manor, CandlerNC

w) Golden View, Meredith NH

x) Seneca Place, Verona P A

y) Phoebe Ministries, Allentown P A

z) Dow Rummel Village, Sioux Falls SD

aa) Eaglewood care center, Springfield OH

bb) Baptist medical Center, Little Rock AR

cc) Cedar Wood Health Care, Colorado Springs CO

dd) Park River States Care Center, Coon Rapids MN

ee) Regency at the Park, College Place WA

ff) Kennedy Park Medical & Rehab, Schofield WI

gg) River Mede Health Care, Binghamton NY

hh) Sacred Heart Home, Hyattsville, MD

**Response to Request No. 17:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34. Posey further objects to this request on the grounds that the phrase "each category of Hipster" is vague and ambiguous.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for all of the Defendant's United States customers would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

18.    Please provide all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for each calendar year, 2000 through 2005:

    a)    Customer returns or rejections of Hipster products

    b)    Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products

    c)    Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products

    d)    Veterans Administration facility returns or rejections of Hipster products

    e)    Discounts, refunds, rebates, replacements, and write offs made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

    f)    Any other adjustments made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

**Response to Request No. 18:**

    a)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

    Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding customer returns or rejections of Hipster products during the

period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

b)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

c)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

20

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding any other adjustments made in response to customer returns, rejections, or complaints about Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

d)    Posey objects to this request on the grounds that discovery is closed.  Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding Veterans Administration facility returns or rejections of Hipster products during the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

21

e)        Posey objects to this request on the grounds that discovery is closed.  Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all

documents and data" regarding discounts, refunds, rebates, replacements, and write offs made in

response to Veterans Administration facility returns, rejections, or complaints about Hipster

products during the period from 2000 to 2005 would be unduly burdensome and oppressive and

expensive given the needs of the case, the discovery already had in the case, the amount in

controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence.

f)        Posey objects to this request on the grounds that discovery is closed.  Posey

further objects to this request on the grounds that the documents sought are not described with

reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all

documents and data" regarding any other adjustments made in response to Veterans

Administration facility returns, rejections, or complaints about Hipster products during the period

from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of

the case, the discovery already had in the case, the amount in controversy, and the importance of

the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

19.     Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:

    a)    The Defendant's tax returns

    b)    Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets

    c)    Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit.

**Response to Request No. 19:**

    a)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding its tax returns for the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence. Posey further objects to this request on the grounds that it purports to require the production of information that is protected by the right of privacy.

b)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding its monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets for the period from 2000 to 2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence. Posey further objects to this request on the grounds that it purports to require the production of information that is protected by the right of privacy.

Subject to the foregoing objections, Posey will produce copies of its annual financial statements for the years 2004 and, if available, 2005.

c)    Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding its operating budgets and operating statements, including

comparisons of actual to budgeted costs, sales, revenue, and profit for the period from 2000 to

2005 would be unduly burdensome and oppressive and expensive given the needs of the case, the

discovery already had in the case, the amount in controversy, and the importance of the issues at

stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the

production of documents and information that is neither relevant to the claims or defenses of any

party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible

evidence. Posey further objects to this request on the grounds that it purports to require the

production of information that is protected by the right of privacy.

20.    Please provide all documents, including correspondence of any sort to or from customers

or potential customers, which include or refer or relate in any manner to the "Hip Protector

Impact Reduction Rate Comparison" exemplified by the Defendant's document PC 0852 or any

similar documents.

**Response to Request No. 20:**

Posey objects to this request on the grounds that discovery is closed. Subject to the

foregoing objections, Posey responds that, to the best of its knowledge, all such documents have

been produced.

21    Please provide all documents, including correspondence of any sort to or from customers

or potential customers, which refer or relate in any manner to the "correlation of the data from the

1994 and 1999 Finnish and *(sic)* studies to the laboratory tests completed on our product this

week through an independent laboratory", as stated in the Defendant's document PC 0853 or any similar documents.

