UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., </br></br>Plaintiff, </br></br>v. </br></br>J.T. POSEY COMPANY, </br></br>Defendant. </br></br>AND RELATED COUNTERCLAIM. | Civil Action No. 05-10917 PBS |

**DECLARATION OF CHARLES NAIL IN OPPOSITION
TO "FURTHER" MOTION OF THE HIPSAVER COMPANY, INC.
TO COMPEL PRODUCTION OF DOCUMENTS**

I, Charles Nail, declare:

1. I am the Controller of J.T. Posey Company, Inc. ("Posey"), a position I have held since January 3, 1993. For the entire period of time I have been the Controller of Posey, I have been responsible for all aspects of the company's finance and accounting. As such, I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in opposition to the "further" motion of Plaintiff and Counterclaim Defendant The HipSaver Company, Inc. ("HipSaver") for an order compelling Posey to produce documents.

1

2. In connection with this declaration, I have reviewed the Second Request for Production of Documents (the "Request") that is the subject of this motion. I have also reviewed the memorandum of point and authorities (the "Memorandum") that HipSaver submitted in support of the motion. In the Memorandum, HipSaver contends that Posey is able to produce "all documents and data" that are covered by the Request at the push of a button.

3. I am one of two people who know the most about the capabilities of Posey's Manage 2000 database and the types of financial documents that it can readily generate. As such, I can state unequivocally that HipSaver's contention that Posey can generate "all documents and data" that fall within the scope of the Request "at the push of a button," or even, with minimal effort is simply wrong.

4. As I testified in my deposition, Posey maintains a computerized database that uses a program called Manage 2000 to store and process information regarding Posey's sales and revenues. The information on Posey's Manage 2000 system is input from customer orders and it includes the following data: date ordered, date shipped, customer name, customer number, customer address, products ordered, quantity ordered, price of each product ordered, shipping address, freight charges, and extra charges (if any).

5. The Manage 2000 system permits Posey to run numerous "reports" and queries. However, to run any of these reports or queries, the system user or the person requesting the data must define the parameters of the report/query or reports/queries he or she wants to run. Thus, HipSaver's contention that Posey is able to provide "all data" that fall within the scope of the Request "at the push of a button" is seriously misleading because it ignores the fact HipSaver's Request does not specify the parameters of any individual report it would like Posey to run from its Manage 2000 system. HipSaver's contention also ignores the fact that "all" of the "documents" that fall within the scope of the Request are not inside Posey's computer system.

6. The information that is "readily available" from Posey's Manage 2000 system would include the following: total sales by part number, quantity, sales dollars, and customer for the years 2001 through April 30, 2006. This information could be printed out in any number of different formats. For example, it could be arranged chronologically; by part number; by customer; by customer class; etc.

7. In fact, if Posey were ordered to respond just to Request Nos. 15, 16, 17, 18 and 19 of the Request by producing just the information that is readily available from Posey's Manage 2000 system, I estimate that it would consume about 128 hours of my time. This would be broken down as follows: Request Nos. 15 and 16 - 40 hours; Request No. 17 – 32 hours; Request No. 18 – 16 hours; and Request No. 19 – 40 hours.

8. The time estimate of 128 hours is just the time it would take me to produce information that is readily downloadable from the Manage 2000 system. However, HipSaver's Request does not call for Posey to produce just information from its Manage 2000 database. It calls for Posey to produce "all documents and data" that relate "in any way" to each of the individual requests.

9. By my estimation, Posey would need to expend a total of as many as 2,928 "person hours" to produce "all documents and data" that relate "in any way" to Request Nos. 15, 16, 17, 18 and 19 of the Request for years 2001 through the present. This would cost Posey as much as $263,520. The bases for my estimates are as follows.

10. First, Request No. 15 calls for the production of "all documents and data" that have anything to do with Posey's sales, revenues, profits and profit margins for each of the more than 600 products it manufactures and/or sells nationally and internationally. As I interpret it, this request purports to cover every document and all data that has to do with Posey's business, organized by country. Also, we have sales that go to domestic locations, but because we believe the customer is exporting our products to foreign locations, we classify those particular domestic sales as "foreign."

