# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| The HipSaver Company, Inc., <br>                 Plaintiff, <br> v <br> J.T. Posey Company, <br>                 Defendant. <br><br> J.T. Posey Company, Inc., <br>                 Counterclaim Plaintiff, <br> v <br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>                 Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Local Rule 7.1(B)(3), HipSaver moves for leave to file a short reply further supporting its Further Motion to Compel Immediate Production of Documents and Information in Response to its Second Request for Production of Documents [D.N. 113] (filed April 3, 2006). HipSaver believes that the proposed reply, attached as Exhibit A, will aid the Court in its determination of HipSaver's Motion to Compel Production.

Therefore, HipSaver respectfully requests leave of this Court to file the attached reply brief.

**CERTIFICATION UNDER LOCAL RULES 7.1 AND 37.1**

I certify that counsel for the parties have conferred by electronic mail on May 2, 2006 and May 3, 2006 in a good faith attempt to resolve or narrow issues set out in this Motion but were unable to do so.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/ Courtney M. Quish
Lee Carl Bromberg,
BBO No.: 058480
Edward J. Dailey
BBO No.: 112220
Courtney Meehan. Quish
BBO No.: 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com

Dated:  May 3, 2006


**CERTIFICATE OF SERVICE**
I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 3, 2006.

/s/ Courtney M. Quish
Courtney M. Quish

02820/00502 492828.1

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| The HipSaver Company, Inc., <br>      Plaintiff, <br><br> v <br><br> J.T. Posey Company, <br>      Defendant. <br><br> J.T. Posey Company, Inc., <br>      Counterclaim Plaintiff, <br><br> v <br><br> The HipSaver Company, Inc. and <br> Edward L. Goodwin, <br>      Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS**

On November 29, 2005, Plaintiff, HipSaver filed and served its Second Request for Production of Documents directed at obtaining additional information related to 1) the Defendant's challenged advertising and 2) financial information. The discovery is essential to completion of HipSaver's expert evaluation of biomechanical issues in this lawsuit and for expert evaluation of damages. Over the ensuing five months, the Defendant has pursued an exhaustive and exceedingly expensive effort to avoid this

discovery, an effort which continues today with J.T. Posey's renewed opposition to the long outstanding Request for Production. At this late date, HipSaver urges an unequivocal end to this resistance and rejection of the Defendant's hollow, misleading refusal to produce documents, information, and materials. Specifically, the Magistrate Judge should compel complete production under Requests 15 through 19 and Requests 23 through 26.

I.      **The Defendant's Burdensome Cost Argument Is False And Misleading**

After more than five months of delay and expense which has caused extraordinary legal expense to HipSaver, a small, single product line company with less than fifteen employees, the Defendant now makes the preposterous claim – *for the first time* - that production will cost it "as much as $263,000 and would require as much as 2,928 person hours of effort". This straw man is belied by the Defendant's deposition testimony, by HipSaver's repeated but rebuffed efforts to negotiate the scope and substance of what was to be produced, and by the very Declaration submitted in support of the $263,000 claim.

Last fall, HipSaver anticipated that the Defendant would resist financial damages discovery with some variation of a "burdensome" argument. Consequently, HipSaver issued a Rule 30(b)(6) Notice of Deposition on November 21, 2005 directed, in part, at discovering the "location, format, and media" in which the Defendant maintains its financial, sales and order entry, financial reporting, and tax information. In response, the Defendant produced Charles Nail, J.T. Posey's controller. Mr. Nail testified without reluctance or caveat that the Defendant maintains all of its financial, sales and order

2

entry, and financial reporting information in a realtime database system. *See* **Exh**. 1, Nail deposition at 12-18, 22-31 (December 15, 2005)(submitted separately under seal).

When the Defendant first refused to produce documents in early January 2006, HipSaver's counsel made repeated efforts over the course of three weeks to secure financial, sales and order entry, and financial reporting information without need for a motion to compel. HipSaver agreed to limit the time period of the request to 2001 forward, HipSaver waived any request for production of redundant documentation if the same information is available from the Defendant's realtime database system, and HipSaver agreed to limit the request to fall management products, a discrete product category used by and listed on the Defendant's website.[1]

At no time during this or any subsequent discussion – until May 1, 2006 – did J.T. Posey suggest that production of the requested information under these concessions would be an expense north of $263,000. Indeed, prior to the Defendant's decision to turn discovery into an all out campaign of resistance, its attorney stated in writing on January 19, 2006 that J.T. Posey would likely comply – and made no claim whatsoever to "burdensome" expense. Mr. Morseburg wrote, " *We can agree to disagree as to whether your request was untimely. (it was). Nonetheless, I will likely agree to produce documents"*. If the Defendant were facing an extraordinary expense in January or February or March or April, why did it maintain silence until May 1st?

