UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) <br> ) Civil Action No. 05-10917 PBS <br> ) |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY IN
OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") opposes the motion of Plaintiff and Counterclaim Defendant The HipSaver Company Inc. ("HipSaver") for leave to file a reply memorandum in support of its pending motion to compel production of documents, Docket No. 113. The motion should be denied for the following reasons.

First, the so-called "reply" memorandum that HipSaver proposes to file contains numerous inaccurate factual averments. By saving its inaccurate statements for its proposed "reply", HipSaver is merely attempting to re-write the facts that underlie the motion to compel and, at the same time, deprive Posey of the opportunity of setting the record straight.

For example, in "reply" to Posey's argument and evidence that the requested production is unduly burdensome, HipSaver contends – *for very the first time* – that it previously offered to waive the production of documentary evidence "if the same information is available from

[Posey's] realtime database system". The notion that HipSaver *ever* said that it would be content with anything other than the complete production of *"all documents and data"* that were *"relate[d] in any way"* to the requests at issue is completely false. In fact, the contention is completely belied by HipSaver's own moving papers which state that "[t]his Motion seeks [the] complete, immediate production of *all documents and data* in response to document requests Number 15-19 and 23-26." Memorandum in Support, at p. 2 (emphasis added).

Likewise, in its proposed "reply" HipSaver also contends that Posey never previously asserted an "expense outweighs the benefit" objection to HipSaver's requested discovery. This is also false. The plain fact of the matter is that Posey has asserted this objection to HipSaver's proposed discovery since day one. Posey interposed the objection in its original response to the Request in January, in its amended response to the Request in March, and in the "meet and confer" discussions between the parties regarding the Request in April. HipSaver's statement to the contrary is, at best, wishful thinking.

In its so-called "reply", HipSaver also states that Posey should be required to produce its tax returns because Posey sought HipSaver's tax returns and HipSaver produced them. Once again, the contention that Posey sought HipSaver's tax returns in discovery is utterly and completely false. Indeed, HipSaver even acknowledged in the papers it submitted in support of its motion to compel that Posey *did not* seek HipSaver's tax returns during discovery. *See* Memorandum in Support, at p. 6, fn. 4.[1]

It is well-established that a party may not bring up new matters in a reply brief to which its opponent has no opportunity to respond. *Natural Res. Def. Council, Inc. v. U.S.*

---

[1] HipSaver voluntarily produced its tax returns. But the fact that it voluntarily waived its privilege against disclosing them does not mean that Posey must do the same.

2

*Environmental Protection Agency*, 25 F.3d 1063, 1072 n.4 (D.C. Cir. 1994) (parties are required to raise all arguments in opening brief so as to prevent "sandbagging" and to provide opposition a chance to respond); *Third Wave Technologies Corp. v. Stratagene Corp.*, 405 F.Supp.2d 991, 1001-02 (W.D.Wis. 2005) (same).  Here, HipSaver's proposed "reply" brief makes numerous new (false) factual averments that should **all** have been contained in HipSaver's moving papers.  By waiting until its proposed "reply" brief to make these factual assertions, HipSaver is simply trying to deprive Posey of the opportunity to insure that the Court has an accurate factual record before it when it considers the merits of HipSaver's motion to compel.

## CONCLUSION

For the foregoing reasons, HipSaver's motion for leave to file a reply brief in support of its motion to compel production of documents, Docket 113, should be denied.

Dated: May 4, 2006                              Respectfully submitted,

                                                J.T. POSEY COMPANY
                                                By its attorneys,

                                                /s/ Douglas H. Morseburg_____
                                                Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                                Douglas H. Morseburg, Admitted
                                                        Pro Hac Vice
                                                Shannon S. Sheldon, Admitted Pro Hac Vice
                                                SHELDON & MAK
                                                225 South Lake Avenue, Suite 900
                                                Pasadena, CA  91001
                                                (626) 796-4000

                                                Anthony J. Fitzpatrick (BBO # 564324)
                                                DUANE MORRIS LLP
                                                470 Atlantic Avenue, Suite 500
                                                Boston, MA 02210
                                                (617) 289-9200

## CERTIFICATE OF SERVICE

    I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: May 4, 2006                          /s/ Donald K. Piper
                                                 Donald K. Piper