# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
|     Plaintiff / Counterclaim Defendant, | ) |
| | ) |
| v | ) |
| | ) |
| J.T. POSEY COMPANY, | ) |
|     Defendant / Counterclaim Plaintiff | ) |
| | ) |

## JOINT STATUS REPORT IN RESPONSE TO MAGISTRATE JUDGE'S PROCEDURAL ORDER OF MAY 12, 2006

Plaintiff, The HipSaver Company, Inc. ("HipSaver") and Defendant, JT Posey Company ("Posey") file this Joint Status Report on the Requests for Production of Documents still in dispute under HipSaver's Motion to Compel dated April 3, 2006 (Document no. 113). In response to the Magistrate Judge's Procedural Order of May 12, 2006, the parties have conferred on four occasions in an effort to resolve this discovery dispute.

The following requests for production remain for resolution by the Magistrate Judge:

1

**HipSaver Request No. 15**.  Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:

a) Unit volume of United States sales for each category of Posey Products (*see* Definitions item I above)

b) Revenue for each category of Posey Products sold in the United States

c) Costs charged against each category of Posey Products sold in the United States

d) Profit or margin for each category of Posey Products sold in the United States

e) Unit volume of foreign sales by country and total unit volume of foreign sales for each category of Posey Products (*see* Definitions item I above)

f) Revenue for each category of Posey Products sold outside the United States, itemized by country and in total

g) Costs charged against each category of Posey Products sold outside the United States, itemized by country and in total

h) Profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total

**HipSaver's Position on Request 15:**

The purpose of Request 15 is to obtain financial information on that part of the Defendant's extensive product portfolio which includes hip protection and other fall management products. Information is sought on similar products to determine the extent to which Posey has consistently applied the same financial treatment to similar products. This Request is relevant to HipSaver's damages claims and is required for expert financial evaluation.

HipSaver has narrowed the time period to 2001 forward, the same time period used by Posey in its discovery. Additionally, HipSaver has narrowed the scope from all Posey products to so-called "Fall Management products" as this term is defined in the Posey catalogue. This category of products includes the hip protection products at issue. Further, HipSaver has agreed that Posey's foreign sales, revenue, cost, and profit margin

information need not be itemized by country. Finally, as noted in HipSaver's May 3, 2006 Reply Memorandum, HipSaver has requested this information from Posey's electronic database and does not seek duplicative paper records.

The information is maintained in Posey's electronic database and is easily accessible.

**Posey's Position on Request No. 15**:

    **Posey's Preliminary Statement**

In the assessing the instant motion, Posey urges the Court to view the instant motion in the context of what is actually involved in this case. That is to say, after HipSaver filed its complaint in this case, Posey moved to dismiss it on the grounds that HipSaver had failed to satisfy the requirements of Rule 9(b) in that HipSaver had not pled with particularity the statements that formed the basis of its false advertising claims. At the hearing on Posey's motion, HipSaver's counsel swore up and down that its claims in this case were based upon statements Posey had made in a single advertisement regarding testing that had been done on Posey's hip protection materials by Garwood Laboratories (the "Garwood Testing").

When Posey advised the Court that it had changed the advertising at issue, the Court directed HipSaver to file a statement particularizing its problems, if any, with Posey's revised ad. In the statement subsequently HipSaver filed, HipSaver once again swore up and down that its problems with Posey's revised ad were based upon Posey's false statements concerning the Garwood Testing. See attached Exhibit "A".

HipSaver subsequently amended the complaint to state a claim for product disparagement based upon a *single* communication between a former Posey and a couple of employees of a Veterans Affairs facility in Los Angeles that occurred in 2001.

In connection with the instant motion, HipSaver attempts to give the impression that the issues in this case encompass more than the Garwood Testing and its product disparagement claim. However, this is simply not the case and many of the requests that are the subject of the instant motion are related to non-issues.

**Posey's Position Regarding Request No. 15**:

During the meet and confer process, HipSaver agreed to limit the scope of this Request to Posey's "fall management" products, as they were grouped on Posey's website. However, even with this "limit", Request No. 15 still encompasses products having 93 different "SKU" numbers. These include, among other things, products as varied as bed brackets (used for holding alarms), videotapes, slippers, blankets, alarms, pagers, wheelchair sensors and "Do Not Enter" signs for doors. See attached Exhibit "B".

