# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|   |   |
|---|---|
| THE HIPSAVER COMPANY, INC., <br>     Plaintiff / Counterclaim Defendant, <br><br> v <br><br> J.T. POSEY COMPANY, <br>     Defendant / Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff, The HipSaver Company ("HipSaver"), respectfully submits this Memorandum in Support of its Motion for an Award of Attorneys' Fees to reimburse HipSaver for the reasonable expenses incurred by HipSaver in filing two motions to compel in efforts to obtain discovery from Defendant, J.T. Posey's ("Posey") in response to HipSaver's Requests for Production of Documents.

### STATEMENT OF FACTS

Over the past seven months, Posey has engaged in protracted stonewalling tactics in an attempt to avoid a substantive response to HipSaver's Second Request for Production of Documents ("Second Request"). HipSaver's request sought, amongst other things, financial information critical to HipSaver's damages case. HipSaver moved to compel production on two separate occasions, and on each occasion, HipSaver prevailed. This long, drawn-out discovery battle was aimed at delay rather than substantive discovery and was lost at every turn by the Defendant Posey. This is a case where

HipSaver not only prevailed (twice) but in which HipSaver prevailed against dilatory objections over seven months.

As is apparent by the chronology of events set forth below, Posey abused the discovery process and exploited its opportunity to challenge the Magistrate Judge's ruling to further delay with frivolous objections.

The facts surrounding the discovery dispute are as follows:

1. In the relevant scheduling order, Judge Saris ordered fact discovery to be completed by December 30, 2005. Electronic Order dated November 1, 2005.

2. On November 29, 2005, more than thirty days before discovery was due, Plaintiff served its Second Request for Production of Documents on J.T. Posey.

3. On January 3, 2006, Posey served a written response, objecting to the Second Request on the grounds that, among other things, the Second Request was untimely.

4. Beginning in early January, 2006, HipSaver repeatedly attempted to confer and reach accommodation with Posey on this Second Request. The parties failed to resolve the issue.

5. On February 8, 2006, HipSaver filed a motion to compel responses to its Second Request. [D.N. 94].

6. On February 22, 2006, Posey responded, arguing that the Second Request was untimely, and alternatively, that the requests were overly burdensome. [D.N. 97].

7. On March 2, 2006, Magistrate Judge Collings heard HipSaver's motion to compel and extended the discovery order *nunc pro tunc*. This extension obviated Posey's timeliness objection. In this ruling, the Court ordered Posey to serve responses

and/or objections to HipSaver's Second Request by March 24, 2006. Electronic Order dated March 2, 2006.

8. On March 9, 2006, Posey filed objections to Magistrate Judge Collings' March 2nd order, arguing that the Court's order was contrary to law. [D.N. 105].[1]

9. On March 10, 2006, HipSaver filed a motion to extend discovery to permit the parties to complete discovery. [D.N. 103]. This extension was necessitated by the extended delay caused by Posey's refusal to respond to HipSaver's Second Request.

10. On March 14, 2006, the District Court referred HipSaver's motion to extend discovery to Magistrate Judge Collings.

11. On March 27, despite the Magistrate Judge's March 2nd, extension of the discovery order *nunc pro tunc* and despite the court's referral of the pending discovery scheduling matter, Posey submitted an amended response to HipSaver's Second Request. Again, Posey objected to the Second Request on the grounds that the Second Request was untimely.

12. On March 31, 2006, the court allowed HipSaver's motion to extend discovery [D.N. 103] and set a hearing date to revise the scheduling order.

13. On April 3, 2006, HipSaver filed a second motion to compel a response to its Second Request.

14. On April 6, Magistrate Judge Collings held a hearing to set a scheduling order. At the hearing, it became clear that a new schedule was contingent upon what action Judge Saris would take with respect to Posey's objections to Magistrate Judge Collings' March 2, 2006, Order. In addition, counsel for Posey stated that

---

[1] HipSaver does not seek fees incurred in connection with its opposition to this motion.

