## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

## MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF FEES AND COSTS

For the reasons set forth below, Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") opposes the motion of Plaintiff and Counterclaim Defendant The HipSaver Company Inc. ("HipSaver") for an award of attorneys' fees and costs.

### INTRODUCTION

As the Court knows, this is an action between two competitors who are accusing each other of false advertising and unfair trade practices. This is the second such action between the parties. The first action was settled.

On this motion, HipSaver seeks an award of costs incurred in connection with two motions to compel discovery. The first motion was filed on February 8, 2006 (the "February 8 Motion"). *See* Docket No. 94. The second was filed on April 3, 2006 (the "April 3 Motion").

*See* Docket No. 113.  As is set forth below, HipSaver is not entitled to an award in connection with either motion.

## THE FACTS

The facts underlying this motion are relatively simple.  They are as follows:

### 1. HipSaver Makes a Mistake and Serves Its Second Request for Production Late.

On the eve of the close of discovery, HipSaver served a set of requests for production of documents (the "Second Request") which purported to require Posey to provide a written response and to produce documents after the discovery completion deadline.  It also purported to require Posey to produce virtually every shred of paper and every byte of digital data that it had generated in connection with its business since January 1, 2000.

On January 3, 2006, Posey served a written response to the Second Request.  In it, Posey objected to the Second Request on the grounds that, among other things, it was untimely because it purported to require Posey to engage in discovery after the discovery completion deadline.  Posey also interposed substantive objections to the individual document categories in the Second Request.

### 2. HipSaver Tries to Blame Posey For Its Mistake.

Ultimately, HipSaver filed the February 8 Motion.  In support, HipSaver argued that the Second Request was timely because it was served before the completion date.  In opposition, Posey argued that the request was untimely because it purported to require Posey to engage in discovery after the discovery completion deadline and because HipSaver had no authority to

extend the discovery completion deadline unilaterally. In support of its position, Posey cited

several cases, including *Gavenda v. Orleans County*, 182 F.R.D. 17 (W.D.N.Y. 1997) and *Beller*

*v. Credit Alliance Corporation*, 107 F.R.D. 557 (N.D. Ga. 1985), which state that a party is

required to serve discovery requests so that the responding party's responses are due prior to the

discovery completion deadline. *See generally* Docket No. 97 (Posey Memorandum in

Opposition to February 8 Motion).

In opposition to the February 8 Motion, Posey also argued that the Court could not grant

HipSaver's motion unless it also extended the discovery completion deadline, that there was no

"good cause" for doing so, that HipSaver had shown no "good cause", and that, in any event,

HipSaver had not even asked the Court for that relief. *Id.*

### 3. The Magistrate Judge Rescues HipSaver From Its Mistake.

On March 2, 2006, Magistrate Judge Collings held a hearing on the February 8 Motion.

Following the hearing, the Magistrate Judge entered an order that, among other things, (i)

extended the discovery completion deadline *nunc pro tunc* for the sole purpose of serving the

Second Request, and (ii) required Posey to serve "responses or objections" to the Second

Request by March 24, 2006. *See* Electronic Order on Docket No. 94, entered dated March 2,

2006.

### 4. HipSaver Grudgingly Agrees to Delete the Year 2000 From the Scope of the Second Request and Then Files the April 3 Motion.

In accordance with the March 2 order, Posey served a response to the Second Request on

March 24, 2006. In it, Posey asserted substantive objections to many of the individual categories

of documents contained in the Request on the grounds that, among other things, they purported

to require Posey to produce virtually every document and every byte of digital information that related to Posey's business. Posey subsequently invited HipSaver counsel to narrow the Second Request and to identify *specific* types of documents, reports or information that it was seeking in response to the individual requests. HipSaver counsel did so by limiting the Second Request to the period from 2001 to 2005 instead of the period from 2000 to 2005. It refused to limit the request further, opting instead to file the April 3 Motion (Docket No. 113).

5.  **The Magistrate Judge Finds That HipSaver Did Not Meet and Confer In Good Faith Prior to Filing the April 3 Motion.**

After the parties briefed their positions, *see* Docket Nos. 114 and 122, Magistrate Judge Collings found that HipSaver had not met and conferred to the extent necessary to narrow, insofar as possible, the parties' disagreements regarding the Second Request. Therefore, on May 12, 2006, he entered a procedural order that required HipSaver to confer fully and completely in a good faith attempt to resolve the issues between it and Posey and to file a status report with the Court by June 2, 2006 detailing any remaining issues. *See* Docket No. 129.

