# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., <br>     Plaintiff / Counterclaim Defendant, <br><br> v <br><br> J.T. POSEY COMPANY, <br>     Defendant / Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES

Plaintiff The HipSaver Company ("HipSaver") moves, pursuant to Local Rule 7.1(B)(3), for leave to file a short reply memorandum further supporting its Motion for an Award of Attorneys' Fees and addressing arguments raised by defendant in its Opposition to this Motion. HipSaver believes that the reply memorandum, attached hereto as Exhibit 1 will aid the Court in its decision whether to grant HipSaver's motion and award fees.

Therefore, HipSaver respectfully requests leave of this Court to file the reply memorandum attached hereto as Exhibit 1.

### CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1 and 37.1

I hereby certify that on August 11, 2006, counsel for the parties conferred by telephone and that counsel for J.T. Posey assented to this motion.

THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
cquish@bromsun.com

Dated:  August 11, 2006

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/  Courtney M. Quish
August 11, 2006

02820/00502 535324.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|   |   |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
|     Plaintiff / Counterclaim Defendant, | ) |
| v | ) |
| J.T. POSEY COMPANY, | ) |
|     Defendant / Counterclaim Plaintiff. | ) |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
## MOTION FOR AN AWARD OF ATTORNEYS' FEES

Posey's cat-and-mouse tactics forced HipSaver to file not one, but two motions to compel. HipSaver prevailed on both motions. Under Rule 37, HipSaver is entitled to fees incurred in filing these motions.

Rule 37 entitles a prevailing party to fees and costs associated with filing a motion to compel. A rebuttable presumption exists in favor of imposing expense-shifting sanctions on the losing party. This rule is designed to deter abusive and otherwise unjustifiable needs to resort to the judiciary.

This dispute exemplifies this purpose of the cost-shifting rule—to protect the court and a small party litigant against a larger, better-funded party's tireless and costly abuse of discovery. Posey's objections were unjustified. Posey initially objected to HipSaver's request on grounds that the request was untimely. Posey could have avoided delay and costs if it had raised its timeliness objection at the appropriate time—at the time of service in 2005. Instead, Posey received HipSaver's request and sat on it. It did

not raise an objection at the time the request was served nor did it raise the objection on the date it identified as the Response due date. Rather, it waited until the clock ran before it raise any objection. Posey's gamesmanship was simply unjustified. Even by Posey's contrived calendar, the request was only 1 day late and yet, Posey sought to curtail discovery, preclude HipSaver from access to all damages information, and ultimately dismiss the case based on HipSaver's inability to prove damages without discovery of Posey's financial information. Posey's wait-and-watch tactic created months of delay and unnecessary costs. Eventually, HipSaver moved to compel and the Court *granted* HipSaver's request for a response and ordered Posey to substantively respond to the requests. *See* Electronic Order dated March 2, 2006.

Once the timeliness objection was dispelled by the court, Posey objected to the requests on grounds that the requests were burdensome, outside the scope of discovery, and irrelevant, among other things. Again, HipSaver attempted to confer with Posey and resolve the disputes.[1] HipSaver agreed to significantly limit its requests but, even those compromises were not enough for Posey and Posey simply refused to produce any documents. In fact, Posey even objected to a requested that mirrored one of its own despite the fact that HipSaver had answered Posey's same request months earlier. For a second time, HipSaver was forced to move to compel. And again, HipSaver prevailed and the court ordered Posey to produce responsive documents.

Posey hedged its bet in hopes that the delay and costs that it created by this dispute would end the litigation. It exhausted its arsenal of stonewalling tactics to drag

---

[1] Posey's statement that HipSaver failed to properly confer is inaccurate. In its May 12, 2006, Order, the court directed counsel from both parties to confer fully and completely. *See* D.N. 129.

out HipSaver's efforts to complete discovery and to drain HipSaver's finances. But, these delay tactics failed and it lost—twice.

## CONCLUSION

For the reasons stated in HipSaver's memorandum in support of its motion and restated above in this Reply, HipSaver requests that this Court award costs and fees in the amount of $34,797.50 to HipSaver pursuant to Rule 37 to reimburse HipSaver for the fees associated in filing and pursuing its motions to compel and for the fees incurred in filing this motion for costs.

Respectfully submitted,

THE HIPSAVER COMPANY, INC.

By its Attorneys,

/s/  Courtney M. Quish

Lee Carl Bromberg
BBO no. 058480
Edward J. Dailey
BBO no. 112220
Courtney M. Quish
BBO no. 662288
BROMBERG SUNSTEIN LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
617.443.0004  (fax)
cquish@bromsun.com
Dated:  8.11.06

02820/00502 534805.2