# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., <br>     Plaintiff / Counterclaim Defendant, <br><br> v <br><br> J.T. POSEY COMPANY, <br>     Defendant / Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## HIPSAVER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE MR. HOFFMAN'S REPORT AND TESTIMONY CONTAINING CONCLUSIONS OF LAW AND SUBJECT MATTER OUTSIDE THE SCOPE OF HIS EXPERT QUALIFICATIONS

Plaintiff, the HipSaver Company, Inc. ("HipSaver") respectfully submits this memorandum in support of its motion to strike the following portions of the rebuttal report of Defendant J.T. Posey, Inc.'s ("Posey") experts Mr. Hoffman and Mr. Green (collectively referred to as "Hoffman"; rebuttal report referred to as "Hoffman report") because the statements address matters not properly offered by a damages expert opinion. The statements offer conclusions of law.  Further, the subject matter of these conclusions do not constitute proper matters upon which Mr. Hoffman is qualified to provide expert opinion.  Such testimony is impermissible, will not assist the trier of fact and instead, may prejudice the jury.  Accordingly, Mr. Hoffman's conclusions of law should be stricken.

## FACTS

In his rebuttal expert report, submitted on behalf of Posey and attached to this memorandum as **Exhibit A** (filed under seal), Mr. Hoffman proffers the following statements:

- "We understand that Posey stopped using the Garwood references in its advertising in August 2005. *Accordingly, to the extent that HipSaver's claim for false advertising is limited to the Garwood references, any profits earned by Posey subsequent to August 2005 would not be attributable to the allegedly false advertising.*" Exh. A, Hoffman report at p. 4, ¶ 3 (emphasis added to identify challenged statement).

- "We understand that the settlement agreement to the initial HipSaver – Posey litigation (the "Posey I settlement Agreement") covered all claims "which were asserted or could have been asserted" related to either party's advertising prior to September 2004. *Accordingly, HipSaver should not be entitled to recovery of damages related to Posey's advertising prior to September 2004.* However, we understand that HipSaver asserts that Posey has breached the settlement agreement." Exh. A, Hoffman report, p. 5 (emphasis added to identify challenged statement).

- "If it is determined that these advertisements are false and that HipSaver has not been compensated by the Posey I Settlement Agreement, HipSaver's damages would be based on Posey's incremental profits from *its Hipster sales from 2002 through December 2005*." *Id.* (emphasis added to identify challenged statement).

- *"HipSaver's damages would be limited to the portion of these profits that can be attributed to the false advertising." Id.* (emphasis added to identify challenged statement).

These statements are statements of law or statements of law requiring the application of law to fact and do not offer any qualified expert testimony. Furthermore, these statements concern issues of contract interpretation and causation that are outside the scope of Mr. Hoffman's expert qualifications.

**ARGUMENT**

**A.   Mr. Hoffman's Submission of Legal Conclusions is Impermissible and Should be Stricken**

Mr. Hoffman's submission of legal conclusions is impermissible and should be stricken. "It is black letter law that it is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 98 (1st Cir. 1997)(adopting the general rule that expert opinion about applicable principles of law is not applicable and does not satisfy the Federal Rules of Evidence 'Standard' Rule 702).  In the challenged statements, Mr. Hoffman offers legal conclusions under the guise of expert testimony—Mr. Hoffman provides conclusions regarding interpretation of the settlement agreement, and determinations of the scope of damages to which HipSaver may be entitled.  These determinations involve questions of pure law or the application of law to fact that fall within the discretion of the judge.

For example, Mr. Hoffman offers the following comments on HipSaver's entitlement to damages:

> We understand that Posey stopped using the Garwood references in its advertising in August 2005.  *Accordingly, to the extent that HipSaver's claim for false advertising is limited to the Garwood references, any profits earned by Posey subsequent to August 2005 would not be attributable to the allegedly false advertising.*

Exh. A, Hoffman report at p. 4, ¶ 3 (emphasis inserted to show challenged statement)

> If it is determined that these advertisements are false and that HipSaver has not been compensated by the Posey I Settlement Agreement, HipSaver's damages would be based on Posey's incremental profits *from its Hipster sales from 2002 through December 2005.*

Exh. A, Hoffman report, p. 5. (emphasis inserted to show challenged statement).

