UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.T. POSEY COMPANY, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | Civil Action No. 05-10917 PBS <br><br> ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF DEFENDANT J.T. POSEY COMPANY
IN OPPOSITIONTO PLAINTIFF'S MOTION TO EXCLUDE EXPERT
REPORTS AND TESTIMONY OF GARY REICH**

For the reasons set forth below, Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") opposes the motion of Plaintiff and Counterclaim Defendant The HipSaver Company Inc. ("HipSaver") to exclude the expert reports and testimony of Gary Reich. Mr. Reich is a fully qualified expert witness in marketing healthcare products. The reports and the testimony of Mr. Reich are reliable and will aid the finder of fact. They are, therefore, admissible. Accordingly, Posey respectfully requests that the Court deny Plaintiff's motion to exclude the reports and testimony of Gary Reich in its entirety.

## I. FACTS

On or about February 16, 2006, Posey designated Gary Reich as a marketing expert and served his expert report (the "Original Report"), Exhibit A to Plaintiff's Motion, on HipSaver. After HipSaver served its expert reports, Mr. Reich prepared a rebuttal report (the "Supplemental Report"), Exhibit B to Plaintiff's Motion, which was served on or about October 16, 2006. The Original Report sets forth several of Mr. Reich's opinions concerning (i) the impact and the effectiveness of various statements contained in Posey's advertising, and (ii) the interpretation of various statements contained in HipSaver's advertising. The Supplemental Report contains additional opinions regarding the effectiveness of various statements contained in Posey's advertising, but which were not addressed in the Original Report.

Mr. Reich has a Bachelors degree in Economics from George Washington University and a Masters degree in Economics from New York University. *See* Resume of Gary Reich ("Reich Resume"), Exhibit C to Plaintiff's Motion. And, as is detailed in his report, he has extensive experience in the marketing of health care products. Original Report, ¶5. Mr. Reich has over 20 years of experience in the health care industry, and acted as a marketing consultant for many health care companies including CIGNA, New York Presbyterian Health System, Prudential, Tenet, TriHealth, Florida Hospital Health System, and Watson clinic. Original Report, ¶5 and Reich Resume.

Mr. Reich has experience evaluating different manufacturer's products, including product features and Mr. Reich routinely talks with customers and potential customers. Original Report, ¶6. Mr. Reich is familiar with the buying habits of customers of healthcare-related products, and Mr. Reich has developed marketing plans and advertisements for companies who market via the Internet, via brochures, product instruction sheets, trade shows, and catalogs. Original Report,

¶6. Mr. Reich has provided marketing assistance for numerous medical products including dose calibrators, thyroid up-take systems, work stations, wipe test counters, injection chairs, survey meters, living skin products for healing wounds, hyperbaric medicines for wound care, IV nutrition, and antibiotics. Original Report, ¶6.

As a consequence of his experience in the healthcare industry, Mr. Reich provides carefully reasoned opinions regarding the impact that several statements contained in Posey's advertising have on consumers. Original Report, ¶¶14-18. Mr. Reich also provides a carefully reasoned opinion that there is no basis to conclude that those statements had any effect on Plaintiff's or Posey's sales. Original Report, ¶¶19-27. Finally, Mr. Reich provides a carefully reasoned opinion regarding how consumers are likely to perceive various statements made in HipSaver's advertising. Original Report, ¶¶28-37. Rather than regurgitate the conclusions and supportive reasoning of the Original Report to rebut the convoluted six-page out-of-context paraphrasing offered in Plaintiff's Motion, Posey urges the Court to review the Original Report and the Supplemental Report.

Posey timely provided Mr. Reich's reports to HipSaver, but HipSaver has not deposed Mr. Reich, conducted discovery regarding his qualifications or reasoning, or offered any reports of its own on the subjects covered by Mr. Reich's reports.

## II. THE LEGAL STANDARD FOR EXPERT WITNESSES

Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

3

### III. MR. REICH IS FULLY QUALIFIED AS AN EXPERT BY HIS EDUCATION, KNOWLEDGE AND EXPERIENCE

As seen from the Original Report and the Reich Resume, Mr. Reich is amply qualified to provide expert opinion about the effectiveness and the impact of advertising of medical products on customers and potential customers.

