# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

_____
                                                               )
THE HIPSAVER COMPANY, INC.,                  )
    Plaintiff / Counterclaim Defendant,        )
                                                               )
v                                                           )
                                                               )
J.T. POSEY COMPANY,                                )
    Defendant / Counterclaim Plaintiff.         )
                                                               )
_____)

## HIPSAVER'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LITERALLY FALSE ADVERTISING UNDER THE LANHAM ACT AND THE MASSACHUSETTS UNFAIR AND DECEPTIVE BUSINESS PRACTICES ACT, G.L. CH. 93A

Pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1(d), The HipSaver Company, Inc. ("HipSaver") moves for partial summary judgment in favor of its claims of literally false advertising under the Lanham Act and the Massachusetts Unfair And Deceptive Business Practices Act, G.L. Ch. 93A.

As grounds for this motion, HipSaver states that there are no genuine issues of material fact with respect to laboratory tests referenced by the Defendant, J.T. Posey Company, to support its advertising claims for hip protection garments. Specifically, this motion seeks a finding that each of the following advertising claims is literally false and deceptive:

- **"A test was created that would simulate a fall causing direct impact to the greater trochanter."**

- **"An independent laboratory study was conducted to determine the most effective impact absorbing material."**

- "In an independent laboratory test designed to simulate a fall causing direct impact to the greater trochanter, the Posey Hipster III reduced the impact force by 90%, **the best results of any hip protector available**."   [Emphasis added.]

- "Posey Hipsters **Proven Effective in Laboratory Tests**"

- "Posey Hipsters **Help Protect Against Injury from Falls**"

- "Posey Hipster … **showed excellent impact energy absorption**."

**Exh. 1** to the accompanying Memorandum, samples of Posey Advertisements referencing a Garwood study for support of its claims ("Garwood Advertisement").

The undisputed facts show that Posey disseminated thousands upon thousands of copies of advertisements containing material and literally false establishment claims in interstate commerce, using catalogs, mailers, video and electronic mail.

In further support of this motion, HipSaver relies on its 56.1 Statement of Undisputed Material Facts (stated here and restated in its accompanying Memorandum of Law), its Memorandum of Law, and its Appendix of Exhibits.

## HIPSAVER'S RULE 56.1
## STATEMENT OF UNDISPUTED MATERIAL FACTS

**A.     The Challenged Advertisement Relies on a Test Conducted by Garwood Laboratories in July 2001 to Support its Claims**

The challenged Posey Advertisement ("Garwood Advertisement") references a test conducted by Garwood Laboratories to support its claims. The parties agree that the specific test used to establish these claims is a test conducted by Garwood Laboratories on July 26, 2001 ("Garwood Test").

**B.     The Garwood Test Procedure**

In the Garwood Test, materials were subjected to an "Impact Absorption Test" referenced to ASTM standard F355-95 protocol for testing playground materials ("ASTM" or "ASTM standard"). *See* **Exh. 3** to the accompanying Memorandum, August

2

2001 Garwood Test Report ("Garwood Test") at PC 00006; **Exh. 4** to the accompanying Memorandum, ASTM F355-95, ("ASTM standard").

The Garwood Test method is described as follows:

1. Various Hip Protectors consisting of samples of twenty models (20) noted in Table 1, were subjected to the following Impact Absorption Test.

2. Each of the Hip Protectors was placed under a 6" diameter weight weighing 72 Lbs.

3. The weight was then raised, using a guided drop tester, to the specified height of twenty-four (24) inches, and dropped on the sample. This was then repeated three (3) times on each sample of each model.

4. Upon completion of each drop, the test items were inspected, by Posey, who witnessed all testing, and recorded all impact amplitudes.

5. The Hip Protectors completed the Impact Absorption Test with impact data recorded on accompanying data sheets.

6. Posey determined pass/fail criteria.

7. All Hip Protectors were returned to Posey for evaluation after testing.

*See* **Exh. 3** to the accompanying Memorandum, Garwood Test at PC0008.

**C.     The Parties Agree that the Garwood Test Does Not Simulate A Fall**

Posey's expert agrees that the Garwood Test does not simulate a fall. The Garwood Test uses a weighted missile with a flat surface falling on a flat base to test the force attenuation of the tested material. The Garwood Test does not simulate the forces on a hip bone during a fall. Posey's expert, Dr. Edward Ebramzadeh, agrees that the Garwood Tests "do not model the intricacies of the bone and soft tissue geometries and material properties." **Exh. 5** to the accompanying Memorandum, Ebramzadeh Rebuttal Expert Report, October 18, 2006 ("Ebramzadeh Rebuttal Expert Report") (filed under seal) at unnumbered p. 8. Dr. Ebramzadeh admits that the Garwood Test does not simulate a fall:

3

> Q. [by Mr. Dailey]  Am I correct that in your supplemental report you state in fact that the Garwood test is not a valid simulation of a fall?
>
> A. [by Dr. Ebramzadeh]  Correct.
>
> Q. Okay.
>
> So this statement that I just read to you is not correct is that so?
>
> …
>
> A. It's not a valid statement it's not a --
>
> Q. Okay?
>
> A. -- simulation of a fall.
>
> Q. Okay.

**Exh. 6** to the accompanying Memorandum, Deposition of Edward Ebramzadeh, Nov. 10, 2006 ("Ebramzadeh Depo.") at 46-47.

> Q.  And you state that since the Garwood test is not a valid simulation it should not be analyzed as one?
>
> A. Correct…
>
> Q. Is it fair to say that you and Dr. Hayes [HipSaver's expert] both agree that the Garwood test is not a valid simulation of a fall?
>
> A. That's fair to say.

