# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
|     Plaintiff / Counterclaim Defendant, | ) |
| v | ) |
| J.T. POSEY COMPANY, | ) |
|     Defendant / Counterclaim Plaintiff. | ) |

## HIPSAVER'S MOTION FOR SUMMARY JUDGMENT
## TO DISMISS J.T. POSEY'S COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1(d), The HipSaver Company, Inc. ("HipSaver") moves for summary judgment to dismiss Posey's counterclaims. As grounds for this motion, HipSaver states that there are no genuine issues of material fact with respect to injury or damages or confusion under its counterclaims. Accordingly, the counterclaims fail as a matter of law.

Summary judgment to dismiss Posey's counterclaims for the Lanham Act, c. 93A, and Breach of Settlement Agreement is appropriate because Posey's damages expert witness admits that Posey has suffered no measurable injury or damage from the alleged misconduct challenged by Posey in its counterclaims. Because injury or damage is a required element of each of these three counterclaims, Posey's admission of no measurable injury or damages shows that Posey cannot prove a required element of its

counterclaims. Accordingly, no genuine issue of material fact regarding injury or damages exists for trial, and the counterclaims must be dismissed as a matter of law.

Summary judgment to dismiss Posey's counterclaim under Massachusetts Common Law of Unfair Competition is appropriate because Posey does not allege and does not provide any evidence of consumer confusion as to source. Because consumer confusion as to source is a required element of an Unfair Competition claim under Massachusetts law and Posey provides no evidence of consumer confusion as to source, there is no genuine issue of material fact for trial, and accordingly Posey's Unfair Competition claim must be dismissed as a matter of law.

In further support of this motion, HipSaver relies on its Rule 56.1 Statement of Undisputed Material Facts (stated here and restated in its accompanying Memorandum of Law), its Memorandum of Law, and its Appendix of Exhibits.

## HIPSAVER'S RULE 56.1
## STATEMENT OF UNDISPUTED MATERIAL FACTS

**A.   HipSaver's Web-Site Contains the Challenged Statements**

HipSaver acknowledges that its web-site contains all statements identified by Posey in its counterclaim.

**B.   Posey Suffered No Measurable Damages As a Result of HipSaver's Advertisements**

Posey's damages expert, Mr. Hoffman, admits that Posey suffered "no measurable" damages as a result of HipSaver's advertisements. Posey has not lost sales and does not claim that it is likely to be injured in the future:

> [T]here is no evidence that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements. … Posey's average monthly sales were relatively consistent before and during the period of HipSaver's

2

alleged improper actions. Accordingly, Posey does not appear to have lost sales as a result of HipSaver's allegedly inappropriate actions.

**Exh. 1** to the accompanying Memorandum, February 16, 2006, Expert Report of Hoffman and Green ("Hoffman Expert Report") (filed under seal) at 8. Furthermore, Posey does not offer any evidence that it is likely to be injured in any form by HipSaver's conduct. In fact, Posey's damages expert states that Posey sales have been unaffected by HipSaver's conduct: "Posey's average monthly sales were relatively consistent before and during the period of HipSaver's alleged improper actions." *Id***.**

**C.    Posey Makes No Alternative Claim for Lost Profits**

Posey has not pleaded an alternative injury and damages claim for lost profits under 15 U.S.C. §1117(a)(1); and it has not proffered any evidence of lost profits.

**D.    Posey Makes No Claim of Consumer Confusion**

Posey makes no claim that HipSaver advertisements resulted in consumer confusion as to source as required under Massachusetts Common Law Unfair Competition. Posey failed to plead this element in its counterclaim. *See* Defendant's Answer, Counterclaim and Request for Jury Trial [D.N. 28]. And Posey has not asserted nor offered any evidence of consumer confusion as to source.

**REQUEST FOR ORAL ARGUMENT**

Under Local Rule 7.1(d) HipSaver believes that oral argument will assist the Court and thus requests a hearing.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that that on December 6, 2006, counsel for the parties conferred by telephone in a good faith attempt to resolve or narrow the issues presented in this motion but were unable to reach agreement.

THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
cquish@bromsun.com

Dated:  December 11, 2006

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
December 11, 2006

02820/00502 582625.1