# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10917 PBS

_____
)
THE HIPSAVER COMPANY, INC., )
    Plaintiff / Counterclaim Defendant, )
)
v )
)
J.T. POSEY COMPANY, )
    Defendant / Counterclaim Plaintiff. )
)
_____)

## HIPSAVER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT DISMISSING J.T. POSEY'S COUNTERCLAIMS

### INTRODUCTION

This case involves a false advertising dispute between two competing manufacturers of soft hip protector garments, The HipSaver Company, Inc. ("HipSaver") and its much larger competitor, J. T. Posey Company, Inc. ("Posey"). The undisputed facts show that Posey's counterclaims cannot be supported as a matter of law and must be dismissed because (1) Posey concedes that it has suffered no measurable injury or damage and accordingly, fails to establish a genuine issue of material fact as to damages as they relate to Posey's Lanham Act, c. 93A, and breach of contract counterclaims; and (2) Posey's counterclaim under Massachusetts common law for unfair competition fails as a matter of law because Posey has failed to claim consumer confusion as to source and fails to offer any evidence of such consumer confusion. As a matter of law then, Posey's counterclaims should be dismissed.

## THE PARTIES

This is the second dispute between these two parties. HipSaver was plaintiff in a lawsuit filed in this court in 2004 against Posey, Docket Number 04-11294-PBS. In the first dispute ("2004 Litigation"), HipSaver claimed injury for intentional, deceptive, false and misleading advertising arising from Posey's dissemination of a the so-called "UCLA white paper" communicating false and deceiving results of flawed biomechanical testing of hip protectors ("2004 Complaint"). The 2004 Litigation was resolved after mediation with Judge Mazzone by Settlement Agreement, executed in September, 2004.

Unfortunately, the Settlement Agreement did not deter Posey from continuing to publish and distribute false advertisements and engage in unfair competition. Upon learning of Posey's distribution of additional false advertising, not arising from or related to the claims pressed in the 2004 litigation, HipSaver filed the present action on May 4, 2005 ("2005 Complaint").

## POSEY'S COUNTERCLAIMS IN THE CURRENT LITIGATION

In response to HipSaver's 2005 Complaint, Posey counterclaims that HipSaver posted additional or revised information on its web-site and that such changes were material changes that constituted false advertising not permitted under the 2004 Settlement Agreement. Specifically, Posey's counterclaims consist of the following: (I) False advertising in violation of the Lanham Act, 15 U.S.C. 1125(a)(1)(B); (II) False advertising in violation of Massachusetts Unfair and Deceptive Business Practices Act under c. 93A, §§ 2, 11; (III) False advertising in violation of Massachusetts common law for unfair competition; and, (IV) Willful breach of the 2004 Settlement Agreement (by adding a single new product to its web-site) ("2005 Counterclaim").

**UNDISPUTED MATERIAL FACTS**

**A.     HipSaver's Web-Site Contains the Challenged Statements**

HipSaver acknowledges that its web-site contains all statements identified by Posey in its counterclaim.

**B.     Posey Suffered No Measurable Damages As a Result of HipSaver's Advertisements**

Posey's damages expert, Mr. Hoffman, admits that Posey suffered "no measurable" damages as a result of HipSaver's advertisements. Posey has not lost sales and does not claim that it is likely to be injured in the future:

> [T]here is no evidence that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements. … Posey's average monthly sales were relatively consistent before and during the period of HipSaver's alleged improper actions. Accordingly, Posey does not appear to have lost sales as a result of HipSaver's allegedly inappropriate actions.

**Exh. 1**, February 16, 2006, Expert Report of Hoffman and Green ("Hoffman Expert Report") (filed under seal) at 8. Furthermore, Posey does not offer any evidence that it is likely to be injured in any form by HipSaver's conduct. Posey's damages expert states that Posey sales have been unaffected by HipSaver's conduct: "Posey's average monthly sales were relatively consistent before and during the period of HipSaver's alleged improper actions." *Id*.

**C.     Posey Makes No Alternative Claim for Lost Profits**

Posey has not pleaded an alternative injury and damages claim for lost profits under 15 U.S.C. §1117(a)(1) and it has not proffered any evidence of lost profits.

