# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

THE HIPSAVER COMPANY, INC., )    Civil Action No. 05-10917 PBS
)
      Plaintiff, )
)
  v. )
)
J.T. POSEY COMPANY, )
)
      Defendant. )

## DECLARATION OF PHILIP GREEN
## IN SUPPORT OF J.T. POSEY COMPANY'S MOTION
## FOR SUMMARY JUDGMENT ON THE CLAIMS OF THE HIPSAVER CO., INC.

I, Philip Green, declare:

1.     I am one of the four founding principals in the consulting firm of Hoffman Alvary & Company LLC, ("Hoffman Alvary") in Newton, Massachusetts. Hoffman Alvary has been retained on behalf of the defendant in this action, J.T. Posey Company, to provide expert testimony on damages. The facts recited in this declaration are within my personal knowledge and if called as a witness I could and would testify thereto.

2.     Creighton Hoffman and I were responsible for preparing the following expert reports in this matter.

3.     Attached hereto as Exhibit "A" is a true and correct copy of the February 16, 2006, Rule 26(a) Report Regarding Damages Prepared by Creighton Hoffman and Philip Green. This Report reflects our opinions in this matter.

4.     Attached hereto as Exhibit "B" is a true and correct copy of the October 16, 2006, Supplemental Rule 26(a) Report Regarding Damages Prepared by Creighton Hoffman and Philip Green. This Report reflects our opinions in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 11th day of December 2006 at Newton, Massachusetts.

Philip Green

**EXHIBIT "A"**

**SUBJECT TO PROTECTIVE ORDER**

**ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL**

**EXHIBIT "B"**

# SUBJECT TO PROTECTIVE ORDER

# ATTORNEYS' EYES ONLY

# FILED UNDER SEAL

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Donald K. Piper_____<br>Donald K. Piper

December 11, 2006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

THE HIPSAVER COMPANY, INC.,     )

          Plaintiff,        )

      v.                )

J.T. POSEY COMPANY,         )

          Defendant.      )

Civil Action No. 05-10917 PBS

## <u>DECLARATION OF VICTORIA GAY LEWIS</u>

I, Victoria Gay Lewis, declare:

1.     I am a Product Manager for J.T. Posey Company ("Posey"). I have held this position at Posey since April 1999. As Product Manager, I am responsible for certain categories of Posey products. The categories of products under my responsibility are products that we categorize as "Care Alternatives", which include Fall Management and Fall Prevention products such as hip protectors, floor cushions, fall monitors and sensors. I am personally familiar with the facts set forth below and if called as a witness and properly sworn, I could and would testify to them from my own knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I submit this declaration in support of Posey's motion for summary judgment on the claims of The HipSaver Company ("HipSaver") and its motion for partial summary judgment on its counterclaims against HipSaver in connection with this litigation.

2.     My responsibilities at Posey include, among other things, development and introduction of new products, evaluation and implementation of product enhancements, and assistance in support, management and promotion of existing products.

3.      I am involved in the development of Posey hip protectors, which are designed to protect the hips of elderly persons and to reduce the likelihood of a hip fracture in the event of a fall. Posey's hip protectors, which are marketed under the name "Hipsters", are worn underneath clothing and they are similar to padded underwear. The pads themselves are made of a foam material which is cut into an oval shape and then encapsulated in a watertight flexible pouch. In some models of Posey Hipsters, the encapsulated foam pads are sewn into an undergarment which is made of a cotton/polyester material. In other models, such as Posey's "E-Z-On" model, the encapsulated pads are inserted into a "pocket" in the garment so that they are removable.

4.      Generally speaking, there are several different types of hip protectors. One type is the "all-soft", which is to say, it consists of an undergarment and a pad that is either sewn in or removable. Another type consists of a combination of hard plastic and soft padding material. Still others have hard-shells. Both Posey and HipSaver make "all-soft" hip protectors. Posey's are sold under the name "Hipster". HipSaver's are sold under the name "HipSaver".

5.      In 2001, Posey engaged a company called Garwood Laboratories, Inc. which is located in Los Angeles County, California, to conduct some impact tests on various materials that Posey was considering using for the pads inserted into its hip protector (the "Garwood Testing"). Based upon the results of the testing, Posey chose one of the materials Garwood tested to make the pads which are incorporated into Posey's hip protectors.

