UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
|  | ) |
| Plaintiff, | ) DEFENDANTS' OPPOSITION |
|  | ) TO PLAINTIFF'S MOTION |
| v. | ) FOR SUMMARY JUDGMENT |
|  | ) ON DEFENDANT' |
| J.T. POSEY COMPANY, | ) COUNTERCLAIMS |
|  | ) |
| Defendant. | ) ORAL HEARING REQUESTED |
|  | ) |
| AND RELATED COUNTERCLAIM. | ) |
|  | ) |

**DEFENDANT AND COUNTERCLAIMANT J.T. POSEY COMPANY, INC.'S
OPPOSITION TO HIPSAVER'S MOTION FOR SUMMARY JUDGMENT ON POSEY'S
COUNTERCLAIMS**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 2

III. ARGUMENT .................................................................................................................. 2

    A.  Posey's Lanham Act Claim Survives ................................................................. 2

    B.  Posey's M.G.L. ch. 93A Claim Survives. ........................................................ 6

    C.  The Breach of Contract Claim Survives. ......................................................... 8

    D.  The Unfair Competition Claim Survives. ........................................................ 8

IV.  CONCLUSION ............................................................................................................. 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Advanced Systems Consultants Ltd. v. Engineering Planning and Management, Inc.,*
899 F. Supp. 832 (D. Mass. 1995) ............................................................................. 8

*Cashmere & Camel Hair Mrts.,*
284 F.3d at 311 ........................................................................................................... 6

*Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co,*
228 F.3d 24 (1st Cir. 2000) ........................................................................................ 4

*Danielson, Inc. v. Winchester-Conant Properties, Inc.,*
322 F.3d 26 (1st Cir. 2003) ........................................................................................ 7

*Electronics Corp. of America v. Honeywell, Inc.,*
428 F.2d 191 (1st Cir. 1970) ..................................................................................... 10

*Holmes Group, Inc. v. RPS Products, Inc.,*
424 F. Supp. 2d 271 (D. Mass. 2006) ....................................................................... 6

*Holmes Group, Inc. v. RPS Products, Inc.,*
424 F. Supp. (D. Mass. 2006) ................................................................................... 8

*Johnson & Johnson v. Carter-Wallace, Inc.,*
631 F.2d 186 (2d Cir.1980) ........................................................................................ 4

*Johnson & Johnson v. Carter-Wallace, Inc.,*
6341 F.2d 186 (2nd Cir. 1980) ................................................................................... 5

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co.,*
290 F.3d 578 (3rd Cir. 2002) ..................................................................................... 4

*Salomon/North America, Inc. v. AMF Inc.,*
484 F. Supp. 846 (Dist. Mass. 1980) ....................................................................... 10

*Star Financial Services Inc. v. Aastar Mort. Corp,*
89 F.3d 5 (1st Cir. 1996) ............................................................................................ 8

*Warner-Lambert Co. v. Breathasure, Inc.,*
204 F.3d 87 (3rd Cir. 2000) ............................................................................... 4, 5, 6

**STATE CASES**

*Hanover Insurance Co. v. Sutton,*
    46 Mass. App. Ct. 153, 705 N.E.2d 279 (1999) ............................................................8

*Jet Services, Inc. v. American Employers Insurance Co.,*
    404 Mass. 706, 537 N.E.2d 107 (1989) ......................................................................8

*Newton Const. Co. v. West & South Water Supply District of Acton,*
    326 Mass. 171, 93 N.E.2d 457 (1950) ........................................................................9

**MISCELLANEOUS**

1A Callman, <u>Unfair Competition, Trademarks and Monopolies</u> § 5:2 (4th ed.) ................9

McKenney & Long, <u>Federal Unfair Competition: Lanham Act Section 43(a)</u>, §
    6:5 (West, 2006)...............................................................................................................5

## I.    <u>INTRODUCTION</u>

The arguments of Plaintiff The HipSaver Company, Inc. ("HipSaver") are so one-sided that they give rise to a handful of competing clichés: either the one about glass houses, or the goose and the gander, or perhaps the tempest and the teapot. Whichever old saw that the Court wishes to apply, the upshot is the same: HipSaver wants to apply a different set of rules to its own conduct than to its allegations against Defendant J.T. Posey Company ("Posey").

