UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) ) ) | Civil Action No. 05-10917 PBS |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| J.T. POSEY COMPANY, | ) ) |  |
| Defendant. | ) ) |  |

## DECLARATION OF VICTORIA GAY LEWIS IN OPPOSITION TO HIPSAVER MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Victoria Gay Lewis, declare:

1. I am a Product Manager for J.T. Posey Company, Inc. ("Posey"). I have held this position at Posey since April 1999. As Product Manager, I am responsible for certain categories of Posey products. The categories of products under my responsibility are products that we categorize as "Care Alternatives", which include Fall Management and Fall Prevention products such as hip protectors, floor cushions, fall monitors and sensors. I am personally familiar with the facts set forth below and if called as a witness and properly sworn, I could and would testify to them from my own knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I make this declaration in opposition to the motion of The HipSaver Company, Inc. ("HipSaver") for partial summary judgment on its claims against Posey in connection with this litigation.

2. My responsibilities at Posey include, among other things, the development, introduction and marketing of new products, evaluation and implementation of product enhancements, and assistance in support, management and promotion of existing products.

3. I am involved in the development of the Posey hip protector products which are at issue in this litigation and which are marketed under the name "Hipsters". I am generally familiar with the methods Posey has utilized to promote and market its Hipster products over the past 7 or 8 years and with the advertising documents that Posey has disseminated in connection with its marketing efforts.

4. In 2001, Posey engaged a company called Garwood Laboratories, Inc. to conduct some impact tests on various materials that Posey was considering using to make the pads in its hip protectors. Based upon the results of the testing, Posey chose one of the materials Garwood tested and began making its pads from that material. That same year, Posey began disseminating various advertising materials that made reference to the results of the testing Garwood had done (the "Garwood Testing").

5. I am aware that HipSaver has made a motion for partial summary judgment in this case and that HipSaver has submitted 40 pages of Posey advertising materials in support of that motion. In connection with this declaration, I have reviewed those materials and I have also reviewed Posey's records regarding its advertising which it keeps in the ordinary course of its business.

6. Based upon that review and based upon my knowledge of Posey's "Hipster" advertising over the years, I note the following. First, the materials that HipSaver contends supports its claims consist of two exhibits. The first, Exhibit 1, is a 39-page exhibit that consists of parts 1 through 9. The second, Exhibit 2, is a one-page exhibit that is exactly the same as the fourth page of Exhibit 1. Second, in some instances, the pages of Exhibit 1 include duplicate copies of some materials. It also includes only partial copies of certain other materials. Third, in numerous instances, the materials submitted were used three, four or even five years ago and have not been used since. Fourth, the materials that make up Exhibits 1 and 2 have virtually no connection with the Commonwealth of Massachusetts.

7. Accompanying this declaration in the Opposition Appendix are true and complete copies of Exhibits 1 and 2 to HipSaver's motion. The 39 pages which make up Exhibit 1 and the single page that makes up Exhibit 2 have been individually numbered from 1.01 through 1.39

and 2.01, respectively. *See* Opposition Appendix, Exhibits 1 and 2 (hereafter, cited "Opp. Exh. __."). To assist the Court in understanding what is depicted on these pages, I will describe each page below.

8. Page 1.01 of Opp. Exh. 1 (bearing Bates no. PC1744) is the second page of a 4-page fold-over advertising flyer that features a tight rope walker on the cover page (the "Tight Rope Walker Flyer"). The Tight Rope Walker Flyer was designated by Posey as part no. M6079 and there were several different iterations of it. A complete copy of the particular iteration of which Page 1.01 is a part can be seen in Pages 1.32.-1.35 of Opp. Exh. 1 (bearing Bates nos. PC1743-46). Since Page 1.01 is only a part of a Posey flyer, I will address it in connection with my discussion of Pages 1.32-1.35 in paragraph 19, below.

9. Page 1.02 of Opp. Exh. 1 (bearing Bates no. PC3009) is the "back-side" of a two-sided sales flyer that was designated as Posey part no. M6023. A complete copy of this flyer is not included in HipSaver's Exhibit 1. However, a true and correct copy of the complete document (bearing Bates nos. 3008-09) is included in the Opposition Appendix as Exhibit 3 ("Opp. Exh. 3"). Opp. Exh. 3 is the "second generation" of a sales flyer that was developed by Posey personnel in California. Posey disseminated the "second generation" of part no. M6023 during the period beginning in approximately April or May 2002 through approximately February or March 2003, at which point Posey adopted a new flyer to replace this one. To the best of my knowledge Posey did not disseminate any copies of M6023 after that date.

