UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J.T. POSEY COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 05-10917 PBS |

## REPLY DECLARATION OF VICTORIA GAY LEWIS

I, Victoria Gay Lewis, declare:

1. I am a Product Manager for J.T. Posey Company ("Posey"). I have held this position at Posey since April 1999. As Product Manager, I am responsible for certain categories of Posey products. The categories of products under my responsibility are products that we categorize as "Care Alternatives", which include Fall Management and Fall Prevention products such as hip protectors, floor cushions, fall monitors and sensors. I am personally familiar with the facts set forth below and if called as a witness and properly sworn, I could and would testify to them from my own knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true. I submit this reply declaration in support of Posey's motion for summary judgment on the claims of The HipSaver Company ("HipSaver") and its motion for partial summary judgment on its counterclaims against HipSaver in connection with this litigation.

2. My responsibilities at Posey include, among other things, development and introduction of new products, evaluation and implementation of product enhancements, and assistance in support, management and promotion of existing products.

3. As I said in a previous declaration I submitted in connection with the parties' motions for partial summary judgment, I am involved in the development of Posey hip protectors which are the subject of this case.

4. I am aware that Edward Goodwin, HipSaver's president, has submitted a declaration in connection with the parties' motions regarding some testing of hip protection products by the Department of Veterans Affairs ("VA") in 2002. The testing involved, among other things, the washing of Posey and HipSaver's hip protectors at temperatures of up to 170 degrees F. and the drying of those products at temperatures of up 180 degrees F. The purpose of the testing was to determine the durability of the two companies' products. It was not to determine whether the parties' products could be washed according to any CDC Guidelines. This is obvious from the fact that the testing procedure involved drying at a specific temperature. However, the CDC Guidelines only specify washing temperatures. They do not deal with drying temperatures.

I declare under penalty of perjury under the laws of the United States under the laws of the State of Massachusetts that the foregoing is true and correct and that this declaration was executed this 18th day of January, 2006 at Arcadia, California.

/s/ Victoria Gay Lewis
Victoria Gay Lewis

2