UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC.,<br>      Plaintiff / Counterclaim Defendant,<br><br>v<br><br>J.T. POSEY COMPANY,<br>      Defendant / Counterclaim Plaintiff. | Civil Action No. 05-10917 PBS |

## HIPSAVER'S MEMORANDUM IN RESPONSE TO JANUARY 24, 2007 PROCEDURAL ORDER AND REQUEST FOR HEARING UNDER RULE 37

On November 29, 2005, Plaintiff HipSaver served its Second Request for Production of Documents in this lawsuit. *On August 11, 2006, some eight and one half months later, Defendant Posey finally responded and produced 2,960 pages – but only after having exhausted every avenue for delay and only after two motions to compel were granted against it.* Posey's pointless resistance to entirely legitimate discovery materially delayed this lawsuit and forced HipSaver to incur some $35,000 in costs and fees.

**A.    Posey Had No Substantial Justification For Its Resistance To Discovery After The Magistrate Judge Granted HipSaver's First Motion To Compel On March 2, 2006**

Notwithstanding the fact that the Magistrate Judge *granted* HipSaver's first Motion to Compel on March 2, 2006, Posey continued to resist discovery with dilatory objections to the Magistrate Judge's authority. When the objections were *summarily*

1

*rejected* by the trial court on April 25, 2006, Posey nevertheless continued to resist until the Magistrate Judge's Order of July 14, 2006.

At the very least, in the period from and after March 2, 2006, Posey no longer had a viable claim to substantial justification for its "hypertechnical" resistance. The "hypertechnical" dispute was over on March 2, 2006 when the Magistrate Judge granted HipSaver's First Motion to Compel. And Posey's resistance was certainly not regarded as substantially justified by the trial court when it summarily rejected Posey's dilatory objections. And when Posey continued to resist by filing the same objections to discovery in response to the Magistrate Judge's March 2, 2006 Order, the Magistrate Judge did not find *any* of those objections to be substantially justified. Posey's last gasp delay was rejected on July 17, 2006 when the Magistrate Judge granted *all* of HipSaver's outstanding document discovery requests.

Accordingly, Posey cannot resist payment of HipSaver's fees and costs in the period from and after March 2, 2006. Its resistance to discovery from that point forward was purely dilatory and had no justification whatsoever.

B. **HipSaver Conferred and Sought Discovery Agreements Long Before It filed Its Second Motion To Compel And Again, Immediately Prior To That Motion**

In the court's Order of January 24, 2007, the Magistrate Judge suggests that the parties failed to confer and seek agreement on the disputed discovery prior to HipSaver's second Motion to Compel[1] which was filed on April 3, 2006 [**D.N.** 113]. Respectfully, the Magistrate Judge's suggestion is incorrect as a matter of fact. Indeed, as documented in HipSaver's March 29, 2006 Reply [**D.N.** 110], HipSaver invoked L.R. 7.1 and L.R. 37.1 and conferred on the disputed discovery *beginning in January*, more than three

---

[1] The Motion is captioned as a "Further Motion to Compel". See **D.N.** 113.

2

months prior to the second Motion to Compel. *See* **D.N.** 110 documenting conferences on January 13, 2006; January 17, 2006; January 18, 2006; and Posey's written response on January 19, 2006 in which the Defendant's counsel stated, "I will likely agree to produce documents". When counsel's statement came to nothing, HipSaver had no choice but to initiate the Motions to Compel. Furthermore, immediately prior to filing the second Motion to Compel, HipSaver sought to confer by letter dated March 27 and by e-mail and telephone on March 29 and March 30, 2006. This effort sought to address each outstanding discovery request and was undertaken in good faith by counsel but was unsuccessful. *See* Certification in **D.N.** 113.

Simply put, this not a case where the parties failed to meet and confer and seek agreement from the outset. Nor is this a case where HipSaver failed to make a good faith effort under Rule 37(a)(4)(A) to obtain discovery without court intervention. Quite the contrary .... The parties conferred repeatedly beginning in January 2006.

