UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-10917 PBS |
| J.T. POSEY COMPANY, | ) | |
| Defendant. | ) | |
| AND RELATED COUNTERCLAIM | ) | |

**DEFENDANT'S MOTION TO EXTEND PAGE LIMIT FOR REPLY TO
HIPSAVER INC.'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE TO
<u>STRIKE THE DECLARATION OF EDWARD L. GOODWIN</u>**

Defendant J.T. Posey Company ("Posey") respectfully requests that the Court extend the page limit for Posey's previously-filed Reply to Plaintiff's Opposition to Posey's Motion for Summary Judgment, in order to ensure the Court's consideration of Posey's written Objections to the Declaration of Edward L. Goodwin. In the alternative, Posey moves to strike the Declaration of Edward L. Goodwin (the "Goodwin Declaration"), on the ground that the declaration is rife with evidentiary flaws.

In support thereof, Posey states as follows:

1. On January 8, 2007, plaintiff The HipSaver Company, Inc. ("HipSaver") filed its Opposition [Docket No. 182] to Posey's Motion for Partial Summary Judgment on Count I of Posey's Counterclaim. HipSaver filed the Goodwin Declaration as a supporting exhibit [Docket No. 183, Exh. 2]. On January 18, 2007, Posey filed its Reply Brief in support of the motion [Docket No. 201], as well as detailed written Objections to the Goodwin declaration [filed

separately at Docket No. 204]. This Motion is being filed further to the Court's endorsement on the January 31, 2007 letter filed by HipSaver's counsel [Docket No. 207], in which the Court indicated that written objections should not be used to exceed page limits for summary judgment submissions.

2.  Affidavits supporting or opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see Garside v. Osco Drug, Inc., 895 F.2d 46, 49-5o (1st Cir. 1990) ("Interrogatory answers, like affidavits, can block *brevis* disposition only insofar as they [comply with Rule 56(e)]."). In this instance, as detailed in Posey's Objections, the Goodwin Declaration is rife with evidentiary problems and contradicts Mr. Goodwin's prior sworn testimony. Accordingly, to ensure that the many evidentiary flaws in the Goodwin Declaration were brought to the Court's attention, and to preserve Posey's objections to the Declaration, Posey submitted its objections in the form of a separate document submitted with its Reply Brief.

3.  In his July 17, 2006 Revised Scheduling Order [D.E. 136], Magistrate Judge Collings established a limit of seven pages for summary judgment reply briefs. In submitting its Objections to the Goodwin Declaration, Posey in no way sought to circumvent that limit. The Goodwin Declaration itself is quite lengthy (36 paragraphs over 12 pages), and is so rife with evidentiary flaws that Posey's counsel believed in good faith that detailed written objections were an appropriate and necessary response. In view of the Court's endorsement of the January 31st letter, and to the extent it is necessary to extend the page limit allowed for filing Reply memoranda, Posey respectfully requests that such an extension be granted so that the Court may consider Posey's Objections to the Goodwin Declaration.

4. In the alternative, Posey respectfully requests that Goodwin Declaration be stricken from the record, for the reasons stated in the written Objections.  See Goguen v. Textron, Inc., 234 F.R.D. 13, 16 (D. Mass. 2006) ("A motion to strike is the proper vehicle for challenging the admissibility of materials submitted in support of a motion for summary judgment.").

WHEREFORE, Posey respectfully requests that the Court extend the page limit for Posey's Reply to HipSaver Inc.'s Opposition to Defendant's Motion for Summary Judgment or, in the alternative, strike the Declaration of Edward L. Goodwin.

        Respectfully submitted,

        J.T. POSEY COMPANY
        By its attorneys,

        /s/ Anthony J. Fitzpatrick
        Anthony J. Fitzpatrick (BBO # 564324)
        DUANE MORRIS LLP
        470 Atlantic Avenue, Suite 500
        Boston, MA 02210
        (857) 488-4220

        Jeffrey G. Sheldon *(admitted pro hac vice)*
        Douglas H. Morseburg *(admitted pro hac vice)*
        SHELDON MAK ROSE & ANDERSON PC
        225 South Lake Avenue, Suite 900
        Pasadena, CA  91001
        (626) 796-4000

February 12, 2007

4

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(A)(2), counsel for Defendant has conferred with Plaintiff's counsel regarding this motion. Plaintiff has indicated it will oppose the motion.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 12, 2007.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

DM2\961447.1