UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
THE HIPSAVER COMPANY, INC.,        )
                                                    )
    Plaintiff / Counterclaim Defendant,      )
                                                    )
v                                                   )   Civil Action No. 05-10917 PBS
                                                    )
J.T. POSEY COMPANY,                         )
                                                    )
    Defendant / Counterclaim Plaintiff.       )
                                                    )
_____)

**MEMORANDUM IN SUPPORT OF HIPSAVER'S MOTION TO STRIKE POSEY'S OBJECTIONS TO DECLARATION OF EDWARD L. GOODWIN**

Plaintiff, The HipSaver Company, Inc. ("HipSaver") respectfully submits this motion to strike Defendant J.T. Posey, Inc.'s ("Posey") Objections to Declaration of Edward L. Goodwin [D.N. 204] ("Objections"). Posey's Objections attempt to make an end-run on the page limitation for summary judgment motions to launch an ad hominem attack on Mr. Goodwin and to warp Mr. Goodwin's deposition testimony. Goodwin's declaration, submitted in Opposition to Posey's Motion to Dismiss HipSaver's Complaint to refute Posey's claim of no damages, sets forth evidence that is consistent with his deposition testimony and permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**FACTS**

1.    On July 17, 2006, Magistrate Judge Collings established a seven page limit for summary judgment reply memoranda in his Revised Scheduling Order [D.N. 136].

2. On December 12, 2006, Posey filed a Motion to Dismiss HipSaver's Complaint, arguing, among other things, that HipSaver was not injured by Posey's False Advertising.

3. On January 08, 2007, HipSaver filed an Opposition to Posey's Motion to Dismiss HipSaver's Complaint. In this Opposition, HipSaver argued, among other things, that HipSaver had been harmed by Posey's literally false advertising. In support of its Opposition, HipSaver submitted the declaration of its inventor and founder, Mr. Edward Goodwin. Mr. Goodwin's Declaration set forth specific facts and examples of HipSaver's injury, including, among other things, anecdotal evidence of lost opportunity and lost sales, and financial information supporting a showing of diverted sales.

4. On January 18, 2007, Posey filed its seven page Reply to HipSaver, Inc.'s Opposition to Defendant's Motion for Summary Judgment on HipSaver's Complaint [D.N. 200].

5. In addition to the Reply, Posey filed a fourteen page document, entitled Objections to Declaration on Edward L. Goodwin [D.N. 204] on January 18, 2007, objecting to Mr. Goodwin's declaration but not requesting any action from this Court.

6. Mr. Goodwin was deposed in connection with this action on October 18, 2005, November 30, 2005, and March 3, 2006.

7. Posey only produced its financial information on August 14, 2006, *after* Mr. Goodwin was already deposed three times.

## ARGUMENT

### A. POSEY'S OBJECTIONS ARE PROCEDURALLY BARRED

Posey's Objections attempt to make an end-run on the page limitation for summary judgment papers to launch an ad hominem attack on Mr. Goodwin and to warp

2

Mr. Goodwin's deposition testimony. Magistrate Judge Collings established a seven page limit for summary judgment reply memoranda. [D.N. 136] But, on January 18, 2007, Posey filed twenty one pages of memorandum. For exceeding the summary judgment reply page limit that Magistrate Judge Collings established, the Court should strike Posey's Objections. Posey's after-the-fact Motion to Extend Page Limits should be denied. [D.N. 208].

**B.    THE GOODWIN DECLARATION IS PROPER AND ADMISSIBLE BECAUSE THE DECLARATION IS CONSISTENT WITH GOODWIN'S PRIOR DEPOSITION TESTIMONY**

The Declaration of Edward Goodwin, submitted by HipSaver in support of its Opposition to Posey's Motion for Summary Judgment on Plaintiff's Complaint, sets forth facts and beliefs of the plaintiff relating to the injury and damage suffered by HipSaver. The Declaration is consistent with Goodwin's proper deposition testimony and is therefore, proper and admissible for purposes for summary judgment.

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Affidavits are expressly allowed under this standard. Affidavits or declarations of interested parties are not allowed only when the affidavit in question clearly contradicts previous clear answers to unambiguous questions and does not give an explanation as to why the testimony has changed. *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994).

Mr. Goodwin's testimony, set forth in his Declaration, is consistent with his testimony in all three depositions taken by Posey as well as all responses to

interrogatories. Posey attempts to create contradictions by mischaracterizing deposition testimony. But, when the deposition transcripts are read in full, it is clear that Goodwin's declaration is consistent with prior testimony.[1] That Posey counsel did not ask the correct questions to draw out the information set forth in Mr. Goodwin's declaration should not prejudice HipSaver's Opposition to Summary Judgment.

### C. MR. GOODWIN'S DECLARATION SATISFIES RULE 56 REQUIREMENTS FOR PARTIES OPPOSING SUMMARY JUDGMENT

Mr. Goodwin submits his declaration in support of HipSaver's Opposition to Posey's Motion to Dismiss HipSaver's Complaint. Even if Posey's evidentiary objections had merit (which they do not), evidentiary deficiencies that may be cured at trial are not a basis for striking the declaration. The Supreme Court has held that evidence opposing a summary judgment motion need not be in a form admissible at trial and that the party opposing a summary judgment motion need not depose its own witnesses in order to put their testimony into a form admissible at trial. *Celotex Corp. v Catrett*, 477 US 317, 324 (1986); see also *Williams v West Chester,* 891 F2d 458 (3d. Cir. 1989)(finding that there is authority that if a hearsay statement is reducible to admissible evidence, because the affiant is repeating the statements of a witness who would be available at trial and able to testify directly, the affidavit should be considered); *Hughes v United States*, 953 F2d 531 (9th Cir. 1992) (finding that although the facts underlying an affidavit must be of a type admissible in evidence, the affidavit does not have to be in an admissible form, and therefore may be considered even though it contains a declaration that is allegedly hearsay and that allegedly violates the best evidence rule). Accordingly,

---

[1] Where Goodwin's declaration sets forth information relating to Posey's financial data, this testimony could not have been offered at depositions because it is based on information produced by Posey only *after* Mr. Goodwin was deposed three times, namely August 14, 2006.

4

Mr. Goodwin's declaration is proper and admissible. Posey's trivial objections should not lay the groundwork for a windfall at summary judgment in Posey's favor.

## CONCLUSION

Therefore, HipSaver respectfully asks the court to strike Posey's Objections.

THE HIPSAVER COMPANY, INC.
By its Attorneys,
/s/ Courtney M. Quish
Lee Carl Bromberg, BBO No.: 058480
Edward J. Dailey, BBO No.: 112220
Courtney M. Quish, BBO No.: 662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
cquish@bromsun.com
Dated: February 12, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Courtney M. Quish
February 12, 2007

02820/00502 617203.1