UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.T. POSEY COMPANY, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | Civil Action No. 05-10917 PBS |

**REPLY MEMORANDUM OF DEFENDANT AND COUNTERCLAIMANT
J.T. POSEY COMPANY RE JANUARY 24, 2007 PROCEDURAL ORDER**

In its procedural order dated January 24, 2007, the Magistrate Judge found that Posey's resistance to HipSaver's first motion to compel was substantially justified. The Magistrate Judge also found that HipSaver had not met and conferred in good faith prior to filing its second motion to compel and that HipSaver was not entitled to recover any fees or expenses incurred in connection with the parties' discovery disputes prior to June 2, 2006. Finally, he invited the parties to address the issue of the extent to which HipSaver had ultimately succeeded on its second motion to compel.

On February 7, 2007, HipSaver submitted its response to the Magistrate Judge's January 24 order (D.N. 206). Rather than address the limited issue specified by the Magistrate Judge, HipSaver merely re-argued the points it raised in its July 24, 2006 motion for an award of fees and expenses (D.N. 137, 138). Suffice it to say, HipSaver's position is no more meritorious now than it was before. Posey responds as follows:

**A.  Posey's Objections To HipSaver's Second Request For Production Were Meritorious; HipSaver's Contentions That They Were Summarily Overruled and That Its Motion Was Completely Successful Are Simply Wrong**

Covering old ground, HipSaver first contends that Posey was not justified in appealing the Magistrate Judge's March 2, 2006 ruling on HipSaver's first motion to compel (i.e., the ruling by which the Magistrate Judge rescued HipSaver from its mistake in missing the cut-off date for serving written discovery requests). It then contends that all of the objections Posey interposed to HipSaver's second request for production were summarily rejected on July 17, 2006 "when the Magistrate Judge granted *all* of HipSaver's outstanding document discovery requests." HipSaver Memo, at 2 (emphasis in original).

First of all, HipSaver can say what it likes concerning the fact that Posey appealed the Magistrate Judge's March 2, 2006 order to the trial judge. The plain fact of the matter is that, with all due respect to the Magistrate Judge, Posey thought the order was erroneous and it legitimately availed itself of its right to seek an immediate review of that order and to preserve the issue of its correctness for later review, if necessary.

Second, HipSaver's contention that Posey's objections to HipSaver's second request for production (the "Second Request") were summarily rejected and that it was completely victorious on its second motion to compel is wishful thinking. The truth is that the Second Request purported to require Posey to produce every scrap of paper and every piece of digital data in its possession for a six year period. As a consequence, Posey interposed various, valid objections to the individual document categories contained in the Second Request.

On April 3, 2006, HipSaver moved to compel Posey to produce "all documents and data" responsive to nine of the individual requests (D.N. 113, 114-1). The motion was granted in part and denied in part. Lest there be any doubt as to the extent to which the motion was *unsuccessful*, the substance of each of the individual requests that were at issue on the motion,

the parties' respective positions on HipSaver's motion and the Magistrate Judge's ruling on each request that was at issue on the motion are set forth in the attached Exhibit "A".

As a cursory review of Exhibit "A" shows, the Magistrate Judge gave HipSaver **substantially** less relief than it was seeking. Thus, Posey's objections to the Second Request were obviously meritorious. Under these circumstances, the award of any fees and costs to HipSaver in connection with its second motion to compel would be completely unjustified. Moreover, for the reasons set forth in Posey's opposition to HipSaver's pending motion for fees and costs, if the Court were to consider awarding fees and costs, it should apportion them as between HipSaver and Posey.

### B.  Prior to Filing Its Motions to Compel, HipSaver Never Engaged in a Meaningful Meet and Confer Process

HipSaver contends that, prior to filing its motions to compel, it engaged in intensive efforts to confer with Posey in January and in March 2006 in an effort to avoid motion practice. The reality is that, in January, the parties did not discuss Posey's substantive objections to the Second Request. They discussed the fact that the Second Request was served late. They also discussed whether Posey would agree to produce documents notwithstanding the fact that the Second Request was served late.

Contrary to HipSaver's contention, Posey did, in fact, produce some documents to HipSaver in late January, 2006. HipSaver, however, was unsatisfied with the scope of Posey's production and, since HipSaver was unwilling to limit its requests, it filed its first motion to compel. (D.N. 94, 95).

In accordance with the Magistrate Judge's March 2, 2006 ruling on that motion, Posey served substantive responses to the Second Request. Thereafter, the parties did have some discussions regarding the substance of the individual categories in the Second Request and

Posey's objections. However, HipSaver was not amenable to placing any meaningful limitations on the individual requests in the Second Request. As is set forth above and in Exhibit "A", that task fell to the Magistrate Judge when he ruled on HipSaver's second motion to compel. *See* D.N. 113, 135. The point, however, is that Rule 37 does not reward litigants such as HipSaver that fail to engage in a *meaningful* meet and confer process prior to the filing of a motion to compel and the notion that HipSaver should recover fees and expenses in connection with its motions to compel is unwarranted.

