# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

**ASSENTED TO MOTION OF DEFENDANT AND COUNTERCLAIMANT
J.T. POSEY COMPANY, INC. FOR LEAVE TO FILE RESPONSE CLARIFYING
NEW EXHIBITS OR, ALTERNATIVELY, FOR ORDER STRIKING NEW EXHIBITS**

Defendant and Counterclaimant J.T. Posey Company, Inc. ("Posey") respectfully moves the Court for leave to file a brief response to "HipSaver's Reply to Posey's Further Submission for Clarification Regarding Publication of Its Promotional Materials" [D.N. 218] in order to clarify the record with respect to various new exhibits that were appended to HipSaver's submission. HipSaver itself has no objection to Posey's filing of such a brief. In the alternative, Posey seeks an order striking Exhibits Nos. 6, 7, 8, 9, 14, 17, 18, 19, 20, 24 and 25 which are attached to HipSaver's submission.

In support thereof, Posey states as follows:

1. On December 12, 2006, Posey and The HipSaver Company Inc. ("HipSaver") each filed two motions for summary judgment and/or partial summary judgment on the parties' claims and counterclaims. One of HipSaver's motions was partial summary judgment against Posey for false advertising under Section 43(a) of the Lanham Act and for deceptive business

practices under Mass. G.L. Ch. 93A.  [D.N. 154.]  In support of its motion, HipSaver submitted 31 pages of Posey promotional materials which it contended contained false statements and which it further contended had been disseminated since the year 2000.

2.      On January 8, 2007, Posey filed its opposition to HipSaver's motion.  [D.N. 182.]  As part of its opposition, Posey explained what the promotional materials were that were included with HipSaver's motion.  It also submitted some additional pages of promotional materials that were not included with HipSaver's motion.  Finally, it submitted evidence regarding the range of dates those materials were published and disseminated.

3.      The Court held a hearing on all of the parties' motions for summary judgment on February 14, 2007.  At the hearing, the Court requested clarification regarding the dates of publication of the various Posey promotional materials that were the subject of HipSaver's motion.  Specifically, the Court asked Posey to identify: (i) those materials that had been published and disseminated only before the date of the Posey I settlement, i.e., September 22, 2004, (ii) those materials that were being disseminated both at the time of, and following, the settlement, and (iii) those materials that were first published following the settlement.  The Court also stated that, following Posey's submission, HipSaver could state whether they agreed with the dates of publication and dissemination as reported by Posey.

4.      On February 28, 2007, Posey filed its submission regarding the dates of publication and dissemination of the various promotional materials that were the subject of HipSaver's motion [D.N. 216 & 217] and on March 5, 2007, HipSaver filed its response to Posey's submission.  [D.N. 218.]

5.      As part of its response, HipSaver included 11 exhibits which, it contended, consisted of additional Posey promotional materials that made reference to the Garwood testing,

but that were not included in any of the parties' earlier submissions (i.e., Exhibit Nos. 6, 7, 8, 9, 14, 17, 18, 19, 20, 24 and 25). As part of its response, HipSaver also included a chart which purported to list the dates of circulation of these 11 new exhibits.

6. The 11 new exhibits submitted by HipSaver contain, among other things, duplicates and incomplete copies of Posey promotional materials that are already in the record. Therefore, HipSaver's filing serves only to muddle the record with respect to what promotional materials Posey disseminated and when. In the interests of fairness and because it will materially assist the Court in deciding the parties' motions for summary judgment, Posey requests leave to file a brief reply to HipSaver's submission to address HipSaver's contentions regarding these newly-filed exhibits and to clarify what these new exhibits consist of and when (or whether) they were disseminated. HipSaver, through its counsel, has agreed that Posey should be permitted to do so.

7. In the alternative, Posey respectfully requests that late-filed Exhibits Nos. 6, 7, 8, 9, 14, 17, 18, 19, 20, 24 and 25 be stricken from the record on the grounds that HipSaver's counsel have no knowledge regarding those exhibits and counsel's statements about them and the dates of their dissemination (or abandonment) in HipSaver's submission are based upon speculation, not personal knowledge. *See Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997) (statements not made on personal knowledge are entitled to no weight on summary judgment motion).

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(A)(2), counsel for Defendant conferred with Plaintiff's counsel regarding this motion on March 9, 2007. Plaintiff's counsel indicated that he assented to

Posey filing a brief pleading and declaration regarding the newly filed exhibits.

Dated: March 9, 2007                    J.T. POSEY COMPANY

                                          By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg, Admitted Pro Hac Vice
SHELDON MAK ROSE & ANDERSON PC
225 South Lake Avenue, Suite 900
Pasadena, CA  91001
(626) 796-4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

## **CERTIFICATE OF SERVICE**

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

|  |  |
|---|---|
|  | /s/ Donald K. Piper_____ |
| March 9, 2007 | Donald K. Piper |