UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

### SIXTH MOTION IN LIMINE OF J.T. POSEY COMPANY FOR AN ORDER PRECLUDING HIPSAVER FROM JUXTAPOSING PORTIONS OF DIFFERENT ADVERTISEMENTS OR PRESENTING PORTIONS OF ADVERTISEMENTS OUT OF CONTEXT

By this sixth motion in limine, defendant and counterclaimant J.T. Posey Company ("Posey") seeks an order pursuant to Rule 403 of the Federal Rules of Evidence precluding The HipSaver Company, Inc. ("HipSaver") and its counsel from juxtaposing portions of Posey advertisements or presenting portions of Posey advertisements out of context.

Pursuant to Local Rule 7.1(A)(2), counsel for Posey has conferred with the plaintiff's counsel regarding this motion.

I.   FACTS

In support of its motion for summary adjudication on the issue of false advertising, HipSaver lumped together 40 pages of materials that Posey had disseminated at various times over a five-year span and presented them to the Court as a whole. *See* HipSaver Motion for Summary Judgment, Exh. 1. (D.N. 156-2 to 156-10.) These materials included portions of Posey

catalogs from 2002 and 2003, a "screenshot" from a 2001 video, a single email from 2001, several product instruction sheets for the period from 2003-2005, several sales flyers for the period from 2001-2005 and, even, fragments of some of the foregoing. *See* Posey Opp. to HipSaver Motion For Summary Judgment, Lewis Decl., ¶¶ 5-30. (D.N. 188.) HipSaver extracted isolated sentences or partial sentences from these materials and then, having taken them completely out of context, asked the Court to rule that the materials out of which they are taken are literally false. HipSaver will likely take the same approach at trial.

## II.  ARGUMENT

### The Court Should Order That HipSaver Is Precluded From Offering Portions Or Fragments of Posey Materials Into Evidence And That It Must Base Its Arguments Concerning The Alleged Falsity of Posey's Advertising Materials Upon Complete Copies of Posey Promotional Materials

To prevail on its Lanham Act claim, HipSaver must demonstrate (1) a false or misleading commercial statement of fact by Posey about its own or another's product; (2) that the misrepresentation is material, i.e., likely to influence purchasing decisions; (3) that the misrepresentation deceives or has the tendency to deceive, the intended audience; (4) that the statement was in interstate commerce; and (5) injury or likelihood of injury as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 310-11 (1st Cir. 2002).

In assessing a false advertising claim, a trier of fact must first determine what is the actual claim made by an advertisement and then determine whether that claim is false. *Clorox*

*Company Puerto Rico v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 34 (1st Cir. 2000). In making the determination, each piece of promotional matter must be viewed in its entirety, as it would likely have been viewed by purchasers or prospective purchasers. *Johnson & Johnson*, 299 F.3d at 1248 (citing *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 946 (3d Cir. 1993)). "[The trier of fact] must view the face of the statement in its entirety, rather than examining the eyes, nose and mouth separately and in isolation from each other." *Id*.

In arguing its case, HipSaver should not be permitted to lump all of Posey's advertisements together and treat them as one. Doing so assumes that all purchasers will be exposed to all of those materials at once. *See, e.g., Johnson & Johnson*, 299 F.3d at 1248 (trial evaluation of three advertisements in concert was error because it assumed each consumer would be exposed to each advertisement). In the marketplace, consumers simply would not view the jumble of assorted portions cobbled together by HipSaver all at the same time. Posey distributed the materials at issue in this case at various times over a five-year time frame and it is exceedingly unlikely that purchasers would, for example, have used Posey's 2002 catalog to interpret a sales flyer from 2005. *See Johnson & Johnson*, 299 F.3d at 1248 n. 4 (material viewed at different times may not be analyzed together).

Accordingly, this Court should preclude HipSaver from juxtaposing different advertisement portions and from presenting advertisement portions to the jury out of context. This Court should order HipSaver to present of each piece of Posey advertising material to the jury in its entirety.

**III.   CONCLUSION**

For the forgoing reasons, Posey's sixth motion in limine should be granted.

Dated: May 15, 2007

J.T. POSEY COMPANY

By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg
        (CA Bar No. 126205)
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA  91103-3842
626.796.4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

**CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

May 15, 2007

/s/ Donald K. Piper
Donald K. Piper