UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) | |
| v. ) | ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, ) | |
| Defendant. ) | |
| AND RELATED COUNTERCLAIM. ) | |

### SEVENTH MOTION IN LIMINE OF J.T. POSEY COMPANY FOR ORDER LIMITING USE OF INFORMATION REGARDING POSEY I AT TRIAL

By this seventh motion in limine, defendant and counterclaimant J.T. Posey Company ("Posey") seeks an order pursuant to Rule 403 of the Federal Rules of Evidence precluding The HipSaver Company, Inc. ("HipSaver") and its counsel from presenting certain evidence regarding the first lawsuit between the parties.

Pursuant to Local Rule 7.1(A)(2), counsel for Posey has conferred with the plaintiff's counsel regarding this motion.

I.    FACTS

HipSaver commenced an action ("Posey I") against Posey in this Court on June 10, 2004. The gist of HipSaver's complaint in Posey I was the same as it is here. The parties settled Posey I in September 2004, at which time they executed a written settlement agreement (the "Settlement Agreement").

Throughout the present litigation, HipSaver has argued that the settlement of the prior lawsuit indicated that Posey did something wrong before and that Posey would do it again. Posey expects HipSaver to make similar prejudicial statements at trial.

## II. ARGUMENT

HipSaver will likely submit evidence about the prior lawsuit between the parties to bias the jury into believing that Posey has a propensity for committing false advertising. The extreme prejudice caused by this mode of argument trumps any relevance and renders such evidence inadmissible pursuant to Federal Rule of Evidence 403.

Accordingly, the Court should order that only the following information regarding the parties' prior lawsuit may be disclosed at trial.

1) There was a prior lawsuit between the parties;

2) In the prior lawsuit the parties accused each other of false advertising;

3) The parties entered into a written settlement agreement to settle the first lawsuit;

4) The settlement agreement contained a notice provision stating: "[I]n the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advanced written notice of the results or the analysis;

5) The settlement agreement contained a release provision pursuant to which the parties released each other from "all claims, liability or causes of action, known or unknown, fixed or contingent, which arise from or are related to . . . [the claims] which were asserted or which could have been asserted in [Posey I] for conduct which occurred prior to the date of [the] Agreement."

6) Posey agreed to pay HipSaver's legal fees totaling $360,000 in that lawsuit;

7) The settlement did not constitute an admission of liability by either party.

Additionally, the Court should preclude HipSaver from making any statements regarding the prior lawsuit between the parties, beyond the enumerated statements above.

### III. CONCLUSION

For the forgoing reasons, Posey's seventh motion in limine should be granted.

Dated: May 15, 2007               J.T. POSEY COMPANY

By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg
        (CA Bar No. 126205)
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA  91103-3842
626.796.4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

### CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

May 15, 2007                              /s/ Donald K. Piper
                                          Donald K. Piper