# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
THE HIPSAVER COMPANY, INC.,             )
                                        )
        Plaintiff / Counterclaim Defendant,   )
                                        )
v                                       )        Civil Action No. 05-10917 PBS
                                        )
J.T. POSEY COMPANY,                     )
                                        )
        Defendant / Counterclaim Plaintiff.   )
                                        )
_____)


### JURY INSTRUCTIONS
### [PROPOSED BY PLAINTIFF, THE HIPSAVER COMPANY, INC.]


THE HIPSAVER COMPANY, INC.
By its Attorneys,

Lee Carl Bromberg, BBO No. 058480
Edward J. Dailey, BBO No. 112220
Courtney M. Quish, BBO No. 662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292

_Attorneys for Plaintiff, The HipSaver
Company, Inc._


Dated: May 15, 2007

## TABLE OF CONTENTS

1.    STANDARD PRELIMINARY INSTRUCTIONS ...................................................1

    1.1    Introduction ..........................................................................................1

    1.2    Function of the Court and the Jury ......................................................2

    1.3    Evidence in the Case............................................................................3

    1.4    What Is Evidence .................................................................................4

    1.5    What Is Not Evidence...........................................................................5

    1.6    Evidence for Limited Purpose .............................................................6

    1.7    Direct and Circumstantial Evidence ....................................................7

    1.8    Ruling on Objections ...........................................................................8

    1.9    Credibility of Witnesses ......................................................................9

    1.10    Expert Testimony...............................................................................10

    1.11    Corporate Responsibility....................................................................11

    1.12    Individual Liability ............................................................................12

2.    CLAIMS IN GENERAL ...................................................................................13

    2.1    Overview ............................................................................................13

    2.2    Burden of Proof..................................................................................17

3.    FALSE ADVERTISING ....................................................................................18

    3.1    Elements of a False Advertising Claim ..............................................18

        a.    False or Misleading Statement ................................................18

        b.    The Statement Actually Deceives or Has the Tendency to Deceive a Substantial Segment of its Audience .......................................19

        c.    The Deception Must Be Material ............................................20

i

|  | d. | The Defending Party Placed the Statement into Interstate Commerce...............................................20 |
|  | e. | The Complaining Party Has Been or is Likely to Be Injured as a Result of the Statement..............................20 |
| 3.2 |  | Defenses to a False Advertising Claim.................................22 |
| 4. |  | BREACH OF CONTRACT.................................................23 |
| 4.1 |  | Elements of a Breach of Contract Claim.............................24 |
| 4.2 |  | Damages.......................................................................25 |
| 5. |  | UNFAIR AND DECEPTIVE BUSINESS PRACTICES UNDER 93A..................26 |
| 5.1 |  | Elements of the Claim...................................................26 |
|  | a. | The Defending Party's Actions took place "Primarily" and "Substantially" in Massachusetts................................27 |
|  | b. | The Defending Party Committed an Unfair or Deceptive Act or Practice......................................................28 |
|  | c. | Causation and Damages...........................................30 |
|  | d. | Willful or Knowing.................................................31 |
|  | e. | Multiple Damages.................................................32 |
| 6. |  | DAMAGES GENERALLY.................................................33 |
| 7. |  | STIPULATED FACTS.....................................................35 |
| 8. |  | DELIBERATION AND VERDICT.........................................36 |
| 8.1 |  | Selection of Foreperson and Form of Verdict.......................36 |
| 8.2 |  | Jury Communications....................................................37 |
| 8.3 |  | Unanimous Verdict......................................................38 |
| 8.4 |  | Court Has No Opinion..................................................39 |

1.      **STANDARD PRELIMINARY INSTRUCTIONS**

    **1.1      Introduction**[1]

    Members of the jury, the evidence and arguments in this case have been completed and I will now instruct you as to the law you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the positions of the parties and the law you will apply in this case. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen carefully to everything that I say. It is your duty to follow all of the instructions, including those that I gave you before and during trial, as well as these instructions. All of the instructions are important, and you should consider them together as a whole.

---

[1]  *See* Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (1993); 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 103.01 (5th ed. 2000).

### 1.2     Function of the Court and the Jury[2]

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine.  You should not take these instructions, or anything that I have said or done during this trial, as indicating what I think of the evidence or what your verdict should be.

Your second duty is to take the law that I give you, apply it to the facts, and in this way decide the case.  It is my job to instruct you about the law.  Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

This case should be considered and decided by you as an action between persons of equal standing in the community.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

---

[2]  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (1993); Manual of Model Civil Jury Instructions (Ninth Circuit, 2004).

### 1.3    Evidence in the Case[3]

You must make your decision based only on the evidence that you saw and heard here in the court. You should use your common sense in weighing the evidence. You should consider the evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts. You may not make any finding of fact based on surmise, speculation or conjecture.

