## SHELDON MAK ROSE & ANDERSON PC
A PROFESSIONAL CORPORATION

ATTORNEYS

100 EAST CORSON STREET, THIRD FLOOR

PASADENA, CALIFORNIA 91103-3842

FACSIMILE: (626) 795-6321

HOME PAGE: www.usip.com

(626) 796-4000

JEFFREY G. SHELDON
DANTON K. MAK
DENTON L. ANDERSON
DAVID A. FARAH, M.D.
DOUGLAS H. MORSEBURG
ROBERT J. ROSE
WILLIAM J. BRUTOCAO
DANIEL J. COPLAN
KRISTIN C. HIBNER, PH.D.
MARC KARISH
MICHAEL F. FEDRICK
A. ERIC BJORGUM
NORMAN VAN TREECK
MARGARET A. CHURCHILL, PH.D.
BRIAN D. MARTIN

OTHER CALIFORNIA OFFICES:

RIVERSIDE
UPLAND
VENTURA COUNTY

LES J WEINSTEIN
SENIOR COUNSEL

May 22, 2007

The Honorable Patti B. Saris
United States District Court
    for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Room 6130
Boston, MA 02210

      Re:    The HipSaver Company, Inc. v. J.T. Posey Company
            USDC-District of Massachusetts, Case No. CV-05-10917 PBS
            Our File No. 16112.24

Dear Honorable Judge Saris:

      I write in response to Mr. Dailey's letter requesting that trial not start on June 4, 2007. Although we are sympathetic to Mr. Dailey's predicament, J.T. Posey Company must oppose his request because granting the request would prejudice Posey.

      As a preliminary matter, Mr. Dailey's request may very well become moot. As the Court noted in its decision regarding the parties' motions for summary judgment, although the Garwood ads started about five years ago, HipSaver has yet to come forward with any admissible evidence of any actual damage. The Court has allowed HipSaver one more try. Posey does not believe HipSaver has any admissible evidence consistent with its discovery responses to show damage. As such, no trial may be needed on HipSaver's claims.

      In the event there is a trial, Posey wants it to start on June 4, 2007 for the following reasons:

      1.    The date of June 4, 2007 has been before the parties for a substantial amount of time. Many of the witnesses and the Posey trial team have planned their business and personal schedules accordingly.

      2.    At least one Posey witness would not be available to testify if trial began on June 11, 2007.

The Honorable Patti B. Saris
May 22, 2007
Page 2


3.       There is a possibility trial would not be complete in the time available if it starts on
June 11, 2007.

4.       If the trial does proceed expeditiously starting on June 4, 2007, there is a possibility
it could be completed before June 15, 2007, a date the court is dark.  That would not happen if trial
started on June 11, 2007.  Delaying the start of trial to June 11 would cause Posey to incur
additional expenses in terms of hotel rooms and meals for the day of June 15, 2007.  It would also
mean that the Posey trial team would be away from home for at least one additional day.

Respectfully submitted,

SHELDON MAK ROSE & ANDERSON PC

By:   *Jeffrey G. Sheldon*

Jeffrey G. Sheldon
Attorneys for J.T. Posey Company

JGS/kpl
cc:      Edward J. Dailey, Esq. (via e-mail Edailey@bromsun.com)
         Bromberg & Sunstein LLP