# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
THE HIPSAVER COMPANY, INC.,               )
                                          )
    Plaintiff,          )
                                          )
v                                         )     Civil Action No. 05-10917 PBS
                                          )
J.T. POSEY COMPANY,                       )
                                          )
    Defendant.          )
                                          )
_____ )


**HIPSAVER'S OPPOSITION TO POSEY'S SECOND MOTION *IN LIMINE* FOR ORDER PRECLUDING EVIDENCE THAT HIPSAVER HAS BEEN HARMED AS A CONSEQUENCE OF POSEY'S ACCUSED ADS**

The Court's Memorandum and Order of May 15, 2007 [**D.N.** 228] has invited The HipSaver Company ("HipSaver") to make a supplemental proffer of evidence by May 29, 2007, supporting HipSaver's claim that J.T. Posey Company's ("Posey") false advertising caused injury to HipSaver. In light of the Court's order and insofar as this court requests that HipSaver supplement its damages argument, Posey's Second Motion *In Limine* [**D.N.** 232], which sought to exclude such evidence, is premature.

Furthermore, evidence of lost sales and lost opportunities, even in the form of anecdotal evidence, is relevant to damages. *Cashmere & Camel Hair Mfrs. Institute*, 284 F.3d 302 (1st Cir. 2002). As this Court pointed out, when a head-to-head competitor in a developing market, such as Posey, has disseminated literally false advertisements touting its products' superiority to that of the only other significant market player, such evidence of loss would be relevant and admissible. *Cf. Ortho Pharmaceutical Corp. v.*

*Cosprophar, Inc.*, 32 F.3d 690, 694 (2d Cir. 1994) (cited by this Court in its Memorandum and Order at p. 31) (recognizing, in a discussion of standing under the Lanham Act, that where a plaintiff's products are in direct competition with a defendant's products, or where a defendant's advertisements draw a direct comparison between the two, a less definite showing of injury is required).

In response to this Court's request for supplementation, HipSaver will provide additional information including 2006 sales data that was not previously available. If Posey wishes to renew its motion after HipSaver supplements its damages argument, HipSaver reserves the right to oppose such motion.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 22, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish

02820/00502  669749.1