UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                        )
THE HIPSAVER COMPANY, INC.,          )
                                                        )
    Plaintiff,                                     )
                                                        )
v                                                      )   Civil Action No. 05-10917 PBS
                                                        )
J.T. POSEY COMPANY,                          )
                                                        )
    Defendant.                                  )
                                                        )
_____)

**HIPSAVER'S OPPOSITION TO POSEY'S THIRD MOTION *IN LIMINE* FOR ORDER PRECLUDING TESTIMONY OF ROY J. EPSTEIN REGARDING DAMAGE IN FACT**

Posey's Third Motion *in Limine* seeks to exclude HipSaver's damages expert, Dr. Epstein, simply because Posey doesn't like the testimony. But, Dr. Epstein's expert testimony is based on reliable economic principles and can be tested. Posey has not offered any evidence to the contrary. Furthermore, this Court's Memorandum and Order of May 15, 2007 [**D.N.** 228] invited The HipSaver Company ("HipSaver") to make a supplementary proffer of evidence by May 29, 2007, supporting HipSaver's claim that J.T. Posey Company's ("Posey") false advertising caused injury to HipSaver. In light of this Order, Posey's motion is, at best, premature.

Dr. Epstein's testimony is both legally and economically sound. Dr Epstein's testimony certainly meets the requirements of Fed. R. Civ. P. 702. Dr. Epstein's theories and opinions are valid and can be tested. They rest on the economic proposition that in a marketplace with two competitors and a single product, there should not be a disparity in

growth rates absent marketplace disruption. Here, he posits two disruption variables - false advertising and "greater resources." Dr. Epstein has argued that both may be at play. Dr. Epstein was forthright about the limited data available to him at the time of summary judgment and the consequently limited scope of his opinions on damages: "I do not believe there are sufficient data to calculate lost profits damages for HipSaver reliably, even though there are indications of an effect of the challenged conduct on HipSaver's sales." **Exh. A**, Expert Report of Roy J. Epstein, PhD at ¶ 21, Filed Under Seal. Nevertheless, the observations and inferences that Dr. Epstein drew from the information available to him are absolutely consistent with accepted economics, and Posey has no expert testimony to the contrary. Nor does Posey have any evidence even suggesting that its "greater resources" is the sole reason for its marketplace success.[1]

In response to this Court's request for supplementation, HipSaver will offer two new sets of data. This data further buttresses Dr. Epstein's continued reference to the economic proposition that in a marketplace with two competitors and a single product, there should not be a disparity in growth rates absent marketplace disruption. First, HipSaver will offer its 2006 sales data. This data shows a rebounding growth rate first seen in December of 2005 and continuing through 2006. This growth coincides with Posey's removal of the Garwood advertisement and confirms that HipSaver's growth rate would have been higher absent the market place disruption of false advertising. Second, HipSaver will offer 2006 sales data relating to its sales of a new and different product sold under the tradename DermaSaver. This product directly competes with another Posey product but has not been the target of any comparative or otherwise false

---

[1] In its motion, Posey suggests that Dr. Epstein stated that "the difference in the parties' growth rates was more than likely due to other factors... ." Dr. Epstein never made such a comment; his testimony is grossly misstated.

advertising. This data offers an alternative 'but for' scenario, showing HipSaver's access to healthcare institutions but for the marketplace disruption.

As will be shown by the data and explained in HipSaver's supplemental report, submission of this new financial data buttresses Dr. Epstein's testimony and confirms that the differential growth rates are indeed an "indication" of damage in fact. In fact, Posey's own damages expert recognized the comparison of HipSaver sales during and after the Garwood advertisement as a valuable comparison. *See* **Exhibit B,** Expert Report of Creighton Hoffman at 6, Filed Under Seal.

As this Court knows, the law only requires HipSaver to prove the fact of damage with reasonable certainty, not a mathematical certainty. *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.*, 14 Mass.App.Ct. 396, 422-423 (1982)(awarding lost profits for loss of additional sales even though plaintiff's sales increased over time). HipSaver must simply prove that it suffered injury that could reasonably have resulted from the false advertising. *Cashmere & Camel Hair Mfrs. Institute*, 284 F.3d 302 (1st Cir. 2002). Dr. Epstein's comparison of the parties' growth rates during the time that the accused advertising was distributed and during the time of recovery will highlight a number of strong inferences.

Dr. Epstein's testimony is both legally and economically sound and should be admitted. Furthermore, HipSaver's forthcoming supplementation will further buttress HipSaver's Dr. Epstein's observations. Accordingly, for these reasons, Posey's Third Motion *in Limine* should be denied.

If Posey wishes to renew its motion after HipSaver makes its supplementary proffer of evidence, HipSaver reserves the right to oppose such motion.

3

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 22, 2007


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish

02820/00502  670722.1

4

# EXHIBIT A

# FILED UNDER SEAL

# EXHIBIT B

# FILED UNDER SEAL

Case 1:05-cv-10917-PBS     Document 257-3     Filed 05/22/2007     Page 1 of 1