UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
THE HIPSAVER COMPANY, INC.,           )
                                                    )
    Plaintiff,                              )
                                                    )
v                                                  )   Civil Action No. 05-10917 PBS
                                                    )
J.T. POSEY COMPANY,                      )
                                                    )
    Defendant.                           )
                                                    )
_____)

**HIPSAVER'S OPPOSITION TO POSEY'S SIXTH MOTION *IN LIMINE* FOR AN ORDER HIPSAVER FROM JUXTAPOSING PORTIONS OF DIFFERENT ADVERTISEMENTS OUT OF CONTEXT**

Posey seeks an order from this Court requiring that HipSaver present the accused false statements contained in the Garwood advertising within the context of the advertisement. Of course, the parties and this Court agree that, in determining whether statements in an advertisement are false, the advertisement must be viewed in its entirety. As this Court stated, "this inquiry focuses on individual advertisements, not marketing campaigns as a whole." Memorandum and Order, May 15, 2007 [D.N. 228] at 22 ("May 15, 2007 Memorandum").

In this case, HipSaver has offered a number of advertisements that vary only slightly. "The Garwood Advertising campaign consists of numerous advertisements, many of which differ slightly in their presentation of these messages. Nonetheless, the context in which these claims are made is sufficiently similar across the campaign to

address each 'message' individually and without regard to minor variations in presentation." May 15, 2007 Memorandum [D.N. 228] at 25, fn. 6.

In proving its case that the accused statements in the Garwood ads are false, HipSaver will present to the jury the entire accused advertisement and the jury will be asked to analyze the falsity of each statement in the context of the advertisement as a whole. To the extent that Posey seeks confirmation of this presentation through this motion, its motion is moot.

However, in presenting expert testimony relating to the falsity of specific statements, the statements must be called out separately so that the expert can analyze the falsity of the statement, just as this Court analyzed and ruled on the accused statements separately in its Summary Judgment Memorandum and Order.

For these reasons, Posey's Sixth Motion *In Limine* should be denied.


Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 22, 2007

**CERTIFICATE OF SERVICE**

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/   Courtney M. Quish
Courtney M. Quish

02820/00502  670035.1