# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                               )
THE HIPSAVER COMPANY, INC.,       )
                                               )
    Plaintiff,                             )
                                             )
v                                                  )    Civil Action No. 05-10917 PBS
                                             )
J.T. POSEY COMPANY,                 )
                                           )
    Defendant.                           )
                                           )
_____)

**HIPSAVER'S OPPOSITION TO POSEY'S SEVENTH MOTION *IN LIMINE* FOR ORDER LIMITING USE OF INFORMATION REGARDING POSEY I TRIAL**

      In its motion, Posey seeks to include all evidence of the previous lawsuit and settlement that it deems useful for its case and to exclude all evidence of the lawsuit and settlement that it deems harmful to its case. Now that the Court has ruled against Posey on its counterclaims, it would follow that Posey will now try to exclude the entire settlement agreement. But, Posey simply can't pick and choose provisions of the settlement agreement. The entire settlement agreement and the context of the settlement agreement are relevant to this dispute and all evidence surrounding the settlement agreement, including the terms of the agreement and the corrective advertising distributed as a condition to settlement should be admitted.

      This case involves, in relevant part, HipSaver's claims of false advertising and a claim that Posey breached the 2004 settlement agreement between the parties ("Settlement Agreement") that concluded prior litigation between the parties in 2004 ("2004 Litigation"). The central issue in both the 2004 Litigation and the present

litigation is false advertising by Posey about its hip protector product. The Court has established on summary judgment that at least Posey advertising claims about relative product quality are literally false and that other challenged Posey advertising claims must be considered by a jury. Memorandum and Order [**D.N.** 228] at p. 27.

Following this Court's decision to dismiss Posey's counterclaims, evidence regarding the 2004 Litigation and the 2004 Settlement Agreement remains highly probative of several issues that the jury will consider at trial, including (1) whether Posey breached the Settlement Agreement; (2) whether Posey falsely advertised since the Settlement Agreement with an intent to deceive consumers; (3) whether Posey falsely advertised since the Settlement Agreement with a malicious, fraudulent, deliberate, or willful intent; (4) whether HipSaver's expert, Dr. Hayes, is a credible biomechanical expert.

**ARGUMENT**

The 2004 Litigation and Settlement Agreement are an inherent part of this litigation and should be admitted. In its motion, Posey offers a list of those facts that it deems relevant but never identifies those that it wishes to exclude. it is unclear exactly what, if anything, should be excluded. Without identifying any particular information that Posey seeks to exclude, Posey's motion is a moving target. After the parties have thoroughly briefed the settlement agreement and related information in their pleadings and after this Court has similarly considered the settlement agreement in its rulings, it is simply too late to parse the agreement or its context apart.

The entire Settlement Agreement, including the corrective advertising, as well as the context of the Settlement Agreement, is relevant and admissible. HipSaver offers

2

evidence of the 2004 Litigation and the Settlement Agreement for their high probative value on the proper basis: they evidence Posey's breach of contract and Posey's intent and willfulness in the challenged false advertising.

The terms of the Settlement Agreement are highly relevant to HipSaver's breach of contract claim. The jury must consider the requirements of the settlement agreement and the context of the settlement agreement in order to determine breach. The terms of the Settlement Agreement specifically state that the Settlement Agreement is admissible for enforcement.

Evidence of the circumstances of the Settlement Agreement and the 2004 Litigation is also highly probative of Posey's intent to deceive and its willfulness in false advertising. Posey's intent to deceive is relevant to the Lanham Act requirement of consumer deception. The context of the settlement agreement alerted Posey to the dangers of false advertising and is relevant to Posey's awareness of the dangers of false advertising and thus, relevant to its intent to deceive.

Similarly, evidence of the circumstances of the Settlement Agreement and the 2004 Litigation is highly probative of whether HipSaver's claim is an "exceptional case" under the Lanham Act. Under the Lanham Act, false advertising with a "malicious, fraudulent, deliberate, or willful" intent creates an "exceptional case." *See Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 31 (1st Cir. 2002) (affirming attorney's fees award based on an advisory jury finding that Lanham Act violation was willful). Whether a case is an "exceptional case" within the meaning of the Lanham Act determines whether a plaintiff may recover attorney's fees as part of its recovery. 15 U.S.C. § 1117(a). The "totality of the circumstances" considered in such an analysis

requires the jury to consider the circumstances of the Settlement Agreement and the 2004 Litigation, because Posey published the disputed advertising *after* the issues of false advertising were raised in the Settlement Agreement and the 2004 Litigation. Memorandum and Order [**D.N.** 228] at p. 7.

Finally, the corrective statement included in the settlement agreement is relevant to the credibility of Dr. Hayes, HipSaver's biomechanical expert. Dr. Hayes was involved in the 2004 Litigation between these parties. In that case, it was Dr. Hayes' review of the challenged White Paper advertising that found that the White Paper testing was flawed. As a condition of settlement, Posey published a corrective advertising statement that communicated Dr. Hayes' findings and admitted Dr. Hayes' expertise:

> The HipSaver Company retained Wilson C. Hayes, PhD, a recognized biomechanical engineering expert, to review the [White Paper advertising]. Dr. Hayes determined that the research is not reliable and cannot sustain any of the claims in the White Paper and our advertising with reasonable certainty.

This corrective statement buttresses the experience and credibility of Dr. Hayes and should be admitted as evidence of Posey's admission of the credibility and validity of Dr. Hayes' opinions.

Clearly, the probative value of the 2004 Litigation and Settlement Agreement outweighs any hypothetical prejudice that it may cause. But, even if the Court perceives some risk of prejudice, the correct way to cure Posey's claimed risk of prejudice is a limiting instruction to the jury. *See* F.R.E. 403 advisory committee's note.

**CONCLUSION**

For these reasons, HipSaver respectfully requests that this Court deny Posey's Seventh Motion *In Limine* and admit evidence of the Settlement Agreement and the 2004 Litigation.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 22, 2007


**CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish

02820/00502  669817.4