UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.T. POSEY COMPANY, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | Civil Action No. 05-10917 PBS |

### POSEY'S MEMORANDUM IN OPPOSITION TO HIPSAVER'S MOTION TO EXCLUDE EXPERT OPINION AND TESTIMONY OF GARY REICH

J.T. Posey Company, Inc. ("Posey") hereby opposes the motion *in limine* of The HipSaver Company, Inc. ("HipSaver") to exclude the expert opinion and testimony of Gary Reich. Mr. Reich is a fully qualified expert witness in marketing healthcare products. The reports and the testimony of Mr. Reich are reliable and will aid the finder of fact. They are, therefore, admissible. The Court has already addressed this issue, and found that Mr. Reich is qualified and that his opinions are admissible. Accordingly, the Court should deny Plaintiff's motion in its entirety.

### I.  FACTS

On or about February 16, 2006, Posey designated Gary Reich as a marketing expert and served his expert report (the "Original Report"). Exhibit "A" to Plaintiff's Motion. After

HipSaver served its expert reports, Mr. Reich prepared a supplemental report (the "Supplemental Report") which was served on or about October 16, 2006. Exhibit "B" to Plaintiff's Motion.

The Original Report sets forth several of Mr. Reich's opinions concerning (i) the impact and the effectiveness of various statements contained in Posey's advertising, and (ii) the interpretation of various statements contained in Posey's and HipSaver's advertising. The Supplemental Report contains additional opinions regarding the effectiveness of various Posey advertising statements which were not addressed in the Original Report.

Posey timely provided Mr. Reich's Original Report and his Supplemental Report to HipSaver. However, HipSaver chose not to depose Mr. Reich, to conduct any other discovery regarding his qualifications or his opinions, or to offer any reports of its own experts on the subjects covered by Mr. Reich's reports.

HipSaver previously challenged Mr. Reich's report in a motion to exclude filed on October 26, 2006. D.N. 147. Posey opposed. The Court denied HipSaver's prior motion on November 15, 2006. In doing so, the Court specifically found that Mr. Reich is qualified as an expert, that some of his opinions were properly admissible and that some of his opinions appeared to be conclusory. Electronic Order dated 11/15/06.

## II. ARGUMENT

### A. The Court Has Already Correctly Concluded That Mr. Reich Is Qualified As an Expert Witness

HipSaver devotes a substantial portion of its motion to Mr. Reich's qualifications as an expert witness. However, Mr. Reich's qualifications were already debated in connection with HipSaver's previous motion to exclude Mr. Reich's reports and the Court decided the issue

adversely to HipSaver. Thus, HipSaver's present motion is merely a motion for reconsideration of its earlier motion and HipSaver has presented nothing new in connection with its motion that would warrant having the Court reconsider its prior ruling. Therefore, HipSaver's motion to exclude Mr. Reich's report and/or his testimony on the grounds that he is not qualified as an expert must be denied.

B.   **Mr. Reich's Opinions Are Reliable And They Will Assist The Trier Of Fact**

Mr. Reich's opinions fall into two main categories: 1) the impact and the effectiveness of various statements contained in Posey's advertising, and ii) the manner in which various statements contained in HipSaver's advertising would be interpreted. Mr. Reich's opinions on these subjects are based upon his education, knowledge and experience, are reliable, and will assist the trier of fact.

The inquiry into reliability is flexible. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999) ("[W]e conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). *See also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594, 597 (1993); *Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 784 (3rd Cir. 1996) ("the reliability requirement . . . should not be applied too strictly."). In cases such as this one, "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire,* 526 U.S. at 150; *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004) (because it was not contingent upon a particular methodology or technical framework, the district court did not abuse its discretion in finding the proffered witness's testimony reliable based on his knowledge and experience).

Here, Mr. Reich's conclusions and the factual analysis and reasoning behind his conclusions are properly based on his education, knowledge and experience. HipSaver's arguments regarding deficiencies in Mr. Reich's experience, which underlies his opinions, go to the weight to be afforded his testimony, not its admissibility. *See, e.g., United States v. Bilson*, 648 F.2d 1238, 1239 (9th Cir. 1981). Finally, HipSaver's arguments regarding the lack of survey evidence are unavailing, because survey evidence is not necessary. *See Betterbox Communications Ltd. v. BB Technologies, Inc.*, 300 F.3d 325, 329-330 (3rd Cir. 2002) (marketing experts testifying regarding a likelihood of confusion did not conduct any formal surveys).

