# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE HIPSAVER COMPANY, INC., )<br>  Plaintiff / Counterclaim Defendant )<br> )<br>v ) Civil Action No. 05-10917 PBS<br> )<br>J.T. POSEY COMPANY, )<br>  Defendant / Counterclaim Plaintiff ) | |

**HIPSAVER'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE POSEY'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS**

Through counsel, Posey has represented that it will seek to circumvent this Court's dismissal of Posey's counterclaims through its affirmative defense of unclean hands. HipSaver moves this Court to dismiss such a tactic. Posey's unclean hands defense is moot given this Court's dismissal of Posey's Lanham Act counterclaims.

The facts underlying Posey's unclean hands argument are the same as those upon which Posey based its Lanham Act claims. And the reasoning underlying the Court's dismissal of Posey's counterclaims extends to a dismissal of this recycled argument under the guise of unclean hands: Posey implicitly agreed to the content of HipSaver's web-site and HipSaver acted in good faith in keeping the approved contents on its web-site. Posey cannot now argue that such conduct amounts to conduct of fraud, unconsionability, inequitableness or bad faith so as to support a defense of unclean hands.

# FACTS

Posey bases its argument of unclean hands on the same statements made on HipSaver's web-site that it challenged as false advertising under the Lanham Act. The facts of the case show that Posey agreed to HipSaver's web-site content. "The Settlement Agreement makes no mention of its intended effect on the web-site claims, does not specifically obligate HipSaver to withdraw or alter the statements, and contains an integration clause." Memorandum and Order, June 15, 2007, at 18. Furthermore, Posey confirmed that the Settlement Agreement release was intended to permit the continued publication of materials not otherwise disposed of by the agreement. *Id*; Declaration of Ernest Posey in Support of Motions of J.T. Posey Company for Summary Judgment [D.N. 264] at ¶ 4 ("I also understood that …, going forward, both parties were going to be able to continue making the advertising claims and statements they had made in the past, except for references to the White Paper, and that neither side was going to be able to bring any lawsuits contesting those claims.") As this Court has noted, but for the addition of a new HipSaver model that uses snaps instead of velcro, the challenged statements on the HipSaver web-site are identical to those that existed during the prior litigation and were known to the parties at the time of the Settlement Agreement. Memorandum and Order, June 15, 2007, at 18. Posey agreed to HipSaver's continued use of its web-site.

# ARGUMENT

A defense of unclean hands requires a showing of fraud, unconscionability, inequitableness or bad faith on the part of the plaintiff. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (explaining that the doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief"); *Donoghue v. IBC/USA (Publications), Inc.*, 886 F.Supp.

947 (D.Mass. 1995) ("fraud, unconscionability, or bad faith on the part of the plaintiff" are elements of an "unclean hands" defense) *citing S & R Corp. v. Jiffy Lube Intern., Inc.*, 968 F.2d 371, 376 (3rd Cir.1992).

Posey cannot argue that HipSaver's web-site content constitutes inequitable conduct and supports a defense of unclean hands when Posey agreed to this web-site content. Posey reviewed HipSaver's web-site and never asked HipSaver to remove the statements. In fact, Posey testified that he agreed to continued use of the web-site. Declaration of Ernest Posey in Support of Motions of J.T. Posey Company for Summary Judgment [D.N. 264] at ¶ 4. Posey's objection only materialized in its counterclaim to HipSaver's 2005 Complaint and this Court rightfully dismissed Posey's counterclaims on this basis. HipSaver's web-site content does not support Posey's claim for false advertising and does not arise to the level of inequitable conduct required for a finding of unclean hands.

Furthermore, HipSaver's web-site is not related to HipSaver's claims of false advertising against HipSaver. The doctrine of "unclean hands" denies equitable relief to one tainted with inequitableness or bad faith directly affecting the matter in which she seeks relief. *Amerada Hess Corp. v. Garabedian*, 416 Mass. 149, 156 (1993); *Fidelity Management & Research Co. v. Ostrander*, 40 Mass.App.Ct. 195, 200 (1996). Even a party guilty of intentional violation of the law does not lose the right to relief where her cause of action arises independently of her unlawful conduct and relief by the court will not further any unlawful scheme or produce substantial injustice or public harm. *Braga v. Braga*, 314 Mass. 666, 672 (1943); *New York, N.H. & H.R.R Co. v. Pierce Coach Lines, Inc.*, 281 Mass. 479, 482 (1933). Posey's basis for its unclean hands defense, that HipSaver's web-site content is somehow objectionable, is not related

to HipSaver's Lanham Act, breach of contract, or 93A claims. Moreover, relief from the court will not further unlawful conduct.

Finally, without a showing that the allegedly illegal conduct caused injury to Posey, Posey's unclean hands argument must fail. *Saggese v. Kelley,* 445 Mass. 434, 444, 837 N.E.2d 699, 706 (Mass. 2005)(finding no merit to unclean hands claim where no harm resulted from accused action); *Mallis v Bankers Trust Co.,* 615 F.2d 68, 75 (2d Cir. 1980) (Friendly, J.) (applying New York law and reversing and remanding for new trial where unclean hands claimant was not injured by the allegedly wrongful conduct) *abrogated in part on other grounds; Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct"), cert. denied, 445 U.S. 917 (1980); *Daniel v. Ohio Cas. Ins. Co.,* 935 F.2d 269 at *4 (6th Cir. 1991)(unpublished opinion)(stating that even if the conduct constituted unclean hands, the defense would fail because defendant suffered no injury); *Int'l Union, Allied Indus. Workers of America, AFL-CIO v. Local Union No. 589, Allied Indus. Workers of America, AFL-CIO*, 693 F.2d 666, 672 (7th Cir. 982); *Metro Motors v. Nissan Motor Corp. in U.S.A.*, 339 F.3d 746 (8th Cir. 2003)(applying Minnesota law and stating that "the doctrine of unclean hands will be invoked only to deny equitable relief to a party whose conduct has been unconscionable by reason of a bad motive or where the result induced by that party's conduct will be unconscionable either in the benefit to that party or in the injury to others"); *Security Pacific Mortg. and Real Estate Services, Inc. v. Canadian Land Co. of America*, N.V., 690 F.Supp. 1214, 1224 (S.D.N.Y. 1988) (stating that "defendants' allegations in support of this [unclean hands] defense are defective as a matter of law. Specifically, there is no contention . . . that defendants suffered any injury . . . . Without a claim of injury, the defense of

unclean hands fails as a matter of law," and granting summary judgment for plaintiff); *Rodeway Inns Int'l, Inc. v. Amar Enter., Inc.*, 742 F.Supp. 365, 367-68 (S.D.Miss.1990) (stating that "[w]hile a plaintiff's unclean hands may prevent him from recovering under the Lanham Act, the defendant must show injury as a result of the misconduct and the misconduct must have a direct nexus with the right asserted by plaintiff").

Posey acknowledges that HipSaver's web-site did not cause Posey any injury. *See* Expert Report of Creighton Hoffman, February 16, 2006, at 6 ("[T]here is no evidence that Posey's sales have been measurably impacted by HipSaver's allegedly false advertisements."). Therefore, without any claim to injury, Posey's defense of unclean hands must fail.

## CONCLUSION

For these reasons, Posey's defense of unclean hands should not be permitted and Posey should not be allowed to circumvent this Court's Memorandum and Order dismissing its counterclaims.

THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/  Courtney M. Quish
Lee Carl Bromberg
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
cquish@bromsun.com
May 25, 2007

5

**CERTIFICATE OF SERVICE**

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/  Courtney M. Quish
May 25, 2007

02820/00502  674473.1