## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J.T. POSEY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| AND RELATED COUNTERCLAIM. ) | |
| _____) | |

### J.T. POSEY COMPANY'S OPPOSITION TO THE HIPSAVER COMPANY, INC.'S MOTION IN LIMINE TO EXCLUDE POSEY'S UNCLEAN HANDS DEFENSE

J.T. Posey Company ("Posey") opposes the motion *in limine* of The HipSaver Company, Inc. ("HipSaver") to exclude Posey's unclean hands defense. HipSaver dropped the motion on Posey's counsel the Friday before a holiday weekend, just one business day prior to the pre-trial conference. HipSaver's motion should be dismissed because it is untimely. However, should the Court consider it, the motion should be denied on the merits.

### I.    FACTS

The deadline for filing motions in limine was May 15, 2007; the oppositions to motions in limine were due by May 22, 2007. A final pre-trial conference is set for May 29, 2007. See, DN213, Pretrial Order, February 14, 2007.

Both at the time this lawsuit was filed and now, HipSaver advertised on its website that 1) "Only HipSaver hip protectors clearly meets the CDC Guidelines for infection control in the

laundry"; and 2) "Only HipSaver can be laundered according to the CDC (Center for Disease Control) Guidelines for laundry." HipSaver introduced the "Open-Bottom 3-Snap" product and Posey introduced the "High Durability Hipster" product after the Posey settlement agreement . See DN228, Memorandum And Order, May 15, 2007, pg. 18, fn. 3.

## II.    ARGUMENT

### 1.    HipSaver's Motion Is Untimely

In its PreTrial Order of February 14, 2007, this Court set the deadline for filing motions in limine as May 15, 2007. The instant motion was filed on May 25, 2007. Because it is untimely, this Court should deny HipSaver's motion in its entirety.

### 2.    HipSaver's Motion Fails On the Merits

Posey's unclean hands defense is based on HipSaver's continued promulgation of advertising that is false and misleading in view of Posey's and HipSaver's introduction of new products after the settlement agreement in Posey I. The Court has not yet addressed the issue of new products. In its ruling on the parties' motions for summary judgment, the Court stated:

> "Since August 2004, HipSaver has added a single new product to its website, the 'Open-Bottom 3-Snap', and has also included a reference to a single new Posey product, the 'High Durability Hipster'. Whether the addition of these products exempts the challenged statements as to those products from the parties understanding about continued use is not addressed in depth by the parties, and I do not rule on the issue." Memorandum And Order, May 15, 2007, pg. 18, fn. 3.

#### A.    Legal Standard For Unclean Hands Based On False Advertising

Unclean hands can bar some or all relief sought for unfair competition. Restatement (Third) of Unfair Competition, §31 (1995). To establish the affirmative defense of unclean hands, a defendant must demonstrate: 1) that the plaintiff's conduct was inequitable; and 2) that

plaintiff's conduct related to the claim which is asserted against defendant. *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 815 (1945)( "Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim."); *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 880 (1st Cir. 1995), *citing, Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 78 L. Ed. 293, 54 S. Ct. 146 (1933). The court has wide discretion in deciding whether to bar recovery based upon plaintiff's unclean hands. *Donoghue v. IBC USA (Publications), Inc.*, 70 F.3d 206, 218 (1st Cir. 1995).

Intentional misrepresentations as to the nature of a product which are material and which deceives the public are grounds for denying relief for unfair competition where they are directly connected to the subject matter of the suit. *Mulhens & Kropff, Inc. v. Ferd Muelhens, Inc.*, 43 F.2d 937, 939-940 (2nd Cir. 1930). The defendant need not be injured, because injury to the public is enough. *Morton Salt Co. v. G.S. Suppiger Co.*, 314 U.S. 488, 493-494 (1942)(abrogated on other grounds); *National Football League v. Governor of Delaware*, 435 F.Supp. 1372, n.35 (D. Del. 1977); *Precision Instrument* at 815 ("where a suit in equity concerns the public interest as well as the private interests of the litigants this doctrine assumes even wider and more significant proportions").

If the court finds HipSaver has unclean hands, then the court may impose an injunction on HipSaver and deny damages. *American Home Products Corp. v. Johnson & Johnson*, 654 F.Supp. 568, 590-592 (S.D.N.Y. 1987); *Vogue Ring Creations v. Hardman*, 410 F.Supp. 609, 616 (D.C.R.I. 1976)(unclean hands, including false published statement, render copyright unenforceable). Additionally, HipSaver's false advertising may be cause for denial of attorney's

fees. *Transclean Corporation v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1379 (Fed. Cir. 2002).

