UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
THE HIPSAVER COMPANY, INC.,         )
    Plaintiff / Counterclaim Defendant,  )
                                    )
v                                   )    Civil Action No. 05-10917 PBS
                                    )
J.T. POSEY COMPANY,                 )
    Defendant / Counterclaim Plaintiff.  )
                                    )
_____ )

**HIPSAVER'S EMERGENCY MOTION FOR PROTECTIVE ORDER ALLOWING THE DEPOSITIONS OF EDWARD GOODWIN AND ROY EPSTEIN TO BE CONDUCTED THROUGH VIDEO CONFERENCE**

In this Court's Memorandum and Order dated May 15, 2007, the Court requested that HipSaver make a supplemental proffer of evidence relating to its causation and damages arguments. In response, HipSaver filed a supplemental report of its damages expert, Dr. Roy Epstein on May 24 ("May 24, 2007, Supplemental Report of Dr. Epstein"). At the final pretrial conference that took place yesterday morning at 10:00 A.M., the parties discussed the effect of this supplemental offering. The Court required that (1) HipSaver produce its 2006 invoices (the source data used to create the 2006 summary data relied on by HipSaver and its expert) to Posey; and (2) HipSaver make its principal, Mr. Edward Goodwin, and its damages expert, Dr. Epstein, available for deposition in California. HipSaver agrees to make both Mr. Goodwin and Dr. Epstein available for deposition. However, given the time constraints on both parties, travel to California is unnecessary, overly burdensome, and logistically impossible. For these

1

reasons, discussed below, HipSaver seeks leave from this court to allow these depositions to go forward by video/telephone deposition *at HipSaver's expense.*

HipSaver does not contest that Posey is entitled to depose Mr. Goodwin and Dr. Epstein regarding all new issues raised in the May 24, 2007, Supplemental Report of Dr. Epstein. These new issues are limited to (1) 2006 HipSaver sales data; and (2) 2006 DermaSaver sales data. Given the limited scope of these depositions, Posey will need to depose each witness, at most, for two to three hours. This time is hardly worth the trip to California and is unduly burdensome on the parties, as they are preparing for the June 11, 2007 trial.

Furthermore, the scheduling of these depositions is impossible. Posey seeks to depose these witnesses after it has time to review HipSaver's data but with enough time remaining to prepare a supplemental expert damages report of its own before the start of trial. Posey has already rejected HipSaver's suggestion that the depositions be taken on June 8, 2007, and instead suggested that the depositions be taken on days when it knows that HipSaver lead counsel Ed Dailey will not be available (June 4 and 5, 2007). Accordingly, the available period is June 6th and June 7th; HipSaver counsel is available all day, June 6th and all day June 7th for video/teleconference depositions. However, travel to California for these days is impossible, especially given that both HipSaver and Posey are scheduled to be in Portland, Oregon to tape the trial testimony of HipSaver's biomechanical expert, Dr. Hayes, who is unavailable for trial, on June 9, 2007.

**THEREFORE**, In a good faith attempt to find a resolution to the scheduling dilemma, HipSaver requests an order that the depositions take place by video/teleconference with both telephone and video capabilities. HipSaver suggests that

Posey's local counsel attend the deposition in person and assist with exhibits. Furthermore, HipSaver agrees to assume all costs related to the telephone/video conference needs and transcripts and discs for Posey. HipSaver is available all day on June 6, 2007, and all day June 7, 2007, for video/telephone conference depositions.

### CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that on May 30, 2007, counsel for HipSaver and counsel for Posey conferred by telephone in a good faith attempt to resolve or narrow the issues presented in this motion but were unable to reach agreement.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 30, 2007


### CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish

02820/00502  677031.1