# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
THE HIPSAVER COMPANY, INC.,                 )
                                            )
    Plaintiff,                              )
                                            )
v                                           )   Civil Action No. 05-10917 PBS
                                            )
J.T. POSEY COMPANY,                         )
                                            )
    Defendant.                              )
                                            )
_____)

### RESPONSE BY THE HIPSAVER COMPANY TO THE COURT'S REQUEST FOR BRIEFING REGARDING FINDINGS OF INTENT TO DECEIVE AND WILLFULNESS AND EVIDENCE OF THE 2004 LITIGATION AND SETTLEMENT AGREEMENT

During the Pretrial Conference of May 29, 2007, this Court asked whether false advertising willfulness or intent to deceive are questions of fact, to determine the relevance of evidence of the 2004 litigation and settlement agreement ("2004 Litigation and Settlement Agreement") between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company ("Posey"). After further review of the case law, it is clear that determinations of willfulness and intent to deceive are both questions of fact. Evidence of the 2004 Litigation and Settlement Agreement is relevant to these questions of fact, and accordingly the Court should admit such evidence.

### ARGUMENT

**A.**    **Whether a Party Had Intent to Deceive is a Question of Fact**

Posey's intent to deceive is relevant to HipSaver's burden of proof regarding consumer deception: A finding of Posey's the intent to deceive consumers relieves

HipSaver of proving the false advertising element of consumer deception. *Cashmere & Camel Hair Mfgs. Inc. v. Saks Fifth Ave.*, 284 F.3d 302, 316 (1st Cir. 2002) ("It is well established that if there is proof that a defendant intentionally set out to deceive or mislead consumers, a presumption arises that customers in fact have been deceived"). Evidence of past advertising conduct is relevant to the jury's determination of whether the defendant held the requisite intent to deceive. *JTH Tax, Inc. v. H&R Block Eastern Tax Servs., Inc.*, 128 F.Supp.2d 926, 938 (E.D. Va. 2001) (finding that past advertising conduct and prior notice of false advertising was relevant to determination of intent to deceive).

While HipSaver maintains that the challenged statements in the Garwood advertisement are literally false (which would create another presumption of consumer deception), Posey argues that at least one statement may, at best, be found implicitly false. The 2004 Litigation and Settlement Agreement would be relevant to a finding of consumer deception, should the challenged advertising statement be found implicitly false. And, Posey's intent to deceive consumers will be even more relevant if Posey tries to rebut the presumption that the literal falsity of its ads deceived consumers.

A determination of intent is generally a fact question for the jury. *Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982)("Treating issues of intent as factual matters for the trier of fact is commonplace."). Specifically, intent to deceive in false advertising cases is a fact question for the jury. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1332-1336 (8th Cir. 1997) (affirming a false advertising jury instruction on defendant's intent to deceive); *DP Wagner Mfg. Inc. v. Pro Patch Systems, Inc.*, 434 F.Supp.2d 445, 456 (S.D.Tex. 2006)(stating that intent to deceive in a patent marking and

2

false advertising case is a factual determination); *United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1183 (8th Cir. 1998)( stating that "unless commercial claim is literally false, or <u>trier of fact has determined that competitor acted willfully with intent to deceive or in bad faith</u>, party seeking relief under false advertising section of Lanham Act bears ultimate burden of proving actual deception by using reliable consumer or market research")(emphasis added); *People v. Chas. E. Austin, Inc.*, 301 Mich. 456, 460; 3 N.W.2d 841, 842 (stating that a determination of intent to deceive in a false advertising case is a question of fact)(Mich. 1942)

**B.     Whether Posey's False Advertising was Willful is a Questions of Fact**

A determination regarding Posey's willfulness is relevant to an award of attorney's fees because Lanham Act attorney's fees may be awarded where the Lanham Act violation was willful. *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 31 (1st Cir. 2002)(affirming a $500,000 attorney's fees award under the Lanham Act based in part on a jury finding that Lanham violation was willful).

For purposes of awarding Lanham Act attorney's fees, willfulness is also a question of fact. *Gnesys, Inc. v. Green*, 437 F.3d 482, 488 (6th Cir. 2005) (affirming Lanham Act attorney's fees award and stating that "the issue of whether [defendant's] violation was willful is a fact-based question"). A court makes the decision whether to award attorney's fees, but a court may consider a jury finding of willfulness in making that decision. *Tamko Roofing Prods.*, 282 F.3d at 31 (affirming a $500,000 attorney's fees award under the Lanham Act based in part on a jury finding that Lanham violation was willful).

## CONCLUSION

Whether Posey engaged in false advertising willfully or with intent to deceive consumers are therefore questions of fact. Evidence of the 2004 Litigation and Settlement Agreement is relevant to answering both of these questions of fact.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 31, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish


02820/00502  677250.1