# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
THE HIPSAVER COMPANY, INC.,                   )
    Plaintiff / Counterclaim Defendant,       )
                                              )
v                                             )     Civil Action No. 05-10917 PBS
                                              )
J.T. POSEY COMPANY,                           )
    Defendant / Counterclaim Plaintiff.      )
                                              )
_____)

**ASSENTED-TO EMERGENCY MOTION BY HIPSAVER TO WITHDRAW ITS SUPPLEMENTAL EXPERT REPORT AND FOR TELEPHONE CONFERENCE WITH THE PARTIES TO DISCUSS HIPSAVER'S REQUEST FOR A BRIEF OPPORTUNITY FOR FURTHER SUPPLEMENTATION**

In this Court's Memorandum and Order dated May 15, 2007, the Court requested that HipSaver make a supplemental proffer of evidence relating to its causation and damages arguments. In response, HipSaver filed a supplemental report of its damages expert, Dr. Roy Epstein on May 24 ("May 24, 2007, Supplemental Report of Dr. Epstein").

In response to HipSaver's supplemental report, counsel for Posey filed a Motion to Strike the May 24, 2007, Supplemental Report of Dr. Epstein May 29, 2007, arguing in part that the report failed to consider a distinction in HipSaver's financial data between sales made to the Veteran's Health Administration ("VHA"), and sales made to non-VHA facilities. Posey correctly asserted that, based on deposition testimony of Mr. Goodwin, HipSaver's principal, and on a declaration of Mr. Goodwin, in which Mr. Goodwin asserted that VHA sales were not affected by the Garwood ad, a distinction between VHA and non-VHA sales should have been considered as part of the evaluation

1

of the increase in overall HipSaver US sales in 2006. HipSaver's expert, Roy J. Epstein, PhD agrees that this distinction is material and that his analysis cannot be sustained without separating VHA and non VHA sales. This information is available from the data to be produced by HipSaver today in response to the court's order on Tuesday, May 29, 2007. Therefore, with assent by Posey, HipSaver requests withdrawal of Dr. Epstein's supplemental report.

HipSaver notes that in its haste to respond to the Court's Memorandum and Order dated May 15, 2007, and to prepare for trial, counsel did not recall Mr. Goodwin's earlier testimony and declaration drawing the distinction between VHA and non VHA sales and therefore failed to alert Dr. Epstein to address the point. As such, this was inadvertent.

HipSaver requests a telephone conference at the court's earliest opportunity to consider its request to evaluate the sales data to be produced to Posey today and to offer a revised supplemental report which distinguishes between VHA and non VHA sales by the close of business in Boston on Monday June 4th. Posey has agreed to a telephone conference. Posey does not agree to the substance of HipSaver's request.

CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that on May 31, 2007, counsel for HipSaver and counsel for Posey conferred by telephone in a good faith attempt to resolve or narrow the issues presented in this motion. Counsel for Posey agreed to the withdrawal of the May 24, 2007, Supplemental Report of Dr. Epstein and to a conference with the Court this afternoon, if the Court is available.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 31, 2007


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish

02820/00502  677548.1