UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | Civil Action No. 05-10917 PBS |
| Plaintiff, | |
| v. | ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | |

**REPLY MEMORANDUM IN SUPPORT OF POSEY'S EMERGENCY MOTION
FOR SANCTIONS FOR FAILURE TO PRODUCE**

**I.  THERE IS NO MERIT TO HIPSAVER'S CONTENTION THAT THE COURT ONLY ORDERED IT TO PRODUCE ELECTRONIC DATABASES**

In opposition to Posey's motion, HipSaver simply ignores the elephant in the room. Which is to say, in opposition to Posey's motion for summary judgment on HipSaver's claims, HipSaver has contended both that, as a consequence of Posey's accused advertising, HipSaver's 2006 sales were flat as compared to 2005 and that its 2006 sales increased significantly over 2005. The former contention was contained in the declaration of its president, Edward Goodwin. The latter was contained in the "supplemental" report of one of its experts (which report has now been withdrawn).

HipSaver's total about-face with respect to its 2006 sales and its late production of a chart purporting to summarize those sales raise legitimate concerns about the accuracy of the numbers in HipSaver's Filemaker Pro and Excel databases. As a consequence, Posey asked the Court to order, and the Court did order, HipSaver to produce, not its computerized records which are

subject to manipulation, but hard copies, i.e., photocopies, of <u>the actual paper invoices</u> that HipSaver sent to its customers for the period from 2004-2006.

There is simply no merit to HipSaver's contention that "everybody" understood "invoices" to mean HipSaver's Filemaker Pro and Excel databases. And it is completely irrelevant what Posey accepted from HipSaver regarding its damages allegations prior to the time HipSaver changed its position regarding its alleged 2006 sales. As the Court stated at the Final Pretrial Conference, "[W]e're in a new world." *See* Exhibit "A" to Motion (excerpt of hearing transcript), at 15:20-16:1.

## II. HIPSAVER ADMITS THAT IT HAS NOT COMPLIED WITH THE COURT'S ORDER THAT IT PRODUCE ITS INVOICES AND, INDEED, IT DOES NOT APPEAR THAT HIPSAVER INTENDS TO DO SO

In opposition to the instant motion, HipSaver says that it has hard copies of the invoices it sent to its customers and hard copies of its credit card sales receipts up until September 2006. However, it also says that it is going to produce records only from September 2005 through September 2006.

The Court ordered HipSaver to produce its records from 2004 through 2006, not from September 2005 through 2006. HipSaver's refusal to produce its invoices for the period from January through 2004 through August 2005 constitutes an intentional disregard of the Court's order. Therefore, sanctions are appropriate.

## III. THE COURT SHOULD DISMISS HIPSAVER'S COMPLAINT

In considering Posey's motion for sanctions, the Court should consider HipSaver's conduct in context. If this were the first time that HipSaver had failed to comply with one of this Court's orders and the Federal Rules of Civil Procedure, it would be one thing. But it is not. On

the contrary, it is but the latest example of HipSaver's disregard for the Court's orders and the Federal Rules. In particular:

    1.    HipSaver was sanctioned twice for failing to produce witnesses for depositions.

    2.    HipSaver ignored the original discovery completion deadline as a consequence of which Magistrate Judge Collings had to extend the discovery cutoff date for HipSaver.

    3.    HipSaver failed to submit its initial expert reports on time. After Posey timely served its reports, Magistrate Judge Collings amended the scheduling order to enlarge HipSaver's time to serve its reports. Thus HipSaver had the benefit of having Posey's expert reports when preparing its own.

    4.    HipSaver never supplemented its interrogatory responses or its initial disclosures to put Posey on notice that it was changing its theory of damages.

    5.    In response to the Court's request for admissible evidence that would be sufficient to avoid summary judgment, HipSaver submitted the "supplemental" expert report of Epstein despite the fact that it had never supplemented Epstein's report as required by FRCP 26(e).

HipSaver has ignored this Court's orders and the Federal Rules throughout the course of this case, all without any serious consequences. However, courts frequently dismiss cases pursuant to Rule 37(b)(2) for the same type of conduct employed by HipSaver throughout this case. *See, e.g., Marx v. Kelly, Hart & Hallman*, 929 F.2d 8, 10-11 (1st Cir. 1991) (deliberate pattern of delay and disregard for court procedures warranted dismissal); *Serra-Lugo v. Consortium-Las Marias*, 271 F.3d 5, 6 (1st Cir. 2001) (case dismissed after repeated violations of discovery orders); *Penthouse Intern., Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371 (C.A.N.Y. 1981) (dismissal appropriate when plaintiff refused to produce certain of its financial records pursuant to the court's order, where requested data bore directly on plaintiff's claim);

*Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236 (C.A. Mo. 1977) (antitrust action dismissed due to plaintiff's flagrant noncompliance with court orders).

The Court should do the same here.

## IV.     **CONCLUSION**

For HipSaver's refusal to abide by this Court's May 29, 2007 order, Posey's motion for sanctions should be granted and the Court should dismiss HipSaver's complaint or, alternatively, preclude it from introducing evidence at trial regarding information contained in its 2004-2006 invoices, including evidence of its 2004-2006 sales.

> J.T. POSEY COMPANY
>
> By its attorneys,
>
> /s/ Anthony J. Fitzpatrick
> Anthony J. Fitzpatrick (BBO # 564324)
> DUANE MORRIS LLP
> 470 Atlantic Avenue, Suite 500
> Boston, MA 02210
> 857.488.4200
>
> Jeffrey G. Sheldon (*Pro hac vice*)
> Douglas H. Morseburg (*Pro hac vice*)
> SHELDON MAK ROSE & ANDERSON
> 100 E. Corson Street, 3d Floor
> Pasadena, CA  91103-3842
> 626.796.4000

June 4, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

June 4, 2007                               /s/ Anthony J. Fitzpatrick
                                                  Anthony J. Fitzpatrick