# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

THE HIPSAVER COMPANY, INC.,        )
     Plaintiff / Counterclaim Defendant,   )

                         )

v                         )     Civil Action No. 05-10917 PBS

                         )

J.T. POSEY COMPANY,          )
     Defendant / Counterclaim Plaintiff.   )     *Hearing Requested*

                         )

_____)


### HIPSAVER'S MOTION AND MEMORANDUM FOR LEAVE TO  FILE DR. EPSTEIN'S EXPERT REPORT REVISED TO CONSIDER A REFINEMENT OF CERTAIN DATA IN HIS PRIOR REPORT

The HipSaver Company, Inc. ("HipSaver") hereby requests leave to file a report revised by its expert economist, Roy J. Epstein, Ph.D., which only is revised to take into account a refinement (suggested by Posey's expert) of the underlying data upon which Dr. Epstein relied in his previously submitted expert report.  Specifically, Dr. Epstein's Revised Expert Report will revise his Expert Report, filed May 24, 2007[1] in order to specifically address the underlying data concerning HipSaver sales he originally considered with respect to any difference between sales made to Veterans Health Administration facilities and sales made to non-Vereterans Health Administration facilities as suggested by Posey's expert.  The Revised Expert Report is otherwise unchanged and HipSaver anticipates that Dr. Epstein will complete his revision today. Thus, submission of Dr. Epstein's Revised Expert Report does not prejudice Posey.

---

[1]  Dr. Epstein's May 24, 2007 expert report was filed at the Court's invitation following the Court's decision on the parties cross-motions for summary judgment.

**FACTS**

In its May 15, 2007, summary judgment, this Court invited HipSaver to submit admissible evidence proving injury suffered by HipSaver after 2004 as a result of injury caused by Posey's false advertising. Memorandum and Order [D.N. 282] at 31.  In response, HipSaver submitted such evidence in the form of argument and the supplemental expert report of Roy J. Epstein on May 24, 2007.  Supplemental Submission Response by The HipSaver Company, Inc. to the Court's Request for Additional Evidence Supporting Its Claim of Causation and Injury. [D.N. 271].  In his expert report, Dr. Epstein presented evidence that HipSaver's 2006 U.S. sales markedly increased after the challenged advertising was removed, suggesting that Posey's Garwood advertising depressed HipSaver sales, causing injury to HipSaver.[2]  This theory is consistent with Posey's own damages expert report that stated, "[I]f the allegedly false Garwood references resulted in lower HipSaver sales, it would be expected that higher monthly sales would occur when the references were discontinued."  Report of Creighton Hoffman and Philip Green, February 16, 2005, at p. 6.

Posey objected to HipSaver's Supplemental Submission, arguing in part that HipSaver's proffer of total U.S. sales failed to account for earlier testimony by its principal predicting a distinction between sales to Veterans Health Administration facilities and non-Veteran's Health Administration facilities. Motion of J.T. Posey Company to Strike So-Called "Supplemental" Report of Roy J. Epstein and Response to Submission of HipSaver [No Docket Number Given]. In this earlier testimony, Mr. Goodwin stated that Veteran's Administration facilities were

---

[2] Posey stopped distributing the Garwood advertising in August 2005.  The evidence showed that HipSaver sales increased slightly in the end of 2005 during the rehabilitation period and increased markedly in 2006.  Specifically, during the period of accused advertising, HipSaver's monthly sales averaged $58,769 per month. From September 2005 through December 2005, HipSaver's sales averaged $69,461 per month. And, for the 2006 calendar year, HipSaver's average monthly sales further increased to $75,057 per month. *See* Supplemental Expert Report of Roy J. Epstein, May 24, 2006 at ¶5.

2

largely immune from the false advertising because the VA network conducts its own quality and launderability testing and is therefore, a better informed consumer.  Posey's objection argues that, if Mr. Goodwin's previous statements were correct, HipSaver's analysis of only total U.S. sales data for 2006 ignores the possibility that the increase in total U.S. sales in 2006 could have reflected only an increase in VA sales.

HipSaver's expert, Roy J. Epstein, PhD, agrees that a distinction between VHA and non-VHA sales could be material and wishes to take into account this distinction. The data previously produced to Posey by HipSaver in September 2006 and on Thursday, May 31, 2007, allows consideration of this issue.[3]  Accordingly, HipSaver filed an Assented-To Emergency Motion to Withdraw the Supplemental Expert Report on May 31, 2007 [D.N. 280], and requested that this Court hold a hearing for HipSaver to seek leave to submit a Revised Expert Report, consistent with its previous submission but additionally separating the VHA and non-VHA sales.

