UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-10917 PBS |
| ) | |
| J.T. POSEY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO STRIKE SO-CALLED "SUPPLEMENTAL" EXPERT REPORT OF ROY J. EPSTEIN**

Defendants move for leave to file a reply brief in support of their Emergency Motion To Strike So-Called "Supplemental" Expert Report Of Roy J. Epstein, in order to address arguments raised by plaintiff in its opposition to the motion. Defendant's proposed reply brief is submitted herewith.

Pursuant to Local Rule 7.1(A)(2), counsel for Posey has conferred with plaintiff's counsel regarding this motion. Plaintiff's counsel has indicated that plaintiff will not assent to the motion.

WHEREFORE, Defendant respectfully requests that the Court grant it leave to file a reply brief in support of its Emergency Motion To Strike So-Called "Supplemental" Expert Report Of Roy J. Epstein.

J.T. POSEY COMPANY

By its attorneys,

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4220

Jeffrey G. Sheldon *(admitted pro hac vice)*
Douglas H. Morseburg *(admitted pro hac vice)*
SHELDON MAK ROSE & ANDERSON PC
225 South Lake Avenue, Suite 900
Pasadena, CA  91001
(626) 796-4000

June 6, 2007

## CERTIFICATE OF SERVICE

     I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the Court to the Registered Participants identified in the Notice of Electronic filing.

June 6, 2007                                  /s/ Anthony J. Fitzpatrick
                                                           Anthony J. Fitzpatrick

DM2\1158342.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | Civil Action No. 05-10917 PBS |
| Plaintiff, | |
| v. | ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | |
| Defendant. | |

**[PROPOSED] REPLY MEMORANDUM IN SUPPORT OF
POSEY'S EMERGENCY MOTION TO STRIKE SO-CALLED
"SUPPLEMENTAL" EXPERT REPORT OF ROY J. EPSTEIN**

HipSaver brought its claims against Posey in this matter *over two years ago*. In all that time, it has not been able to identify a single customer that it lost, or that Posey gained, as a consequence of Posey's accused ads. Nor has it been able to identify any other way in which it was damaged. In the face of Posey's motion to strike, HipSaver's own expert now disavows his latest report, leaving HipSaver with nothing except its own say-so that its sales were depressed as a consequence of Posey's accused ads. HipSaver has no evidence sufficient to get to trial, and therefore the time has come for the Court to put this case to rest by granting summary judgment in favor of Posey.

**I.    FACTS**

Posey moved for summary judgment on HipSaver's complaint nearly 6 months ago on the grounds that, among other things, HipSaver had no evidence that it had been damaged by Posey's accused advertising. The Court ruled on the motion on May 15, 2007. In its order, the Court found (i) that HipSaver had provided an expert report on damages, but that the report "fail[ed] to meaningfully address causality" and (ii) that HipSaver had failed to identify any lost

customers or lost opportunities which post-dated the settlement of the first litigation between the parties ("Posey I").  D.N. 228, at 30.

Notwithstanding HipSaver's inability to identify any injury or to tie its alleged injury to Posey's advertising, the Court gave HipSaver another chance to "present admissible evidence of post-settlement damages [that does not] invite jury speculation" and it gave HipSaver until May 29, 2007, to "make a proffer of evidence supporting causation and a theory of damages consistent with [its] ruling."  D.N. 228, at 31.

HipSaver's proffer was filed on May 24.  It consisted of (i) a memorandum styled as a "submission", (ii) a chart purporting to set forth HipSaver's U.S. sales for the period from 2001 through 2006, (iii) an alleged summary of its "DermaSaver" products, (iv) a so-called "supplemental" report of its damages expert, Roy J. Epstein, Ph.D. ("Epstein").  In his "supplemental" report, Epstein noted that HipSaver's chart showed that its sales increased in 2006 and, without any analysis whatsoever, Epstein concluded that the increase was evidence that HipSaver's sales had been depressed during the time Posey made reference to the Garwood testing in its ads.  Epstein also said the DermaSaver sales summary supported his conclusion.

On May 29, Posey moved to strike the "supplemental" Epstein report on various procedural and substantive grounds, and asked the Court to enter summary judgment in favor of Posey.  See D.N. 276.  Two days later, HipSaver itself asked for leave to withdraw the report and for further leave to file a different supplemental report.  D.N. 280.  On June 4, the Court denied HipSaver's request to file a different supplemental report and it ordered HipSaver to respond to Posey's motion to strike.  That same day, HipSaver withdrew its motion for leave to withdraw the Epstein report.  D.N. 289.  Then, on June 5, HipSaver (i) opposed Posey's motion to strike

(D.N. 291), but (ii) changed course on the "supplemental" Epstein report yet again, renewing its motion for leave to withdraw the report. D.N. 293.

If the Court grants HipSaver's renewed motion to withdraw the Epstein report, HipSaver will be left with a damages expert report that the Court has already ruled "fails to meaningfully address" the causal relationship between Posey's accused ads and HipSaver's alleged injury. D.N. 228, at 30.

