UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
THE HIPSAVER COMPANY, INC., )
)
      Plaintiff, )
)
  v. ) CIVIL ACTION NO. 05-10917-PBS
)
J.T. POSEY COMPANY, )
)
      Defendant. )
)

**ORDER**

June 6, 2007

Saris, U.S.D.J.

    This order addresses certain outstanding issues raised by Plaintiff HipSaver, Inc. ("HipSaver") and defendant J.T. Posey Company ("Posey") at the pre-trial conference held on May 29, 2007.

    First, under the settlement and principles of judicial estoppel, Posey may not pursue its claim based on HipSaver's allegedly false representations regarding the launderability and durability of Posey's new hip protector product line introduced in the fall of 2005. Posey admits that this product was under development during the first litigation, and came to market shortly after the execution of the settlement agreement. See, e.g., Zedner v. United States, 126 S. Ct. 1976, 1987 (2006) (discussing judicial estoppel); see also Posey's Statement of Uncontroverted Facts, ¶ 21 (admitting that representations

substantially similar to those challenged in the first litigation but not addressed by the settlement agreement would be permitted to continue). HipSaver's motion to exclude testimony of Posey's launderability expert (Docket No. 243) is **ALLOWED**.

Next, Posey may introduce evidence at trial of HipSaver president Edward Goodwin's knowledge regarding the continued dissemination of the Garwood advertisements through 2003-2004 to show that claims based on those ads are barred by the settlement agreement.

Finally, with regard to damages, HipSaver may not, at this stage of the proceedings, introduce any new evidence of its 2006 sales of its DermaSaver product. This evidence is untimely, and would unfairly prejudice Posey.

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge

2