UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
THE HIPSAVER COMPANY, INC.,               )
    Plaintiff                             )
                                          )
v.                                        )   Civil Action No. 05-10917 PBS
                                          )
J.T. POSEY COMPANY, INC.,                 )
    Defendant.                            )
                                          )
_____)


**HIPSAVER'S OPPOSITION TO POSEY COMPANY'S EMERGENCY MOTION
FOR SANCTIONS FOR UNTIMELY PRODUCTION OF ALTERED EVIDENCE**

    This trumped up Emergency Motion is a Trojan Horse which has a single purpose: to prejudice the trial court with another flurry of sanctions claims and a high voltage suggestion of evidence tampering. HipSaver has *not* produced altered evidence, and its production of database, spreadsheet, and complete paper records for three years of sales over the course of six days, even if it was initially slowed by a misunderstanding of the Defendant's demand and the court's order for paper records, hardly rises to the level of an emergency or a sanctionable event.

    **1.    <u>Posey's Claim of "Altered" Data is Frivolous and Misleading</u>**

    While the claim of "altered" data is clearly the most serious charge hurled at HipSaver today, a simple reading of the Declaration of Posey's Mr. Green demonstrates the flimsy nature of this allegation.

    In his Declaration, Mr. Green first acknowledges that he has been aware since at least mid-October 2006, that there were data errors and discrepancies in HipSaver's

1

FilemakerPro database and Excel spreadsheet data submitted during discovery. In the ensuing eight months and prior to the last minute flurry of sanction motions, Posey has objected that these errors are material and has not sought explanation, correction, or supplementation of these data errors. Presumably, neither Posey nor Mr. Green thought those errors were significant enough to bother with. Assuming similar errors in the rushed production just before trial, what has changed? Why are Posey and Mr. Green now so alarmed at discrepancies which are truly insignificant? And how can Posey be possibly prejudiced when it now has the paper source records to verify accuracy and to confirm error at the click of a mouse (all of the paper records are in pdf format)?

Consider Mr. Green's evidence of "substantial unexplained changes":

- Mr. Green cites *one* invoice in the "2007" database production which varies by about $1500 from the same invoice listing in the 2006 database production. Mr. Green fails to note that he has the paper invoice from HipSaver which, as the best evidence, confirms the correct number for this invoice. And Mr. Green and Posey utterly fail to acknowledge that a single $1500 error or even several such errors on annual sales of more than $700,000 are *not* material and do not constitute "altered data". It is simply an error made by two people, Mr. Goodwin and Ms. Brogna, who operate a company with less than ten employees and who do not have the resources to retain a billing staff or an accountant.

- Mr. Green next argues that the "2007" database has fewer records than the 2006 database production. He does not tell us what "fewer" amounts to. Is it one, five, ten? Again, why can't it be verified by simple reference to the paper records? And why have Mr. Green and Posey failed to acknowledge Mr. Goodwin's earlier

2

  Declaration to the court where he stated that he removed some invoices from the "2007" database - thus resulting in fewer records - because some foreign sales had been mis-categorized as US sales. This declared attempt at greater accuracy cannot be a sanctionable alteration.

- Mr. Green then makes the bogus claim that the "2007" database incorrectly attributes DermaSaver *"revenues"* to HipSaver. This assertion is patently misleading. As a CPA with some presumed expertise with databases, Mr. Green surely understands that a database record of sales invoices is ***not*** a record of revenues; so he cannot misstate it as such. He surely knows also that HipSaver's revenues *are* recorded in the Excel spreadsheet. And by simple subtraction or reference to the paper records, he can verify that the spreadsheet has HipSaver only revenues. There is no aggregation with DermaSaver revenue.

- Last, Mr. Green complains that the Excel spreadsheet for 2006 is not consistent with the information contained 2006 FilemakerPro database. He doesn't deem it important to tell us exactly what is "not consistent" – leaving HipSaver to guess but implying "contumacious" conduct to the court. As noted above, Mr. Green made the same claim that data was "not consistent" in October 2006; yet, for eight months, neither he nor Posey thought it was so material as to even bother with a request for explanation or supplementation. But if it is material, Mr. Green can at least tell us what precisely is not consistent. At the same time, he can readily reconcile inconsistent data because he has all of the paper records.

3

**2.      Data Errors Do Not Amount to "Altered" Data**

As noted above, Posey has been aware of but not alarmed by HipSaver data errors for eight months. It is only when the Defendant senses an opportunity for disruption in the tension just before trial that it hurls sanction and alteration claims with abandon. Stepping back from so much heat, however, the issue here is accuracy and reliability – not alteration. Since Posey and Mr. Green have the source data, HipSaver's paper records, they can readily verify data and confirm errors. And should they deem those errors to be so material as to undercut database or spreadsheet information, their remedy is to object at trial if the database or spreadsheet is offered. That, of course, will require them to demonstrate material error in place of the frivolous offerings made in Mr. Green's Declaration.

**3.      The Database and Spreadsheet Data are Not Untimely**

Posey's "emergency, sanctions" argument for exclusion of the just produced "2007" database and spreadsheet information is grounded in an argument about discovery which completely misses the point. Production of the database and spreadsheet data have nothing to do with the discovery schedule in this case. Rather, the database and spreadsheet data were produced *at Posey's demand* and in response to the court's May 29th order for HipSaver invoice data. Posey now has the information, including all of the source data, but apparently does not like the implications of some of the data. So, now it is attempting to scuttle the data with a misdirection argument.

Having demanded this information and having obtained an order for the information, Posey cannot argue that it should be suppressed because discovery is closed. Posey asked the court to open discovery when it simply could have pressed a motion *in*

4

*limine* to exclude production of any such information after the close of discovery. It ignored that alternative and cannot now rescue itself with a misleading claim that it is HipSaver which is acting in an untimely fashion. HipSaver has simply walked through the door Posey opened when it repeatedly demanded this information last week.

## CONCLUSION

For the reasons stated here, Posey's Motion should be denied.


THE HIPSAVER COMPANY, INC.
By its Attorneys,

/s/  Edward J. Dailey
Lee Carl Bromberg
BBO No.:  058480
Edward J. Dailey
BBO No.:  112220
Courtney M. Quish
BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
edailey@bromsun.com
June 7, 2007


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Edward J. Dailey
June 7, 2007


02820/00502 682102.1

5