UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J.T. POSEY COMPANY,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Civil Action No. 05-10917 PBS |

**MEMORANDUM OF POINTS AND AUTHORITIES RE CAUSATION AND DAMAGES**

**I.  INTRODUCTION**

At the hearing on June 7, 2007, the Court requested the parties to provide legal authority regarding causation and damages in a false advertising case. Posey responds as follows:

**II.  HIPSAVER MUST PROVIDE EVIDENCE OF DIVERTED SALES OR A LESSENING OF GOODWILL IN ORDER TO RECOVER MONETARY RELIEF**

The leading treatise on Lanham Act violations is McCarthy on Trademarks and Unfair Competition. With respect to awards of damages in false advertising cases, Professor McCarthy states:

> "If plaintiff seeks damages based upon its own lost sales or upon defendant's profits, plaintiff is faced with the traditional problems of proving an actual diversion of customers from itself to defendant. Compared to the showing necessary to obtain an injunction, a higher standard of proof is required to recover damages. For example, plaintiff must prove that at least some customers have been actually deceived, and that plaintiff has been injured by reason of actual consumer reliance on the false advertising. Such actual deception and resulting customer reliance can be proven not only by evidence of actual diversion of sales

to defendant, but actual deception can be shown by customer surveys or by testimony of a dealer, distributor or customer."

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 27.42.

1. <u>A Higher Standard of Proof Is Required To Recover Damages Than to Receive An Injunction.</u>

The First Circuit has held that in trademark and unfair competition cases, there is a "clear distinction" between the showing required to establish a right to injunctive relief and a right to damages. *Aktiebolaget Electrolux v. Armatron Intern., Inc.*, 999 F.2d 1, 5 (1st Cir. 1993) (quoting *Camel Hair and Cashmere Inst. v. Associated Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir. 1986). Thus, "[w]here an advertising claim is shown to be literally false, the court may enjoin the use of the claim without reference to the advertisement's impact on the buying public." *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62 (2nd Cir. 1992). However, to recover monetary damages for false advertising, a party must show that it suffered actual harm to its business, such as a diversion of sales. *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.3d 154, 161 (1st Cir. 1977); *see also Cashmere & Camel Hair Manufacturers Inst. v. Saks Fifth Avenue*, 284 F.3d 302, 311 (1st Cir. 2002).

The First Circuit has delineated four rules that apply to the award of monetary damages under the Lanham Act. These are: 1) a plaintiff seeking damages must prove actual harm, such as a diversion of sales to the defendant; 2) a plaintiff seeking an accounting of the defendant's profits must show that the products directly compete, such that the defendant's profits would have gone to the plaintiff in the absence of a violation; 3) the general rule of direct competition is loosened if the defendant acted fraudulently or was guilty of "palming off" inferior goods such that actual harm may be presumed; and 4) damages may awarded under an unjust enrichment or deterrence theory, but only where the defendant's conduct is so inequitable, it warrants bypassing the usual rule of harm. *Aktiebolaget Electrolux*, 999 F.2d at 5.

2

Notwithstanding the foregoing general rules, however, damages are not automatically awarded whenever a plaintiff proves actual harm. On the contrary, the case law is clear that where the damage is slight and the defendant's conduct is not flagrant, an injunction satisfies the equities of the case and damages are inappropriate. *Electronics Corp. of America v. Honeywell*, 358 F.Supp. 1230, 1234 (D. Mass. 1973) (citing *Champion Spark Plug v. Sanders*, 331 U.S. 125, 131-32, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947)). *See, e.g., Holmes Group, Inc. v. RPS Products, Inc.*, 424 F.Supp.2d 271, 292 (D. Mass. 2006) (plaintiff's vice president's testimony that defendant's comparative advertisements could tarnish its name and adversely affect its goodwill was enough to find a likelihood of harm to maintain action for injunctive relief; however, the same evidence was insufficient to support claims for money damages).

Finally, at least one district court in this Circuit has held that, in a false advertising case such as this, in which the plaintiff is seeking to recover the defendant's profits as a proxy for its own losses, the remedy of an accounting should be limited to cases in which there was comparative false advertising that specifically mentioned the plaintiff's product or where there were deceptive acts which would lead consumers to mistake the defendant's product for the plaintiff's. *Eckel Ind., Inc. v. Primary Bank*, 26 F.Supp.2d 313, 317-18 (D.N.H. 1998). Such is not the case here.

