UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| Plaintiff, ) |  |
| v. ) |  |
| J.T. POSEY COMPANY, ) |  |
| Defendant. ) |  |
| AND RELATED COUNTERCLAIM. ) |  |

**RESPONSE OF POSEY TO HIPSAVER "STATEMENT" REGARDING SUBMISSION OF ITS 2006 SALES DATA**

In each of the last two hearings, HipSaver has assured the Court that, in the fall of 2006, it produced all of its sales data for the period from January 1, 2006 through September 13, 2006. It now admits that these assurances were untrue and that, just as Posey contended, key sales data for 2006 was not produced until May 31, 2007, i.e., two days *after* the Final Pre-Trial Conference.

Notwithstanding the fact that its 2006 data was produced late and that its representations to the Court were untrue, HipSaver still contends that it should be permitted to use it because excluding it would be prejudicial. It is HipSaver's late submission of new causation theories, late production of sales information, request to accommodate Mr. Dailey's vacation schedule, and inaccurate representations to the court that caused this trial to be continued, all to Posey's

prejudice. For HipSaver to benefit from its own misdeeds would be unfair to Posey and make a mockery of the Federal Rules of Civil Procedure and this court's scheduling order.

Finally, HipSaver's recently filed "statement" is really a motion for relief from the automatic exclusion provisions of Rule 37(c)(1). Thus, Posey will respond to it as such. The short answer to HipSaver's motion is that, as a consequence of its latest admission, there is no question but that HipSaver's 2006 sales data must be excluded. The only real issue is whether HipSaver's case should be dismissed, as well.

I.  **AT THE VERY LEAST, HIPSAVER'S 2006 SALES DATA MUST BE EXCLUDED; THE COURT, HOWEVER, SHOULD CONSIDER WHETHER TO IMPOSE FURTHER SANCTIONS AGAINST HIPSAVER PURSUANT TO RULE 37(C)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in essence, that a party who fails to make the automatic disclosures of information required by Rules 26(a) or 26(e)(1), or who fails to amend a prior incorrect or incomplete discovery response, as required by Rule 26(e)(2), "**is not** . . . permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Rule 37(c)(1) further provides that, in addition to, or in lieu, of an evidentiary sanction, the Court may, after affording the affected party the opportunity to be heard, impose other appropriate sanctions, including (i) the payment of reasonable attorneys' fees caused by the failure, and (ii) any other sanction authorized by Rule 37(b)(2), subsections (A), (B) and (C). The sanctions authorized by subsections (A), (B) and (C) include an order that designated matters be deemed established, an order precluding certain claims or defenses or prohibiting the introduction of evidence on an issue, and an order dismissing the action. *See* Fed. R. Civ. Proc. 37(b)(2).

2

### A. HipSaver Is Automatically Excluded From Using Its 2006 Sales Data At Trial.

As set forth in Posey's second motion in limine, DN 232, Posey served HipSaver with interrogatories in this case asking it to "state the basis for" its contention that it had been damaged as a consequence of Posey's accused ads. Posey also asked HipSaver to produce documents that supported its damages contentions. Because it decided to rely upon its 2006 sales information in support of its damage claim, HipSaver was required to produce all of that information to Posey, at the very latest, by May 1, 2007, which was the deadline for making final pretrial disclosures under Rule 26(e). HipSaver gave Posey some information in the fall of 2006. However, HipSaver admits that the information it produced lacked key elements without which it was impossible to gain a complete understanding of HipSaver's 2006 sales and revenues.

Having failed to give Posey complete 2006 sales information and having offered no explanation whatsoever for that failure, HipSaver is now automatically precluded from using its 2006 sales information at trial. Fed. R. Civ. Proc. 37(c)(1); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benficiencia de Puerto Rico*, 248 F.3d 29, 33 (1st Cir. 2001) (sanctions provision in Rule 37(c) is "self-executing"; exclusion of expert report for failure to include required information affirmed); *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) (Rule 37(c) contemplates strict adherence to discovery rules and harsh sanctions for breaches; "the required sanction in the ordinary case is mandatory preclusion").

The preclusion applies to HipSaver's use of that information for any purpose. *Cf. Klonoski*, 156 F.3d at 270-71 (Rule 37(c) is a preclusion of the subject evidence at trial).

### B. The Court Should Consider Imposing More Serious Sanctions Against HipSaver.

At this point, HipSaver has told three different stories about its failure to produce its 2006 sales data. Its first story was set out in the document entitled "HipSaver's Supplemental

Submission of Evidence Supporting Its Claim of Causation and Injury" (the "Submission"), which formed part of HipSaver's proffer. DN 271. There, HipSaver claimed, at pages 1, 3 and 7, that its 2006 sales data regarding its hip protector and its DermaSaver products was "newly available". The purpose of characterizing its 2006 sales data as "newly available", of course, was to give the Court and Posey the impression that it could not have produced the data earlier because it was simply not available.

