DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

ANTHONY J. FITZPATRICK
DIRECT DIAL: 857.488.4220
*E-MAIL:* ajfitzpatrick@duanemorris.com

*www.duanemorris.com*

June 29, 2007

VIA ECF

The Honorable Patti B. Saris
United States District Judge
United States District Court, District of Massachusetts
Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

        Re:    **The HipSaver Company, Inc. v. J.T. Posey Company**
               **Case No. 05-10917-PBS**

Dear Judge Saris:

        I am writing on behalf of defendant J.T. Posey Company ("Posey"), further to my conversation with Mr. Robert Alba on June 26, 2007. Mr. Alba requested that we advise the Court as to the availability of Posey's witnesses for trial, in the event the Court does not allow Posey's renewed motion for summary judgment.

        Two of Posey's expert witnesses, Dr. Edward Abrams (who was formerly known as Dr. Edward Ebramzadeh) and Mr. Gary Reich, have significant scheduling issues in the month of July 2007. Specifically, Dr. Abrams, Posey's technical expert, is completely unavailable during the month of July. He is available during the period from August 6 through August 24, 2007. However, as a consequence of his pre-existing professional commitments, Dr. Abrams will be available on only a limited basis after August 27, 2007. Mr. Reich, Posey's marketing expert, is unavailable during the following periods: July 2-6, July 16-20 and July 30-August 10. In addition, two of Posey's lay witnesses, Mr. Ernest Posey and Ms. Victoria Lewis, are also unavailable before July 24.

        As a consequence of the foregoing, if a trial is necessary, Posey requests that it be set for the period commencing on August 13, 2007 and ending by August 24, 2007. As an alternative, Posey requests that it be scheduled for the period commencing on August 6 and ending by August 17, 2007.

DuaneMorris

The Honorable Patti B. Saris
June 29, 2007
Page 2

A trial during either of these two periods will permit Dr. Abrams and Mr. Reich to testify live. By contrast, if the trial were scheduled during the month of July or after August 27, 2007, it is likely that either Dr. Abrams or Mr. Reich would not be able to testify live, which would be prejudicial to Posey.

In the event it is not possible to schedule the trial in August, we can determine the availability of our witnesses later in the year. In September, the undersigned is scheduled for trial in two other cases: *MIT, et al. v. ImClone Systems, Inc.,* Case No. 04-10884-RGS; and *Miller, et al. v. Treado, et al.,* Case No. 05-10367-RWZ.

The Court's ruling on Posey's renewed motion for summary judgment will resolve which, if any, of its three causation theories HipSaver will be permitted to pursue at trial. In the event the Court permits HipSaver to pursue either or both of its two new causation theories (i.e. the DermaSaver sales theory and the VA sales vs. non-VA sales theory), Posey requests leave to conduct expedited discovery concerning those new theories, because they were not raised until after the close of discovery. Specifically, Posey requests leave to conduct limited and expedited discovery on the new theories, including:

    (i)    the names and addresses of the customers who HipSaver claims purchased DermaSaver products during the period in question;

    (ii)    the quantum of DermaSaver products each such customer purchased during the period in question;

    (iii)    the quantum of hip protector products each such customer purchased both before and during the period in question;

    (iv)    the reasons these customers did not purchase HipSaver hip protector products; and

    (v)    the reasons these customers began to purchase DermaSaver products, including information relating to the purported advantages of DermaSaver products over competitive products.

DuaneMorris

The Honorable Patti B. Saris
June 29, 2007
Page 3


       Posey also requests permission to supplement its expert reports to deal with HipSaver's
new causation theories.  Finally, Posey requests that the Court order HipSaver to pay the
reasonable costs, including attorneys' fees, incurred by Posey in connection with the foregoing
discovery and supplemental expert reports.

                                        Respectfully yours,

                                        Anthony J. Fitzpatrick

AJF/kmf

cc:    Jeffrey G. Sheldon, Esq.
       Douglas H. Morseburg, Esq.
       Edward J. Dailey, Esq.
       Courtney M. Quish, Esq.

DM2\1190164.1