# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE HIPSAVER COMPANY, INC., | ) | Civil Action No. 05-10917 PBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.T. POSEY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DOUGLAS H. MORSEBURG
## REGARDING FEES AND EXPENSES INCURRED
## AS A RESULT OF PLAINTIFF'S DISCOVERY VIOLATIONS

I, Douglas H. Morseburg, declare:

1.      I am an attorney with the law firm of Sheldon Mak Rose & Anderson and I am one of the attorneys responsible for representing J.T. Posey Company, Inc. ("Posey") in this case. As such, I am personally familiar with the facts set forth below and, if called as a witness and properly sworn, I could and would testify to them from my own personal knowledge, except as where stated on information and belief and, as to those facts, I believe them to be true.

2.      I make this declaration in connection with the Memorandum and Order entered in this matter on July 19, 2007 (D.N. 312) in which the Court, among other things, (i) imposed discovery sanctions against HipSaver pursuant to Rule 37(c) of the Federal Rules of Civil Procedure ("Rule 37(c)"), (ii) precluded HipSaver from introducing at trial any evidence not produced to Posey prior to May 1, 2007, (iii) ordered HipSaver to pay the attorneys' fees and expenses incurred by Posey as a consequence of its discovery violations, and (iv) directed Posey to submit a declaration supporting the attorneys' fees and expenses it incurred.

036 Declaration of DHM re Fees & Expenses.doc

3.      Attached to this declaration as Exhibit "A" is a chart which sets forth the names of all attorneys and paralegals who billed time to the instant case during the period from May 7, 2007 through the present (the "Relevant Period") in connection with tasks that were necessitated by, or undertaken as a consequence of, HipSaver's failure to provide the discovery and to make the disclosures required of it by the Federal Rules of Civil Procedure prior to May 1, 2007. Those persons who have an "A" after their names are attorneys. Those persons with a "P" after their names are paralegals.

4.      The persons identified in Exhibit "A" are employed by two different law firms, i.e., the firm of Sheldon Mak Rose & Anderson ("SMRA") in Pasadena, California and the firm of Duane Morris ("DM") in Boston, Posey's local counsel. Exhibit "A" specifies which attorneys and paralegals work at which firm.

5.      Exhibit "A" also sets forth (i) the rate at which each attorney and paralegal's time was billed, (ii) the number of hours of each person's time for which Posey is seeking reimbursement, (iii) the total fees for which Posey is seeking reimbursement, and (iv) the total expenses for which Posey is seeking reimbursement. As can be seen from Exhibit "A", the fees and expenses for which Posey is seeking reimbursement total $126,362.76. Of this amount, $73,831.00 represents fees. The balance, $52,531.76, represents expenses. Posey has been billed for, and it either has paid or is responsible for paying, all of these fees and expenses. In addition, the Court should note that the rates which SMRA bills Posey for work performed in connection with this matter are approximately 7% lower than the firm's standard billing rates.

6.      Attached to this declaration as Exhibit "B" is a detailed listing of the activities performed by the attorneys and paralegals at SMRA during the Relevant Period and which are summarized on Exhibit "A". Exhibit "B" was prepared at my direction from SMRA's computerized billing records by my assistant, Cassandra Scardino, with the assistance of Michael Frasier, SMRA's controller. Those computerized billing records were generated directly from the firm's main computer system. The information in the firm's main computer system is, in turn, compiled from the contemporaneous time records kept by each of the attorneys and paralegals at SMRA. To the best of my knowledge, the computerized billing records in the

2

firm's main computer system truly and correctly summarize the time spent by the attorneys and paralegals at SMRA in connection with each of the matters the firm handles.

7.      Attached to this declaration as Exhibit "C" is a detailed listing of the activities performed by the attorneys and paralegals at DM during the Relevant Period and which are summarized on Exhibit "A". Exhibit "C" was prepared from DM's July 10, 2007 invoice for services rendered to Posey in connection with this matter for the period from June 1, 2007 through June 30, 2007. I have been informed by Anthony Fitzpatrick of DM, and I believe, that DM's July 10, 2007 invoice was generated directly from DM's main computer system, that the information in DM's main computer system is, in turn, generated from the contemporaneous time records kept by each of the attorneys and paralegals at DM, and that to the best of Mr. Fitzpatrick's knowledge, the computerized billing records in DM's main computer system truly and correctly summarize the time spent by the attorneys and paralegals at DM in connection with each of the matters DM handles.

8.      Exhibits "B" and "C" do not include all of the time billed in this case by SMRA and DM personnel during the Relevant Period. On the contrary, they only include work performed in connection with tasks that resulted from (i) the production by HipSaver in September, 2006 of a FileMaker Pro Database that contained incomplete information regarding its sales of hip protection products for the period from January 1, 2006 through approximately September 13, 2006 (the "Original FMP Database"), (ii) HipSaver's failure to produce (in September 2006) the computerized Excel spreadsheet it maintained regarding its 2006 sales of hip protection products, (iii) the post-May 1, 2007 production by HipSaver of the so-called "supplemental" report of its damages expert, Roy J. Epstein, which was purportedly based upon HipSaver's total sales of hip protection products in 2006, (iv) the post-May 1, 2007 production by HipSaver of a second FileMaker Pro Database (the "Second FMP Database") and its Excel spreadsheet (the "2006 Excel Spreadsheet") purporting to contain complete records of HipSaver's sales of hip protection products for the period from January 1, 2006 through December 31, 2006, and (v) the post-May 1, 2007 production by HipSaver of additional revised

3

sales summaries of hip protection products for the period from September 2003 through September 2006.

