# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

---

THE HIPSAVER COMPANY, INC.,　　　　)
　　　　　　　　　　　　　　　　　　)
Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v　　　　　　　　　　　　　　　　　　)　　Civil Action No. 05-10917 PBS
　　　　　　　　　　　　　　　　　　)
J.T. POSEY COMPANY,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
Defendant.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

---

## HIPSAVER'S REQUEST FOR A RULING REGARDING ADMISSIBILITY OF INFORMATION RELATED TO POSEY I AND 2004 SETTLEMENT AGREEMENT

Plaintiff, The HipSaver Company ("HipSaver"), seeks a determination from this Court as to the admissibility of information relating to the previous 2004 litigation and settlement agreement (attached as **Exhibit A**) between the parties, often referred to as "Posey I."  In pursuing this Motion, HipSaver says that the Court's determination regarding the admissibility of the 2004 settlement agreement and context of the settlement agreement strongly impacts the parties' presentations of the case at trial.  A ruling on this Motion will avoid early dispute on this issue at trial.

The issue has been thoroughly briefed by the parties.  On May 15, 2007, Posey filed a Motion in Limine for Order Limiting Use of Information Regarding Posey I [D.N. 237], attached as **Exhibit B**.  On May 22, 2007, HipSaver opposed this motion [D.N. 261], attached as **Exhibit C**.  Following the final pretrial conference with the Court, HipSaver filed a supplemental statement responding to the Court's request for further

briefing on the issue [D.N. 279] (May 31, 2007), attached as **Exhibit D**, stating that the issue of intent to deceive and willfulness are both questions of fact for the jury.

In summary, the parties' positions are as follows:

Posey's motion *in limine* requested that presentation of facts relating to Posey I be limited to the following:

1) There was a prior lawsuit between the parties;
2) In the prior lawsuit, the parties accused each other of false advertising;
3) The parties entered into a written settlement agreement to settle the first lawsuit;
4) The settlement agreement contained a notice provision and admission of the language of the notice provision; and
5) The settlement contained a release provision and admission of the language of the release provision.

In opposition to Posey's May 15th Motion, HipSaver argued that Posey's proposed limited recitation of the 2004 settlement agreement would be misleading with respect to the terms and substance of the settlement and its relevance to this lawsuit and that the jury should be permitted to make its own assessment of the settlement agreement. Specifically, HipSaver argued that the entire settlement agreement and the context of the settlement agreement are relevant to this dispute and all evidence surrounding the settlement agreement, including the terms of the agreement and the corrective advertising distributed as a condition to settlement, should be admitted. HipSaver argued that the settlement agreement and context of the settlement agreement are relevant to the following issues of fact:

1) The credibility of Dr. Hayes. Posey admits in the 2004 corrective advertising statement that Wilson C. Hayes, PhD, is recognized biomechanical engineering expert. HipSaver believes that Posey's admission is relevant to Dr. Hayes credibility.
2) Whether Posey intended to deceive the audience when it published the Garwood

advertisements.[1]  Posey's past conduct is relevant to a determination of intent to deceive.[2]

3) Whether Posey's publication of literally false statements was willful.[3]  The 2004 settlement agreement and context of the settlement agreement are relevant to the jury's determination of willfulness because they illustrate Posey's history of false advertising, Posey's awareness and understanding of the law of false advertising, and Posey's subsequent publication of false statements.

4) Whether Posey breached the settlement agreement.  The notice provision of the Settlement Agreement is necessary for the jury's determination of HipSaver's breach of contract claim.

THEREFORE, HipSaver respectfully requests that this Court provide the parties with a ruling as to the admissibility of the 2004 settlement agreement and context of the settlement agreement before trial.

## CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that on August 7, 2007, at 3:30 PM counsel for HipSaver telephoned counsel for Posey to discuss this motion and to request assent to this motion. The parties were not able to reach agreement.

---

[1]  *Cashmere &Camel Hair Mfgs. Inc. v. Saks Fifth Ave.*, 284 F.3d 302, 316 (1st Cir. 2002) ("It is well established that if there is proof that a defendant intentionally set out to deceive or mislead consumers, a presumption arises that customers in fact have been deceived")

[2]  *JTH Tax, Inc. v. H&R Block Eastern Tax Servs., Inc.*, 128 F.Supp.2d 926, 938 (E.D. Va. 2001) (finding that past advertising conduct and prior notice of false advertising was relevant to jury's determination of intent to deceive).

