UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., ) | Civil Action No. 05-10917 PBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J.T. POSEY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AND RELATED COUNTERCLAIM. ) | |

## OBJECTIONS TO HIPSAVER'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

Defendant J.T. Posey Company ("Posey") hereby objects to the Preliminary Jury Instructions filed by the HipSaver Company, Inc. ("HipSaver") on August 8, 2007.

## GENERAL OBJECTIONS

As an initial matter Posey objects to the preliminary jury instructions as being untimely. The deadline for submitting proposed jury instructions to the Court was May 15, 2007 according to the Court's Pre-Trial Order of February 14, 2007. Additionally, Posey objects to the preliminary jury instructions as containing improper argument and numerous misstatements of law.

Posey further objects to the preliminary instructions, because in numerous instances HipSaver has modified form instructions, yet failed to note that fact in its citations. For example,

without indication, Instruction 15 differs from the Manual of Model Civil Jury Instructions, Section 1.12 (9th Circuit, 2007) attached hereto as Exhibit A.

## SPECIFIC OBJECTIONS

### INSTRUCTION 2.1

Posey objects to instruction 2.1 as being argumentative, prejudicial to Posey, and as containing numerous irrelevant facts and "facts" which must be proved at trial.

### INSTRUCTION 2.2

Posey objects to instruction 2.2 as being improper for preliminary jury instructions. Additionally, the third sentence in stipulated fact no. 2 incorrectly states that "Mr. Goodwin has sold HipSaver hip protectors since about 1995." The parties stipulated that Mr. Goodwin has sold HipSaver hip protectors since "about 1997". Additionally, stipulated fact nos. 30-33 are relevant facts and prejudicial and the Court has already ruled that Facts relating to Posey I and the settlement of Posey I are inadmissible. Additionally, the statement of stipulated facts presented in this instruction conflicts with the statement of stipulated facts referred in HipSaver's Jury Instruction No. 6.

### INSTRUCTION 2.3, 2.3(a) and 2.3(b)

Posey objects to instructions 2.3, 2.3(a) and 2.3(b) as being unfairly prejudicial and as containing inaccurate statements of law. Additionally, Posey objects to these instructions as premature.

## INSTRUCTION 14

Posey objects to Instruction 14 as being unduly prejudicial in referring directly to Posey.

Dated: August 10, 2007

J.T. POSEY COMPANY

By its attorneys,

/s/ Douglas H. Morseburg
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg, Admitted Pro Hac Vice
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA  91103-3842
626.796.4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

August 10, 2007

/s/ Donald K. Piper
Donald K. Piper

**EXHIBIT "A"**

## 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**Comment**

An abbreviated instruction should be repeated before the first recess and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino–Noriega*, 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied*, 528 U.S. 989 (1999).

State court practice in some jurisdictions does allow discussion.

If the court decides to allow discussion, substitute the following language for the final paragraph of the instruction:

> You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion. You are to keep an open mind throughout the case until you have fully deliberated.