## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
|  | ) Civil Action No. 05-10917 PBS |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| J.T. POSEY COMPANY, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
| AND RELATED COUNTERCLAIM. | ) |
|  | ) |

### OBJECTIONS TO HIPSAVER'S PROPOSED JURY INSTRUCTIONS SERVED ON AUGUST 8, 2007

Defendant J.T. Posey Company ("Posey") hereby objects to the jury instructions filed by the HipSaver Company, Inc. ("HipSaver") on August 8, 2007.

### GENERAL OBJECTIONS

As an initial matter, Posey objects to HipSaver's jury instructions served on August 8, 2007 as containing improper argument and numerous misstatements of law.

Posey further objects to HipSaver's jury instructions, because in numerous instances, HipSaver has modified form instructions, yet failed to note that fact in its citations. For example, without indication, instruction 1.4 deviates from the Manual of Model Civil Jury Instructions, Section 1.6 (9th Circuit 2007) attached hereto as Exhibit A.

**SPECIFIC OBJECTIONS**

**INSTRUCTION 1.14**

Posey objects to instruction 1.14 as unduly prejudicial, since in that it mentions J.T. Posey Company, Inc. by name.

**INSTRUCTION 2.1**

Posey objects to instruction 1.14 as unduly prejudicial in that it states as established "facts" various matters which are in dispute, e.g. whether the Garwood ads were disseminated continuously from 2001 through 2005. Posey further objects to this instruction on the grounds that it recites matters which have already been excluded by the Court, e.g. matters related to Posey I, the Posey I settlement. Posey further objects to this instruction, because it fails to fairly state the substance of Posey's affirmative defenses. Posey further objects to instruction 1.14 as unduly prejudicial in that it uses to certain terms in a transparent attempt to curry favor with the jury.

**INSTRUCTION 2.2**

Posey objects to instruction 2.2 as prejudicial and confusing. HipSaver provided no authority for this instruction.

**INSTRUCTION 3.1**

Posey objects to instruction 3.1 on the grounds that it as being unduly prejudicial and confusing. Additionally Posey objects to instruction 3.1 as misstating the law. Additionally, the instructions are simply not drafted in an impartial manner.

**INSTRUCTION 3.2**

Posey objects to instruction 3.2 on the grounds that the issue of disgorgement, if any, will be decided by the Court.  In addition, this instruction misstates the law in that it fails to contain any statement that awards of profits are intended to be compensatory.

**INSTRUCTION 3.3**

Posey objects to instruction 3.3 on the grounds that it misstates the law, and upon the further ground that consideration of the "past advertising conduct" is contrary to FRE 404 and contrary to the express terms of the settlement agreement in Posey I.

**INSTRUCTION 3.4**

Posey objects to instruction 3.4 on the grounds that it is misleading and unduly prejudicial in that it misstates the notice provision of settlement agreement in Posey I.

**INSTRUCTION 5**

Posey objects to instruction 5 on the grounds that HipSaver has waived any claim for damages and has asserted throughout the litigation that it was seeking Posey's profits as a proxy for its alleged losses.  Posey further objects to this instruction on the grounds that the award of injunctive relief is a question for the Court not the jury.

**INSTRUCTION 6**

Posey objects to instruction 6 on the grounds that Plaintiff's Trial Exhibit 657 does not state the facts as stipulated to by the parties.

Dated: August 12, 2007                     J.T. POSEY COMPANY

                                                                By its attorneys,

/s/ Douglas H. Morseburg_____
Jeffrey G. Sheldon, Admitted Pro Hac Vice
Douglas H. Morseburg, Admitted Pro Hac Vice
SHELDON MAK ROSE & ANDERSON
100 E. Corson Street, 3d Floor
Pasadena, CA  91103-3842
626.796.4000

Anthony J. Fitzpatrick (BBO # 564324)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4200

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

August 12,  2007                                             /s/ Donald K. Piper_____
                                                                                     Donald K. Piper

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.