**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

THE HIPSAVER COMPANY, INC.,                )
                                           )
     Plaintiff / Counterclaim Defendant,   )
                                           )
v                                          )        Civil Action No. 05-10917 PBS
                                           )
J.T. POSEY COMPANY,                        )
                                           )
     Defendant / Counterclaim Plaintiff.   )
                                           )
_____)
                                           )
AND RELATED COUNTERCLAIM                    )
_____)


**J.T. POSEY COMPANY, INC.'S**
**PROPOSED JURY INSTRUCTIONS**

     Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendant and

counterclaimant J.T. Posey Company, Inc. ("Posey") hereby requests that the Court instruct the

jury on the law applicable to the parties' claims asserted in this matter in accordance with the

attached proposed instructions.  Captions and citations are for the convenience of the Court and

are not part of the requested instructions.

Posey further requests leave of this Court to submit appropriate amendments and supplements to these requested instructions as are necessary and to modify, add to and delete instructions from these proposed instructions in light of the court's recent ruling on the parties' motions for summary judgment and the court's ruling on the parties motions in limine.

Dated: August 12, 2007                J.T. POSEY COMPANY

                                       By its attorneys,

                                       /s/ Douglas H. Morseburg
                                       Jeffrey G. Sheldon Admitted Pro Hac Vic
                                       Douglas H. Morseburg Admitted Pro Hac Vice
                                       SHELDON MAK ROSE & ANDERSON PC
                                       100 E. Corson Street, 3d Floor
                                       Pasadena, CA  91103-3842
                                       626.796.4000

                                       Anthony J. Fitzpatrick (BBO # 564324)
                                       DUANE MORRIS LLP
                                       470 Atlantic Avenue, Suite 500
                                       Boston, MA 02210
                                       857.488.4200

                                       Attorneys for J.T. Posey Company, Inc.


## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

August 12, 2007                        /s/ Donald K. Piper
                                       Donald K. Piper

INSTRUCTION NO. 21 .........................................................................................24

INSTRUCTION NO. 22 .........................................................................................25

INSTRUCTION NO. 23 .........................................................................................26

INSTRUCTION NO. 24 .........................................................................................27

INSTRUCTION NO. 25 .........................................................................................28

INSTRUCTION NO. 26 .........................................................................................29

INSTRUCTION NO. 27 .........................................................................................31

INSTRUCTION NO. 28 .........................................................................................32

INSTRUCTION NO. 29 .........................................................................................33

INSTRUCTION NO. 30 .........................................................................................35

INSTRUCTION NO. 31 .........................................................................................36

INSTRUCTION NO. 32 .........................................................................................37

INSTRUCTION NO. 33 .........................................................................................38

INSTRUCTION NO. 34 .........................................................................................39

INSTRUCTION NO. 35 .........................................................................................41

INSTRUCTION NO. 36 .........................................................................................42

INSTRUCTION NO. 37 .........................................................................................43

INSTRUCTION NO. 38 .........................................................................................44

INSTRUCTION NO. 39 .........................................................................................45

INSTRUCTION NO. 40 .........................................................................................46

INSTRUCTION NO. 41 .........................................................................................47

INSTRUCTION NO. 42 ..............................................................................48

INSTRUCTION NO. 43 ..............................................................................49

INSTRUCTION NO. 44 ..............................................................................50

INSTRUCTION NO. 45 ..............................................................................51

INSTRUCTION NO. 46 ..............................................................................52

INSTRUCTION NO. 47 ..............................................................................53

INSTRUCTION NO. 48 ..............................................................................54

INSTRUCTION NO. 49 ..............................................................................55

# TABLE OF CONTENTS

INSTRUCTION NO. 1 ...........................................................................................................3

INSTRUCTION NO. 2. ........................................................................................................4

INSTRUCTION NO. 3 ...........................................................................................................6

INSTRUCTION NO. 4 ...........................................................................................................7

INSTRUCTION NO. 5 ...........................................................................................................8

INSTRUCTION NO. 6 ...........................................................................................................9

INSTRUCTION NO. 7 .........................................................................................................10

INSTRUCTION NO. 8 .........................................................................................................11

INSTRUCTION NO. 9 .........................................................................................................12

INSTRUCTION NO. 10 .......................................................................................................13

INSTRUCTION NO. 11 .......................................................................................................14

INSTRUCTION NO. 12 .......................................................................................................15

INSTRUCTION NO. 13 .......................................................................................................16

INSTRUCTION NO. 14 .......................................................................................................17

INSTRUCTION NO. 15 .......................................................................................................18

INSTRUCTION NO. 16 .......................................................................................................19

INSTRUCTION NO. 17 .......................................................................................................20

INSTRUCTION NO. 18 .......................................................................................................21

INSTRUCTION NO. 19 .......................................................................................................22

INSTRUCTION NO. 20 .......................................................................................................23

INSTRUCTION NO. 1

<u>Duty Of Jury</u>[1]

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

---

[1]  Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.1B

3

INSTRUCTION NO. 2.

