# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

THE HIPSAVER COMPANY, INC.,
    Plaintiff

v.

J.T. POSEY COMPANY, INC.,
    Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 05-10917 PBS

## HIPSAVER'S RESPONSE TO THE DECLARATION OF DOUGLAS H. MORSEBURG REGARDING FEES AND EXPENSES

J.T. Posey Company ("Posey") claims $126,362.76 in fees and expenses as sanction for an inadvertent discovery violation by The HipSaver Company, Inc. ("HipSaver") that occurred in September of 2006 but went undiscovered by either party until this spring. Posey's claim for $126,000 is excessive and must be reduced to approximate *reasonable* fees and expenses resulting from HipSaver's good faith but inadvertent and erroneous discovery actions. Posey's accounting of $126,000 includes fees and expenses beyond the scope of the sanction allowed by the court and unnecessarily excessive fees charged by the attorneys involved; and further includes a significant expense brought on by Posey's failure to mitigate the expense by simply seeking assistance from HipSaver counsel.

## FACTS

This discovery dispute arose out of good faith conduct by HipSaver to supplement its causation case in response to the Court's invitation to do so. On May 15, 2007, the Court entered an Order on the parties' cross motions for summary judgment. In

particular, the Court analyzed HipSaver's theory that Posey "is a head-to-head competitor in a developing market that has disseminated literally false advertisements touting its products' superiority to that of the only other significant market players." *See* Order and Memorandum (May 15, 2007) [D.N. 228] at p. 30. However, the Court ruled that HipSaver's claims relating to advertising that occurred before the 2004 settlement agreement were barred by the agreement and rejected HipSaver's evidence of harm relating to this period. *Id.* at 13. The Court invited HipSaver to present further evidence supporting its theory of injury for Posey's advertising from September 2004 forward: "HipSaver must supplement its pre-trial memorandum within two weeks to make a proffer of evidence supporting causation and a theory of damages consistent with this ruling." *See id.* at p. 31. HipSaver understood this Order as an invitation to supplement its evidence of causation with new arguments and new evidence of causation.

Responding to the Court's order, HipSaver submitted a supplemental proffer of evidence on May 24, 2007, supporting its theory that Posey's literally false advertising caused injury to HipSaver.[1] As part of this supplemental proffer of evidence, HipSaver offered evidence of HipSaver's sales for the period of January – September 2006, which showed an increase in HipSaver sales after Posey's Garwood advertisements were withdrawn and the residual effect dissipated. This data supported HipSaver's theory of causation because it tended to show that HipSaver sales were depressed during the Garwood advertising period. HipSaver believed that the summary data upon which it relied simply summarized data already produced to Posey in September 2006.

---

[1] The Court later excluded evidence of HipSaver's sales after September 13, 2006, but awarded no monetary sanction; HipSaver's submission of financial data relating to the period after September 13, 2006 was not relevant to the Court's July 19, 2007 Order regarding monetary sanctions.

However, HipSaver's understanding of its previous production was incorrect and HipSaver had not produced complete 2006 sales data in September 2006. Instead, HipSaver produced to Posey a File-Maker Pro database containing all information relating to HipSaver's invoiced sales for 2006, as well as similar File-Maker Pro databases for the years 2001-2005. For years 2001-2005, HipSaver also produced an EXCEL sheet which included sales data for sales paid by corporate charge rather than invoice. With these invoice and corporate charge databases, HipSaver produced the data necessary to summarize HipSaver's total sales for the years 2001-2005. But, HipSaver inadvertently failed to produce the same charge data for 2006 and without this data, the 2006 sales data produced to Posey in September 2006 was incomplete.

Following HipSaver's submission of its proffer, HipSaver produced all financial data underlying the summary 2006 financial data, including both invoice and charge data. At the time, HipSaver (erroneously) believed that it was producing this data to Posey for the second time. In fact, it was producing the 2006 invoice data for the second time but the 2006 charge data for the first time.[2]

Posey proceeded to analyze this financial data and spent a significant amount of time and resources reviewing the FileMaker Pro invoice database. However, this File Maker Pro database was the same database (with minor corrections) produced to Posey in September 2006, with which Posey admittedly made no efforts to review at the time. *See* June 4, 2007, Hearing Transcript at p. 11 (Posey counsel admitting that Posey elected not to analyze this data earlier because "[t]he invoices were not an issue until [HipSaver] submitted [its] supplemental expert report."). Thus, Posey's cost in reviewing and

---

[2] Indeed, HipSaver's inadvertent failure to produce the 2006 corporate charge data went unnoticed by both sides for over eight months. The full evidentiary significance of HipSaver's 2006 sales did not become apparent to either side until May 2007 after the Court invited HipSaver to submit additional argument.

analyzing the 2006 invoice data, which it had in its possession since September 2006, should not be shouldered by HipSaver.

From its review of the FileMaker Pro database, Posey determined that there existed a $160,000 discrepancy between HipSaver's 2006 invoice data produced in September 2006 and HipSaver's claimed total 2006 sales. This discrepancy represented the 2006 charge data, inadvertently withheld in September of 2006. HipSaver's failure to produce the charge data in 2006 was inadvertent and made in good faith. And, while HipSaver acknowledges that this confusion caused additional expense to Posey and understands these costs to be the subject of the Court's sanction to exclude evidence and to shift fees, the accounting offered by Posey is extreme and excessive, reaches beyond the cost suffered by Posey as a result of HipSaver's mistake, and is not warranted under the circumstances.

Indeed, these costs could have been significantly mitigated. Despite the magnitude of this apparent $160,000 discrepancy and Posey's difficulty in understanding the discrepancy, Posey did not raise the discrepancy with HipSaver or seek an explanation from HipSaver. Instead, Posey filed extreme accusations of evidence spoliation in its Motion accusing HipSaver of destroying evidence. *See* Emergency Motion of J.T. Posey Company for Sanctions for the Untimely Production of Altered Evidence [D.N. 296] (June 6, 2007) at 2 (accusing HipSaver of "manipulat[ing] or fabricat[ing] evidence").

Posey then waited until a June 11, 2007, hearing to raise the apparent $160,000 discrepancy. And even when Posey raised the apparent discrepancy, Posey admitted that it did not want an explanation; Posey just wanted to exclude the evidence:

THE COURT: … So we don't know what the reasons are, at least right now, for the difference between the $485,000 they originally gave you and the $627,000? We don't, is that right?

MR. SHELDON: Maybe Ms. Brogna knows.

THE COURT: So we're going to need an explanation of that.

MR. SHELDON: Well, I don't think we need to go there. I think it should be excluded as late produced.

*See* June 11, 2007, Hearing Transcript at p. 40.

