UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HIPSAVER COMPANY, INC., | ) |
| Plaintiff, | ) |
| v | ) Civil Action No. 05-10917 PBS |
| J.T. POSEY COMPANY, | ) |
| Defendant. | ) |

**HIPSAVER'S OBJECTIONS TO POSEY'S PROPOSED JURY INSTRUCTIONS**

Plaintiff The HipSaver Company Objects to J.T. Posey's Proposed Jury Instructions [D.N. 323], filed August 12, 2007, as follows:

**INSTRUCTION NO. 2, Claims and Defenses.**

HipSaver objects to the final paragraph in Posey's Instruction No. 2 as improper. The Court has already ruled that Posey's equitable defenses will heard by the Court and not by the jury and accordingly, any statement or instruction to the jury relating to Posey's equitable affirmative defenses of unclean hands, laches, or 93A is improper and should not be permitted.

Court: Isn't unclean hands usually for me? Isn't it usually an equitable defense, not a legal one?

Ms. Quish: Yes, but we think we don't need—

The Court: I wouldn't let it go to a jury, but I might let it go to me if it's a question of enjoining.

Mr. Morseburg: That is an issue today about what to do about claims which are

clearly equitable claims.  Unclean hands is one. Laches is another.  93A is another.

Court: Sure, I'll do all that all afterwards.

*See* Transcript of Pretrial Hearing, May 29, 2007 at p. 38, l. 18- p. 39, l. 2

**INSTRUCTION NO. 18, Expert Opinion**

HipSaver objects to this instruction on the grounds that the instruction is misleading and confusing.  HipSaver requests that the Court take care to caution the jury about the weight of expert testimony.  Such an instruction is particularly important here where HipSaver challenges the basis of opinions offered by Mr. Reich, a Posey expert.  HipSaver suggests that the Court read the following alternative instruction:

> **Expert Testimony**[1]
> The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses".  Witnesses who, by education and experience, become very knowledgeable about some art, science, profession, field, or calling may state an opinion as to relevant and material matters only if they have expertise in that art, science, profession, field, or calling and only if the testimony is based upon sufficient facts and data; the testimony is the product of reliable principles and methods; and the witness applied the principles and methods reliably to the facts of the case.[2]  They also may state their reasons for the opinion.
> You have heard the testimony of several expert witnesses. You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  However, the fact that an expert has given an opinion does not mean that you are obligated to accept it.  As with any other witness, it is up to you to decide whether to rely upon it.  You should assess the weight to be given to the expert opinion in the light of all the evidence in this case and judge the credibility by the same standard as applied to ordinary witnesses.

---

[1]  *See 3* Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 104.40 (5th ed. 2000).
[2]  Fed. R. Evidence 702

2

**INSTRUCTION NO. 26, Overview of Claims.**

Instruction No. 26 repeats Instruction No. 2. As stated above with respect to Instruction No. 2, HipSaver objects to this instruction as improper. The Court has already ruled that Posey's equitable defenses will heard by the Court and not by the jury and accordingly, any statement or instruction to the jury relating to Posey's equitable affirmative defenses of unclean hands, laches, or 93A is improper and should not be permitted. *See* Transcript of Pretrial Hearing, May 29, 2007 at p. 38, l. 18- p. 39, l. 2, cited above.

**INSTRUCTION NO. 29, First Element-Superiority and Establishment Claims-Defined.**

HipSaver objects to this instruction on the basis that this instruction is confusing and can be misleading. HipSaver requests that the Court clarify that a comparative advertising statement need not name a specific competitor in order to be considered false comparative advertising.[3]

**INSTRUCTION NO. 31, Third Element-Actually Deceives or Has The Tendency to Deceive.**

HipSaver objects to Posey's second exception as a misstatement of law. Posey cites two exceptions to the general requirement that a Lanham Act plaintiff must prove actual deception. Posey states that a jury may "infer that the defending party's misstatement us likely to cause confusion or to deceive consumers if you also find that the defending party intentionally deceived the consuming public." However, the correct law requires on finding that a defending party "set out to deceive" not that the defending party *actually* deceived: "It is well established that if there is proof that a defendant

---

[3] McCarthy, Vol. 4, Ch. 27, § 59 at p. 27-124; *Castrol v. Pennzoil Co.*, 987 F.2d 939, 946 (3d Cir. 1993)("[T]here need not be a direct comparison to a competitor for statement to be actionable under the Lanham Act").

3

intentionally set out to deceive or mislead consumers, a presumption arises that customers in fact have been deceived." *Cashmere Camel Hair v. Saks Fifth Avenue*, 284 F.3d 302, 316 (1st Cir. 2002).

**INSTRUCTION NO. 33, Fifth Element-Injury In Fact Or Likelihood of Injury.**

HipSaver objects to sub-part (2) of this instruction as a misstatement of law and confusing. In sub-part (2) of the instruction, Posey instructs that the jury must determine "Whether the complaining party and the defending party are in a two firm market, meaning a market where consumers have no where to turn except to the complaining party or the defending party and where any sale the defending party won through misrepresentations necessarily amounted to a sale lost by the plaintiff." Posey's instructions are too narrow and are not supported by the majority of the case law.

The leading First Circuit case, relied on by the Court in its July 19, 2007, Memorandum and Order [D.N. 312], *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.,* involved manufacturers of roofing products. *Tamko Roofing Prods., Inc.,* 282 F.3d 23 (1st Cir. 2002). The parties were certainly not the only two manufacturers of roofing products. And, the court did not require such an extreme showing of a strictly two-player market but, instead, required a showing of direct competition. *Id.* at 35-36 ("[i]n cases of <u>at least some direct competition</u> and willfulness, some role may exist for deterrence in an award of an accounting of profit)(emphasis added). Indeed, in *Tamko*, the First Circuit rejected the appellant/defendant's claim that the court should have been obligated to inquire further as to the percent of direct market overlap in which such competition took place before it could award an accounting of profits. *Id.* at 35-36.