**Response to Request No. 21:**

Posey objects to this request on the grounds that discovery is closed. Subject to the foregoing objections, Posey responds that, to the best of its knowledge, all such documents have been produced.

22.    Please produce the studies referred to in Request No. 21 together with the "correlation of the data" from those studies to the "laboratory tests" referred to in Request no. 21.

**Response to Request No. 22:**

Posey objects to this request on the grounds that discovery is closed. Subject to the foregoing objections, Posey responds that, to the best of its knowledge, the studies referred to in PC 0853 have been produced. Responding further, insofar as Posey is able to understand this request, to the best of Posey's knowledge, there are no "correlation of data" documents.

23.    With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:

a)    the Veterans Administration

b)    Life Care

c)    Manor Care

d)    Kindercare

e)    Alimed

26

f)      Briggs

g)      Samons Preston

**Response to Request No. 23:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the term "the Veterans Administration" is vague and ambiguous in that Posey cannot determine whether the request refers to the U.S. Department of Veterans Affairs or to some other organization or facility. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents, data [and] documentation" regarding hip protection products with respect to the specified entities would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

24.     With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability.

**Response to Request No. 24:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the term "the Veterans Administration" is vague and ambiguous in that Posey cannot determine whether the request refers to the U.S. Department of Veterans Affairs or to some other organization or facility. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce "all documents and data" regarding complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

25.    Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.

**Response to Request No. 25:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that the documents sought are not described with reasonable particularity, as required by Rule 34.

Posey further objects to this request on the grounds that requiring it to produce the requested documents and things would be unduly burdensome and oppressive and expensive given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

26.    Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F.

**Response to Request No. 26:**

Posey objects to this request on the grounds that discovery is closed. Posey further objects to this request on the grounds that it purports to require the production of documents and information that is neither relevant to the claims or defenses of any party, admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence.

27.    Please provide all expert reports; all documents, data, and information provided to experts; and all correspondence to and from experts who have or will be retained in this lawsuit.

**Response to Request No. 27:**

Posey objects to this request on the grounds that discovery is closed and upon the further

ground that it purports to require the production of documents and information that is protected

from disclosure by the attorney work product doctrine.  Subject to the foregoing objections,

Posey will produce the entirety of the files of those persons it may use at trial to present evidence

under Rules 702, 703 and 705 of the Federal Rules of Civil Procedure, including expert reports,

documents, data and information provided to those persons and correspondence to and from

those persons.

28.    Please provide all documents, data, information, charts, chalks, and exhibits that the

Defendant intends to introduce at trial.

**Response to Request No. 28:**

Posey objects to this request on the grounds that discovery is closed.  Posey further

objects to this request on the grounds that it is premature in that it has not yet decided which

documents, data, information, charts, chalks or exhibits it intends to use at trial.  Subject to the

foregoing objections and to the general objections set forth above, Posey responds that the

documents, data, information and exhibits that the it intends to use at trial include the documents

and information that it has produced and will produce in connection with this matter and those

documents that HipSaver and Edward Goodwin have produced and will produce.

Dated: March 24, 2006

J.T. POSEY COMPANY
By its attorneys,

Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg
         Admitted Pro Hac Vice

SHELDON & MAK
225 South Lake Avenue, Suite 900
Pasadena, California 91101
(626) 796-4000

Anthony Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(617) 289-9200

**CERTIFICATE OF SERVICE**

    I certify that a copy of this document has been forwarded by USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618.

Dated: ~~January~~ *March* 24, 2005

                                         Donald K. Piper

**EXHIBIT "B"**

# CONFIDENTIAL - ATTORNEYS' EYES ONLY

# TO BE FILED SEPARATELY UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

**EXHIBIT "C"**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| The HipSaver Company, Inc., )<br><br>Plaintiff, )<br><br>v )<br><br>J.T. Posey Company, )<br>Defendant ) | Civil Action No. 05-10917 PBS |

## PLAINTIFF'S STATEMENT CONCERNING THE DEFENDANT'S REVISED "LABORATORY TEST" ADVERTISING

At the July 12, 2005 hearing on the Defendant, J.T. Posey Company's Motions to Transfer and Dismiss, counsel for Posey informed the trial court that a revised "Garwood Laboratories" advertisement has been published.  The trial court asked the HipSaver Company to review the revised advertisement and to provide a statement of agreement with or objection to the revised advertisement.  Following the hearing, counsel produced the revised advertisement, copy enclosed at Tab A.