11. I understand that during discussions with Posey's attorney, HipSaver's attorney agreed to "limit" the scope of this Request to Posey's "fall management" products. I do not know what specific products HipSaver contends constitute Posey's "fall management" products. However, this "limit" could encompass products having at least 259 different "SKU" numbers for year 2005. For earlier years, the number of products could be more or less, since we add and drop products from our product offerings each year.

12. If HipSaver intended to "limit" the request to this many part numbers then, in response to Request No. 15, subcategories (a), (b), (e) and (f), I can readily download information regarding Posey's sales and the revenues Posey received from those sales for the period from 2001 through 2005. However, this would only include information that is readily downloadable from Posey's Manage 2000 system. It would not include "all [other] documents and data" regarding subcategories (a), (b), (e) and (f).

13. I do not know what other types of other "documents or data" HipSaver contends fall within this "description." However, as I read them, subcategories (a), (b), (e) and (f) of Request No. 15 encompass, for example, virtually every document and every communication between Posey, on the one hand, and Posey's sales representatives, Posey's customers, Posey's suppliers and vendors, and its accountants. They also encompass all internal communications between or among Posey's employees regarding past sales, future sales, potential sales, prospective sales, revenues, payments, allocations of payments, past due payments, to mention just a few categories. Finding and producing these types of documents, whether in hard copy or in electronic form, and then culling out and producing those that relate to Posey's "fall management" products would be a prodigious task that would likely consume hundreds of "person hours."

14. Subcategories (c), (d), (g) and (h) of Request No. 15 call for Posey to produce all "documents and data" that "relate in any way" to Posey's profits and its margins nationally and internationally. I do not know what "documents and data" HipSaver

4

contends meet this "description." However, as I read them, these subcategories are exceedingly broad.

15. For example, the "documents and data" responsive to these subcategories would include all of the "documents and data" covered by subcategories (a), (b), (e) and (f) of Request No. 15. However, they would also include every single piece of paper and every byte of computerized information that relate to Posey's business expenses, including, for example, its purchases of paper clips, pens and other office supplies, its phone system, its copying machines, its office furniture, its insurance expenses, its rent, its purchases of raw materials, its payments to sales representatives, its employment contracts, its payroll, its attendance at trade shows, and communications regarding its dealings with its vendors.

16. Aside from the fact the HipSaver has no legitimate need for any of this information, finding and producing these types of documents, and culling out those that have nothing to do with Posey's "fall management" products would also consume many hundreds of "person hours."

17. Complying with subcategories (c), (d), (g) and (h) of Request No. 15 would also be complicated by the fact that Posey's Manage 2000 system does not allocate non-manufacturing costs, such as selling, general, and administrative costs. Therefore, producing "all documents and data" regarding the profits and the margins for each of Posey's "fall management" products also would require me to perform a substantial amount of work allocating non-manufacturing expenses against each of the "fall management" products that are the subject of Request No. 15. I was quite clear about this at my deposition.

18. Request No. 16 is identical to Request No 15, except that it seeks "all documents and data" regarding each "category" of Posey hip protector, as opposed to Posey's "fall management" products. I do not know what HipSaver means by "category" of hip protector. Assuming it means separate "SKU's," the "documents and data" responsive to Request No. 16 would be included with those that are responsive to Request No. 15.

Thus, my comments regarding the vagueness, the overbreadth and the burdensomeness of Request No. 15 apply with equal force to Request No. 16.

19. In Request No. 17, HipSaver asks Posey to produce "all documents and data which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of [Posey's] United States customers." This request is particularly onerous because, in addition asking for information regarding Posey's orders for hip protectors, it asks for all types of collateral documents that simply duplicate some or all of the information contained in the Manage 2000 database.

20. In 2005 alone, Posey issued over 14,000 invoices that included Hipster products. I have not calculated the total number of orders of hip protectors for the entire period from 2001 through the present but, assuming the number of orders Posey received in 2005 is representative of the number of orders it received in each year in that period, Request No. 17 would require the querying and printing of approximately 70,000 invoices.