In fact, the very Declaration cited as the source for the Defendant's late found claim of burdensome expense does <u>not</u> say that at all. Buried on the ninth page of Mr. Nail's May 1st Declaration is the admission that if the Defendant produces information in

---

[1] The Defendant includes hip protection products as part of its "fall management" product line.

3

Requests 15 through 19 in the electronic format suggested by HipSaver in January, the cost of production is about $10,800. *See* Nail Declaration at ¶28. This is a far cry from the false and misleading claim of a $263,000 burden.

## II.  The Stakes Are Not Low And Do Not Weigh Against Essential Discovery

For the Defendant, the stakes may be low. After all, by its own admission, J.T. Posey is a 600 product line company with gross revenues in excess of $170 million a year. It is also a virtual monopoly vendor in the nursing home and rehabilitation hospital supply market for non surgical and non pharmaceutical supplies and equipment. By contrast, HipSaver is a small, limited product company which survives *or not* on its hip protection products. With annual gross revenues of perhaps $1.5 million, the stakes are anything but "low" for HipSaver.

Since at least 2002 when the Defendant introduced an outsourced "knock off" of HipSaver's hip protection products, HipSaver has been the target of J.T. Posey's literally false advertising. And since 2002, the Defendant has outstripped HipSaver in hip protection product sales. If J.T. Posey can continue to undercut HipSaver with literally false advertising, the Plaintiff will be out of business. For HipSaver then, the stakes in this lawsuit are very high; and this underscores the essential need for this discovery.

An earlier lawsuit between the parties was settled with public retraction of J.T. Posey's earlier round of false advertising, yet that was followed within days by a new round of false claims. HipSaver's survival as a viable business now turns on its ability to make its case before the court and a jury. Without discovery which is essential to its expert testimony, however, that opportunity will be lost. The stakes in this case are that

4

simple but also that compelling and certainly cut against the modest cost to the Defendant of compliance.

III. **The Defendant's L.R.37.1 Objection Is Misplaced**

After five months of resistance, the Defendant postures that it should avoid discovery because HipSaver's Motions to Compel do not separately itemize each contested Request for Production. Two simple responses should suffice to dispatch this objection.

First, J.T. Posey has resisted discovery for months on multiple grounds, most of which like its repeated claims that "discovery is closed" and its repeated contests to the jurisdiction of the Magistrate Judge have had nothing to do with substantive objections to production of documents, information, and materials. Consequently, HipSaver's discovery motions, including two motions to compel the long outstanding and still outstanding November 29, 2005 Request for Production were necessarily focused on overcoming resistance to discovery in the first instance. At the same time, however, HipSaver has, in each motion and supporting memorandum met all of the substantive objections raised by J.T. Posey since it first refused to produce documents in early January. At this very late date, J.T. Posey cannot argue that it somehow has failed to grasp anything with respect to HipSaver's arguments for production.

Second, HipSaver has, in fact, substantially met the itemization requirements of Local Rule 37.1. Of course, the rule assumes that a party's discovery objections will be discrete and will address the merits of each discovery request. Here, however, the Defendant has on numerous occasions made lengthy, dilatory, repetitive, duplicative, blanket objections to HipSaver's Second Request for Production. In response, HipSaver

adopted a practical approach in its motions to compel and memoranda. The duplicative objections were aggregated and addressed as one. So, for example, where the Defendant made virtually identical objections to financial information in Requests 15-19, HipSaver contested those objections with a single, aggregated argument. And where the Defendant made virtually identical objections to customer information Requests 23-26, HipSaver proceeded similarly. For the sake of mechanical compliance with L.R. 37.1, it would have been pointless for the Plaintiff to contest the Defendant's repetitive, duplicative, blanket objections by repetitive, duplicative, blanket restatement of its own challenge to those objections.

### IV.  The Defendant's Latest Objections Should Be Rejected

#### A.  Document Requests 15-19

The Defendant, as noted above, has now raised a false "burdensome cost" argument to Requests 15-19. Yet, there is no burdensome cost. Even if the real cost (not the fanciful $263,000) is in excess of $10,000 to provide financial information readily available from J.T. Posey's database, that cost is not a burden to a company with sales of $170 million annually and is certainly justified. Simply put, the financial information is essential to HipSaver's damages case; and the cost to the Defendant is insignificant.