The instant litigation concerns *only* hip protectors. Inasmuch as this request still calls for documents relating to at about 80 products that have absolutely nothing to do with the claims or the defenses of the parties, HipSaver's "limitation" is still overly broad. *See* Fed. R. Civ. Proc. 26(b)(1) (discovery limited to matters relevant to the claims and defenses of the parties).

Producing a report containing requested information on Posey's 93 "fall management" products, would likely consume four or five days. However, Posey is not seeking damages in this case and HipSaver has been unable to identify *any* economic

4

damages it has suffered as a consequence of the *one* allegedly false advertisement that is the subject of its false advertising claims, the *one* communication that forms the basis for its disparagement claim, and the alleged breach of the Settlement Agreement that forms the basis for its breach of contract claim. Thus, there is no legitimate reason to put Posey the burden and expense of responding to this request. *See* Fed. R. Civ. Proc. 26(b)(2) (court may limit discovery where burden or expense outweighs its likely benefit, taking into account the needs of the case and the amount in controversy).

Finally, Posey notes that HipSaver's contention that its financial expert need information relating to products unrelated to hip protectors so that he can prepare a damages analysis regarding lost hip protector sales is supported by nothing except HipSaver's counsel's own say-so. Counsel's conclusory statement of need, unsupported by anything else (such as a declaration from HipSaver's financial expert), is insufficient to establish the actual need for any documents. *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).

**HipSaver Request No. 16:** Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:
 a) Unit Volume of United States sales for each category of Hipster (*see* Definitions item I above)
 b) Revenue for each category of Hipster sold in the United States.
 c) Costs charged against each category of Hipster sold in the United States
 d) Profit or margin for each category of Hipster sold in the United States
 e) Unit volume of foreign sales for each category of Hipster (*see* Definitions item I above), itemized by country and in total
 f) Revenue for each category of Hipster sold outside the United States, itemized by country and in total

5

    g) Costs charged against each category of Hipster sold outside the United States, itemized by country and in total

    h) Profit or margin for each category of Hipster sold outside the United States, itemized by country and in total

**HipSaver's Position on Request No. 16:**

This Request is relevant to HipSaver's damages claims and is required for expert financial evaluation.

Further, this Request is simply a subset of Request 15 and therefore, does not create any additional burden on the Defendant.

HipSaver stipulates to the same narrowing and limitations set out above.

The information is maintained in Posey's electronic database and is easily accessible.

**Posey's Position on Request No. 16:**

With the limitations agree to by the parties during the meet and confer process, Posey is amenable to producing documents from its electronic database regarding its domestic sales of hip protectors (in units and dollar amount), its domestic costs, and its margins. However, inasmuch as there is no allegation in this case that the advertisements in question were disseminated internationally, information relating to Posey's international sales is irrelevant, unnecessary, and overly broad.

**HipSaver Request No. 17:** Please provide all documents and data which include or refer or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers, including the following distributors and health care providers:

    a) Briggs
    b) Alimed

c) Samons Preston
d) Life Care
e) Manor Care
f) Kindercare
g) Beverly Enterprises
h) Richland Health Care (Life Care), Richland WA
i) Life Care Center of San Gabriel, San Gabriel CA
j) Bangor Mental Health Institute, Bangor, ME
k) Truman Medical Center at Lakewood, Kansas City MO
l) Peaks Care Center, Longmont CO
m) Dunn County Health Care Center, Menomonie WI
n) VAMC Bedford, Bedford MA
o) VA Brockton, MA
p) VA Boston, MA
q) VA Mountain Home, TN
r) All other Veterans Administration facilities
s) Resthaven York, York PA
t) Pleasant Meadows Christian Village, Chrisman IL
u) Friendship Village, Schaumburg IL
v) Pisgah Manor, Candler NC
w) Golden View, Meredith NH
x) Seneca Place, Verona PA
y) Phoebe Ministries, Allentown PA
z) Dow Rummel Village, Sioux Falls SD
aa) Eaglewood care center, Springfield OH
bb) Baptist medical Center, Little Rock AR
cc) Cedar Wood Health Care, Colorado Springs CO
dd) Park River States Care Center, Coon Rapids MN
ee) Regency at the Park, College Place WA
ff) Kennedy Park Medical & Rehab, Schofield WI
gg) River Mede Health Care, Binghamton NY

hh) Sacred Heart Home, Hyattsville, MD

**HipSaver's Position on Request 17:**

This information is relevant to HipSaver's damages claims and is required for expert financial evaluation.