3

it intended to file an additional objection to any revised schedule set by the Magistrate Judge. Thus, the court issued a contingent scheduling order.

15. On April 14, 2006, notwithstanding the fact that HipSaver's motion to extend the scheduling order was necessitated by Posey's delay, Posey objected to the court's March 31st order and the April 6th order on HipSaver's motion to extend discovery, arguing that the Magistrate Judge's orders were contrary to law. [D.N. 117]

16. On April 21, 2006, HipSaver filed a Response to Posey's Objection to Magistrate Judge Collings' Order of March 31, 2006 and April 6, 2006.

17. On April 27, 2006, Judge Saris entered an electronic endorsement of Magistrate Judge Collings' March 2nd, March 31st, and April 6th orders, denying Posey's objections to Magistrate Judge Collings' grant of HipSaver's motion to compel and motion to extend discovery.

18. On May 1, 2006, despite this court's endorsement of the Magistrate Judge's order granting HipSaver's first motion to compel, Posey opposed HipSaver's second motion to compel a response to its Second Request, again submitting blanket objections that the requests were overly broad and unduly burdensome.

19. On May 12, 2006, the court ordered further conference with regard to this discovery matter. In the following weeks, counsel conferred on many occasions but could not resolve the issues. The parties submitted a joint status report on June 2, 2006.

20. On July 14, 2006, the parties attended a hearing to discuss the outstanding discovery and on July 17, 2006, the court allowed HipSaver's motion to compel.

21. As a result of Posey's repeated refusal to produce relevant documents, HipSaver has been forced to file two motions to compel and to participate in countless conference calls with Posey counsel in attempts to confer with opposing counsel to resolve these issues. The additional and unnecessary costs associated with this dispute include the following:[2]

   a. The attorneys' fees incurred in connection with HipSaver's February 8, 2006, motion to compel, totaling $9, 190.00. *See* Declaration of Courtney Quish, at ¶ 3.

   b. The attorneys' fees incurred in connection to Posey's renewed objections to HipSaver's motion to compel, totaling $23,222.50. *Id.*

   c. The attorneys' fees incurred in connection with the preparation and drafting of this motion for costs, totaling $2,385.00. *Id.*

**ARGUMENT**

**HIPSAVER PREVAILED ON ITS MOTIONS TO COMPEL AND IS THEREFORE ENTITLED TO COSTS AND FEES INCURRED IN FILING AND PURSUING THE MOTION UNDER FED. R. CIV. P. 37(A)(2)(4).**

In general, the victorious party in a motion to compel is entitled to recover its expenses, including a reasonable attorney fee. Under Federal Rule 37(a)(2)(4),

> If the motion is granted, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees…

Fed. R. Civ. P. R. 37(a)(2)(4). Here, plaintiff HipSaver moved to compel responses in February and again in April. The Magistrate Judge granted

---

[2] These fees and costs do not include the fees and costs incurred by HipSaver in opposing J.T. Posey's objections of the Magistrate Judge's March 2nd Order.

5

HipSaver's motions and the district court endorsed the Magistrate Judge's ruling. On July 17, 2006, the court substantially granted HipSaver's motion. Therefore, under Rule 37, Posey should pay HipSaver's expenses, including attorney fees, incurred in making and pursuing the motions.

## CONCLUSION

Pursuant to Federal Rule 37, an award of expenses, including attorney's fees against Posey is entirely appropriate in this case. Therefore, for the reasons stated above, HipSaver requests that this Court award costs and fees in the amount of $34,797.50 to HipSaver to reimburse HipSaver for the fees associated in filing and pursuing its motions to compel and for the fees incurred in filing this motion for costs.

Respectfully submitted,

THE HIPSAVER COMPANY, INC.

By its Attorneys,

/s/  Courtney M. Quish

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com
Dated:  7.24.06

6

## **CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/  Courtney M. Quish
July 24, 2006

02820/00502 523310.1