6.  **HipSaver Concedes During the Meet and Confer Process That the Second Request Was Overly Broad and the Magistrate Judge Issues an Order Confirming That Fact.**

Pursuant to the Magistrate Judge's May 12 order, HipSaver and Posey met and conferred numerous times between May 12 and June 2. During that time, HipSaver agreed to limit the scope of the Second Request substantially. For example, it agreed to limit the scope of the individual requests to digital data on Posey's computer system. It also agreed to limit the information it was seeking in response to Request No. 15 to "fall management products" as opposed to all of the products that Posey sold. Likewise, it agreed to limit the information it was

seeking in response to Request No. 17 to certain individual customers and classes of customers rather than all customers.

On June 2, 2006, HipSaver and Posey filed a joint report regarding their unresolved issues. Following a hearing on July 14, 2006, Magistrate Judge Collings entered an order granting the April 3 Motion in part and denying it in large part. *See* Docket No. 135.

## THE STANDARD APPLICABLE TO THIS MOTION

The instant motion is governed by Rule 37(a) of the Federal Rules of Civil Procedure ("Rule 37(a)"). Among other things, Rule 37(a) sets forth the rules governing the making of motions to compel discovery and the award of expenses incurred in connection with such motions. As far as making a motion to compel is concerned, Rule 37(a) provides that, if a responding party fails to permit discovery as requested, the requesting party may make a motion for an order compelling the discovery. As part of its motion, the moving party must certify to the Court that it has conferred or made a good faith attempt to confer with the responding party to secure the requested discovery without court action. Fed. R. Civ. Proc. 37(a)(2).

With respect to the award of expenses, the basic rule is that a party who prevails on a motion to compel is entitled to his or her expenses, including attorneys' fees, incurred in making or opposing the motion. No award is appropriate, however, where (i) the motion was filed without the movant first making a good faith effort to obtain the discovery without court intervention, (ii) the losing party was "substantially justified" in making or opposing the motion, or (iii) where other circumstances make an award unjust. Fed. R. Civ. Proc. 37(a)(4), subsections (A) and (B). In addition, where a motion is granted in part and denied in part, the

Court may apportion the reasonable expenses incurred by the each party in a just manner.  Fed.

R. Civ. Proc. 37(a)(4)(C).

## **ARGUMENT**

1. **HipSaver Is Not Entitled to an Award of Fees and Expenses Incurred In Connection With the February 8 Motion Because Posey's Position Was Entirely Justified.**

HipSaver prevailed on the February 8 Motion.  But it did so only because the Magistrate

Judge extended the discovery deadline *nunc pro tunc* for the purpose of serving the Second

Request.  When the Magistrate Judge extended the discovery deadline, HipSaver's second

Request suddenly became timely.  Until the Magistrate Judge rescued HipSaver from its mistake

in failing to timely serve the Second Request, Posey had absolutely no obligation to respond to it.

Thus, the position it took in its response to the Second Request and in its opposition to the

February 8 Motion was entirely justified.  Under these circumstances, no award of fees and

expenses in connection with the February 8 Motion is appropriate.  *See* Fed. R. Civ. Proc.

37(a)(4)(A) (no award of fees or expenses where losing party was "substantially justified" in

making or opposing the motion, or where other circumstances make an award unjust).

2. **HipSaver Is Not Entitled to an Award of Fees and Expenses Incurred In Connection With the April 3 Motion Because HipSaver Did Not Confer In Good Faith In Advance of Filing the Motion and, In Any Event, It Was Not the Prevailing Party.**

HipSaver contends that it is entitled to an award of fees and expenses incurred in

connection with the April 3 Motion because it "substantially" prevailed.  *See* HipSaver Memo in

Support, at p. 6.  Surely, HipSaver cannot be serious.

First, the Magistrate Judge specifically found that, prior to filing the April 3 Motion,

HipSaver had not conferred in a good faith effort to narrow the issues before involving the Court.

*See* Docket No. 129 (Procedural Order on Docket No. 113; requiring HipSaver to confer "FULLY and COMPLETELY in a good-faith attempt" to narrow the issues) (emphasis in original). HipSaver's failure to meet and confer in good faith prior to filing its motion is fatal to its request for an award of fees and expenses. Fed. R. Civ. Proc. 37(a)(4) (no award of fees and expenses where court finds that moving party failed to meet and confer in good faith prior to filing motion).