Hoffman's assertion that damages should be limited to damages suffered while the

3

advertisement was in circulation and not to any damages that HipSaver may have incurred after the end date of the advertising campaign are impermissible statements of law. The issue of causation and the ultimate issue regarding the scope of damages to which HipSaver may be entitled are ultimately issues of law for the court. 15 U.S.C. § 1117(a)("The court shall assess such profits and damages or cause the same to be assessed at its direction.") Mr. Hoffman's statement that "HipSaver's damages would be limited to the portion of these profits that can be attributed to the false advertising" is also a statement of law and similarly impermissible. Accordingly, Mr. Hoffman's statements (and misstatements) of law should be stricken.

**B.     Mr. Hoffman's Conclusory Statements are Outside the Scope of His Expertise and Should Be Stricken**

Even if the court were to determine that some of these statements address issues of law applied to fact and therefore, might be considered a legitimate subject of expert opinion, these issues are outside Mr. Hoffman's field of expertise and should be excluded under the Federal Rules of Evidence, Rule 702. F.R.E. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Company v. Carmicheal*, 526 U.S. 137 (1999). Under Rule 702 of the Federal Rules of Evidence, a witness is permitted to testify as an expert if the expert has some specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue. F.R.E. 702. Such a witness is qualified as an expert by knowledge, skill, experience, training and/or education. *Id.*

Under Rule 702, Mr. Hoffman is not qualified to testify to the selected portions of his report. Mr. Hoffman is a trained accountant and is offered only as a damages expert. He is not qualified to opine on causation and therefore is not qualified to offer testimony

4

as to the extent of injury. Nor is Mr. Hoffman qualified to offer testimony relating to interpretation of the settlement agreement from Posey I. Accordingly, Mr. Hoffman is not qualified to testify on these issues and the highlighted portions of the report should be stricken.

For example, in the following statement, Hoffman offers the following statement relating to causation and the scope of damages. He states that,

> We understand that Posey stopped using the Garwood references in its advertising in August 2005. *Accordingly, to the extent that HipSaver's claim for false advertising is limited to the Garwood references, any profits earned by Posey subsequent to August 2005 would not be attributable to the allegedly false advertising.*

Exh. A, Hoffman report at p. 4, ¶ 3 (emphasis inserted to show challenged statement). In this statement, Mr. Hoffman asserts that injury and therefore, damages, cease the moment the injuring advertisement is removed. Notwithstanding the fact that such an assertion is illogical and will be strongly debated in this litigation, the question of causation and injury is not within Mr. Hoffman's scope of expertise. Nor is a determination of the scope of damages to which HipSaver is entitled within Mr. Hoffman's expertise. Mr. Hoffman is offered as a qualified expert accountant to calculate the amount of lost sales, and profits. Beyond monetary calculations, Mr. Hoffman is not qualified to opine on the extent of injury suffered by HipSaver or the recovery allowed under Massachusetts law.

In another example, Mr. Hoffman purports to interpret the settlement agreement:

> We understand that the settlement agreement to the initial HipSaver – Posey litigation (the "Posey I settlement Agreement") covered all claims "which were asserted or could have been asserted" related to either party's advertising prior to September 2004. Accordingly, HipSaver should not be entitled to recovery of damages related to Posey's advertising prior to September 2004. However, we understand that HipSaver asserts that Posey has breached the settlement agreement.

5

Exh. A, Hoffman report, p. 5. Interpretation of an agreement may be a mixed question of law and fact if the court determines that ambiguities in the contract exist. But, even if a question of fact does exist as to the meaning of the settlement agreement, Mr. Hoffman is not qualified to offer an opinion as to the meaning of specific terms in the agreement. Nor does Mr. Hoffman purport to offer supporting evidence for his conclusion. Mr. Hoffman simply states his own interpretation (or Posey's interpretation) of the meaning of the agreement. Such statements are impermissible and should be stricken.

Expert testimony such as this does not assist the jury in fact finding and instead, threatens to severely prejudice the jury. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 98 (1st Cir. 1997).

## CONCLUSION

Accordingly, for the reasons stated above, HipSaver respectfully requests that Mr. Hoffman's legal conclusions set forth in his rebuttal expert report be stricken from the report.

THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts  02110-1618
617.443.9292
cquish@bromsun.com

Dated:  October 25, 2006

**CERTIFICATE OF SERVICE**

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish

October 25, 2006


02820/00502  562408.1

# EXHIBIT A
# FILE UNDER SEAL