The Federal Rules support a liberal standard in evaluating expert qualifications. *Poulis-Minott v. Smith*, 388 F.3d 354, 360 (1st Cir. 2004)(trial court has broad discretionary powers in qualification of experts); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004)("Rule 702 contemplates a *broad conception* of expert qualifications" (emphasis in original)); *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004)(witness qualifies as an expert if it appears that their testimony will probably aid the fact finder). Courts have found witnesses to be qualified as experts based on a limited degree of specialized knowledge. *See, United States v. Moore*, 604 F.2d 1228, 1235 (9th Cir. 1979)(trial court did not err in permitting witness to testify as an expert where the witness' testimony was based on knowledge that could have been taught to the jury in one day).

As detailed in paragraph 5 of the Original Report, Mr. Reich has extensive experience in the marketing of healthcare products. Mr. Reich has acted as a marketing consultant for a variety of health care companies, including CIGNA, New York Presbyterian Health System, Prudential, Tenet, TriHealth, Florida Hospital Health System, and Watson Clinic.

As detailed in paragraph 6 of the Original Report, Mr. Reich has experience evaluating different manufacturer's products, including product features. Mr. Reich routinely consults with customers and potential customers regarding potential product benefits. His extensive industry experience makes him familiar with the buying habits of customers of healthcare-related

products. Additionally, Mr. Reich has developed marketing plans and advertisements for companies who market via the Internet, via brochures, product instruction sheets, trade shows, and catalogs. Mr. Reich has provided marketing assistance to clients promoting a wide range of medical products, including dose calibrators, thyroid up-take systems, work stations, wipe test counters, injection chairs, survey meters, living skin products for healing wounds, hyperbaric medicines for wound care, IV nutrition, and antibiotics.

Finally, as explained in paragraph 9 of the Original Report, Mr. Reich has marketed to the types of customers targeted by Posey and HipSaver. Additionally, Mr. Reich has focused on long-term care customers, and has taken into account these types of customers in forming his opinions.

To the extent Plaintiff argues that Mr. Reich is not a seasoned marketing or advertising surveyor, this is irrelevant as Mr. Reich is not offering survey evidence. Nor is survey evidence necessary. *See Betterbox Communications Ltd. v. BB Technologies, Inc.*, 300 F.3d 325, 329-330 (3rd Cir. 2002) (marketing experts testifying regarding a likelihood of confusion did not conduct any formal surveys).[1]

While Plaintiff asserts that Mr. Reich does not have specific experience in the marketing of preventative care devices for long term care and nursing home facilities, Plaintiff fails to point out anything that is different about this type of experience from Mr. Reich's vast marketing experience in the healthcare industry. *See Betterbox Communications*, 300 F.3d at 328 (marketing expert testimony admissible where witness had general, but not specific, experience,

---

[1] *IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368 (5th Cir. 2002), cited by Plaintiff, is factually distinguishable, because the expert's opinions were based on the combined effect of two representations, one of which was removed from the case and no longer relevant.

5

when no reason given that the specific experience was fundamentally different from the general experience).

Accordingly, Mr. Reich is qualified as an expert witness under Rule 702 of the Federal Rules of Evidence through his substantial knowledge and experience.

### IV. Mr. Reich's Resume Bolsters The Qualifications Discussed In His Reports

Although Mr. Reich's resume should not be accorded any greater weight than the statements made in his report, Mr. Reich's resume further displays the ample qualifications possessed by Mr. Reich.

Mr. Reich's resume shows that he has a Bachelor degree in Economics from George Washington University and a Master degree in Economics from New York University. This educational background prepared him for management, business development and consulting in the healthcare industry. Additionally, this educational background provides the underpinnings of Mr. Reich's analysis of HipSaver and Posey sales. *See* Original Report, ¶20. Mr. Reich has been involved in the healthcare industry for over 20 years. As explained in his resume, Mr. Reich has led teams in successful national and regional marketing programs, and directed business development for major healthcare corporations.

Plaintiff tries to distract the Court by arguing that Mr. Reich's resume is not consistent with the statements made in the Original Report. However, any gaps in an expert witness's qualifications or knowledge should go to the weight of the witness's testimony, not its admissibility. *See, e.g., United States v. Bilson*, 648 F.2d 1238, 1239 (9th Cir. 1981)(no error in admitting psychiatrist's opinion regarding defendant's sanity where psychiatrist was not a licensed psychologist, this factor going to weight of his testimony); *Spray-Rite Service Corp. v.*

*Monsanto Co.*, 684 F.2d 1226, 1241 (7th Cir. 1982)(in civil antitrust action, expert was competent to testify because he was an expert in marketing, even though he was not an expert in all fields related to marketing analysis).