**Exh. 6**, Ebramzadeh Depo. at 48.

> A.  "I agree [with Dr. Hayes] that [the Garwood test] is not the proper way to simulate a fall."

**Exh. 6**, Ebramzadeh Depo. at 51.  Accordingly, the parties agree that the Garwood Test does not "simulate a fall causing direct impact to the greater trochanter" as claimed in the Garwood Advertisement.  *See* **Exh. 1** to the accompanying Memorandum, Garwood Advertisement.

**D.   The Garwood Test Did Not Meet the Specifications of the ASTM F355-95 Standard**

The parties agree that the Garwood Test did not simulate a fall but instead, was intended to follow the protocol of the ASTM F355-95 standard ("ASTM", "ASTM standard") entitled "Test method for shock-absorbing properties of playing surfaces and materials."  **Exh. 4** to the accompanying Memorandum, ASTM standard. The parties

4

agree that the Garwood Test was not conducted to the precise specifications of the standard.

E.   **The Garwood Test Tested Some Form of the Material Eventually Used in the Hipster Garment but Did Not Test the Hipster Garment Itself**

While it is unclear from the Garwood Test protocol and report whether the Garwood Test tested raw materials, materials removed from specific hip protectors, complete hip protector garments, or some combination of these, the parties agree that the Posey Hipster garment was not tested.

F.   **The Garwood Test Cannot Show that the EAR Foam Used in the Hipster Garment is Capable of Reducing Impact Force Below the Fracture Threshold**

Because the Garwood Test did not simulate a fall and failed to account for the biomechanical properties of the hip bone, the Garwood Test is not capable of showing that the EAR material used in a Posey Hipster reduces impact force below the fracture threshold in humans.

G.   **The Garwood Test Cannot Show that the Hipster Garment is Capable of Reducing the Force Below the Fracture Threshold**

Because the Garwood Test did not simulate a fall and failed to account for the biomechanical properties of the hip bone, the Garwood Test is not capable of showing that the EAR material used in a Posey Hipster garment reduces the force below the fracture threshold.

Furthermore, because the Garwood Test did not test the Hipster garment, the Garwood Test could not test the effectiveness of the hip protector garment, taking into account the size of the pad and the positioning of the pad over the hip. Therefore, the Garwood Test results could not prove any effectiveness of the garment itself.

5

**H.    The Garwood Test Results Do Not Prove that the Posey Hipster or the Material used in the Manufacturing of Posey Hipsters is the "Most Effective" product or Performed "Best" in the Garwood Test**

Posey argues that while the Garwood test does not simulate a fall, it can be used "as a materials test intended to rank and select from among several different candidate materials for padding in a hip protector device" and is a "valid [test] for comparison of shock attenuation of materials tested." **Exh. 5** to the accompanying Memorandum, Ebramzadeh Rebuttal Expert Report at unnumbered p. 8 (filed under seal). Although HipSaver disputes the validity and reliability of the Garwood Test, it is undisputed that the results of the Garwood Test, whatever its reliability and validity, demonstrate that the materials used by Posey in its Hipster product *did not perform best or prove most effective* in the materials test as claimed in the Garwood Advertisement. *See* **Exh. 1** to the accompanying Memorandum, Garwood Advertisement.

The Garwood Test results speak for themselves. The results, summarized below, clearly show that the EAR ½" foam used by Posey placed third in its ability to shunt force and reduce impact. EAR ¾" Blue and SlimSaver (a HipSaver model) placed first and second respectively:

| Tested Specimens | Average Peak Acceleration over 3 drops (G) |
|---|---|
| Ear 3/4" Blue | 257.867 |
| Slim Saver (HipSaver) | 269.67 |
| Ear 1/2" Green (Posey) | 275.87 |
| Ear H1065-11P | 291.8 |
| Ear H1065-11Q | 292.13 |
| Foam Molders 1/2" | 317.9 |
| Foam Molders 1" | 322.33 |
| Hip Saver | 322.4 |
| Ear 3/4" Pink | 332.167 |
| Ear H1065-11L | 336.33 |
| Ear H1065-11K | 338.2 |
| Lendell Foam | 368.33 |
| Ear H1065-11E | 392.73 |

6

| | |
|---|---|
| Ear H1065-11F | 395.9 |
| Safe Hip | 428.4 |
| Protecta Pad | 449.67 |
| Ear 1/2" Blue | 524.23 |
| Gerihip | 779.63 |
| Perry Chemical | 1039.2 |
| HIPS | 1093.8 |

Dr. Ebramzadeh agrees that in comparing the test results, the Posey material placed third:

> Q. So here the Posey one comes up number 3 [in] the ranking; correct?
> A. Correct.

**Exh. 6** to the accompanying Memorandum, Ebramzadeh Depo at 68. Dr. Ebramzadeh does not and cannot claim that the test results show that Posey's pad or its garment was the "most effective" or performed "best." *See* **Exh. 1** to the accompanying Memorandum, Garwood Advertisement.

**I.    Posey Acts In Interstate Commerce**

Posey has distributed its Garwood Advertisement and distributes and sells its hip protection product on a nationwide basis, including Massachusetts. *See* **Exh. 7** to the accompanying Memorandum, a partial sales activity listing (filed under seal).

### REQUEST FOR ORAL ARGUMENT

Under Local Rule 7.1(d) HipSaver believes that oral argument will assist the Court and thus requests a hearing.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that on December 6, 2006, counsel for the parties conferred by telephone in a good faith attempt to resolve or narrow the issues presented in this motion but were unable to reach agreement.

THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
cquish@bromsun.com
Dated:  December 11, 2006


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
December 11, 2006


02820/00502 582655.1