**D.     Posey Makes No Claim of Consumer Confusion**

Posey makes no claim that HipSaver advertisements resulted in consumer confusion as to source as required under Massachusetts Common Law Unfair

3

Competition. Posey failed to plead this element in its counterclaim. *See* Defendant's Answer, Counterclaim and Request for Jury Trial [D.N. 28]. And Posey has not asserted nor offered any evidence of consumer confusion as to source.

### DISPUTED MATERIAL FACTS

The parties dispute whether HipSaver's claims and comparisons on its web-site are false and if so, whether the statements constitute literally false claims. Because there exists a genuine issue of material fact as to whether the challenged HipSaver claims are true, HipSaver does not address this issue in its motion for summary judgment. However, this issue will not be reached if the counterclaims fail as a matter of law.

### ARGUMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 36 (1st Cir. 1995) (quoting Fed. R. Civ. P. 56(c)); *see also Holmes Group, Inc. v. RPS Prods., Inc.*, 424 F.Supp. 2d 271, 292 (D. Mass. 2006) (Saylor, J) (granting summary judgment to dismiss the actual damages portion of a Lanham Act false advertising claim where there was no evidence of actual lost sales or actual harm to goodwill). "To succeed [in a motion for summary judgment], the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or

denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." *Barbour*, 63 F.3d at 37 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also 126 Turnpike Rd., Inc. v. First Nat'l Bank of Boston,* No. CA 942128C., 1995 WL 1146857 at *4 (Sup.Ct.Mass. Nov. 27, 1995) (granting summary judgment to dismiss a c. 93A claim because claimant did not show any damage caused by the alleged misconduct). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Rogers,* 902 F.2d at 143 (quoting *Anderson*, 477 U.S. at 249-250) (citations and footnote in *Anderson* omitted); *see also Cytologix Corp. v. Ventana Medical Sys., Inc.*, No. 00-12231-RWZ; No. 01-10178-RWZ, 2006 WL 204331 at *1 (D. Mass, July 20, 2006) (Zobel, J.) (granting summary judgment where common law unfair competition claimant did not prove the required element of likely consumer confusion). The court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour,* 63 F.3d at 36.

      The undisputed facts show that Posey's counterclaims cannot be supported as a matter of law and must be dismissed for the following reasons: *First*, there is no evidence that HipSaver's conduct has caused Posey damages, and the admission by Posey's damages expert that HipSaver's conduct has caused Posey no damages precludes an inference of damages. *See Barbour,* 63 F.3d at 37 (granting summary judgment to dismiss a claim where the claimant did not present evidence to support the inference it relied on); s*ee also In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F.Supp.2d 1005, 1014 (W.D. Cal 2003) (finding no reasonable inference of damages in favor of claimant

5

and granting summary judgment to dismiss where claimant's expert damages witness failed to support plaintiff's claim).  Because damages are a required element of Posey's Lanham Act claim (where it has not pleaded or produced evidence of lost profits) and of its c. 93A and breach of contract claims, Posey's counterclaims must be dismissed.

*Second*, Posey did not allege that HipSaver's conduct caused consumer confusion and there is no evidence that HipSaver's conduct has caused consumer confusion. Accordingly, because consumer confusion is a required element of a Massachusetts Common Law Unfair Competition claim, Posey's Unfair Competition counterclaim must be dismissed.

## I.  POSEY'S LANHAM ACT, c. 93A, AND BREACH OF CONTRACT COUNTERCLAIMS FAIL AS A MATTER OF LAW BECAUSE POSEY CONCEDES THAT IT SUFFERED NO INJURY OR MEASURABLE DAMAGE

Posey does not offer any evidence that is has been injured or would likely be injured or damaged by HipSaver's conduct.  Instead, Posey's damages expert admits that Posey has not lost sales and has not suffered any adverse impact: "[T]here is no evidence that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements. … Posey does not appear to have lost sales as a result of HipSaver's allegedly inappropriate actions."  **Exh. 1**, Hoffman Expert Report at 8.  Moreover, Posey does not offer any evidence that it is likely to be injured by HipSaver's conduct.  Instead, Posey's damages expert admits that Posey sales have been consistently unaffected by HipSaver's conduct: "Posey's average monthly sales were relatively consistent before and during the period of HipSaver's alleged improper actions."  *Id.*

Although Posey is entitled to reasonable inferences as the non-moving party on this summary judgment motion, these admissions of no lost sales show that there are no reasonable inferences of injury or likely injury or damage to be drawn in Posey's favor.