6.      Beginning in late-2001, Posey created and disseminated various advertising materials that made reference to the results of the Garwood Testing. True and correct copies of four advertisements that made reference to the Garwood testing and that were distributed nationwide are designated as Exhibits "19", "20", "21" and "22" in the accompanying Appendix.

7.      Exhibit "19" is a product flyer regarding Posey's "New" Hipsters that was disseminated beginning at least as early as November 2001. Exhibit "20" is the cover page and page 25 of the 2002 catalog for Posey's Care Alternatives Division, which was prepared in late-2001 and disseminated to various hospitals and other elder care facilities beginning at that time. Exhibit "21" is a product instruction sheet for Posey's EZ On Hipsters that was included in packages of Posey's EZ On hip protectors beginning as early as June 20, 2003. The document

2

identified in the accompanying Appendix as Exhibit "22",is dated January 24, 2005. As can be seen by looking at it, Exhibit 22 contains statements regarding the Garwood Testing that Posey began using at least as early as November 2001.

8.      In addition to distributing print copies of ads and product instruction sheets that made reference to the Garwood testing, Posey posted copies of its instruction sheets that made reference to the Garwood testing on its website. Posey removed the instruction sheets that made reference to the Garwood testing in about August, 2005 when Posey stopped making any use of advertising materials or product instruction sheets that made reference to Garwood.

9.      Posey stopped using these materials because HipSaver had complained about the references to the Garwood testing in Posey's literature. After HipSaver complained, our marketing department modified the wording of the references to Garwood. The modified wording can be seen in the four page flyer which is designated as Exhibit "23" in the accompanying Appendix. When HipSaver objected to the revised wording, Posey withdrew the advertising altogether. The document designated as Exhibit "24" in the accompanying Appendix is the four-page flyer which Posey adopted around August 6, 2005 when it stopped making reference to the Garwood Testing. As far as I know, Posey has not made any use of advertising materials that make reference to Garwood since that time.

I declare under penalty of perjury under the laws of the United States under the laws of the State of Massachusetts that the foregoing is true and correct and that this declaration was executed this 11th day of December, 2006 at Arcadia, California.

/s/ Victoria Gay Lewis
Victoria Gay Lewis

## **CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Donald K. Piper_____

December 11, 2006                                            Donald K. Piper

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J.T. POSEY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AND RELATED COUNTERCLAIM. ) | |
| ) | |

## DECLARATION OF DOUGLAS H. MORSEBURG IN SUPPORT OF J.T. POSEY COMPANY'S (1) MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF THE HIPSAVER COMPANY, INC.; AND (2) MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF POSEY'S COUNTERCLAIMS

I, Douglas H. Morseburg, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and I am admitted to practice in this matter pro hac vice. I am an attorney at Sheldon Mak Roe & Anderson PC and am one of the attorneys responsible for representing J.T. Posey Company, Inc. ("Posey") in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in support of Posey's motion (i) for summary judgment on the claims of

plaintiff The HipSaver Company, Inc. against Posey; and (ii) partial summary judgment on Count I of Posey's counterclaims against HipSaver.

2. In approximately late 2003 or early 2004, Posey disseminated some advertising that made reference to the results of some tests that were reported in a so-called "White Paper." The White Paper had been written by a UCLA graduate student named Bimal Gandhi regarding some testing on hip protector materials he had performed in connection with his master's thesis.

3. HipSaver ultimately brought a lawsuit against Posey in connection with that advertising. The firm of Sheldon & Mak (Sheldon Mak Rose & Anderson's predecessor) represented Posey in connection with the action ("Posey I"). A true and correct copy of the Complaint in Posey I is designated as Exhibit 1 in the accompanying Appendix of Exhibits.

4. The gist of HipSaver's complaint in Posey I was that Posey was using false and misleading advertising in an effort to drive HipSaver from business. In Posey I, HipSaver sought, among other things, damages and preliminary and permanent injunctive relief preventing Posey from publishing any statements that made reference to the superiority of its hip protection products over HipSaver's hip protection products.