Both Posey and HipSaver should be measured against the same yardstick. Inasmuch as neither party has suffered discernible economic loss as a consequence of the allegedly false advertising by the other party, then each party should be equally foreclosed from seeking monetary relief. HipSaver is asking the court to foreclose Posey's claims, but to allow HipSaver's claims to continue, even though the identical infirmities that HipSaver avows against Posey apply with equal force -- and in some cases greater force – against HipSaver. Indeed, as will be shown, if any claims survive, they should be Posey's.

This is because HipSaver continues to make false statements, while Posey has stopped making the allegedly actionable statements. HipSaver's Internet website contains several false statements about HipSaver's products and Posey's products. Although Posey might not have suffered measurable losses due to these false statements, they nonetheless cause injury to Posey's goodwill and reputation, and if unchecked are likely to cause direct economic damage to Posey in the future. Posey does not seek damages for these falsehoods, but seeks declaratory and injunctive relief so as to prevent such future harm.

On the other hand, Posey has discontinued the alleged false advertising that HipSaver complains about, but HipSaver persists in keeping these false statements on its Internet website. Unless ordered by the Court to correct these false statements, undoubtedly HipSaver will

continue and likely escalate its campaign of such false statements. Because Hipsaver continues

these false statements, the absence of compensable economic damages and a consonant remedy

at law is not fatal to a Lanham Act claim or to Posey's state law claims. Therefore, HipSaver's

motion should be denied. Nor should the absence of consumer confusion--in the face of a small

market and between direct competitors--foreclose Posey's common law unfair competition

claim.

## II.    STATEMENT OF FACTS

The key facts regarding false advertising are not at issue. Rather, the only issue on false

advertising is the legal importance of failure to show actual lost sales. Thus, HipSaver admits

that its website contains all of the statements identified by Posey as constituting false advertising.

HipSaver's Motion at 3. Moreover, HipSaver admits there is a dispute as to whether the

statements are false, so that it cannot seek summary judgment on the ground that the statements

are not false. HipSaver's Motion at 4.

Therefore, HipSaver's motion for summary judgment on Posey's false advertising and

contract claims is based solely on Posey's allegedly defective showing of damages. Regarding

common law unfair competition, HipSaver also argues that Posey's claim fails because Posey

has not shown consumer confusion.

## III.    ARGUMENT

### A.    Posey's Lanham Act Claim Survives

Posey deserves a trial on its false advertising claim because it seeks an injunction against

continued advertising—not just an award of monetary damages. To prove false advertising

under the Lanham Act, as alleged by Posey in this case, it must show:

2

(1) a false or misleading description of fact or representation of fact by HipSaver in a

commercial advertisement about its own or Posey's product; (2) that the statement actually

deceives or has a tendency to deceive a substantial segment of its audience; (3) that the deception

is likely to influence a purchasing decision; (4) that HipSaver has placed the misleading

statement in commerce; and (5) that Posey has been or is likely to be injured by the statement—

either as a direct diversion of sales or by a lessening of goodwill associated with its products.

*Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co*, 228 F.3d 24, 33 n.6 (1st Cir.

2000).

HipSaver's motion argues only that Posey cannot show the fifth element because it

cannot show actual losses. HipSaver's argument fails for one simple reason: Posey is seeking

injunctive relief for the misleading statements that HipSaver *admits* remain on its website.

(Conversely, Posey quit publishing its allegedly misleading statements.) Likelihood of loss—not

actual loss—is the general standard under Section 43(a). *Novartis Consumer Health, Inc. v.*

*Johnson & Johnson-Merck Consumer Pharmaceuticals Co.*, 290 F.3d 578, 595 (3rd Cir. 2002)

(summarizing *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 97 (3rd Cir. 2000) and

*Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir.1980) by concluding that

"as a matter of standing and as a substantive element of a Lanham Act violation, the plaintiff

must demonstrate 'a reasonable basis for the belief that the plaintiff is likely to be damaged as a

result of the false advertising.'). Therefore, Posey is entitled to—at the very least—an injunction

against further false advertising and an award of its attorneys' fees.