10. Page 1.03 of Opp. Exh. 1 (bearing Bates no. PC3007) is a partial view of the back-side of the "first generation" of part no. M6023, the two-sided sales flyer that is discussed immediately above. The entire flyer is included in Opp. Exh. 1, at Pages 1.08.-1.09 (bearing Bates nos. PC3006-07). Since this page is only a fragment of a Posey sales flyer, I will address it in connection with my discussion of Pages 1.08 and 1.09, in paragraph 14, below.

11. Page 1.04 of Opp. Exh. 1 (which does not have a Bates no.) is a "screen shot" taken from a promotional videotape entitled "Hipsters III". It is identical to Page 2.01 of Opp. Exh. 2. The Hipsters III video was produced for Posey in California in 2001 following the Garwood Testing. I narrated it. Posey began sending copies of the Hipsters III video to

3

prospective customers who requested information regarding Posey's Hipsters very soon after the video was produced. By the time Posey and HipSaver executed the written agreement settling the prior litigation between them ("Posey I") in September 2004, Posey had been distributing copies of the video to prospective Hipster customers continuously for about three years. Because of the pending litigation, however, Posey has stopped sending out copies of the video.

12. Pages 1.05 and 1.06 of Opp. Exh. 1 (bearing Bates nos. PC0853 and PC0852) purport to be copies of an email communication dated July 27, 2001 from Jeffrey Yates, Posey's former director of marketing, to Robert Weaver and two other individuals who worked at the Veterans Affairs hospital in West Los Angeles and a chart regarding the Garwood Testing. I believe I prepared the chart. Although I am listed as a recipient of the email (under my maiden name, Vicky Walters), I do not recall having received it. I do not know whether the chart was actually attached to Mr. Yates' email. However, even assuming Mr. Yates sent my chart along with this particular email to the Veterans Affairs hospital in West Los Angeles in July 2001, Mr. Yates left Posey in approximately September 2001, so he could not have sent any emails or charts to anyone after that. Also, I do not believe that I or anyone else at Posey ever sent this particular chart to anyone outside of Posey.

13. Page 1.07 of Opp. Exh. 1 (bearing Bates no. PC1805) is page 25 of Posey's 2002 Care Alternatives Division, Patient Safety and Restraints Catalog. The cover page, together with page 25 of that catalog (bearing Bates nos. PC1804-05), can be seen in the accompanying Opposition Appendix, at Opp. Exh. 4. Actually, the 2002 catalog was sent out under at least three separate covers. The two additional covers, together with page 25 of each catalog can be seen in Opp. Exh. 1, at Pages 1.10-1.11 (marked with Bates nos. PC1029-30) and 1.12-1.13 (marked with Bates nos. PC1031-32), respectively. As the Court can see by looking at them, each of the three 2002 catalogs made reference to the Garwood Testing and they each contained the identical language about the Garwood Testing that HipSaver is complaining about in this case. Moreover, each catalog was printed in Greenfield, Ohio in the latter part of 2001 and mailed to Posey's customers and prospective customers from Greenfield, Ohio in the latter part

of 2001 and during 2002. Posey's 2002 catalog was not disseminated after the year 2002 because Posey revises its catalog each year.

14. Pages 1.08 and 1.09 of Opp. Exh. 1 (bearing Bates no. PC3006-07) is the "first generation" of a two-sided sales flyer that was designated by Posey as part no. M6023. This sales flyer was disseminated from approximately November or December 2001 until approximately April or May 2002, at which time it was replaced by the "second generation" version which is discussed in paragraph 9, above. As I also mentioned above, both the first and second generations of part no. M6023 were developed by Posey personnel in California. In some instances, these flyers were also sent upon request to prospective customers by Posey personnel from California.