Nor is this a case where HipSaver failed some obligation to further specify what the parties agreed to and failed to agree to under the Local Rules. After Posey reneged on its January 19, 2006 statement, Posey's position in the subsequent conference was to maintain its refusal to produce any and all of the outstanding discovery. Given that intransigence, there was no further opportunity for agreement, notwithstanding numerous "meet and confer" efforts. Indeed, HipSaver's certificates and documentation make it clear that Posey continued to refuse *any and all* production.[ **D.N.** 110. 113] That changed only when Posey was, at last, compelled to produce *all* of its withheld documents under the July 17, 2006 Order.

3

E.  **HipSaver Cannot Be Denied Fees And Costs Simply Because A Good Faith Process Of Negotiation Failed To Resolve The Discovery Dispute**

As noted, HipSaver initiated and pursued a substantial effort to confer on the substance of the discovery dispute in January 2006 and again over four days in March prior to filing its second Motion to Compel. Admittedly, this process failed in January and again in March and again in the additional conference required by the Magistrate Judge's May 12, 2006 Order. [**D.N.** 129] There can be no question, however, that this extensive effort to confer was pursued by HipSaver in good faith and met both the letter and spirit of L.R. 7.1 and L.R. 37.1. However, the Magistrate Judge's January 24, 2007 Order implies that HipSaver somehow failed after allowance of the its first Motion to Compel to confer with Posey. That is *not* the case.

The March 2, 2006 Order allowing HipSaver's First Motion to Compel expressly required Posey to serve responses and objections to HipSaver's discovery by March 24, 2006. Posey responded with the same objections it had filed in January 2006. As noted above, HipSaver immediately sought to confer, beginning with its letter to counsel on March 27, 2006. After four days of e-mail exchanges and telephone conference, Posey maintained its objections. There was no opportunity for agreement. Moreover, even after the conference mandated by the Magistrate Judge's May 12, 2006 Order, no agreement was reached. This discovery dispute was not resolved until July 14, 2006 when Posey was finally ordered to produce the disputed documents.

Given that HipSaver initiated and pursued conferences prior to filing its second Motion to Compel, it proceeded fully in accordance with the rules. HipSaver cannot be faulted and cannot properly be denied fees and costs simply because the conference failed to produce agreement. HipSaver is entitled to fees and costs from and after March 2,

4

2006 because it prevailed in both Motions to Compel, because it repeatedly attempted in good faith to obtain the discovery without the court's intervention, and because Posey was without substantial justification in filing the same dilatory objections in March, April, and June. At the very least, from the rejection of Posey's "hypertechnical" objection on March 2, there was no justification for further delay and outright refusal to produce documents for more than four more months.

F.  **HipSaver Has Achieved Discovery Success**

The Defendant complied with the Magistrate Judge's July 17, 2006 Order and produced documents in response to *all* of the discovery requests at issue. As noted, Posey produced 2,960 pages of documents in August 2006. Thereafter, HipSaver was able to conduct its expert analysis; and expert reports and discovery were completed. Discovery in this lawsuit is now closed.

E.  **At The Least, HipSaver Should Recover Fees And Costs From And After March 2, 2006**

Whatever justification Posey had for its hypertechnical refusal to produce documents in response to HipSaver's Second Request for Production ended on March 2, 2006. Thereafter, Posey's refusal to produce was simply a wall of chaff – with no substance and no justification. Moreover, given that HipSaver had initiated and pursued "the process of negotiation required by the rules" long before the Magistrate Judge's March 2, 2006 Order and again before HipSaver's second Motion to Compel, there was no justification for Posey's continued resistance. Posey's unjustified resistance necessitated all of the motion practice after March 2d, and, as a matter of law, it "shall" be required to pay HipSaver's fees and costs. Fed.R.Civ.P. 37(a)(4)(A).

HipSaver's fees and costs from and after March 2, 2006 total $25,607.50, as set out in **D.N.137**.

G. <u>**HipSaver Is Entitled To A Hearing On Its Motion For Fees And Costs**</u>

HipSaver believes that the Magistrate Judge can best determine the appropriate award by conducting a hearing as required by Rule 37(a)(4)(A) and reviewing the matters and issues raised here.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,

/s/ Edward J. Dailey
Lee Carl Bromberg, BBO No.: 058480
Edward J. Dailey, BBO No.: 112220
Courtney M. Quish, BBO No.: 662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004 Fax
edailey@bromsun.com
February 7, 2007

### CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Edward J. Dailey
    February 7, 2007

611189.1 02820/00502