Even if HipSaver were entitled to an award of fees and expenses in connection with its motions (and it is not), the amount it is requesting in this case ($25,607) is completely outrageous since it includes charges for duplicative work and, even, several thousand dollars in charges for work purportedly performed on June 5, 2006, that is, several days *after* the parties submitted their final status report to the Court on June 2, 2006 which was the last filing in connection with HipSaver's second motion to compel. *See* D.N. 137.

### C.     Conclusion

For the foregoing reasons and for the reasons set forth in Posey's opposition to HipSaver's pending motion for an award of fees and expenses (D.N. 139), HipSaver's request for an award of fees and expenses should be denied in its entirety. In the alternative, given HipSaver's limited success on its second motion to compel, the Court should award each party a portion of the fees and expenses it incurred in connection with the motion.

Dated: February 14, 2007                    J.T. POSEY COMPANY

                                            By its attorneys,

                                            /s/ Douglas H. Morseburg
                                            Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                            Douglas H. Morseburg, Admitted Pro Hac Vice
                                            SHELDON MAK ROSE & ANDERSON PC

225 South Lake Avenue, Suite 900  
Pasadena, CA 91101  
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)  
DUANE MORRIS LLP  
470 Atlantic Avenue, Suite 500  
Boston, MA 02210  
(617) 289-9200

## CERTIFICATE OF SERVICE

     I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

February 14, 2007

/s/ Donald K. Piper  
Donald K. Piper

**EXHIBIT "A"**

# Comparison of Relief Requested to Relief Granted

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 15. Please provide all documents and data for the following categories of information for calendar year, 2000 through 2005:<br>a) Unit volume of United States sales for each category of Posey Products (*see* Definitions item I above<br>b) Revenue for each category of Posey Products sold in the United States<br>c) Costs charged against each category of Posey Products sold in the United States<br>d) Profit or margin for each category of Posey Products sold in the United States<br>e) Unit volume of foreign sales by country and total unit volume of foreign sales for each category of Posey Products (*see* Definitions item I above)<br>f) Revenue for each category of Posey Products sold outside the United States, itemized by country and in total<br>g) Costs charged against each category of Posey Products sold outside the United States, itemized by country and in total<br>h) Profit or margin for each category of Posey Products sold outside the United States, itemized by country and in total | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is vague and ambiguous unduly burdensome and not reasonably particularized and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Request No. 15 is a "scattershot" request that calls for "all documents and data" that fall into 8 separate categories. On its face, the request purports to require Posey to product virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each of the more than 600 products it manufactures and/or sells nationally and internationally. In essence, the request calls for every document and all data that has to do with Posey's business, organized by country. | ALLOWED only as to (i) hip protector products and (ii) ten fall management products which plaintiff designates but only for the time period from 2001 to 2005 and only from Posey's electronic database; otherwise DENIED. |

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 16. Please provide all documents and data for the following categories of information for <u>each</u> calendar year, 2000 through 2005:<br>a) Unit Volume of United States sales for each category of Hipster *(see* Definitions item I above)<br>b) Revenue for each category of Hipster sold in the United States.<br>c) Costs charged against each category of Hipster sold in the United States<br>d) Profit or margin for each category of Hipster sold in the United States<br>e) Unit volume of foreign sales for each category of Hipster (see Definitions item I above) itemized by country and in total<br>f) Revenue for each category of Hipster sold outside the United States, itemized by country and in total<br>g) Costs charged against each category of Hipster sold outside the United States, itemized by country and in total<br>h) Profit or margin for each category of Hipster sold outside the United States, itemized by country and in total | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is vague and ambiguous unduly burdensome and not reasonably particularized and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Request No. 16 is a "scattershot" request that calls for "all documents and data" that fall into 8 separate categories. On its face, the request purports to require Posey to produce virtually every document and every shred of digital data that relates to its sales, its revenues, its profits and its profit margins for each of its Hipster products, organized by country. | ALLOWED only as to hip protector products and ten specific fall management products which plaintiff designates for the time period from 2001 to 2005 and only from Posey's electronic database; otherwise DENIED. |

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 17.   Please provide all documents and data which include or relate in any manner to customer orders, shipping orders, invoices, and payment receipts for each category of Hipster for all of the Defendant's United States customers, including the following distributors and health care providers:<br>a) Briggs<br>b) Alimed<br>c) Samons Preston<br>d) Life Care<br>e) Manor Care<br>f) Kindercare<br>g) Beverly Enterprises<br>h) Richland Health Care (Life Care), Richland WA<br>i) Life Care Center of San Gabriel, San Gabriel CA<br>j) Bangor Mental Health Institute, Bangor, ME<br>k) Truman Medical Center at Lakewood, Kansas City MO<br>l) Peaks Care Center, Longmont CO<br>m) Dunn County Health Care Center, Menomonie WI<br>n) VAMC Bedford, Bedford MA<br>o) VA Brockton, MA<br>p) VA Boston, MA<br>q) VA Mountain Home, TN<br>r) All other Veterans Administration facilities<br>s) Resthaven York, York PA<br>t) Pleasant Meadows Christian Village, Chrisman | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is vague and ambiguous unduly burdensome and not reasonably particularized and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Request No. 17 is a "scattershot" request. On its face, the request purports to require Posey to produce virtually every document and every shred of digital data that relates "in any manner" to customer orders, products shipped, invoices, bills of lading and payments for Hipster products. | ALLOWED only as to information from Posey's electronic database; otherwise, DENIED. |