---

[3] *See* Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (1993).

**1.4     What Is Evidence**[4]

The evidence you are to consider in determining the facts consists of the following

three kinds of evidence:

1.      the sworn testimony of any witness;

2.      the exhibits that have been admitted into evidence; and

3.      any facts to which the parties stipulate.

---

[4] *See* Manual of Model Civil Jury Instructions (Ninth Circuit, 2004).

### 1.5  What Is Not Evidence[5]

The following items are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.  statements and arguments of the attorneys;

2.  questions and objections of the attorneys;

3.  testimony that I have instructed you to disregard; and

4.  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

---

[5] *See* Manual of Model Civil Jury Instructions (Ninth Circuit, 2004).

### 1.6    Evidence for Limited Purpose[6]

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

---

[6] *See* Manual of Model Civil Jury Instructions (Ninth Circuit, 2004).

**1.7     Direct and Circumstantial Evidence**[7]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

---

[7] *See* Manual of Model Civil Jury Instructions (Ninth Circuit, 2004).

**1.8     Ruling on Objections**

During the trial, I may not have let you hear the answers to some of the questions, and I may not have let you see some of the exhibits.  I may also have ordered you to disregard things that you saw or heard.  You must not consider these answers or exhibits. You must ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence.

**1.9    Credibility of Witnesses**[8]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness' memory;

(3)    the witness' manner while testifying;

(4)    the witness' interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness' testimony;

(6)    the reasonableness of the witness' testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

---

[8] *See* Manual of Model Civil Jury Instructions (Ninth Circuit, 2004).

9

### 1.10    Expert Testimony[9]

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses". Witnesses who, by education and experience, become very knowledgeable about some art, science, profession, field, or calling may state an opinion as to relevant and material matters only if they have expertise in that art, science, profession, field, or calling and only if the testimony is based upon sufficient facts and data; the testimony is the product of reliable principles and methods; and the witness applied the principles and methods reliably to the facts of the case.[10]  They also may state their reasons for the opinion.

You have heard the testimony of several expert witnesses. You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  However, the fact that an expert has given an opinion does not mean that you are obligated to accept it.  As with any other witness, it is up to you to decide whether to rely upon it. You should assess the weight to be given to the expert opinion in the light of all the evidence in this case and judge the credibility by the same standard as applied to ordinary witnesses.

---

[9]  *See 3* Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 104.40 (5th ed. *2000).*

[10]  Fed. R. Evidence 702

### 1.11   Corporate Responsibility[11]

A corporation, such as The HipSaver Company or J.T. Posey Company, can act only through real people. A corporation is legally responsible for acts or omissions of its owners, officers, employees and agents.

---

[11]   See 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 103.31 (5th ed. 2000).

**1.12    Individual Liability**

An individual, as owner of the corporation can be held personally liable for the acts of the corporation only if you find that the owner has so influenced and used the corporation for a fraudulent or grossly unfair purpose that the only way to defeat fraud or gross unfairness is to hold the owner personally liable.[12]

Your determination on the question of personal liability requires (1) a finding of fraud or gross unfairness; and (2), you must also find that the corporation does not have the financial resources or organizational capacity to remedy the fraud or gross unfairness. Only if you make both of these findings can you consider a finding of personal liability against an owner.

---

[12] *Gurry v Cumberland Farms, Inc.*, 406 Mass. 615, 625-626 (1990)

## 2.     CLAIMS IN GENERAL

### 2.1     Overview

I will now provide you with an overview as to the claims in this case.  I will then instruct you on the law as to each of these claims, in detail.

As you know, the plaintiff in this case is The HipSaver Company.  We will refer to the plaintiff as HipSaver. HipSaver is a small company in Canton, Massachusetts. The company was founded in 1995 by Mr. Edward Goodwin.  HipSaver manufactures and sells hip protector garments for adults.  HipSaver sold its first HipSaver product in 1999.  These garments are worn like underwear, spandex or sweatpants and have pads sewn into the sides that are positioned over the trochanter, or hip bone and are designed to prevent hip fractures.  Because hip fractures often lead to more serious injuries and even death, hip protectors are a very low cost but valuable preventative care product.  HipSaver was the first to offer an all soft hip protector product like the one just described.  Over the years, HipSaver has continued to improve upon its product by testing and identifying the force attenuation properties of different foams and improving upon the durability of the product.

The defendant is The J.T. Posey Company, Inc. We will refer to the defendant as Posey. Posey is a California-based company that manufactures over 600 healthcare/safety products for patient restraint, fall safety, wound prevention, and wheelchair seating, among others.  Posey has annual revenues in excess of $40 million and is the dominant nationwide distributor of patient safety and support equipment devices.  In 2000, Posey introduced its first hip protector product. In 2002, Posey introduced a new Hipster product.