Citing to *Polaino v. Bayer Corp.*, 122 F.Supp.2d 63, 69 (D.Mass. 2000), HipSaver argues that Mr. Reich's opinions are not based on sufficient facts or data. However, *Polaino* is not applicable here because the facts there are so far afield from the facts of this case. In *Polaino*, the plaintiff offered the testimony of a chemical engineer to testify as to whether a mechanical mixer was defectively designed and whether the plaintiff was exposed to a "toxic event". However, the witness had no experience or training in mechanical engineering. He had never designed a mechanical device. He had never even seen the machine in question, nor had he seen or inspected a model of the machine in question. The trial court excluded his proferred testimony on the grounds that it rested on unverified assumptions, speculation and guesswork. Here, by contrast, the opinion of Mr. Reich is being offered in the very field in which he has experience and he has reviewed and analyzed the parties' respective advertising materials. Thus, *Polaino* is easily distinguishable.

Plaintiff also argues that Mr. Reich's reasoning is deficient. However, this argument goes to the weight of his opinion, not to its admissibility. *Campbell v. Metropolitan Property*

*and Cas. Ins. Co.*, 239 F.3d 179, 186 (2nd Cir. 2001). To the extent that HipSaver takes issue with Mr. Reich's opinions or reasoning, it is entitled to cross-examine him at trial.

Mr. Reich's opinions are not based upon science. Rather, his opinions and the factual analysis and reasoning behind those opinions are based on his education, knowledge and experience. Thus, they meet the standard for reliability under *Daubert* and Rule 702 of the Federal Rules of Evidence.

> 1) The Court Has Already Correctly Considered Mr. Reich's Opinions Regarding Causation And Those Opinions Are Admissible

In its ruling on the parties' motions for summary judgment, the Court stated that Mr. Reich's conclusions as to causality were weighed accordingly. The Court was correct in considering Mr. Reich's opinions regarding causality as such opinions are properly based on Mr. Reich's education, knowledge and experience, are reliable and will assist the trier of fact.

As seen from the Original Report and the Reich Resume, Mr. Reich is amply qualified to provide expert opinion about the effectiveness and the impact of advertising of medical products on customers and potential customers. First, Mr. Reich has a Bachelors degree in Economics from George Washington University and a Masters degree in Economics from New York University. *See* Resume of Gary Reich ("Reich Resume"), Exhibit "C" to Plaintiff's Motion.

As is detailed in his Original Report, Mr. Reich also has extensive experience in the marketing of health care products. Original Report, ¶ 5. Finally, Mr. Reich has over 20 years of experience in the health care industry, having acted as a marketing consultant for many health care companies including CIGNA, New York Presbyterian Health System, Prudential, Tenet, TriHealth, Florida Hospital Health System, and Watson Clinic. Original Report, ¶ 5 and Reich Resume.

As is also detailed in his Original Report, Mr. Reich has extensive experience evaluating different manufacturers' products, including product features and he is familiar with the buying habits of customers of healthcare-related products, and he has developed marketing plans and advertisements for companies who market via the Internet, via brochures, product instruction sheets, trade shows, and catalogs. Original Report, ¶ 6. Mr. Reich has provided marketing assistance to companies selling many different types of medical products including dose calibrators, thyroid up-take systems, work stations, wipe test counters, injection chairs, survey meters, living skin products for healing wounds, hyperbaric medicines for wound care, IV nutrition, and antibiotics. Original Report, ¶ 6.

Finally, as explained in paragraph 9 of the Original Report, Mr. Reich has marketed to the types of customers targeted by Posey and HipSaver. Additionally, Mr. Reich has focused on long-term care customers, and has taken into account these types of customers in forming his opinions.