### B. HipSaver's False Advertising Constitutes Unclean Hands

Posey will prove at trial that HipSaver has acted inequitably by using advertising, both at the time this suit was initiated, and since, that is false and misleading in view of HipSaver and Posey products that were introduced after the settlement agreement in the prior lawsuit. In particular, the statements: 1) "Only HipSaver hip protectors clearly meets the CDC Guidelines for infection control in the laundry"; and 2) "Only HipSaver can be laundered according to the CDC (Center for Disease Control) Guidelines for laundry" are both demonstrably false in view of the new products.

### 1. HipSaver's Unclean Hands Is Based On Statements Applicable to Products Introduced After The Settlement Agreement

Since the settlement agreement, HipSaver added a new product to its website, the "Open-Bottom 3-Snap", and also included a reference to a single new Posey product, the "High Durability Hipster". These products and advertisements including them are part of the subject of HipSaver's suit and are not covered by the settlement agreement. HipSaver's president, Mr. Goodwin stated in his deposition that the statement's on HipSaver's website were intended to apply to all of Posey's products including the "High Durability Hipster". Deposition of Edward Goodwin, October 18, 2005, p. 59:13-19, 94:1-13.

HipSaver's argument that its advertising statements fall under the settlement agreement must fail. There was simply no agreement that HipSaver could continue to make statements on its website that were demonstrably false in view of future products. For example, if HipSaver introduced a new material in its products and that material could not be washed at all, the continued representation that its products could be washed according to CDC guidelines would

constitute false advertising that is unconscionable and in bad faith for purposes of an unclean hands defense.  What HipSaver has done here is no different.

HipSaver knows that Posey's new High Durability Hipster meets the CDC Guidelines for infection control in the laundry and that Posey's High Durability Hipster can be laundered according to the CDC Guidelines for laundry.  Therefore, HipSaver also knows that it's statements: 1) "Only HipSaver hip protectors clearly meets the CDC Guidelines for infection control in the laundry"; and 2) "Only HipSaver can be laundered according to the CDC (Center for Disease Control) Guidelines for laundry" are both false.  Accordingly, HipSaver is knowingly making false claims in view of new products not covered by the settlement agreement.

> 2.     Posey Need Not Prove Damage To Itself Because HipSaver's False Advertising Constitutes Injury To The Public

HipSaver's argument that Posey must prove damages as a result of Plaintiff's false advertising is also unavailing.  The leading treatise on the Lanham Act states clearly that injury to the defendant is not required.  *McCarthy on Trademarks*, §31:47 ("Intentional misrepresentations as to the origin, nature, or ingredients of a product which are material and which deceive the public are grounds for denying relief for trademark infringement or unfair competition where they are directly connected to the subject matter of the suit.")  The courts have clearly held that a defendant need not prove damage to itself when alleging unclean hands based on a plaintiff's false advertising.  *Morton Salt Co. v. G.S. Suppiger Co.*, 314 U.S. 488, 493-494  (1942); *Ames Publishing Co. v. Walker-Davis Publications, Inc.*, 372 F.Supp. 1, 13-14

(E.D. Pa 1974). None of the cases cited by HipSaver decide a claim for unclean hands based on false advertising by the plaintiff and can therefore be disregarded.[1]


III.    **CONCLUSION**

For the forgoing reasons, this Court should deny HipSaver's motion to exclude Posey's unclean hands defense.


Dated: May 29, 2007                    J.T. POSEY COMPANY

                                       By its attorneys,

                                       /s/ Anthony J. Fitzpatrick
                                       Jeffrey G. Sheldon (Admitted Pro Hac Vice)
                                       Douglas H. Morseburg (Admitted Pro Hac Vice)
                                       SHELDON MAK ROSE & ANDERSON
                                       100 E. Corson Street, 3d Floor
                                       Pasadena, CA  91103-3842
                                       626.796.4000

                                       Anthony J. Fitzpatrick (BBO # 564324)
                                       DUANE MORRIS LLP
                                       470 Atlantic Avenue, Suite 500
                                       Boston, MA 02210
                                       857.488.4200

---

[1] In *Rodeway Inns Int'l, Inc. v. Amar Enter., Inc.*, 742 F.Supp. 365, 367-68 (S.D.Miss,1990), the only case HipSaver cited that involved a Lanham Act claim by either party, the Plaintiff alleged a Lanham Act claim, but the defendant alleged unclean hands based on a broken promise by the plaintiff.

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic filing.

May 29, 2007                                    /s/ Anthony J. Fitzpatrick
                                               Anthony J. Fitzpatrick

DM2\1158325.1