HipSaver anticipates that Dr. Epstein will complete his revised expert's report today.

## ARGUMENT

### I.     HIPSAVER SHOULD NOT BE FORECLOSED FROM ALLOWING ITS EXPERT TO IMMEDIATELY ADDRESS THE REFINEMENT OF THE DATA SUGGESTED BY POSEY'S EXPERT

HipSaver immediately responded to Posey's objection and its expert should not be foreclosed from addressing the refinement suggested by Posey.  In response to Posey's objection, Hipsaver immediately withdrew its Expert Report and instructed its expert to consider the refined data suggested by Posey.  HipSaver should be permitted to file Dr. Epstein's revised report addressing this data.

---

[3] In fact, data from September 2005 through September 13, 2006 was produced to Posey in September 2006.  Only the sales data from September 14, 2006 through December 31, 2006 was produced to Posey for the first time on May 31, 2007.

II.    **THE REVISED REPORT IS CONSISTENT WITH THE PRIOR EXPERT REPORT; HIPSAVER DOES NOT SEEK TO PROFFER A NEW DAMAGES THEORY OR TO RELY ON NEW EVIDENCE**

HipSaver's Revised Supplemental Expert Report is wholly consistent with HipSaver's previously filed expert reports.  HipSaver does NOT seek to offer a new damages theory.  Nor does Dr. Epstein's Revised Expert Report relate to or rely on new evidence.

A.    **HipSaver's Revised Expert Report Will Confirm HipSaver's Damages Theory:** *HipSaver Sales Rebounded After the Garwood Advertisements Were Removed*

HipSaver's Supplemental Expert Report offered evidence of HipSaver's total 2006 sales data.  This sales data showed a marked increase in sales in 2006, indicating that HipSaver sales rebounded once the Garwood advertisements were removed.

HipSaver anticipates that Dr. Epstein's Revised Expert Report will not change his conclusion because this same 2006 sales data shows that non-VHA sales alone increased markedly in 2006.  This analysis confirms that Dr. Epstein's conclusion in his Supplemental Expert Report also applies to non-VHA sales.  Specifically, this data shows that HipSaver's non-VHA sales rebounded after the Garwood advertisements were removed from the marketplace.  This analysis also rules out the possibility that the marked increase in 2006 sales resulted only from an increase in VHA sales.

HipSaver maintains that a marked increase in sales after the Garwood ad was withdrawn suggests that the Garwood ads depressed sales.  This theory of injury, set forth in both HipSaver's Supplemental Report and this Revised Supplemental Report, key to Posey's own suggested theory of causation and injury.  *See* Report of Creighton Hoffman and Philip Green, February 16, 2005, at p. 6 ("[I]f the allegedly false Garwood references resulted in lower HipSaver sales, it would be expected that higher monthly sales would occur when the references were discontinued").

**B.**     **HipSaver's Revised Expert Report Relies on Previously Produced Sales Data**

HipSaver's Revised Supplemental Report relies on the same 2005-2006 sales data relied upon by HipSaver's Supplemental Expert Report.

In its Revised Expert Report, HipSaver simply further parses the 2006 data to look specifically at sales made to VHA facilities and sales made to non-VHA facilities. All data used to make this distinction has already been produced to Posey.[4]  In fact, Posey could have separated VHA and non-VHA sales data from September 2005 through September 2006 nine months ago.

**III.    ALLOWING HIPSAVER'S REVISED SUBMISSION DOES NOT CAUSE PREJUDICE TO POSEY**

The admission of HipSaver's Revised Supplemental Expert Report will not prejudice Posey.  HipSaver's Revised Submission directly and promptly responds to Posey's objection and therefore, does not create any surprise. Further, as stated above, HipSaver's Revised Supplemental Report does not offer any new argument, new theory of injury, or new evidence. The Report simply provides further analysis of HipSaver's earlier submission by separately analyzing the VHA and non-VHA sales that make up the total U.S. 2006 sales, as requested by Posey.

**CONCLUSION**

For these reasons, HipSaver respectfully requests Leave of this Court to Submit a Revised Supplemental Submission and Expert Report or alternatively, to allow HipSaver to present such evidence at trial.

---

[4] The invoice data for September 2005 through September 2006 was produced to Posey in September 2006; the remaining data was produced to Posey on May 31, 2007.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that on June 4, 2007, counsel for the parties conferred by telephone in a good faith attempt to resolve or narrow the issues presented in this motion but were unable to reach agreement.

Dated: June 4, 2007

Respectfully submitted

The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish


02820/00502  678838.2

6