## II. THE DECLARATION OF HIPSAVER'S PRESIDENT AND THE SALES SUMMARIES HIPSAVER HAS SUBMITTED IN OPPOSITION TO POSEY'S MOTION ARE INSUFFICIENT TO RAISE A TRIABLE ISSUE WITH RESPECT TO THE ISSUES OF DAMAGE AND CAUSATION; THEREFORE, POSEY IS ENTITLED TO SUMMARY JUDGMENT ON HIPSAVER'S CLAIMS

In its ruling on Posey's motion for summary judgment, this Court has already found that HipSaver's expert Epstein was "shooting from the hip" when he opined in his initial report of September 16, 2006 that there was an "indication" that HipSaver had suffered injury from Posey's accused advertising. D.N. 228, at 30. In an attempt to remedy the problem, Epstein submitted a so-called "supplemental" report. Yet HipSaver has now abandoned that report, by asking the Court to permit withdrawal thereof. D.N. 280, 293.

Having abandoned Epstein's supplemental expert report, HipSaver now offers the declaration of its president, Edward Goodwin, and four exhibits which, according to Goodwin anyway, (i) <u>in</u>correctly summarize HipSaver's sales for the period from 2001 through September 2006 (Exhibit 1), (ii) correctly summarize its sales for the period from October 2004 through September 2006 (Exhibit 2), (iii) correctly summarize its non-Veterans Affairs sales for the period from October 2004 through September 2006 (Exhibit 3), and (iv) summarize its sales of its new DermaSaver product to some large chain homes during the period from 2005 through the present.

Taken together, the above materials are not sufficient to raise a triable issue of fact with regard to the issue of injury or the issue of causation. Goodwin's declaration does not state that the summaries demonstrate injury or causation and, even if it did, it would be probative of nothing.[1] *See, e.g., Blue Dane Simmental Corp. v. American Simmental Ass'n*, 178 F.3d 1035, 1043 (8th Cir. 1999) (upholding judgment for defendant where plaintiff's evidence established only "that they believed that their sales had dropped because of the introduction of [defendant's product]."); *3M Innovative Properties Co. v. DuPont Dow Elastomers, LLC*, 361 F.Supp.2d 958, 973 (D. Minn. 2005) ("a reasonable jury could not find that [the defendant's] alleged false advertising is the cause of [the plaintiff's] claimed damages"; expert report that "simply calculates damages after assuming that the false advertising caused [plaintiff's] lost profits . . . does not provide any insight into or evidence on causation"; "the change in the parties' sales positions is simply that, a change . . . [that] has not been linked to the specific advertising claims challenged . . . a critical omission"; "the testimony of [the plaintiff's] witness establishes only the witness' assumption or belief that lost sales can be attributed to [the defendant's] advertising generally. But this is an insufficient evidentiary basis on which to avoid summary judgment. In sum, [the plaintiff] has not accounted for customer purchasing decisions that were made for reasons other than the challenged advertising.").

Moreover, Goodwin is not an expert and he is simply not qualified to express an opinion as to either the cause or the significance of any alleged sales increase. Fed. R. Civ. Proc. 702, 703. Anything he has to say on either subject would be sheer speculation.

---

[1] HipSaver's contention, that Posey's expert posited that an increase in sales would support an inference of causation, is wrong. As Philip Green explained in his declaration filed in support of Posey's motion to strike the Epstein report, the identification of a sales trend is the starting point, not the ending point, of a damages analysis. Once a trend is identified, it is then necessary to determine the cause of the trend.

Furthermore, when it issued its ruling on Posey's motion for summary judgment, the Court gave HipSaver until May 29, 2007 to make a proffer of admissible evidence. May 29 has come and gone and it is now simply too late for HipSaver to submit new material so that it can attempt to change its damages theories five days before trial.

Finally, the materials HipSaver is trying to submit constitute hearsay and they have no indicia of reliability, a fact brought out by Goodwin himself in his declaration. *See* Goodwin Decl., ¶ 5 (admitting that previously submitted summary was incorrect).

Because the Goodwin declaration and the exhibits attached to it fail to raise any triable issues regarding damage or causation, the Court should grant summary judgment in favor of Posey and against HipSaver on the claims set forth in HipSaver's First Amended Complaint.

**III.    THE COURT SHOULD STRIKE HIPSAVER'S NEW EXHIBITS BECAUSE THEY WERE NOT TIMELY DISCLOSED AS REQUIRED BY RULE 26(e)**

HipSaver's attempt to use information relating to its DermaSaver product in support of its damages claim (Exhibit 4 to Goodwin declaration) is particularly offensive. In the past two years, HipSaver has never once mentioned the term "DermaSaver" in its disclosures or in its discovery responses. As a consequence of its failure to disclose that it intended to use or rely on information relating to "DermaSaver", HipSaver is precluded from using it or relying on it at trial or in any hearing. Fed. R. Civ. Proc. 26(e), 37(c)(1).

The same goes for its "revised" sales summary for the period from October 2003 through October 2006 and its summary of non-VA sales. (Exhibit 2 and Exhibit 3 to Goodwin declaration). Since they were never previously disclosed, they are excluded. See Emergency Motion of J.T. Posey for Sanctions for Untimely Production of Altered Evidence (being filed today, June 6, 2007).

IV.  **CONCLUSION**

Because HipSaver has no competent evidence sufficient to raise an issue of fact as to HipSaver's alleged injury and the cause of that injury, the Court should grant Posey summary judgment on HipSaver's First Amended Complaint.

Dated: June 6, 2007                                 J.T. POSEY COMPANY

                                                       By its attorneys,

                                                     /s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

Jeffrey G. Sheldon *(Pro hac vice)*
Douglas H. Morseburg *(Pro hac vice)*
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA  91103-3842
626.796.4000

**CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

June 6, 2007                                            /s/ Anthony J. Fitzpatrick
                                                             Anthony J. Fitzpatrick