2. <u>The First Circuit Does Not Recognize a Presumption of Damage Unless the Accused Advertising Is Comparative Advertising That Specifically Targets the Plaintiff's Products.</u>

*Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 693-695 (6th Cir. 2000) provides a comprehensive discussion of possible presumptions available to HipSaver. Courts have held that when a statement is literally false, a plaintiff need not demonstrate actual confusion. However, this rule

"has never permitted plaintiff to recover marketplace damages without other proof that such damages occurred. Rather this rule has been stated in suits in which the plaintiff sought injunctive relief, or literal falsity was not found, or marketplace damages were not awarded under the Lanham Act; or literal falsity was accompanied by other proof of marketplace damages."

*Id.* at 693 (citations omitted).

HipSaver has contended in this case that it is entitled to a presumption of damages because (i) some of Posey's advertising statements were literally false and (ii) Posey and it are competitors. Some courts have applied a presumption of damages under these circumstances. However, as far as Posey is aware, no First Circuit case has applied such a presumption.

Moreover, the presumption as been limited to situations in which the defendant has made false comparative statements that make specific reference to the plaintiff's products. *Id.* at 694; *Porous Media Corp v. Pall Corp.*, 110F.3d 1329, 1334-1336 (8th Cir. 1997) (noting that "[I]n a suit for money damages where a defendant misrepresented its own product but did not specifically target a competing product, plaintiff may be only one of many competitors, and without proof of causation and specific injury each competitor might receive a windfall unrelated to its own damage"); *3M Innovative Properties Co. v. DuPont Dow Elastomers, LLC*, 361 F.Supp.2d 958, 973 (D. Minn. 2005) (no known cases where that has been a presumption of causation not involving comparative advertising).

Posey's advertisements targeted by HipSaver are not comparative advertisements and do not specifically target HipSaver's product. Thus, HipSaver must prove causation and specific injury.

      3.      <u>HipSaver's Evidence Is Not Sufficient to Raise a Triable Issue Of Fact With Regard to the Issue of Injury Or the Issue Of Causation.</u>

4

HipSaver here has no direct evidence of causation.  It has only its own subjective belief that it has been damaged and its own expert will not even opine that it has suffered injury. Courts confronted with similar evidence to that offered by HipSaver have typically dismissed plaintiff's claims for monetary relief.  *See, e.g., Blue Dane Simmental Corp. v. American Simmental Ass'n*, 178 F.3d 1035, 1043 (8th Cir. 1999) (upholding judgment for defendant where plaintiff's evidence established only "that they believed that their sales had dropped because of the introduction of [defendant's product]."); *3M Innovative Properties Co. v. DuPont Dow Elastomers, LLC*, 361 F.Supp.2d 958, 973 (D. Minn. 2005) ("a reasonable jury could not find that [the defendant's] alleged false advertising is the cause of [the plaintiff's] claimed damages"; expert report that "simply calculates damages after assuming that the false advertising caused [plaintiff's] lost profits . . . does not provide any insight into or evidence on causation"; "the change in the parties' sales positions is simply that, a change . . . [that] has not been linked to the specific advertising claims challenged . . . a critical omission"; "the testimony of [the plaintiff's] witness establishes only the witness' assumption or belief that lost sales can be attributed to [the defendant's] advertising generally. But this is an insufficient evidentiary basis on which to avoid summary judgment.  In sum, [the plaintiff] has not accounted for customer purchasing decisions that were made for reasons other than the challenged advertising.").

*See also, Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701, 705-706, 709-710 (Fed. Cir. 2005) (sworn testimony from the plaintiff's employees and distributors that customers told them at trade shows that they would not buy the Plaintiff's product because they did not like defendant's similar product was insufficient to prove destruction of marketability for monetary damages); *Aktiebolaget Electrolux v. Armatron International*, 29 F.Supp. 458, 468 (D. Mass. 1992) (Woodlock, J.) (a survey that arguably showed name association confusion was not proof of diverted sales or customer confusion sufficient to obtain monetary relief), aff'd, 999

5

F.2d 1, 5 (1st Cir. 1993); *Quabaug Rubber Co.*, 567 F.2d at 162 (testimony by plaintiff's president of his belief that plaintiff's reputation had been injured by defendant's conduct was insufficient to support a monetary award); *Three Blind Mice Designs Co., Inc. v. Cyrk, Inc.*, 892 F.Supp. 303, 314 (D. Mass. 1995) (Saris, J.) (plaintiff's decline in yearly revenue from $59,471.52 to $50,832.48 was insufficient to show diversion or other measurable damage, because such a small decline could be due to other factors).