The second story was told in open court, when HipSaver insisted (on two occasions) that all of its sales information through September 13, 2006 had been produced in the fall of 2006.

The third story appears in HipSaver's latest filing, DN 305, in which it now says that its sales information was not produced until May 31, 2007 because it was simply "overlooked".

HipSaver's three stories cannot all be true. Thus, it would appear that someone is trying, or has tried, to mislead Posey and the Court with respect to the production of its sales data. Also, HipSaver's opportunistic flip-flopping is not taking place in a vacuum and its conduct must be considered in context.

Specifically, during discovery, HipSaver was sanctioned twice for failing to produce witnesses for deposition. Electronic Order dated 11/11/05 re DN 40 Motion to Compel, Electronic Order dated 03/02/06 re DN 68 Motion to Compel. It missed the deadline for serving written discovery requests and had to be rescued by the Magistrate Judge, who extended the discovery deadline nunc pro tunc so that its second request for production could be considered timely. Electronic Order dated 03/02/06 granting DN 94 Motion to Compel. HipSaver designated its experts on the day it was required to, but it failed to provide any expert reports. Even though Posey timely served its reports, HipSaver was again rescued by the Magistrate Judge, who set new deadlines for expert reports and expert discovery. DN 116 Order on DN 103 Plaintiff's Motion to Extend Discovery.

4

In addition, HipSaver never supplemented its discovery responses to put Posey on notice that it was going to contend that its 2006 sales data was relevant to its causation theory. Neither did it ever disclose that it had a new product (DermaSaver) that had made inroads to the "big chain" market and that it was going to contend that this fact was relevant to causation and/or damages. Finally, in response to the Court's request for a proffer regarding causation and injury, HipSaver submitted the supplemental Epstein report, DN 271, Exhibit "B", even though it had never disclosed the report as required by Rule 26(e). And in the "submission" it filed in connection with its proffer, DN 271, it asserted facts (those related to DermaSaver, for example) that were not mentioned anywhere in the record and that had never been the subject of a written discovery request, a written discovery response, a deposition question or, even, a deposition answer. Finally, just last week, HipSaver was hit with its third discovery sanction when the Court excluded post-September 13, 2006 sales data. DN 298.

The bottom line is this – either through inadvertence or design, HipSaver has throughout the course of this case ignored just about every scheduling deadline and every Federal Rule, all without serious consequences. Now, it wants the Court to let it use 2006 sales data which it has contended at various times (i) was not previously available, (ii) was previously disclosed in the fall of 2006, and (iii) was not previously disclosed because it was inadvertently overlooked. Under the circumstances, the Court should not only exclude evidence of HipSaver's 2006 sales data at trial, it should consider whether additional, and more serious, sanctions against HipSaver are warranted.

**II.    HIPSAVER'S ARGUMENT THAT IT SHOULD BE PERMITTED TO RELY ON 2006 SALES DATA AT TRIAL BECAUSE IT WILL BE PREJUDICED IS MERITLESS; AND, CONTRARY TO WHAT HIPSAVER SAYS, POSEY HAS ALREADY BEEN GRAVELY PREJUDICED BY HIPSAVER'S DELAYS**

In asking the Court to permit it to rely on its 2006 sales data, HipSaver says that Posey will not be prejudiced by the admission of the data because the Court has granted a continuance. Thus, HipSaver contends, at this point, Posey is merely being "inconvenienced". By contrast, HipSaver contends, it would suffer real prejudice if it were not permitted to use the data which prejudice is too high a price to pay for an incomplete production. HipSaver's argument is meritless.

First of all, the evidentiary exclusion provided for in Rule 37(c)(1) is automatic and it is not dependent upon prejudice to the non-producing party. *See, e.g., Ortiz-Lopez*, 248 F.3d at 33 (sanctions provision in Rule 37(c) is "self-executing"). Thus, prejudice to Posey is irrelevant. If prejudice to Posey were relevant, however, Posey has suffered it.

For purposes of litigation, a party suffers "prejudice" where its opponent takes some action that impairs the party's ability to go to trial or that threatens to interfere with the rightful decision of the case. *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Here, Posey's financial experts rendered their supplemental opinion on October 16, 2006. That opinion was based, in part, upon 2006 sales information contained in HipSaver's Filemaker Pro database. As it turns out, that sales information was incomplete because HipSaver had failed to produce the Excel spreadsheet that complements the database. In the event there is a trial, HipSaver's counsel will undoubtedly attempt to use that fact to undermine Posey's experts. This threatens to interfere with a rightful decision in the case. Thus, there is prejudice.