9.     Generally speaking, the main tasks that were necessitated by, or undertaken as a consequence of, HipSaver's failure to provide the discovery and to make the disclosures required of it by the Federal Rules of Civil Procedure prior to May 1, 2007 included: (i) the examination and analysis of the summary of HipSaver's sales of hip protection products for the period from 2001 through 2006 which HipSaver produced on or about May 7, 2007 (the "Revised Sales Summary"), (ii) conferences between Posey's counsel and Posey's financial experts with respect to reconciling the Revised Sales Summary and the Original FMP Database that HipSaver had produced in September 2006, (iii) the attempted reconciliation by Posey's financial experts of the Revised Sales Summary and the Original FMP Database, (iv) the examination and analysis of Epstein's so-called "supplemental" damages report, (v) the preparation of a motion to strike Epstein's so-called supplemental report (D.N. 276), (vi) the examination and analysis of the Second FMP Database and the 2006 Excel Spreadsheet, (vii) conferences between Posey's counsel and Posey's financial experts with respect to reconciling the Second FMP Database with the Original FMP Database, (viii) the attempted reconciliation by Posey's financial experts of the Second FMP Database and the Original FMP Database, (ix) the preparation of a motion for sanctions in connection with HipSaver's late production of the Second FMP Database (D.N. 296, 297), (x) the preparation for, and the taking of, the depositions of HipSaver's president, Edward Goodwin, and HipSaver's expert, Epstein, regarding HipSaver's late-produced documents, (xi) the attendance at several hearings concerning HipSaver's last-minute productions of the financial information described above and Posey's motions regarding same; and (xii) the review and compilation of the time entries related to, and the preparation of, this declaration. The foregoing list is illustrative, not exhaustive.

10.     In its July 19, 2007 order, the Court indicated that it did not regard HipSaver's failure to produce its invoices prior to May 1, 2007 to have been a discovery violation. D.N. 312, at 10. Consequently, Exhibits "A", "B" and "C" do not include any time spent in connection with issues surrounding HipSaver's failure to produce invoices, its production of

invoices, or Posey's motion for sanctions against HipSaver for failing to produce invoices (D.N. 282, 283).

11.     As can be seen by looking at Exhibits "A", "B" and "C" most of the work performed in this case was done by Jeffrey G. Sheldon and me.  Another SMRA attorney, Marc Karish, billed time to the case.  As far as Mr. Karish is concerned, Mr. Sheldon or I directed him to perform specific tasks in connection with discrete subjects that did not require detailed knowledge of the case.

12.     In the case of work performed by DM personnel, Tony Fitzpatrick is the attorney and Ms. Kristen Bratko is the paralegal with whom Mr. Sheldon or I typically interact in connection with matters related to this case.  As for the other attorneys at DM who are listed in Exhibit "C", I am informed and I believe that they were assigned specific tasks based upon their availability and the skill and experience necessary to accomplish the task most efficiently.  Duplication of work was avoided by assigning tasks to them that did not require detailed knowledge of the case.

13.     As far as the qualifications of the attorneys and paralegals who worked on this case are concerned, Mr. Sheldon received a B.S. in Chemical Engineering from Carnegie-Mellon University, an M.S. degree in Biomedical Engineering from University of Strathclyde in Scotland, and a J.D. from Loyola University from which he graduated Magna Cum Laude.  He is a former Marshall Scholar and a Sloan Scholar.  Mr. Sheldon has been a lawyer for over 30 years and has been recognized as one of the 20 best Intellectual Property Lawyers in California.  He also teaches and is the author of the foremost treatise on how to write patent applications.  His practice covers a wide range of intellectual property, including prosecution, litigation, and international and domestic licensing.

14.     As far as my credentials are concerned, I received a B.A. in Psychology from Stanford University and a J.D. from Hastings College of the Law.  I have been a litigator, primarily in federal court, for over 20 years and I have been with SMRA for over 11.  During my tenure with the firm, I have concentrated on trademark, unfair trade practice, copyright and patent litigation and I have had primary responsibility for representing both plaintiffs and

defendants in a wide range of matters. These have involved subjects such as, for example, the counterfeit labeling of food products, pharmaceuticals and food supplements; the infringement of trademarks for hair care products; the infringement of trade dress for boots, shoes and batteries; the cancellation of trademarks for dolls and clothes; the false advertising of medical products; the infringement of copyrights covering the logos and designs on skateboards and model cars; and the infringement of patents covering DVD players, telephones and dental laser technology.

15.     As for Mr. Karish, he received a B.A. in English and History from U.C.L.A., an M.S. in Biology from California State University, Northridge and a J.D. from U.S.C. He has been a lawyer for 8 years and he is registered to practice before the U.S. Patent and Trademark Office. Mr. Karish has experience in prosecuting and litigating patents and trademarks.

16.     As for Mr. Piper's qualifications, he has a B.A. in English from Washington State University and a certificate in Paralegal Studies from California State University at Los Angeles. He has worked as a litigation paralegal for approximately 20 years, the last four of which have been at SMRA. He works exclusively in intellectual property litigation.

17.     As far as the qualifications of DM personnel are concerned, I am informed and I believe that Anthony J. Fitzpatrick received a Bachelor of Civil Law degree from University College in Dublin, Ireland, a Barrister at Law degree from The Honorable Society of King's Inns (the oldest institution of professional legal education in Ireland) and a J.D. degree from Boston University School of Law. Mr. Fitzpatrick practices in the area of intellectual property litigation with a concentration on patent and trade secret matters and he has been a lawyer for over 20 years. He has extensive trial experience in both state and federal courts and he has been lead trial counsel in a number of patent litigation matters.

18.     I am informed and I believe that Michael S. Zullo received his B.A. from Boston College and he graduated *magna cum laude*. He received his J.D. *cum laude* from The George Washington University. He has been a lawyer for almost four years and he practices in the area of commercial litigation.

19.     I am informed and I believe that Christopher S. Kroon graduated *summa cum laude* from University of New Hampshire where he received a B.S. degree. He graduated *magna*

*cum laude* from Franklin Pierce Law Center and he studied at Tsinghua University in Beijing, China. He is registered to practice before the U.S. Patent and Trademark Office and he has been a lawyer for nearly three years. He has both patent and trademark prosecution and intellectual property litigation experience.

20.    I am informed and I believe that Kristen Bratko received her B.S. in History from Northeastern University and that she has almost three years experience as a litigation paralegal. She has been at DM for one year, during which time she has been working predominately in the areas of business and intellectual property litigation.