[3]  Furthermore, subsequent to the briefing on this issue, the Court highlighted the importance of the willfulness factor, finding that HipSaver is entitled to a "rebuttable presumption of causation and injury for willful literally false advertising in a two firm market where a defendant makes comparative statements targeting a direct competitor's products."  Memorandum and Order, July 19, 2007 [D.N. 312] at 27. Willfulness is a question of fact and HipSaver must prove willfulness. *Id.* at 21, 23.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
Paul S. Kitchin, BBO No.: 667954
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
August 8, 2007


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish


02820/00502  719553.1

4

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company, Inc. ("Posey") with reference to the following facts:

## RECITALS

A.    HipSaver has filed an action in the United States District Court for the District of Massachusetts entitled *The HipSaver Company, Inc. v. J.T. Posey Company, Inc.*, as Civil Action No. 04-11294 PBS (the "Action"), in which HipSaver accuses Posey among other things of having violated the Lanham Act and the Massachusetts Unfair or Deceptive Business Practices Act by disseminating certain materials, including a document entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors" (the "White Paper") and including in Posey catalogs and promotional materials certain bar charts comparing the relative effectiveness of hip protectors (the "Bar Charts") and statements derived from the White Paper.

B.    Posey denies the allegations asserted by HipSaver in the Action.

C.    Posey filed an answer and counterclaim in the Action in which Posey asserts among other things that HipSaver has made false representations about Posey products on HipSaver's website

D.    HipSaver denies the allegations asserted by Posey in the Counterclaim.

E.    The Parties desire to settle all disputes among them concerning or in any way related to the Action.

NOW, THEREFORE, in consideration of the promises, covenants and conditions set forth in this Agreement, the Parties hereto agree as follows:

1.    Posey shall pay to HipSaver the sum of $360,000.00 by check payable to The BROMBERG SUNSTEIN LLP Client Account to be delivered to BROMBERG SUNSTEIN within fourteen (14) days of the filing of the Stipulation for Dismissal of the Action as set forth in paragraph 12 below (the "Stipulation for Dismissal").

2.    Posey shall not distribute the White Paper or make any advertising claims based on or derived from the White Paper.

**Trial Exhibit
007**
Civil Action No. 05-10917 PBS

EXHIBIT
GOODWIN
7    84
10/18/05

3.    Posey shall permanently comply with the terms of the Undertaking filed in the Action by Posey on August 26, 2004, a copy of which is attached hereto as Exhibit "A".

4.    In all future catalogs and other promotional materials Posey shall eliminate the Bar Charts and statements based on or derived from the White Paper and references to UCLA.

5.    Within ten days from the filing of the Stipulation for Dismissal Posey shall provide all its sales representatives, distributors, and dealers who have purchased or sold Posey Hipster hip protectors at any time since January 1, 2001 a copy of the "Special Announcement: HipSaver® and Posey Hipster® brand Hip Protectors" a copy of which is attached hereto as Exhibit "B" (the "Special Announcement").

6.    Within ten days from the filing of the Stipulation for Dismissal Posey shall post a link to a copy of the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" on the first screen of the home page of the Posey web site immediately below the heading, "Resources for Healthcare Professionals".  This posting shall continue until Posey has published and distributed its next editions of its Posey's "full line" catalogs and its "falls management and bed safety products" catalogs.

7.    When Posey next distributes any of its annual catalogs advertising hip protectors, including Posey's "full line" catalogs and its "falls management and bed safety products" catalogs, it shall include therewith in the same envelope a copy of the Special Announcement: HipSaver and Posey Hipster brand Hip Protectors".

8.    In the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advance written notice of the results or analysis.

9.    This Agreement represents the compromise of disputed claims. Nothing contained here may be construed as an admission of wrongdoing or liability by any party.

10.   Except for the obligations contained in this Agreement, Posey releases HipSaver, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or

2

causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

11.     Except for the obligations contained in this Agreement, HipSaver releases Posey, and all of its officers, directors, employees, agents, representatives, dealers, distributors, shareholders, attorneys, predecessors, successors, assigns, affiliates, related companies, or corporations connected with them from any and all claims, liabilities or causes of action, known or unknown, fixed or contingent, which arise from or are related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

12.     Concurrently with the counter-execution of this Agreement the Parties agree that their respective counsel will execute and file a Stipulation for Dismissal of the Action with prejudice substantially in the form of Exhibit "C" attached.