<u>Claims and Defenses</u>[2]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a dispute between competitors, both of whom sell hip protection garments. The plaintiff is The HipSaver Company. We will refer to the plaintiff as HipSaver. The defendant is J.T. Posey Company, Inc. We will refer to the defendant as Posey.

HipSaver and Posey were previously involved in litigation in 2004. In that prior action, HipSaver challenged the accuracy of some of Posey's advertising regarding a research paper referred to as the UCLA white paper and Posey challenged the accuracy of some of the statements on HipSaver's website. The parties settled the prior lawsuit in September 2004. As part of the settlement, they signed a written settlement agreement.

In this action, HipSaver is claiming that Posey breached the settlement agreement and it is also claiming that some of the statements in Posey's advertising regarding some testing referred to as the Garwood testing are false and misleading. HipSaver claims that it was injured as a result of Posey's actions and it seeks a monetary award. HipSaver also contends that Posey's actions constitute unfair business practices. HipSaver bears the burden of proving these claims by a preponderance of the evidence.

Posey denies that it has breached the settlement agreement or that its advertising claims regarding the Garwood testing are false and misleading. In defense of HipSaver's claims, Posey also contends that, even if some of the statements it made regarding the Garwood testing were not correct, they were insignificant and that they did not cause HipSaver any harm.

Posey is asserting several affirmative defenses against HipSaver's claims. In connection

---

[2] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.2, modified

4

with these, Posey contends that certain of the advertising statements that HipSaver has complained about are not actionable, that HipSaver waited too long to complain about the Garwood ads and that HipSaver gave up the right to complain about the Garwood ads when it settled the first lawsuit.  Posey bears the burden of establishing its affirmative defenses by a preponderance of the evidence.

5

INSTRUCTION NO. 3

Burden Of Proof—Preponderance Of The Evidence[3]

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[3] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.3.

INSTRUCTION NO. 4

<u>Two Or More Parties—Different Legal Rights</u>[4]

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

---

[4] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.5.

INSTRUCTION NO. 5

<u>What Is Evidence</u>[5]

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

---

[5] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.6.

INSTRUCTION NO. 6

What Is Not Evidence[6]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[6] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.7.

INSTRUCTION NO. 7

Evidence For Limited Purpose[7]

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**POSEY REQUESTS THAT THE FOLLOWING INSTRUCTION BE GIVEN IMMEDIATELY BEFORE OR AFTER THE INTRODUCTION OF EVIDENCE THAT IS ADMITTED FOR A LIMITED PURPOSE:**

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.

---

[7] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.8.

INSTRUCTION NO. 8

<u>Direct And Circumstantial Evidence</u>[8]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may infer from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of your reason, experience, and common sense.

---

[8] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.9.

11

INSTRUCTION NO. 9

Ruling On Objections[9]

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

---

[9] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.10.

INSTRUCTION NO. 10

<u>Credibility Of Witnesses</u>[10]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

---

[10] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.11.

13

INSTRUCTION NO. 11

<u>Conduct Of The Jury, No. 1.12.</u>[11]

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or email. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

---

[11] Ninth Circuit Manual of Model Civil Jury Instructions (2007)

14

INSTRUCTION NO. 12

<u>No Transcript Available To Jury</u>[12]

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

---

[12] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.13.

15

INSTRUCTION NO. 13

Taking Notes[13]

     If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

     Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

---

[13] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.14.

INSTRUCTION NO. 14

Bench Conferences And Recesses[14]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[14] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.18.

17

INSTRUCTION NO. 15

Outline Of Trial[15]

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[15] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 1.19.

INSTRUCTION NO. 16

<u>Stipulations Of Fact</u>[16]

      The parties have agreed to certain facts to be placed in evidence as Exhibit __.  You should therefore treat these facts as having been proved.

---

[16] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 2.2.

INSTRUCTION NO. 17

<u>Deposition In Lieu Of Live Testimony</u>[17]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

[17] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 2.4.