Once Posey raised the apparent discrepancy, HipSaver easily explained that Posey was not factoring in HipSaver's corporate charge data:

MR. DAILEY: There's a simple explanation for this . . . . What [Posey's expert] is looking at is simply the information that's reported in the Filemaker Pro database. He doesn't have the corporate sales that are in the Excel spreadsheet. That's the difference. … Corporate sales Mr. Morseburg explained earlier this morning. Those are charges to customers that charge rather than, you know, send you a check or do direct invoicing, and that's what the difference is.

THE COURT: Because that's huge, it's a huge difference.

MR. DAILEY: Yes, it is, and that's the difference.

*See* June 11, 2007, Hearing Transcript at p. 62.

By the time of the June 11, 2007, hearing, Posey claims to have incurred $40,000 in expert fees for investigating the apparent discrepancy, when Posey simply could have asked HipSaver for an explanation. *See* Exhibit C, Details of Tasks Performed by Hoffman Alvary & Co. Posey's unnecessary complications made a mountain out of a

molehill, dragged out an issue that could have easily and quickly been resolved and in so doing, unnecessarily increased the costs and fees associated with HipSaver's inadvertent failure to disclose data some eight months earlier. Had HipSaver been made aware of Posey's concerns, HipSaver could have assisted in resolving the discrepancy much earlier, just as HipSaver's counsel eventually did in the July 11 hearing.

Following the June 11th hearing, the only issue remaining was whether HipSaver produced both the 2006 invoice data and the 2006 charge data to Posey in September 2006. On June 12, 2007, HipSaver concluded that it had inadvertently failed to produce the 2006 corporate charge data in September 2006 when HipSaver produced its 2006 invoice data. HipSaver promptly filed a statement with the Court explaining its error. *See* Statement by the HipSaver Company Regarding Submission of its 2006 Sales Data [D.N.305].

On June 13, 2007, Posey filed a Response of Posey to HipSaver's "Statement" Regarding Submission of Its 2006 Sales Data [D.N. 306]. This Response simply repeated Posey's June 6, 2007 Motion for Sanctions, which already sat before the trial court. This Response was purely duplicative.

The Court's July 19, 2007, Order and Memorandum noted HipSaver's failure to produce the 2006 corporate charge data and ordered HipSaver to pay "all attorney's fees and expenses resulting from the discovery violations." *See* Memorandum and Order (July 19, 2007) [D.N. 312] at 13-15.

## ARGUMENT

Posey's accounting, claiming over $126,000 in fees incurred in connection with HipSaver's inadvertent discovery mistake, overreaches. The accounting is excessive and

seeks payment of fees and costs not related to HipSaver's discovery dispute, duplicative fees and costs, unreasonable and excessive fees and costs, and unjustified fees and costs that could have been avoided by Posey. The Court need not accept Posey's submission of time records as the measure of attorney's fees and costs. *United States v. Metropolitan District Comm'n*, 847 F.2d 12, 18 (1st Cir. 1988) (affirming judge's reduction of requested fees and costs). Rather, the Court must carefully examine the claimed fees to determine whether, in light of its own judgment and experience, such fees are reasonable or excessive. *Id.* .

Furthermore, even if Posey's accounting was accurate (it is not), Posey's accounting of over $126,000 is not proportional to HipSaver's inadvertent discovery error that occurred eight months previously in September 2006 and went undiscovered by both parties until 2007. Indeed, it was only in response to the Court's invitation to offer an alternative theory of causation that HipSaver offered its 2006 data. And, only after this data was submitted that HipSaver eventually realized its inadvertent failure to produce eight months earlier. HipSaver's mistaken belief that this data was produced in September 2006 was just that - a good faith mistake.

**A.  Posey's Accounting Should Be Limited to Fees and Costs Incurred as a Result of HipSaver's Failure to Timely Disclose 2006 Corporate Charge Data; Posey Should Not Collect Fees or Expenses From June 12, 2007 Onward**

In a conference hearing on June 11, 2007, HipSaver learned for the first time of the $160,000 discrepancy identified by Posey and easily explanation that the discrepancy was caused by a failure to consider the charge data. Posey's fees and costs incurred subsequent to this resolution should be excluded.

The Court's Order calls for HipSaver to pay reasonable fees and expenses based on HipSaver's failure to timely disclose 2006 corporate charge data. *See* Memorandum and Order (July 19, 2007) at p. 13-15 [D.N. 312].  The late production of the 2006 corporate charge data created an apparent discrepancy in HipSaver's 2006 sales data. Thus, reasonable fees and expenses are those that Posey incurred in trying to reconcile the discrepancy.  On June 11, 2007, once Posey finally raised the apparent discrepancy, HipSaver was easily able to explain to Posey that the apparent discrepancy was from not factoring corporate charge data. *See* June 11, 2007, Hearing Transcript at p. 62.

At that point, the only remaining issue was whether HipSaver has produced this corporate charge data in September 2006.  This final issue was resolved on June 12, 2007, when HipSaver admitted that it had inadvertently failed to disclose the 2006 corporate charge data in discovery.  Accordingly, June 12, 2007, is the appropriate date to cut off the calculation of Posey's fees and expenses, and Posey's fees and expenses on June 12, 2007 and onward should be excluded.  Posey claims approximately $18,000 in fees by Sheldon Mak Rose & Anderson and local counsel Duane Morris and $800 in expert fees incurred on and after June 12, 2007.[3]

Alternatively, should the Court determine that Posey is entitled to fees incurred after June 12, Posey should not be entitled to fees incurred in connection with the drafting and submission of it second motion for sanctions, Response of Posey to HipSaver's "Statement" Regarding Submission of Its 2006 Sales Data [D.N. 306].  This Response

---

[3] Some of these fees incurred in July and August relate to Posey counsel's preparation of the Declaration of Mr. Morseburg Regarding Fees and Expenses Incurred as a Result of Plaintiff's Discovery Violations [D.N. 313].  Fees for this "drudge work" amounting to $4,994.50, while accountable, should be greatly reduced. *Metropolitan District Comm'n*, 847 F.2d at 18, n.6 (reducing fees billed for work on a fee petition because the First Circuit has "regularly encouraged district courts to use lower rates for such drudge work").  *See* Exhibit A, Sheldon Mak Rose & Anderson Itemized Fees at 52-58.

simply repeated Posey's June 6, 2007, Motion for Sanctions, which already sat before the trial court and therefore, was purely duplicative. Posey's fees incurred in connection with this duplicative motion amount to over $10,000.