In *Porous Media Corporation v. Pall Corporation*, another case relied upon by

4

this Court in its July 19, 2007 Order, the Eighth Circuit did not require that the two parties (both manufacturers of industrial filters) be the only two market competitors such that "consumers have no where to turn except to the complaining party or the defending party," as Posey instructs. *Porous Media Corporation,* 110 F.3d 1329 (8th Cir. 1997). Instead, the court warned required a showing of direct competition against allowing a presumption "where the products are not obviously in competition." *Id.* at 1335.

**INSTRUCTION NO. 35, Breach of Contract.**

HipSaver objects to this instruction as improper because the existence of a contract is a matter of law. *Situation Management Systems, Inc. v. Malouf, Inc.*, 430 Mass 875, 879 (2000) ("Ordinarily the question whether a contract has been made is one of fact. If the evidence consists only of writings, or is uncontradicted, the question is for the court, otherwise it is for the jury") (quoting *Bresky v. Rosenberg,* 256 Mass. 66, 75 (1926)); *Helash v. Ballard, 638 F.2d 74, 75* (9th Cir. 1980) (per curiam) (existence of contract based on undisputed facts is a question of law).

HipSaver further objects to Posey's attempt to raise this as an issue for the first time on the week of trial. Throughout this litigation, Posey has conceded that the settlement agreement is a contract. Indeed, it raised a breach of contract counterclaim. *See* Answer to Complaint with Jury Demand, Counterclaim [D.N. 28]. Posey continues to take the position that the settlement agreement is a contract in its objections to HipSaver's intention to refer to the Posey I litigation. In Posey's motion in limine to exclude evidence of Posey I and again in Posey's recent Response to HipSaver's Motion for a Ruling Relating to the admissibility of Evidence of Posey I [D.N. 319], Posey argues that there is a settlement agreement provision that states that the settlement is not

an admission of liability and that HipSaver is bound by this provision. Merits of the argument aside, Posey assumes that the settlement agreement is a binding contract for the sake of such argument. Posey may not take opposing positions on this issue to suit its various arguments.

**INSTRUCTION NO. 42, Laches.**

As stated above with respect to Instruction No. 2, HipSaver objects to this instruction as improper. The Court has already ruled that Posey's equitable defenses will heard by the Court and not by the jury and accordingly, any statement or instruction to the jury relating to Posey's equitable affirmative defenses of unclean hands, laches, or 93A is improper and should not be permitted. *See* Transcript of Pretrial Hearing, May 29, 2007 at p. 38, l. 18- p. 39, l. 2, cited above.

**INSTRUCTION NO. 43, Unfair and Deceptive Trade Practices.**

*See* HipSaver's Objections to Instruction No. 42.

**INSTRUCTION NO. 44, Unfair and Deceptive Trade Practices.**

*See* HipSaver's Objections to Instruction No. 42.

**INSTRUCTION NO. 45, Unfair and Deceptive Trade Practices.**

*See* HipSaver's Objections to Instruction No. 42.

**INSTRUCTION NO. 46, Unfair and Deceptive Trade Practices.**

*See* HipSaver's Objections to Instruction No. 42.

**INSTRUCTION NO. 47, Copying is Permissible.**

HipSaver objects to this instruction as prejudicial. Such an instruction would suggest that the Court sanctioned Posey's manufacturing activity. This argument may be appropriately made through counsel.

**INSTRUCTION NO. 48, Award of Profits.**

As stated by the Court in the August 8, 2007, Pretrial Conference, the damages and disgorgement portion of the trial will be bifurcated and presented only to the Court. *See* Transcript of August 8, 2007, hearing at p. 5, ll. 2-5; p. 8, ll. 15-20; p. 15, ll. 3-4. Accordingly, this issue is appropriately left for the trial court and should not be posed to the jury.

**INSTRUCTION NO. 49, Waiver of Claims on Settlement Agreement.**

As stated above with respect to Instruction No. 2, HipSaver objects to this instruction as improper. The Court has already ruled that Posey's equitable defenses will heard by the Court and not by the jury and accordingly, any statement or instruction to the jury relating to Posey's equitable affirmative defenses of unclean hands, laches, or 93A is improper and should not be permitted. *See* Transcript of Pretrial Hearing, May 29, 2007 at p. 38, l. 18- p. 39, l. 2, cited above.

HipSaver further objects to the proposed instruction on the basis that it contains a misstatement of the law. Posey must establish that HipSaver *actually knew* of the alleged continued publication or the Garwood ads. *See* Order and Memorandum, May 15, 2007 [D.N. 228] at 15-16.

Respectfully submitted
The HipSaver Company, Inc.
By its Attorneys,

/s/  Courtney M. Quish
Lee Carl Bromberg, BBO No.:  058480
Edward J. Dailey, BBO No.:  112220
Courtney M. Quish, BBO No.:  662288
Paul S. Kitchin, BBO No.: 667954
BROMBERG SUNSTEIN, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
cquish@bromsun.com
August 13, 2007

## CERTIFICATE OF SERVICE

I certify that this document has been filed through the Electronic Case Filing System of the United States District Court for the District of Massachusetts and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/  Courtney M. Quish
Courtney M. Quish