The HipSaver Company objects to the revised advertisement as literally false and as simply the latest iteration in a chronic campaign of false and deceptive advertising. The HipSaver Company's Complaint stands against both the first of the Garwood Laboratories advertisements and against the revised advertisement.

1

The revised advertisement no longer suggests that Posey's HIPSTER contains the "most effective impact absorbing material" for preventing hip injury and no longer proclaims that the Garwood Laboratories test is as an "independent study". Nevertheless, the revised advertising continues the underlying theme of misrepresentation of the test, its purpose, the materials tested, and the results. The revised advertisement is little more than a restatement of the literally false claims of the first advertisement, all of which violate the Lanham Act, 15 U.S.C. §§1125, 1117; G.L. c.93A, §§2, 11; and the provisions of the earlier Settlement Agreement.

Specifically, the revised advertising is objectionable, false, and deceptive in at least the following respects:

1. The revised advertising presents the Garwood Laboratories testing as if some minimally credible, legitimate, and empirically valid testing of Hipster products was conducted. This is an outright deception. Garwood Laboratories set up the testing equipment but disclaimed everything else associated with testing. Indeed, Garwood Laboratories did not verify identity of the products tested, did not maintain independent custody of products tested, did not assess the results, and made no findings with respect to the recorded results. This was not a legitimate laboratory test by any measure. The laboratory was simply a backdrop, much as UCLA was for Posey's tests in 2004, for a deceptive and literally false advertising campaign crafted by Posey.

2. The revised advertising states that Posey has retained "Garwood Laboratories to conduct testing to select a comfortable and effective impact absorbing material." Posey's statement is false. Garwood Laboratories has not conducted testing for any such purpose and had no role in selecting a "comfortable and effective impact absorbing material". The reference to Garwood is a deception intended solely to create the appearance of a credible test protocol and empirically valid tests where none exists.

3. The revised advertising clearly states and suggests that "Garwood Laboratories" conducted testing to "select a comfortable and effective impact absorbing material". The advertisement then proclaims that this testing has confirmed that the "low profile Hipster" is an "excellent" impact absorbing material. This is literally false. Posey has withheld and misrepresented the material fact that it alone, not Garwood Laboratories, declared that the testing demonstrates the alleged excellence of the Hipster products. Garwood Laboratories expressly disclaimed any such purpose in the testing and any such conclusion from the testing.

4. The revised advertising appears under the banners, "Posey Hipsters Help Protect Against Injury from Falls" and "Posey Hipsters Proven Effective In laboratory Test". As noted, the advertisement then presents the Garwood Laboratories test as one which demonstrates the effectiveness of the Posey Hipster to protect against hip injury and validates the Hipster product. This is literally false. The

3

test is not an empirically valid measure of effectiveness against hip injury and has not been presented by Garwood Laboratories as such.

5. The revised advertisement claims that "a test was created that would simulate a fall causing direct impact to the greater trochanter" [the hip joint]. This is literally false. The test is nothing more than a rudimentary, mechanical impact test. It is not a biomechanical test and has no empirically valid capacity to assess a "fall" or to demonstrate effectiveness against hip injury in humans.

6. The revised advertisement refers directly to "high durability" Hipsters, represents this product as if it has been tested in the Garwood Laboratories test, and then presents this product as having "excellent" impact absorption and demonstrated effectiveness against hip injury. This is false and a deceptive misrepresentation of what was tested.