21. Request No. 17 calls for the production of "all documents and data" regarding these 70,000 orders. Thus, it purports to require Posey to produce things like bills of lading, internal communications regarding its orders, back orders and payments for orders, communications between Posey and customers and/or its sales representatives regarding orders, the scheduling of shipments, and the like. Certainly, HipSaver has no legitimate need for any of these types of documents and tracking down all such documents, in both hard copy and electronic form, would consume hundreds of hours.

22. Request No. 17 also calls for documents and data regarding "payment receipts." I do not know what "payment receipts" are. The term could mean "receipts issued to customers in connection with payments." Or, it could mean documents and data regarding "payments received." If it means the latter, this would include things like canceled checks and all of the documents and data that relate to Posey's application of its

6

customers' payments to individual invoices. Our system tracks customer payments by invoice number, not line item detail, so it would be an extremely time-consuming task to manually query the system for payment detail for each invoice containing a Hipster transaction. Again, HipSaver can have no legitimate need for these types of documents and tracking them down would be arduous and overly time consuming.

23. Request No. 18 calls for every piece of digital information and every document that relates "in any manner" to customer returns and rejections. Posey's Manage 2000 system contains information relating to product returns. It also contains digital information relating to whether customers received credits or restocking charges. This information could be printed out for the period from 2001 through the present. However, it would take at least a couple of days because I would need to generate a complex query and confirm that the query generated the correct information. Additionally, we would have to manually review each customer return to determine how it was resolved, such as product returned to customer, refund issued, product replaced. Also, we would have to manually determine whether the product returned could have originally been a "non-sale" transaction such as a product sample. Finally, the production of "all" other "documents and data" regarding customer returns would also be burdensome because it would require Posey to scour the hard drives and files of at least five other Posey employees.

24. Request No. 19 asks for "all documents and data" related to (i) Posey's tax returns, (ii) its "[m]onthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets", and (iii) its "[o]perating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit". In my estimation, this request is vague because the "documents and data" that relate to these "categories" include virtually every document and every byte of digital data that Posey generates in connection with its business. The vagueness of Request No. 19 is easily seen by noting that it calls for, among other things, "general ledgers." This category is meaningless

because HipSaver has not specified whether it is seeking general ledger activity, general ledger balances or what "general ledger" data elements should be included in any "general ledger" report that it expects Posey to generate.

25. In addition to the foregoing, complying with Request No. 19 would be unduly burdensome. For example, the request for "purchase sales and cash disbursements journals" would require me to write the parameters to produce these reports for the period from 2001 through the present, a task which I estimate would take at least 100 hours.

26. In addition, the request also asks for all "worksheets" for the period from 2001 through the present. The term "worksheets" could include anything from a scrap of paper to a computer file, whether it is a spreadsheet, a text file or whiteboard scribbling. Because I generate "worksheets" all day every day, I estimate that complying with this requirement could take anywhere from 1000 to 2000 hours.

27. Posey is also not able to produce most of the documents described in Request No. 19 because it does not generate them in the ordinary course of its business. For example, while Posey sometimes generates monthly management reports, it does not produce formal financial statements. We would only have informally prepared annual financial statements that are prepared as of the end of each year.

28. In sum, I do not know with absolute certainty the total amount of time Posey would expend or the total number of pages of documents and the total number of disks that Posey would be required to produce if Posey were ordered to produce every single piece of data and every single document that is potentially responsive to Request Nos. 15, 16, 17, 18 and 19 of HipSaver's Second Request for Production of Documents. However, I can say with confidence that producing just the information that is readily downloadable from Posey's Manage 2000 system would consume about 128 hours of my time. This would be broken down as follows: Request Nos. 15 and 16 - 40 hours; Request No. 17 – 32 hours; Request No. 18 – 16 hours; and Request No. 19 – 40 hours.

At $90.00 per hour, which is my hourly compensation, this would cost Posey at least $10,800.

29. Not including the "worksheet" requirement contained in Request No. 19, I estimate that producing the "documents and data" that are not readily available from Posey's Manage 2000 system would take at least another 500 hours of my time. Including the "worksheet" requirement would require me to expend another 1000 to 2000 hours. Thus, I estimate that the total expense to Posey if it were required to produce "all documents and data" responsive to Request No. 19 would be somewhere between $135,000 and $225,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 1st day of May 2006 at Arcadia, California.

/s/ Charles Nail
Charles Nail