#### B.  Document Request 19

The Defendant has buttressed its objection to Request 19 with an argument that tax returns are protected from "unnecessary" discovery by public policy. This objection is utterly specious in light of the Defendant's own Request for HipSaver's tax returns – which were produced by HipSaver in January. *See* J.T. Posey's Requests for Production to Edward Goodwin, Request No. 9.

6

In any case, HipSaver is not seeking unnecessary discovery. The tax returns are the only available documents which can serve as a verification or authentication check on the accuracy of the other financial data to be produced by the Defendant.

Notwithstanding the fact that J.T. Posey is a large company, its controller, Mr. Nail, has testified that while the Defendant is a large company, it does not prepare and does not have audited financial statements which would serve in place of the tax returns as a verification check. Given that tax returns are prepared and submitted under penalty of perjury, there is good reason to assume accuracy and suitable use of the returns as a verification check on the accuracy of otherwise produced financial information. Furthermore, of course, the tax returns are fully shielded from the Plaintiff and the public under the terms of the court's Protective Order.

### C. Document Request 23

The Defendant objects that Request 23 calls "for anything and everything to do with seven of Posey's customers". In fact, the request does nothing of the sort. It is a focused request for documents and data *"which refer or relate in any manner to hip protection products"*. As such, Request 23 is a limited request which seeks documentation directly relevant to the false advertising dispute before the court. It is an effort to determine the extent to which the Defendant made false claims to large customers similar to false claims already discovered with respect to other similarly situated customers.

### D. Document Request 24

The Defendant next objects that Request 24 is objectionable as "another scattershot request." It is not. Rather, as with Request 23, HipSaver seeks documents for

7

a *single* group of customers, the Veterans Administration. The request is then focused on "complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products and related to launderability or durability". The request is an effort to determine the extent to which the Defendant was aware, based on responses from customers that its hip protection products could not meet advertised launderability and durability claims. This is directly related to the false advertising claims at issue in this lawsuit. Indeed, the relevance of this request is underscored by the fact that J.T. Posey made a virtually *verbatim* request for the same production to HipSaver.

### E.    Document Request 25

The Defendant objects to producing documentation supporting its explicit advertising claim that its hip protection products fit the wearer so to be "positioned precisely over the trochanter".[2] Defendant claims that this request seeks discovery which is beyond the scope of the advertising at issue in this lawsuit. That is simply not the case.

The advertising claim referenced in Request 25 is one of a number of claims which appear in the very advertisement identified by the Defendant as the "single Posey ad"[3] at issue in this case. *See* Exh C. to Mr. Morseburg's Declaration. Since the cited claim is part of an advertisement challenged as literally false, a discovery request seeking documentation for the claim is unquestionably relevant to the issues in this lawsuit and clearly discoverable.

---

[2]  The trochanter is the hip bone.

[3]  Of course, HipSaver does not agree that this lawsuit turns on a single advertisement. Nevertheless, this issue need not be addressed to resolve the demand for production in Request 25.

8

**F.     Document Request 26**

Finally, the Defendant objects to producing documentation of notices to its customers concerning changes to its hip protection products laundering instructions. This request is directly related to the Defendant's explicit advertising claim in the so-called "single Posey ad" concerning launderability. *See* Exh C. to Mr. Morseburg's Declaration. Moreover, this request is related to the Defendant's Counterclaim against HipSaver. *See* Counterclaim ¶¶46, 47 which, in part, allege that HipSaver and its principal have misrepresented the launderability of the Defendant's hip protection products.

Needless to say, then, a discovery request directed to claims challenged in one of J.T. Posey's advertisements and directed also at defense of a Counterclaim from J.T. Posey is both related and relevant to the issues in this lawsuit and a proper subject for discovery.

## CONCLUSION

For the reasons stated, it is time to close off the Defendant's campaign to avoid discovery. HipSaver's Motion to Compel Production in Response to the Second Request should be granted.

Respectfully submitted,
THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/ Courtney M. Quish
Lee Carl Bromberg,
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney Meehan Quish
BBO No.:  662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th Floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com
Dated:  May 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 3, 2006.


/s/ Courtney M. Quish


02820/00502 492269.1

# SEALED DOCUMENT EXHIBIT 1