HipSaver has narrowed the time period to 2001 forward, the same time period used by Posey in its discovery. The Request is virtually identical to Posey's Request 27 to which HipSaver has long since responded affirmatively.

The customer information requested here is readily available from Posey's on-line database.

**Posey's Position on Request No. 17:**

This request literally purports to require Posey to produce virtually every document and every shred of digital data that relates "in any manner" to customer orders and shipments of Hipster products. During the meet and confer process, HipSaver agreed to narrow the request so that it included only information from Posey's electronic database relating to Hipster sales to, and payments by, the persons or entities identified in subparagraphs a) though hh).

Inasmuch as HipSaver has been unable identify a single lost sale, a single lost customer or a single sale that accrued to Posey as a consequence of the allegedly false advertising at issue in this case, Posey should not be put through the burden or the expense of producing even this information.

**HipSaver Request No. 18:** Please provide all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for <u>each</u> calendar year, 2000 through 2005:

a) Customer returns or rejections of Hipster products
b) Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products
c) Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products
d) Veterans Administration facility returns or rejections of Hipster products
e) Discounts, refunds, rebates, replacements, and write offs made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products
f) Any other adjustments made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products

**HipSaver's Position on Request No. 18:**

The purpose of this information is to determine the extent to which the Defendant was aware of complaints and made financial or other adjustments. This information bears directly on HipSaver's false advertising claims related to the launderability, durability, and functionality of Posey hip protection products.

HipSaver has narrowed the time period to 2001 forward, the same time period used by Posey in its discovery. The Request is identical to Posey's Request 28 to which HipSaver has long since responded affirmatively.

To the extent the requested information is available from Posey's electronic database, HipSaver does not seek duplicative paper records.

**Posey's Position on Request No. 18:**

On its face, Request No. 18 purports to encompass virtually every scrap of paper and piece of digital data that relates "in any manner" to product returns, rejections, write-offs, discounts, refunds, rebates, replacements, and customer complaints. During the meet and confer process, HipSaver agreed to limit this request to information derivable from Posey's electronic database for the period from 2001 through 2005.

HipSaver contends that this information is relevant to Posey advertising regarding "launderability, durability, and functionality of Posey hip protection products." However, as HipSaver told the Court just about one year ago, this case involves allegedly false statements regarding the Garwood Testing. The Garwood testing was an impact test that determined the impact absorption of Posey's hip protection materials. It had nothing to do with the "launderability, durability, and functionality of Posey hip protection products."

The information sought by this request is not related to the Garwood testing, to the Posey's alleged disparagement of HipSaver's products or to any other claim or defense. Thus, it is beyond the scope of discovery. *See* Fed. R. Civ. Proc. 26(b)(1) (discovery limited to matters relevant to the claims and defenses of the parties).

**HipSaver Request No. 19:** Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:
   a) The Defendant's tax returns
   b) Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets
   c) Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit.

**HipSaver's Position on Request No. 19:**

This information is relevant to HipSaver's damages claims and is required for expert financial evaluation. Inasmuch as Posey is not a public company and does not have audited financial statements, the tax returns are the only available documents which can serve as a verification or authentication check on the accuracy of the other financial data to be produced by the Defendant. Of course, the tax returns are fully shielded from the Plaintiff and the public under the terms of the court's Protective Order.

HipSaver has narrowed the time period to 2001 forward, the same time period used by Posey in its discovery. Further, HipSaver has agreed to limit its request for financial statements to annual statements where available and to request quarterly statements only where an annual statement has not been completed. The Request is identical to Posey's Request 29 to HipSaver and its Request 9 to Edward Goodwin, both of which have long since been responded to affirmatively by HipSaver.