Second, HipSaver did not prevail or, even, "substantially prevail" on the April 3 Motion. To confirm this, one need only refer to the Magistrate Judge's July 17, 2006 order which states, on its face, that HipSaver's motion was granted in part, but that it was largely denied. Docket No. 135.

If reference to the face of the July 17, 2006 order were not enough, the Court surely recalls that, as part of its original motion, HipSaver asked the Court to compel Posey to produce all documents and data that related to the Second Request. After being ordered to meet and confer, it narrowed its request to just digital data. Likewise, in response to Request No. 15, which called for documentation and digital data relating to every single one of the 600 plus items that are in Posey's product catalog, HipSaver narrowed its request to those items that were designated as "fall management" products on Posey's website, a total of approximately 200 "skus". It also substantially narrowed the scope of Request No. 17 by limiting it to just some customers and classes of customers instead of all customers.

The Court's order on the April 3 Motion was a rejection of the position that HipSaver originally took with respect to the Second Request. It was also a rejection of the position it took even after it was ordered to meet and confer. For example, in its order on the April 3 Motion, the Court ruled that Posey was required to produce information relating to the sales of only ten "fall

management" products and that the information produced would be limited to that on Posey's digital database. In other words, the Court *allowed* HipSaver just a small fraction of the relief it was originally seeking with respect to the Second Request. Clearly, this was not a victory for HipSaver. In fact, it was nearly a complete defeat. Thus, HipSaver is not entitled to an award of fees and costs under Rule 37(a), or any rule.

Finally, in support of its motion, HipSaver chose not to quote, or even mention, subsection (4)(C) of Rule 37(a). As is set forth above, that subsection provides that if a party's motion to compel is granted in part and denied in part, the Court may apportion the fees and expenses incurred by the parties.

Inasmuch as the Court denied most of the relief HipSaver sought in its original motion, if the Court were inclined to apportion the fees and expenses incurred by the parties, HipSaver ought to be required to pay Posey the amount it incurred in defending against the April 3 Motion, especially since the Second Request was so obviously overbroad.

3. **Posey's Appeals of the Magistrate Judge's Ruling Regarding the February 8 Motion, the Ruling Regarding HipSaver's Motion to Extend Discovery and the Amended Scheduling Order Are Irrelevant to the Request for an Award of Fees and Costs.**

HipSaver makes much of the fact that Posey appealed a couple of Magistrate Judge Collings' rulings to Judge Saris. The plain fact of the matter is that the Federal Rules of Civil Procedure provide the parties with an avenue of appeal from any ruling of a magistrate judge that the party feels is in error. If a party does not appeal to the district judge from a ruling of a magistrate judge that the party feels is in error, that party cannot thereafter raise an objection to it in the circuit court. *Farrow v. West*, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003).

Insofar as the Magistrate Judge's rulings here are concerned, Posey contended that HipSaver was not entitled to a response to an untimely discovery request or to an extension of the discovery completion date without a showing of "good cause". Likewise, it contended that the Magistrate Judge could not extend the discovery completion deadline unless it specifically found "good cause" and that there was no "good cause" for doing so.

The Magistrate Judge's order on HipSaver's February 8 Motion does not mention "good cause". Neither does the Magistrate Judge's ruling on HipSaver's motion to extend the discovery deadline and to re-set its deadline for serving its expert reports. Therefore, Posey reasonably appealed those rulings to Judge Saris. Given the consequences of its failure to appeal those rulings (i.e., a waiver of any right to object to them later on), the fact that it appealed those rulings cannot provide fodder for HipSaver's request for fees.

## CONCLUSION

For the foregoing reasons, HipSaver's motion for an award of fees and costs in connection with the February 8 Motion and the April 3 Motion should be denied. In the

//

//

9

alternative, if the Court is inclined to apportion fees incurred on the April 3 Motion, it should

award fees and expenses to Posey.


Dated: August 7, 2006                          Respectfully submitted,

                                               J.T. POSEY COMPANY
                                               By its attorneys,

                                               /s/ Douglas H. Morseburg
                                               Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                               Douglas H. Morseburg, Admitted
                                                        Pro Hac Vice
                                               SHELDON & MAK
                                               225 South Lake Avenue, Suite 900
                                               Pasadena, CA  91001
                                               (626) 796-4000

                                               Anthony J. Fitzpatrick (BBO # 564324)
                                               DUANE MORRIS LLP
                                               470 Atlantic Avenue, Suite 500
                                               Boston, MA 02210
                                               (617) 289-9200


## CERTIFICATE OF SERVICE

I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: August 7, 2006                          /s/ Donald K. Piper
                                               Donald K. Piper