In support of its motion, Plaintiff asserts that there are gaps between the statements in Mr. Reich's report and his resume. However, these concerns merely relate to the weight to be accorded to Mr. Reich's opinions, rather than the admissibility of Mr. Reich's reports and testimony. The bottom line is that Mr. Reich's resume and his report demonstrate that he is a properly qualified expert witness pursuant to Rule 702 of the Federal Rules of Evidence.

### V. MR. REICH'S REPORTS AND TESTIMONY ARE RELIABLE AND SHOULD BE ADMITTED.

Mr. Reich's reports offer clear and concise conclusions supported by detailed and reliable explanations for those conclusions.

As with expert qualifications, the inquiry into reliability is flexible. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999)("[W]e conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). *See also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594, 597 (1993); *Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 784 (3rd Cir. 1996)("the reliability requirement . . . should not be applied too strictly.").

Plaintiff argues that Mr. Reich's reports and testimony should be held to the *Daubert* test for scientific expert testimony. However, it is well established that expert opinions that do not concern technical or scientific matters do not have to meet the *Daubert* test for scientific expert testimony and may be found reliable based on the witness's knowledge and experience. *See, e.g., Kumho Tire*, 526 U.S. at 150 ("Engineering testimony rests upon scientific foundations, the

reliability of which will be at issue in some cases . . . . In other cases, the relevant reliability concerns may focus upon personal knowledge or experience."); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004)(because the proffered witness's testimony was not contingent upon a particular methodology or technical framework, the district court did not abuse its discretion in finding the proffered witness's testimony reliable based on his knowledge and experience).

Here, Mr. Reich's conclusions and the factual analysis and reasoning behind his conclusions are based on his education, knowledge and experience. In paragraph 14 of the Original Report, Mr. Reich opines on the impact of various statements contained in Posey's advertising. Based on his knowledge and experience, Mr. Reich supports his opinions with a detailed analysis of the relevant consumers and how the consumers are likely to perceive the marketing statements. Original Report, ¶¶15-18.

In paragraph 19 of the Original Report, Mr. Reich opines that there is no basis to conclude that the Garwood Laboratories advertising had any effect on HipSaver or Posey sales.[2] Mr. Reich explains this opinion in paragraph 20 by discussing yearly sales comparisons to show that the introduction of the advertising had a negligible effect on sales. Based on his knowledge and experience, Mr. Reich discusses the factors that lead to sales growth declines in the industry, details limitations in the relevant product market, and provides factual reasons why the advertising would have little impact on a buyer of the product. Original Report, ¶¶20-27.

In paragraph 29 of the Original Report, Mr. Reich opines on the interpretation of various statements contained in HipSaver's advertising. Again, based on his knowledge and experience,

---

[2] Mr. Reich's opinion substantially comports with those of HipSaver's damages expert, Roy Epstein, in paragraphs 5, 21 and 26 of his report dated September 25, 2006.

Mr. Reich supports his opinions with a detailed analysis of the relevant consumers and how the consumers are likely to perceive the marketing statements. Original Report, ¶¶30-37

Thus, the opinions provided by Mr. Reich are supported by a detailed rationale based on the relevant facts and Mr. Reich's education, knowledge and experience.

In support of its motion to exclude Mr. Reich's opinions, HipSaver cites *Polaino v. Bayer Corp.*, 122 F.Supp.2d 63, 69 (D.Mass. 2000). *Polaino* is not applicable here because the facts there are so far afield from the facts of this case.

In *Polaino*, the plaintiff offered the testimony of a chemical engineer to testify as to whether a mechanical mixer was defectively designed and whether the plaintiff was exposed to a "toxic event". However, the witness had no experience or training in mechanical engineering. He had never designed a mechanical device. He had never even seen the machine in question, nor had he seen or inspected a model of the machine in question. The trial court excluded his proferred testimony on the grounds that it rested on unverified assumptions, speculation and guesswork. Here, by contrast, the opinion of Mr. Reich is being offered in the very field in which he has experience and he has reviewed and analyzed the parties' respective advertising materials. Thus, *Polaino* is easily distinguishable.