**A.   Posey's Lanham Act Claim Fails as a Matter of Law Because Posey Did Not Suffer Any Harm or Injury as a Result of HipSaver's Conduct**

Posey's Lanham Act false advertising counterclaim fails because Posey did not suffer any actual damages and has not argued that it is likely to suffer injury as a result of HipSaver's conduct in the future. Quite the contrary, as evidenced by its expert report, Posey, a dominant $40 million a year health care vendor, has *at least* held its own in the marketplace with its knock off of HipSaver's product.

To prove a false advertising claim under the Lanham Act, a plaintiff must demonstrate that it has been harmed or is likely to be injured as a result of the defendant's conduct. 15 U.S.C. 1125(a)(1)(B); *Cashmere & Camel Hair Manufacturers Institute v Saks Fifth Avenue,* 284 F.3d 302,318 (1st Cir. 2002). Where a party cannot support its claim of harm or injury, it cannot prevail. *Danielson v. Winchester-Conant Properties, Inc.*, 322 F.3d 26, 46 (1st Cir. 2003) (dismissing Lanham Act claim because plaintiff could not show injury to support its claim of actual damages).

Posey has not suffered any harm or actual injury and is not likely to suffer any injury as a result of HipSaver's conduct. Posey's own expert stated that "there is no evidence that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements. … Posey's average monthly sales were relatively consistent before and during the period of HipSaver's alleged improper actions. Moreover, as noted Posey has not pursued and has not offered evidence for a lost profits claim. Accordingly, Posey does not appear to have lost sales as a result of HipSaver's allegedly inappropriate

actions." **Exh. 1**, Hoffman Expert Report at 8. Therefore, Posey cannot prove the injury element of its Lanham Act claim and the claim should be dismissed.

B.  **Posey's c. 93A Claim Fails as a Matter of Law Because Posey Did Not Suffer Any Injury or Damages as a Result of HipSaver's Conduct**

Posey cannot prevail on its claim under c. 93A because it has failed to show that it suffered or is likely to suffer any injury or damages caused by HipSaver's alleged misconduct. A chapter 93A claimant must prove "a loss of money or property and a causal relationship between the alleged unfair acts and the claimed loss." *126 Turnpike Rd., Inc. v. First National Bank of Boston*, No. CA 942128C, 1995 WL 1146857 at *4 (Sup. Ct. Mass. November 27, 1995) (internal citations omitted) (granting summary judgment and dismissing plaintiff's claim because plaintiff failed to show injury caused by the alleged misconduct); *see also PDM Mechanical Contractors, Inc. v. Suffolk Const. Co., Inc.,* 35 Mass.App.Ct. 228, 237 (1993)(granting summary judgment to defendant because plaintiff could not establish injury); *Spenlinhauer v. Kane*, 1998 Mass. App. Div. 155, 1998 WL 474170 (1998); *see.*G.L. c. 93A, s. 11 (creating a cause of action for a claimant "who suffers any loss of money or property").

The plaintiff bears the burden of proving damages as an element of its claim. *Warner-Lambert Co. v. Execuquest Corp.,* 427 Mass. 46, 48, fn. 2 (1998). Thus, where a party cannot establish that it has suffered injury as a result of the alleged misconduct, the party's c. 93A claim necessarily fails as a matter of law. *Spenlinhauer v. Kane*, 1998 WL 474170 (1998)(stating that even if liability were found, defendant would prevail on summary judgment and c. 93A claim would be dismissed because plaintiff failed to demonstrate that she suffered any injury or damages as a consequence of defendant's alleged misconduct).

Accordingly, Posey's claim under c. 93A should be dismissed because Posey concedes that it has suffered no injury or damages as a result of HipSaver's alleged misconduct and therefore, cannot satisfy its burden at trial to prove injury. **Exh. 1**, Hoffman Expert Report at 8 ("There is no evidence that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements").

### C. Posey's Breach of Contract Claim Should be Dismissed Because Posey Did Not Suffer Any Injury or Damages as a Result of HipSaver's Conduct

Under Massachusetts law, Posey's breach of contract claims should be dismissed because Posey did not suffer any damages as a result of any alleged breach by HipSaver. To prevail on a breach of contract claim, a party must show (1) the existence of a valid and binding contract; (2) that the complaining party has complied with the contract and performed his own obligations under it; and (3) breach of contract causing injury or damages. *Persson v. Scotia Prince Cruises, Ltd.,* 330 F.3d 28, 34 (1st Cir. 2003) (*citing* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1235, at 268-70 (2d ed. 2002)). Defendant Posey's counterclaim fails because Posey admitted that it suffered no injury or damages from this alleged breach.