5. On or about July 19, 2004, Posey answered the complaint and counterclaimed against HipSaver for violations of the Lanham Act and unfair and deceptive business practices. A true and correct copy of the answer is included as Exhibit 2 in the accompanying Appendix of Exhibits.

6. The parties ultimately settled Posey I and entered into a written settlement agreement. As part of the settlement, the parties' claims and counterclaims were dismissed with prejudice.

7. Within months after dismissing Posey I, Posey received a letter from HipSaver's attorneys who demanded that Posey stop disseminating advertising that made reference to some other testing (the "Garwood Testing") that HipSaver had known about for several

years.  A true and correct copy of that letter, designated as Exhibit 4, is contained in the accompanying Appendix of Exhibits.  The very next day, without even waiting for Posey to respond, HipSaver filed this action.

8.    The gravamen of HipSaver's complaint in this case is exactly the same as it was in Posey I, which is that Posey is using false and misleading advertising in an effort to drive HipSaver from business.  Because Posey had received a release of known and unknown claims in Posey I, Posey moved for dismissal of this case or for summary judgment.  The request for summary judgment was made on the grounds that since Posey has been making references to the Garwood testing in advertising continuously since 2002, any claims against Posey based upon that advertising were barred by the terms of the release.

9.    Posey's motion for dismissal or summary judgment was ultimately denied.  Therefore, on July 26, 2005, Posey answered the complaint and counterclaimed against HipSaver for false advertising under Section 43(a) of the Lanham Act, violations of G.L. ch.93A, § 11, common law unfair competition and breach of the Posey I settlement agreement.

10. HipSaver subsequently amended its complaint to state a claim for product disparagement.  The claim is based upon a single email communication from a former Posey employee to several individuals who worked at a VA hospital in Los Angeles.  A true and correct copy of that email is attached to the Declaration of Jeffrey Yates that accompanies these motions.

11. During the course of discovery, HipSaver has been unable to identify any damages it suffered as a consequence of any of the acts alleged in the Complaint.  To opine on the issue of damages, Posey retained two separate experts in this case.  The firm of Hoffman Alvary deals with accounting issues while Gary Reich deals with marketing issues.  Mr. Reich's opinions in this matter are set forth in his Rule 26 report and his supplemental report, which are designated as Exhibits 27 and 28 in the accompanying

Appendix of Exhibits.  Briefly, Mr. Reich has determined that the Garwood advertising at issue in this case would not have affected Posey's sales.

12. In connection with this matter, Posey has also retained Kevin Minissian as an independent expert to opine as to the accuracy of certain of the "laundry claims" on Hipsaver's website.  Mr. Minissian's opinions in this regard are set forth in his Rule 26 Report and in his supplemental report, which are designated as Exhibits 25 and 26 in the Appendix which accompanies these motions.

13. In connection with this matter, Posey has also retained Eddie Ebramzadeh as an independent expert to opine as to the accuracy of, among other things, the accuracy of certain statements on HipSaver's website that relate to the testing performed at the University of Tampere in Finland.  Mr. Ebramzadeh's opinions in this regard are set forth in paragraph 5 of his Rule 26 report, which is included with the materials submitted by HipSaver in connection with its motion for partial summary judgment.  In the interests of conservation, a copy is not included with the Appendix accompanying this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 11th day of December, 2006 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Donald K. Piper_____

December 11, 2006                                    Donald K. Piper

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| J.T. POSEY COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| AND RELATED COUNTERCLAIM. | ) |  |
|  | ) |  |

## DECLARATION OF DONALD K. PIPER IN SUPPORT OF MOTIONS OF J.T. POSEY COMPANY (1) FOR SUMMARY JUDGMENT ON HIPSAVER'S CLAIMS AND (2) FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF POSEY'S COUNTERCLAIMS

I, Donald K. Piper, declare:

1. I am employed by the firm of Sheldon Mak Rose & Anderson, counsel for J.T. Posey Company, Inc. ("Posey"), a defendant and counterclaimant in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge. I make this declaration in support of (1) Posey's motion for summary judgment on the claims of defendant The HipSaver Company, Inc. ("HipSaver") and in support of (2) Posey's motion for partial summary judgment in its favor on Count I of its counterclaims.