It is black letter law that Posey may prevail on its request for injunctive relief even in the

absence of actual loss. As stated simply by one commentator, "[a] plaintiff, moreover, may

obtain injunctive relief in false advertising causes under Section 43(a) even if it cannot prove that

it has experienced actual sales loss or diversion."  McKenney & Long, Federal Unfair

Competition: Lanham Act Section 43(a), § 6:5 (West, 2006) (citing *Johnson & Johnson v.*

*Carter-Wallace, Inc.*, 6341 F.2d 186 (2nd Cir. 1980)). [1]  Where, as here, a party is seeking an

injunction, the harm element is satisfied if there is a reasonable likelihood of injury from the

defendant's continued publication or dissemination of its false ads.  *Warner Lambert Co. v.*

*Breathasure Inc.*, 204 F.3d 87, 97 (3d Cir. 2000) ("[i]nasmuch as the defendant's products

compete with plaintiff's products we cannot reconcile the District Court's finding that the

advertisements were likely to injure Warner-Lambert with that court's concomitant refusal to

enjoin use of these deceptive trade names based upon a belief that Warner-Lambert had not

shown a reasonable likelihood of injury from their continued use");

    In the instant case, Posey and HipSaver directly compete in the market for hip protectors.

HipSaver's Amended Complaint, ¶¶ 10-12.  HipSaver's laundry claims and its validation and

testing claims are literally false and the laundry claims make direct, but false, comparisons

between HipSaver's products and Posey's products.  *See* Posey's Motion for Partial Summary

Judgment on Count I at 10-11; Facts 34-77, Posey's Separate Statement of Uncontradicted Facts

in Support of Its Motions for Summary Judgment.   Under these circumstances, there is a

---

[1] This is clear from the Congress's intent in passing Section 43(a).  Quoting from an older case, the *Breathasure* Court stated:

> "[i]n cases of injunction, however, there seems to be no requirement that purchasers actually be deceived, but only that the false advertisements have a tendency to deceive. This seems to be the result desired by Congress in that Section 43(a) confers a right of action upon any person who 'believes that he is or is likely to be damaged' by defendant's practices. While it would be going too far to read the requirement of customer reliance out of this section so far as damages are concerned, we believe that this is a recognition that, as with most equitable relief by way of injunction, Section 43(a) may be asserted upon a showing of likelihood of damage without awaiting the actuality."

*Breathasure*, 204 F.3d at 92 (quoting *Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 649 (3rd Cir. 1958).

reasonable likelihood that HipSaver's false claims will injure Posey either through a diversion of sales from Posey to HipSaver or through a lessening of the goodwill associated with Posey's products. *See Warner Lambert*, 204 F.3d at 97 (where plaintiff and defendant were competitors, defendant's "Breathasure" name was literally false and defendant's ads made direct comparisons to plaintiff's product, trial court's refusal to enjoin use of name was an abuse of discretion).

Thus, Posey has sufficiently demonstrated likelihood of harm for the purpose of obtaining injunctive relief.

A recent case from this District is illustrative. In *Holmes Group, Inc. v. RPS Products, Inc.*, 424 F.Supp. 2d 271, 292 (D. Mass. 2006) (citing *Cashmere & Camel Hair Mrts.*, 284 F.3d at 311), a Court in this District held that harm to the goodwill or reputation of a competitor is enough to survive summary judgment for non-monetary remedies. The Court stated:

> Accordingly, summary judgment in favor of RPS on Holmes's claims for money
> damages for false advertising will be granted. Summary judgment will be denied,
> however, as to Holmes's claims for injunctive relief . . . .

424 F.Supp.2d at 292. The Court found that statements regarding the compatibility of a replaceable air filter with a competitor's product "will tarnish [plaintiff's] goodwill with retailers and consumers" because the air filter did not fit correctly. That statement, "together with the fact that Holmes and RPS are direct competitors, constitute sufficient evidence to create a genuine issue of material fact as to whether there is a likelihood of harm." *Id.*, 424 F.Supp. 2d at 292.

Similarly, here, even without evidence of lost sales, Posey is entitled to proceed past summary judgment on its claim for injunctive relief because it has shown a likelihood of harm *vis a vis* the false statement made by its competitor. HipSaver's First Circuit citation,

*Danielson, Inc. v. Winchester-Conant Properties, Inc.* 322 F.3d 26, 46 (1st Cir. 2003), actually supports this contention because in that case, the plaintiff did not bring claim for injunctive relief but only damages. The Court stated that plaintiff's evidence *may have been sufficient* if his claims were not only for monetary relief, but, as the Court stated, "Danielson claimed only money damages and failed to carry its burden of proof." *Id.* Posey is seeking declaratory and injunctive relief from *ongoing* false advertising, so that the presence or absence of measurable damages is immaterial. In equity, the absence of direct economic damages provides a more compelling reason why the Court should grant injunctive relief, *i.e.,* any remedy at law is inadequate.