15. Pages 1.14 and 1.15 of Opp. Exh. 1 (marked with Bates nos. PC0410 and PC0411) are both taken from Posey's 2003 product catalog. Page 1.14 is a copy of the back cover of the catalog. Page 1.15 is a partial copy of page 17 of same catalog. The catalog was designated as Posey part no. CATLRF03. The 2003 catalog was printed in Appleton, Wisconsin in the latter part of 2002 and it was mailed to Posey's customers and prospective customers from Appleton, Wisconsin in the latter part of 2002 and during 2003. This catalog was not disseminated after the year 2003 because, as I pointed out above, Posey revises its catalog each year. Other portions of Posey's 2003 catalog can be seen at Pages 1.24-1.26 of Opp. Exh. 1 which are discussed in paragraph 24, below.

16. Pages 1.16-1.19 of Opp. Exh. 1 (marked with Bates nos. PC1806-09) is the earliest version of Posey's 4-page Tight Rope Walker Flyer that is referred to in paragraph 8, above. It was developed in-house by Posey's marketing personnel in California in about the middle of December 2002 and it was disseminated from California beginning in about December 2002 or January 2003 until approximately September or October 2003, at which point it was replaced by the flyer that is shown in the Opposition Appendix, at Opp. Exh. 5.

17. Opp. Exh. 5 (marked with Bates nos. PC1810-13) is the second iteration of Posey's 4-page Tight Rope Walker Flyer, part no. M6079. It was developed in-house by Posey's marketing personnel in the latter part of September 2003 and it was disseminated from California

5

beginning in about September or October 2003 until approximately November 2004. Opp. Exh. 5 was routinely being disseminated by Posey at the time Posey and HipSaver executed the written agreement that settled Posey I.. This second iteration of the 4-page flyer was replaced by the version that is shown in the Opposition Appendix, at Opp. Exh. 6.

18.     Opp. Exh. 6 (marked with Bates nos. PC1739-42) is the third iteration of Posey's 4-page Tight Rope Walker Flyer, part no. M6079. It was developed in-house by Posey's marketing personnel in the latter part of October 2004 and it was disseminated from California beginning in approximately November 2004 until approximately early March 2005, at which point it was replaced with the flyer that is shown on Pages 1.32-1.35 of Opp. Exh. 1.

19.     Pages 1.32-1.35 of Opp. Exh. 1 (bearing Bates nos. PC1743-46) constitute the fourth iteration of Posey's 4-page Tight Rope Walker Flyer, part no. M6079. It was developed in-house by Posey's marketing personnel in the early part of 2005 and it was disseminated from California beginning in about March 2005 until approximately the early part of May 2005, at which point it was replaced with the flyer that is shown on Pages 1.36-1.37 of Opp. Exh. 1.

20.     Pages 1.36-1.37 of Opp. Exh. 1 (bearing Bates nos. PC0400-01) constitute the fifth iteration of Posey's 4-page Tight Rope Walker Flyer, part no. M6079. It was developed in-house by Posey's marketing personnel in California beginning in about mid-May 2005 in response to HipSaver's complaints regarding Posey's fourth iteration of the Tight Rope Walker Flyer. Posey disseminated this fifth iteration of the Tight Rope Walker Flyer from California beginning in about May 2005 until August or September 2005, at which point it was replaced with the flyer that is shown in the Opposition Appendix, at Opp. Exh. 7.

21.     Opp. Exh. 7 (bearing Bates nos. PC1093-96) is the sixth iteration of Posey's 4-page Tight Rope Walker Flyer, part no. M6079. It was developed in-house by Posey's marketing personnel in August 2005. Posey began using it to promote its Hipster products since approximately late August or early September 2005 and it continues using it to this day. The flyer makes no mention whatsoever of the Garwood Testing.

22.     Pages 1.20-1.21 of Opp. Exh. 1 (bearing Bates nos. PC1025-26) show a sales flyer that Posey developed regarding the Hipsters that Posey introduced in 2001. The flyer was

developed by Posey's in-house marketing personnel beginning in about September 2001 and it was assigned Posey part no. MK 1162. Posey disseminated this flyer beginning in approximately September or October 2001 until approximately November or December 2001, at which point it was replaced by the sales flyer designated as Posey part no. M6023 which is discussed in paragraph 14, above. This flyer contains the exact language regarding the Garwood Testing that is the subject of HipSaver's claims in this case.