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 18. Please provide all documents and data, including correspondence and financial documents and data, which refer or relate in any manner to the following categories of information for each calendar year, 2000 through 2005:<br>a) Customer returns or rejections of Hipster products<br>b) Discounts, refunds, rebates, replacements, and write offs made in response to customer returns, rejections, or complaints about Hipster products<br>c) Any other adjustments made in response to customer returns, rejections, or complaints about Hipster products<br>d) Veterans Administration facility returns or rejections of Hipster products<br>e) Discounts, refunds, rebates, replacements, and write offs made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products<br>f) Any other adjustments made in response to Veterans Administration facility returns, rejections, or complaints about Hipster products | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is vague and ambiguous unduly burdensome and not reasonably particularized and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Request No. 18 is a "scattershot" request that fails to particularize what documents are sought and that calls for the production numerous irrelevant documents. | ALLOWED only as to the time period 2001-2005 and only as to information derivable from Posey's electronic database and limited only to launderability and/or durability issues; otherwise, DENIED. |

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 19. Please provide all documents and data for the following categories of information for each calendar year, 2000 through 2005:<br>a) The Defendant's tax returns<br>b) Monthly, quarterly, and annual financial statements, including trial balances, general ledgers, purchase sales and cash disbursement journals, and worksheets<br>c) Operating budgets and operating statements, including comparisons of actual to budgeted costs, sales, revenue, and profit. | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is unduly burdensome and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Request 19 is another "scattershot" request that encompasses virtually every scrap of paper and every piece of digital data that relates to Posey's finances. | ALLOWED only as to the time period 2001-2005; however, Posey permitted to redact entries on the tax returns which do not relate to the gross and net revenues derived from sales of goods and deductions or adjustments (such as manufacture and distribution) from such gross revenues and profits from sale of goods; otherwise, DENIED. |
| 23. With respect to the following health care providers and distributors, please provide all correspondence, data, documentation, evaluations, studies, and comparisons which refer or relate in any manner to hip protection products:<br>a) the Veterans Administration<br>b) Life Care<br>c) Manor Care<br>d) Kindercare<br>e) Alimed<br>f) Briggs<br>g) Samons Preston | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is unduly burdensome and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Objectionable because, on its face, this request simply calls for the production of anything and everything having to do with seven of Posey's customers. There is no reason to require Posey to try to figure out what types of documents might be responsive to this request. | ALLOWED only as to the time period 2001-2005 and only as to any information derivable from Posey's electronic database respecting launderability and/or durability issues; otherwise, DENIED. |

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 24. With respect to the Veterans Administration, and in particular the Veterans facilities in Tennessee and Massachusetts, please provide all documents and data which refer or relate in any manner to complaints, returns, refunds, replacements, or other adjustments with respect to Hipster products related to launderability or durability. | Seeks complete, immediate production of all documents and data in response to document request. | Objection: request is vague and ambiguous unduly burdensome and not reasonably particularized and most of the documents sought are irrelevant to the claims in the litigation.<br><br>Request is aimed at pulling within its scope anything and everything that has to do with customer complaints, product returns, refunds or adjustments relating to Hipster products and it covers every scrap of paper and every piece of digital data no matter how meaningless it is in the context of the litigation. | ALLOWED only as to the time period 2001-2005 and only as to information derivable from Posey's electronic database respecting launderability and/or durability issues; otherwise, DENIED. |
| 25. Please provide all data, documentation, tests, studies, evaluations, and correspondence which refer or relate in any manner to testing, studies, or evaluations of the capacity of Hipster products to be "positioned precisely over the trochanter." | Seeks complete, immediate production of all documents and data in response to document request. | Irrelevant because documents regarding "[t]he capacity of Hipster products to be 'positioned precisely over the trochanter[']" has nothing to do with the claims or defenses advanced by the parties in this case. Thus, the documents sought are outside the scope of discovery. | ALLOWED. |

| SUBSTANCE OF REQUEST | HIPSAVER POSITION ON MARCH 2, 2006 | POSEY POSITION ON MARCH 2, 2006 | COURT'S ORDER RE: REQUEST |
|---|---|---|---|
| 26. Please provide all notices to customers which refer or relate in any manner to the change in laundering instructions for Hipsters from 160°F to 120°F. | Seeks complete, immediate production of all documents and data in response to document request. | Irrelevant because the documents sought are outside the scope of discovery. | ALLOWED only as to the time period 2001-2005 and only as to any information derivable from Posey's electronic database respecting launderability and/or durability issues; otherwise, DENIED. |