These parties have been involved in litigation once before in 2004.  In 2004, HipSaver challenged the truth of Posey's advertising of the so-called UCLA white paper.  The UCLA

13

white paper advertisement claimed that Posey's product had been scientifically validated at UCLA. HipSaver challenged the accuracy of the White Paper and the statements and bar charts in catalogs and newsletters distributed nationwide by Posey. In the 2004 lawsuit, HipSaver challenged Posey's advertising as literally false. The parties resolved the lawsuit by settlement and signed a settlement agreement in September of 2004.

Under the terms of the settlement agreement, Posey paid $360,000 to HipSaver and agreed to circulate a corrective advertising statement to customers. Under the agreement also, the parties agreed that , "[i]n the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis." And the parties also agreed to a Release provision under which each released the other "from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement."

Following this settlement, Posey revived advertisements relating to comparative testing of HipSaver and Posey hip protector pad which it had conducted first in 2001. Posey had originally circulated these advertisements in at least 2002 and 2003. In some cases, the new advertisements which appeared in the fall of 2004 were revised slightly by removing the 2001 testing date and posting the results in flyers for new products; but in all of these new advertisements, Posey was referring to testing conducted for it at Garwood Laboratories. We will refer to these advertisements collectively as the Garwood Advertisement.

14

Posey circulated the Garwood Advertisement nationwide for at least ten months in 2004 and 2005. In this lawsuit, HipSaver challenges the claims in the Garwood Advertisement as literally false and unfair or deceptive. HipSaver alleges that Posey's statements in the Garwood Advertisements have caused injury to HipSaver's reputation and business prospects, and it seeks damages for its injury.

HipSaver also claims that, in circulating the Garwood Advertisement, Posey breached the 2004 settlement agreement. Posey did not provide 30 days notice to HipSaver before distributing commercial advertising that appeared to make use of results of new comparative testing. HipSaver alleges that Posey's breach caused injury to HipSaver's reputation and business prospects, and it seeks damages for this injury.

Finally, HipSaver alleges that Posey's actions constitute unfair and deceptive trade practices.

Posey denies all of HipSaver's claims. Posey contends that the statements it made in the Garwood advertisements were not false. Posey also claims that HipSaver has suffered no harm as a result of any statements made by Posey.

In response to HipSaver's claim, Posey filed a counterclaim in which it challenges certain statements in the HipSaver web-site and claims that these statements are false and unfair or deceptive. Posey alleges that HipSaver's statements on its web-site are likely to cause injury to Posey's reputation in the future. Posey seeks an injunction, asking that the statements on the HipSaver web-site be removed. Posey does not seek any actual or monetary damages.

Posey also claims that HipSaver breached the 2004 settlement agreement. Posey claims that HipSaver's challenge to Posey's Garwood Advertisement breaches the Release provision in the settlement agreement, and it seeks refund of the $360,000 settlement payment made to

HipSaver.

Finally, Posey alleges that HipSaver's actions constitute unfair and deceptive trade practices.

HipSaver denies all of Posey's counterclaims. HipSaver contends that the statements in its web-site are accurate and not misleading or deceptive. HipSaver also contends that these statements are the same statements that were on HipSaver's web-site at the time of the 2004 litigation and therefore, are barred under the legal doctrine of *res judicata* which bars a second attempt to sue on the same issues. And HipSaver says that it acted in good faith. Finally, HipSaver argues that Posey has not suffered any harm as a result of any statements made by HipSaver.

## 2.2    Burden of Proof

Both HipSaver and Posey have the burden of proving the elements of their claims by the preponderance of the evidence.  "Preponderance of the evidence" simply means "more likely than not."  A party in a civil case having the burden of proving a particular fact does not have to establish the existence of that fact as an absolute certainty or a moral certainty. It is sufficient if the party having the burden of proving a particular fact establishes the existence of that fact as the greater likelihood, the greater probability. That is what preponderance of evidence really means: more likely than not.

3.      **FALSE ADVERTISING**

    **3.1      Elements of a False Advertising Claim**

    HipSaver has claimed that Posey has engaged in false advertising under the Lanham Act § 43(1). Posey has counterclaimed that HipSaver has engaged in false advertising under the Lanham Act § 43(1).