In paragraph 14 of the Original Report, Mr. Reich opines on the impact of various statements contained in Posey's advertising. Based on his knowledge and experience, Mr. Reich supports his opinions with a detailed analysis of the relevant consumers and how the consumers are likely to perceive the marketing statements. Original Report, ¶¶ 15-18.

In paragraph 19 of the Original Report, Mr. Reich opines that there is no basis to conclude that the Garwood Laboratories advertising had any effect on HipSaver or Posey sales.[1] Mr. Reich explains this opinion in paragraph 20 by discussing yearly sales comparisons to show that the introduction of the advertising had a negligible effect on sales. Based on his knowledge and experience, Mr. Reich discusses the factors that lead to sales growth declines in the industry,

---

[1] Mr. Reich's opinion substantially comports with those of HipSaver's damages expert, Roy Epstein, in paragraphs 5, 21 and 26 of his report dated September 25, 2006.

details limitations in the relevant product market, and provides factual reasons why the advertising would have little impact on a buyer of the product. Original Report, ¶¶ 20-27.

For example, Mr. Reich points out that Posey's package inserts containing the Garwood Laboratories Advertising had little, if any, influence on consumer's decision to buy a Posey Hipster because the buyers would have already purchased the product before they received the insert. Original Report, ¶24. Additionally, based on his education, knowledge and experience, Mr. Reich explains that the placement of the Garwood Laboratories Advertisements on the second or third page in the corner or bottom of the page in small print is not effective advertising because it does not grab a buyer's attention. Original Report, ¶24. Additionally, Mr. Reich points out that other marketplace factors, such as Posey's ability to offer "one-stop shopping" minimize the effect of Posey's advertising.

Thus, Mr. Reich's opinions regarding the impact and the effectiveness of various statements contained in Posey's advertising are admissible.

2) Mr. Reich's Opinions Regarding The Interpretation Of Various Statements Contained In HipSaver's Advertising Are Admissible

In its recent ruling on the parties' motions for summary judgment, this Court found that many of Mr. Reich's opinions are conclusory on matters on which no expert testimony is needed. Posey respectfully disagrees, and submits that Mr. Reich's opinions regarding the interpretation of various statements contained in HipSaver's advertising are reliable, properly based on Mr. Reich's education, knowledge and experience, and are helpful to the trier of fact. Therefore, the Court should find that these opinions are admissible as well.

Mr. Reich is familiar with the buying habits of customers of healthcare-related products, and he has developed marketing plans and advertisements for companies who market via the Internet, via brochures, product instruction sheets, trade shows, and catalogs. Original Report, ¶ 6. Mr. Reich has provided marketing assistance to companies selling many different types of medical products. Original Report, ¶ 6. Finally, he has marketed to the types of customers targeted by Posey and HipSaver. Original Report, ¶ 6. This unique knowledge and experience has equipped him to reliably opine on the interpretation of various statements contained in HipSaver's advertising.

In paragraph 29 of the Original Report, Mr. Reich opines on the interpretation of various statements contained in HipSaver's advertising. Again, based on his knowledge and experience, Mr. Reich supports his opinions with a detailed analysis of the relevant consumers and how the consumers are likely to perceive the marketing statements. Original Report, ¶¶ 30-37.

Any argument over Mr. Reich's reasoning goes to the weight of his opinion, not to its admissibility. *Campbell v. Metropolitan Property and Casualty Insurance Co.*, 239 F.3d 179, 186 (2nd Cir. 2001). To the extent that HipSaver takes issue with Mr. Reich's opinions or reasoning, it is entitled to cross-examine him at trial.

Mr. Reich's opinions are not based upon science, but rather upon on his education, knowledge and experience. Thus, they meet the standard for reliability under *Daubert* and Rule 702 of the Federal Rules of Evidence.

### III.  CONCLUSION

For the forgoing reasons, this Court should deny Plaintiff's motion to exclude opinion testimony of Gary Reich in its entirety.

Dated: May 22, 2007

J.T. POSEY COMPANY

By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (Admitted Pro Hac Vice)
Douglas H. Morseburg (Admitted Pro Hac Vice)
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA 91103-3842
626.796.4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

May 22, 2007

/s/ Donald K. Piper
Donald K. Piper