In support of its case, HipSaver has consistently pointed to *Cashmere & Camel Hair Manufacturers Institute v. Saks Fifth Avenue*, 284 F.3d 302, 311 (1st Cir. 2002) in support of its position that the Court may infer damage here and present the case to a jury. In *Cashmere*, the Court held that there was a disputed issue of fact regarding causation and damages sufficient to survive motion for summary judgment. However, that case is distinguishable from the present one because the plaintiff in *Cashmere* presented evidence that defendant's fabric had lower cost due to falsely advertised ingredients, resulting in a price advantage and *specifically identified lost sales*. *Id.* at 318-320.

HipSaver has offered no evidence of actual diversion of sales or other damages. Nor has HipSaver offered customer surveys or testimony of a dealer, distributor or customer to support its claim for monetary relief.

### III.   HIPSAVER HAS NO EVIDENCE OF CAUSATION OR OTHER DAMAGES

In support of its case, HipSaver is not able to point to anything admissible beyond the different growth rates of Posey and HipSaver which it previously submitted in opposition to Posey's motion for summary judgment and this Court has already found differential growth rates alone to be insufficient to support HipSaver's claims of monetary damages and causation. DN. 228, Memorandum And Order of May 15, 2007. HipSaver has failed to come forth with anything.

### IV. AN AWARD OF DEFENDANT'S PROFITS NEEDS TO HAVE A RATIONAL RELATIONSHIP TO THE HARM SUFFERED BY THE PLAINTIFF

Damages recoverable by a plaintiff in a false advertising case "shall constitute compensation and not a penalty." 15 U.S.C. §1117(a). The Lanham Act "was not intended to provide a windfall" to a plaintiff. *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.3d 154, 161-162 (1st Cir. 1977).

The First Circuit has articulated three justifications for awarding to plaintiff an accounting of the defendant's profits: (1) as a rough measure of the harm to plaintiff; (2) to avoid unjust enrichment of the defendant; or (3) if necessary to protect the plaintiff by deterring a willful infringer from further infringement." *Tamko Roofing Product, Inc. v. Ideal Roofing Company, Ltd.*, 282 F.3d 23, 36 (1st Cir. 2002). None of these justifications are found here.

Plaintiff is only entitled to profits for diverted sales. *Burndy Corp. v. Teledyne Industries, Inc.*, 584 F.Supp. 656 (D.Conn. 1984) (no damages awarded, because plaintiff did not prove that any of defendant's sales would have gone to plaintiff. If the plaintiff "seeks an accounting for the defendant's profits, the plaintiff usually must show direct competition such that the defendant's profits would have been its own absent the infringement." *Aktiebolaget Electrolux v. Armatron International*, 29 F.Supp. 458, 468 (D. Mass. 1992).

HipSaver has never earned a profit and it has wholly failed to provide evidence of a single lost sale, that Posey has been unjustly enriched, or that an accounting of Posey's profits is necessary to protect the plaintiff by deterring a willful infringer from further infringement. Accordingly, HipSaver is not entitled to Posey's profits.

### V. HIPSAVER'S CLAIM FOR OVER $700,000 OF POSEY'S PURPORTED PROFITS BEARS NO RATIONAL RELATIONSHIP TO ANY HARM HIPSAVER MAY HAVE SUFFERED

The court has already stated:

"HipSaver will not be permitted to grab a pocketful of Posey's profits without evidence linking the false advertisements to HipSaver's allegations of injury." That is exactly what Hipsaver is attempting to do through Dr. Epstein's calculation of $700,000 plus in profits, without any linking between those purported profits in any harm that may have been suffered by HipSaver.

## VI.  CONCLUSION

For the foregoing reasons, Posey's motion for summary judgment should be granted.

Dated: June 11, 2007                    Respectfully submitted,

                                        J.T. POSEY COMPANY
                                      By its attorneys,

                                      /s/ Anthony J. Fitzpatrick
                                      Anthony J. Fitzpatrick (BBO # 564324)
                                      DUANE MORRIS LLP
                                      470 Atlantic Avenue, Suite 500
                                      Boston, MA 02210
                                      (617) 289-9200

                                      Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                      Douglas H. Morseburg, Admitted Pro Hac Vice
                                      SHELDON MAK ROSE & ANDERSON
                                      100 E. Corson Street, Third Floor
                                      Pasadena, CA  91003
                                      (626) 796-4000

**CERTIFICATE OF SERVICE**

I certify that a copy of this document has been forwarded by electronic mail today to Plaintiff's counsel of record, Edward J. Dailey, Esq., BROMBERG SUNSTEIN, LLP, 125 Summer Street, 11th Floor, Boston, Massachusetts 02110-1618, Edailey@bromsun.com.

Dated: June 11, 2007                             /s/ Anthony J. Fitzpatrick