Second, if HipSaver had wanted to be relieved from the consequences of its failure to produce its 2006 sales information, then it should have made a showing that its failure to disclose

6

was (i) "substantially justified", and (ii) harmless. *See* Fed. R. Civ. Proc 37(c)(1). HipSaver has made no such attempt and, even if it had tried, it would not have succeeded because Posey has definitely been greatly harmed by the failure to disclose. For one thing, its financial experts spent untold hours trying to get a handle on HipSaver's 2006 sales and they prepared their supplemental report based, in large part, upon the numbers they were given. The money Posey paid them was wasted, of course, because the information they were looking at was woefully incomplete, as HipSaver now admits. In addition, Posey has also had to pay to have its counsel criss-cross the country several times just to listen to HipSaver assure the Court that all data up through September 13, 2006 was produced in the fall of 2006. It has also had to take two depositions and it faces the prospect of having to take more if HipSaver is permitted to use its 2006 numbers.

Third, the production of the 2006 sales data (or, more accurately, the lack of production) was totally within HipSaver's control. If there is any prejudice to HipSaver, it has no one to blame but itself. And, as the party at fault, if there is any burden to bear, HipSaver should bear it, not Posey. This is particularly true given the cavalier approach HipSaver has taken to discovery and calendaring deadlines throughout the case.

Fourth, Rule 37(c)(1) is intended to penalize parties who do not take their discovery obligations seriously. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). Permitting HipSaver to use the 2006 sales data would essentially reward it for flouting the rules. *See Licciardi v. TIG Ins. Group*, 140 F.3d 357, 367 (1st Cir. 1998) ("Such conduct should not be rewarded.").

Fifth, the use of sanctions to enforce the discovery rules is also intended to deter others who might be tempted to violate those rules. *National Hockey League*, 427 U.S. at 642-43, 96

7

S.Ct. 2778. Thus, the failure to enforce Rule 37(c)(1) here would undermine the policy of the law.

### III. DESPITE HIPSAVER'S STATEMENTS TO THE CONTRARY, THE COURT DID LIMIT HIPSAVER'S PROFFER TO EVIDENCE THAT WAS OF RECORD AT THE TIME THE PARTIES FILED THEIR MOTIONS FOR SUMMARY JUDGMENT

In its recently filed "statement", Hipsaver also contends that when the Court gave it permission to make a proffer, the Court did not intend to limit its proffer to evidence that was already of record. Thus, says HipSaver, information that was never previously disclosed, such as its list of "big chain homes" to which it has allegedly sold DermaSaver products, is admissible. Although it does not specifically say so, HipSaver apparently thinks other previously undisclosed information should come in, as well.

In making this argument, HipSaver is essentially saying that, by giving it permission to make a proffer of admissible evidence, the Court (i) contravened the previous scheduling order that set the discovery, expert discovery, and Rule 26(a)(3) disclosure deadlines, and (ii) gave it *carte blanche* to bring into the case whatever new matter it wanted. HipSaver's argument is plainly frivolous.

At the hearing on the parties' motion for summary judgment, the Court stated that, if information was not already in the record, HipSaver could not use it to oppose Posey's motion for summary judgment. It reiterated the point at the hearing on Monday, June 11, 2007, when it *specifically* stated that it allowed HipSaver to "rework" its injury and damage theory in a manner consistent with the summary judgment ruling, provided that the underlying data had been produced.

There is simply no merit to HipSaver's contention that, as a consequence of the fact that the Court gave HipSaver permission to make a proffer, it is now "anything goes." If there is a

8

trial (and there should not be), HipSaver must be limited to making arguments and presenting facts that were in the record at the time the parties filed their motions for summary judgment. This necessarily excludes HipSaver's DermaSaver argument which HipSaver never presented in any way, shape or form until May, 24, 2007, when it made its proffer.

### IV. CONCLUSION

With all due respect, HipSaver's request that the Court allow it to rely on its 2006 sales data calls to mind the story of the man who, when found guilty of murdering his parents, threw himself upon the mercy of the court and asked for leniency because he was, after all, an orphan. The Court should deny HipSaver's request that it be permitted to present evidence at trial regarding its 2006 sales. It should also clarify once and for all that HipSaver's proffer was limited to information that was in the record on December 11, 2006, when the parties made their motions for summary judgment.

Dated: June 13, 2007                    Respectfully submitted,

                                        J.T. POSEY COMPANY
                                        By its attorneys,

                                        /s/Douglas H. Morseburg_____
                                        Jeffrey G. Sheldon, Admitted Pro Hac Vice
                                        Douglas H. Morseburg, Admitted
                                               Pro Hac Vice
                                        SHELDON MAK ROSE & ANDERSON
                                        100 E. Corson Street, Third Floor
                                        Pasadena, CA  91003
                                        (626) 796-4000

                                        Anthony J. Fitzpatrick (BBO # 564324)
                                        DUANE MORRIS LLP
                                        470 Atlantic Avenue, Suite 500
                                        Boston, MA 02210
                                        (617) 289-9200

## **CERTIFICATE OF SERVICE**

      I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

June 13, 2007　　　　　　　　　　　　　　　　/s/ Donald K. Piper_____
　　　　　　　　　　　　　　　　　　　　　　Donald K. Piper