21.    Attached to this declaration as Exhibit "D" is a true and correct copy of a chart reproduced from the 2005 "Report of the Economic Survey" conducted by the American Intellectual Property Law Association ("AIPLA") concerning the typical rates charged for intellectual property work. It shows that, in the Boston area in 2004 (i.e., over two years ago), the median hourly rate law firms charged for intellectual property work was $341 and that the average rate was $331. The rates billed by SMRA and DM for the people who rendered services in connection with this matter are within those ballparks.

22.    In addition to forcing Posey to incur attorneys' fees, HipSaver's failure to timely produce complete financial information caused Posey to incur expenses it would not have incurred otherwise. These expenses include costs for the work Posey's financial experts, Hoffman Alvary, performed in analyzing the various databases and financial summaries that HipSaver produced and in attempting to reconcile them with one another, in the amount of $43,324.50. They also include the travel costs in the amount of $6,572.99 for airfare, lodging, meals and various other expenses associated with Posey's counsel having to travel round trip between Pasadena and Boston to attend the hearings convened by the Court to deal with the issues described above. They further include the expenses associated with the depositions of Edward Goodwin and Roy J. Epstein in the amount of $1,934.53 which were necessitated by HipSaver's belated production. Finally, they also include the online legal research costs incurred by DM in connection with Posey's motion for sanctions (D.N. 296) in the amount of $699.74. The details regarding each of these categories of expenses, which total $52,531.76, are set forth

in the attached Exhibit "E" (Hoffman Alvary expenses), Exhibit "F" (travel expenses), Exhibit "G" (deposition expenses) and Exhibit "H" (legal research).

23.    As set forth above, the fees and expenses incurred by Posey as a consequence of HipSaver's conduct, as described in the Court's order of July 18, 2007, total $126,362.76. The Court should order HipSaver to pay this amount to Posey forthwith.

I declare under penalty of perjury under the laws of the United States and under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct and that this declaration was executed this 2nd day of August, 2007 at Pasadena, California.

/s/ Douglas H. Morseburg
Douglas H. Morseburg

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

August 3, 2007

/s/ Donald K. Piper
Donald K. Piper

8

**EXHIBIT "A"**

## SUMMARY OF FEES AND EXPENSES INCURRED

| FEES | | | | |
|---|---|---|---|---|
| **ATTORNEY/PARALEGAL** | **FIRM** | **HOURLY RATE** | **TOTAL HOURS** | **DOLLAR AMOUNT** |
| Kristen Bratko (P) | DM | $195 | 16.95 | $    3,305.25 |
| Anthony J. Fitzpatrick (A) | DM | $500 | 8.70 | 4,350.00 |
| Mark A. Karish (A) | SMRA | $300 | 22.90 | 6,870.00 |
| Christopher S. Kroon (A) | DM | $330 | 0.50 | 165.00 |
| Douglas H. Morseburg (A) | SMRA | $330 | 113.4 | 37,917.00 |
| Don K. Piper (P) | SMRA | $150 | 5.00 | 750.00 |
| Jeffrey G. Sheldon (A) | SMRA | $535 | 35.20 | 18,805.25 |
| Michael S. Zullo (A) | DM | $355 | 4.70 | 1,668.50 |
| | | | | |
| | | **TOTALS** | 207.35 | $   73,831.00 |

| EXPENSES | | | |
|---|---|---|---|
| **DESCRIPTION** | **FIRM** | **DATE(S)** | **AMOUNT** |
| Expert services provided by Hoffman Alvary – See accompanying Exhibit "E" | Hoffman Alvary | Various from 05/08/07 to 06/13/07 | $  43,324.50 |
| Travel expenses (airfare, hotel, meals, ground transportation, etc.) – See accompanying Exhibit "F" | SMRA | Various from 06/06/07 to 06/14/07 | 6,572.99 |
| Expenses associated with taking depositions of Edward Goodwin and Roy Epstein on 06/08/07 – See accompanying Exhibit "G" | Esquire Deposition Services | 06/08/07 | 1,934.53 |
| Computerized legal research – See accompanying Exhibit "H" | DM | 06/05/07 and 06/06/07 | 699.74 |
|  |  |  |  |
|  |  | **TOTAL** | $  52,531.76 |