13.     HipSaver acknowledges and agrees that it will not initiate any legal action against Vijay Gupta, Bimal P. Gandhi, or the University of California for any claim related to the false advertising claims under 15 U.S.C. §§ 1125, 1117 and G.L. c.93A, §§ 2, 11 which were asserted or which could have been asserted in the Action for conduct which occurred prior to the date of this Agreement.

14.     The terms of this Agreement shall remain confidential except that they are binding and enforceable and are admissible for the purposes of enforcement. In addition, either party may truthfully report that the Action has been settled to the mutual satisfaction of the Parties. It is expressly understood and agreed that HipSaver may distribute and publish the "Special Announcement: HipSaver and Posey Hipster brand Hip Protectors" and may state that Posey will distribute that document in its new catalogs and to its sales representatives, distributors, and dealers. Except as provided in this paragraph, no Party shall, without notice to and the prior written consent of the other Party, disclose any of the terms and conditions of this Agreement to any person or entity, including, without limitation, to any customers or potential customers of a Party, provided, however, that any Party may disclose such information to the extent required

3

by law or order of a court or government agency; and the Parties may inform their attorneys and independent public accountants of the terms and conditions of this Agreement.

15.    Each party shall bear its own costs, expenses and attorneys' fees in connection with the Action and the negotiation, preparation, and execution of this Agreement.

16.    Any notices or other communications under this Agreement shall be in writing, and shall be sent by facsimile and/or by email attachment, with a copy by hand-delivery or overnight courier service, as follows:

Notice Addresses:

To HipSaver:
        The HipSaver Company, Inc.
        7 Hubbard Street
        Canton, Massachusetts  02021
        Attention: Edward L. Goodwin
        Fax: 1.781.821.6514
With a copy to:
        BROMBERG SUNSTEIN LLP
        125 Summer Street
        Boston, Massachusetts  02110-1618
        Attention: Edward J. Dailey, Esq.
        Fax: (617) 443-0004

To: Posey:
        J.T. Posey Company
        5635 Peck Road
        Arcadia, CA 91006
        Attention: Ernest Posey
        Fax: (626) 443-9886

With a copy to:
        SHELDON & MAK
        225 South Lake Avenue, 9th Floor
        Pasadena, California 91101
        Attention: Jeffrey G. Sheldon, Esq.
        Fax: (626) 795-6321

17.    The Parties, and each of them, acknowledge that they have completely read the terms of this Agreement, and fully understand the terms and consequences of this Agreement.  All Parties further acknowledge that they have been represented by

4

counsel with respect to the negotiation and execution of this Agreement and that their counsel has explained the terms and the significance of this Agreement.

18.    The failure of any party to insist upon the strict compliance by any other party to this Agreement of the performance of any covenant, condition or promise herein shall not invalidate this Agreement nor shall any such failure be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Agreement.

19.    This Agreement is the entire agreement between and among the Parties hereto with respect to the subject matter set forth herein.

20.    Each party has cooperated in the drafting and preparation of this Agreement.  Hence, neither this Agreement nor any part of it shall be construed against either party merely because such party may have drafted all or part of it.

21.    The Parties to this Agreement, and each of them, agree to perform such further and other acts and to execute and deliver such further and other documents as may be reasonably necessary to carry out the provisions of this Agreement.

22.    Each party hereto represents and warrants that it has full power and authority to enter into this Agreement and to perform any and all transactions or other matters contemplated to be performed under this Agreement.

23.    This Agreement may be amended or modified only by a written instrument signed by all of the Parties.

24.    This Agreement shall be binding on and shall inure to the benefit of the Parties hereto, and their respective officers, directors, shareholders, legal representatives, assignees and successors-in-interest.

25.    This Agreement may be executed by facsimile and in counterparts all of which taken together shall constitute a single instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth next to their respective signatures below.

THE HIPSAVER COMPANY, INC.          J.T. POSEY COMPANY, INC.