INSTRUCTION NO. 18

Expert Opinion[18]

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[18] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 2.11.

21

INSTRUCTION NO. 19

Charts And Summaries Not Received In Evidence[19]

Certain charts and summaries not received in evidence may be/have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

---

[19] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 2.12.

22

INSTRUCTION NO. 20

<u>Charts And Summaries In Evidence</u>[20]

Certain charts and summaries may be/have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[20] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 2.13.

INSTRUCTION NO. 21

Duty To Deliberate[21]

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[21] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 3.1.

INSTRUCTION NO. 22

Communication With Court[22]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

---

[22] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 3.2.

25

INSTRUCTION NO. 23

<u>Return Of Verdict</u>[23]

A verdict form has been prepared for you.  [Explain verdict form.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

---

[23] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 33.

INSTRUCTION NO. 24

Corporations And Partnerships—Fair Treatment[24]

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

---

[24] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 4.1.

INSTRUCTION NO. 25

<u>Liability Of Corporations—Scope Of Authority Not In Issue</u>[25]

     Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

---

[25] Ninth Circuit Manual of Model Civil Jury Instructions (2007), No. 4.2.

INSTRUCTION NO. 26

Overview of Claims

I will now provide you with an overview as to the claims in this case. I will then instruct you on the law as to each of these claims, in detail.

As you have heard, this is a dispute between competitors, both of whom sell hip protection garments. The plaintiff is The HipSaver Company. We will refer to the plaintiff as HipSaver. The defendant is J.T. Posey Company, Inc. We will refer to the defendant as Posey.

HipSaver and Posey were involved in litigation in 2004. In that prior action, HipSaver challenged the accuracy of some of Posey's advertising regarding a research paper referred to as the UCLA white paper and Posey challenged the accuracy of some of the statements on HipSaver's website. The parties settled the prior lawsuit in September 2004. As part of the settlement, they signed a written settlement agreement.

In this action, HipSaver is claiming that Posey breached the settlement agreement and it is also claiming that some of the statements in Posey's advertising regarding some testing referred to as the Garwood testing are false and misleading. HipSaver claims that it was injured as a result of Posey's actions and it seeks a monetary award. HipSaver also contends that Posey's actions constitute unfair business practices.

Posey denies that it has breached the settlement agreement or that its advertising claims regarding the Garwood testing are false and misleading. It also contends that, even if some of the statements it made regarding the Garwood testing were not correct, that they were insignificant and that they did not cause HipSaver any harm.

Posey is asserting several affirmative defenses against HipSaver's claims. In connection with these, Posey contends that certain of the statements HipSaver is complaining about are not

29

actionable, that HipSaver waited too long to complain about the Garwood ads and that HipSaver gave up the right to complain about the Garwood ads when it settled the first lawsuit.

INSTRUCTION NO. 27

Elements of a False Advertising Claim

HipSaver is claiming that Posey has engaged in false advertising under the Lanham Act § 43(1).

In order to prevail on a false advertising claim under the Lanham Act, the complaining party must prove, by a preponderance of the evidence each of the following elements:

    a.  That the defending party made a false or misleading description of fact or a representation of fact in a commercial advertisement about his own or another's product;

    b.  That the misrepresentation is material, in that it is likely to influence purchasing decisions;

    c.  That the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience;

    d.  That the defending party placed the false or misleading statement into interstate commerce; and

    e.  That the complaining party has been or is likely to be injured as a result of the misrepresentation, either by a direct diversion of sales away from the complaining party and to the defending party or by a lessening of goodwill associated with the complaining party's products.[26]

I will discuss each of these elements in turn.

---

[26] *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 310-11 (1st Cir. 2002).

31

INSTRUCTION NO. 28

<u>First Element - False or Misleading Statement</u>

With respect to the first element, the complaining party must show that the defending party made a false or misleading statement in a commercial advertisement about its own product or the product of the complaining party.  To satisfy this element, the complaining party must prove that the defending party's advertisement is either literally false or implicitly false.  An implicitly false advertisement is one that is true or ambiguous, but misleading.[27]

---

[27] *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 311 (1st Cir. 2002).