**B.    Posey Includes Fees and Expenses Beyond the Scope of the Court's Sanction**

Posey's claim improperly includes many fees and expenses incurred in connection with work by Posey attorneys that falls outside the scope of the sanction allowed by the court. The Court's Memorandum and Order calls for HipSaver to pay reasonable fees and expenses based on HipSaver's failure to timely disclose 2006 corporate charge data, which complicated Posey's understanding of HipSaver's 2006 sales data. *See* Memorandum and Order (July 19, 2007) [D.N. 312] at p. 13-15. But Posey's calculation of fees and expenses exceeds this scope and includes work performed on separate and distinct issues in the case for which the Court has not authorized monetary sanctions. Accordingly, the following fees and expenses should be excluded:

1. On 05/23/07 Posey lists .5 hours by DHM at a cost of $165 for research of HipSaver's DermaSaver products and advertisements by non-parties, issues not related to HipSaver's 2006 corporate charge data affecting 2006 sales data. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 7.

2. On 05/25/07 Posey lists 1.2 hours by DHM at a cost of $396 for work on a motion to strike and on Posey's trial brief. Posey's work on the trial brief is outside the scope of the court's sanction and should not be included. However, this entry is imprecise about what portion of these fees relates to work on Posey's trial brief. Accordingly, the Court should reduce these

fees as imprecise. *Guckenberger v. Boston Univ.*, 8 F.Supp.2d 91, 102 (D. Mass. 1998). *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 12.

3. On 06/04/07 Posey lists .9 hours by DHM at a cost of $297 to conference about, prepare for, and telephonically attend a June 4, 2007, hearing before the Court. This hearing related in part to a separate motion by Posey to compel production of paper invoices (as opposed to the electronic database, already produced). The Court expressly found that HipSaver committed no discovery violation regarding these paper invoices. *See* Court's July 17, 2007 Order at p. 10 [D. N. 312]. Accordingly, this charge should be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 24.

4. On 06/04/07 Posey lists 1.4 hours by JGS at a cost of $749 to attend the same hearing described above relating in part to paper invoices issues for which the Court has expressly found that HipSaver committed no discovery violation. *See* Court's July 17, 2007 Order at p. 10 [D. N. 312]. This charge should also be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 25.

5. On 06/08/07 Posey lists 3.8 hours by JGS at a cost of $1,872 to prepare a bench brief regarding causation and damages issues and confer with a damages expert, apparently part of Posey's attempt to dismiss HipSaver's case through Posey's renewed motion for summary judgment on the issues of causation and injury. The Court effectively denied Posey's renewed

motion for summary judgment with its July 17, 2007, Order. Theses fees are not related to HipSaver's 2006 corporate charge data affecting 2006 sales data and should be excluded. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 35.

6.  On 06/09/07 Posey lists 1.3 hour by DHM at a cost of $429 for telephone conferences and a memo to co-counsel regarding strategy for the June 11, 2007, hearing. This time necessarily includes time dedicated to other issues addressed at the June 11, 2007, hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced.[4] *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 37.

7.  On 06/09/07 Posey lists .6 hours by JGS at a cost of $321 preparing for the June 11, 2007, hearing. This time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 38.

8.  On 06/10/07 Posey lists 7 hours by DHM at a cost of $2,310 preparing for the June 11, 2007 hearing. This time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's

---

[4] Posey appears to claim all of its fees related to the June 11, 2007 hearing. In fact this hearing addressed all remaining issues in this case, of which HipSaver's corporate charge data was only a single issue. When the Court asked Posey to characterize the procedural posture of the June 11, 2007 Hearing, Posey explained that it was a renewal of Posey's summary judgment motion on three issues of causation: relative growth rates, sales of an alternate HipSaver product, and HipSaver's 2006 sales. *See* June 11, 2007, Hearing Transcript at p.10. HipSaver's corporate charge data was only relevant to the last of these three causation issues addressed at the June 11, 2007, hearing, and all of Posey's claims for fees related to the hearing should be reduced accordingly.

11

2006 corporate charge data and these fees should be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 39.

9. On 06/10/07 Posey lists 9.8 hours by Duane Morris paralegal KLB at a cost of $1,911 to prepare for the June 11, 2007, hearing. This time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced. *See* Exhibit, Duane Morris Itemized Fees at 7.

10. On 06/10/07 Posey lists 8 hours by JGS at a cost of $4,280 preparing for and traveling to the June 11, 2007, hearing. This time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 40.

11. On 06/11/07 Posey lists 8 hours by JGS at a cost of $4,280 preparing for, attending, and traveling from the June 11, 2007 hearing. This time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 42.

12. On 06/11/07 Posey lists 1 hour by DHM at a cost of $330 in part for numerous telephone conferences regarding the June 11, 2007 hearing. This time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data

15. On 06/05/07 Posey lists 10.5 hours by MK at a cost of $3,150 for research relating to altered electronic evidence conducted in preparation for a motion for sanctions. The research related to Posey's Emergency Motion for Sanctions for the Untimely Production of Altered Evidence [D.N. 297]. These fees are excessive and unsupported, and could have been mitigated had counsel for Posey simply attempted to resolve the issue with HipSaver counsel. Further, these fees are duplicative of another Posey listing on 06/05/07 by Duane Morris attorney MSZ of 4.7 hours at a cost of $1,668.50, also researching sanctions for altered electronic evidence. Together, this research amounts to $4,818.50 for legal research on a narrow legal issue and is excessive and unreasonable. In addition, these two attorneys also incurred $699.74 of computer research expenses while performing their duplicative research. Accordingly, if any payment of these fees and costs is ordered, these fees and expenses should be reduced. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 30. *See* Exhibit B, Duane Morris Itemized Fees at 5. *See* Exhibit D, Computerized Legal Research.

16. On 06/06/07 Posey lists 7.5 hours by DHM at a cost of $2,475 to travel from Pasadena to Boston listed separately from substantive work. Time spent traveling during which no specific legal work was recorded should be eliminated or reduced. *Guckenberger*, 8 F.Supp.2d at 102. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 31.

17.  Posey lists $43,324.50 in expert fees and expenses in reviewing data.  It is unclear what portion of these fees and expenses can be apportioned to reviewing the FileMaker Pro database and which portion was dedicated to attempting to resolve the discrepancy between the data HipSaver produced in September 2006 and the data produced in May 2007.  Certainly the fees incurred in reviewing the File Maker Pro database, the very database that Posey received in 2006 (with some very slight corrections) and by its own admission, did not review at that time, should not be billed to HipSaver.  Apart from any dispute relating to the corporate sales, review of the 2006 invoice data should have been conducted in the ordinary course.  The description is imprecise about the amount of time spent reviewing the database received in September 2006, and should be reduced.  *Guckenberger*, 8 F.Supp.2d at 102 (reducing fees for imprecise records).  *See* Exhibit C, Details of Tasks Performed by Hoffman Alvary & Co.