7. The revised advertisement misrepresents the Hipster products as "washable to CDC standards for soiled linen". This is literally false. The CDC washable temperature standard is 160°F for 25 minutes. In fact, in the same advertisement Posey displays a wash label for most of its Hipster products with a wash temperature limit of only 120°F. Clearly, this fails the CDC standard, yet Posey maintains this outright misrepresentation of its failure to meet a significant safety standard. This is exacerbated by Posey's failure to notify nursing and rehabilitation facility purchasers and patients that its products do not meet the CDC standard.

4

8.  The revised advertisement continues to note that test data is on file with Posey. From information provided by Posey, the HipSaver Company understands that the data includes alleged test results for HipSaver products. These test results are literally false, and Posey's specific references to and comparisons with HipSaver products irreparably harm the HipSaver Company.

The Garwood Laboratories advertising and the revised Garwood Laboratories advertising challenged in this lawsuit must be understood in the context of Posey's longstanding campaign of false advertising, including the "UCLA" advertising carried on in 2003 and 2004 which was contested last year in this court. Posey's false advertising is directed at its only real competitor in the soft hip protection garment marketplace, the HipSaver Company.

And while the target is the HipSaver Company, the method is to achieve "believability" through persistent claims put before a purchasing audience that is relatively unsophisticated and cannot readily distinguish a false claim or junk science. Nevertheless, the long term repetition of these false claims clothed in "laboratory testing" or an "independent laboratory study" or a "UCLA study" for that matter is deception as a matter of law. *See*, for example, *Schick manufacturing Inc. v The Gillette Company*, 372 F. Supp.2d 273 (D. Conn. 2005) And that deception violates the Lanham Act and c.93A.

The immediate consequence of this deception to HipSaver, a small focused product company, is, of course, the lost opportunity for sales. More important, there is the risk that Posey's campaign of chronically false advertising will continue to mislead

5

health care facility purchasers to believe that Posey's product has been proven to be effective against injury to humans and that it maintains a durable level of effectiveness after use and washing. Hip protection garments are not a casual consumer product where false and deceptive advertising is of no particular consequence. Here, the consequence is injury to often frail patients.

Finally, there is the risk that the consequences of Posey's false advertising of inferior products will retard, shrink, or even destroy the marketplace for soft hip protection garments. At some point, purchasers will recognize that Posey's claims for effectiveness and durability are indeed false. Yet, the HipSaver Company does not have the marketing and advertising resources to counter with a demonstration that its products are durable and effective. In the face of Posey's persistently false claims, purchasers may simply assume that no soft hip protector is durable or effective and turn to other products and strategies to safeguard patients from hip injury. That result will be devastating to the HipSaver Company but is of no particular consequence to Posey which can use its monopoly vendor status to turn to 600 other products it peddles to nursing and rehabilitation facilities.

## CONCLUSION

In the fall of 2004, the HipSaver Company halted Posey's "UCLA" advertising campaign which made much the same false claims at issue now. In the fall of 2004, Posey retracted its "UCLA" advertising, issued a public statement of regret, and

6

committed itself to accurate data and fair advertising.  Within four months of the 2004 settlement, however, Posey returned with its false claims of Laboratory Testing at Garwood Laboratories, complete with a bar chart display similar to that used in the "UCLA" campaign, an "independent Laboratory study" reminiscent of its "laboratory testing at UCLA" claims from last year, and alleged comparative data for HipSaver products.  This new campaign, including the revised advertising released last week, is no less objectionable, false, damaging, or unlawful.