**Posey's Position on Request No. 19:**

Posey does not produce quarterly or formal annual financial statements and its tax returns enjoy a qualified privilege. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 219, 82 S. Ct. 289, 296 (1961) (tax returns are protected against unnecessary disclosure by public policy). During the meet and confer process, Posey offered to produce Schedule K and Schedule M-1 from its annual federal tax return for the period from 2001 through 2004 and for 2005 when it is available.

The production of Schedule K would provide HipSaver with "income statement" information and it would also provide a summary of information from Posey's Form 1120-S (the basic federal tax return). Schedule M-1 would provide HipSaver with a

reconciliation of Posey's book net income and its taxable net income. The other attachments to Posey's tax return (e.g., its state tax returns and schedules regarding its foreign operations and its depreciation amortization are duplicative, superfluous and totally irrelevant.

HipSaver's attempt to justify its request for Posey's tax returns on the grounds that Posey requested HipSaver's returns is completely ill informed. The plain fact of the matter is that Posey never requested HipSaver's tax returns. HipSaver did produce some of its tax returns, but it did not do so in response to a request for them. The fact that it voluntarily produced them does not mean that Posey is required to do the same. Moreover, HipSaver's suggestion that Goodwin produced is simply incorrect.

**HipSaver Request No. 23:** With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:
   a) the Veterans Administration
   b) Life Care
   c) Manor Care
   d) Kindercare
   e) Alimed
   f) Briggs
   g) Samons Preston

**HipSaver's Position on Request No. 23:**

This Request seeks marketing related correspondence, data, documentation, evaluations, studies, and comparisons between Posey and key customers but is limited to hip protection products. This information bears directly on HipSaver's false advertising

claims related to the launderability, durability, and functionality of Posey hip protection products.

HipSaver has narrowed the time period to 2001 forward, the same time period used by Posey in its discovery.

**Posey's Position on Request No. 23:**

Request No. 23 calls for the production of anything and everything having to do with seven of Posey's customers. Notwithstanding the plain wording of the request, HipSaver contends that it is only seeking "marketing related" information.

As justification for this request, HipSaver contends that the subject information is related to "the launderability, durability, and functionality of Posey hip protection products." However, as HipSaver told the Court a year ago, the only issue in this case is the truth or falsity of statements Posey made regarding the Garwood Testing.

The Garwood Testing involved the ability of Posey's hip protection material to absorb an impact. It did not involve "the launderability, durability, and functionality of Posey hip protection products. Moreover, the information responsive to this request is not relevant to Posey's alleged disparagement of HipSaver products or to any other claim or defense of any party. Therefore, the information sought is outside the permissible scope of discovery. Fed. R. Civ. Proc. 26(b)(1) (discovery limited to matters relevant to the claims and defenses of the parties).

**HipSaver Request No. 24:** With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds,

replacements, or other adjustments with respect to Hipster products related to launderability or durability.

**HipSaver's Position on Request No. 24:**

This Request is simply a refinement of that part of Request 18 which refers more generally to Veterans Administration facilities. This request does not create any additional burden on the Defendant.

**Posey's Position on Request No. 24:**

The information sought by this request is a subset of the information sought in Request No. 18 and it is objectionable for the same reason. That is to say, the request purports to encompass virtually every scrap of paper and piece of digital data that relates "in any manner" to complaints, returns, refunds, replacements or other adjustments with respect to any Veterans Affairs facility. During the meet and confer process, HipSaver agreed to limit this request to information derivable from Posey's electronic database for the period from 2001 through 2005.

HipSaver seeks this information because it is purportedly relevant to Posey advertising regarding "launderability, durability, and functionality of Posey hip protection products." However, this case involves Posey's allegedly false statements regarding the Garwood Testing and to Posey's alleged disparagement of HipSaver's products on one occasion in 2001. This request does not relate to alleged disparagement and the Garwood testing had nothing to do with the "launderability, durability, and functionality of Posey hip protection products." Therefore, the information sought by this request is beyond the scope of discovery. *See* Fed. R. Civ. Proc. 26(b)(1) (discovery limited to matters relevant to the claims and defenses of the parties).

**HipSaver Request 25**.    Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter.

**HipSaver Position on Request 25:**

Among the advertising claims challenged in this case is Posey's assertion that its hip protection products are designed to be positioned directly over the trochanter (the hip bone) and thus capable of protecting a person from impact related hip injury.  This Request simply seeks documentation for a claim which is part of Posey's contested advertising.  Posey has refused to produce documentation, claiming that the advertising claim is outside the Complaint.  In fact, the Complaint is *not limited to a single false claim* but rather generally challenges Posey's false advertising claims related to capacity of its hip protection products to protect against injury.  Further, Request 25 is directly related to HipSaver's defense of Posey's Counterclaim which, in part, alleges that HipSaver "has wrongly and falsely accused Posey of selling defective and dangerous products". *See* Paragraphs 43 and 46 in the Counterclaim.

**Posey's Position on Request 25:**

Contrary to HipSaver's position, this a case for (i) false advertising arising out of a single Posey ad that makes reference to some "impact testing" performed for Posey by a company called Garwood Laboratories ("Garwood"), and (ii) product disparagement arising out of a written communication that allegedly occurred in 2001 between a former Posey employee and one or more employees of a VA hospital in Los Angeles.  Clearly,

15

"the capacity of Hipster products to be 'positioned precisely over the trochanter[']" has absolutely nothing to do with these claims.

HipSaver's contention that this request relates to an allegation in Posey's counterclaim that HipSaver has wrongly accused Posey of selling a defective and dangerous product is disingenuous. Posey is not, and it never has, contended that HipSaver made false statements that Posey's product is dangerous or defective because it is not placed over the trochanter.

The documents sought by this request are outside the scope of discovery. Fed. R. Civ. Proc. 26(b)(1) (discovery limited to matters relevant to the claims and defenses of the parties).

**HipSaver Request 26**.    Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160ºF to 120°F.
**HipSaver Position on Request 26:**

Among the advertising claims challenged in this case is Posey's assertion that its hip protection products are designed to withstand institutional laundering and thus capable of protecting hospital, rehab, and nursing facility patients from impact related hip injury. This Request simply seeks documentation for a claim which is part of Posey's contested advertising. Posey has refused to produce documentation, claiming that the advertising claim is outside the Complaint. In fact, the Complaint is *not limited to a single false claim* but rather generally challenges Posey's false advertising claims related to capacity of its hip protection products to protect against injury. Further, Request 25 is directly related to HipSaver's defense of Posey's Counterclaim which, in part, alleges

16

that HipSaver "has wrongly and falsely accused Posey of selling defective and dangerous products". *See* Paragraphs 43 and 46 in the Counterclaim.

**Posey's Position on Request 26:**

Again, this a case for (i) false advertising arising out of an ad that makes reference to Garwood's "impact testing" and (ii) product disparagement arising out of a written communication that allegedly occurred in 2001. Clearly, any Posey notices to its customers regarding a change in laundry instructions have nothing to do with the claims or defenses in this case.

Respectfully submitted,

| | |
|---|---|
| THE HIPSAVER COMPANY, INC.<br>By its Attorneys, | J.T.POSEY COMPANY<br>By its Attorneys, |
| **/s/  Edward J. Dailey** | **/s/  Douglas H. Morseburg** |
| Lee Carl Bromberg<br>BBO no. 058480<br>Edward J. Dailey<br>BBO no. 112220<br>Courtney M. Quish<br>BBO no. 662288<br>BROMBERG SUNSTEIN LLP<br>125 Summer Street - 11th floor<br>Boston, Massachusetts  02110-1618<br>617.443.9292<br>617.443.0004  (fax)<br>Dated:  6.2.06 | Jeffrey G. Sheldon, *pro hac vice*<br>Douglas H. Morseburg,, *pro hac vice*<br>SHELDON & MAK<br>225 South Lake Avenue, Suite 900<br>Pasadena, California  91001<br>626.796.4000<br><br>Anthony J. Fitzpatrick<br>BBO no. 564324<br>DUANE MORRIS LLP<br>470 Atlantic Avenue<br>Boston, Massachusetts  02210<br>617.289.9200 |

02820/00502 502831.1