Plaintiff also argues that Mr. Reich's reasoning is deficient. However, this argument goes to the weight of Mr. Reich's opinion, not to its admissibility. *Campbell v. Metropolitan Property and Casualty Insurance Co.*, 239 F.3d 179, 186 (2nd Cir. 2001). To the extent that HipSaver takes issue with Mr. Reich's opinions or reasoning, it is entitled to cross-examine him at deposition or at trial.

9

Mr. Reich's opinions are not based upon science. They are based on his education, knowledge and experience. Thus, they meet the standard for reliability under *Daubert* and Rule 702 of the Federal Rules of Evidence.

## VI. MR. REICH'S REPORTS AND TESTIMONY WILL ASSIST THE TRIER OF FACT

Mr. Reich's expert reports and testimony which include specialized analysis based on Mr. Reich's education, knowledge and experience will assist the trier of fact.

"Helpfulness to the trier of fact remains the ultimate touchstone of admissibility." *Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 784 (3rd Cir. 1996). Even when jurors can make judgments based on experience, experts may be able to add specialized knowledge that would be helpful. *See, Vogler v. Blackmore*, 352 F.3d 150, 156 (5th Cir. 2003)(testimony of "grief expert" was admissible even though jury could determine that plaintiff experienced grief; the expert's testimony was relevant and therefore properly admissible in trial court's discretion).

Testimony by a marketing expert in the relevant field of business, who did not conduct a survey, has been admitted in a likelihood of confusion case. *See Betterbox Communications*, 300 F.3d at 329-330. Likewise, the testimony of Mr. Reich, a marketing expert, should be admitted in the present case regarding the statements contained in the parties' respective advertising. Mr. Reich's reports and testimony will help the trier of fact understand the market for the products at issue, the impact of the various contested marketing statements on customers, and any impact of the contested marketing statements on each party's sales.[3]

---

[3] *United States v. Fredette*, 315 F.3d 1235, 1239-40 (10th Cir. 2003), cited by Plaintiff, is distinguishable, because the Court found that the witness lacked needed specialized knowledge applicable to the facts of the criminal case at issue and intended to offer an opinion that did not deal with matters outside the everyday knowledge of a typical juror. In contrast, Mr. Reich has specialized knowledge applicable to the facts of the case and his reports and testimony would be helpful to the trier of fact.

For example, as support for his opinion that there is no basis to conclude that various Posey advertising statements had any effect on Plaintiff or Posey sales, Mr. Reich points out that package inserts containing the advertising had little, if any, influence on consumers' decision to buy a Posey product, because the buyers would have already purchased the product before they received the insert. Original Report, ¶24. Mr. Reich further supports his opinion by pointing out that based on his knowledge and experience, placement of the advertising on the second or third page in the corner or bottom of the page in small print is not very effective advertising. Original Report, ¶25. It is entirely appropriate to introduce these observations to the trier of fact through reports and testimony of a qualified expert.

Accordingly, because Mr. Reich's expert reports and testimony will assist the trier of fact, the reports and testimony should be admitted.

## CONCLUSION

For the foregoing reasons, HipSaver's motion to exclude the expert reports and testimony of Gary Reich should be denied in its entirety.


Dated: November 9, 2006					Respectfully submitted,

							J.T. POSEY COMPANY
							By its attorneys,

							/s/ Douglas H. Morseburg
							Jeffrey G. Sheldon, Admitted Pro Hac Vice
							Douglas H. Morseburg, Admitted Pro Hac Vice
							SHELDON & MAK PC
							225 South Lake Avenue, Suite 900
							Pasadena, CA  91001
							(626) 796-4000

							Anthony J. Fitzpatrick (BBO # 564324)
							DUANE MORRIS LLP
							470 Atlantic Avenue, Suite 500

Boston, MA 02210
(617) 289-9200

Case 1:05-cv-10917-PBS    Document 152    Filed 11/09/2006    Page 12 of 13

## CERTIFICATE OF SERVICE

    I certify that a copy of this document has been forwarded by electronic mail and USPS First Class mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: November 9, 2006　　　　　　　　/s/ Donald K. Piper
　　　　　　　　　　　　　　　　　　　　Donald K. Piper