Posey admits that it did not suffer any injury or damages. While it is true that a plaintiff need not prove damages with mathematical certainty, "damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty." *Pierce v. Clark,* 66 Mass.App.Ct. 912 (2006)(internal citations omitted)(refusing to award monetary damages because plaintiff's estimation of damages was only speculative).

Here, Posey admits that it suffered 'no measurable damages' as a result of any alleged breach by HipSaver. **Exh. 1**, Hoffman Expert Report at 8 ("there is no evidence

9

that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements. … Posey's average monthly sales were relatively consistent before and during the period of HipSaver's alleged improper actions.  Accordingly, Posey does not appear to have lost sales as a result of HipSaver's allegedly inappropriate actions".)  Because Posey does not claim to have suffered any injury or actual damages, there is no issue in dispute as to whether Posey is entitled to actual damages.  Thus, the Court should dismiss Posey's breach of contract claim in its entirety or alternatively, dismiss the claim as it relates to a prayer for actual damages.[1]

## II. POSEY'S UNFAIR COMPETITION COUNTERCLAIM FAILS AS A MATTER OF LAW BECAUSE POSEY DOES NOT ALLEGE CONSUMER CONFUSION OR OFFER EVIDENCE OF CONSUMER CONFUSION

Posey's Massachusetts common law for unfair competition counterclaim should be dismissed because Posey does not allege consumer confusion as to source or offer any evidence of such consumer confusion.

Under Massachusetts law, the "gravamen of an unfair competition claim is the likelihood of consumer confusion as to the source of the goods or services." *American Telephone & Telegraph Co. v. IMR Capital Corp.*, 888 F.Supp. 221, 246-247 (D. Mass. 1995) (stating that "[Unfair competition under Massachusetts Law] addresses the same concerns as does a claim for trademark violation, preventing one firm from unfairly

---

[1] All that remains is the possibility that, in the event that this Court finds a breach by HipSaver, Posey may be entitled to symbolic nominal damages. *St. Charles v. Kender,* 38 Mass. App.Ct. 155, 161 (1995); *Lord's & Lady's Enterprises, Inc. v. John Paul Mitchell Sys.,* 46 Mass. App.Ct. 262 (1999).  But, in the case of possible entitlement to only nominal damages, it does not make sense for the parties to continue this expensive litigation.  "It would be an imposition on the parties to consign them to further exertions of [this Court] from which [the plaintiff] could expect to recover no more than one dollar in damages." *St. Charles,* 38 Mass.App.Ct. at 161.

capitalizing on the consumer goodwill of another" and finding no facts suggesting unfair competition where party complained of competitor's disparaging remarks) (citing *Datacomm Interface v. Computerworld, Inc.,* 396 Mass. 760, 769 (1986) (Lynch, J.) (affirming judgment against unfair competition claim where claimant did not prove consumer confusion as to source or origin)); *see also Cytologix,* 2006 WL 2042331 at *1. The required consumer confusion must be caused by either 'palming off' or by copying features of a product or service. *Datacomm Interface*, 396 Mass. at 768-69. As Judge Zobel summarized in *Cytologix*, "[a party] alleging unfair competition must demonstrate either 'palming off,' defined as 'an attempt by one person to induce customers to believe that his products are actually those of another,' or the plaintiff must demonstrate 'that the features of the product in question have acquired a secondary meaning such that confusion as to its source is likely to arise if defendant is allowed to copy them." *Cytologix Corp.*, *2006 WL 204331* at *1 (D. Mass. July 20, 2006) (Zobel, J.).

Posey does not allege customer confusion as to source nor does Posey offer any evidence of such consumer confusion. Therefore, under Massachusetts law, the Court should dismiss Posey's common law unfair competition counterclaim.

## CONCLUSION

Accordingly, for the reasons stated above, HipSaver respectfully requests summary judgment dismissing Posey's counterclaims.

Respectfully submitted,

THE HIPSAVER COMPANY, INC.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
cquish@bromsun.com

Dated:  December 11, 2006


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
December 11, 2006


02820/00502  578383.1

# Exhibit 1
# Filed under seal