1

2.  On December 10, 2006 and again on December 11, 2006, I visited the Internet website of The HipSaver Company, Inc., the plaintiff in this case.  The address is http://www.hipsaver.com.

3.  While at HipSaver's website, I printed copies of various pages that appear on the site.  These included, the page entitled "Hip Protectors & The Laundry, a true and correct copy of which is designated as Exhibit 14 in the accompanying "Appendix of Exhibits in Support of Motions of J.T. Posey Company, Inc. for Summary Judgment" (the "Appendix").  At the end of the page entitled "Hip Protectors & The Laundry, there is a statement that one can "click here" to view the "CDC Guidelines for Laundry in Health Care Facilities".  When I clicked on the appropriate spot, I was linked to a document entitled "Guidelines For Laundry In Health care Facilities, a true and correct copy of which is designated as Exhibit 15 in the accompanying Appendix.

4.  While at HipSaver's website, I also visited the page entitled "Validation & Testing", a true and correct copy of which is designated as Exhibit 16 in the accompanying Appendix.

5.  The page entitled "Validation & Testing" has a spot where one can "click here" to view the report of a study that was published in October 2000 in Advance for Physical Therapists.  A true and correct copy of that study is designated as Exhibit 17 in the accompanying Appendix.

6.  The page entitled "Validation & Testing" also has a spot where one can "click here" to view some "Biomechanical Test Documentation".  By clicking at the appropriate spot, one is directed to a document entitled "Interpretation of Biomechanical Testing of HipSaver® Dual-mechanism Shunting/Absorbing AirPad.  A true and correct copy of that document is designated as Exhibit 18 in the accompanying Appendix.

I declare under penalty of perjury under the laws of the United States and under the laws of the State of Massachusetts that the foregoing is true and correct and that this

declaration was executed by my hand this 11th day of December, 2006 at Arcadia, California.

/s/ Donald K. Piper _____
Donald K. Piper

## <u>CERTIFICATE OF SERVICE</u>

     I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

December 11, 2006

/s/ Donald K. Piper_____
Donald K. Piper

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**DECLARATION OF ERNEST POSEY IN SUPPORT OF
MOTIONS OF J.T. POSEY COMPANY FOR SUMMARY JUDGMENT ON
HIPSAVER'S CLAIMS AND FOR PARTIAL SUMMARY JUDGMENT ON
COUNT I OF POSEY'S COUNTERCLAIMS**

I, Ernest Posey, declare:

1. I am the President of J.T. Posey Company ("Posey"), a defendant and counterclaimant in this matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, I could and would testify thereto from my own personal knowledge. I make this declaration in support of Posey's motion for summary judgment on the claims of defendant The HipSaver Company, Inc. ("HipSaver") and in support of Posey's motion for partial summary judgment in its favor on Count I of its counterclaims.

2. During the time of the first false advertising lawsuit between Posey and HipSaver, I was also the President of Posey. That suit was *HipSaver Co., Inc. v. J.T. Posey Co.*,

USDC, Dist. of Mass., Case No. 04-11294 PBS ("Posey I"). I received the complaint in that suit on or about June 10, 2004. The complaint in Posey I expressly made reference to some alleged false advertising by Posey that was based upon some hip protector testing that was performed in about 2003 by a UCLA graduate student named Bimal Gandhi. This testing resulted in a writing known as the "White Paper." Prior to that suit, Posey had placed in literature statements regarding some impact testing that was performed for Posey by a testing laboratory named Garwood Laboratories, Inc. ("Garwood Testing").

3.  On or about September 22, 2004, I executed a written agreement settling Posey I. A true and correct copy of that agreement is attached as Exhibit 3 to the accompanying Appendix. Paragraph 11 of the Settlement Agreement provides:

> Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. § 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

4.  When I signed the settlement agreement, I understood that Posey was being released from all potential claims by HipSaver related to any false advertising claims based upon any statements or claims that Posey had made in its advertising, including its brochures, flyers, instruction sheets, and its Internet website. I also understood that Posey was releasing HipSaver from all similar claims and that, going forward, both parties were going to be able to continue making the advertising claims and statements they had made in the past, except for references to the White Paper, and that neither side was going to be able to bring any lawsuits contesting those claims.

5.  I also understood the language releasing Posey from claims "known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under

15 U.S.C. § 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement" to mean that all claims for false advertising which could have been asserted before the date of the agreement were being released.

6.  For example, at the time I signed the settlement agreement, both Posey and HipSaver were making certain statements on their Internet web pages and in their literature.  In Posey's case, those statements mirrored the statements in some of Posey's printed materials that dated as far back as 2001.  I understood that, except for deleting any references to the "White Paper" in its advertising, the release meant that Posey could continue its website unchanged and reprint all statements in its literature as they were without having to be concerned about further legal action from HipSaver, just as HipSaver could continue its website as it was without having to be concerned about further legal action from Posey.

7.  As part of the settlement of Posey I, Posey paid HipSaver the sum of $360,000. Suffice it to say, I would never have agreed to permit Posey to enter into the settlement agreement if I had thought that HipSaver would be able to dismiss its claims in Posey I and then turn around and sue Posey again in connection with advertising statements which had appeared in Posey's literature prior to the settlement, such as the statements Posey had been making for three years about the Garwood testing.

8.  Notwithstanding the foregoing, I did not understand that the release allowed either party the unlimited right to make any product claim it wanted after the settlement.  That is to say, I understood that even though the parties were permitted to continue making the statements they had been making in the same context, the release would not permit either party to make substantial changes to the claims in their advertisements and then to attribute these new claims to previous tests or studies.

I declare under penalty of perjury under the laws of the United States and under the laws of the State of Massachusetts that the foregoing is true and correct and that this

declaration was executed by my hand this 11th day of December, 2006 at Arcadia,
California.

/s/ Ernest Posey_____
Ernest Posey

## CERTIFICATE OF SERVICE

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Donald K. Piper_____

December 11, 2006                               Donald K. Piper

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

THE HIPSAVER COMPANY, INC., )
                        )
      Plaintiff, )
                        )
     v. )
                        )
J.T. POSEY COMPANY, )
                        )
      Defendant. )

Civil Action No. 05-10917 PBS

## DECLARATION OF JEFFREY YATES
## IN SUPPORT OF J.T. POSEY COMPANY'S MOTION
## FOR SUMMARY JUDGMENT

I, Jeffrey Yates, declare

1. I am formerly the Director of Marketing for **J.T. Posey Company** ("Posey"). I held this position at Posey from 4/2000 to 9/2001. I am currently self-employed as a Realtor with Aviara Real Estate. I have been self-employed since 9/2002. The facts recited in this declaration are within my personal knowledge and if called as a witness I could and would testify thereto.

2. Since I no longer work at Posey, I have no interest in the outcome of this matter.

3. My responsibilities at Posey included, among other things, development and introduction of new products, evaluation and implementation of product enhancements, and assistance in support, management and promotion of existing products.

4. On or about July 27, 2001, I sent an email correspondence to Robert Weaver, Dorene Opava-Rutter, and Jim McFall of the West Los Angeles Veteran's Administration, and Gary Platzman, Vicky Walters, and Ernie Posey of Posey. A true and correct copy of an e-mail correspondence dated July 27, 2001 is attached as Exhibit " A ".

C:\Data 2006\Posey Declaration.doc

5. I may have attached a hip protector comparison chart to my July 27, 2001 email correspondence, which is attached as Exhibit " B ." The comparison chart was an internal Posey document not for publication.

6. At the time of distribution of the email correspondence and comparison chart, I believed all the information contained therein to be accurate, and I currently believe the information therein to be accurate.

7. The July 27, 2001 email correspondence was not distributed to anyone outside of Posey, other than Robert Weaver, Dorene Opava-Rutter, and Jim McFall.

8. To my knowledge, Posey received no sales as a result of the email correspondence and/or comparison chart.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 23rd day of January 2006 at Simi Valley, California.

Jeffrey Yates

2

**EXHIBIT "A"**

**Lee Rash**

| | |
|---|---|
| **From:** | Jeffrey Yates |
| **Sent:** | Friday, July 27, 2001 5:30 PM |
| **To:** | 'Robert.Weaver2@med.va.gov'; Gary Platzman |
| **Cc:** | Dorene.Opava-Rutter@med.va.gov; Vicky Walters; Ernie Posey; 'jim.mcfall@med.va.gov' |
| **Subject:** | Impact Data regarding Posey Hipsters |



HipsterIII VA.doc

Greetings,

Thank you for your message Bob.

Attached to this email is an outline of the impact tests that were recently completed on the New Posey Hipster III product. The New Posey Hipster III absorbs 90% of the impact force of a fall (27% better performance than the current Hipster product).

Manufacturing will begin in a few weeks and I expect we will be in-stock and ready to ship near the end of August.

Vicky and I would like to meet with you early next week to review this study, present the falls research papers we have collected and most importantly, discuss the correlation of the data from the 1994 and 1999 Finnish and studies to the laboratory tests completed on our product this week through an independent testing facility.

If you are in agreement with the test results, Vicky and I would like to work with you on test protocols for a clinical trial on this product and any other products of interest. As Gary and I mentioned during our visit, Posey will provide a reasonable quantity of the Hipster III for clinical trials at NO COST. This is how confident we are that the new Posey Hipster III is the best energy absorbing external hip protector on the market.

I left voicemails for Dr. Rutter and Bob Weaver today (7/27) and will follow-up with another call on Monday to confirm receipt of this email.

I hope you have/had a great weekend.
--------------------------------
Jeffrey Yates
Director of Marketing
J.T. Posey Company
5635 Peck Road
Arcadia, CA  91006
(626) 443-3143 x102
(626) 443-5064 - Fax
jyates@posey.com

-----Original Message-----
From: Robert.Weaver2@med.va.gov [mailto:Robert.Weaver2@med.va.gov]
Sent: Thursday, July 26, 2001 8:05 AM
To: Gary Platzman; Jeffrey Yates
Cc: Dorene.Opava-Rutter@med.va.gov
Subject: VA Hip protectors

Good morning,
I wanted to keep you both updated on our progress here at the falls clinic
in WLA. The executive manager of prosthetics, James McFall, cleared the

CONFIDENTIAL
ATTY'S EYES ONLY

PC 0853

1

go
ahead to order 50 of the safehip model hip protectors. That decision is
based on the current research that has been done on the device and our
clearance to place an order ASAP. Dr. Opava-Rutter will review the
literature of the hipsters when it arrives (did you send the info?). The
falls prevention team is struggling with the product trial/clinical
research
on the hipsters b/c of the added commitment on our end getting clearance
with research review board. Will keep you posted.

Thanks,

Bob Weaver, MS, RKT
Site Coordinator

CONFIDENTIAL
ATTY'S EYES ONLY

PC 0854

**EXHIBIT "B"**



# Posey Company

**5635 Peck Road**
**Arcadia, CA 91006-0020 USA**
**Web: www.posey.com**

*Victoria Walters*
*Product Manager*
*Tel: (626) 443-3143 Ext. 181*
*Fax: (626) 443-5064*
*Email: vwalters@posey.com*

| **Posey Impact Test Results** |
|---|
| **July 26, 2001** |

The graph below depicts the level of impact reduction from different commercially available hip protector products sold in the US when tested according to the following protocol.

1.  Tests were conducted using a guided drop tower
    *   missile weight = 72.5lbs
    *   contact surface = 6 inches in diameter
    *   drop height – 28.5 inches
1.  Three drops per specimen
2.  Three-minute recovery time between drops
3.  All measurements were recorded in G-Force
4.  A baseline of 2,660G was used to measure impact absorption. We estimate that 2,660G's is the approximate impact force to the area of the greater trochanter for a 120lb person falling from a height of 36".



**Hip Protector Impact Reduction Rate Comparison**

Manufacturers and worldwide distributors of quality healthcare products since 1937

**CONFIDENTIAL**
**ATTY'S EYES ONLY**

PC 0852

## **CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Donald K. Piper_____

December 11, 2006                                     Donald K. Piper