### B.    Posey's M.G.L. ch. 93A Claim Survives.

Posey's claim under ch. 93A of the Massachusetts General Laws survives because Posey is entitled to an injunction and potentially attorneys fees.

Posey is not required to show monetary damages to state a claim under Section 2 of ch. 93A. HipSaver states that Posey cannot show "injury or damages," (Motion at 8), but it conveniently skips an actual analysis of "injury"—focusing instead on the lack of quantifiable monetary damage, without mentioning the possibility of an injunction. Chapter 93A contemplates an injunction where damages have not been shown, provided there is a possibility of future damage. The statute expressly provides that a party "if he has not suffered any loss of money or property, may obtain such an injunction if it can be shown that the aforementioned unfair method of competition, act or practice may have the effect of causing such loss of money or property." Ch. 93A, § 11.

HipSaver has conceded that the advertisements still appear on its website and that they may be false, so Posey cannot be barred as a matter of law from seeking injunctive relief against

ongoing false advertising. Finally, as in the Lanham Act context noted above, a loss of goodwill should be compensable under ch. 93A, just as it is under Lanham Act unfair competition and false advertising law. *Holmes Group, Inc. v. RPS Products, Inc.*, 424 F.Supp. 2sd 271, 292 (D. Mass. 2006) (loss of goodwill compensable in false advertising claim). There is thus a strong likelihood that Posey will be harmed either through loss of sales or goodwill—*i.e.*, the false advertising "may have the effect of causing such loss of money or property." Ch. 93A, § 11.

Further, even if Posey does not obtain an injunction, it may be entitled to an award of attorney's fees, which would preclude summary judgment. In *Advanced Systems Consultants Ltd. v. Engineering Planning and Management, Inc.*, 899 F.Supp. 832, 833-34 (D. Mass. 1995), Judge Young of this District found that ch. 93A "mandates an award of attorneys' fees when a plaintiff has proven a violation of section two and is entitled to—though does not necessarily obtain—some form of monetary, injunctive or other relief."

Other Massachusetts courts are in accord. In *Hanover Ins. Co. v. Sutton*, 46 Mass.App.Ct. 153, 175, 705 N.E.2d 279, 295 (1999), the court upheld an award of attorneys' fees under ch. 93A where the plaintiff received nominal damages of one dollar, a constructive trust and an injunction against transferring assets out of the constructive trust. The court relied upon the often-cited case of *Jet Servs., Inc. v. American Employers Ins. Co.*, 404 Mass. 706, 718, 537 NE.2d 107 (1989), which found that attorneys' fees are awardable if the deceptive conduct had "some adverse effect upon the plaintiff, even if it is not quantifiable in dollars." The First Circuit has noted that this language is "not necessarily inconsistent with an award of attorneys' fees to a plaintiff that receives injunctive relief only." *Star Financial Servs. Inc. v. Aastar Mort. Corp*, 89 F.3d 5, 15 (1st Cir. 1996). Here, an injunction against further false

advertising by HipSaver—even in the absence of an award of damages—would support an award of attorneys' fees under ch. 93A.

### C.    The Breach of Contract Claim Survives.

Posey's breach of contact claim survives, if only to obtain nominal damages for having to defend itself and bring this counterclaim to preserve its rights for HipSaver's ongoing display of false statements. *Newton Const. Co. v. West & South Water Supply Dist. of Acton*, 326 Mass. 171, 175-176, 93 N.E.2d 457, 460 (1950) (plaintiff is entitled to at least nominal damages upon showing of breach of contract).

Posey paid $360,000 to buy peace on these same facts.  It should not be precluded from obtaining nominal relief for breach of that agreement just because it has not been able to identify a specific lost customer as a result of HipSaver's breach of the settlement agreement.

### D.    The Unfair Competition Claim Survives.

Finally, Posey's unfair competition claim should not be dismissed merely because Posey has not shown actual consumer confusion.  In the Lanham Act context, literal falsity of a statement is enough to show likelihood of consumer confusion. *In Parkway Baking Co. v. Freihofer Baking*, Co., 255 F.2d 641, 649 (3d Cir.1958) (where an injunction is sought in false advertising case, falsity of statement is enough to grant relief regardless actual confusion).   The same rule should apply here.

HipSaver's argument relies upon the outmoded idea that common law unfair competition offers no protection against false advertising but only against palming-off.  This view has received sharp criticism from commentators because it is ignorant of the realities of modern commerce, and cases supporting HipSaver's position have been dubbed "sad reading indeed." 1A Callman, Unfair Competition, Trademarks and Monopolies § 5:2 (4th ed.) (arguing that a

8

definition of common law unfair competition limited to palming-off should have been eroded by "nearly five decades of development of the law of unfair competition, increasing awareness of the modern importance of commercial advertisement, and the barbed criticism . . . by commentators").

Indeed, the First Circuit has found that a claim for non-Lanham Act unfair competition "based upon diversity" could be stated for false advertising. In *Electronics Corp. of America v. Honeywell, Inc.*, 428 F.2d 191, 194 (1st Cir. 1970), the Court stated that "[m]aterial misrepresentations in defendant's advertising will damage the plaintiff, whether or not there is passing off or express disparagement. [Footnote deleted.] We hold them actionable." Later opinions have attempted to limit this holding to markets with only two competitors, on the assumption that it is easier to prove damages in such markets because false advertising will necessarily harm a competitor when there is only one competitor. *Salomon/North America, Inc. v. AMF Inc.*, 484 F.Supp. 846, 848 (Dist. Mass. 1980) ("[a]lthough the *Electronics Corp.* case recognized an exception to the traditional doctrine in situations where there are only two competitors in the market, *id.* at 194, this exception is not applicable here since the two parties to this action concededly are not the only two manufacturers of alpine ski bindings").

However, here, the market for soft hip protectors is small, and HipSaver contends that Posey is the dominant supplier of "patient safety and support products." Amended Complaint, ¶ 5. Moreover, any damage from the false advertising was directly aimed at Posey because Goodwin has admitted that there are only three real players in the hip protector market[2], and his

---

[2]    HipSaver is a leading brand of hip protectors in this country.  Posey is one of the leading suppliers of the geriatric industry and Alimed is also one of the leading supplies of the rehabilitation industry.
So these are the three people that have

desire is to eliminate Posey.[3]  Further, Posey is only seeking injunctive relief---not monetary

damages.  Thus, the Court should allow Posey's common law unfair competition claim to go to

trial because there is little doubt that HipSaver's intent is to drive Posey from the market with

false advertising.  Further, the Court is reminded that Posey is seeking injunctive relief on this

claim, so that the absence of actual consumer confusion should not weigh as heavily.  This is

clearly within the ambit of unfair competition.

---

hip protectors that are in any way on the market. . . .
March 3, 2006 Goodwin depo. at 98:3-9. Opp. Exh. 13

[3] Basically, what you were after is you
wanted him to stop selling Hipsters and to let the
market, let the HipSaver product be the only product in
the market or at least not the only product in the
market, but be in the market without competition from
the Hipster.  That is what you wanted, right?
    A.   Right.
October 18, 2005 Goodwin Depo. at 181:18-24. Opp. Exh. 13

IV.    **CONCLUSION**

For the foregoing reasons, Posey respectfully requests this Court to deny HipSaver's

motion for summary judgment.


Dated: January 8, 2007                    J.T. POSEY COMPANY

                                          By its attorneys,


                                          /s/ Douglas H. Morseburg
                                          Jeffrey G. Sheldon (CA Bar No. 67516)
                                          Douglas H. Morseburg (CA Bar No. 26205)
                                          SHELDON MAK ROSE & ANDERSON
                                          225 South Lake Avenue, Suite 900
                                          Pasadena, CA  91001
                                          (626) 796-4000

                                          Anthony J. Fitzpatrick (BBO # 564324)
                                          DUANE MORRIS LLP
                                          470 Atlantic Avenue, Suite 500
                                          Boston, MA 02210
                                          (617) 289-9200

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic Filing.

January 8, 2007                          /s/ Donald K. Piper_____
                                          Donald K. Piper