23.     Pages 1.22 and 1.23 of Opp. Exh. 1 (marked with Bates nos. PC0408-09) are two pages taken from the earliest version of Posey's 4-page Tight Rope Walker Flyer that is discussed in paragraph 16, above. These pages are identical to those pages bearing Bates nos. PC1807 and PC1809. As is set forth above, the 4-page flyer from which these two pages were taken was used only from about December 2002 or January 2003 until approximately September or October 2003.

24.     Pages 1.24-1.26 of Opp. Exh. 1 (bearing Bates nos. PC1033-35) are the cover page of Posey's 2003 Complete Healthcare Catalog, together with pages 16 and 17 of that catalog. Page 17 of the 2003 catalog contained the identical language about the Garwood Testing that HipSaver is complaining about in this case. As is noted above, the 2003 catalog was printed in Appleton, Wisconsin in the latter part of 2002 and it was mailed to Posey's customers and prospective customers from Appleton, Wisconsin in the latter part of 2002 and during 2003 but it has not been disseminated since the year 2003.

25.     Pages 1.27 and 1.28 of Opp. Exh. 1 (bearing Bates nos. HS2 0818-19) show the "first generation" of a two-sided product instruction sheet for Posey's "EZ On Hipsters". This product instruction sheet was developed in-house by Posey's marketing personnel beginning in about June 2003 and it was assigned Posey part no. M5017. Posey disseminated this insert from approximately June or July 2003 until approximately October 2004, at which time it was replaced with the "second generation" version which is shown on Pages 1.29 and 1.30 of Opp. Exh. 1.

26.     Both the first and second generations of part no. M5017 were developed by Posey personnel in California. These product instruction sheets were disseminated from California by

7

including one copy of the instruction sheet in each bag in which Posey's EZ On Hipsters were packaged. Both the first generation and the second generation of part no. M5017 also contain the exact language regarding the Garwood Testing that is the subject of HipSaver's claims in this case. I might also add that the first generation instruction sheet was being distributed by Posey at the time Posey and HipSaver signed the written agreement settling Posey I.

27. The product instruction sheet that constitutes the "second generation" of part no. M5017, i.e., Pages 1.29 and 1.30 of Opp. Exh. 1 was used from approximately October 2004 until approximately January 2005, at which time it was replaced by the "Posey Hipsters" product instruction sheet that is shown on Pages 1.38 and 1.39 of Opp. Exh. 1.

28. Pages 1.38 and 1.39 of Opp. Exh. 1 (bearing Bates nos. HS2 0058-59) show a two-sided product instruction sheet that was designated by Posey as part no. M6139. This product instruction sheet was designed in-house by Posey marketing personnel in California and it was disseminated from California beginning in approximately January or February 2005 until approximately late April or May 2005. As a consequence of the fact that HipSaver complained about the references to the Garwood Testing in Posey's literature, Posey stopped using this instruction sheet and replaced it with the product instruction sheet that is shown in the Opposition Appendix, at Opp. Exh. 8. Also, Posey's product instruction sheets were posted on its Internet website and, at some point, the exact date of which I do not know, but which I believe was around the end of May 2005, Posey removed the product instruction sheet that is shown on Pages 1.38 and 1.39 of Opp. Exh. 1 from its Internet website.

29. Posey used the product instruction sheet that is shown in Opp. Exh. 8 (bearing Bates nos. PC0402-03) beginning in approximately late April or early May 2005 until approximately September 2005, at which point it began using the product instruction sheet that is shown in Opp. Exh. 9. It has been using the product instruction sheet shown in Opp. Exh. 9 continuously since that time.

30. Page 1.31 of Opp. Exh. 1 (bearing Bates no. HS2 0063) is identical to Page 1.37 of Opp. Exh. 1. It shows the inside two pages of the fifth iteration of Posey's 4-page Tight Rope

Walker Flyer. That version of the Tight Rope Walker Flyer is discussed in paragraph 20, above, so I will not discuss it again.

    I declare under penalty of perjury under the laws of the United States and under the laws of the State of Massachusetts that the foregoing is true and correct and that this declaration was executed this 8th day of January, 2007 at Arcadia, California.

                                              /s/ Victoria Gay Lewis_____
                                              Victoria Gay Lewis

## **CERTIFICATE OF SERVICE**

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic Filing.

January 8, 2007                                                      /s/ Donald K. Piper_____
                                                                            Donald K. Piper