    In order to prevail on a false advertising claim under the Lanham Act, the complaining party must prove, by a preponderance of the evidence:

    a.  The defending party made a false or misleading statement in a commercial advertisement about its own product, the complaining party, or the product of the complaining party;

    b.  The statement actually deceives or has the tendency to deceive a substantial segment of its audience;

    c.  The deception is material (ie., it is likely to influence the purchasing decision);

    d.  The defending party placed the statement into interstate commerce; and

    e.  The complaining party has been or is likely to be injured as a result of the statement, either by direct diversion of sales away from the complaining party and to the defending party and/or by a lessening of goodwill associated with the complaining party's products.[13]

    I will walk through each of these elements:

    **a.      False or Misleading Statement**

    First, the complaining party must show that the defending party made a false or misleading statement in a commercial advertisement about itself, its own product, the complaining party, or the product of the complaining party. The false or misleading statement can be literally false or implicitly false and misleading. A literally false statement is one that is literally false on its face. For example, if the challenged advertising stated or implied that tests

---

[13] *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 33 n.6 (1st Cir. 2000); *see generally,* Julia Huston & Sarah C. Peck, "Defamation, Commercial Disparagement, and False Advertising," *Business Torts in Massachusetts* (MCLE, Inc. 2002).

or studies supported the challenged statements, you must find in favor of the complaining party

on the issue of falsity if the tests are not sufficiently reliable to support the statements, or if the

tests, even if reliable, do not establish that the advertising statements were true.[14]  If you find

that the tests were not reliable or that they did not support a party's advertising statements, then

the advertising claims must be found to be literally false even if it is claimed that the tests

were conducted in good faith.[15]

An advertising statement is implicitly false even if it is accurate or just ambiguous if it

is also misleading,.[16]

### b.    The Statement Actually Deceives or Has the Tendency to Deceive a Substantial Segment of its Audience

In order to prove false advertising under the Lanham Act, a complaining party must show

that the literally false or implicitly false and misleading statement actually deceives or has the

tendency to deceive consumers.  However, there are two exceptions to this requirement.

- Where the statement is literally false, a violation may be established without
  evidence of consumer deception because you may infer from the statement itself
  that the literally false statement would deceive consumers.[17]

- Where the statement is implicitly false and misleading, a violation may be
  established without evidence of consumer deception if you find that the defending
  party intended to deceive the consuming public.[18]  Intention to deceive the public
  may be found where, for example, the defending party knew that a challenged

---

[14]  *Spalding Sports Worldwide, Inc. v. Wilson Sporting Goods Co.*, 198 F.Supp.2d 59, 67 (D. Mass. 2002) (Ponsor, J.).

[15]  *Gillette Co. v. Norelco Consumer Prods. Co.*, 946 F.Supp. 115, 121-22 (D. Mass. 1996) (Lindsay, J.).

[16] *Cashmere*, 284 F.3d 302, 311.

[17]  *Cashmere*, 284 F.3d 302, 311; *Clorox*, 228 F.3d at 33, n.6; s*ee also Balance Dynamics Corp. v. Schmitt Indus.,* 204 F.3d 683, 693 (6th Cir. 2000) (noting that when a statement is literally false, "a plaintiff need not demonstrate actual customer deception in order to obtain relief "); *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998).

advertising statement was misleading but failed to clarify the statement to minimize or remove consumer confusion.[19]

### c.        The Deception Must Be Material

The materiality component of a false advertising claim requires a complaining party to prove that the defendant's deception is "likely to influence the purchasing decision."[20]  One method of establishing materiality involves showing that the false or misleading statement relates to an "inherent quality or characteristic" of the product.[21]

### d.        The Defending Party Placed the Statement into Interstate Commerce

A complaining party must also show that the accused statements were distributed in interstate commerce. In this lawsuit, all of the advertising has been in interstate commerce.

### e.        The Complaining Party Has Been or is Likely to Be Injured as a Result of the Statement

In order to find that a party has been or is likely to be injured as a result of the statement, you must find that the party suffered actual harm or is likely to suffer actual harm in the future. Only HipSaver claims that it has suffered actual harm as a result of Posey's alleged false advertising.  Posey does not claim that it suffered actual harm.

For a showing of actual harm, "[a] precise showing is not required, and a diversion of sales, for example, would suffice."[22]  A complaining party must prove the fact of damage with reasonable certainty, which can be satisfied by "proof of some damage flowing from defendant's unlawful act."[23]  Proof of damages does not necessarily require a showing of a decrease in sales; in fact, courts have allowed for a finding of harm where a complaining party's sales continued to

---

[18] *Cashmere*, 284 F.3d 302, 311.

[19] *Cashmere*, 284 F.3d 302, 316-17.

[20]  *Clorox*, 228 F.3d at 33 n. 6.

[21]  *Cashmere*, 284 F.3d at 311-312.

[22]  *Cashmere and Camel Hair Manufacturer's Institute v. Saks Fifth Avenue*, 284 F.3d 302, 318 (1st Cir. 2002).

grow but the rate of growth decreased as a result of defendant's actions.[24]  For example, if you find that HipSaver lost sales as a result of Posey's advertising or that HipSaver's growth slowed as a result of the defending party's advertising or that HipSaver's sales or potential sales were diverted to Posey as a result of the advertising, you have found actual harm.[25]  If you find actual harm and you find that HipSaver and Posey are direct competitors, you may award Posey's profits to HipSaver as a measure of HipSaver's injury.[26] For purposes of this finding, I instruct you that Posey and HipSaver are direct competitors.

Both HipSaver and Posey claim that they are likely to suffer injury in the future as a result of the alleged false advertising actions.   A likelihood of harm must be based on evidence, based on reasonable certainty, that a party will be harmed in the future if specific conduct or actions by the defending party are not halted.

---

[23]  *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.*, 14 Mass.App.Ct. 396, 422-423 (1982).

[24]  *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.*, 14 Mass.App.Ct. 396, 422-423 (1982); *see also Rebel Oil Co. v. Atlantic Richfield Co.*, 957 F.Supp. 1184, 1197 (D. Nev. 1997)(finding that a material issue of fact existed with respect to lost profits even where there was steady growth in the plaintiff's profit margins throughout the period in question).

[25] *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.*, 14 Mass.App.Ct. 396, 422-423 (1982)(awarding lost profits for loss of additional sales even though plaintiff's sales increased over time)

[26] *Vermont Pure Holdings, Ltd. v. Nestle Waters North AmericaI, Slip Copy* Case No. 03-11465, 2006 WL 839486 at * 12 (D. Mass. March 28, 2006)(Woodlock, J.); *Tamko Roofing Products, Inc. v. Ideal Roofing Company, Ltd.*, 282 F.3d 23 (1st Cir. 2002)(Lynch, J.).

### 3.2    Defenses to a False Advertising Claim

A statement in an advertisement cannot be literally false or implicitly false and misleading and in violation of the Lanham Act if you find that it merely expresses an opinion rather than a fact.[27]  In determining whether the statements in the Garwood Advertisement or in the HipSaver web-site are fact or opinion, you must consider each phrase, the text of the advertisement or passage in its entirety, and the intended readers.[28]

If a challenged statement presents or implies a basis in actual facts, the opinion defense cannot be applied.  On the other hand, if it is plain from the context of the statement that HipSaver or Posey is merely expressing a subjective view rather than claiming to state objectively verifiable facts, or that the statement is merely hyperbole or rhetoric, the opinion defense applies.[29]

Also, a statement will not be false advertising if you find that it is mere "puffery". Puffery is an exaggerated statement contained in an advertisement often made in a blustering or boasting manner and upon which no reasonable consumer would rely.[30]

Finally, you should keep in mind that a factual statement or a claim about a product that is specific and measurable, such as a statement about product performance in a test, is not puffery.[31]  So, a general claim of product performance or superiority cannot claim the puffery defense if there is a claim or suggestion that it was based on tests.[32]

---

[27]  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 38-39 (1st Cir. 2000); *J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION* § 27:38 (4th ed. 2005).

[28]  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 38 (1st Cir. 2000).

[29]  *Gillette Co. v. Norelco Consumer Prods. Co.*, 946 F.Supp. 115, 130-31 (D. Mass. 1996) (Lindsay, J.); *J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION* § 27:38 (4th ed. 2005).

[30]  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 38-39 (1st Cir. 2000).

[31]  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 38-39 (1st Cir. 2000).

[32]  *Stiffel Co. v. Westwood Lighting Group*, 658 F.Supp. 1103, 1115 (D. N.J. 1987) (finding statement "Our independent testing of competitive lighting products has proven that the Westpro Protection System outperforms the competition, including Stiffel" not to constitute puffery).

4.      **BREACH OF CONTRACT**

HipSaver claims that Posey breached the 2004 settlement agreement by distributing advertisements that appeared to reference new comparative testing. The settlement agreement requires that each party provide 30 days notice before distributing advertising which is based on further comparative testing.  Posey denies that the Garwood Advertisement was based on any new comparative testing.

Posey counterclaims that HipSaver has breached the 2004 settlement agreement by adding an additional style of hip protector garment for sale through its web-site.  HipSaver denies any breach and claims that the addition of a new style of hip protector garment does not breach any provision of the settlement agreement.

### 4.1    Elements of a Breach of Contract Claim[33]

A contract is a legally enforceable promise or set of promises. A settlement agreement is a contract.[34] A breach of contract claim is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, the non-breaching party must have completely performed its own obligation under the contract. Where one party to a contract has failed to perform its obligation, then as a matter of law the other party is thereafter excused from performing its contractual obligations.

In order to prevail on a breach of contract claim, a party must prove the following four elements by a preponderance of the evidence:

1. that there is a contract;

2. that the party performed its obligations under the contract (or is excused from performance);

3. that the other party breached the contract; and

4. that the non-breaching party suffered damages as a result of the breach of contract.

Here, each party denies that it breached any provision in the settlement agreement and argues that it performed its obligations under the contract. Accordingly, in order to determine whether a breach occurred, you must determine whether each party breached the relevant language of the contract. You must also determine whether the complaining party satisfied its obligations under the contract.

---

[33] *Massachusetts Superior Court Civil Practice Jury Instructions*, §14.1.19

[34] *National Fire Protection Ass'n, Inc. v. Intern. Code Council, Inc.*, Case No. 03-10848, WL 839501 (D. Mass, March 29, 2006).

## 4.2     Damages[35]

If a party breaches a contract, then the non-breaching party has a right to elect a remedy to redress the breach.  The type of breach must be considered in order to determine the remedies available to the non-breaching party.

There are two kinds of breach of contract—material breaches and immaterial breaches. A material breach occurs when there is a breach of an essential feature of the contract, or when there is a breach that goes to the heart of the agreement.

If a party has materially breached the contract, then the non-breaching party is excused from further performance under the contract and may elect to rescind or cancel the contract, or it may affirm the contract and sue to recover damages.

An immaterial breach involves something which is not an essential feature of the contract.  However, if a party breaches a contract in a nonmaterial way, the complaining party may not stop performing its obligation under the contract.[36]

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.[37]

In order to recover damages against the defending party for breach of contract the complaining party must demonstrate that the damages complained of were caused by the defending party's conduct.

---

[35]  *Massachusetts Superior Court Civil Practice Jury Instructions*, v. 1, §14.3.

[36]  *Lease-It, Inc, v. Massachusetts Port Auth.,* 133 Mass. App. Ct. 391, 396-97; *E. Allan Farnsworth, Contracts* § 8:16 (Little, Brown & Co., 1990).

[37]  *Massachusetts Superior Court Civil Practice Jury Instructions*, v. 1, §14.3.1(a).

**5.      UNFAIR OR DECEPTIVE BUSINESS PRACTICES UNDER CHAPTER 93A**
**5.1      Elements of the Claim**

While the Court will ultimately decide whether either party is liable for a chapter 93A

violation for unfair or deceptive business practices, the Court will submit the following

questions to the jury:

With respect to HipSaver's claims against Posey,

    a.  Did Posey's actions occur primarily and substantially in Massachusetts?

    b.  Were Posey's actions unfair or deceptive?

    c.  If Posey's actions were unfair and deceptive, did these unfair and deceptive
        practices cause harm to HipSaver?

    d.  If Posey's actions were unfair and deceptive, were the practices willful or
        knowing?

    e.  Should multiple damages be awarded and in what amount?

With respect to Posey's claims against HipSaver,

    a.  Did Posey's actions occur primarily and substantially in Massachusetts?

    b.  Were HipSaver's actions unfair or deceptive?

    c.  If HipSaver's actions were unfair and deceptive, did these unfair and
        deceptive practices cause harm to Posey?

    d.  If HipSaver's actions were unfair and deceptive, were the practices willful or
        knowing?

    e.  Should multiple damages be awarded and in what amount?

a.     **The Defending Party's Actions took place "Primarily" and "Substantially" in Massachusetts**[38]

In order for you to consider whether the defending party's actions were unfair or deceptive in violation of Chapter 93A, you must determine whether those actions or transaction occurred "primarily and substantially" in Massachusetts. While there is no clear definition of what "primarily and substantially" means, there are several factors that you may consider in reaching your conclusion. Those factors include whether the defending party was involved in similar transactions or actions in the past; whether the defending party was motivated by business reasons in connection with taking those actions or being involved in those transactions, rather than personal reasons; where the defending party's conduct took place; and where the complaining party was located when the complaining party suffered any loss of money or property as a result of the defending party's actions or transactions.

---

[38] *Massachusetts Superior Court Civil Practice Jury Instructions*, §16.7.13.

b.        **The Defending Party Committed an Unfair or Deceptive Act or Practice**[39]

You must then determine whether the defending party committed an unfair or deceptive act or practice.  In other words, if the defending party's conduct is such that a reasonable businessperson would find reprehensible, you may find that such conduct constitutes behavior that is unfair or deceptive.  Focus on the nature of the conduct that the complaint is about and the purpose and effect of that conduct.  Keep in mind that even sophisticated businesspersons must deal with each other honestly.

A "deceptive" act or practice is simply one that has the capacity to deceive.[40]  An act or practice is deceptive if it could reasonably cause a person to act differently from the way he or she would act if he or she knew the truth about the matter.  It includes any communication made with the intent to deceive another person.  However, intent to deceive is not always necessary.  A negligent or careless representation of fact, the truth of which was reasonably capable of being determined, may also be a deceptive act or practice.

To help you determine whether an act or practice is "unfair," ask yourself three questions:[41]

First, does it fall within some established concept of unfairness?  For something to be unfair, it does not need to violate some other law or a government regulation; however, whether or not it does is something you may consider.  Not every illegal act is unfair.  A material misrepresentation, a literally false statement, or a false and misleading statement falls within an established basis of unfairness.

Second, ask yourself whether the defendant's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable.  That obviously involves you in a moral

---

[39] *Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.1.
[40] *Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.2.
[41] *Massachusetts Superior Court Civil Practice Jury Instructions*, §16.4.3(b).

judgment about the marketplace. You, the jury, represent the collective conscience of the community. Use your common sense. Consider the defending party's conduct in light of the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace. An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether the defending party's act or practice would cause substantial injury to competitors, other businesspersons, or members of the public.

In determining whether an act or practice is unfair or deceptive, keep in mind that a negligent act by itself does not constitute proof of an unfair or deceptive act or practice. Instead, the complaining party must prove, by a preponderance of the evidence, that the negligence or breach was motivated by a "pernicious purpose," was unfair, or could reasonably cause a person to act differently from the way he would act if he knew the truth about the matter.

c.     **Causation and Damages**[42]

If the defending party engaged in an unfair method of competition or used an unfair or deceptive act or practice, you must then determine whether the complaining party suffered any loss of money or property as a result of the defending party's actions.  In reaching your decision as to whether the complaining party suffered such a loss, have in mind that the term "money" means money even if the amount of the lost money cannot be proven.  Also, have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, or peace of mind, or personal liberty.  What you are deciding at this point is whether the defending party's conduct caused the complaining party to suffer a loss of money or property.

---

[42] *Massachusetts Superior Court Civil Practice Jury Instructions*, §§16.5.2, 16.6.3.

### d.     Willful or Knowing [43]

If the defending party's actions were unfair or deceptive, then you must go on to decide whether the defending party willfully or knowingly committed that unfair or deceptive act or practice. The complaining party has the burden of proving by a preponderance of the evidence that that the defending party had a subjectively culpable mind. "Willful" or "knowing" requires something more than mere negligence.

An unfair or deceptive statement is knowing if the speaker represents a fact to be true while knowing that it is not true. An unfair or deceptive statement is willful if the speaker represents a fact to be true or not true and with reckless disregard for whether it is true or not true.

---

[43] *Massachusetts Superior Court Civil Practice Jury Instructions*, §16.7.4-5.

e.    **Multiple Damages**[44]

If you have found that the defending party committed an unfair or deceptive act or practice willfully or knowingly, then the complaining party is entitled to an award of up to three times, but no less than two times, the actual damage you have determined the complaining party to have sustained.  You must, therefore, determine and advise the Court whether the damage caused by the defending party's unfair or deceptive act or practice should be doubled or trebled.

Multiple damages are designed to impose a penalty on the defending party.  The purpose of multiple damages is to deter callous and intentional violations of the law and to promote prelitigation settlements by making it unprofitable for a defending party to ignore a complaining party's request for relief.  Multiple damages are not awarded to compensate particular harmed individuals.  In determining whether the actual damages should be double or trebled, take into consideration all the relevant circumstances, including the character and degree of wrong as shown by the evidence, the necessity of preventing similar wrong, and the defending party's degree of culpability.

---

[44] *Massachusetts Superior Court Civil Practice Jury Instructions*, §16.7.12.

## 6.     DAMAGES GENERALLY

If you find that either or both of the parties has proven one or more of its claims against the defending party, then you will need to decide the amount of damages, if any, that the complaining party should recover for the harm that was caused or substantially caused by the defending party.  "Damages" means the amount of money that will reasonably and fairly compensate the complaining party for the injury it suffered as a result of the defending parties' unlawful conduct.[45]  I have already charged you with instructions pertaining to each of the claims set forth by HipSaver and Posey in this case.

With respect to its case for actual damages, a party is not required to prove the amount of its damages with mathematical precision.[46]  Although you cannot merely guess as to the amount of damages, you may make a just and reasonable estimate of the damage based on both the direct and circumstantial evidence.[47]  Once the complaining party has provided a reasonable basis for damages, that party need only prove the amount of damages with as much certainty as the circumstances of the case permit.[48]

---

[45]  *Alpo PetFoods, Inc. v. Ralston Purina Co.*, 997 F.2d 949, 954 (D.C. 1993).

[46]  *Alpo Petfoods v. Ralston Purina Co.*, 997 F.2d 949, 954 (D.C. Cir. 1993) (explaining, in false advertising context, that where damages are uncertain, the wrongdoer bears the risk of the uncertainty created by his conduct), reh 'g dismissed (May 11, 1994); *Ricky Smith Pontiac v. Subaru of New England, Inc.*, 14 Mass. App. Ct. 396, 426-27 (1982) (explaining that in business tort cases, "an element of uncertainty is permitted in calculating damages and an award of damages can stand on less than substantial evidence"), review denied, 387 Mass. 1103 (1982).

[47]  *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264 (1946) (jury may award damages to a plaintiff based on a "just and reasonable estimate of the damage based on relevant data"), reh 'g denied, 327 U.S. 817 (1946); *Big 0 Tire Dealers, Inc. v. Goodyear Tire and Rubber Co.*, 408 F. Supp. 1219, 1248 (D. Colo. 1976) (jury instructions explaining that "jury should use its best judgment in determining the amount of such damages, if any, based upon the evidence"), aff'd as modified, 561 F.2d 1365 (10th Cir. 1977), cert. dismissed, 434 U.S. 1052 (1978).

[48]  *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.*, 14 Mass.App.Ct. 396, 426-7 (1982)(awarding lost profits for loss of additional sales even though plaintiff's sales increased over time); *see also Cahill v. TIG Premier Ins. Co.*, 47 F.Supp. 2d 87, 89 (D.Mass. 1999)(affirming jury award for lost profits because expert testimony provided "sufficient certainty" and stating that while lost profits cannot be recovered when they are "remote, speculative, hypothetical, and not within the realm of reasonable certainty," they need not be "susceptible to calculation with mathematical exactness")(internal citations omitted*); Eldim, Inc. v. Mullen*, 47 Mass. App. Ct. 125, 129-130 (1999)(affirming district court's award for lost profits in a non-competition case where damages were based on plaintiff's previous contracts for similar products, and stating that "although lost profits are often difficult to

Your damages awards for false advertising and breach of contract may not be duplicative, which simply means that the complaining party should be compensated in full for the harm it proves, but damages for the same losses should not be counted more than once.[49]

You may also award injunctive relief.  If you find that either party faces a likelihood of suffering future harm as a result of the actions of the other party, you may award injunctive relief.  Injunctive relief may be awarded in many forms.  For example, you may require a party to cease the offending activity or to distribute corrective advertising.[50]

---

prove with precision, uncertainty in the assessment of damages is not a bar to their recovery, especially where any difficulties in determining damages arise in large part from the defendant's conduct" and that in such cases, "a reasonable approximation will suffice")(internal quotations omitted); *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562-564 (1931)(allowing for award of damages proven "as a matter of just and reasonable inference, although the result will only be approximate" because "it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts").

[49] *Fox v. F&J Gattozzi Corp.*, 41 Mass. App. Ct. 581, 588-89 (1997) (holding that duplicative damages may not be recovered for losses caused by the same wrongful act).

[50] 15 U.S.C. 1125; *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57 (2d. Cir. 1992); *Novartis Corp. v. F.T.C.*, 223 F.3d 783 (D.C. Cir. 2000).

7.      **STIPULATED FACTS**

The parties have stipulated to certain facts which you should assume are true for the purposes of this case.  The stipulated facts are set forth in Plaintiff's Trial Exhibit 657.

**8.    DELIBERATION AND VERDICT**

**8.1    Selection of Foreperson and Form of Verdict**

Upon retiring to the jury room, the foreperson will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the answers to the questions, date, and sign the form.  You will then return, with your verdict, to the courtroom.

You have a great responsibility to deliberate carefully and fully on every issue before you and to complete the verdict form accurately and completely.

### 8.2    Jury Communications[51]

If, during your deliberations, you need to communicate with me, please have your foreperson or one or more members of the jury give a written message to the court officer, or a Marshall.  If you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read, you may also request that.  Please be specific in requesting exhibits or portions of the testimony.

No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching the merits of the case unless it is done in writing, or orally here in open court.

I will then respond, as promptly as possible, either in writing or by having you return to the courtroom so that I can respond orally.  I will always first show the attorneys your questions and my response before I answer your question.  I caution you, however, with regard to any message or question you might send, that you should never state how the jury stands, numerically, or otherwise, on the questions before you until after you have reached a unanimous verdict.

Please note that the court officers, Marshalls, and other persons are forbidden to communicate in any way or manner with any member on any subject touching the merits of the case during your deliberations.

---

[51]  Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (1993).

### 8.3    Unanimous Verdict[52]

Your verdict must represent the considered judgment of each juror. Your verdict on each question in the verdict form, whether for or against a party, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

You should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your only interest is to seek the truth from the evidence in the case. You now have the most important role in this case. It is up to you reach a fair and impartial verdict.

---

[52] *See* Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (1993).

### 8.4    Court Has No Opinion[53]

Let me finish by repeating something that I said to your earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the issues in this case yourselves based on the evidence presented.

You may retire to begin your deliberations and the Court will await your just verdict. The bailiff shall now escort you to the jury room.


Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 15, 2007

### CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/   Courtney M. Quish
Courtney M. Quish

02820/00502  644895.3

---

[53]  *See* Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (1993).