**EXHIBIT "B"**

| DATE | INIT | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| 5/9/2007 | DHM | Telephone conference w/P. Green re new HipSaver sales info and potential motion in limine (0.5); | 0.5 | $330.00 | $ 165.00 |
| 5/16/2007 | DHM | Confer w/J. Sheldon re HipSaver recent sales numbers and Goodwin declaration as to flat 2006 sales (0.3). | 0.3 | $330.00 | $ 99.00 |
| 5/17/2007 | DHM | Review of additional documents produced by HipSaver and instruct D. Piper re objections (0.2) | 0.2 | $330.00 | $ 66.00 |
| 5/17/2007 | DKP | Draft objections to HipSaver's exhibit list additions (0.3). | 0.3 | $150.00 | $ 45.00 |
| 5/21/2007 | JGS | Check data from Hipsaver re 2006 sales vs. recently provided data (0.2). | 0.2 | $535.00 | $ 107.00 |
| 5/22/2007 | DHM | Finalize objections to late-produced documents (0.2). | 0.2 | $330.00 | $ 66.00 |
| 5/23/2007 | DHM | Confer w/ J. Sheldon re supplemental report by Green/Hoffman (0.6); telephone conferences (several) w/P. Green and J. Wacek re HipSaver new exhibits and supplemental report/declaration re same (1.5); research re HipSaver new DermaSaver products and new ads by Australian and Irish companies (0.5). | 2.6 | $330.00 | $ 858.00 |
| 5/23/2007 | JGS | Telecons with expert re proffer and check depo testimony re issue | 1.4 | $535.00 | $ 749.00 |
| 5/24/2007 | DHM | Telephone conference with C. Quish re motion to seal HipSaver response to Court request for additional evidence of damages/causation (0.2); review and analyze HipSaver response and supplemental expert report re additional evidence (1.5); telephone conferences (several) w/J. Wacek and P. Green re supplemental declaration re HipSaver databases and inconsistencies with newest filing (1.0); research re HipSaver response and HipSaver submission of new evidence (1.5). | 5.6 | $330.00 | $ 1,848.00 |
| 5/24/2007 | JGS | Telecon with damage consultant re declaration (0.3). | 0.3 | $535.00 | $ 160.50 |
| 5/24/2007 | DKP | Download HipSaver filings regarding supplemental damages calculations from court's ECF web site and distribute to attorneys (0.30); | 0.3 | $150.00 | $ 45.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/25/2007 | DHM | Work on motion to strike and on trial brief (1.2); telephone conferences w/P. Green and J. Wacek re declaration in support of motion to strike and re anomalies in HipSaver records (1.2); | 2.4 | $330.00 | $ 792.00 |
| 5/26/2007 | DHM | Work on motion to strike (1.5) | 1.5 | $330.00 | $ 495.00 |
| 5/27/2007 | DHM | Work on motion to strike (8.5); | 8.5 | $330.00 | $ 2,805.00 |
| 5/27/2007 | MK | Legal research re: limits of new material that can properly be placed in supplemental expert reports in view of HipSaver's recently filed supplemental expert report. | 1.7 | $300.00 | $ 510.00 $ - |
| 5/28/2007 | DHM | Revise and finalize motion to strike Epstein report and memos to T. Fitzpatrick re same (4.5); memos to/from P. Green re declaration in support of motion to strike (0.1). | 4.6 | $330.00 | $ 1,518.00 |
| 5/29/2007 | DHM | Conferences with opposing counsel re further discovery and memos re same | 0.2 | $330.00 | $ 66.00 |
| 5/29/2007 | DHM | Memos to and from the damages expert re: inconsistencies in hipsaver financial documents and review of same. | 0.5 | $330.00 | $ 165.00 |
| 5/30/2007 | DHM | Telephone conference w/C Quish and memos (several) to/from C. Quish re request for depositions of HipSaver expert and Goodwin via video (0.6); letter from E. Dailey re Epstein failure to consider large sale in December 2005 and deposition of Epstein (0.1); review HipSaver emergency motion for protective order (0.3); begin preparing response to same (1.7). | 2.7 | $330.00 | $ 891.00 |
| 5/31/2007 | DHM | Telephone conference w/E. Dailey re HipSaver withdrawal of supplemental expert report (0.2); memos (numerous) re same (0.2); telephone conferences (several) w/P. Green and J. Wacek re irregularities in HipSaver database, withdrawal of Epstein expert report and Green declaration (0.6); telephone conferences w/C. Quish re scheduling of Epstein and Goodwin depos and Hayes testimony (0.5); telephone conference w/E. Posey and W. Calfas re status, HipSaver withdrawal of Epstein report and remedies (0.2); memo to E. Posey and W. Calfas re same (0.1); telephone conferences w/T. Fitzpatrick and J. Sheldon re response to HipSaver motion for leave to further supplement and review of same (0.4); | 2.2 | $330.00 | $ 726.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/31/2007 | JGS | Prep of opposition to submission of supplemental expert report and withdraw of prior report (0.3); | 0.3 | $535.00 | $ 160.50 |
| 5/31/2007 | DKP | Download FilemakerPro software in order to review invoice database produced by HipSaver, review transcript of PreTrial Conference (1.00); Email Hipsaver databases to Mr. Green for review (0.20); | 1.2 | $150.00 | $ 180.00 |
| 6/1/2007 | DHM | Telephone conference w/P. Green re status and re determination of new HipSaver customers (0.3); memos to P. Green and J. Wacek re HipSaver VA sales and new customers (0.1); | 0.4 | $330.00 | $ 132.00 |
| 6/4/2007 | DHM | Telephone conference w/T. Fitzpatriack re telephonic hearing (0.1); prepare and attend telephonic hearing re motion to strike and motion for sanctions (0.8); telephone conference w/P. Green and J. Wacek re court ruling on motions and re new customers and reliability of HipSaver databases (0.5), confer w/M. Karish re potential motion to exclude sanitized HipSaver database (0.2); | 1.6 | $330.00 | $ 528.00 |
| 6/4/2007 | JGS | Prep for and participate in court hearing re sanctions motion. | 1.4 | $535.00 | $ 749.00 |
| 6/4/2007 | JGS | Telecom with Phil Green re processing invoices and prep of e-mail to him with questions for investigation; Provide Green with Goodwin testimony. | 1.6 | $535.00 | $ 856.00 |
| 6/4/2007 | MK | Prepare motion to preclude new database produced by HipSaver. | 2.4 | $300.00 | $ 720.00 |
| 6/5/2007 | DHM | Telephone conference w/J. Wacek re HipSaver invoices, spreadsheet and Filemaker Pro databases (0.8); telephone conferences w/J. Wacek re repetitive Pittsburgh invoice, memo re same and review same (0.3); memos (numerous) re HipSaver invoice image files (0.3); memos (several) to/from Courtney Quish, D. Piper re Goodwin, Epstein depositions (0.3); telephone conferences (several) w/P. Green and J. Wacek re declaration for hearing on motions to strike and for sanctions (0.5). | 2.2 | $330.00 | $ 726.00 |
| 6/5/2007 | JGS | Prep of motion for further evidentiary sanctions and reply brief re motion to reject Hipsaver proffer and enter summary judgment; Prep of declaration of Green to support motions | 4.0 | $535.00 | $ 2,140.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/5/2007 | MK | Prepare and revise motion for sanctions re: new Filemaker database and new 2006 Excel spreadsheet produced on May 31, 2007; meetings with J. Sheldon and D. Morseburg re: same; telephone conference with P. Green re: contents of Filemaker database and Excel spreadsheet and declaration in support of motion for sanctions; legal research re: sanctions for manipulation of electronic data and re: fabrication of evidence. Review HipSaver's motion to withdraw the Epstein expert report and HipSaver's opposition to motion to strike HipSaver's supplemental submission and declarations and documents submitted in support thereof. | 10.5 | $300.00 | $ 3,150.00 |
| 6/6/2007 | DHM | Memos to/from T. Fitzpatrick re reply in support of motion to strike Epstein report (0.2); memos from/to C. Qnish re depositions of HipSaver/Epstein (0.2); memos (numerous) from/to T. Fitzpatrick, J. Sheldon re further status conferences w/P. Green and J. Wacek re HipSaver revised damages numbers (0.5); travel from Pasadena to Boston (7.5). | 8.7 | $330.00 | $ 2,871.00 |
| 6/7/2007 | DHM | Prepare for motion hearing and further pretrial conference (0.5); confer w/T. Fitzpatrick re same (0.5); memos and telephone conferences (numerous) with J. Wacek and Phil Green re HipSaver sales "uptick" issues (1.0); attend motion hearing and further pretrial conference (1.5); meeting w/Phil Green and J. Wacek re Epstein deposition, damages issues and document reliability issues (2.5). | 6.0 | $330.00 | $ 1,980.00 |
| 6/7/2007 | JGS | Prep for conference with court, participate in conference, and multiple messages and rescheduling due to trial continuance. | 3.0 | $535.00 | $ 1,605.00 |
| 6/8/2007 | DHM | Meeting w/J Wacek re Epstein and Goodwin deposition issues (1.5); prepare for and take depositions of R. Epstein and E. Goodwin (7.0). | 8.5 | $330.00 | $ 2,805.00 |
| 6/8/2007 | JGS | Prep of bench brief re causation and damage for hearing on Monday. | 3.5 | $535.00 | $ 1,872.50 |
| 6/8/2007 | JGS | Telecon with damage expert | 0.3 | $535.00 | $ 133.75 |
| 6/9/2007 | DHM | Telephone conferences (several) with J. Sheldon, J. Wacek re hearing on 6/11 (0.3); memo to J. Sheldon and T. Fitzpatrick re issues and strategy for 6/11 (1.0); review and annotate deposition transcripts of Epstein and Goodwin (2.5); review transcript of 6/7 transcript and memos to/from J. Sheldon and T. Fitzpatrick re same (0.7). | 5.5 | $330.00 | $ 1,815.00 |

Page 4

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 6/9/2007 | JGS | Prep for hearing | 0.6 | $535.00 | $ 321.00 |
| 6/10/2007 | DHM | Meeting w/P. Green, J. Wacek, J. Sheldon and K. Bratko re HipSaver document issues, graphics for 6/10 hearing, preparation of declaration, etc. (7.0). | 7.0 | $330.00 | $ 2,310.00 |
| 6/10/2007 | JGS | Prep for hearing and travel including review Epstein and Goodwin depo trancripts; Prep of Powerpoint | 8.0 | $535.00 | $ 4,280.00 |
| 6/11/2007 | DHM | Telephone conferences (numerous) re hearing and re further submission re HipSaver productions of documents (1.0); work on analyzing HipSaver productions of documents and on preparing declaration re exclusion of same (3.0). | 4.0 | $330.00 | $ 1,320.00 |
| 6/11/2007 | JGS | Prep for and attend hearing; travel | 8.0 | $535.00 | $ 4,280.00 |
| 6/11/2007 | DKP | Review emails; Telephone conference with Mr. Morseburg regarding HipSaver document and database productions; Review document productions and email summary of same to Mr. Morseburg in Boston; Download newly filed documents from Court's ECF web site. | 1.4 | $150.00 | $ 210.00 |
| 6/12/2007 | DHM | Work on preparing declaration re HipSaver document production and telephone conferences w/J. Sheldon re same (3.5); review and analyze Hipsaver statement re submission of 2006 sales data and memos and telephone conferences w/M. Karish re same (1.5); review of cases re exclusion under FRCP 37(c)(1) (1.5). | 6.5 | $330.00 | $ 2,145.00 |
| 6/12/2007 | JGS | Review of filing by HipSaver re documents not produced and respond thereto. | 0.9 | $535.00 | $ 481.50 |
| 6/12/2007 | MK | Review HipSaver filing re: new damages evidence; legal research re: discovery sanctions including issue preclusion and dismissal for failure to produce documents until after the close of discovery; telephone conference with D. Morseburg re: same. | 6.2 | $300.00 | $ 1,860.00 |
| 6/13/2007 | DHM | Further legal research re HipSaver statement re failure to produce 2006 sales information (0.5); memos and telephone conferences (numerous) re response to HipSaver statement re failure to produce (0.5); draft, revise and finalize response to HipSaver statement re failure to produce (9.5). | 10.5 | $330.00 | $ 3,465.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/13/2007 | JGS | Prep of brief re HipSaver late submission of information. | 1.0 | $535.00 | $ 535.00 |
| 6/13/2007 | MK | Legal research re: discovery sanctions; review and revise brief re: same. | 2.1 | $300.00 | $ 630.00 |
| 6/13/2007 | DKP | Finalize response to HipSaver's statement regarding 2006 sales data and arrange for e-filing of same (1.80). | 1.8 | $150.00 | $ - |
| 6/14/2007 | DHM | Travel from Boston to Pasadena (8.0). | 8.0 | $330.00 | $ 270.00 |
| 7/23/2007 | JGS | Review court decision | 0.5 | $535.00 | $ 2,640.00 |
| 7/23/2007 | JGS | Telecon with local counsel re materials for fee submission and trial date | 0.2 | $535.00 | $ 267.50 |
| 7/23/2007 | DHM | Review court decision and begin preparation of declaration re fees and expenses and instruct C. Scardino re preparation of summary of all time/expense entries for relevant period | 1.0 | $330.00 | $ 107.00 |
| 7/30/2007 | DHM | Work on declaration re fees and expenses and summary re same | 1.5 | $330.00 | $ 330.00 |
| 7/31/2007 | DHM | Work on declaration re fees and expenses and summary re same | 3.0 | $330.00 | $ 990.00 |
| 8/1/2007 | DHM | Work on declaration re fees and expenses, summary and exhibits re same | 3.0 | $330.00 | $ 990.00 |
| 8/2/2007 | DHM | Work on declaration re fees and expenses, summary and exhibits re same | 4.0 | $330.00 | $ 990.00 |
| | | | | | $ 1,320.00 |
| | | TOTAL HOURS/FEES | 176.45 | | $ 64,342.25 |

Page 6

**EXHIBIT "C"**

## DUANE MORRIS

| DATE | INIT | DESCRIPTION | HOURS | RATE | TOTAL |
|------|------|-------------|-------|------|-------|
| 6/5/2007 | AJF | Telephone conference with atty Sheldon regarding issues with Hipsaver's latest production, and strategy in addressing same; research regarding manipulation/spoliation of evidence; telephone conferences with colleagues regarding same; direction to atty Zullo regarding research to be done; review research results; related telephone conferences with and e-mails with atty Karish; numerous emails with team and telephone conference with atty Quish regarding pretrial matters and court filings. | 2.5 | $500.00 | $ 1,250.00 |
| 6/6/2007 | AJF | Revise and finalize motion papers to be filed with the court; attend to filing same; telephone conferences with court clerk regarding status, scheduling hearing; numerous telephone conferences and e-mails with Sheldon Mak attys regarding motion papers, court hearing and other related matters; work on draft letter to Judge Saris regarding proceeding to trial on June 11. | 4.2 | $500.00 | $ 2,100.00 |
| 6/12/2007 | AJF | Review Hipsaver's latest filing; conferences with atty Morseburg, and e-mails and telephone conference with atty Sheldon, regarding strategy in responding to same; direction to Ms. Bratko regarding obtaining transcript of June 11 hrg. | 1.5 | $500.00 | $750.00 |
| 6/13/2007 | AJF | Review and revise draft response to Hipsaver's latest filing; conferences with atty Morseburg regarding same. | 0.5 | $500.00 | $ 250.00 |
| 6/5/2007 | MSZ | Legal research re: sanction for altering or manipulating electronic evidence, evidence as a general matter and additional research on sanctions for spoliation. Drafting of email for Fitzpatrick and M. Karish. Discussion with M. Karish re: same. | 4.7 | $355.00 | $ 1,668.50 |
| 6/6/2007 | CSK | Research case law re: standard of review on appeal for judicial imposition of discovery sanctions; correspondence with attorney A.Fitzpatrick re: same. | 0.5 | $330.00 | $ 165.00 |
| 6/8/2007 | KLB | Prepare for depositions of Dr. Epstein and Goodwin; email to Lee Marzilli, court reporter, requesting expedited transcript from yesterday's hearing; meet with Doug Morseburg and Joel Wacek regarding database 2171; format database for use in deposition of Goodwin. | 7.15 | $195.00 | $ 1,394.25 |
| 6/10/2007 | KLB | Hearing Preparation | 9.8 | $195.00 | $ 1,911.00 |
| | | FEE SUBTOTAL | 30.85 | | $ 9,488.75 |

Page 1

**EXHIBIT "D"**



# Report of the
# Economic Survey

# 2005

PREPARED UNDER DIRECTION OF
LAW PRACTICE MANAGEMENT COMMITTEE

## American Intellectual Property Law Association

2001 Jefferson Davis Highway, Suite 203
Arlington, Virginia 22202
www.aipla.org

# AIPLA

# REPORT OF THE
# ECONOMIC SURVEY
# 2005

## PREPARED UNDER DIRECTION OF THE
## AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION
## LAW PRACTICE MANAGEMENT COMMITTEE

### SALVATORE ANASTASI, CHAIR
### KEVIN ALAN WOLFF, VICE CHAIR

September 2005



4 RESEARCH PLACE, SUITE 220
ROCKVILLE, MARYLAND 20850
TEL: (240) 268-1262
ARI@ASSOCIATIONRESEARCH.COM

*Firm Data*

**Average billing rate for IP work (Q32c)**

| | | Average billing rate for IP work | | | |
|---|---|---|---|---|---|
| | | Number of Firms | Mean (Average) | First Quartile 25% | Median (Midpoint) | Third Quartile 75% |
| All Firms | | 264 | $277 | $225 | $270 | $318 |
| Number of Attorneys | One | 18 | $244 | $208 | $228 | $253 |
| | Two | 15 | $245 | $204 | $225 | $300 |
| | 3-5 | 52 | $260 | $225 | $250 | $300 |
| | 6-10 | 41 | $268 | $229 | $275 | $300 |
| | 11-30 | 56 | $275 | $226 | $273 | $314 |
| | 31-100 | 43 | $293 | $225 | $300 | $360 |
| | 101 or More | 37 | $323 | $263 | $320 | $365 |
| Location | Boston CMSA | 13 | $331 | $288 | $341 | $359 |
| | NYC CMSA | 15 | $341 | $290 | $329 | $396 |
| | Philadelphia CMSA | 16 | $285 | $250 | $278 | $312 |
| | Washington, DC CMSA | 39 | $299 | $250 | $300 | $370 |
| | Other East | 17 | $235 | $202 | $220 | $275 |
| | Metro Southeast | 11 | $249 | $225 | $245 | $266 |
| | Other Southeast | 10 | $239 | $214 | $238 | $251 |
| | Chicago CMSA | 17 | $302 | $255 | $302 | $328 |
| | Minne.-St. Paul PMSA | 9 | $245 | $187 | $230 | $314 |
| | Other Central | 41 | $232 | $206 | $230 | $256 |
| | Texas | 16 | $275 | $221 | $268 | $321 |
| | Los Angeles CMSA | 15 | $290 | $250 | $300 | $324 |
| | San Francisco CMSA | 6 | $335 | $288 | $305 | $408 |
| | Other West | 32 | $259 | $216 | $258 | $300 |

**EXHIBIT "E"**

**Detail of Tasks Performed by Hoffman Alvary & Co.**
*May 7, 2007 through June 13, 2007*

| DATE | STAFF | HOURS | RATE | TOTAL | DESCRIPTION OF TIME SPENT |
|---|---|---|---|---|---|
| 5/8/2007 | JW | 0.50 | $250 | $125.00 | Review & analyze newly provided 2006 HipSaver sales summary. |
| 5/9/2007 | PG | 0.50 | $425 | $212.50 | Review & analyze newly provided 2006 HipSaver sales summary. |
| 5/10/2007 | PG | 0.50 | $425 | $212.50 | Analyze newly provided 2006 HipSaver sales summary |
| 5/11/2007 | PG | 0.50 | $425 | $212.50 | Analyze newly provided 2006 HipSaver sales summary |
| 5/18/2007 | PG | 1.00 | $425 | $425.00 | Review 2006 HipSaver sales summary; confer with JW and counsel for Posey |
| 5/18/2007 | JW | 1.50 | $250 | $375.00 | Review and analyze 2006 HipSaver sales summary; confer with PG. |
| 5/22/2007 | JW | 4.50 | $250 | $1,125.00 | Reconcile newly provided 2006 HipSaver sales summary to previously provided HipSaver sales databases; telephone conference with counsel. |
| 5/23/2007 | JW | 6.50 | $250 | $1,625.00 | Review and analyze newly provided HipSaver sales documents; reconcile to previously provided sales databases |
| 5/24/2007 | JW | 4.50 | $250 | $1,125.00 | Review Epstein report; review and analyze newly provided HipSaver sales documents; confer with KBW. |
| 5/24/2007 | KBW | 4.00 | $250 | $1,000.00 | Confer with JW; reconcile newly produced sales documents to previously provided sales databases. |
| 5/25/2007 | PG | 6.00 | $425 | $2,550.00 | Review Epstein report; analyze newly provided HipSaver sales documents; prepare declaration; confer with JW; telephone conference with counsel. |
| 5/25/2007 | JW | 5.50 | $250 | $1,375.00 | Review Epstein report; analyze and reconcile newly provided HipSaver sales documents to previously provided HipSaver sales databases; revise declaration; confer with PG; telephone conference with counsel. |
| 5/25/2007 | KBW | 2.00 | $250 | $500.00 | Reconcile newly produced sales documents to previously provided sales databases. |
| 5/29/2007 | PG | 1.00 | $425 | $425.00 | Analyze HipSaver data. |
| 5/29/2007 | JW | 2.25 | $250 | $562.50 | Analyze and reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases. |
| 5/30/2007 | PG | 1.00 | $425 | $425.00 | Confer with JW; telephone conference with counsel |
| 5/30/2007 | JW | 2.00 | $250 | $500.00 | Reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases; confer with PG; telephone conference with counsel |
| 5/30/2007 | KBW | 3.50 | $250 | $875.00 | Reconcile newly produced sales documents to previously provided sales databases. |
| 5/31/2007 | PG | 2.00 | $425 | $850.00 | Revise declaration; confer with JW; telephone conference with counsel. |
| 5/31/2007 | JW | 2.00 | $250 | $500.00 | Reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases; Assist in preparation of declaration; confer with PG; telephone conference with counsel. |
| 6/1/2007 | PG | 1.00 | $425 | $425.00 | Review newly provided sales documents; telephone conference with counsel. |
| 6/1/2007 | JW | 0.75 | $250 | $187.50 | Telephone conference with counsel. |
| 6/4/2007 | PG | 2.00 | $425 | $850.00 | Prepare declaration; confer with JW; telephone conference with counsel. |
| 6/4/2007 | JW | 4.50 | $250 | $1,125.00 | Analyze and reconcile recently provided HipSaver sales databases to previously provided HipSaver sales databases; prepare declaration; confer with PG; telephone conference with counsel. |
| 6/5/2007 | PG | 2.00 | $425 | $850.00 | Revise declaration; confer with JW; telephone conference with counsel. |

## Detail of Tasks Performed by Hoffman Alvary & Co.
### May 7, 2007 through June 13, 2007

| DATE | STAFF | HOURS | RATE | TOTAL | DESCRIPTION OF TIME SPENT |
|---|---|---|---|---|---|
| 6/5/2007 | JW | 10.50 | $250 | $2,625.00 | Analyze and reconcile recently provided HipSaver sales documents and databases to previously provided HipSaver sales databases; revise declaration; confer with PG; telephone conference with counsel. |
| 6/5/2007 | KBW | 2.00 | $250 | $500.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/6/2007 | PG | 2.00 | $425 | $850.00 | Analyze recently provided HipSaver sales documents to previously provided HipSaver sales databases; confer with JW; telephone conference with counsel. |
| 6/6/2007 | JW | 9.50 | $250 | $2,375.00 | Analyze and reconcile recently provided HipSaver sales documents and databases to previously provided HipSaver sales databases; confer with KBW; confer with PG; telephone conference with counsel. |
| 6/6/2007 | KBW | 5.00 | $250 | $1,250.00 | Confer with JW; reconcile newly produced sales databases to previously provided sales databases. |
| 6/6/2007 | GI | 1.00 | $200 | $200.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/7/2007 | PG | 4.00 | $425 | $1,700.00 | Assist counsel in preparation for Epstein and Goodwin depositions; meet with counsel. |
| 6/7/2007 | JW | 10.75 | $250 | $2,687.50 | Reconcile newly produced sales databases to previously provided sales databases; assist counsel in preparation for Epstein and Goodwin depositions; meet with counsel |
| 6/7/2007 | KBW | 5.00 | $250 | $1,250.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/8/2007 | PG | 2.00 | $425 | $850.00 | Prepare declaration; confer with JW, counsel. |
| 6/8/2007 | JW | 8.50 | $250 | $2,125.00 | Attend depositions of Messrs. Epstein and Goodwin; confer with PG; meet with counsel. |
| 6/8/2007 | KBW | 5.00 | $250 | $1,250.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/8/2007 | MSR | 1.00 | $135 | $135.00 | Prepare graphics for hearing. |
| 6/9/2007 | JW | 1.50 | $250 | $375.00 | Reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases. |
| 6/10/2007 | PG | 6.00 | $425 | $2,550.00 | Assist counsel in preparation for hearing; prepare declaration.; meet with counsel. |
| 6/10/2007 | JW | 7.00 | $250 | $1,750.00 | Assist counsel in preparation for hearing; prepare declaration.; meet with counsel. |
| 6/11/2007 | PG | 1.00 | $425 | $425.00 | Review and revise declaration; confer with Posey's counsel. |
| 6/11/2007 | JW | 1.25 | $250 | $312.50 | Review documents; telephone conference with counsel |
| 6/11/2007 | KBW | 2.00 | $250 | $500.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/12/2007 | JW | 1.00 | $250 | $250.00 | Telephone conference with counsel. |
| 6/13/2007 | PG | 1.00 | $425 | $425.00 | Telephone conference with counsel. |
| 6/13/2007 | JW | 0.50 | $250 | $125.00 | Telephone conference with counsel. |

| | |
|---|---|
| TOTAL PROFESSIONAL FEES | $42,947.50 |
| EXPENSES | $377.00 |
| TOTAL PROFESSIONAL FEES & EXPENSES | $43,324.50 |

**EXHIBIT "F"**

## TRAVEL EXPENSES ASSOCIATED WITH
## HIPSAVER DISCOVERY VIOLATIONS

A.  <u>06/06-14/07 - Further Pretrial Proceedings, Goodwin/Epstein Depositions
and Hearings on Motions to Strike and Motion for Sanctions (DHM)</u>

| | | | |
|---|---|---|---|
| 1. | Mileage (56 mi. @ .415/mi.) | $ | 23.24 |
| 2. | Airfare (incl. change and luggage charges) | $ | 1,845.79 |
| 3. | Ground Transportation (Boston) | $ | 86.00 |
| 4. | Hotel (06/07-06/12) | $ | 1,672.93 |
| 5. | Hotel (06/12-06/14) | $ | 768.44 |
| 6. | Meals (06/07-06/14) | $ | 1,026.50 |
| 7. | Gratuities | $ | 40.00 |
| 8. | Limo (LAX to Pasadena) | $ | 105.00 |
| 9. | Miscellaneous | $ | 10.49 |
| | Total | | $ 5,578.39 |

B.  <u>06/10-11/07 - Hearing on Motion to Strike and Motion for Sanctions (JGS)</u>

| | | | |
|---|---|---|---|
| 1. | Airfare | $ | 597.30 |
| 2. | Ground Transportation (Boston) | $ | 50.00 |
| 3. | Hotel (06/10/07) | $ | 305.30 |
| 4. | Meals (06/10-11/07) | $ | 15.00 |
| 5. | Parking | $ | 27.00 |
| | Total | | $ 994.60 |

**TOTAL TRAVEL EXPENSES    <u>$ 6,572.99</u>**

**EXHIBIT "G"**



**ESQUIRE**
DEPOSITION SERVICES®
— A HOBART WEST COMPANY —

**Esquire Deposition Services, LLC**
**A Hobart West Company**
Tax ID # 22-3779684
99 Summer Street, Suite 804
Boston, Massachusetts 02110
617-956-9920    FAX 617-956-9911

10289    ROTHD01

To:    Duane Morris
470 Atlantic Avenue
Suite 500
Boston, MA 02210

ATTN : Kristen Bratko, Esq.

| INVOICE NUMBER | DATE |
|---|---|
| 11459EBO | 06/18/07 |

Due Upon Receipt

| AMOUNT DUE | ENCL. |
|---|---|

**YOUR REFERENCE NUMBER:**

**CAPTION:**    HIPSAVER VS. J.T. POSEY COMPANY

SERVICES PROVIDED ON 06/08/07:
Edward Goodwin                                     345.10   1CC
Roy Epstein                                        261.00   1CC

Same day copy              *Steno - was*           787.93
Interactive Real-Time                              365.75
Realtime Hook up                                    50.00
Condensed Transcript       *134.00*                 50.00
CD ROM w/ASCII + E-Tran                             25.00
Expert/Medical/Technical
Archiving Fee                                       34.00
UPS Shipping                                        15.75
Thank you

*OKAY to PAY*
*Checked all charges.  K. Fitzgerald*

**BALANCE DUE**

Any amounts not paid within 30 days of the invoice will be considered past
due and a late charge will accrue on any unpaid balance at the lesser of
one and one-half percent (1.5%) per month or the maximum rate allowed by law.
Contact us immediately with questions or corrections regarding billing or payment.
No adjustments or refunds will be made after 120 days from date of payment.

**TOTAL**   1,934.53   *Thank you!*

For Invoice Questions,
Please Call
(617) 956-9920
Fax (617) 956-9911

**Please detach and send with payment**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Remit To:

**Esquire Deposition Services, LLC**
P.O. Box 785751
Philadelphia, PA 19178-5751
Tax ID # 22-3779684

JOB: 10289   TOT: $1934.53
INVOICE #: 11459EBO
DATE: 06/18/07

Duane Morris
Attn: Kristen Bratko, Esq.
470 Atlantic Avenue
Suite 500
Boston, MA 02210

**ESQUIRE**
DEPOSITION SERVICES®
— A HOBART WEST COMPANY —

LINKING TESTIMONY, TRADITION AND TECHNOLOGY

**EXHIBIT "H"**

# COMPUTERIZED LEGAL RESEARCH

| | | |
|---|---|---:|
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 3.62 |
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 10.50 |
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 604.00 |
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 4.37 |
| 6/6/2007 | LEXIS LEGAL RESEARCH (E2500-00001-03912) KROON, CHRISTOPHER | 1.75 |
| 6/6/2007 | LEXIS LEGAL RESEARCH (E2500-00001-03912) KROON, CHRISTOPHER | 75.50 |
| | Total: | $699.74 |