By: _Edward J Goodwin_              By: _Emer M Posey_

Edward L. Goodwin, President
Its: _Bresident_

Dated: _9/22/04_ , 2004

Its: _President_

Dated: _9/21/2004_ , 2004

APPROVED AS TO FORM:

BROMBERG SUNSTEIN LLP

By: _____
Edward J. Dailey
Attorneys for HipSaver

Dated: _9.21.04_ , 2004

SHELDON & MAK PC

By: _____
Jeffrey G. Sheldon
Attorneys for Posey

Dated: _9/21_ , 2004

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11294-PBS

|  |  |
|---|---|
| HIPSAVER COMPANY, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.T. POSEY COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## UNDERTAKING BY DEFENDANT J.T. POSEY COMPANY

During the pendency of the above action Posey undertakes and agrees as follows:

    1.    Posey has discontinued distribution of the White Paper authored by Bimal P. Gandhi ("White Paper");

    2.    Posey has discontinued distribution of catalogs and all other materials containing information derived from the White Paper;

    3.    Posey has instructed all its employees, sales representatives, and distributors who have purchased Hipsters since 2001, to discontinue all reference to the White Paper and information derived from the White Paper, nor represent that its hip protectors have been validated by scientific research at UCLA, in communications with

EXHIBIT A
(page 1 of 2)

7

customers or potential customers, including written correspondence, emails, telephonic or face-to-face conversations, sales pitches, and the like;

4.    Posey will not include the White Paper or information derived from the White Paper in any future catalogs, brochures, or other advertising materials.

5.    Posey will not represent that its hip protectors have been validated by scientific research at UCLA.

This undertaking is not made as any admission of liability or wrongdoing, but because Posey values its reputation, and does not engage in activities that are in any way questionable.


Dated: August 26, 2004

                J.T. POSEY COMPANY


                By:   *s/Ernest M. Posey/*
                      Ernest M. Posey


**EXHIBIT A**
(page 2 of 2)


8

**EXHIBIT B**

## Special Announcement:
### HipSaver® and Posey Hipster® brand Hip Protectors

In the fall of 2003, Posey began distributing an article (also known as the "White Paper") entitled "A Solution to Hip Fractures Using Performance Tested Hip Protectors." In its catalogs and newsletters, Posey included statements derived from the White Paper and bar charts comparing the relative effectiveness of Posey's Hipsters.

The White Paper was written by a UCLA graduate student working on his Master's Thesis. UCLA did not sponsor, authorize, or endorse the tests or the results reported in the White paper or the Master's Thesis.

The HipSaver Company, Inc. challenged the accuracy of the White Paper and the statements and bar charts in Posey's catalogs and newsletters. HipSaver's claims included: (a) a flawed testing methodology used by the graduate student; (b) testing of some products which were no longer offered in the marketplace; and (c) test conclusions which were subject to unreliable or false interpretation.

The HipSaver Company retained Wilson C. Hayes, PhD, a recognized biomechanical engineering expert, to review the White Paper, the graduate student's thesis, and Posey's advertising. Dr. Hayes determined that the research is not reliable and cannot sustain any of the claims in the White Paper and our advertising with reasonable certainty.

Posey values its hard-earned reputation and does not advocate the use of any material that may be inaccurate or out of date, and expressly regrets comparisons with HipSaver products and confusion this may have caused in the marketplace.

Posey has eliminated the bar charts and all statements based on the White Paper from its catalogs.

If by chance you have a copy of the White Paper or any advertising material referring to testing at UCLA, please do not use it or to rely on any statements in it.

If you have any questions about anything in this announcement, please contact Posey at [telephone number]

**EXHIBIT B**
(page 1 of 1)

9

EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
| v. | ) ORAL HEARING REQUESTED |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |
| AND RELATED COUNTERCLAIM. | ) |

## SEVENTH MOTION IN LIMINE OF J.T. POSEY COMPANY FOR ORDER LIMITING USE OF INFORMATION REGARDING POSEY I AT TRIAL

By this seventh motion in limine, defendant and counterclaimant J.T. Posey Company ("Posey") seeks an order pursuant to Rule 403 of the Federal Rules of Evidence precluding The HipSaver Company, Inc. ("HipSaver") and its counsel from presenting certain evidence regarding the first lawsuit between the parties.

Pursuant to Local Rule 7.1(A)(2), counsel for Posey has conferred with the plaintiff's counsel regarding this motion.

## I.      FACTS

HipSaver commenced an action ("Posey I") against Posey in this Court on June 10, 2004. The gist of HipSaver's complaint in Posey I was the same as it is here. The parties settled Posey I in September 2004, at which time they executed a written settlement agreement (the "Settlement Agreement").

Throughout the present litigation, HipSaver has argued that the settlement of the prior lawsuit indicated that Posey did something wrong before and that Posey would do it again. Posey expects HipSaver to make similar prejudicial statements at trial.

## II.    **ARGUMENT**

HipSaver will likely submit evidence about the prior lawsuit between the parties to bias the jury into believing that Posey has a propensity for committing false advertising. The extreme prejudice caused by this mode of argument trumps any relevance and renders such evidence inadmissible pursuant to Federal Rule of Evidence 403.

Accordingly, the Court should order that only the following information regarding the parties' prior lawsuit may be disclosed at trial.

1) There was a prior lawsuit between the parties;

2) In the prior lawsuit the parties accused each other of false advertising;

3) The parties entered into a written settlement agreement to settle the first lawsuit;

4) The settlement agreement contained a notice provision stating: "[I]n the event of any further comparative testing of Posey and HipSaver products by either party, neither party shall make commercial advertising use of the results or analysis related to such testing without first giving the other party at least thirty (30) days advanced written notice of the results or the analysis;

5) The settlement agreement contained a release provision pursuant to which the parties released each other from "all claims, liability or causes of action, known or unknown, fixed or contingent, which arise from or are related to . . . [the claims] which were asserted or which could have been asserted in [Posey I] for conduct which occurred prior to the date of [the] Agreement."

6) Posey agreed to pay HipSaver's legal fees totaling $360,000 in that lawsuit;

7) The settlement did not constitute an admission of liability by either party.

Additionally, the Court should preclude HipSaver from making any statements regarding the prior lawsuit between the parties, beyond the enumerated statements above.

## III.  **CONCLUSION**

For the forgoing reasons, Posey's seventh motion in limine should be granted.

Dated: May 15, 2007

J.T. POSEY COMPANY

By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon (CA Bar No. 67516)
Douglas H. Morseburg
            (CA Bar No. 126205)
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA  91103-3842
626.796.4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

## **CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

May 15, 2007

/s/ Donald K. Piper
Donald K. Piper

EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

THE HIPSAVER COMPANY, INC.,      )
                                           )

      Plaintiff,                  )
                                         )

v                                          )      Civil Action No. 05-10917 PBS
                                         )

J.T. POSEY COMPANY,           )
                                         )

      Defendant.                )
                                         )
_____)

## HIPSAVER'S OPPOSITION TO POSEY'S SEVENTH MOTION *IN LIMINE* FOR ORDER LIMITING USE OF INFORMATION REGARDING POSEY I TRIAL

In its motion, Posey seeks to include all evidence of the previous lawsuit and settlement that it deems useful for its case and to exclude all evidence of the lawsuit and settlement that it deems harmful to its case. Now that the Court has ruled against Posey on its counterclaims, it would follow that Posey will now try to exclude the entire settlement agreement. But, Posey simply can't pick and choose provisions of the settlement agreement. The entire settlement agreement and the context of the settlement agreement are relevant to this dispute and all evidence surrounding the settlement agreement, including the terms of the agreement and the corrective advertising distributed as a condition to settlement should be admitted.

This case involves, in relevant part, HipSaver's claims of false advertising and a claim that Posey breached the 2004 settlement agreement between the parties ("Settlement Agreement") that concluded prior litigation between the parties in 2004 ("2004 Litigation"). The central issue in both the 2004 Litigation and the present

litigation is false advertising by Posey about its hip protector product.  The Court has established on summary judgment that at least Posey advertising claims about relative product quality are literally false and that other challenged Posey advertising claims must be considered by a jury.  Memorandum and Order [**D.N.** 228] at p. 27.

Following this Court's decision to dismiss Posey's counterclaims, evidence regarding the 2004 Litigation and the 2004 Settlement Agreement remains highly probative of several issues that the jury will consider at trial, including (1) whether Posey breached the Settlement Agreement; (2) whether Posey falsely advertised since the Settlement Agreement with an intent to deceive consumers; (3) whether Posey falsely advertised since the Settlement Agreement with a malicious, fraudulent, deliberate, or willful intent; (4) whether HipSaver's expert, Dr. Hayes, is a credible biomechanical expert.

## ARGUMENT

The 2004 Litigation and Settlement Agreement are an inherent part of this litigation and should be admitted.  In its motion, Posey offers a list of those facts that it deems relevant but never identifies those that it wishes to exclude.  it is unclear exactly what, if anything, should be excluded.  Without identifying any particular information that Posey seeks to exclude, Posey's motion is a moving target.  After the parties have thoroughly briefed the settlement agreement and related information in their pleadings and after this Court has similarly considered the settlement agreement in its rulings, it is simply too late to parse the agreement or its context apart.

The entire Settlement Agreement, including the corrective advertising, as well as the context of the Settlement Agreement, is relevant and admissible.  HipSaver offers

evidence of the 2004 Litigation and the Settlement Agreement for their high probative value on the proper basis: they evidence Posey's breach of contract and Posey's intent and willfulness in the challenged false advertising.

The terms of the Settlement Agreement are highly relevant to HipSaver's breach of contract claim. The jury must consider the requirements of the settlement agreement and the context of the settlement agreement in order to determine breach. The terms of the Settlement Agreement specifically state that the Settlement Agreement is admissible for enforcement.

Evidence of the circumstances of the Settlement Agreement and the 2004 Litigation is also highly probative of Posey's intent to deceive and its willfulness in false advertising. Posey's intent to deceive is relevant to the Lanham Act requirement of consumer deception. The context of the settlement agreement alerted Posey to the dangers of false advertising and is relevant to Posey's awareness of the dangers of false advertising and thus, relevant to its intent to deceive.

Similarly, evidence of the circumstances of the Settlement Agreement and the 2004 Litigation is highly probative of whether HipSaver's claim is an "exceptional case" under the Lanham Act. Under the Lanham Act, false advertising with a "malicious, fraudulent, deliberate, or willful" intent creates an "exceptional case." *See Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 31 (1st Cir. 2002) (affirming attorney's fees award based on an advisory jury finding that Lanham Act violation was willful). Whether a case is an "exceptional case" within the meaning of the Lanham Act determines whether a plaintiff may recover attorney's fees as part of its recovery. 15 U.S.C. § 1117(a). The "totality of the circumstances" considered in such an analysis

requires the jury to consider the circumstances of the Settlement Agreement and the 2004 Litigation, because Posey published the disputed advertising *after* the issues of false advertising were raised in the Settlement Agreement and the 2004 Litigation. Memorandum and Order [**D.N.** 228] at p. 7.

Finally, the corrective statement included in the settlement agreement is relevant to the credibility of Dr. Hayes, HipSaver's biomechanical expert. Dr. Hayes was involved in the 2004 Litigation between these parties. In that case, it was Dr. Hayes' review of the challenged White Paper advertising that found that the White Paper testing was flawed. As a condition of settlement, Posey published a corrective advertising statement that communicated Dr. Hayes' findings and admitted Dr. Hayes' expertise:

> The HipSaver Company retained Wilson C. Hayes, PhD, a recognized biomechanical engineering expert, to review the [White Paper advertising]. Dr. Hayes determined that the research is not reliable and cannot sustain any of the claims in the White Paper and our advertising with reasonable certainty.

This corrective statement buttresses the experience and credibility of Dr. Hayes and should be admitted as evidence of Posey's admission of the credibility and validity of Dr. Hayes' opinions.

Clearly, the probative value of the 2004 Litigation and Settlement Agreement outweighs any hypothetical prejudice that it may cause. But, even if the Court perceives some risk of prejudice, the correct way to cure Posey's claimed risk of prejudice is a limiting instruction to the jury. *See* F.R.E. 403 advisory committee's note.

4

**CONCLUSION**

For these reasons, HipSaver respectfully requests that this Court deny Posey's

Seventh Motion *In Limine* and admit evidence of the Settlement Agreement and the 2004

Litigation.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 22, 2007


**CERTIFICATE OF SERVICE**

I certify that this document has been filed through the Electronic Case Filing System
of the United States District Court for the District of Massachusetts and will be served
electronically by the court to the Registered Participants identified in the Notice of Electronic
filing.


/s/  Courtney M. Quish
Courtney M. Quish

02820/00502  669817.4

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

THE HIPSAVER COMPANY, INC.,          )
                                     )
      Plaintiff,          )
                                     )
v                                    )          Civil Action No. 05-10917 PBS
                                     )
J.T. POSEY COMPANY,                  )
                                     )
      Defendant.          )
                                     )
_____)

**RESPONSE BY THE HIPSAVER COMPANY TO THE COURT'S REQUEST
FOR BRIEFING REGARDING FINDINGS OF INTENT TO DECEIVE AND
WILLFULNESS AND EVIDENCE OF THE 2004 LITIGATION AND
SETTLEMENT AGREEMENT**

During the Pretrial Conference of May 29, 2007, this Court asked whether false advertising willfulness or intent to deceive are questions of fact, to determine the relevance of evidence of the 2004 litigation and settlement agreement ("2004 Litigation and Settlement Agreement") between The HipSaver Company, Inc. ("HipSaver") and J.T. Posey Company ("Posey"). After further review of the case law, it is clear that determinations of willfulness and intent to deceive are both questions of fact. Evidence of the 2004 Litigation and Settlement Agreement is relevant to these questions of fact, and accordingly the Court should admit such evidence.

## ARGUMENT

### A.    Whether a Party Had Intent to Deceive is a Question of Fact

Posey's intent to deceive is relevant to HipSaver's burden of proof regarding consumer deception: A finding of Posey's the intent to deceive consumers relieves

HipSaver of proving the false advertising element of consumer deception. *Cashmere & Camel Hair Mfgs. Inc. v. Saks Fifth Ave.*, 284 F.3d 302, 316 (1st Cir. 2002) ("It is well established that if there is proof that a defendant intentionally set out to deceive or mislead consumers, a presumption arises that customers in fact have been deceived"). Evidence of past advertising conduct is relevant to the jury's determination of whether the defendant held the requisite intent to deceive. *JTH Tax, Inc. v. H&R Block Eastern Tax Servs., Inc.*, 128 F.Supp.2d 926, 938 (E.D. Va. 2001) (finding that past advertising conduct and prior notice of false advertising was relevant to determination of intent to deceive).

While HipSaver maintains that the challenged statements in the Garwood advertisement are literally false (which would create another presumption of consumer deception), Posey argues that at least one statement may, at best, be found implicitly false. The 2004 Litigation and Settlement Agreement would be relevant to a finding of consumer deception, should the challenged advertising statement be found implicitly false. And, Posey's intent to deceive consumers will be even more relevant if Posey tries to rebut the presumption that the literal falsity of its ads deceived consumers.

A determination of intent is generally a fact question for the jury. *Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982)("Treating issues of intent as factual matters for the trier of fact is commonplace."). Specifically, intent to deceive in false advertising cases is a fact question for the jury. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1332-1336 (8th Cir. 1997) (affirming a false advertising jury instruction on defendant's intent to deceive); *DP Wagner Mfg. Inc. v. Pro Patch Systems, Inc.*, 434 F.Supp.2d 445, 456 (S.D.Tex. 2006)(stating that intent to deceive in a patent marking and

false advertising case is a factual determination); *United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1183 (8th Cir. 1998)( stating that "unless commercial claim is literally false, or <u>trier of fact has determined that competitor acted willfully with intent to deceive or in bad faith</u>, party seeking relief under false advertising section of Lanham Act bears ultimate burden of proving actual deception by using reliable consumer or market research")(emphasis added); *People v. Chas. E. Austin, Inc.*, 301 Mich. 456, 460; 3 N.W.2d 841, 842 (stating that a determination of intent to deceive in a false advertising case is a question of fact)(Mich. 1942)

**B.      Whether Posey's False Advertising was Willful is a Questions of Fact**

A determination regarding Posey's willfulness is relevant to an award of attorney's fees because Lanham Act attorney's fees may be awarded where the Lanham Act violation was willful. *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 31 (1st Cir. 2002)(affirming a $500,000 attorney's fees award under the Lanham Act based in part on a jury finding that Lanham violation was willful).

For purposes of awarding Lanham Act attorney's fees, willfulness is also a question of fact. *Gnesys, Inc. v. Green*, 437 F.3d 482, 488 (6th Cir. 2005) (affirming Lanham Act attorney's fees award and stating that "the issue of whether [defendant's] violation was willful is a fact-based question").  A court makes the decision whether to award attorney's fees, but a court may consider a jury finding of willfulness in making that decision. *Tamko Roofing Prods.*, 282 F.3d at 31 (affirming a $500,000 attorney's fees award under the Lanham Act based in part on a jury finding that Lanham violation was willful).

## CONCLUSION

Whether Posey engaged in false advertising willfully or with intent to deceive consumers are therefore questions of fact.   Evidence of the 2004 Litigation and Settlement Agreement is relevant to answering both of these questions of fact.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,


/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
May 31, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.


/s/  Courtney M. Quish
Courtney M. Quish


02820/00502  677250.1