32

INSTRUCTION NO. 29

First Element - Superiority and Establishment Claims - Defined

The Posey statements that are the subject of this action are known as "comparative advertising claims".  There are two types of false comparative advertising claims.  The first is the "my product is better than yours" type, which is known as a "superiority claim".  The second is the "tests prove that my product is better than yours" type, which is known as an establishment claim.[28]

Now, the complaining party's burden in connection with her claim differs depending upon whether she is asserting a superiority claim or an establishment claim. So, where the defending party has made a "my product is better than yours" claim, that is, "superiority claim", the complaining party must prove that the defending party's claim of superiority is false.[29]

Where the defending party has claimed the superiority of his product by attributing it to scientific testing, that is, where the defending party has made an "establishment claim", the complaining party must demonstrate "'that the tests [relied upon] were not sufficiently reliable to permit one to conclude with reasonable certainty that they established the proposition for which they were cited.'"[30]  However, the fact that a test is imperfect does not necessarily mean that the defending party's advertising statements are false.[31]

In deciding whether a defending party made a false or misleading superiority or

---

[28] *Rhone-Poulenc Rorer Pharmaceuticals, Inc. v. Marion Merrill Dow, Inc.*, 93 F.3d 511, 514 (8th Cir. 1996) (italics omitted).

[29] *Id.*

[30] *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62-63 (2d Cir 1992) (quoting *Proctor & Gamble Co. v. Chesebrough-Pond's, Inc.*, 747 F.2d 114, 119 (2d Cir. 1984)).

[31] *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002); *Rhone-Poulenc Rorer Pharmaceuticals, Inc. v. Marion Merrill Dow, Inc.*, 93 F.3d 511, 514 (8th Cir. 1996).

33

establishment claim, you must first determine what is the actual claim made by that party's advertisement and then determine whether that claim is false.[32]  Also, in assessing a defending party's advertisement, it is necessary to view the message conveyed by the advertisement in full context, that is, you must consider the advertisement as a whole, rather than examine parts of it separately.[33]

---

[32]  *Clorox Company Puerto Rico v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 34 (1st Cir. 2000).
[33]  *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002) (citing *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 946 (3d Cir. 1993)).

INSTRUCTION NO. 30

<u>Second Element – Materiality</u>

The materiality component of a false advertising claim requires the complaining party to prove that the defendant's deception is "likely to influence the purchasing decision."[34]  This element focuses on whether the false or misleading statement is likely to make a difference to purchasers.[35]  The relevant purchasers are those to whom the advertisement was addressed.[36]

---

[34]  *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 311-12 (1st Cir. 2002) (citing *Clorox Co. Puerto Rico v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 33 n. 6 (1st Cir. 2000)).

[35]  *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 312 n. 10 (1st Cir. 2002).

[36]  *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 312 n. 11 (1st Cir. 2002).

35

INSTRUCTION NO. 31

<u>Third Element - Actually Deceives or Has the Tendency to Deceive</u>

A complaining party seeking damages from the defending party must prove that the defending party's misrepresentations actually deceived a substantial portion of the consuming public.[37]

There are two exceptions to this requirement.

- First, where the defending party's misstatement is literally false, you may, but you are not required to, infer that the statement deceived consumers.[38]

- Second, where the defending party's misstatement is implicitly false and misleading, you may, but you are not required to, infer that the defending party's misstatement is likely to cause confusion or to deceive consumers if you also find that the defending party intentionally deceived the consuming public.[39]

---

[37] *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 311 n. 9, 313-14 (1st Cir. 2002)

[38] *Cashmere*, 284 F.3d 302, 311; *Clorox*, 228 F.3d at 33, n.6; s*ee also Balance Dynamics Corp. v. Schmitt Indus.,* 204 F.3d 683, 693 (6th Cir. 2000) (noting that when a statement is literally false, "a plaintiff need not demonstrate actual customer deception in order to obtain relief "); *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998).

[39] *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 311 n. 8 (1st Cir. 2002)

36

INSTRUCTION NO. 32

<u>Fourth Element - Interstate Commerce</u>

To establish the fourth element of a Lanham Act claim, the complaining party must show that the accused statements were distributed in interstate commerce.  In this lawsuit, the parties agree that all of the advertising has been distributed in interstate commerce.[40]

---

[40] *Cashmere Camel Hair v. Saks Fifth Avenue,* 284 F.3d 302, 310-11 (1st Cir. 2002).

37

INSTRUCTION NO. 33

<u>Fifth Element – Injury In Fact Or Likelihood of Injury</u>

To satisfy the fifth element of a false advertising claim, a complaining party seeking damages under the Lanham Act must demonstrate actual harm to its business.  The harm must be caused by the defending party's false advertising.[41]

A complaining party is entitled to a rebuttable presumption of injury if it can prove that the defending party willfully published literally false advertising in a two firm market where the defending party makes comparative statements targeting a direct competitor's products.  In considering whether the rebuttable presumption applies, you should consider:

1)  Whether the defending party's publication was willful.  Namely, did the defending party voluntarily and intentionally publish the false advertising.[42]

2)  Whether the complaining party and the defending party are in a two firm market, meaning a market where consumers have no where to turn except to the complaining party or the defending party and where any sale the defending party won through misrepresentations necessarily amounted to a sale lost by the plaintiff.[43]

If found applicable, the presumption of damage can be rebutted if the defending party can show by a preponderance of the evidence that the complaining party was not harmed as a result of the false advertising, such as by showing that the complaining party's sales increased after the period in which the false advertising was disseminated, there was no decrease in the price of the complaining party's product, or if no customers informed the complaining party that it was losing a sale due to the false advertising of the defending party. [44]

---

[41]  *Cashmere Camel Hair v. Saks Fifth Avenue*, 284 F.3d 302, 318 (1st Cir. 2002).
[42]  *Tamko Roofing Co., Ltd*, 282 F.3d 23, 35-36 (1st Cir. 2002).
[43]  <u>*Mueller Co v. U.S. Pipe & Foundry Co.*, 351 F.Supp.2d. 1, 4 (D.N.H. 2005).</u>
[44]  *Balance Dynamics Corp. v. Schmitt Indus.*, 2004 F.3d 683, 694-695 (6th Cir. 2000).

**The following instruction is proposed for use if the Court determines that various statements in Posey's advertising could be understood by the average reader to either fact, on the one hand, or opinion or puffery, on the other**:

INSTRUCTION NO. 34

Defenses to a False Advertising Claim

Certain statements are not actionable under the Lanham Act.

For example, an advertising statement is not actionable if it merely expresses an opinion rather than a fact.[45]  In determining whether any of the statements in Posey's Garwood Advertisements constitute fact or opinion, you must consider each phrase, the text of the advertisement or passage in its entirety, and the intended readers.[46]  Factual statements are capable of objective verification.  Opinions are not.[47]

If you determine that any of the statements in Posey's Garwood Advertisements constitute opinion, that statement is not actionable.

Another type of advertising statement that is not actionable is puffery.  Puffery is an exaggerated statement contained in an advertisement often made in a blustering or boasting manner and upon which no reasonable consumer would rely. Statements constituting puffery are incapable of objective verification.[48]

If you determine that any of the statements in Posey's Garwood Advertisements constitute puffery, that statement is not actionable.

---

[45]  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 38-39 (1st Cir. 2000); *J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION* § 27:38 (4th ed. 2005).

[46]  *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 38 (1st Cir. 2000).

[47]  *Gillette Co. v. Norelco Consumer Prods. Co.*, 946 F.Supp. 115, 130-31 (D. Mass. 1996) (Lindsay, J.); *J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION* § 27:38 (4th ed. 2005).

---

[48] *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 38-39 (1st Cir. 2000).

INSTRUCTION NO. 35

Breach of Contract[49]

HipSaver claims that Posey breached the Settlement Agreement the parties entered into when they resolved their earlier lawsuit.  HipSaver alleges that the Settlement Agreement is a contract between HipSaver and Posey.

A breach of contract is a failure to comply with one or more terms of a contract.  In order to recover for breach of contract, the non-breaching party must have completely performed his or her obligations.  Where a party to a contract has failed to perform his or her obligations, then as a matter of law the other party is thereafter excused from performing his or her contractual obligations.

In order to prevail on a breach of contract claim, HipSaver must prove the following four elements by a preponderance of the evidence:

1.      that there is a contract,

2.      that HipSaver performed its obligations under the contract (or is excused from

        performance),

3.      that Posey breached the contract, and

4.      that HipSaver suffered damages as a result of the breach of contract.

---

[49]  Massachusetts Superior Court Civil Practice Jury Instructions, § 14.1.19 (MCLE, Inc. 1998 & Supp. 2001, 2003); Arthur D. Little Int'l v. Dooyang Corp., 928 F. Supp. 1189, 1201 (D. Mass. 1996); Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 156 (1983).

41

INSTRUCTION NO. 36

<u>Failure to Satisfy Conditions</u>[50]

Posey contends that its performance under the contract did not become due, and it is not liable on the contract because its performance was conditioned upon [a stated event] occurring, and that event did not occur.  A party is excused from performing under a contract::

1.      if the contract contains a condition, and
2.      performance was conditioned upon the occurrence of that event.

Generally, a condition is an event, not certain to occur, that must occur before the defendant's performance becomes due.  The event may be within the control of either party, or both, or it may be beyond their control.  A condition may also require a failure of something to happen rather than requiring some event to occur.

Performance may be subject to a number of conditions.  The conditions may be cumulative so that performance will not become due unless all events occur, or performance may become due on the happening of only a certain event.  No particular form of language is necessary to make an event a condition, although you should note that words such as "on condition that," "provided that," and "if" are often used for this purpose.

In determining whether the contract contained a condition, you should ascertain the intention of the parties from the language used and the nature of the act required.  Even when words are used, which might be construed to be a condition in their ordinary sense, they should not be so considered, if such construction is not consistent with the intent of the parties.

---

[50]  Massachusetts Superior Court Civil Practice Jury Instructions, § 14.2.5 (MCLE, Inc. 1998 & Supp. 2001, 2003); <u>Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers</u>, 411 Mass. 39, 45 (1991); <u>Sechrest v. Safiol</u>, 383 Mass. 568, 571 (1981); <u>Tilo Roofing Co. v. Pellerin</u>, 331 Mass. 743, 746 (1954); <u>Malden Knitting Mills v. United States Rubber Co.</u>, 301 Mass. 229, 233 (1938); <u>Wood v. Roy Lapidus, Inc.</u>, 10 Mass.App.Ct. 761, 764 n.5 (1980).

INSTRUCTION NO. 37

Proof of Contract Damages[51]

It is the duty of the Court to instruct you about the measure of damages.  Damages means the amount of money which will reasonably and fairly compensate HipSaver for any injury caused by Posey.

HipSaver has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

[51]  Modern Federal Jury Instructions (Manual Model Federal Jury Instructions) – Civil, § P7.1 (Matthew Bender & Co., Inc.) (2006); Squeri v. McCarrick, 32 Mass.App.Ct. 203, 588 N.E. 2d 22 (1992).

43

INSTRUCTION NO. 38

Contract Damages[52]

     In an action for breach of contract, the plaintiff, in this case, HipSaver, is entitled in general to damages sufficient in amount to compensate it for the loss actually sustained by it and to put HipSaver in as good a position financially as it would be in had there been no breach.  The fundamental principle upon which the rule of damages is based is compensation.  Its object is to afford the equivalent in money for the actual loss sustained by the wrong of another.

---

[52]  F.A. Bartlett Tree Expert Co. v. Hartney, 308 Mass. 407, 411-412 (1941) (internal citations omitted).

44

INSTRUCTION NO. 39

Contract Damages - Discretion[53]

     The amount of damages awarded falls within the sound discretion of the factfinder.  In a jury case, you, the jury, are the factfinder, so you have the discretion to determine the amount of damages.

---

[53]  Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999).

INSTRUCTION NO. 40

"Mathematical Precision" Not Required[54]

It is course true that damages must be reasonably ascertainable from the evidence.  But the fact that there is an element of uncertainty in their assessment is not a bar to HipSaver's recovery of damages.  The amount of damages seldom can be proved with the exactness of mathematical demonstration.  Much must be left to estimate and judgment, sometimes upon meager evidence.

HipSaver is not required to prove its damages with mathematical precision.  A party standing in breach of contract cannot insist on mathematical precision in the measurement of damages.

---

[54] Agoos Leather Companies, Inc. v. American & Foreign Insurance Co., 342 Mass. 603, 698 (1961) (internal quotations omitted); Doering Equipment Co. v. John Deere Co., 61 Mass App. Ct. 850, 857 n6 (2004), quoting Gilmore v. Century Bank & Trust Co., 20 Mass. App. Ct. 49, 55 (1985).

46

INSTRUCTION NO. 41

Nominal Damages[55]

For every breach of a promise made on good consideration, the law awards some damage. Actual damages stemming from a breach of contract must be proven as they are a vital element of the case. Nominal damages need not be proven but are awarded if a breach of contract has been established.

If you find that the HipSaver has failed to prove that it has sustained any actual and substantial damages, then you may return a verdict for HipSaver on its breach of contract claim and fix the amount of the compensatory damages in a nominal sum such as one dollar.

Without proof of actual and substantial damages, HipSaver is entitled to a nominal sum such as one dollar or such greater sum as you believe is proper to fairly and adequately compensate it for the damages it has proved it has sustained under the circumstances of this case.

---

[55] See Gray v. Tobin, 252 Mass. 238, 147 N.E. 580 (1925); Damiano v. Nat'l Grange Mut. Liability Co., 316 Mass. 626, 629, 56 N.E.2d 18 (1944); Flynn v. AK Peters, Ltd., 377 F.3d 13 (1st Cir. 2004); Corbett v. Derman Shoe Co., 338 Mass. 405, 412, 155 N.E.2d 423 (1959); Nathan v. Tremont Storage Warehouse, Inc., 328 Mass. 168, 171, 102 N.E.2d 421 (1951); Fall River Savings Bank v. Callahan, 18 Mass. App. Ct. 76, 82, 463 N.E.2d 555 (1984); Harrington-McGill v. Old Mother Hubbard Dog Food Co., 22 Mass. App. Ct. 966 (Mass. App. Ct. 1986).

**The following instruction is proposed for use only if the Court submits to the jury, for an advisory verdict, questions of fact relating to Posey's affirmative defense of laches:**

INSTRUCTION NO. 42

<u>Laches</u>

As one of its affirmative defenses, Posey contends that, even if its advertising contained some misstatements, HipSaver should nevertheless be barred from obtaining any relief from Posey under the doctrine of laches.  In order to prevail on the affirmative defense of laches, Posey must establish by a preponderance of the evidence that it has been prejudiced by HipSaver's unreasonable delay in bringing this action.[56]

A party has been prejudiced by a delay when the assertion of a claim that was available some time ago would be unfair in light of the delay in bringing the claim.  Specifically, prejudice ensues when a "'defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed.'"[57]

---

[56]  *Conopco, Inc. v. Campbell Soup Company*, 95 F.3d 187, 192 (2d Cir. 1996) (citing *Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, 17 F.3d 38, 44 (2d Cir.), *cert. denied*, 513 U.S. 987, 115 S. Ct. 484, 130 L.Ed.2d 396 (1994).

[57]  *Conopco, Inc. v. Campbell Soup Company*, 95 F.3d 187, 192 (2d Cir. 1996) (quoting *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 808 n.17 (8th Cir. 1979)).

48

**The following jury instruction is proposed for use only if the Court submits to the jury, for an advisory verdict, questions of fact relating to the HipSaver's claims under G.L. c. 93A:**

INSTRUCTION NO. 43

<u>Unfair and Deceptive Trade Practices</u>[58]

HipSaver asserts that Posey intentionally and in bad faith engaged in unfair and deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A designed to misrepresent, harm, and damage HipSaver.

You may find that he defending party's conduct constitutes behavior that is unfair or deceptive only if you find that a reasonable business person would find that person's conduct reprehensible.

---

[58]  <u>See</u> <u>Maillet v. ATF-Davidson Co., Inc.</u>, 407 Mass. 185, 193 (1990); <u>Schwanbeck v. Federal Mogul Corp.</u>, 31 Mass. App. Ct. 390, 414 (1991), <u>rev'd on other grounds</u>, 412 Mass. 703 (1992).

49

**The following jury instruction is proposed for use only if the Court submits to the jury, for an advisory verdict, questions of fact relating to HipSaver's claims under G.L. c. 93A:**

INSTRUCTION NO. 44

Unfair and Deceptive Trade Practices[59]

In order to prevail on its claim under Chapter 93A, a plaintiff must prove, in addition to all of the elements of false advertising under the Lanham Act, that the defendant knew or should have known that advertising statements were false or misleading.

---

[59] *Gillette Co. v. Norelco Consumer Prods. Co.*, 946 F. Supp. 115, 120 n.3 (D.Mass. 1996).

**The following jury instruction is proposed for use only if the Court submits to the jury, for an advisory verdict, questions of fact relating to HipSaver's claims under G.L. c. 93A:**

INSTRUCTION NO. 45

Unfair and Deceptive Trade Practices[60]

A party can be liable under Chapter 93A only if that person's actions occurred "primarily and substantially" in Massachusetts.  In order to determine whether Posey's actions occurred "primarily and substantially" in Massachusetts, you should consider the following three factors: (1) the place where the defending party acted; (2) the place where the complaining party received and acted on the defending party's actions; and (3) the place where the complaining party suffered its alleged loss as a result of the defending party's actions.

A party defending against a claim under Chapter 93A who claims that his or her actions did not occur "primarily and substantially" in Massachusetts bears the burden of proving that by a preponderance of the evidence.

---

[60]  See Arthur D. Little Int'l v. Dooyang Corp., 928 F. Supp. 1189, 1201 (D. Mass. 1996); Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 637-639 (1985); Sonesta International Hotels Corp. v. Central Florida Investments, Inc., 47 Mass. App. Ct. 154, 158-160 (1999), review denied, 430 Mass. 1106 (2000); North East Technical Sales, Inc. v. Barshad, 2000 Mass. Super. LEXIS 397, at *10-11 (August 14, 2000); Clinton Hosp. Ass'n v. Corsin Group, Inc., 907 F.2d 1260, 1264-1266 (1st Cir. 1980).

**The following jury instruction is proposed for use only if the Court submits to the jury, for an advisory verdict, questions of fact relating to HipSaver's claims under G.L. c. 93A:**

INSTRUCTION NO. 46

Unfair and Deceptive Trade Practices[61]

Section 11 of Chapter 93A requires, as an essential element, that a complaining party that is a business suffer a loss of money or property as a result of a Chapter 93A violation. Where the complaining party is unable to show such a loss, relief under Chapter 93A is simply not available.

If you find by a preponderance of the evidence that Posey has not misrepresented the product test protocol or made literally false representations, statements, or product comparison in its advertising campaigns, then you must find that Posey's advertising does not constitute unfair and deceptive conduct in violation of Chapter 93A, section 11, and that HipSaver has suffered no damages.

---

[61] M.G.L. c. 93A, § 11; Lumbermens Mutual Casualty Co. v. Offices Unlimited, Inc., 419 Mass. 462, 468 (1995).

**The following jury instruction is proposed for use only if the Court denies Posey's Motion in Limine precluding HipSaver from referring to Posey Products as "knock-offs"**

INSTRUCTION NO. 47

Copying is Permissible[62]

Unless an item is protected by an intellectual property right such as a patent, copyright or trade dress right, others are free to copy the item.  Allowing competitors to copy products in the market in encouraged because it promotes competition and leads to significant advances in technology.

---

[62]  *Sears, Roebuck and Co. v. Stiffel Co.*, 376 U.S. 225, 84 S. Ct 784, 11 L.Ed. 2d 661 (1964); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.* , 489 U.S. 141 160, 109 S.Ct. 971, 103 L.Ed. 2d 118 (1989)

**The following jury instruction is proposed for use only if the Court TENDERS to the jury the responsibility of determining whether HipSaver should recover any portion of Posey's profits.**

INSTRUCTION NO. 48

Award of Profits [63]

In the event you find that Posey is liable for false advertising under the Lanham Act, you must consider what damages, if any, HipSaver should recover.

HipSaver does not seek an award of its own losses in connection with its Lanham act claim; rather, it seeks an award of Posey's profits on the grounds that it is a rough approximation of HipSaver's losses. Therefore, if HipSaver proves by a preponderance of the evidence all of the element of its false advertising claim you must determine whether HipSaver should recover Posey's profits, and if so, what portion it should recover.

In making this determination, you should consider the following factors:

1. The degree of certainty that HipSaver suffered losses;

2. The degree of competition between Posey and HipSaver;

3. Whether Posey demonstrated bad faith;

4. The period of delay between the time Posey commenced disseminating ads containing false statements and the date HipSaver commenced the instant action;

5. The reason for HipSaver's delay in commencing the instant action and any other factors you believe are relevant.

---

[63] *See Vermont Pure Holdings, Ltd. v Nestle Waters North America, Inc.*, 2006 U.S. Dist. Lexis 13683 (Woodlock, J.)

54

**The following instruction is proposed for use only if the Court submits to the jury, for an advisory verdict, questions of fact relating to Posey's affirmative defense that HipSaver's claims are barred by the September 22, 2004 settlement agreement between the parties.[64]**

INSTRUCTION NO. 49

Waiver Of Claims In Settlement Agreement

As one of its affirmative defenses, Posey contends that, even if its advertising contained some misstatements, HipSaver should nevertheless be barred from obtaining any relief from Posey, because of the terms of the September 22, 2004 settlement agreement between the parties. In order to prevail on this affirmative defense, Posey must establish by a preponderance of the evidence that HipSaver knew or reasonably should have known of the continued publication of the Garwood ads at the time of the settlement agreement.[65]

---

[64] Posey respectfully disagrees with the Court's interpretation of the September 22, 2004 settlement agreement between the parties and reserves the right challenge the Court's interpretation.

[65] Memorandum And Order of May 15, 2007.