Furthermore, those costs associated with resolving the discrepancy are unjustified.  Posey could have simply contacted HipSaver to inquire about the discrepancy.  Posey never made any attempt to approach HipSaver, despite HipSaver's invitation to do so.  Posey's refusal to attempt to mitigate these fees by working with HipSaver to resolve discrepancies resulted in extreme and excessive fees that are unjustified.  *See* Fed. R. Civ. P. 37, Advisory Committee Note ("At the same time, a necessary flexibility is maintained, since the court retains the power to find that other

15

circumstances make an award of expenses unjust-- as where the prevailing party also acted unjustifiably.").

18. On 06/10/07 Posey lists 8 hours by JGS at a cost of $4,280 for legal work plus an unknown amount of time for travel from California to Massachusetts. The description is imprecise about the amount of time spent traveling and whether specific legal work was performed while traveling, and should be reduced. *Guckenberger*, 8 F.Supp.2d at 102 (reducing fees for imprecise records). Time spent traveling during which no specific legal work was recorded should be eliminated or reduced. *Guckenberger*, 8 F.Supp.2d at 102. Furthermore, as discussed above regarding the June 11, 2007 hearing, this time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced. HipSaver suggests that these fees be reduced to $500. *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 40.

19. On 06/11/07 Posey lists 8 hours by JGS at a cost of $4,280 for preparing for the June 11, 2007 hearing plus an unknown amount of time for travel from Massachusetts to California during which no specific legal work is recorded. The description is imprecise about the amount of time spent traveling and whether specific legal work was performed while traveling, and should be reduced. *Guckenberger*, 8 F.Supp.2d at 102 (reducing fees for imprecise records). Time spent traveling during which no specific legal work was recorded should be eliminated or reduced. *Guckenberger*,

16

8 F.Supp.2d at 102.  Furthermore, as discussed above regarding the June 11, 2007 hearing, this time necessarily includes time dedicated to other issues addressed at the hearing outside the scope of HipSaver's 2006 corporate charge data and these fees should be reduced.  Again, HipSaver suggests that these fees be reduced to $500.  *See* Exhibit A, Sheldon Mark Rose & Anderson Itemized Fees at 42.

20. Finally, Posey lists expenses of $1,026.50 for meals for a single traveling attorney from June 6 – 14, 2007.  This is an average of $128.31 of meals per day traveled.  This is not a reasonable expense for meals and should be reduced.  *See* Exhibit E, Travel Expenses.

**D.    Posey Unreasonably Failed to Mitigate Its Own Fees and Expenses**

As discussed above, Posey could have mitigated its fees and expenses by simply asking HipSaver about apparent inconsistencies.  But Posey failed to mitigate or even attempt to mitigate its costs and instead elected to pursue an extremely costly and inefficient investigation.  By the time of the June 11, 2007, hearing, Posey's experts at Hoffman Alvary & Co. had incurred over $40,000 in expert fees.  *See* Exhibit C, Details of Tasks Performed by Hoffman Alvary & Co.  But, Posey never identified its difficulties with HipSaver nor did it ask HipSaver for assistance in understanding HipSaver's financial data.  But, when the Court asked for an explanation during the hearing (the first time HipSaver learned of Posey's points of issue), HipSaver was able to easily explain the reason for the discrepancy.  Posey could have significantly reduced these fees if Posey had raised the apparent discrepancy and asked for an explanation earlier.  Posey's actions were unreasonable, and Posey's excessive $40,000 expert fees are unjustifiable

17

and should be reduced. *Syntex Pharmaceuticals Intern., Ltd. v. K-Line Pharmaceuticals, Ltd.*, Not Reported in F.Supp., 1988 WL 106314 at *4 (D.N.J. October 14, 1988) ("Transcending all these sanction rules [referring to Federal Rules of Civil Procedure 26 and 37] is the duty to mitigate by using cost-effective, reasonable means" and denying fees sanction for incomplete response to interrogatory); *see* Fed. R. Civ. P. 37, Advisory Committee Note ("At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust-- as where the prevailing party also acted unjustifiably").

**E.    Given the Facts of the Case, Posey's Fees and Expenses Calculation of $126,362.76 is Excessive**

Under the circumstances of HipSaver's good faith but inadvertent error in production and Posey's failure to mitigate expenses, Posey's $126,362.76 fees and expenses claim is excessive and unreasonable and should be reduced.   The Court recognized that HipSaver's conduct in failing to disclose 2006 corporate charge data was inadvertent. *See* Court's Order or Memorandum (July 19, 2007) [D.N. 312] at p. 11 ("HipSaver, through inadvertence, did not produce the excel spreadsheet listing all of the 2006 charge data").   When HipSaver realized that it had not previously disclosed 2006 corporate charge data as it believed it had done, HipSaver immediately filed a statement with the Court and conceded its inadvertent failure to disclose the 2006 corporate charge data.    Given these circumstances, the penalty is not proportional to HipSaver's inadvertent error and the fees are excessive because Posey failed to mitigate its fees.

## CONCLUSION

Posey's claim for $126,000 is excessive and must be reduced to approximate reasonable fees and expenses resulting from HipSaver's good faith but inadvertent and

erroneous discovery actions. Posey's accounting of $126,000 includes fees and expenses

beyond the scope of the sanction allowed by the court and unnecessarily excessive fees

charged by the attorneys involved, and further includes a significant expense brought on

by Posey's failure to mitigate the expense by simply seeking assistance from HipSaver

counsel. Accordingly, Posey's fees should be reduced.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,

/s/ Paul Kitchin
Lee Carl Bromberg, BBO No.: 058480
Edward J. Dailey, BBO No.: 112220
Courtney M. Quish, BBO No.: 662288
Paul S. Kitchin, BBO No.: 667954
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
pkitchin@bromsun.com
August 13, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Paul Kitchin
Paul Kitchin

02820/00502  722348.1

19

Exhibit A

Sheldon Mak Rose & Anderson itemized fees

| RESPONSE REFERENCE NUMBER | DATE | INIT | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|---|
| 1. | 5/9/2007 | DHM | Telephone conference w/P. Green re new HipSaver sales info and potential motion in limine (0.5); | 0.5 | $330.00 | $165.00 |
| 2. | 5/16/2007 | DHM | Confer w/J. Sheldon re HipSaver recent sales numbers and Goodwin declaration as to fiat 2006 sales (0.3). | 0.3 | $330.00 | $99.00 |
| 3. | 5/17/2007 | DHM | Review of additional documents produced by HipSaver and instruct D. Piper re objections (0.2) | 0.2 | $330.00 | $66.00 |
| 4. | 5/17/2007 | DKP | Draft objections to HipSaver's exhibit list additions (0.3). | 0.3 | $150.00 | $45.00 |
| 5. | 5/21/2007 | JGS | Check data from Hipsaver re 2006 sales vs. recently provided data (0.2). | 0.2 | $535.00 | $107.00 |
| 6. | 5/22/2007 | DHM | Finalize objections to late-produced documents (0.2). | 0.2 | $330.00 | $66.00 |
| 7. | 5/23/2007 | DHM | Confer w/J. Sheldon re supplemental report by Green/Hoffman (0.6); telephone conferences(several) w/P. Green and J. Wacek re HipSaver new exhibits and supplemental report/declaration re same (1.5); research re HipSaver new DermaSaver products and new ads by Australian and Irish companies (0.5). | 2.6 | $330.00 | $858.00 |
| 8. | 5/23/2007 | JGS | Telecons with expert re proffer and check depo testimony re issue | 1.4 | $535.00 | $749.00 |
| 9. | 5/24/2007 | DHM | Telephone conference with C. Quish re motion to seal HipSaver response to Court request for additional evidence of damages/causation (0.2); review and analyze HipSaver response and supplemental expert report re additional evidence (1.5); telephone conferences (several) w/J. Wacek and P. Green re supplemental declaration re HipSaver databases and inconsistencies with newest filing (1.0); research re HipSaver response and HipSaver submission of new evidence (1.5). | 5.6 | $330.00 | $1,848.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10. | 5/24/2007 | JGS | Telecon with damage consultant re declaration (0.3); | 0.3 | $535.00 | $160.50 |
| 11. | 5/24/2007 | DKP | Download HipSaver filings regarding supplemental damages calculations from court's ECF web site and distribute to attorneys (0.30); | 0.3 | $150.00 | $45.00 |
| 12. | 5/25/2007 | DHM | Work on motion to strike and on trial brief (1.2); telephone conferences w/P. Green and J. Wacek re declaration in support of motion to strike and re anomalies in HipSaver records (1.2); | 2.4 | $330.00 | $792.00 |
| 13. | 5/26/2007 | DHM | Work on motion to strike (1.5) | 1.5 | $330.00 | $495.00 |
| 14. | 5/27/2007 | DHM | Work on motion to strike (8.5); | 8.5 | $330.00 | $2,805.00 |
| 15. | 5/27/2007 | MK | Legal research re: limits of new material that can properly be placed in supplemental expert reports in view of HipSaver's recently filed supplemental expert report. | 1.7 | $300.00 | $510.00 |
| 16. | 5/28/2007 | DHM | Revise and finalize motion to strike Epstein report and memos to T. Fitzpatrick re same (4.5); memos to/from P. Green re declaration in support of motion to strike (0.1). | 4.6 | $330.00 | $1,518.00 |
| 17. | 5/29/2007 | DHM | Conferences with opposing counsel re further discovery and memos re same | 0.2 | $330.00 | $66.00 |
| 18. | 5/29/2007 | DHM | Memos to and from the damages expert re: inconsistencies in hipsaver financial documents and review of same. | 0.5 | $330.00 | $165.00 |
| 19. | 5/30/2007 | DHM | Telephone conference w/C Quish and memos (several) to/from C. Quish re request for depositions of HipSaver expert and Goodwin via video (0.6); letter from E. Dailey re Epstein failure to consider large sale in December 2005 and deposition of Epstein (0.1); review HipSaver emergency motion for protective order (0.3); begin preparing response to same (1.7). | 2.7 | $330.00 | $891.00 |
| | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 20. | 5/31/2007 | DHM | Telephone conference w/E. Dailey re HipSaver withdrawal of supplemental expert report (0.2); memos (numerous) re same (0.2); telephone conferences (several) w/P. Green and J. Wacek re irregularities in HipSaver database, withdrawal of Epstein expert report and Green declaration (0.6); telephone conferences w/C. Quish re scheduling of Epstein and Goodwin depos and Hayes testimony (0.5); telephone conference w/E. Posey and W. Callas re status, HipSaver withdrawal of Epstein report and remedies (0.2); memo to E. Posey and W. Calfas re same (0.1); telephone conferences w/T. Fitzpatrick and J. Sheldon re response to HipSaver motion for leave to further supplement and review of same (0.4); | 2.2 | $330.00 | $726.00 |
| 21. | 5/31/2007 | JGS | Prep of opposition to submission of supplemental expert report and withdraw of prior report (0.3) ; | 0.3 | $535.00 | $160.50 |
| 22. | 5/31/2007 | DKP | Download FilemakerPro software in order to review invoice database produced by HipSaver, review transcript of PreTrial Conference (1.00); Email Hipsaver databases to Mr. Green for review (0.20); | 1.2 | $150.00 | $180.00 |
| 23. | 6/1/2007 | DHM | Telephone conference with P. Green re status and re determination of new HipSaver customers (0.3); memos to P. Green and J. Wacek re HipSaver VA sales and new customers (0.1); | 0.4 | $330.00 | $132.00 |
| 24. | 6/4/2007 | DHM | Telephone conference w/T. Fitzpatriack re telephonic hearing (0.1); prepare and attend telephonic hearing re motion to strike and motion for sanctions (0.8); telephone conference w/P. Green and J. Wacek re court ruling on motions and re new customers and reliability of HipSaver databases (0.5), confer w/M. Karish re potential motion to exclude sanitized HipSaver database (0.2); | 1.6 | $330.00 | $528.00 |
| 25. | 6/4/2007 | JGS | Prep for and participate in court hearing sanctions motion. | 1.4 | $535.00 | $749.00 |
| 26. | 6/4/2007 | JGS | Telecon with Phil Green re processing invoices and prep of e-mail | 1.6 | $535.00 | $856.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | to him with questions for investigation; Provide Green with Goodwin testimony. | | | |
| 27. | 6/4/2007 | MK | Prepare motion to preclude new database produced by HipSaver. | 2.4 | $300.00 | $720.00 |
| 28. | 6/5/2007 | DHM | Telephone conference w/J. Wacek re HipSaver invoices, spreadsheet and Filemaker Pro databases (0.8); telephone conferences w/J. Wacek re repetitive Pittsburgh invoice, memo re same and review same (0.3); memos (numerous) re HipSaver invoice image files (0.3); memos (several) to/from Courtney Quish, D. Piper re Goodwin, Epstein depositions (0.3); telephone conferences (several) w/P. Green and J. Wacek re declaration for hearing on motions to strike and for sanctions (0.5). | 2.2 | $330.00 | $726.00 |
| 29. | 6/5/2007 | JGS | Prep of motion for further evidentiary sanctions and reply brief re motion to reject Hipsaver proffer and enter summary judgment; Prep of declaration of Green to support motions | 4.0 | $535.00 | $2,140.00 |
| 30. | 6/5/2007 | MK | Prepare and revise motion for sanctions re: new Filemaker database and new 2006 Excel spreadsheet produced on May 31, 2007; meetings with J. Sheldon and D. Morseburg re: same; telephone conference with P. Green re: contents of Filemaker database and Excel spreadsheet and declaration in support of motion for sanctions; legal research re: sanctions for manipulation of electronic data and re: fabrication of evidence. Review HipSaver's motion to withdraw the Epstein expert report and HipSaver's opposition to motion to strike HipSaver's supplemental submission and declarations and documents submitted in support thereof. | 10.5 | $300.00 | $3,150.00 |
| 31. | 6/6/2007 | DHM | Memos to/from T. Fitzpatrick re reply in support of motion to strike Epstein report (0.2); memos from to C. Quish re depositions of HipSaver/Epstein (0.2); memos (numerous) from/to T. Fitzpatrick, J. Sheldon re further status conference (0.3); telephone conferences w/P. Green and J. Wacek re HipSaver revised damages numbers (0.5); travel from Pasadena to Boston (7.5). | 8.7 | $330.00 | $2,871.00 |

| | | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 32. | 6/7/2007 | DHM | Prepare for motion hearing and further pretrial conference (0.5); confer w/T. Fitzpatrick re same (0.5); memos and telephone conferences (numerous) with J. Wacek and Phil Green re HipSaver sales "uptick" issues (1.0); attend motion hearing and further pretrial conference (1.5); meeting w/Phil Green and J. Wacek re Epstein deposition, damages issues and document reliability issues (2.5). | 6.0 | $330.00 | $1,980.00 |
| 33. | 6/7/2007 | JGS | Prep for conference with court, participate in conference, and multiple messages and rescheduling due to trial continuance. | 3.0 | $535.00 | $1,605.00 |
| 34. | 6/8/2007 | DHM | Meeting w/J Wacek re Epstein and Goodwin deposition issues (1.5); prepare for and take depositions of R. Epstein and E. Goodwin (7.0). | 8.5 | $330.00 | $2,805.00 |
| 35. | 6/8/2007 | JGS | Prep of bench brief re causation and damage for hearing on Monday. | 3.5 | $535.00 | $1,872.50 |
| 36. | 6/8/2007 | JGS | Telecon with damage expert | 0.3 | $535.00 | $133.75 |
| 37. | 6/9/2007 | DHM | Telephone conferences (several) with J. Sheldon, J. Wacek re hearing on 6/11 (0.3); memo to J. Sheldon and T. Fitzpatrick re issues and strategy for 6/11 (1.0); review and annotate deposition transcripts of Epstein and Goodwin (2.5); review transcript of 6/7 transcript and memos to/from J. Sheldon and T. Fitzpatrick re same (0.7). | 5.5 | $330.00 | $1,815.00 |
| 38. | 06/09/07 | JGS | Prep for hearing | 0.6 | $535.00 | $321.00 |
| 39. | 6/10/2007 | DHM | Meeting w/P. Green, J. JWacek, J. Sheldon and K. Bratko re HipSaver document issues, graphics for 6/10 hearing, preparation of declaration, etc. (7.0). | 7.0 | $330.00 | $2,310.00 |
| 40. | 6/10/2007 | JGS | Prep for hearing and travel including review Epstein and Goodwin depo transcripts; Prep of Powerpoint | 8.0 | $535.00 | $4,280.00 |

| # | Date | | Description | Hours | Rate | Total |
|---|------|---|-------------|-------|------|-------|
| 41. | 6/11/2007 | DHM | Telephone conferences (numerous) re hearing and re further submission re HipSaver productions of documents (1.0); work on analyzing HipSaver productions of documents and on preparing declaration re exclusion of same (3.0). | 4.0 | $330.00 | $1,320.00 |
| 42. | 6/11/2007 | JGS | Prep for and attend hearing; travel | 8.0 | $535.00 | $4,280.00 |
| 43. | 6/11/2007 | DKP | Review emails; Telephone conference with Mr. Morseburg regarding HipSaver document and database productions; Review document productions and email summary of same to Mr. Morseburg in Boston; Download newly filed documents from Court's ECF web site. | 1.4 | $150.00 | $210.00 |
| 44. | 6/12/2007 | DHM | Work on preparing declaration re HipSaver document production and telephone conferences w/J. Sheldon re same (3.5); review and analyze Hipsaver statement re submission of 2006 sales data and memos and telephone conferences w/M. Karish re same (1.5); review of cases re exclusion under FRCP 37(c)(1) (1.5). | 6.5 | $330.00 | $2,145.00 |
| 45. | 6/12/2007 | JGS | Review of filing by HipSaver re documents not produced and respond thereto. | 0.9 | $535.00 | $481.50 |
| 46. | 6/12/2007 | MK | Review HipSaver filing re: new damages evidence; legal research re: discovery sanctions including issue preclusion and dismissal for failure to produce documents until after the close of discovery; telephone conference with D. Morseburg re: same. | 6.2 | $300.00 | $1,860.00 |
| 47. | 6/13/2007 | DHM | Further legal research re HipSaver statement re failure to produce 2006 sales information (0.5); memos and telephone conferences (numerous) re response to HipSaver statement re failure to produce (0.5); draft, revise and finalize response to HipSaver statement re failure to produce (9.5). | 10.5 | $330.00 | $3,465.00 |
| 48. | 6/13/2007 | JGS | Prep of brief re HipSaver late submission of information. | 1.0 | $535.00 | $535.00 |
| 49. | 6/13/2007 | MK | Legal research re: discovery sanctions; review and revise brief re: | 2.1 | $300.00 | $630.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | | same. | | |
| 50. | 6/13/2007 | DKP | Finalize response to HipSaver's statement regarding 2006 sales data and arrange for e-filing of same (1.80). | 1.8 | $150.00 | $270.00 |
| 51. | 6/14/2007 | DHM | Travel from Boston to Pasadena (8.0). | 8.0 | $330.00 | $2,640.00 |
| 52. | 7/23/2007 | JGS | Review court decision | 0.5 | $535.00 | $267.50 |
| 53. | 7/23/2007 | JGS | Telecon with local counsel re materials for fee submission and trial date | 0.2 | $535.00 | $107.00 |
| 54. | 7/23/2007 | DHM | Review court decision and begin preparation of declaration re fees and expenses and instruct C. Scardino re preparation of summary of all time/expense entries for relevant period | 1.0 | $330.00 | $330.00 |
| 55. | 7/30/2007 | DHM | Work on declaration re fees and expenses and summary re same | 1.5 | $330.00 | $990.00 |
| 56. | 7/31/2007 | DHM | Work on declaration re fees and expenses and summary re same | 3.0 | $330.00 | $990.00 |
| 57. | 8/1/2007 | DHM | Work on declaration re fees and expenses, summary and exhibits re same | 3.0 | $330.00 | $990.00 |
| 58. | 8/2/2007 | DHM | Work on declaration re fees and expenses, summary and exhibits re same | 4.0 | $330.00 | $1,320.00 |
| | | | TOTAL HOURS/FEES | 176.45 | | $64,342.25 |

Exhibit B

Duane Morris itemized fees

| RESPONSE REFERENCE NUMBER | DATE | INIT | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|---|
| 1. | 6/5/2007 | AJF | Telephone conference with atty Sheldon regarding issues with Hipsaver's latest production, and strategy in addressing same; research regarding manipulation/spoliation of evidence; telephone conferences with colleagues regarding same; direction to atty Zulto regarding research to be done; review research results; related telephone conferences with and e-mails with atty Karish; numerous emails with team and telephone conference with atty Quish regarding pretrial matters and court filings. | 2.5 | $500.00 | $1,250.00 |
| 2. | 6/6/2007 | AJF | Revise and finalize motion papers to be filed with the court; attend to filing same; telephone conferences with court clerk regarding status, scheduling hearing; numerous telephone conferences and e-mails with Sheldon Mak attys regarding motion papers, court hearing and other related matters; work on draft letter to Judge Saris regarding proceeding to trial on June 11. | 4.2 | $500.00 | $2,100.00 |
| 3. | 6/12/2007 | AJF | Review Hipsaver's latest filing; conferences with atty Morseburg, and e-mails and telephone conference with atty Sheldon, regarding strategy in responding to same; direction to Ms. Bratko regarding obtaining transcript of June 11 hrg. | 1.5 | $500.00 | $750.00 |
| 4. | 6/13/2007 | AJF | Review and revise draft response to Hipsaver's latest filing; conferences with atty Morseburg regarding same. | 0.5 | $500.00 | $250.00 |
| 5. | 6/5/2007 | MSZ | Legal research re: sanction for altering or manipulating electronic evidence, evidence as a general matter and additional research on sanctions for spoliation. Drafting of email for Fitzpatrick and M. Karish. Discussion with M. Karish re: same. | 4.7 | $355.00 | $1,668.50 |
| 6. | 6/6/2007 | CSK | Research case law re: standard of review on appeal for judicial imposition of discovery sanctions, correspondence with attorney A.Fitzpatrick re: same. | 0.5 | $330.00 | $165.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7. | 6/8/2007 | KLB | Prepare for depositions of Dr. Epstein and Goodwin; email to Lee Marzilli, court reporter, requesting expedited transcript from yesterday's hearing; meet with Doug Morseburg and Joel Wacek regarding database 2171; format database for use in deposition of Goodwin. | 7.15 | $195.00 | $1,394.25 |
| 8. | 6/10/2007 | KLB | Hearing Preparation | 9.8 | $195.00 | $1,911.00 |
| | | | TOTAL HOURS/FEES | 30.85 | | $9,488.75 |

02820/00502 721423.1

Exhibit C

## Detail of Tasks Performed by Hoffman Alvary & Co.
*May 7, 2007 through June 13, 2007*

| DATE | STAFF | HOURS | RATE | TOTAL | DESCRIPTION OF TIME SPENT |
|---|---|---|---|---|---|
| 5/8/2007 | JW | 0.50 | $250 | $125.00 | Review & analyze newly provided 2006 HipSaver sales summary. |
| 5/9/2007 | PG | 0.50 | $425 | $212.50 | Review & analyze newly provided 2006 HipSaver sales summary. |
| 5/10/2007 | PG | 0.50 | $425 | $212.50 | Analyze newly provided 2006 HipSaver sales summary |
| 5/11/2007 | PG | 0.50 | $425 | $212.50 | Analyze newly provided 2006 HipSaver sales summary |
| 5/18/2007 | PG | 1.00 | $425 | $425.00 | Review 2006 HipSaver sales summary; confer with JW and counsel for Posey |
| 5/18/2007 | JW | 1.50 | $250 | $375.00 | Review and analyze 2006 HipSaver sales summary; confer with PG. |
| 5/22/2007 | JW | 4.50 | $250 | $1,125.00 | Reconcile newly provided 2006 HipSaver sales summary to previously provided HipSaver sales databases; telephone conference with counsel. |
| 5/23/2007 | JW | 6.50 | $250 | $1,625.00 | Review and analyze newly provided HipSaver sales documents; reconcile to previously provided sales databases |
| 5/24/2007 | JW | 4.50 | $250 | $1,125.00 | Review Epstein report; review and analyze newly provided HipSaver sales documents; confer with KBW. |
| 5/24/2007 | KBW | 4.00 | $250 | $1,000.00 | Confer with JW; reconcile newly produced sales documents to previously provided sales databases. |
| 5/25/2007 | PG | 6.00 | $425 | $2,550.00 | Review Epstein report; analyze newly provided HipSaver sales documents; prepare declaration; confer with JW; telephone conference with counsel. |
| 5/25/2007 | JW | 5.50 | $250 | $1,375.00 | Review Epstein report; analyze and reconcile newly provided HipSaver sales documents to previously provided HipSaver sales databases; revise declaration; confer with PG; telephone conference with counsel. |
| 5/25/2007 | KBW | 2.00 | $250 | $500.00 | Reconcile newly produced sales documents to previously provided sales databases. |
| 5/29/2007 | PG | 1.00 | $425 | $425.00 | Analyze HipSaver data. |
| 5/29/2007 | JW | 2.25 | $250 | $562.50 | Analyze and reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases; Confer with JW; telephone conference with counsel |
| 5/30/2007 | PG | 1.00 | $425 | $425.00 | Confer with JW; telephone conference with counsel |
| 5/30/2007 | JW | 2.00 | $250 | $500.00 | Reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases; confer with PG; telephone conference with counsel. |
| 5/30/2007 | KBW | 3.50 | $250 | $875.00 | Reconcile newly produced sales documents to previously provided sales databases. |
| 5/31/2007 | PG | 2.00 | $425 | $850.00 | Revise declaration; confer with JW; telephone conference with counsel. |
| 5/31/2007 | JW | 2.00 | $250 | $500.00 | Reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases; Assist in preparation of declaration; confer with PG; telephone conference with counsel. |
| 6/1/2007 | PG | 1.00 | $425 | $425.00 | Review newly provided sales documents; telephone conference with counsel. |
| 6/1/2007 | JW | 0.75 | $250 | $187.50 | Telephone conference with counsel. |
| 6/4/2007 | PG | 2.00 | $425 | $850.00 | Prepare declaration; confer with JW; telephone conference with counsel. |
| 6/4/2007 | JW | 4.50 | $250 | $1,125.00 | Analyze and reconcile recently provided HipSaver sales databases to previously provided HipSaver sales databases; prepare declaration; confer with PG; telephone conference with counsel. |
| 6/5/2007 | PG | 2.00 | $425 | $850.00 | Revise declaration; confer with JW; telephone conference with counsel. |

## Detail of Tasks Performed by Hoffman Alvary & Co.
*May 7, 2007 through June 13, 2007*

| DATE | STAFF | HOURS | RATE | TOTAL | DESCRIPTION OF TIME SPENT |
|---|---|---|---|---|---|
| 6/5/2007 | JW | 10.50 | $250 | $2,625.00 | Analyze and reconcile recently provided HipSaver sales documents and databases to previously provided HipSaver sales databases; revise declaration; confer with PG; telephone conference with counsel. |
| 6/5/2007 | KBW | 2.00 | $250 | $500.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/6/2007 | PG | 2.00 | $425 | $850.00 | Analyze recently provided HipSaver sales documents to previously provided HipSaver sales databases; confer with JW; telephone conference with counsel. |
| 6/6/2007 | JW | 9.50 | $250 | $2,375.00 | Analyze and reconcile recently provided HipSaver sales documents and databases to previously provided HipSaver sales databases; confer with KBW; confer with PG; telephone conference with counsel. |
| 6/6/2007 | KBW | 5.00 | $250 | $1,250.00 | Confer with JW; reconcile newly produced sales databases to previously provided sales databases. |
| 6/6/2007 | GI | 1.00 | $200 | $200.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/7/2007 | PG | 4.00 | $425 | $1,700.00 | Assist counsel in preparation for Epstein and Goodwin depositions; meet with counsel. |
| 6/7/2007 | JW | 10.75 | $250 | $2,687.50 | Reconcile newly produced sales databases to previously provided sales databases; assist counsel in preparation for Epstein and Goodwin depositions; meet with counsel |
| 6/7/2007 | KBW | 5.00 | $250 | $1,250.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/8/2007 | PG | 2.00 | $425 | $850.00 | Prepare declaration; confer with JW, counsel. |
| 6/8/2007 | JW | 8.50 | $250 | $2,125.00 | Attend depositions of Messrs. Epstein and Goodwin; confer with PG; meet with counsel. |
| 6/8/2007 | KBW | 5.00 | $250 | $1,250.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/8/2007 | MSR | 1.00 | $135 | $135.00 | Prepare graphics for hearing. |
| 6/9/2007 | JW | 1.50 | $250 | $375.00 | Reconcile recently provided HipSaver sales documents to previously provided HipSaver sales databases. |
| 6/10/2007 | PG | 6.00 | $425 | $2,550.00 | Assist counsel in preparation for hearing; prepare declaration; meet with counsel. |
| 6/10/2007 | JW | 7.00 | $250 | $1,750.00 | Assist counsel in preparation for hearing; prepare declaration; meet with counsel. |
| 6/11/2007 | PG | 1.00 | $425 | $425.00 | Review and revise declaration; confer with Posey's counsel |
| 6/11/2007 | JW | 1.25 | $250 | $312.50 | Review documents; telephone conference with counsel |
| 6/11/2007 | KBW | 2.00 | $250 | $500.00 | Reconcile newly produced sales databases to previously provided sales databases. |
| 6/12/2007 | JW | 1.00 | $250 | $250.00 | Telephone conference with counsel. |
| 6/13/2007 | PG | 1.00 | $425 | $425.00 | Telephone conference with counsel. |
| 6/13/2007 | JW | 0.50 | $250 | $125.00 | Telephone conference with counsel. |

| | |
|---|---|
| TOTAL PROFESSIONAL FEES | $42,947.50 |
| EXPENSES | $377.00 |
| TOTAL PROFESSIONAL FEES & EXPENSES | $43,324.50 |

# Exhibit D

## COMPUTERIZED LEGAL RESEARCH

| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 3.62 |
|----------|---------------------------------------------------------|------|
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 10.50 |
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 604.00 |
| 6/5/2007 | LEXIS LEGAL RESEARCH (E2500-00001-02961) ZULLO, MICHAEL | 4.37 |
| 6/6/2007 | LEXIS LEGAL RESEARCH (E2500-00001-03912) KROON, CHRISTOPHER | 1.75 |
| 6/6/2007 | LEXIS LEGAL RESEARCH (E2500-00001-03912) KROON, CHRISTOPHER | 75.50 |
| | Total: | $699.74 |

# Exhibit E

## TRAVEL EXPENSES ASSOCIATED WITH
## HIPSAVER DISCOVERY VIOLATIONS

A.  <u>06/06-14/07 - Further Pretrial Proceedings, Goodwin/Epstein Depositions and Hearings on Motions to Strike and Motion for Sanctions (DHM)</u>

|  |  |  |  |
|---|---|---|---|
| 1. | Mileage (56 mi. @ .415/mi.) | $ | 23.24 |
| 2. | Airfare (incl. change and luggage charges) | $ | 1,845.79 |
| 3. | Ground Transportation (Boston) | $ | 86.00 |
| 4. | Hotel (06/07-06/12) | $ | 1,672.93 |
| 5. | Hotel (06/12-06/14) | $ | 768.44 |
| 6. | Meals (06/07-06/14) | $ | 1,026.50 |
| 7. | Gratuities | $ | 40.00 |
| 8. | Limo (LAX to Pasadena) | $ | 105.00 |
| 9. | Miscellaneous | $ | 10.49 |

Total          $ 5,578.39

B.  <u>06/10-11/07 - Hearing on Motion to Strike and Motion for Sanctions (JGS)</u>

|  |  |  |  |
|---|---|---|---|
| 1. | Airfare | $ | 597.30 |
| 2. | Ground Transportation (Boston) | $ | 50.00 |
| 3. | Hotel (06/10/07) | $ | 305.30 |
| 4. | Meals (06/10-11/07) | $ | 15.00 |
| 5. | Parking | $ | 27.00 |

Total          $ 994.60

**TOTAL TRAVEL EXPENSES      $ 6,572.99**