Respectfully submitted,

THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/ Edward J. Dailey
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Peter J. Karol
BBO no. 660338
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 (fax)
Dated: July 19, 2005

CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic filing and USPS First Class mail today to Defendant's counsel of record, Anthony J. Fitzpatrick, Esq., DUANE MORRIS LLP, 470 Atlantic Avenue, Boston, Massachusetts 02210 and by USPS First Class mail to Jeffrey G. Sheldon, Esq., SHELDON & MAK, 225 South Lake Avenue, 9th Floor, Pasadena, California 91101

Dated:   7.19.05          /s/ Edward J. Dailey
                          Edward J. Dailey

02820/00502  418989.1

7

TAB A

# POSEY HIPSTERS HELP PROTECT AGAINST INJURY FROM FALLS

It's a long way down for residents at risk of injury from falls. You can greatly reduce that risk with Posey Hipsters. The Hipsters' high energy-absorbing foam pads are positioned precisely over the hip bones, increasing the odds of surviving a fall uninjured. The Hipsters are comfortable and slim enough to be virtually undetectable under clothing. By offering increased protection, Hipsters relieve residents' anxiety about falling and enhance their quality of life.





*Low Profile - All styles fit discreetly under men's and women's clothing.*

- High impact-absorbing viscoelastic pads protect hip bones against injury from falls.
- Soft, comfortable pads improve compliance versus hard-shelled products.
- Washable to CDC standards for soiled linen without removing the pads.
- 100% latex-free.
- Five sizes for correct fit.
- Discreet, low-profile pads are virtually undetectable under clothing.

## Posey Hipsters Proven Effective in Laboratory Test

Posey engaged Garwood Laboratories to conduct testing to select a comfortable and effective impact absorbing material. A test was created that would simulate a fall causing direct impact to the greater trochanter. In this study, a weight was released in a guided drop to simulate a 120 lb. subject falling from a height of 36", or the estimated height of the hip above the floor for a typical nursing home resident. The baseline measurement of impact force was determined to be a fall directly onto concrete. The G-Force of a fall under this scenario was 2,600G's and, for purposes of comparison, is just slightly less impact force than that of a baseball being struck by a bat. In this extreme test, the low profile Posey Hipster reduced the impact force on average by 90% and showed excellent impact energy absorption.





Testing was conducted by Garwood Laboratories
Data on file at J.T. Posey Company 'Source: www.medline.org

[Special offer: 30-day no-risk free trial.] Test the Posey Hipsters for yourself with no obligation to buy.



## POSEY #6016 HIPSTERS STANDARD BRIEF
- Easily fits over undergarments, or can be worn as underwear.
- Unisex sizing.
- #6016H Standard Brief with high durability pads.

## POSEY #6017 INCONTINENT BRIEF
- Snap front for easier application over diaper. Unisex sizing.
- #6017H Incontinent Brief with high durability pads.

## POSEY #6018 MALE FLY BRIEF
- Easily fits over undergarments, or can be worn as underwear.
- Fly front for improved compliance in male residents.
- #6018H Male Fly Brief with high durability pads.

## POSEY #6019 EZ-ON BRIEF
- Residents can wear their own undergarments.
- Can be worn in the shower.
- Hip pads can be removed for laundering or replacement.
- #6019H EZ-ON Brief with high durability pad.

Posey High Durability Hipsters contain denser foam than the standard Hipsters. This increased density aids in its ability to withstand higher hot washing and drying cycles.

### SIZING CHART

| Size | Waist Measurement | Hip Measurement |
|------|------|------|
| S | 28" - 30" or 71 - 76cm | 35" - 37" or 89 - 94cm |
| M | 30" - 34" or 76 - 86cm | 37" - 41" or 94 - 104cm |
| L | 34" - 38" or 86 - 96cm | 41" - 45" or 104 - 114cm |
| XL | 38" - 42" or 96 - 106cm | 45" - 49" or 114 - 124cm |
| XXL | 42" - 46" or 106 - 116cm | 49" - 53" or 124 - 134cm |

### LAUNDERING INSTRUCTIONS:









J.T. Posey Company
Arcadia, CA 91006 USA
Tel. 800-447-6739
www.posey.com

**EXHIBIT "D"**

# CONFIDENTIAL - ATTORNEYS' EYES ONLY

# TO BE FILED SEPARATELY UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

**EXHIBIT "E"**

# CONFIDENTIAL - ATTORNEYS' EYES ONLY

# TO BE FILED SEPARATELY UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER